MARC E. MAYER (SBN 190969)
    mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
    kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Activision Publishing,
Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>WARZONE.COM, LLC,<br><br><br><br>                    Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**DECLARATION OF MARC E. MAYER IN SUPPORT OF THE MOTION OF ACTIVISION PUBLISHING, INC. TO TEMPORARILY STAY DISCOVERY PENDING RESOLUTION OF ACTIVISION'S MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:         February 18, 2022<br>Time:         1:30 pm<br>Location:    Courtroom 6B |
| WARZONE.COM, LLC,<br><br>                    Counterclaimant,<br><br>          v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br><br><br>                    Counterclaim-Defendant. | [Motion to Stay and Proposed Order filed concurrently herewith] |

Mitchell
Silberberg &
Knupp LLP

**DECLARATION OF MARC E. MAYER**

# <u>DECLARATION OF MARC E. MAYER</u>

I, Marc E. Mayer, the undersigned, declare;

1.      I am an attorney at law, licensed to practice law in the State of California.  I am, through my professional corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP, counsel to Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. ("Activision") in this matter.  Except as stated herein, I make the following declaration based on my own personal knowledge.  If called upon to do so, I could and would testify truthfully to the matters set forth herein.

2.      On April 8, 2021, Activision filed this lawsuit for declaratory relief, seeking a declaration that its use of the name *Call of Duty: Warzone* or *Warzone* did not infringe Defendant and Counterclaimant Warzone, Inc.'s ("Counterclaimant") trademark rights.  On June 8, 2021, Counterclaimant filed an Answer and Counterclaims ("Counterclaims") for trademark infringement and unfair competition.

3.      Sometime in June, after Counterclaimant filed the Counterclaims, I had a number of conversations with Counterclaimant's counsel, Brett Lewis, to discuss whether the case might be settled.  Ultimately, we concluded that the parties' settlement positions were too far apart, and it would not be possible to enter into productive settlement negotiations at that time.  However, Mr. Lewis and I agreed that the issue of whether Counterclaimant's trademark claims concerning the *Call of Duty: Warzone* title were barred by the First Amendment (and *Rogers v. Grimaldi*) was an important threshold issue that would affect the posture of the

Mitchell
Silberberg &
Knupp LLP

1    case.  Thus, we also agreed that it made sense for Activision to raise the issue early

2    in the case on a Motion to Dismiss.

3

4        4.    On July 29, 2021, Activision filed its Motion to Dismiss and/or for

5    Judgment on the Pleadings (the "MTD.")  ECF No. 24.  The MTD is premised on

6    Activision's contention that because *Call of Duty: Warzone* is an expressive work,

7    the Counterclaims are barred, because the title *Call of Duty: Warzone* is artistically

8    relevant to the substance of the work and does not explicitly mislead as to

9    Counterclaimant's sponsorship or endorsement of the work.  Counterclaimant filed

10    an opposition to the MTD.  The MTD has been fully briefed as of September 3,

11    2021.

12

13        5.    Activision initially scheduled the hearing on the MTD for October 1,

14    2021.  However, on September 27, 2021, the Court, *sua sponte*, continued the

15    hearing to December 10, 2021.

16

17        6.    On October 6, 2021, Counterclaimant's counsel, Mike Cilento,

18    contacted me to demand that the parties conduct the Rule 26 early meeting of

19    counsel.  At that time, the Court had not yet set a date or time for a Rule 16 case

20    management and trial-setting conference.  In response, I asked Mr. Cilento

21    whether, in light of the pending hearing on the MTD, he would agree to hold the

22    Rule 26 conference after the December 10, 2021, hearing date.  Mr. Cilento

23    refused, stating that he wished to serve discovery right away.  Mr. Cilento also

24    threatened to file a motion or otherwise bring the matter to the Court's attention if

25    Activision did not agree to participate in a Rule 26 conference.  In order to avoid

26    unnecessary motion practice, Activision agreed to conduct the Rule 26 conference,

27    without waiver of its position that discovery was premature.  A true and correct

28

Mitchell
Silberberg &
Knupp LLP

**DECLARATION OF MARC E. MAYER**

copy of the parties' email correspondence referenced above is attached hereto as Exhibit 1.

