MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY EDELSTEIN (*pro hac vice pending*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Activision Publishing, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WARZONE.COM, LLC,<br><br>    Defendant.<br><br>WARZONE.COM, LLC,<br><br>    Counterclaimant,<br><br>    v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>    Counterclaim-Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**ACTIVISION PUBLISHING, INC.'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE RULE 16 SCHEDULING CONFERENCE, CURRENTLY SCHEDULED FOR JANUARY 21, 2022, TO FEBRUARY 18, 2022, THE DATE OF THE HEARING ON ITS MOTION TO STAY DISCOVERY**<br><br>[Declaration of Marc E. Mayer and Proposed Order filed concurrently herewith] |

Mitchell Silberberg & Knupp LLP
13858325.4

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD.

PLEASE TAKE NOTICE that, pursuant to Local Rules 7-19 and 7-19.1, Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. ("Activision") will and hereby does make this *Ex Parte* Application (the "Application") seeking to continue the Rule 16 Scheduling Conference before this Court, currently scheduled for January 21, 2022 (the "Scheduling Conference"), to February 18, 2022, the date of the hearing on Activision's motion (ECF No. 40; the "Motion to Stay") for an order temporarily staying discovery in this action pending the Court's determination of Activision's Motion to Dismiss the Counterclaims and/or for Judgment on the Pleadings (ECF No. 24; the "MTD").

Good cause exists–including interests of judicial economy and public policy–to grant the relief sought in this Application.  Specifically, the Court's consideration of the issues raised in Activision's Motion to Stay bear directly on the subjects to be discussed and determined at the Scheduling Conference.  By contrast, for the reasons set forth in this Application, there is little, if any, prejudice to Defendant and Counterclaimant Warzone, Inc. ("Counterclaimant") if a brief continuance of the Scheduling Conference is ordered.  Accordingly, Activision proposes that the January 21, 2022 Scheduling Conference be continued to February 18, 2022, the date of the hearing on the Motion to Stay.

Pursuant to Local Rule 7-19.1, Activision states that on January 4, 2022, counsel for Counterclaimant was provided with notice of the date and substance of the Application.  Upon such notice, and consistent with his prior representations that he would oppose any request by Activision to continue the date of the Scheduling Conference, counsel for Counterclaimant confirmed its intention to oppose the Application.

Per Local Rule 7-19, Activision states that Counterclaimant's counsel are Brett E. Lewis, Michael D. Cilento, and Roberto Ledesma of Lewis and Lin LLC,

whose address, telephone number, and e-mails are as follows: 77 Sands Street, 6th Floor, Brooklyn, New York 11201; (718) 243-9323; brett@ilawco.com, michael@ilawco.com, and roberto@ilawco.com, and Alyssa K. Schabloski of Gladius Law, APC, 2708 Wilshire Boulevard, Suite 426, Santa Monica, California 90403.

This Application is based upon this Application, the accompanying Memorandum of Points and Authorities, the Declaration of Marc E. Mayer and exhibits thereto, the [Proposed] Order, the pleadings and papers on file in this action, and upon such other argument and evidence as the Court may deem necessary in considering the Application.

DATED: January 5, 2022

MARC E. MAYER
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
  Marc E. Mayer (SBN 190969)
  Attorneys for Activision Publishing, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiff and Counterclaim Defendant Activision Publishing, Inc. ("Activision") brings this *ex parte* application (the "Application") to continue the currently scheduled Rule 16 Scheduling Conference (the "Scheduling Conference") by four weeks, from January 21, 2022 to February 18, 2022, so that it can be held on the same day as the hearing on Activision's pending motion for an order temporarily staying discovery in this action (the "Motion to Stay"; ECF No. 40), which hearing may impact the schedule of dates in this action.

