Alyssa K. Schabloski (SBN 258876)
aks@gladiuslaw.com
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720

Brett E. Lewis (*pro hac vice*)
brett@iLawco.com
Roberto Ledesma (*pro hac vice*)
roberto@ilawco.com
Michael D. Cilento (*pro hac vice*)
michael@iLawco.com
LEWIS & LIN, LLC
77 Sands Steet, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

Attorneys for Warzone.Com, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.<br><br>*Plaintiff / Counterclaim Defendant*<br><br>v.<br><br>WARZONE.COM, LLC<br><br>*Defendant / Counterclaimant* | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>**WARZONE.COM, LLC MEMORANDUM OF LAW IN OPPOSITION TO EX PARTE APPLICATION**<br><br>[Declaration of Michael D. Cilento, Esq., submitted herewith] |

Defendant and Counterclaimant Warzone.com, Inc. ("Warzone") hereby opposes the second *ex parte* application, ECF No. 46, submitted by Plaintiff and Counterclaim Defendant Activision Publishing, Inc. ("Activision").

## PRELIMINARY STATEMENT

Activision's peculiar litigation and discovery conduct in this action continues, now bringing *ex parte* applications to continue the Scheduling Conference currently scheduled for January 21, 2022, which was set by this Court nearly three months ago. Not only are Activision's applications a complete abuse of *ex parte* relief procedures, which subjects Activision to sanctions, but the relief requested is completely counterproductive to the parties' litigation efforts to date and to the case's efficiency going forward.

The parties have had multiple discovery conferences, have each served initial discovery requests, and have spent hours working (both together and separately) on the Joint Report and Pretrial and Trial Dates Worksheet that is due to the Court by tomorrow, January 7. It is a mystery, then, as to why Activision would, now, without any notice whatsoever, move for an *ex parte* order continuing the Scheduling Conference.

The Court should deny Activision's applications, hold the Scheduling Conference on its original date, and award Warzone its costs and fees in responding to the abusive ex parte applications from Acitivion.

**ACTIVISION'S FAKE DISCOVERY NARRATIVE**

In Activision's motion to stay discovery and in Activision's *ex parte* applications, Activision pushes a completely fake narrative that Warzone has been unusually aggressive in the discovery process, writing that, *inter alia*, Warzone is requesting "full discovery without restriction," ECF No. 40, pg 5; ECF No. 40-1 ¶ 10, and "demanding that the parties engage in full-blown electronic discovery." ECF No. 46, pg 6. In reality, Warzone has simply asked Activision to engage in routine initial discovery procedures and practices, in line with this Court's Initial Scheduling Order and Rule 26. *See* Cilento Dec. ¶ 3.  that the parties should begin discovery promptly before the Scheduling Conference. Towards that end, Warzone asked Activision to simply provide full initial disclosures and to engage in preliminary discussions regarding an ESI process and protocol to govern electronic discovery in the case before the Scheduling Conference takes place – basic, and prudent, discovery practice in a case like this in anticipation of a scheduling conference. *see id.* ¶ 4.

Furthermore, despite Activision's contention that Warzone is attempting to "leverage its ability to burden Activision with extensive discovery," ECF No.

46, pg. 7, which on its own is quite absurd given that Activision is a multi-billion dollar public company, it is *Activision* who served *Warzone* with a staggering **95** separate requests for production and interrogatories in Activision's First Requests for Production and First Set of Interrogatories (compared to the total 41 requests for production and interrogatories from Warzone to Activision). *Id.* ¶ 7, Exhibit B.

## **ACTIVISION'S ABUSE OF EX PARTE PROCUEDURES**

"Ex parte applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications." ECF No. 13, Initial Standing Order, pg. 15 (citing *see Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). "Ex parte applications that fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except upon a specific showing of good cause." *Id.*

Here, Activision has failed to show any extraordinary circumstance for bringing an *ex parte* application (a) nearly two months after the Court set the Scheduling Conference on November 9, 2021, *see* ECF No. 36; (b) nearly three weeks after the parties had their last conference on December 17, 2021, *see* Cilento Dec. ¶ 5; and (c) more than two weeks after Activision submitted its motion to stay discovery. *See* ECF No. 40. Activision then continued to

participate in discovery, including by working on the Joint Report and Pretrial and Trial Dates Worksheet, only to submit an *ex parte* application on January 4, 2022, with no notice whatsoever to Warzone.

And while it is true that during the parties conference on December 17, 2021, Warzone would not agree to a continuance of the Scheduling Conference, it is not true that Activision ever stated its intention to move for that relief, and of course never stated that it would be moving for *ex parte* relief. *See* Cilento Dec. ¶ 5. Any assertion otherwise, which Mr. Mayer, counsel for Activsion, made in his originally sworn Declaration at ECF 40-1[1], is a complete fabrication. This is evidenced by the facts that (1) Activision brought its *ex parte* application nearly three weeks after that December 17 conference, *see* ECF 43, (2) Activision continued to work on the Joint Report and Pretrial and Trial Dates Worksheet, *see* Cilento Dec. ¶ 6, Exhibit A, and (3) Activision's first *ex parte* application failed to inform the Court that Warzone would be submitting an opposition to the application, which, as can be seen from the second *ex parte* application and this opposition, clearly would have been

---

[1] Once this inaccuracy was pointed out, Activision subsequently withdrew its application, and filed a second ex parte application the next day.

Warzone's response to any type of notice from Activision. *Compare*, ECF No. 43-1 with ECF No. 46-1.

## **A CONTINUANCE IS UNWARRANTED**

"The court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored." ECF No. 13, Initial Scheduling Order, pg. 16. The January 21, 2022 Scheduling Conference was set by the Court on November 9, 2021. *See* ECF No. 36. The parties have thus been working off of that date in connection with discovery, case management deadlines, and the drafting of the Joint Report and Schedule of Pretrial and Trial Dates Worksheet. *See* Cilento Dec. ¶ 4, 5, 7, 8. Despite all of this, Activision moves for a continuance of the Scheduling Conference based on Activision's motion to stay discovery, and the two-months-out hearing date Activision selected for that motion to stay discovery. Activision is effectively using its meritless motion to stay discovery, with its far out hearing date, and its wrongful *ex parte* applications to stay the entire case, uprooting the parties efforts to date, and disturb the date of the Scheduling Conference set nearly three months ago, in an attempt to move discovery towards real disclosures. The Court should not allow such abusive and broad outcomes based on meritless submissions.

## **CONCLUSION**

There is no reason to disturb the Scheduling Conference date that was set in this action nearly three months ago, and Activision's bad faith *ex parte* applications without any notice to Warzone should subject Activision to sanctions and entitle Warzone to its costs and fees to respond to the emergency applications. The Court should find and Order as such.

Dated: January 6, 2022

                                              Brett E. Lewis
                                              Roberto Ledesma
                                              Michael D. Cilento
                                              LEWIS & LIN, LLC

                                              Alyssa Schabloski
                                              GLADIUS LAW, APC

By: _____
      Michael D. Cilento (pro hac vice)
      *Attorneys for Warzone.com LLC*