Alyssa K. Schabloski (SBN 258876)
aks@gladiuslaw.com
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720

Brett E. Lewis (*pro hac vice*)
brett@iLawco.com
Roberto Ledesma (*pro hac vice*)
roberto@ilawco.com
Michael D. Cilento (*pro hac vice*)
michael@iLawco.com
LEWIS & LIN, LLC
77 Sands Steet, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

Attorneys for Warzone.Com, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>WARZONE.COM, LLC<br><br>Defendant / Counterclaimant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>**DECLARATION OF MICHAEL D. CILENTO, ESQ., IN OPPOSITION TO EX PARTE APPLICATION** |

I, Michael D. Cilento, pursuant to 28 U.S. § 1746, and under the penalty of perjury, declare as follows:

    1.    I am an attorney with the law firm Lewis & Lin, LLC. I am

admitted *pro hac vice* in this action as counsel for the Defendant and Counterclaimant Warzone.com, LLC ("Warzone").

2. I make this Declaration in Opposition to the Ex Parte application (ECF No. 46) brought by Plaintiff and Counterclaim Defendant Activision Publishing, Inc. ("Activision").

3. Despite Activision's narrative otherwise, in terms of discovery thus far in the action, Warzone has done nothing but follow routine discovery procedures and practices, in line with this Court's Initial Scheduling Order and Rule 26.

4. Towards that end, Warzone asked Activision to simply provide full initial disclosures and to engage in preliminary discussions regarding an ESI process and protocol to govern electronic discovery in the case before the Scheduling Conference takes place – basic, and prudent, discovery practice in a case like this in anticipation of a scheduling conference.

5. As to notice of Activision's intent to file an *ex parte* application to continue the Scheduling Conference, while it is true that during the parties' last conference on December 17, 2021, I stated that Warzone would not agree to a continuance of the Scheduling Conference, it is not true that counsel for Activision ever stated that Activision would be moving for such relief, and of course it is not true that counsel for Activision ever stated that Activision would

be moving for *ex parte* relief.

6. Indeed, on January 3, 2022, counsel for the parties exchanged emails concerning, as discussed in the parties December 17 conference, drafts of an ESI order and protocol, as well as drafts of the Joint Report and Pretrial and Trial Dates Worksheet, which the parties have spent hours working on (separately and together). Attached hereto as Exhibit A is a true and correct copy of those emails.

7. On January 4, 2022, at 3:42pm EST, Activision served Warzone with First Requests for Production and First Set of Interrogatories, which contained a staggering **95** separate requests for production and interrogatories (compared to the total 41 requests for production and interrogatories from Warzone to Activision). Attached hereto as Exhibit B are true and correct copies of the email service and requests and interrogatories.

8. Then on the same day of January 4, 2022, at 7:45pm, without any notice to me or Warzone, Activision filed its first *ex parte* application seeking a continuance of the Scheduling Conference. *See* ECF No. 43.

9. Immediately after the filing, I reached out to Mr. Mayer pointing out the inaccuracies in his declaration and the failure of Activision to comply with Local Rule 7-19.1's Notice requirements by not providing any notice whatsoever of the ex parte application and failing to get Warzone's position,

which is to be included in the application per 7-19.1.

Executed on January 6, 2022 in New York, New York.

*[signature]*

Michael D. Cilento