

**Mike Cilento <michael@ilawco.com>**

---

## Activision Publishing, Inc. vs. Warzone.com, LLC - Case No. 2:21-cv-3073-FLA (JCx) - Discovery Requests
1 message

---

**Melara, Suguey** <szm@msk.com>                                                      Tue, Jan 4, 2022 at 3:42 PM
To: "Alyssa K. Schabloski" <aks@gladiuslaw.com>, "Brett E. Lewis" <Brett@ilawco.com>, "Michael D. Cilento"
<michael@ilawco.com>, Roberto Ledesma <roberto@ilawco.com>
Cc: "Mayer, Marc" <MEM@msk.com>, "Edelstein, Lindsay" <lre@msk.com>, "Pagnanelli, Karin" <KGP@msk.com>

Counsel,

Attached please find the following documents, hereby served in the above matter:

1. ACTIVISION PUBLISHING, INC.'S FIRST SET OF INTERROGATORIES TO WARZONE.COM, LLC; and,

2. FIRST SET OF REQUESTS OF ACTIVISION PUBLISHING, INC. TO WARZONE.COM, LLC FOR PRODUCTION OF DOCUMENTS AND THINGS.

Thank you.



**Suguey Melara | Secretary**

T: 310.914.7948 | szm@msk.com

**Mitchell Silberberg & Knupp LLP | www.msk.com**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

---

**THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS.** THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

---

**2 attachments**

**ACTIVISION to Warzone RFP 1.pdf**
163K

**ACTIVISION to Warzone Rog 1.pdf**
137K

MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY EDELSTEIN (*pro hac vice pending*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>WARZONE.COM, LLC,<br><br>              Defendants. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**FIRST SET OF REQUESTS OF ACTIVISION PUBLISHING, INC. TO WARZONE.COM, LLC FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| WARZONE.COM, LLC,<br><br>              Counterclaimant,<br><br>       v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>              Counterdefendant. | |

PROPOUNDING PARTY:     Activision Publishing, Inc.

RESPONDING PARTY:     Warzone.com, LLC

SET NO.:     One

Pursuant to Federal Rule of Civil Procedure 34 and the corresponding Local Rules of the Central District of California, Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. hereby requests that Defendant and Counterclaimant Warzone.com, LLC produce the documents and things described below, within thirty (30) days after service hereof at the offices of Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120. Please note that these requests ("Requests") require two acts for compliance: (a) service of a written response; and (b) production of documents and things.

## DEFINITIONS

1.    "WARZONE," "YOU" and "YOUR" shall mean and refer to Defendant and Counterclaimant Warzone.com, LLC, and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

2.    "REPRESENTATIVES" shall mean and refer to past and current officers, directors, agents, employees, attorneys, affiliates, assignees, accountants, consultants, and managers, and anyone acting or purporting to act on one's behalf.

3.    "ACTIVISION" means Activision Publishing, Inc., and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

4.    "ACTION" shall mean the above-captioned litigation.

5.    "COMPLAINT" shall mean the Complaint filed in the ACTION on April 8, 2021.

6.    "COUNTERCLAIM" or "COUNTERCLAIMS" shall mean the Answer and Counterclaims filed in the ACTION on June 8, 2021.

7.    "AFFIRMATIVE DEFENSES" shall means the affirmative defenses set forth in paragraphs one through seven on pages six thorough seven in the COUNTERCLAIM.

8.    "CALL OF DUTY SERIES" shall mean and refer to ACTIVISION'S "Call of Duty® franchise" as described in paragraph 22 of YOUR COUNTERCLAIM, including such franchise itself and any and all ACTIVISION video games released under the "Call of Duty" series name or title.

9.    "CODWZ" shall mean and refer to ACTIVISION'S video game "Call of Duty: Warzone," as referenced in paragraph 19 of YOUR COUNTERCLAIM.

10.    "WARZONE GAME" shall mean and refer, individually and collectively, to any and all versions of the online and downloadable video game described in paragraph 3 of YOUR COUNTERCLAIM, INCLUDING the games known as "Warzone," "Warlight Classic," "Warlight 2," and "Warzone Idle."

11.    "WARLIGHT GAME" shall mean and refer, individually and collectively, to any and all versions of any online and downloadable video games created by YOU that predated any WARZONE GAME, INCLUDING the game titled "Warlight."

12.    "THIRD PARTY GAMES" shall mean and refer, individually and collectively, to any video and/or computer games that include the term "warzone" in their title or sub-title, INCLUDING those referenced in paragraph 21 of the COMPLAINT.

13.    "WARZONE, INC. APPLICATIONS" shall mean and refer to YOUR pending trademark applications for WARZONE (U.S. Serial Nos. 90/290,628 and 90/290,658), as described and alleged in paragraphs 5 and 6 of YOUR COUNTERCLAIM.

14.    "ACTIVISION APPLICATIONS" shall mean and refer to ACTIVISION'S pending trademark applications for CALL OF DUTY: WARZONE and WARZONE (U.S. Serial Nos. 90/020,487 and 90/020,455), as described and alleged in paragraphs 12 and 13 of YOUR COUNTERCLAIM.

15.    "WARZONE'S PURPORTED TRADEMARK RIGHTS" shall mean and refer to the "common law trademark rights in the WARZONE™ mark," as alleged in paragraph 3 of YOUR COUNTERCLAIM.

