UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-03073-FLA (JCx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Activision Publishing, Inc. v. Warzone.com, LLC | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Freeman | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF AND COUNTERCLAIM-DEFENDANT ACTIVISION PUBLISHING, INC.'S MOTION TO TEMOPORARILY STAY DISCOVERY [DKT. 40]**

 Before the court is Plaintiff and Counter-defendant Activision Publishing, Inc.'s ("Activision") Motion to Temporarily Stay Discovery Pending Resolution of Activision's Motion to Dismiss And/or for Judgment on the Pleadings ("Motion to Stay"). Dkt. 40. For the reasons set forth below, the court GRANTS Activision's Motion to Stay.

 "[T]he Federal Rules of Civil Procedure do[] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am., Inc.*, Case No. 2:10-cv-02630-JAM (KJN), 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); *see also Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect."). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013) (citing *Turner Broad. Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)).

 District courts have broad discretionary power to control discovery and may stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c)(1); *see also Kennedy v. Full Tilt Poker*, Case No. 2:09-cv-07964-MMM (AGRx), 2010 WL 11597364, at *2 (C.D. Cal. May 6, 2010). "In determining whether a stay is warranted, courts balance several factors, including, for example: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Top Rank, Inc. v. Haymon*, Case No. 2:15-cv-04961-JFW (MRWx), 2015 WL 9952887, at *1 (C.D. Cal. Sep. 17, 2015)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-03073-FLA (JCx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Activision Publishing, Inc. v. Warzone.com, LLC | | |

(internal quotation marks and citation omitted).

The Ninth Circuit has not provided a clear standard for district courts to apply when determining whether it is appropriate to stay discovery pending the outcome of a potentially dispositive motion. *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, Case No. 8:19-cv-00927-JLS (JEM), 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019). In evaluating such circumstances, district courts in California have applied a two-part test which provides "it is appropriate to stay discovery if (1) 'the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed,' *and* (2) 'the pending, potentially dispositive motion can be decided absent additional discovery.'" *See id.* (citing *Mlejnecky*, 2011 WL 489743, at *6). As both parties agree this is the applicable test here, *see* Mot. 6 & Opp. 8, the court will evaluate the subject Motion to Stay under this standard.

Activision initiated this action against Defendant and Counterclaimant Warzone.com, LLC ("Warzone"), seeking a declaration that Activision's use of the word WARZONE did not infringe Warzone's trademark rights. Dkt. 1 ("Compl."). After Warzone filed its Answer and counterclaims (Dkt. 14), Activision filed its Motion to Dismiss and/or for Judgment on the Pleadings ("Motion to Dismiss," Dkt. 24). Now, Activision moves to stay discovery pending the resolution of its Motion to Dismiss. Dkt. 40.

Having considered the parties' arguments, the court finds Activision has met its burden to show that a stay is warranted. First, Activision's pending Motion to Dismiss is potentially case dispositive. Warzone disagrees because the "Prayer for Relief" in Activision's Complaint requests relief outside the scope of the Motion to Dismiss, in the form of declarations that Activision's pending applications for registration of the marks WARZONE and CALL OF DUTY WARZONE may proceed to registration and that Warzone's pending applications for registration of the mark WARZONE should not proceed to registration. Compl. at 12-13; Dkt. 51 at 6-7. Activision responds that this court would not have the authority to decide trademark registration issues if the court were to dismiss Warzone's counterclaims and issue a declaration of non-infringement under the Lanham Act (15 U.S.C. § 1125(a)). Dkt. 52 at 4-5. Plaintiff, thus, appears to concede that its requests for declaratory relief regarding its pending applications for registration of marks before the United States Patent and Trademark Office are not properly before this court. *See id.* Because the determination of issues related to trademark registration is not required to resolve the action before this court, the court finds that the pending Motion to Dismiss is potentially case dispositive.

Next, Warzone argues additional discovery is necessary to determine whether Warzone or Activision has a superior claim to registration of the WARZONE trademark. Dkt. 51 at 5, 12-13. Activision's Motion to Dismiss, however, challenges Warzone's counterclaims on the grounds that they are barred by the First Amendment as a matter of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03073-FLA (JCx) | Date | February 15, 2022 |
| Title | Activision Publishing, Inc. v. Warzone.com, LLC | | |

law, pursuant to the two-part test set forth in *Rogers v. Grimaldi*, 875 F.2d 994, 998 (2d Cir. 1989). Dkt. 24 at 2, 18 n. 8. Warzone's proposed discovery regarding seniority of use is neither relevant nor necessary for the determination of the pending Motion to Dismiss. *See generally* Dkt. 24. Thus, this factor weighs in favor of a stay.

Further, the court finds the balance of the hardships weighs in favor of granting Activision's Motion to Stay, as granting the stay would potentially avoid the need for time consuming and costly discovery and related motion practice, furthering interests of judicial economy and efficiency. Warzone, in turn, fails to demonstrate it would suffer any harm based on a delay in discovery. *See* Dkt. 51 at 20-21.

The court, therefore, finds that the balance of interests weighs in favor of a stay and GRANTS Plaintiff and Counter-defendant Activision Publishing, Inc.'s Motion to Stay. Discovery in this action is stayed pending the court's issuance of an order on Plaintiff's pending Motion to Dismiss (Dkt. 24).

IT IS SO ORDERED.

:

Initials of Preparer   tf