1  MARC E. MAYER (SBN 190969)
        mem@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
        kgp@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
4  Los Angeles, CA 90067-3120
    Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  LINDSAY EDELSTEIN (*pro hac vice*)
        lre@msk.com
7  MITCHELL SILBERBERG & KNUPP LLP
    437 Madison Ave., 25th Floor
8  New York, New York 10022-7001
    Telephone: (212) 509-3900
9  Facsimile: (212) 509-7239

10
   *Attorneys for Activision Publishing,*
11 *Inc.*

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14
   ACTIVISION PUBLISHING, INC., a        | CASE NO. 2:21-cv-3073-FLA (JCx)
15 Delaware corporation,
                                          | [Assigned to Judge Fernando L. Aenlle-
16              Plaintiff,                 | Rocha]

17         v.                             | **NOTICE OF SUPPLEMENTAL
                                          | AUTHORITY IN SUPPORT OF
18 WARZONE.COM, LLC,                      | MOTION OF ACTIVISION
                                          | PUBLISHING, INC.
19              Defendants.               | (1) TO DISMISS
                                          | COUNTERCLAIMS, AND/OR (2)
20                                        | FOR JUDGMENT ON THE
   WARZONE.COM, LLC,                      | PLEADINGS**
21
                Counterclaimant,          | Hearing Date: N/A (Motion on
22                                        | Submission)
           v.
23
   ACTIVISION PUBLISHING, INC., a
24 Delaware corporation,

25              Counterdefendant.

26

27

28

Mitchell
Silberberg &
Knupp LLP

Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. ("Activision") hereby files this Notice of Supplemental Authority to submit two recently-issued opinions that are relevant to Activision's motion for an order (1) dismissing each of the Counterclaims of Defendant and Counterclaimant Warzone.com, LLC ("Warzone") with prejudice and without leave to amend, and (2) entering judgment on the pleadings in favor of Activision on its claim for declaratory relief (the "Motion"; ECF No. 24), filed on July 29, 2021. Warzone filed its brief in opposition to Activision's Motion on August 19, 2021 (ECF No. 29) and Activision filed its reply brief on September 3, 2021. ECF No. 32.[1]

On January 3, 2022, Judge Selna issued an opinion in *Daniel Davis et al v. Amazon.com, Inc. et al*, 2:21-cv-02090-JVS (JDEx), granting a motion to dismiss on the grounds that the use at issue was "protected by the First Amendment under *Rogers*[.]" Order Granting Motion to Dismiss FAC, Dkt. 49 (C.D. Cal. Jan. 3, 2022) ("*Davis I*") at 10. A true and correct copy of *Davis I* is attached hereto as Exhibit 1.

On March 23, 2022, Judge Selna issued an opinion granting the defendants' motion to dismiss the plaintiff's Second Amended Complaint. Order Granting Motion to Dismiss SAC, Dkt. 57 (C.D. Cal. Mar. 23, 2022) ("*Davis II*"), finding that the use did not explicitly mislead consumers and was protected by the First Amendment. *Davis II* at 6-8. A true and correct copy of *Davis II* is attached hereto as Exhibit 2.

Activision believes that both *Davis I* and *Davis II* are instructive and should be considered when deciding Activision's Motion.

---

[1] Activision initially scheduled a hearing on the Motion for August 27, 2021. ECF No. 24. However, on September 27, 2021, the Court, *sua sponte*, continued the hearing to December 10, 2021 (ECF No. 33), and later, on December 6, 2021, opted to hear the Motion on submission. ECF No. 37. Pending a decision on the Motion, discovery has been stayed. ECF No. 55.

Mitchell Silberberg & Knupp LLP

NOTICE OF SUPPLEMENTAL AUTHORITY

1    DATED:  APRIL 4, 2022          MARC E. MAYER
                                    KARIN G. PAGNANELLI
2                                   LINDSAY EDELSTEIN
                                    MITCHELL SILBERBERG & KNUPP LLP

3                                   By:  /s/ Marc E. Mayer
4                                        Marc E. Mayer (SBN 190969)
                                         *Attorneys for Activision Publishing, Inc.*
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

                                         2

# EXHIBIT 1

Exhibit 1
Page 4

Case 2:21-cv-02090-JVS-ADE   Document 45-6   Filed 01/04/22   Page 1 of 25   Page ID #:848
Case 2:21-cv-02090-JVS-JDE   Document 46   Filed 01/03/22   Page 1 of 11   Page ID
#:446

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |

| | |
|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |

Present: The Honorable　　**James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**　　**[IN CHAMBERS] <u>Order</u> <u>Regarding</u> <u>Motion</u> <u>to</u> <u>Dismiss</u> <u>First</u> <u>Amended</u> <u>Complaint</u> [32]**

Defendants Denver and Delilah Productions, A.J. Dix, Eros International Media, Ltd., Trish Hofmann, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, and Rebecca Yeldham (collectively, "Defendants")[1] move to dismiss Plaintiffs Daniel E. Davis, Peter Conti, and Gringo Holdings, LLC's (collectively, "Plaintiffs") First Amended Complaint ("FAC") (Dkt. 11) pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure. Mot., Dkt. 32. Plaintiffs oppose this motion. Opp'n, Dkt. 40. Defendants filed a reply. Dkt. 44.

For the following reasons, the Court **GRANTS** the motion with leave to amend. The Court finds that oral argument is not necessary on this motion.

## I. BACKGROUND

The following allegations are from Plaintiffs' FAC (Dkt. 11).