7.     On October 28, 2021, Counterclaimant served its first set of written discovery, comprised of 16 interrogatories and 25 document requests (the "Discovery Requests").  The Discovery Requests sought a broad array of documents and information, including highly proprietary financial and other business information, such as marketing and advertising expenses; sales, revenue, and purchasing information, including information concerning the sale and revenue from the sale of "virtual goods" within the game; information regarding downloads and web traffic related to *CODWZ*; Activision's litigation history; and documents and emails relating to the selection and clearance of the *CODWZ* title.  A true and correct copy of Counterclaimant's First Set of Interrogatories and First Set of Requests for Production are attached, respectively, hereto as Exhibits 2 and 3.

8.     Activision provided written responses to the Discovery Requests on November 22, 2021, and agreed to make an initial production of documents. Nevertheless, on December 3, 2021, Counterclaimant sent a meet-and-confer letter to Activision, demanding that it supplement its initial disclosures and promptly produce documents.

9.     On December 6, 2021, the Court took the December 10 hearing on the MTD off calendar and took the motion under submission.  The Court has not yet issued a ruling on the MTD.

10.     On December 13, 2021, Mr. Cilento and I conducted a discovery conference, and on December 17, 2021, we conducted a second Rule 26 conference.  At both of these conferences, I proposed that the parties limit

Mitchell
Silberberg &
Knupp LLP

3

**DECLARATION OF MARC E. MAYER**

discovery to the production of certain documents until a ruling on the MTD, in order to minimize the burden to Activision while the MTD was pending.  Mr. Cilento refused, and communicated to Activision that Counterclaimant intended to conduct full discovery without restriction, including by noticing depositions and third-party subpoenas.  Also, at the December 17 Rule 26 conference, Mr. Cilento demanded that Activision collect and review emails and other electronic documents, regardless of the burden or expense of doing so.  Counterclaimant already has threatened to file motions to compel additional Rule 26 disclosures.

11.    I advised Mr. Cilento during our December 13 conference (and I confirmed during the December 17 conference) that Activision would be filing a motion to stay discovery until the MTD is decided.  Mr. Cilento advised that Counterclaimant would be opposing the motion to stay and thought that the motion was "dumb."  Mr. Cilento also refused to stipulate to moving the Court's Rule 16 conference (scheduled for January 21, 2022) to a later date so that the motion to stay could be heard at the same time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of December 2021, at Calabasas, California.

/s/ Marc E. Mayer
Marc E. Mayer

Mitchell
Silberberg &
Knupp LLP

4

**DECLARATION OF MARC E. MAYER**

# EXHIBIT 1

Exhibit 1
Page 6

**Edelstein, Lindsay**

| | |
|---|---|
| **From:** | Mayer, Marc |
| **Sent:** | Friday, October 8, 2021 7:50 PM |
| **To:** | 'Mike Cilento' |
| **Cc:** | 'Brett Lewis'; Pagnanelli, Karin; Edelstein, Lindsay; 'Roberto Ledesma' |
| **Subject:** | RE: [EXTERNAL] Activision v. Warzone 2:21-cv-03073-FLA-JC |

Mike –

Without waiver of our position that discovery is premature and should be stayed while our motion is pending (and specifically reserving our right to seek a discovery stay or other relief from the Court), we will agree to participate in a Rule 26 conference.

The first part of next week is tough for me, but I could do the conference on 10/14, 10/15, or sometime the following week.  If you could propose some dates and times, I'd appreciate it.



**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | mem@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Mayer, Marc
**Sent:** Wednesday, October 6, 2021 6:11 PM
**To:** 'Mike Cilento' <michael@ilawco.com>
**Cc:** Brett Lewis <brett@ilawco.com>; Pagnanelli, Karin <KGP@msk.com>; Edelstein, Lindsay <LRE@msk.com>; Roberto Ledesma <roberto@ilawco.com>
**Subject:** RE: [EXTERNAL] Activision v. Warzone 2:21-cv-03073-FLA-JC

Mike – I will speak to our client and circle back with you this week.  Thanks.