The Application has become necessary due to the parties' impending submission of their Joint Rule 26 Report (due on January 7), the approaching Scheduling Conference, and Defendant and Counterclaimant Warzone, Inc.'s ("Counterclaimant") pursuit of early, aggressive discovery, despite the fact that a dispositive motion is pending – namely, Activision's Motion to Dismiss, or, alternatively, for Judgment on the Pleadings (the "MTD"; ECF No. 24).  The MTD seeks dismissal of the action on the ground that Counterclaimant's trademark claims are barred by the First Amendment.

Good cause exists for the requested continuance, including interests of judicial economy and efficiency.  In the absence of such a continuance, the Court's valuable time and resources could be wasted setting a schedule that may be mooted or revised after consideration of Activision's Motion to Stay.  By contrast, there will be no prejudice to Counterclaimant if the Scheduling Conference is continued for a mere four weeks.  To the contrary, by holding the Scheduling Conference and hearing on the Motion to Stay on the same date, procedural and scheduling issues can be coordinated, and the parties will be required to make only a single court appearance.  Accordingly, the Court should grant this *ex parte* Application and continue the Scheduling Conference to February 18, 2022.

## I. PROCEDURAL BACKGROUND

**This Lawsuit and Pending Motion.** This is a trademark dispute arising from the word "Warzone" in connection with interactive entertainment products. Activision is a developer and publisher of video games and interactive entertainment products, including the highly-successful *Call of Duty* series of video games. Compl. ¶ 11; Answer ¶ 11. In 2020, Activision released a new installment of the *Call of Duty* franchise, titled *Call of Duty: Warzone* ("*CODWZ*"). Compl. ¶ 15; Answer ¶ 15. Counterclaimant is a game developer and the owner of games titled *Warzone Classic* (formerly, *Warzone*) and *Warzone Idle* (together, the "WZ Games").

On April 8, 2021, in response to letters sent to Activision by Counterclaimant, Activision filed this lawsuit for declaratory relief, seeking a declaration that Activision's use of the title *Call of Duty: Warzone* does not infringe Counterclaimant's trademark rights. ECF No. 1. On June 8, 2021, Counterclaimant filed an Answer and Counterclaims ("Counterclaims" or "Countercl."), alleging that Activision's use of the word *Warzone* as part of its game title infringed its trademark rights. ECF No. 14.

On July 29, 2021, Activision filed its MTD. ECF No. 24. The MTD is premised on the argument that since the titles of expressive works, including video games, are entitled to First Amendment protection, Counterclaimant cannot proceed on its trademark claims unless it can prove that "[1] the title has ***no artistic relevance*** to the underlying work whatsoever, or, [2] if it has some artistic relevance, . . . the title ***explicitly misleads*** as to the source or the content of the work." *Twentieth Century Fox Television v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017) (internal quotations omitted) (*citing Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989)). The MTD has been fully briefed as of September 3, 2021. ECF No. 32. On December 6, 2021, the Court took the MTD under submission.

**Discovery Status and Motion to Stay.** On November 9, 2021, the Court issued an Order setting the Rule 16 Scheduling Conference for January 21, 2022, at 1:00 p.m., with the parties' Joint Rule 26(f) Report due on January 7, 2022. ECF No. 36. Pursuant to the Court's Order, the parties have conducted an early meeting of counsel. ECF No. 40-1, ¶ 10. In the meantime, Counterclaimant has served written discovery on Activision, sent letters and demanded conferences to discuss discovery disputes, and has demanded that the parties engage in full-blown electronic discovery. *Id.* ¶ 7, 8, 10. Activision suggested that the parties limit or phase discovery to certain issues or categories of documents while the MTD remains pending. *Id.* ¶ 10. Counterclaimant refused to agree to any discovery limitations. *Id.*

On December 22, 2021, Activision filed a Motion to Stay Discovery pending a ruling on the MTD. ECF No. 40. However, the first date available for a hearing on the Motion to Stay was February 18, 2022 – four weeks after the January 21, 2022 Scheduling Conference.