16.    "WARZONE'S GOFUNDME CAMPAIGN" shall mean and refer to the fundraiser described on the website located at the URL https://www.gofundme.com/f/activision-is-suing-warzone.

17.    "REFERRAL URL" shall mean any website an internet user visits, which redirects them to a specific landing page via a hyperlink contained on the website.

18.    "WARZONE WEBSITE" shall mean the website located at the URL www.warzone.com, INCLUDING any and all pages encompassed within such website.

19.    "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34. It is used in its customary broad sense to include, without limitation, all permanent and/or semi-permanent records, writings, things or documents of every type, in any tangible medium, whether created by device or written by hand, INCLUDING without limitation: correspondence, facsimiles, telegrams, telexes, e-mail or other written and/or electronic communications, memoranda, stenographic and handwritten notes, summaries, records of personal conversations, diaries, reports, notebooks, surveys, statistical compilations, charts, graphs, plans, illustrations, photographs, diagrams, pictures, drawings of every type, blue lines, prints, films, studies, publications, books, pamphlets, recordings in any form (analog or digital, on cassette, compact disc, or any digital or computer recognizable format), checks, bank statements, income tax forms, other tax forms, minutes or records of meetings, reports and/or summaries of investigations, opinions or reports of consultants, contracts, memoranda of agreement(s), microfilm, microfiche, and electronic or computerized data compilations, computer

records, computer tapes, disks, and printouts.  A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. Any such DOCUMENT on any sheet or side thereof, any marks, such as (but not limited to) stamped indicia, comments or notations, of any character and not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate DOCUMENT.  This definition specifically incorporates electronically stored information ("ESI") as that term is used by Fed. R. Civ. P. 34.  For the purposes of clarity, DOCUMENTS include written COMMUNICATIONS.

20.    "INCLUDING" shall mean including, but not limited to.

21.    "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any contact, in any medium, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, by which information of any nature was transmitted or transferred including, without limitation, the giving or exchanging of information by DOCUMENT(S) or any other means, or any request for information by any such means.

22.    "PERSON" shall mean and refer to natural persons as well as all other entities, including, but not limited to, corporations, associations, partnerships, firms, organizations, companies, joint ventures, trusts and governmental (municipal, state, or federal) agencies or bodies. Reference herein to any "PERSON" includes the REPRESENTATIVES of such "PERSON."

23.    The terms "referring to," "relating to," "concerning," "pertaining," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, reflecting, supporting or are otherwise pertinent to the matter or any aspect thereof.

24.    The term "any" includes the word "all," and the term "all" includes the word "any."

25.    The terms "all," "each," and "every" shall be construed so as to provide the most complete and comprehensive response.

26.    The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to make a request inclusive rather than exclusive and to bring within the scope of these Requests any information that might otherwise be construed to be outside of their scope.

27.    Wherever necessary to ensure completeness or accuracy of these Requests, the singular includes the plural and the plural includes the singular.

## **INSTRUCTIONS**

1.    Unless otherwise indicated, the time period covered for each Request is from 2005 to the present.

2.    YOU are to search all DOCUMENTS within YOUR possession, custody, or control, wherever located, including but not limited to DOCUMENTS placed in storage facilities and DOCUMENTS in the possession of any PERSON acting or purporting to act on YOUR behalf.  A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR actual possession or custody, or if it is in the custody of another PERSON and YOU own the DOCUMENT in whole or in part, or YOU have the right to inspect, examine, or copy such DOCUMENT, or YOU have any express or implied understanding that YOU may use, inspect, or copy such DOCUMENT, or YOU have the legal right to obtain such DOCUMENT upon demand.  Such DOCUMENTS include, without limitation, all DOCUMENTS residing on any online or web-based accounts owned, controlled, managed, or administered by YOU that are hosted by third parties, including but not limited to Gmail, G Suite, or Google Apps.

3.    YOU are to produce each DOCUMENT requested herein in its original file folder, file jacket, or cover (or designate in writing the titles of such folder, jacket, or cover with respect to each such DOCUMENT).  Documents

Mitchell
Silberberg &
Knupp LLP

13839630.2

6

1  maintained in electronic form are to be produced in their original electronic format,

2  without modification and with all metadata intact.

3      4.      If, in answering these Requests, YOU seek to rely upon any privilege,

4  the work product doctrine, or any claim of confidentiality or privacy, in refusing to

5  produce any requested DOCUMENTS, then YOU must identify such

6  DOCUMENTS and set forth the specific grounds upon which YOU refuse to

7  produce such DOCUMENTS.  For each such DOCUMENT withheld, YOU shall

8  provide the following:  (i) the date of the DOCUMENT; (ii) the author of the

9  DOCUMENT; (iii) the PERSON(S) who assisted in the preparation of the

10  DOCUMENT; (iv) the title or general description of the content of the

11  DOCUMENT; (v) the present location of the DOCUMENT; (vi) the present

12  custodian of the DOCUMENT; (vii) each PERSON who transmitted or received

13  the DOCUMENT or any copy thereof; (viii) each PERSON who has ever had

14  possession, custody or control of the DOCUMENT or any copy thereof; and (ix)

15  all facts upon which YOU rely in asserting the privilege or confidentiality

16  objection.