Plaintiffs Davis and Conti are co-authors of the book entitled "GRINGO" (the "Book"), (FAC, Dkt. 11, ¶¶ 4–5), and Plaintiff Gringo Holdings is a limited liability company wholly owned by Davis (Id. ¶ 6). Plaintiffs jointly own the copyright to the Book and share in all property interests related to the Book. Id. ¶ 7.

---

[1] Defendants Blue-Tongue Films and Nash Edgerton have not yet been served with a copy of the summons and FAC. This motion was brought on behalf of all served Defendants. <u>See</u> Mot., Dkt. 32, at 1 n.1.

**Exhibit 1**
**Page 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-02090-JVS (JDEx)          Date   January 3, 2022

Title   Daniel E. Davis et al. v. Amazon.com, Inc. et al.

Plaintiffs' Book was published by Full Court Press in November 2016. Id. ¶ 19. The Book is a first-hand account of Davis' thirteen years as an American fugitive after fleeing to Mexico to avoid imprisonment on a drug conviction for distributing marijuana due to his being "set up" by a friend who turned out to be a cooperating witness-drug dealer. Id. ¶ 20. Much of the Book focuses on Davis' challenges and adventures as an American adjusting to life on the run in Mexico, where he is out of his element, while avoiding arrest by the federales and kidnaping by cartels. Id. Upon publication, the Book quickly became an Amazon number one bestseller. Id. ¶ 21. The Book and its audiobook remain bestsellers on several Amazon lists today. Id. The book also received highly favorable reviews in major publications, including, The New York Times, The Chicago Tribune, USA Today, MSNBC, the London Post, Kirkus Review, Manhattan Book Review, San Francisco Book Review, Portland Book Review, and Seattle Book Review. Id. ¶ 22. The Book was also favorably reviewed by more than five-hundred Amazon buyers, giving it a 4.3/5.0 rating. Id. Since its publication, Davis has regularly traveled to promote the Book and is regularly recognized in public by his readership as an author of the Book. Id. ¶ 23.

Defendants' Film was released in March 2018 with very significant advertising and highly recognizable actors, including Charlize Theron, Joel Edgerton and Amanda Seyfried. Id. ¶ 24. The Film' protagonist goes to Mexico to sell marijuana in a unique and "legal" pill form, and, as in the Book, the protagonist in the Film is on the run after being set-up by his "friends" for illegally distributing marijuana and spends the rest of the Film trying to avoid being kidnaped by a drug cartel and adjusting to life south of the border, where he is out of his element. Id. ¶ 25. Not coincidentally, Davis himself had gained notoriety for inventing and distributing a unique and legal ephedrine, or "speed," pill called "White Crosses." Id. The Film, released about 16 months after publication of the Book, has the same title as the Book. Id. ¶ 26. When production of the Film began in or about 2014, its "working," title was "American Express." However, by the time the Film was released on March 9, 2018, after publication of the Book, the title of the Film had been changed to "GRINGO," with a somewhat distressed font all in capital letters that closely resembled the font and typeface of the Book. Id. Defendants used the "GRINGO" title on movie posters, television and internet trailers, billboards and movie theater marquees, and on Amazon Prime and other streaming and rental service webpages for rent and purchase. Id. ¶ 28.

Before Defendants changed the Film's title, they became aware of the Book, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date    January 3, 2022 |
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. | |

similarities in its theme, and its commercial success on Amazon because it was prominently identified on Amazon as an Amazon Bestseller in the very same marketplace that the Film would be primarily released as an "Amazon Original" movie. Id. ¶ 29. Defendants exploited the public recognition and commercial success of the Book and its imprimatur as an Amazon Bestseller by changing the title of the Film to "GRINGO" in anticipation of its distribution on Amazon Prime Video. Id. ¶ 30. Defendants distributed the Film widely and internationally via Amazon Prime Video streaming service and in movie theaters concurrently with its release, and later syndicated it through other digital platforms, including, among others, Vudu.com and Apple TV. Id. ¶ 31.

Since the Film's release, there has been widespread confusion among the public and in the film industry as to the relationship between the Book and the Film and the source of the film, and many have mistakenly assumed that the Film is an adaptation of the Book. Id. ¶ 32. The Film created public confusion that has directly and materially interfered with Plaintiffs' attempts to sell the film rights to their Book. Id. ¶ 33. For example, third parties who actively showed interest in the film rights to the Book prior to the Film's release explained to Plaintiffs that they lost interest following the Film's release because they had believed and thought consumers would believe that the Film was the adaptation of the Book. Id. Plaintiffs have been unable to revive their former interest. Id. Further, sales of the Book have suffered as a result of the confusion between the Film and the Book. Id. ¶ 34. For example, some people saw the Film and then did not purchase the Book because they mistakenly believed they had already seen the story in the Film. Id. Moreover, the Film has been a critical failure. Id. ¶ 35. Thus, potential buyers of the Book who believed that the Film and Book told the same story, disliked the Film and accordingly eschewed the Book. Id.

Plaintiffs allege in their FAC that Defendants violated the Lanham Act and California's unfair competition law by titling the Film "GRINGO" without Plaintiffs' authorization. Id. ¶¶ 36–51.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the

Exhibit 1
Page 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date  January 3, 2022 |

Title  Daniel E. Davis et al. v. Amazon.com, Inc. et al.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

#### A. Request for Judicial Notice

Before turning the motions to dismiss, the Court must also address the scope of evidence that is permissible to consider at this stage. In general, a district court may not consider material beyond the pleadings when evaluating a Rule 12(b)(6) motion without treating it as a motion for summary judgment, with two exceptions. See Fed. R. Civ. P. 12(b)(6); Chavez, 683 F.3d at 1108. First, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). Second, "a court may consider material which is properly submitted as part of the complaint." Lee, 250 F.3d at 688. The incorporation by reference doctrine also applies to documents that are not physically attached to the complaint if the authenticity is not contested and the complaint necessarily relies on them. Id. "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018).