**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | mem@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**Exhibit 1**
**Page 7**

**From:** Mike Cilento <michael@ilawco.com>
**Sent:** Wednesday, October 6, 2021 5:59 PM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Brett Lewis <brett@ilawco.com>; Pagnanelli, Karin <KGP@msk.com>; Edelstein, Lindsay <lre@msk.com>; Roberto Ledesma <roberto@ilawco.com>
**Subject:** Re: [EXTERNAL] Activision v. Warzone 2:21-cv-03073-FLA-JC

-EXTERNAL MESSAGE-
Thanks Marc. I guess technically the motion could be considered case-dispositive. But I still don't think the Court would stay discovery in the case because of it. Pending case-dispositive motions to dismiss usually do not warrant staying discovery, and our Judge's standing order's language is pretty clear in favor of beginning the process.

So, if your position is that discovery should be stayed pending the motion, I think we will explore the best way to raise this issue with the Court. Unless you would want to affirmatively file a motion to stay discovery?

-Mike


# LEWIS & LIN LLC
▶▶▶ INTERNET LAW COUNSEL

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.


On Wed, Oct 6, 2021 at 8:23 PM Mayer, Marc <MEM@msk.com> wrote:

Mike –


The motion was both to dismiss the counterclaims and for judgment on the pleadings in favor of Activision, so it is our view that the motion would dispose of the case. So that I understand your position, what claims do you believe would remain in the event that the Court grants the motion?


Unless there is some urgency to commence discovery before the motion is decided, we think that the efficient and prudent course of action would be to wait for a ruling before either side is required to incur the time and expense of discovery.

**Exhibit 1**
**Page 8**



**Marc Mayer | Partner, through his professional corporation**

T: 310.312.3154 | mem@msk.com

**Mitchell Silberg & Knupp LLP | www.msk.com**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Mike Cilento <michael@ilawco.com>
**Sent:** Wednesday, October 6, 2021 5:19 PM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Brett Lewis <brett@ilawco.com>; Pagnanelli, Karin <KGP@msk.com>; Edelstein, Lindsay <lre@msk.com>; Roberto Ledesma <roberto@ilawco.com>
**Subject:** Re: [EXTERNAL] Activision v. Warzone 2:21-cv-03073-FLA-JC

-EXTERNAL MESSAGE-

Thanks Marc.

Hmm, I'm not sure why you would think Plaintiff's motion to dismiss Defendant's counterclaims would be grounds to stay discovery under 5.b of the standing order. Especially considering it is not a case-dispositive motion.

Would you still take this position even if the judge sets a status conference?

-Mike



**Michael D. Cilento, Esq.**

Lewis & Lin LLC

77 Sands Street, 6th Floor  |  Brooklyn, NY 11201

3

**Exhibit 1**
**Page 9**

direct 347-404-5844 | fax 718-243-9326

[iLawco.com](iLawco.com) | [TrademarkAttorneys.com](TrademarkAttorneys.com) | [Defamation.nyc](Defamation.nyc)

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Wed, Oct 6, 2021 at 8:01 PM Mayer, Marc <[MEM@msk.com](MEM@msk.com)> wrote:

Mike:

Thank you for your email.

Our view is that because the Court has not yet set a status conference, trial date, or any other deadlines in the action (while our motion to dismiss – which is potentially dispositive -- remains pending), it is still premature to begin the discovery process or to conduct a Rule 26 conference of counsel.   Given the circumstances, we do not believe that the Court's Standing Order requires that we conduct a Rule 26 conference at this time.

Of course, if the Court denies the motion in whole or in part, we would be happy to conduct the Rule 26 conference and will work with you to schedule the conference so that there is sufficient time to file a Rule 26 report.

To avoid any unnecessary costs for both of our clients, I suggest that we revisit this issue in December, after the Court has heard and ruled on the pending motion.  We trust that you agree that this would make the most sense.



**Marc Mayer | Partner, through his professional corporation**

T: 310.312.3154 | [mem@msk.com](mem@msk.com)

**Mitchell Silberberg & Knupp LLP | [www.msk.com](www.msk.com)**

**Exhibit 1
Page 10**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Mike Cilento <michael@ilawco.com>
**Sent:** Wednesday, October 6, 2021 4:26 PM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Brett Lewis <brett@ilawco.com>; Pagnanelli, Karin <KGP@msk.com>; Edelstein, Lindsay <lre@msk.com>; Roberto Ledesma <roberto@ilawco.com>
**Subject:** [EXTERNAL] Activision v. Warzone 2:21-cv-03073-FLA-JC

-EXTERNAL MESSAGE-

Hey Marc - so in reviewing the Judge's initial standing order at dkt 13, it looks like at section 5.b we are encouraged to begin the discovery process sooner than later. Towards that end, would you want to hold our Rule 26 conference next week? I will be attending for Warzone. Let me know if you are available.