Prior to filing the Motion to Stay, Activision asked Counterclaimant whether it would agree to move the January 21, 2022, Scheduling Conference to February 18, 2022. *Id.* Counterclaimant refused. *Id.* On January 4, 2022, pursuant to Local Rule 7-19.1, Activision provided notice of the date and substance of the instant Application, by sending the entire Application to Counterclaimant. *See* Declaration of Marc E. Mayer, dated January 5, 2022, ¶ 3. In response, consistent with its prior representations, Counterclaimant confirmed its intention to oppose the Application within 24 hours of its filing. *Id.* ¶¶ 4-5.

## II.   GOOD CAUSE EXISTS FOR THE REQUESTED CONTINUANCE

As part of its "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants," this Court has broad discretion in supervising the

pretrial phase of litigation. *Amey v. Cinemark USA Inc.*, No. CV1306248MMMCWX, 2013 WL 12143815, at *1 (C.D. Cal. Oct. 18, 2013) (internal quotations omitted). Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Considerations of judicial economy and efficiency warrant a continuance of the Scheduling Conference. Most obviously, a decision on the Motion to Stay will bear directly on the issues to be discussed at the Scheduling Conference, including the timetable for discovery and other pre-trial deadlines, the scope of discovery (and whether phased discovery is appropriate), and the parties' proposed schedule. If the Court grants the Motion to Stay, then the dates set at the Scheduling Conference could be mooted or modified. In that event, it may be necessary for the Court to set a second Scheduling Conference and for the parties to submit a second Rule 26 report. Additionally, to the extent that the Court requires counsel to be present at an in-person Scheduling Conference, it would be logical to coordinate the Scheduling Conference and February 18 hearing, so that only a single court appearance will be necessary.

There is no harm or prejudice to Counterclaimant if the Scheduling Conference is briefly delayed. Activision has already cooperated in discovery, and it does not intend to stonewall discovery; it simply seeks judicially efficient intervention. Since pre-trial deadlines have not yet been set, there is no risk that Counterclaimant will not have sufficient time to complete discovery or other pre-trial activities. Indeed, Counterclaimant would likely *benefit* from more clarity with respect to discovery, and a continuance would simply provide it with *more* time to conduct discovery. It appears that the only reason that Counterclaimant has refused to agree to continue the Scheduling Conference is because it wishes to leverage its ability to burden Activision with extensive discovery before a ruling on the MTD.

By contrast, if the Court sets pre-trial deadlines without regard to the Motion to Stay, then the very purpose of the Motion to Stay will be subverted.  Both parties will need to actively pursue discovery in January and early February to comply with court-ordered deadlines, and Activision may be forced to collect, review, and produce potentially thousands of emails relating to the development and marketing of *CODWZ*, disclose proprietary financial and sales data, and defend depositions.

This request is made on an *ex parte* basis by necessity, because if this Application were brought as a regularly noticed motion, it would not be heard until well after the current date of the Scheduling Conference.  The Motion to Stay was filed in late December, because the Court took the MTD under submission in December 2021, and Activision wished to allow the Court some time to consider the MTD before seeking a stay.  If Counterclaimant had agreed to continue the Scheduling Conference for a mere month (or to temporarily hold off on discovery until the ruling on the Motion to Stay), the parties could have filed a stipulated request for the continuance, which would have obviated the need for this Application.

## **CONCLUSION**

For the reasons set forth herein, Activision respectfully requests that the Court continue the Scheduling Conference to February 18, 2022, the same date as the hearing on Activision's Motion to Stay.

DATED: January 5, 2022         MARC E. MAYER
                               KARIN G. PAGNANELLI
                               LINDSAY EDELSTEIN
                               MITCHELL SILBERBERG & KNUPP LLP

                               By: /s/ Marc E. Mayer
                                   Marc E. Mayer (SBN 190969)
                                   Attorneys for Activision Publishing, Inc.