17      5.      If any of the DOCUMENTS requested was formerly in YOUR

18  possession, custody, or control but no longer is in YOUR possession, custody, or

19  control, state when and what disposition was made of the DOCUMENT, and what

20  efforts, if any, YOU made to obtain each such DOCUMENT in response hereto.

21  Further, if any such DOCUMENT is not in YOUR possession, custody, or control,

22  but YOU know the identity of the PERSON currently in possession or control of

23  such DOCUMENT state the identity of the PERSON who has the DOCUMENTS,

24  including the address and telephone number of the PERSON.

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

13839630.2

7

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that reflect or refer to WARZONE's selection and/or decision to use the name "WARZONE" in the title of the WARZONE GAME, INCLUDING DOCUMENTS sufficient to identify any PERSONS or entities who participated in or were consulted concerning WARZONE's selection, rights clearance, and decision to use any name.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that reflect or refer to any rights clearance efforts undertaken in connection with the WARZONE GAME, INCLUDING trademark searches with respect to any "Warzone" trademarks or game, book, film, and any other media titles.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that reflect or refer to WARZONE's decision to change the name of its game from "WARLIGHT" to "WARZONE," INCLUDING DOCUMENTS sufficient to identify any PERSONS or entities who participated in or were consulted concerning the decision.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that reflect or refer to any consideration by WARZONE of alternative titles to the title "WARZONE."

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that reflect or refer to the selection and/or adoption of the title of each and every WARZONE GAME, INCLUDING all DOCUMENTS in which the selection, creation, and/or adoption of a title using the term "Warzone" was suggested, discussed, or mentioned.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support the allegation in paragraph 1 of YOUR AFFIRMATIVE DEFENSES that "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support the allegation in paragraph 2 of YOUR AFFIRMATIVE DEFENSES that "Plaintiff's Complaint is not justiciable in this district because this Court lacks personal jurisdiction over Defendant."

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support the allegation in paragraph 3 of YOUR AFFIRMATIVE DEFENSES that "Plaintiff's Complaint is not justiciable in this district because venue is improper."

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support the allegation in paragraph 4 of YOUR AFFIRMATIVE DEFENSES that "Defendant built up a reputation for its inherently distinctive WARZONE™ game and mark, since first launching the game in 2017, with over 750,000 downloads."

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support the allegation in paragraph 4 of YOUR AFFIRMATIVE DEFENSES that "Plaintiff's adoption of the WARZONE and CALL OF DUTY: WARZONE marks in March 2020, has completely taken over and dominated Warzone's mark, WARZONE™, in the video game market, and has caused reversion confusion under the Lanham Act."

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that support the allegation in paragraph 5 of YOUR AFFIRMATIVE DEFENSES that "The use of the mark, WARZONE, in Plaintiff's game – both alone, and in CALL OF DUTY: WARZONE – is not an expressive use, and is not protected by the First Amendment."

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support the allegation in paragraph 6 of YOUR AFFIRMATIVE DEFENSES that "WARZONE™ is an inherently distinctive mark."

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that support the allegation in paragraph 3 of YOUR COUNTERCLAIM that "Warzone . . . has established common law trademark rights in the WARZONE™ mark."

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that support the allegation in paragraph 3 of YOUR COUNTERCLAIM that "Warzone has been making continuous and ongoing use of the WARZONE™ Mark in U.S. commerce since at least as early as November 13, 2017 in connection with providing its online and downloadable video game of the same name."

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that support the allegation in paragraph 7 of YOUR COUNTERCLAIM that "Since its launch in 2017, Warzone has devoted significant resources to developing a loyal customer base and ensuring the consistent quality of its goods and services offered under the WARZONE™ Mark."

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that support the allegation in paragraph 9 of YOUR COUNTERCLAIM that "Warzone has developed apps that are available on both the Android and iOS app stores, making a large section of the public familiar with the mark."

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that support the allegation in paragraph 10 of YOUR COUNTERCLAIM that "Warzone has invested in developing and promoting the WARZONE brand and developing game variants under the WARZONE brand."

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that support the allegation in paragraph 11 of YOUR COUNTERCLAIM that "[t]hrough its activities since 2017, Warzone has established a reputation and goodwill in the WARZONE™ Mark in the United States, such that consumers have come to associate it with Warzone and its products and services."

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that support the allegation in paragraph 11 of YOUR COUNTERCLAIM that "[t]he WARZONE™ Mark distinguishes Warzone from related products of other businesses. Warzone derives substantial benefit and goodwill from that consumer identification."

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that reflect or refer to the amount of money spent by YOU in connection with maintaining, preserving, or increasing the goodwill and reputation of WARZONE'S PURPORTED TRADEMARK RIGHTS.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that reflect or refer to the amount of time spent by YOU in connection with maintaining, preserving, or increasing the goodwill and reputation of WARZONE'S PURPORTED TRADEMARK RIGHTS.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to identify the channels through which WARZONE offers or distributes the WARZONE GAME and any related software product.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS sufficient to identify the actual and targeted consumers or players of the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that support the allegation in paragraph 26 of YOUR COUNTERCLAIM that "Internet search results for 'warzone video game' and similar searches previously pointed directly to Counterclaimant. Once Counterdefendant adopted the WARZONE™ Mark, it buried Warzone's ranking in Internet search results, which has led to consumer confusion, diverted customers, lost sales and weakened trademark rights."