**Exhibit 1**
**Page 8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-02090-JVS (JDEx)            Date   January 3, 2022

Title   Daniel E. Davis et al. v. Amazon.com, Inc. et al.

In conjunction with the motions to dismiss, Defendants request that the Court take judicial notice of a total of eighteen documents. See

> *1.    Exhibits 1 and 2*

Exhibit 1 is the Book, (Request for Judicial Notice ("RJN"), Dkt. 32-2, Ex. 1), and Exhibit 2 is the Film, (RJN Ex. 2). The FAC refers to and relies upon both the Book and the Movie as a basis for its claims. While these materials were not physically attached to the FAC, the FAC necessarily relies on them and their authenticity is not contested. Thus, the Court considers these materials in accordance with the incorporation by reference doctrine. See Brown v. Elec. Arts, Inc., 724 F.3d 1235, 1248 n.7 (explaining that "[t]he district court properly considered [] versions of [the allegedly infringing video game]" in dismissing a Lanham Act claim).

> *2.    Exhibits 3–8*

Exhibits 3 through 8 are books and movies with similar themes and titles as Plaintiffs' Book listed on Amazon.com. RJN Exs. 3–8. "While publicly-accessible websites are sometimes reliable enough to be the proper subject of judicial notice, not all such websites satisfy the [judicial notice] standard." Thomas v. Costco Wholesale Corp., 2021 WL 948801, at *1 (S.D. Cal. March 12, 2021). The Court declines to take judicial notice of these exhibits because they are not relevant to the Court's determination that the FAC should be dismissed.

## B.    Whether Plaintiffs Have Alleged A Valid, Protectable Mark

To show trademark infringement under the Lanham Act, the plaintiff must show that (1) the plaintiff owns a valid trademark; (2) the defendant is using the plaintiff's trademark without the plaintiff's authorization; and (3) the defendant's use of the trademark likely confuses consumers. Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 969 (9th Cir. 2007) (citing Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1047, 1053 (9th Cir. 1999)).

Defendants argue that Plaintiffs' Lanham Act claim fails because they have not adequately alleged that they have a "valid, protectable trademark" in the word

**Exhibit 1**
**Page 9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. | | |

"GRINGO." Mot., Dkt. 32, at 8 (citing Reflex Media, Inc. v. Pilgrim Studios, Inc., 2018 WL 6566561, at *5 (C.D. Cal. Aug. 27, 2018)).

The title of a single creative work, like a book or movie, can not be registered as a trademark. See Dr. Seuss Enters., L.P. v. ComicMix LLC, 300 F. Supp. 3d 1073, 1084 (S.D. Cal. 2017) (citing 1 Anne Gilson LaLonde, Gilson on Trademarks § 2.08 (Matthew Bender 2017 ed.)). This is because, in general, book titles are considered descriptive. Fierce, Inc. v. Franklin Covey Co., 2019 WL 1453573, at *6 (W.D. Wash. April 2, 2019). Nevertheless, a single book's title may be protected under section 43(a) of the Lanham Act upon a showing of secondary meaning. Rogers v. Grimaldi, 875 F.2d 994, 997–98 (2d Cir. 1989).

A book title acquires secondary meaning when the title "is sufficiently well known that consumers associate it with a particular author's work." Id. "The test of secondary meaning for literary titles is essentially one of determining whether, in the minds of a significant number of people, the title in question is associated with a single source of the literary work." 2 McCarthy § 10:10.

Here, Plaintiffs have sufficiently alleged secondary meaning. Plaintiffs allege that "the public, the film industry, consumers and (by virtue of the Books status as a #1 Amazon Best Seller) the entire 'Amazon buyer class' . . . associate the title 'GRINGO' with the Book and/or Davis." Opp'n, Dkt. 40, at 5 (citing FAC ¶¶ 20, 22, 27–29, 31–32, 39–43). Plaintiffs further allege that the Book's title has acquired secondary meaning via "reviews of the Book in nationally recognized publications, the widespread readership of the Book and its long running appearance on bestseller lists." FAC ¶ 40. Accepting Plaintiff's factual allegations as true, the Court finds that Plaintiff has sufficiently pleaded secondary meaning.

**C.   Whether Plaintiffs' Lanham Act and UCL Claims are Barred by the First Amendment Under the Rogers Test**

*1.   The Rogers Test*

While trademark infringement claims under the Lanham Act are generally governed by a "likelihood-of-confusion" test, when the alllegedly infringing use is in the title of an expressive work, the Ninth Circuit "ha[s] adopted the Second Circuit's Rogers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |

| | |
|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |

test to strike an appropriate balance between First Amendment interests in protecting artistic expression and the Lanham Act's purposes to secure trademark rights." Gordon v. Drape Creative, Inc., 909 F.3d 257, 264 (9th Cir. 2018) (citing Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 900 (9th Cir. 2002)). Under Rogers, the Court reads the Lanham Act "to apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression." Id. (quoting Mattel, 296 F.3d at 901).