Thanks
Mike

# LEWIS & LIN LLC
▶▶▶ INTERNET LAW COUNSEL

**Michael D. Cilento, Esq.**

Lewis & Lin LLC

77 Sands Street, 6th Floor  |  Brooklyn, NY 11201

direct 347-404-5844 | fax 718-243-9326

iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

**Exhibit 1**
**Page 11**

# EXHIBIT 2

Exhibit 2
Page 12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation | CASE NO. 2:21-cv-3073 |
| Plaintiff / Counterclaim Defendant, | **FIRST REQUEST FOR INTERROGATORIES TO ACTIVISION PUBLISHING INC.** |
| v. | |
| WARZONE.COM, LLC | |
| Defendant / Counterclaimant | |

Defendant and Counterclaimant Warzone.com LLC, by and through their undersigned counsel, this hereby submits this First Request for Interrogatories to Plaintiff and Counterclaim Defendant Activision Publishing, Inc.

Please answer the following interrogatories in writing and under oath by serving written responses in accordance with the Instructions and Definitions contained herein and in accordance with the Federal Rules of Civil Procedure. Answers to these interrogatories, and any documents if necessary, shall be served upon the undersigned attorneys at Lewis & Lin, LLC, 77 Sands Street, 6th Floor, Brooklyn, NY 11201, or electronically to mcilento@iLawco.com.

Dated: Brooklyn, NY
     October 22, 2021

          **LEWIS & LIN, LLC**

          Brett E. Lewis, Esq.
          Roberto Ledesma, Esq.
          Michael D. Cilento, Esq.

1

**Exhibit 2**
**Page 13**

77 Sands Street, 6th Floor
Brooklyn, NY 11201
Brett@iLawco.com
Roberto@ilawco.com
Michael@iLawco.com
Tel: (718) 243-9323

## I.  **DEFINITIONS**

A.     As used herein, "Action" shall mean the lawsuit filed in the United States District Court, Central District of California, Case No.: 2:21-cv-3073-FLA and as can be seen from the caption on the first page of this Notice.

B.     As used herein, "Activision" shall mean the Plaintiff and Counterclaim Defendant in this Action, Activision Publishing, Inc.

C.     As used herein, "Warzone" shall mean the Defendant and Counterclaimant in this Action, Warzone.com LLC.

D.     As used herein, "WARZONE" shall mean the term and trademark "WARZONE" as used by both Warzone and Activision.

E.     As used herein, "USPTO" shall mean the United States Patent and Trademark Office.

F.     As used herein, "Person" shall mean any natural person or any business, legal, or governmental entity or association."

G.     When used with reference to a natural person, "identify" means to state the person's full name and position.

2

**Exhibit 2**
**Page 14**

H.    As used herein, "all" shall mean "all," "any," and "each" and shall each be construed as encompassing any and all.

I.    As used herein, "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

J.    As used herein, the use of the singular form of any word includes the plural and *vice versa*.

## II.   **INSTRUCTIONS**

A.    Each interrogatory is to be answered fully based on information in Activision's possession, custody, or control, or in the possession, custody, or control of its representatives, agents, or attorneys.

B.    Each interrogatory is to be construed independently and not with reference to any other interrogatory for the purpose of limitation.

C.    If Activision objects to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, Activision is to identify:

1. the nature of the privilege claimed;

2. the person who made the communication, whether oral or in writing;

3. if the communication was oral, all persons present while the communication was made;

3

**Exhibit 2**
**Page 15**

4.  if the communication was written, the author, addressees, and any other recipients;

5.  the relationship of the author of the communication to each recipient;

6.  the relationship of the person present to the person who made the communication;

7.  the date and place of the communication; and

8.  the general subject matter of the communication.

D.    These interrogatories are continuing in nature and shall require prompt supplemental responses in accordance with Federal Rule of Civil Procedure 26(e), if Activision receives or otherwise become aware of information responsive to any interrogatory herein between the time of responding to these interrogatories and the time of trial.