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that support the allegation in paragraph 27 of YOUR COUNTERCLAIM that "consumer confusion is exacerbated by the convergent marketing channels between Warzone and Activision."

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that support the allegation in paragraph 28 of YOUR COUNTERCLAIM that both ACTIVISION and WARZONE market their games "to a similar consuming public."

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that reflect or refer to market research, including any market research surveys, conducted by YOU concerning the WARZONE GAME or CODWZ.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that reflect or refer to any requests and/or inquiries received by YOU from any PERSON or entity concerning a license or authorization, or any need to obtain a license or authorization, to use the term "warzone" in any video game, computer game, motion picture, television program,

1  simulation and/or virtual reality software, book, graphic novel, comic book,

2  screenplay, or other audiovisual or literary work.

3  **REQUEST FOR PRODUCTION NO. 29:**

4       All DOCUMENTS that relate or refer to any requests and/or inquiries

5  received by YOU regarding a license or authorization, or any need to obtain a

6  license or authorization, to use the term "warzone" in any advertisement or

7  promotion.

8  **REQUEST FOR PRODUCTION NO. 30:**

9       All DOCUMENTS that constitute, embody, relate or refer to any written or

10  oral agreements between YOU and any other PERSON or entity pursuant to which

11  YOU licensed or authorized the use of the term "warzone" to any PERSON or

12  entity, including for use in (1) any video or computer game, motion picture,

13  television program, simulation and/or virtual reality software, or other audiovisual

14  work, (2) any book, graphic novel, comic book, screenplay, or other literary work,

15  (3) any consumer product such as a toy, game, model, poster, item of clothing,

16  mug, plush toy, or other similar such product, or (4) any advertisement or

17  promotion, including but not limited to any movie or television trailer, poster,

18  banner ad, billboard, or other television, radio, or Internet advertisement.

19  **REQUEST FOR PRODUCTION NO. 31:**

20       DOCUMENTS sufficient to identify each medium or vehicle through which

21  WARZONE advertises, markets, and/or promotes its WARZONE GAME.

22  **REQUEST FOR PRODUCTION NO. 32:**

23       DOCUMENTS sufficient to show the total amount spent, per month, by

24  WARZONE on advertising, marketing, and/or promotion of the WARZONE

25  GAME, INCLUDING any media buys, through each medium identified in Request

26  No. 31.

27

28

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS sufficient to identify any PERSON or entity who acts as an agent, advisor, representative, distributor or consultant with respect to WARZONE's branding, advertising, marketing, sales, and/or distribution of the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that reflect or refer to any keyword bidding or advertising paid for by WARZONE in connection with the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS sufficient to identify the REFERRAL URLs, by month, which directed internet users to the WARZONE WEBSITE, or to play the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to identify the number of unique site views of the WARZONE WEBSITE per day, month, and year from January 1, 2017 through the present.

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS sufficient to identify the number of downloads, per month, of the WARZONE GAME via any mobile application from January 1, 2017 through the present.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS sufficient to identify the number of total hours that have been played by all PERSONS, per month, of the WARZONE GAME, from January 1, 2017 through the present.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to identify the number of players who have made in-game purchases while playing the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 40:**

DOCUMENTS sufficient to identify the total number of accounts associated with the WARZONE GAME, as well as DOCUMENTS sufficient to identify the total number of new accounts, per month, from January 1, 2017 through the present.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that reflect or refer to YOUR awareness of any alleged infringement of WARZONE'S PURPORTED TRADEMARK RIGHTS by any PERSON or entity.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that reflect or refer to YOUR efforts to enforce, police, or protect WARZONE'S PURPORTED TRADEMARK RIGHTS against any PERSON or entity, INCLUDING any "cease-and-desist" letters YOU sent or lawsuits YOU filed alleging infringement of any of YOUR rights.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS referring or relating to any settlement or release agreements between YOU and any PERSON or entity regarding any alleged unauthorized use of the term "warzone" in any video or computer game, motion picture, television program, simulation and/or virtual reality software, book, graphic novel, comic book, screenplay, or other audiovisual or literary work.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that constitute, embody, reflect or refer to any internal COMMUNICATIONS, memoranda, reports, or analyses concerning the use of the term "warzone" in any video or computer game, motion picture, television program, simulation and/or virtual reality software, book, graphic novel, comic book, screenplay, or other audiovisual or literary work, INCLUDING in any of the THIRD PARTY GAMES.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that constitute, embody, reflect or refer to any written or oral agreements between YOU and any PERSON or entity concerning the use of the term "warzone" in any of the THIRD PARTY GAMES.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that constitute, embody, reflect or refer to any COMMUNICATIONS, either internal or with any PERSON or entity, concerning any of the following:

    a)  ACTIVISION;

    b)  CODWZ;

    c)  the CALL OF DUTY SERIES;

    d)  the THIRD PARTY GAMES; and

    e)  this ACTION or the COMPLAINT, INCLUDING any and all COMMUNICATION with members of the press or online forums.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that reflect or refer to the launch of YOUR game titled "WARZONE IDLE."