Under the Rogers test, the defendant must show "that its allegedly infringing use is part of an expressive work protected by the First Amendment. Id. If the defendant makes that showing, plaintiff must then satisfy both the likelihood-of-confusion test and at least one of Rogers's two prongs. Id. In other words, "when the defendant demonstrates that First Amendment interests are at stake, the plaintiff claiming infringement must show not only (1) that it has a valid, protectable trademark, and (2) that the defendant's use of the mark is likely to cause confusion, but also (3) that the mark is either not artistically relevant to the underlying work or explicitly misleads consumers as to the source or content of the work." Id.

   *2.    Whether the Rogers Test Applies to Defendants' Use of "GRINGO"*

Here, the Film itself is an expressive work. See Rogers, 875 F.2d at 997 ("Movies, plays, and songs are all indisputably works of artistic expression and deserve protection."). So too are the trailer and other efforts to advertise, promote, and market the Film as those are mere extensions of the use of a mark in the original expressive work. See Twentieth Century Fox TV v. Empire Distrib., Inc., 875 F.3d 1192, 1196–97 (9th Cir. 2017) (holding that "works protected under [Rogers] may be advertised and marketed by name.").

Plaintiffs argue that the Rogers test does not apply because it does not apply to cases of two confusingly similar titles in two expressive works. Opp'n, Dkt. 40, at 10. In support of this argument, Plaintiffs point to a footnote in Rogers stating that its "limiting construction would not apply to misleading titles that are confusingly similar to other titles [because the] public interest in sparing consumers this type of confusion outweighs the slight public interest in permitting authors to use such titles." 875 F.2d at 999 n.5. But, the Ninth Circuit squarely addressed this Rogers footnote issue in Twentieth Century Fox Television and held that "the exception the footnote suggests may be ill-advised or

Exhibit 1
Page 11

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |
|---|---|---|---|

| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |
|---|---|

unnecessary" because "identifying 'misleading titles that are confusingly similar to other titles' has the potential to duplicate either the likelihood-of-confusion test or the second prong of <u>Rogers</u> which asks whether a title 'explicitly misleads as to the source or the content of the work.'" 875 F.3d at 1192. "More importantly," the <u>Twentieth Century</u> court explained, that exception would "conflict[] with [Ninth Circuit] precedents which dictate that we apply the <u>Rogers</u> test in Lanham Act § 43(a) cases involving expressive works." <u>Id.</u> (internal citations omitted).

Plaintiffs dismiss <u>Twentieth Century</u>'s rejection of the <u>Rogers</u> footnote as "dicta" and urge the Court to acknowledge the exception for confusingly similar titles. Opp'n, Dkt. 40, at 12. However, <u>Twentieth Century</u>'s determination that <u>Rogers</u> still applies to expressive works with "confusingly similar titles," was fundamental to its ultimate holding that the First Amendment applied in that case. 875 F.3d at 1192–1199. Thus, <u>Twentieth Century</u>'s rejection of the footnote's exception is not dicta, but rather binding reasoning that is necessary to its holding. <u>See Export Group v. Reef Indus., Inc.</u> 54 F.3d 1466, 1473 (9th Cir. 1995) (explaining that statements that are not necessary to a court's decision are dicta and thus not binding precedent); <u>see also</u> 18 Moore's Federal Practice - Civil § 134.03 ("One way to distinguish between dictum and the reasoning necessary to the holding is to ask whether the statement in question could be deleted without impairing the basis of the court's decision."). Further, even if this explanation were dicta, it is well-reasoned and thus still precedential in the Ninth Circuit. <u>See Enying Li v. Holder</u>, 738 F.3d 1160, 1164 n.2 (9th Cir. 2013) (citing <u>United States v. Johnson</u>, 256 F.3d 895, 914 (9th Cir. 2001) (en banc)) (noting that "[w]ell-reasoned dicta is the law of the [Ninth] [C]ircuit").

Moreover, if any doubt remained as to whether <u>Rogers</u> applied to confusingly similar titles, the Ninth Circuit applied <u>Rogers</u> to such works just last year in <u>Dr. Seuss Enters. v. ComicMix LLC</u>, 983 F.3d 443, 461–63 (9th Cir. 2020). Plaintiffs again as this Court to ignore the Ninth Circuit because (1) it did not explicitly address whether <u>Rogers</u> applied to confusingly similar titles because <u>Rogers</u>'s application was not put at issue (Opp'n, Dkt. 40, at 12) and (2) it would be "inappropriate" to apply <u>Rogers</u> in a case in which a plaintiff has alleged intent to confuse consumers (<u>id.</u> at 15, 22). The Court disagrees. It is clear from <u>Twentieth Century</u> and <u>Dr. Seuss</u> that <u>Rogers</u> applies to expressive works, even when they have confusingly similar titles. Further, Plaintiff's second point does not speak to the applicability of <u>Rogers</u> but instead is addressed by the

**Exhibit 1**
Page 8 of 11
**Page 12**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |
|---|---|---|---|

| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |
|---|---|

test's second prong regarding whether the work explicitly misleads consumers as to its source or content.

For these reasons, the Court finds that <u>Rogers</u> applies to the present dispute.

3.     *Whether Plaintiffs Have Met Their Burden under the <u>Rogers</u> Test*

Plaintiffs do not have an actionable Lanham Act claim under <u>Rogers</u> unless they have adequately pled that Defendants' use of the mark is either "(1) not artistically relevant to the underlying work or (2) explicitly misleads consumers as to the source or content of the work." <u>Dr. Seuss Enters.</u>, 983 F.3d at 462 (internal quotation omitted).