E.    If any documents or things

## III.    INTERROGATORIES

1.    Identify all owners, directors, and officers of Activision.

2.    Identify the persons most knowledgeable about the selection and adoption of WARZONE and CALL OF DUTY WARZONE to be used as or incorporated into a title for Activision video games.

3.    Identify all products or services offered by Activision within the United States that, in connection with the advertising, sale or offering, uses, or has

4

Exhibit 2
Page 16

used the term, WARZONE, and for each such usage, provide the date of first use in commerce, and if applicable, the last date of use in commerce.

4.      Describe the process that led to Activision deciding to use or incorporate WARZONE into a title for Activision video games.

5.      Identify any searches that were conducted on the term WARZONE prior to Activision filing trademark applications for WARZONE and CALL OF DUTY WARZONE with the USPTO.

6.      Identify all persons involved in clearing WARZONE and CALL OF DUTY WARZONE as trademarks.

7.      Identify the persons most knowledgeable about Activision filing to register WARZONE and CALL OF DUTY WARZONE as trademarks with the USPTO.

8.      State whether Activision is aware of any consumer confusion (including reverse confusion) of its use of WARZONE with Warzone's use of WARZONE.

9.      Identify all products or services offered by Activision bearing or incorporating the term WARZONE and state the total monthly sales in units and dollars of each such product or service for each month since the first sale of the product or service.

10.     State Activision's total marketing expenditure in connection with the

Exhibit 2
Page 17

advertisement, sale, or offering of any products or services that bears or incorporates the term WARZONE.

11.    State Activision's total revenue of any products or services that bears or incorporates the term WARZONE.

12.    State when and how Activision first became aware of Warzone's use of WARZONE.

13.    Identify all Activision games offered for sale or download that bears or incorporates WARZONE in its title.

14.    State the total number of users per month of each Activision video game that bears or incorporates WARZONE in its title.

15.    Identify any use by Activision of WARZONE in an expressive manner.

16.    Identify any use by Activsion to use WARZONE in a manner that relates to or comments on Warzone's use of WARZONE.

6

**Exhibit 2**
**Page 18**

# EXHIBIT 3

Exhibit 3
Page 19

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation | CASE NO. 2:21-cv-3073 |
| Plaintiff / Counterclaim Defendant, | **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ACTIVISION PUBLISHING INC.** |
| v. | |
| WARZONE.COM, LLC | |
| Defendant / Counterclaimant | |

Defendant and Counterclaimant Warzone.com LLC, by and through their undersigned counsel, hereby submits this First Request for the Production of Documents (the "Requests") to Plaintiff and Counterclaim Defendant Activision Publishing, Inc.

Please produce the documents requested herein in accordance with the Instructions and Definitions contained herein and in accordance with the Federal Rules of Civil Procedure. Please produce the requested documents to Plaintiff's counsel electronically, via email or a file-sharing site/link to michael@iLawco.com. Should you need to provide physical documents, you can direct them to the law offices of Lewis & Lin LLC, 77 Sand Street, 6th Floor, Brooklyn, NY 11201, attention Michael Cilento.

Dated: Brooklyn, NY
        October 22, 2021

**LEWIS & LIN, LLC**

Brett E. Lewis, Esq.
Roberto Ledesma, Esq.

1

**Exhibit 3**
**Page 20**

Michael D. Cilento, Esq.
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Brett@iLawco.com
Roberto@ilawco.com
Michael@iLawco.com
Tel: (718) 243-9323

## I. DEFINITIONS

A.     As used herein, "Action" shall mean the lawsuit filed in the United States District Court, Central District of California, Case No.: 2:21-cv-3073-FLA and as can be seen from the caption on the first page of this Notice.

B.     As used herein, "Activision" shall mean the Plaintiff and Counterclaim Defendant in this Action Activision Publishing, Inc.

C.     As used herein, "Warzone" shall mean the New York State Corporation Pointblank Communications Inc.

D.     As used herein, "WARZONE" shall mean the term and trademark "WARZONE" as used by both Warzone and Activision.

E.     As used herein, "USPTO" shall mean the United States Patent and Trademark Office.

F.     As used herein, "documents" shall mean and be defined as all writings and/or electronically stored information of any kind, including without limitation writings, messages, letters, correspondence, electronic mail (e-mail), memoranda,

2

Exhibit 3
Page 21

notes, diaries, statistics, minutes, contracts, reports, studies, checks, statements, receipts, financial records, pamphlets, books, prospectuses, certificates, drawings, plans, interoffice and intraoffice communications or offers, notations in any form made of conversations, telephone calls, meetings or other communications, printed matter, including without limitation newspapers, magazines, articles, other publications and clippings therefrom, all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or aural records or representations of any kind.