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS that refer or relate to any incident or circumstance in which any consumer has been confused or claimed to have been confused that WARZONE is the source of, associated with, or a sponsor of any game in the CALL OF DUTY SERIES or related products, INCLUDING via misdirected emails, telephone calls, or other COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS that support the allegation in paragraph 24 of YOUR COUNTERCLAIM that "[t]here is significant actual consumer confusion from consumers as to the source, origin, or sponsorship of 'Call of Duty: Warzone.'"

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS that support the allegation in paragraph 24 of YOUR COUNTERCLAIM that "[c]onsumers have been sending a flood of communications to Warzone about 'Call of Duty: Warzone,' including bug reports and feature suggestions."

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS concerning YOUR decision to include a disclaimer on the WARZONE WEBSITE, as alleged in paragraph 24 of YOUR COUNTERCLAIM, INCLUDING all DOCUMENTS discussing alternative placement of the "disclaimer" or the wording of such "disclaimer."

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS that support the allegation in paragraph 25 of YOUR COUNTERCLAIM that "players of 'Call of Duty: Warzone' have flocked" to WARZONE'S channel on Twitch.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS that support the allegation in paragraph 25 of YOUR COUNTERCLAIM that "Consumers are demonstrably actually confused as to the source of 'Call of Duty: Warzone' and its affiliation with Warzone and the WARZONE™ Mark."

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS that support any claim by YOU that any alleged use of the term "warzone" by ACTIVISION was expressly or intentionally misleading.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS that refer or relate to any perceived affiliation or connection between WARZONE and CODWZ, or to any absence or lack of such perceived affiliation or connection.

Mitchell
Silberberg &
Knupp LLP

13839630.2

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS by and between WARZONE and any consumer or prospective consumer that mention, discuss, refer to or relate to the association, affiliation, or connection between (i) WARZONE or the WARZONE GAME and (ii) ACTIVISION or CODWZ.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS submitted or sent (by anyone) to the United States Patent and Trademark Office ("USPTO"), or received by YOU from the USPTO, relating to the WARZONE, INC. APPLICATIONS.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS submitted or sent (by anyone) to the United States Patent and Trademark Office ("USPTO"), or received by YOU from the USPTO, relating to the ACTIVISION APPLICATIONS.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS that support the allegation in paragraph 48 of YOUR COUNTERCLAIM that "[a]t all times mentioned, Activision had actual knowledge of the existence of the WARZONE™ Mark and Warzone's ownership of said mark and superior rights to said mark."

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS that refer or relate to YOUR first knowledge or awareness of CODWZ.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS that refer or relate to YOUR GOFUNDME CAMPAIGN, INCLUDING all COMMUNICATIONS between YOU and any donors, DOCUMENTS sufficient to show the total gross amount, by month, generated from WARZONE's fundraising efforts, and DOCUMENTS that reflect or refer to the creation of the GOFUNDME CAMPAIGN, INCLUDING any initial

drafts of website copy, and DOCUMENTS that reflect or refer to any donations, whether withdrawn or not, received via the GOFUNDME CAMPAIGN.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS that reflect or refer to any other efforts by YOU to raise funds for this ACTION.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS that support any of YOUR damages claims in this Action.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that support any claim by YOU that YOU suffered any decline or loss of goodwill or reputation as a result of any of ACTIVISION'S conduct alleged in YOUR COUNTERCLAIM.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS that reflect or refer to YOUR gross revenue, on a monthly basis, from January 1, 2017 to the present, earned in connection with the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS that reflect or refer to YOUR net profits, on a monthly basis, from January 1, 2017 to the present, earned in connection with the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that reflect or refer to YOUR expenses, on a monthly basis, from January 1, 2017 to the present, relating to the WARZONE GAME, INCLUDING any development costs, server costs, hosting fees, and maintenance fees.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS that reflect or refer to YOUR net profits, on a monthly basis, from 2005 to the present, earned in connection with the offering of any products other than a WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS that reflect or refer to any decline in YOUR revenue or profits as a result of the release of CODWZ.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS that reflect or refer to any decline in YOUR revenue or profits as a result of the creation, branding, advertising, marketing, sale, and/or distribution of CODWZ.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to identify the nature of WARZONE's business.

**REQUEST FOR PRODUCTION NO. 72:**

DOCUMENTS sufficient to identify WARZONE's corporate structure.

**REQUEST FOR PRODUCTION NO. 73:**

DOCUMENTS sufficient to identify the manner(s) in which WARZONE earns revenue.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS that reflect or refer to any business plans or proposals sent by WARZONE to potential or actual investors.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS that reflect or refer to future plans for WARZONE or the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS that reflect or refer to the past, present, or future design of the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS that constitute, embody, reflect or refer to any allegations by a PERSON or entity that the WARZONE GAME infringes on the intellectual property of others.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS referenced in WARZONE's Initial Disclosures, dated October 29, 2021.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS identified, referenced or relied upon in preparing WARZONE'S response to ACTIVISION'S First Set of Interrogatories, dated January 4, 2022.

DATED:  January 4, 2022

MARC E. MAYER
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: _____

Marc E. Mayer (SBN 190969)
*Attorneys for Activision Publishing, Inc.*

1

**<u>PROOF OF SERVICE</u>**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

        I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is szm@msk.com.