"As to the first prong, any artistic relevance 'above zero' means the Lanham Act does not apply unless the use of the trademark is explicitly misleading." <u>Id.</u> (citing <u>Twentieth Century Fox</u>, 875 F.3d at 1198). "'[E]ven the slightest artistic relevance' is enough" <u>Id.</u> (quoting <u>Brown</u>, 724 F.3d 1235, 1245 (9th Cir. 2013)). Here, the FAC does not allege and Plaintiffs do not dispute that the Film's title "has no artistic relevant" to the Movie. The word "GRINGO" refers to an English-speaking foreigner in Spain or Latin America. <u>See, e.g.</u>, Merriam-Webster's Collegiate Dictionary (11th ed. 2003) at 550 (defining "gringo" as "a foreigner in Spain or Latin America esp. when of English or American origin; *broadly*: a non-Hispanic person"). The Film uses this term to describe its protagonist, an English-speaking, non-Hispanic man working for United States-based company who travels to Mexico. Thus, the Film's use of "GRINGO" is artistically relevant to the work and thus satisfies the first prong of the <u>Rogers</u> test.

The second prong regarding whether the use is "explicitly misleading" is a "high bar that requires the use to be 'an explicit indication, overt claim, or explicit misstatement about the source of the work." <u>Dr. Seuss Enters.</u>, 983 F.3d at 462 (quoting <u>Brown</u>, 724 F.3d at 1245). In <u>Dr. Seuss</u>, the Ninth Circuit held that a book was not "explicitly misleading as to its source [being Dr. Seuss]" despite having a "Seussian font in the cover, [a] Seussian style of illustrations, and even a title that adds just one word . . . to [a] famous [Dr. Seuss] title." <u>Id.</u> (explaining that a work "is not *explicitly* misleading" even if it "*implicitly* suggest[s] endorsement or sponsorship") (emphasis in original). Here, the FAC attempts to allege deception based on allegations that Defendants: (1) the Film had the "same title" and "thematic element" of the Book (FAC ¶ 44); (2) used a "very similar" font to the Book (<u>id.</u> ¶ 26); and (3) distributed and promoted the Film as an

Exhibit 1
Page 9 of 11
**Page 13**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |

| | |
|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |

"Amazon Original" via the Amazon Prime Video streaming service when the Book was also marketed and sold on Amazon.com (id. ¶¶ 42–43). These allegations are even less compelling than the allegations that Dr. Seuss found insufficient. Likewise, none of these allegations amount to an "explicit indication, overt claim, or explicit misstatement" that the source of the Film was Plaintiffs' book.

"[T]he mere use of a trademark alone" does not necessarily "suffice to make such use explicitly misleading." Gordon v. Drape Creative, Inc., 909 F.3d 257, 270 (9th Cir. 2018) (internal quotation omitted). However, this is not the case when consumers would expect the use of the mark alone to identify the source. So, "two 'more relevant consideration[s]' weigh in evaluating whether the mark is explicitly misleading: (1) 'the degree to which the junior user uses the mark in the same way as the senior user' and (2) 'the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself.' Dr. Seuss, 983 F.3d at 462–63 (quoting Gordon, 909 F.3d at 270–71). In Gordon, a case "demonstrat[ing] Rogers' outer limits," the Ninth Circuit held that there was a triable issue as to the second prong. Gordon, 909 F.3d at 268. That case involved a registered trademark for, among other things, defendant's popular tagline, "Honey Badger Don't Care." The defendant created greeting cards featuring a honey badger and defendant's tagline. Id. 260–62.

Unlike Gordon, this case does not test Rogers's "outer limits." As Defendants explain, "[u]nlike Gordon's use of two unique catchphrases (one of which was trademarked), Plaintiffs seek to challenge the use of an *untrademarked* word." Reply, Dkt. 44, at 10. Further, Defendants' film tells a different story than the Book and thus adds expressive content to the work. And, despite Plaintiffs' assertion that Defendants' "pasted [Plaintiffs'] mark onto the Movie," the covers of the works are far from identical. See Opp'n, Dkt. 40, at 19. The Film features different art, does not include the Book's subtitle, different font, and generally does not look the same. Thus, Plaintiffs have not alleged that the Film is explicitly misleading as to its source.

For these reasons, the Court finds that Defendants' use of "GRINGO" is protected by the First Amendment under Rogers and Plaintiffs have failed to allege sufficient facts to make out a plausible claim that survives that test.

**IV. Conclusion**

Exhibit 1
Page 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |
|---|---|---|---|

| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |
|---|---|

For the foregoing reasons, the Court **GRANTS** the motion with leave to amend.

**IT IS SO ORDERED.**

# EXHIBIT 2

Exhibit 2
Page 16

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |

| | |
|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |

Present: The Honorable | **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** <u>Order Regarding Motion to Dismiss Second Amended Complaint</u> [52]

Defendants Denver and Delilah Productions, A.J. Dix, Eros International Media, Ltd., Trish Hofmann, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, and Rebecca Yeldham (collectively, "Defendants") move to dismiss Plaintiffs Daniel E. Davis, Peter Conti, and Gringo Holdings, LLC's (collectively, "Plaintiffs") Second Amended Complaint ("SAC") (Dkt. 50) pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Mot., Dkt. 52. Plaintiffs oppose this motion. Opp'n, Dkt. 55. Defendants filed a reply. Dkt. 56.

For the following reasons, the Court **GRANTS** the Motion without leave to amend.