G.      As used herein, "communications" shall mean and be defined as the transmittal of information (in the form of facts, ideas, inquiries, opinions, or otherwise), in any form.

H.      As used herein, "things" shall mean any tangible items and/or things.

I.      As used herein, "relating to" shall mean concerning, relating to, referring to, regarding, reflecting, describing, evidencing, constituting, showing, having a relationship to, pertaining to, identifying, containing, pertinent to, comprising, setting forth, disclosing, explaining, summarizing, or to be otherwise factually, legally, or logically connected to the subject matter of the particular request, whether directly or indirectly, and whether in whole or in part.

J.      As used herein, "all" shall mean "all," "any," and "each" and shall each be construed as encompassing any and all.

3

**Exhibit 3
Page 22**

K.    As used herein, "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

L.    As used herein, the use of the singular form of any word includes the plural and *vice versa*.

## II.  **INSTRUCTIONS**

A.    These Requests shall be continuing so as to require further and supplemental production in that event that additional documents or information are discovered between the time of initial production and the time of hearing or trial.

B.    Documents shall be produced either in such a manner as to indicate the particular Request or Requests to which they are responsive, or in the manner in which they are kept in the usual course of business. In either case, all documents are to be produced with any identifying labels, file markings, file jackets, file labels, folders, or similar identifying features.

C.    If there are no documents responsive to any particular Request, please so state in writing.

D.    If any part of any documents called for by these Requests are withheld under a claim of privilege, please produce the non-privileged portions of such documents and, as to the privileged portions of such documents, please follow the instructions as set forth below.

4

**Exhibit 3**
**Page 23**

E.    If any requested document or portion thereof is withheld on any grounds, including, but not limited to, any claim of privilege or work product, provide a written statement with the production identifying:

    i.    The grounds for withholding such document;

    ii.    The nature of any privilege (including work product) which is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked;

    iii.    The type of document (*e.g.*, letter, memorandum, etc.);

    iv.    The general subject matter of the document;

    v.    The date of the document;

    vi.    The author of the document;

    vii.    The addressees of the document;

    viii.    All other recipients shown in the document;

    ix.    All other persons who ever received, had access to, or maintained custody or control over the document;

    x.    The relationships between and among the author, addressees, recipients, and other persons who ever received, had access to, or maintained custody or control over the document;

    xi.    The present custodian of the document; and

**Exhibit 3**
**Page 24**

xii.    Such other information as is sufficient to identify the document for a subpoena.

F.    If any documents or parts of documents called for by these Requests have been lost, discarded, or destroyed (in whole or in part), you are to provide a written statement identifying as completely as possible each such document so lost, discarded, or destroyed. Identification of each such document shall include the date of loss, disposal, or destruction, the manner of loss, disposal, or destruction, persons having knowledge of the loss, disposal, or destruction, and the persons responsible for, or who participated in, the loss, disposal, or destruction of the document.

G.    With respect to electronically stored information ("ESI"), produce such ESI in its native electronic format. Also, produce all codes, programs, or other information needed to fully translate the ESI from native electronic format into usable form that can be fully viewed, comprehended, and understood. Such ESI includes, but is not limited to: electronic mail; text messages; documents created with word processing software such as Microsoft Word; electronic spreadsheets; pictures; audio and video recordings; and documents in Portable Document Format ("PDF").

H.    All produced PDFs shall be in searchable form.

I.    All produced spreadsheets shall be produced in Microsoft Excel format.

**Exhibit 3**
**Page 25**

J.      This Request seeks all responsive documents in Your possession, or subject to Your custody or control, whether directly or indirectly. A document is deemed to be within Your possession, custody, or control if:

    i.      It is within Your actual possession, custody or control; or

    ii.     It is within the possession of any other person or entity from which You have the right or ability to obtain such document, including, but limited to, attorneys, accountants, and other agents.