4

5

        On January 4, 2022, I served a copy of the foregoing document(s) described as **FIRST SET OF REQUESTS OF ACTIVISION PUBLISHING, INC. TO WARZONE.COM, LLC FOR PRODUCTION OF DOCUMENTS AND THINGS,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

6

7

8

[SEE ATTACHED SERVICE LIST]

9

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

10

11

12

        I declare under penalty of perjury under the laws of the United States that the above is true and correct.

13

14

        Executed on January 4, 2022, at Los Angeles, California.

15

16

_____

17

Suguey Melara

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

13839630.2

22

1

## <u>SERVICE LIST</u>

Alyssa K. Schabloski (SBN 258876)
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720
Email: aks@gladiuslaw.com

***Attorneys for Defendant and
Counterclaimant Warzone.com, LLC***

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Brett@iLawco.com
         roberto@ilawco.com
         michael@ilawco.com

***Attorneys for Defendant and
Counterclaimant Warzone.com, LLC***

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

13839630.2

23

1  MARC E. MAYER (SBN 190969)
      mem@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
      kgp@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  LINDSAY EDELSTEIN (*pro hac vice pending*)
      lre@msk.com
7  MITCHELL SILBERBERG & KNUPP LLP
   437 Madison Ave., 25th Floor
8  New York, New York 10022-7001
   Telephone: (212) 509-3900
9  Facsimile: (212) 509-7239

10  Attorneys for Activision Publishing, Inc.

11               UNITED STATES DISTRICT COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13  ACTIVISION PUBLISHING, INC., a         CASE NO. 2:21-cv-3073-FLA (JCx)
    Delaware corporation,
14                                          [Assigned to Judge Fernando L. Aenlle-
                 Plaintiff,                 Rocha]
15
          v.
16                                          **ACTIVISION PUBLISHING,
    WARZONE.COM, LLC,                       INC.'S FIRST SET OF
17                                          INTERROGATORIES TO
                 Defendants.                WARZONE.COM, LLC**
18

19  WARZONE.COM, LLC,

20               Counterclaimant,

21        v.

22  ACTIVISION PUBLISHING, INC., a
    Delaware corporation,
23
                 Counterdefendant.
24

25

26  PROPOUNDING PARTY:      Activision Publishing, Inc.

27  RESPONDING PARTY:       Warzone.com, LLC

28  SET NO.:                One

Mitchell
Silberberg &
Knupp LLP

13850978.2

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. hereby demands that Defendant and Counterclaimant Warzone.com, LLC respond to the following interrogatories (the "Interrogatories") separately and fully in writing, under oath, within thirty (30) days after service hereof in accordance with the definitions and instructions set forth below.

## <u>INSTRUCTIONS</u>

1.      The instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys.

2.      These Interrogatories are continuing in nature, so as to require that supplemental answers be served if further or different information is obtained with respect to any Interrogatory.

3.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms and proper nouns shall be construed and interpreted to give proper meaning and consistency to their context.

4.      For all purposes herein, any word written in the singular herein shall be construed as plural or vice versa when necessary to bring within the scope of the Interrogatory all responses that otherwise might be construed as outside its scope.

5.      For all purposes herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

6.      For all purposes herein, "all" and "each" shall be construed as all and each.

7.      No part of an Interrogatory should be left unanswered merely because an objection is interposed to another part of the Interrogatory.  If a partial or

1  incomplete answer is provided, YOU shall state that the answer is partial or

2  incomplete.

3       8.    In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of

4  privilege is asserted in objecting to any Interrogatory or part thereof, and

5  information is not provided on the basis of such assertion:

6       A.    In asserting the privilege, YOU shall, in the objection to the

7  Interrogatory, or part thereof, identify with specificity the nature of the privilege

8  (including work product) that is being claimed and, if the privilege is governed by

9  state law, indicate the state's privilege rule being invoked.

10      B.    The following information should be provided in the objection, if

11 known or reasonably available, unless divulging such information would cause

12 disclosure of the allegedly privileged information:

13      (1)  For oral COMMUNICATIONS:

14        a.  the name of the person making the COMMUNICATION and the

15 names of persons present while the COMMUNICATION was made, and, where

16 not apparent, the relationship of the persons present to the person making the

17 COMMUNICATION;

18        b.  the date and place of the COMMUNICATION; and

19        c.  the general subject matter of the COMMUNICATION.

20      (2)  For DOCUMENTS:

21        a.  the type of DOCUMENT (e.g., letter or memorandum),

22        b.  the general subject matter of the DOCUMENT,

23        c.  the date of the DOCUMENT, and

24        d.  such other information as is sufficient to identify the

25 DOCUMENT, including, where appropriate, the author, addressee, custodian, and

26 any other recipient of the document, and where not apparent, the relationship of the

27 author, addressee, custodian, and any other recipient to each other.

28

9.     If YOU elect to specify and produce business records in answer to any Interrogatory, the specification shall be in sufficient detail to permit ACTIVISION to locate and IDENTIFY, as readily as YOU can, the business records from which the answer may be ascertained.

10.     If, in answering these Interrogatories, YOU encounter any ambiguities when construing a question, instruction, or definition, YOUR answer shall set forth the matter deemed ambiguous and the construction used in answering.

11.     Wherever necessary to ensure completeness or accuracy of these Interrogatories, the singular includes the plural and the plural includes the singular.