### I. BACKGROUND

#### A. Procedural Background

On January 3, 2022, the Court granted Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") on the grounds that "Defendants' use of 'GRINGO' is protected by the First Amendment under <u>Rogers</u> and [that] Plaintiffs ha[d] failed to allege sufficient facts to make out a plausible claim that survives the test." Order Granting Motion to Dismiss FAC ("Order"), Dkt. 49, at 10. In reaching this conclusion, the Court found that Plaintiffs' "allegations [were] even less compelling than the allegations that <u>Dr. Seuss</u> found insufficient," and that "none of [Plaintiffs'] allegations amount[ed] to an 'explicit indication, overt claim, or explicit misstatement' that the source of the Film was Plaintiffs' Book." <u>Id.</u> The Court granted the motion with leave to

**Exhibit 2**
**Page 17**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |
|---|---|---|---|

| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |
|---|---|

amend. Id. at 1.

Plaintiffs then filed a Second Amended Complaint ("SAC") largely repeating the same allegations as the FAC. See Dkt. 50. However, the SAC adds the following allegations made "upon information and belief": that each of the Defendants participated in the decision to change the title of the Film to "GRINGO" with the intent to deceive consumers as to an association with the Book, and Defendants "perpetuated the likelihood of confusion and actual confusion among consumers as to the [Film's] source[.]" SAC ¶¶ 26–29, 31.

**B.    Factual Allegations**

The following allegations are from Plaintiffs' SAC (Dkt. 50).

Plaintiffs Davis and Conti are co-authors of the book entitled "GRINGO" (the "Book"), (SAC, Dkt. 50, ¶¶ 4–5), and Plaintiff Gringo Holdings is a limited liability company wholly owned by Davis (Id. ¶ 6). Plaintiffs jointly own the copyright to the Book and share in all property interests related to the Book. Id. ¶ 7.

Plaintiffs' Book was published by Full Court Press in November 2016. Id. ¶ 17. The Book is a first-hand account of Davis' thirteen years as an American fugitive after fleeing to Mexico to avoid imprisonment on a drug conviction for distributing marijuana due to his being "set up" by a friend who turned out to be a cooperating witness-drug dealer. Id. ¶ 18. Much of the Book focuses on Davis' challenges and adventures as an American adjusting to life on the run in Mexico, where he is out of his element, while avoiding arrest by the federales and kidnaping by cartels. Id. Upon publication, the Book quickly became an Amazon number one bestseller. Id. ¶ 19. The Book and its audiobook remain bestsellers on several Amazon lists today. Id. The book also received highly favorable reviews in major publications, including, The New York Times, The Chicago Tribune, USA Today, MSNBC, the London Post, Kirkus Review, Manhattan Book Review, San Francisco Book Review, Portland Book Review, and Seattle Book Review. Id. The Book was also favorably reviewed by more than five-hundred Amazon buyers, giving it a 4.3/5.0 rating. Id. Since its publication, Davis has regularly traveled to promote the Book and is regularly recognized in public by his readership as an author of the Book. Id. ¶ 20.

Exhibit 2
Page 2 of 9
Page 18

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |

| | |
|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |

Defendants' Film was released in March 2018.  Id. ¶ 21.  The Film is a fictionalized account of an American who, like Davis, is on the run after being set-up by his "friends" for distributing marijuana and is kidnapped by a drug cartel and tries to avoid being killed while adjusting to life south of the border, where he is out of his element.  Id. ¶ 22.  When production of the Film began in or about 2014, its "working," title was "American Express."  Id. ¶ 23.  However, by the time the Film was released in March 2018, after publication of the Book, the title of the Film had been changed to "GRINGO," with a somewhat distressed font all in capital letters that closely resembled the font and typeface of the Book.  Id. ¶¶ 23–24.  Defendants used the "GRINGO" title on movie posters, television and internet trailers, billboards and movie theater marquees, and on Amazon Prime and other streaming and rental service webpages for rent and purchase.  Id. ¶ 28.

Before Defendants changed the Film's title, they became aware of the Book, the similarities in its theme, and its commercial success on Amazon because it was prominently identified on Amazon as an Amazon Bestseller in the very same marketplace that the Film would be primarily released as an "Amazon Original" movie.  Id. ¶ 26.  Plaintiffs allege "upon information and belief" that Defendants changed the title of the Film to "GRINGO" with the actual and purposeful intention to deceive, mislead, and cause confusion among consumers, as to the content and origin of the Film and its association with the Book and/or sponsorship by Davis.  Id. ¶ 27.  Defendants exploited the public recognition and commercial success of the Book and its imprimatur as an Amazon Bestseller by changing the title of the Film to "GRINGO" in anticipation of its distribution on Amazon Prime Video.  Id. ¶ 28.  Defendants distributed the Film widely and internationally via Amazon Prime Video streaming service and in movie theaters concurrently with its release, and later syndicated it through other digital platforms, including, among others, Vudu.com and Apple TV.  Id. ¶ 31.