K.      With respect to each request listed below, identify and produce all documents that are known to You or that can be located or discovered by reasonably diligent efforts, including, without limitation, all such documents requested to be produced that are: in your files (whether personal, business or any other files); in the files of Your current or former employees, agents, independent contractors, representatives, accountants, attorneys, officers, directors, partners, members, principals, parent entities, subsidiaries, or affiliates; in the files of persons or entities acting or purporting to act on Your behalf; or otherwise in Your possession, custody, or control.

## III.    DOCUMENTS REQUESTED

1.      All documents, communications, and things that Activision used, or obtained information from, in order to answer Warzone's First Request for Interrogatories.

7

Exhibit 3
Page 26

2.    All documents, communications, and things that Activision used, or obtained information from, to form the allegations in Activision's Complaint in this Action.

3.    All documents, communications, and things relating to Activision's selection, adoption, and clearance of WARZONE to be used or incorporated into a title for any Activision video game(s).

4.    All documents, communications, and things relating to Activision's selection, adoption, and clearance of CALL OF DUTY WARZONE to be used or incorporated into a title for any Activision video game(s).

5.    All documents, communications, and things relating to Activision's knowledge of Warzone prior to Activision's adoption of WARZONE and CALL OF DUTY WARZONE as titles of video game(s).

6.    All documents, communications, and things relating to any consumer confusion between Activision's use of WARZONE and Warzone's use of WARZONE.

7.    All documents, communications, and things relating to any consumer confusion between Activision's use of CALL OF DUTY WARZONE and Warzone's use of WARZONE.

8.    Documents and communications sufficient to establish the total marketing expenditure in connection with the advertisement, sale, or offering of

8

Exhibit 3
Page 27

any products or services that bears or incorporates the term or trademark WARZONE.

9.    Documents and communications sufficient to identify the retail channels, both physical and online, used by Activision in connection with the advertisement, sale, or offering of any products or services that bears or incorporates the term or trademark WARZONE.

10.    Documents and communications sufficient to identify the total monthly sales in units and dollars of each product or service offered by Activision bearing or incorporating the term or trademark WARZONE.

11.    Documents and communications sufficient to identify the total monthly in-game or in-app purchases in units, points, and dollars made of each product or service offered by Activision bearing or incorporating the term or trademark WARZONE.

12.    Documents and communications sufficient to identify the total revenue of products and services offered by Activision that bears or incorporates the term or trademark WARZONE.

13.    Documents and communications sufficient to identify the total number of downloads for Activision games that bears or incorporates the term or trademark WARZONE.

14.    Documents and communications sufficient to identify total monthly

9

Exhibit 3
Page 28

volume of all virtual currencies purchased within any product or service by Activision bearing or incorporating the term of trademark WARZONE.

15.    Documents and communications sufficient to identify total monthly volume of all virtual currencies spent within any product or service by Activision bearing or incorporating the term of trademark WARZONE.

16.    Documents and communications sufficient to establish the web traffic for Activision games that bears or incorporates the term or trademark WARZONE.

17.    Documents, communications, and things sufficient to identify any lawsuits in which Activision has been sued for reverse trademark infringement.

18.    Documents, communications, and things sufficient to identify any trademark disputes or lawsuits in which Activision has invoked the defense of the expressive use doctrine.

19.    Documents, communications, and things sufficient to identify any trademark disputes or lawsuits in which Activision has disputed the applicability or validity of the expressive use doctrine.

20.    Documents, communications, and things sufficient to identify any lawsuits in which Activision has been found liable for trademark infringement.

21.    Documents, communications, and things sufficient to identify any persons responsible for the selection of WARZONE to be used or incorporated into a title for any Activision video game(s).

10

Exhibit 3
Page 29

22.     Documents, communications, and things sufficient to identify any use by Activision of WARZONE in an expressive manner.

23.     Documents, communications, and things sufficient to identify any claims by Activision that the term WARZONE does or does not function as a trademark in connection with video game services.

24.     Documents, communications, and things sufficient to identify any WARZONE formative trademark applications filed by Activision, anywhere in the world.

25.     Documents, communications, and things sufficient to identify any use by Activision of WARZONE in a manner that relates to or comments on Warzone's use of WARZONE.

**Exhibit 3**
**Page 30**