12.     Unless otherwise indicated, the time period covered for each Interrogatory is from 2005 to the present.

## **DEFINITIONS**

1.     "WARZONE," "YOU" and "YOUR" shall mean and refer to Defendant and Counterclaimant Warzone.com, LLC, and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

2.     "REPRESENTATIVES" shall mean and refer to past and current officers, directors, agents, employees, attorneys, affiliates, assignees, accountants, consultants, and managers, and anyone acting or purporting to act on one's behalf.

3.     "ACTIVISION" means Activision Publishing, Inc., and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

4.     "ACTION" shall mean the above-captioned litigation.

5.     "COMPLAINT" shall mean the Complaint filed in the ACTION on April 8, 2021.

6.     "COUNTERCLAIM" or "COUNTERCLAIMS" shall mean the Answer and Counterclaims filed in the ACTION on June 8, 2021.

Mitchell
Silberberg &
Knupp LLP

13850978.2

4

7.    "AFFIRMATIVE DEFENSES" shall means the affirmative defenses set forth in paragraphs one through seven on pages six thorough seven in the COUNTERCLAIM.

8.    "CODWZ" shall mean and refer to ACTIVISION'S video game "Call of Duty: Warzone," as referenced in paragraph 19 of YOUR COUNTERCLAIM.

9.    "WARZONE GAME" shall mean and refer, individually and collectively, to any and all versions of the online and downloadable video game described in paragraph 3 of YOUR COUNTERCLAIM, INCLUDING the games known as "Warzone," "Warlight Classic," "Warlight 2," and "Warzone Idle."

10.    "THIRD PARTY GAMES" shall mean and refer, individually and collectively, to any video and/or computer games that include the term "warzone" in their title or sub-title, INCLUDING those referenced in paragraph 21 of the COMPLAINT.

11.    "WARZONE, INC. APPLICATIONS" shall mean and refer to YOUR pending trademark applications for WARZONE (U.S. Serial Nos. 90/290,628 and 90/290,658), as described and alleged in paragraphs 5 and 6 of YOUR COUNTERCLAIM.

12.    "WARZONE'S PURPORTED TRADEMARK RIGHTS" shall mean and refer to the "common law trademark rights in the WARZONE™ mark," as alleged in paragraph 3 of YOUR COUNTERCLAIM.

13.    "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34. It is used in its customary broad sense to include, without limitation, all permanent and/or semi-permanent records, writings, things or documents of every type, in any tangible medium, whether created by device or written by hand, INCLUDING without limitation: correspondence, facsimiles, telegrams, telexes, e-mail or other written and/or electronic communications,

memoranda, stenographic and handwritten notes, summaries, records of personal conversations, diaries, reports, notebooks, surveys, statistical compilations, charts, graphs, plans, illustrations, photographs, diagrams, pictures, drawings of every type, blue lines, prints, films, studies, publications, books, pamphlets, recordings in any form (analog or digital, on cassette, compact disc, or any digital or computer recognizable format), checks, bank statements, income tax forms, other tax forms, minutes or records of meetings, reports and/or summaries of investigations, opinions or reports of consultants, contracts, memoranda of agreement(s), microfilm, microfiche, and electronic or computerized data compilations, computer records, computer tapes, disks, and printouts.  A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. Any such DOCUMENT on any sheet or side thereof, any marks, such as (but not limited to) stamped indicia, comments or notations, of any character and not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate DOCUMENT.  This definition specifically incorporates electronically stored information ("ESI") as that term is used by Fed. R. Civ. P. 34.  For the purposes of clarity, DOCUMENTS include written COMMUNICATIONS.

14.    "INCLUDING" shall mean including, but not limited to.

15.    "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any contact, in any medium, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, by which information of any nature was transmitted or transferred including, without limitation, the giving or exchanging of information by DOCUMENT(S) or any other means, or any request for information by any such means.

16.    "PERSON" shall mean and refer to natural persons as well as all other entities, including, but not limited to, corporations, associations, partnerships, firms, organizations, companies, joint ventures, trusts and governmental

1  (municipal, state, or federal) agencies or bodies. Reference herein to any

2  "PERSON" includes the REPRESENTATIVES of such "PERSON."

3      17.    "IDENTIFY" or "IDENTIFICATION" when used with reference to:

4      (a)    A natural person means that YOU must state: (i) the person's

5  full name, telephone number, Social Security number and address (or if the present

6  is not known, the person's last known address); (ii) the full name and address of

7  each of the person's employers, each corporation of which the person is an officer

8  or director and each business in which the person is a principal; (iii) the person's

9  present (or, if the present is not known, the person's last known) employment

10  position and the person's employment position or positions at the time of the act to

11  which the Interrogatory answer relates; and (iv) such other information sufficient

12  to enable defendant to identify the person, including email address and/or IP

13  address.

14      (b)    Any entity other than a natural person means that YOU must

15  state: (i) the full name of the entity, the type of entity (e.g., corporation,

16  partnership, etc.), the address of its principal place of business, its principal

17  business activity and, if it is a corporation, the jurisdiction under the laws of which

18  it has been organized and the date of such organization; (ii) each of the entity's

19  officers, directors, shareholders or other principals; and (iii) whatever other

20  information YOU may have concerning the existence or identity of the entity,

21  including but not limited to its tax identification number.