Since the Film's release, there has been widespread confusion among the public and in the film industry as to the relationship between the Book and the Film and the source of the film, and many have mistakenly assumed that the Film is an adaptation of the Book.  Id. ¶ 32.  The Film created public confusion that has directly and materially interfered with Plaintiffs' attempts to sell the film rights to their Book.  Id. ¶ 33.  For example, third parties who actively showed interest in the film rights to the Book prior to the Film's release explained to Plaintiffs that they lost interest following the Film's

**Exhibit 2**
**Page 19**

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |

| | |
|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |

release because they had believed and thought consumers would believe that the Film was the adaptation of the Book. <u>Id.</u> Plaintiffs have been unable to revive their former interest. <u>Id.</u> Further, sales of the Book have suffered as a result of the confusion between the Film and the Book. <u>Id.</u> For example, some people saw the Film and then did not purchase the Book because they mistakenly believed they had already seen the story in the Film. <u>Id.</u> Moreover, the Film has been a critical failure. <u>Id.</u> ¶ 35. Thus, potential buyers of the Book who believed that the Film and Book told the same story, disliked the Film and accordingly eschewed the Book. <u>Id.</u>

Plaintiffs allege in their FAC that Defendants violated the Lanham Act and California's unfair competition law by titling the Film "GRINGO" without Plaintiffs' authorization. <u>Id.</u> ¶¶ 36–50.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under <u>Twombly</u>, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" <u>Id.</u> at 678-80 (quoting <u>Twombly</u>, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." <u>Id.</u>

**Exhibit 2**
**Page 20**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |

| | |
|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |

## III. DISCUSSION

### A.   Lanham Act Violation (Count One)

*1.   The Rogers Test*

While trademark infringement claims under the Lanham Act are generally governed by a "likelihood-of-confusion" test, when the alllegedly infringing use is in the title of an expressive work, the Ninth Circuit "ha[s] adopted the Second Circuit's Rogers test to strike an appropriate balance between First Amendment interests in protecting artistic expression and the Lanham Act's purposes to secure trademark rights." Gordon v. Drape Creative, Inc., 909 F.3d 257, 264 (9th Cir. 2018) (citing Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 900 (9th Cir. 2002)). Under Rogers, the Court reads the Lanham Act "to apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression." Id. (quoting Mattel, 296 F.3d at 901).

Under the Rogers test, the defendant must show "that its allegedly infringing use is part of an expressive work protected by the First Amendment. Id. If the defendant makes that showing, plaintiff must then satisfy both the likelihood-of-confusion test and at least one of Rogers's two prongs. Id. In other words, "when the defendant demonstrates that First Amendment interests are at stake, the plaintiff claiming infringement must show not only (1) that it has a valid, protectable trademark, and (2) that the defendant's use of the mark is likely to cause confusion, but also (3) that the mark is either not artistically relevant to the underlying work or explicitly misleads consumers as to the source or content of the work." Id. Notably, "[t]he Rogers test drew a balance in favor of artistic expression and tolerates 'the slight risk that [the use of the trademark] might implicitly suggest endorsement or sponsorship to some people.'" Rogers, 857 F.2d at 1000.

As the Court explained in its previous order, the Rogers test applies to the present dispute. Dkt. 49, at 9.

**Exhibit 2**
**Page 21**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-02090-JVS (JDEx)                    Date   March 23, 2022

Title   Daniel E. Davis et al. v. Amazon.com, Inc. et al.

2.      *Whether Plaintiffs Have Met Their Burden under the <u>Rogers</u> Test*

        Plaintiffs do not have an actionable Lanham Act claim under <u>Rogers</u> unless they
have adequately pled that Defendants' use of the mark is either "(1) not artistically
relevant to the underlying work or (2) explicitly misleads consumers as to the source or
content of the work." <u>Dr. Seuss Enters.</u>, 983 F.3d at 462 (internal quotation omitted).
"Neither of these prongs is easy to meet." <u>Id.</u>

        Plaintiffs rely on the second prong of the <u>Rogers</u> test, arguing that the Film
"explicitly misleads consumers as to the source or content of the work." <u>See</u> Opp'n, Dkt.
55, at 2.

        First, the SAC, like the FAC, does not allege that Defendants made any overt
claims or explicit misstatements as to Plaintiffs' Book or its authors being the source of
Defendants' Film.

        Second, as they did in opposition to the previous Motion to Dismiss, Plaintiffs
argue that Defendants' use of the mark "in the same way" as Plaintiffs' shows that the
Film was explicitly misleading. Opp'n, Dkt. 55, at 4. In support of this argument,
Plaintiffs construe the Ninth Circuit's <u>Gordon</u> opinion as holding that "the second prong
of <u>Rogers</u> does <u>not</u> require some sort of explicit statement in the defendant's work as to
some association with or endorsement of the plaintiff." Opp'n at 2 (citing <u>Gordon</u>, 909
F.3d at 268). In <u>Dr. Seuss</u>, a case that post-dates <u>Gordon</u>, the Ninth Circuit clarified that
<u>Gordon</u> "demonstrate[d] <u>Rogers</u>'s outer limits," where the defendant's expressive work
consisted of the mark and not much else." <u>Dr. Seuss</u>, 983 F.3d at 462 (quoting <u>Gordon</u>,
909 F.3d at 261, 268–69). Further, <u>Dr. Seuss</u> reiterated that <u>Rogers</u>'s second prong is a
"high bar that requires the use to be 'an explicit indication, overt claim, or explicit
misstatement about the source of the work." <u>Id.</u> (quoting <u>Brown</u>, 724 F.3d at 1245).

        In <u>Gordon</u>, the Ninth Circuit recognized that "[i]n some instances, the use of a
mark alone may explicitly mislead consumers about a product's source if consumers
would ordinarily identify the source by the mark itself." 909 F.3d at 269. Accordingly,

**Exhibit 2**
**Page 22**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |

| | |
|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |

"two 'more relevant consideration[s]' weigh in evaluating whether the mark is explicitly misleading: (1) 'the degree to which the junior user uses the mark in the same way as the senior user' and (2) 'the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself.'" Dr. Seuss, 983 F.3d at 462–63 (quoting Gordon, 909 F.3d at 270–71).