22      (c)    A communication means to state: (i) the substance of the

23  communication; (ii) the identity of each person between or among whom the

24  communication was made; (iii) the identity of each person present when the

25  communication took place; (iv) the date and time when the communication was

26  made and the manner in which it occurred (e.g., meetings, telephone conversation);

27  and (v) the identity of each document or writing in which such communication was

28  recorded or described in whole or in part.

Mitchell
Silberberg &
Knupp LLP

13850978.2

7

18.    The terms "referring to," "relating to," "concerning," "pertaining," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, reflecting, supporting or are otherwise pertinent to the matter or any aspect thereof.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe, in detail, the means and manner by which YOU selected or decided to use the name "WARZONE" in the title of the WARZONE GAME, INCLUDING by IDENTIFYING the source of the name, IDENTIFYING all PERSONS involved in the selection or decision to use the name "WARZONE" and the role of such PERSONS, and by IDENTIFYING any steps undertaken in connection with the rights clearance of the name, as well as the PERSONS who took such steps.

**INTERROGATORY NO. 2:**

State all facts that support YOUR assertion that YOU own or possess any trademark rights in the term "Warzone."

**INTERROGATORY NO. 3:**

Describe in detail each manner in which YOU have ever advertised, marketed, promoted, distributed, offered and made available the WARZONE GAME, INCLUDING each PERSON who has ever participated in such advertising, marketing, promotion, distribution, or offering, and each medium or vehicle through which YOU have ever advertised, marketed, promoted, distributed, offered or made available the WARZONE GAME.

**INTERROGATORY NO. 4:**

State separately, by month, the total (in dollar amounts) spent by WARZONE on advertising, marketing, and promoting the WARZONE GAME.

Mitchell
Silberberg &
Knupp LLP

13850978.2

8

**INTERROGATORY NO. 5**:

State all facts that support YOUR allegation in paragraph 18 of YOUR COUNTERCLAIM that "Warzone has established a reputation and goodwill in the WARZONE™ Mark, such that consumers have come to associate it with Warzone and its products and services."

**INTERROGATORY NO. 6**:

Describe in detail each manner in which YOU have ever maintained, preserved, or increasing the goodwill and reputation of WARZONE'S PURPORTED TRADEMARK RIGHTS, INCLUDING the amount of money spent by YOU in connection such efforts, and the amount of time spent in connection with such efforts.

**INTERROGATORY NO. 7**:

Describe in detail each channel through which YOU offer or distribute the WARZONE GAME and any related software product.

**INTERROGATORY NO. 8**:

Describe in detail the actual and targeted consumers or players of the WARZONE GAME.

**INTERROGATORY NO. 9**:

State separately, by month, the total revenue and net profits earned (in dollar amounts) in connection with the WARZONE GAME.

**INTERROGATORY NO. 10**:

Describe in detail the manner(s) in which WARZONE earns revenue.

**INTERROGATORY NO. 11**:

State separately, by month, the total expenses (in dollar amounts) incurred relating to the WARZONE GAME, INCLUDING any development costs, server costs, hosting fees, and maintenance fees.

**INTERROGATORY NO. 12**:

Describe in detail all efforts taken by YOU to enforce, police, or protect WARZONE'S PURPORTED TRADEMARK RIGHTS against any PERSON or entity.

**INTERROGATORY NO. 13:**

IDENTIFY all PERSONS that YOU claim are or were confused as to the origin, affiliation, or sponsorship between the WARZONE GAME and CODWZ.

**INTERROGATORY NO. 14:**

IDENTIFY all categories or types of injuries that YOU claim to have suffered as a result of the conduct alleged in the COUNTERCLAIM, and, for each claimed injury, the amount of damage YOU suffered.

**INTERROGATORY NO. 15:**

Identify all licenses that YOU have negotiated and/or issued to third parties or received from third parties for the use of the term "warzone."

**INTERROGATORY NO. 16:**

IDENTIFY the DOCUMENTS, including their location(s) and custodian(s), that WARZONE referred to in answering these Interrogatories.

DATED:  January 4, 2022

MARC E. MAYER
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Marc E. Mayer (SBN 190969)
*Attorneys for Activision Publishing, Inc.*

Mitchell
Silberberg &
Knupp LLP

13850978.2

10

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is szm@msk.com.

    On January 4, 2022, I served a copy of the foregoing document(s) described as **ACTIVISION PUBLISHING, INC.'S FIRST SET OF INTERROGATORIES TO WARZONE.COM, LLC,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

[SEE ATTACHED SERVICE LIST]

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

    I declare under penalty of perjury under the laws of the United States that the above is true and correct.

    Executed on January 4, 2022, at Los Angeles, California.

_____
Suguey Melara

Mitchell
Silberberg &
Knupp LLP

13850978.2

## **SERVICE LIST**

Alyssa K. Schabloski (SBN 258876)
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720
Email: aks@gladiuslaw.com

***Attorneys for Defendant and
Counterclaimant Warzone.com, LLC***

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Brett@iLawco.com
roberto@ilawco.com
michael@ilawco.com

***Attorneys for Defendant and
Counterclaimant Warzone.com, LLC***

Mitchell
Silberberg &
Knupp LLP

13850978.2