In its prior Order, this Court evaluated these considerations and determined that the mark was not explicitly misleading as to its source, because "Defendants' film tells a different story than the Book," "the covers of the works are far from identical," and the Book "adds expressive content to the work." Order at 10. The SAC does not change this analysis.

First, the Court evaluates the degree to which the junior user uses the mark in the same way as the senior user. Plaintiffs argue that Defendants use the mark "in the very same way" as Plaintiffs, because "[t]hey used it as the title to their work," "to refer to the protagonist of their work," and "to market their work to the very same class of consumers" as did Plaintiffs. Opp'n at 11. However, Defendants use the mark as the title of a film whereas Plaintiffs use it with regards to a book. While these contexts may be related in that they are both titles of expressive works, they are not identical.

Second, the Court considers the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself. As Rogers explains, "the concern that consumers will not be 'misled as to the source of [a] product' is generally allayed when the mark is used as only one component of a junior user's larger expressive creation, such that the use of the mark at most 'implicitly suggest[s]' that the product is associated with the mark's owner." Gordon, 909 F.3d at 270–71 (quoting Rogers, 875 F.2d at 998–99). On the other hand, "using a mark as the centerpiece of an expressive work itself, unadorned with any artistic contribution by the junior user, may reflect nothing more than an effort to 'induce the sale of goods or services' by confusion or 'lessen[] the distinctiveness and thus the commercial value of' a competitor's mark." Id. (quoting S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm, 483 U.S. 522, 539 (1987)).

For example, Gordon found that there was a triable issue of fact as to whether the mark was explicitly misleading when "the defendant's expressive work consisted of the mark and not much else." Dr. Seuss, 983 F.3d at 462. Specifically, both the plaintiffs

**Exhibit 2**
**Page 23**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |
|----------|---------------------------|------|----------------|

| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |
|-------|---------------------------------------------------|

and defendants in <u>Gordon</u> "sold greeting cards and other merchandise with [plaintiff's] mark" and "in at least some of defendants' cards, [plaintiff's] mark was used without any other text." <u>Gordon</u>, 909 F.3d at 271.  That is not the case here.  Plaintiffs do not allege that Defendants use their mark itself, without any additional artistic contribution.  Instead, this is a case involving the use of a mark in the title of an expressive work such that the mark serves as only one element of the work.  <u>See id.</u> (internal citations omitted) ("In cases involving the use of a mark in the title of an expressive work—such as the title of a movie, a song, a photograph, or a television show—the mark obviously served as only one 'element of the [work] and the [junior user's] artistic expressions").  Such cases do not represent the outer limits of <u>Rogers</u> that <u>Gordon</u> describes in which the junior user uses the mark in the exact same way as the senior user and adds no artistic contribution.  In fact, the titles of the works here are not identical—the Film is titled "Gringo" whereas the Book is titled "Gringo: My Life on the Edge as an International Fugitive."  Further, as Plaintiffs concede, "the story in the [Film] is not the same as the story in the Book."  Opp'n at 11.  Moreover, as the Court explained in its previous order, "the covers of the works are far from identical"— "[t]he Film features different art, does not include the Book's subtitle, [uses] different font, and generally does not look the same."  Order at 10.  Accordingly, unlike <u>Gordon</u>, this is not a case that tests <u>Rogers</u>'s "outer limits" such that the use of a mark alone may explicitly mislead consumers about a product's source.

Plaintiffs have not alleged facts from which a reasonable jury could conclude that Defendants' use of Plaintiffs' mark is "explicitly misleading as to its source."  <u>Rogers</u>, 875 F.2d at 999.  Thus, the Court dismisses Plaintiffs' Lanham Act Claim (Count One).

**B.    Unfair Competition Law Claim (Count Two)**

When trademark and unfair competition claims are based on the same infringing conduct, courts apply the same analysis.  <u>See</u> <u>Toho Co. v. William Morrow & Co.</u>, 33 F. Supp. 2d 1206, 1210 (C.D. Cal. 1998) (determining that when federal trademark and unfair competition claims are based on the same infringing conduct, a court applies the same analysis); <u>Cleary v. News Corp.</u>, 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are substantially congruent to claims made under the Lanham Act.").

**Exhibit 2**
**Page 24**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |

| | |
|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. |

Plaintiffs' UCL claim is based on the same operative facts as their Lanham Act claim.  Likewise, the UCL claim is entirely predicated on the Lanham Act violation.  Thus, like the Lanham Act claim, the UCL claim is barred by the First Amendment pursuant to the <u>Rogers</u> test.  <u>See</u> <u>Twentieth Century Fox</u>, 161 F. Supp. 3d at 910 (holding that the First Amendment barred both the plaintiffs' Lanham Act and UCL claims).

Thus, the Court dismisses Plaintiffs' UCL Claim (Count Two).

**C.    Leave to Amend**

A court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  It is properly denied, however, if amendment would be futile.  <u>See</u> <u>Gordon v. City of Oakland</u>, 627 F.3d 1092, 1094 (9th Cir. 2010).

The Court declines to grant Plaintiffs leave to amend.  Plaintiffs do not request leave to amend or identify what new allegations may save their claims.   Further, they have already amended their allegations twice and all three versions of their complaint have relied on the same infringement claims that the Court has found to be barred by the First Amendment under <u>Rogers</u>.  <u>See</u> Complaint, Dkt. 1; FAC, Dkt 11; SAC, Dkt. 50.  Accordingly, the Court DENIES leave to amend.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion and **DENIES** leave to amend.

**IT IS SO ORDERED.**