MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
ALEXANDRA L. ANFUSO (SBN 333440)
  ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY R. EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Activision Publishing, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>Defendants. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**ANSWER OF PLAINTIFF/ COUNTERCLAIM-DEFENDANT ACTIVISION PUBLISHING, INC. TO COUNTERCLAIMS OF DEFENDANT WARZONE.COM, LLC**<br><br>Trial Date:    March 25, 2025 |
| WARZONE.COM, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Counterdefendant. | |

Mitchell
Silberberg &
Knupp LLP

1    Plaintiff and Counterclaim-Defendant Activision Publishing, Inc.

2  ("Plaintiff" or "Activision") hereby responds to the Counterclaims alleged by

3  Defendant and Counterclaimant Warzone.com, LLC ("Defendant" or "Warzone")

4  (ECF 14) as follows:

5    1.    Activision is without knowledge or information sufficient to form a

6  belief as to the truth of the allegations in Paragraph 1, and on that basis denies each

7  and every such allegation.

8    2.    Activision admits that it is a Delaware corporation with a principal

9  place of business in Santa Monica, California.  Activision denies that it currently is

10  located at 3100 Ocean Park Boulevard.

11    3.    Paragraph 3 contains legal arguments that do not require a response.

12  To the extent a response is required, Activision denies the allegations in Paragraph

13  3, including that Warzone has any trademark rights whatsoever in the alleged

14  WARZONE mark.

15    4.    Paragraph 4 contains legal arguments that do not require a response.

16  To the extent a response is required, Activision denies the allegations in Paragraph

17  4.

18    5.    Activision is without knowledge or information sufficient to form a

19  belief as to the truth of the allegations in Paragraph 5, and on that basis denies each

20  and every allegation, but avers that the trademark application referenced in

21  Paragraph 5 was preliminarily refused via an Office Action issued by the U.S.

22  Patent and Trademark Office ("USPTO"), dated April 7, 2021.

23    6.    Activision is without knowledge or information sufficient to form a

24  belief as to the truth of the allegations in Paragraph 6, and on that basis denies each

25  and every allegation, but avers that the trademark application referenced in

26  Paragraph 6 was preliminarily refused via an Office Action issued by the USPTO,

27  dated April 7, 2021.

28

Mitchell
Silberberg &
Knupp LLP

2

7.      Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies each and every allegation.

8.      Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies each and every allegation.

9.      Activision admits that Warzone currently has apps available on the Android and iOS app stores, but denies that a "large section of the public is familiar with the mark." Activision is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis denies each and every allegation.

10.     Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies each and every allegation. Activision further denies that Google search results for the term "warzone" are indicative of the development of "game variants" under "the WARZONE brand."

11.     Activision denies each and every allegation in Paragraph 11, and further avers that consumers do not associate the term "warzone" with Warzone and its products and services, in part because it is just one of many games titled "Warzone," many of which existed long before Warzone's use of the term.

12.     Activision admits that on June 25, 2020, it filed USPTO trademark application Ser. No. 90/020,487 to register the mark WARZONE for use in connection with International Classes 09 and 41 for "[d]ownloadable video game software, downloadable video and computer game programs" and for "[e]ntertainment services, namely, providing online video games; and, providing information on-line relating to computer games and computer enhancements for games." Except as expressly admitted, Activision denies each and every allegation contained in Paragraph 12.

Mitchell
Silberberg &
Knupp LLP

3

13.     Activision admits that on June 25, 2020, it filed USPTO trademark application Ser. No. 90/020,455 to register the mark CALL OF DUTY WARZONE for use in connection with International Classes 09 and 41 for "[d]ownloadable video game software, downloadable video and computer game programs" and for "[e]ntertainment services, namely, providing online video games; and, providing information on-line relating to computer games and computer enhancements for games."  Except as expressly admitted, Activision denies each and every allegation contained in Paragraph 13.

14.     Activision admits the allegations in Paragraph 14.

15.     Activision admits that it claimed March 10, 2020 as the date of first use in commerce of the WARZONE and CALL OF DUTY WARZONE marks in its applications filed with the USPTO (Ser. Nos. 90/020,487, 90/020,455), and that it used those marks in connection with online and downloadable video games, among other things.  Except as expressly admitted, Activision denies the remaining allegations in Paragraph 15, including that it offers "identical" goods and services to those offered by Warzone.

16.     Paragraph 16 contains legal arguments that do not require a response. To the extent a response is required, Activision admits that the USPTO preliminary refused Warzone's trademark applications (Ser. Nos. 90/290,628, 90/290,658), but Activision avers that the content of the USPTO Office Actions referenced by Warzone in Paragraph 16 speak for themselves, and deny any mischaracterization by Warzone of same.  Except as expressly admitted, Activision denies each and every allegation contained in Paragraph 16.

17.     Paragraph 17 contains legal arguments that do not require a response. To the extent a response is required, Activision avers that the content of the USPTO Office Actions referenced by Warzone in Paragraph 17 speak for themselves, and denies any mischaracterization by Warzone of same.  Except as

Mitchell
Silberberg &
Knupp LLP

4

1 | expressly admitted, Activision denies each and every allegation contained in

2 | Paragraph 17.

3 |       18.    Paragraph 18 contains legal arguments that do not require a response.

4 | To the extent a response is required, Activision avers that the content of the

5 | USPTO Office Actions referenced by Warzone in Paragraph 18 speak for

6 | themselves, and denies any mischaracterization by Warzone of same.  Except as

7 | expressly admitted, Activision denies each and every allegation contained in

8 | Paragraph 18.

9 |       19.    Paragraph 19 contains legal arguments that do not require a response.

10 | To the extent a response is required, Activision denies the allegations in Paragraph

11 | 19.  Activision further avers that while the source of the image in Paragraph 19 is

12 | unclear, any visuals from the game "Call of Duty: Warzone" ("*CODWZ*") speak

13 | for themselves, and Activision denies any mischaracterization by Warzone of

14 | same.

15 |       20.    Activision denies the allegations of Paragraph 20.

16 |       21.    To the extent Paragraph 21 references certain press releases and

17 | websites, Activision avers that those materials speak for themselves, and denies

18 | any mischaracterization by Warzone of same.  Except as expressly admitted,

19 | Activision denies each and every allegation contained in Paragraph 21.

20 |       22.    Activision admits that it maintains a website at www.callofduty.com.

21 | To the extent Paragraph 22 references Activision's website, Activision avers that

22 | its website speaks for itself, and denies any mischaracterization by Warzone of

23 | same.

24 |       23.    Activision denies the allegations of Paragraph 23.

25 |       24.    Activision denies that there is significant actual consumer confusion

26 | as to the source, origin, or sponsorship of *CODWZ*.  Activision is without

27 | knowledge or information sufficient to form a belief as to the truth of the

28 |

Mitchell
Silberberg &
Knupp LLP

5

1  remaining allegations in Paragraph 24, and on that basis denies each and every

2  such allegation.

3        25.    Activision denies that consumers are demonstrably actually confused

4  as to the source of *CODWZ* and its affiliation with Warzone.  Activision is without

5  knowledge or information sufficient to form a belief as to the truth of the

6  remaining allegations in Paragraph 25, and on that basis denies each and every

7  such allegation.

8        26.    Activision denies that its use of the term "warzone" has led to any

9  "consumer confusion, diverted customers, lost sales and weakened trademark

10  rights" and denies that it "buried Warzone's rankings in Internet search results."

11  Activision is without knowledge or information sufficient to form a belief as to the

12  truth of the remaining allegations in Paragraph 26, and on that basis denies each

13  and every such allegation.

14        27.    Paragraph 27 contains legal arguments that do not require a response.

15  To the extent a response is required, Activision admits that it uses the Internet,

16  among other channels, to market, advertise, and sell its goods and services.  Except

17  as expressly admitted, Activision denies each and every allegation contained in

18  Paragraph 27.

19        28.    Activision admits that it uses the word "warzone" in connection with

20  its *Call of Duty* video game franchise, but denies that it and Warzone market their

21  games to a "similar consuming public."  Except as expressly admitted, Activision

22  is without knowledge or information sufficient to form a belief as to the truth of the

23  remaining allegations in Paragraph 28, and on that basis denies each and every

24  such allegation.

25        29.    Paragraph 29 contains argument that does not require a response.  To

26  the extent a response is required, Activision denies the allegations in Paragraph 29,

27  including that it "chose to use an identical trademark for similar goods and

28  services."

Mitchell
Silberberg &
Knupp LLP

1    30.    Activision denies the allegations in Paragraph 30.

2    31.    Activision admits that it received a demand letter from Warzone on or

3    about November 18, 2020, and avers that the content of such letter speaks for

4    itself, and denies any mischaracterization by Warzone of same.  Except as

5    expressly admitted, Activision denies the allegations in Paragraph 31.

6    32.    Activision admits it sent a letter to Warzone in response to Warzone's

7    aforementioned demand letter, dated February 16, 2021, and avers that the content

8    of such letter speaks for itself, and denies any mischaracterization by Warzone of

9    same.  Activision further admits that it filed the initiating pleading in this action.

10   Except as expressly admitted, Activision denies the allegations in Paragraph 32.

11

12                          **COUNTERCLAIM I**

13   **(Unfair Competition and Trademark Infringement Under the Lanham Act –**

14                          **15 U.S.C. § 1125)**

15   33.    Activision re-alleges and incorporates herein by reference its

16   responses to Paragraphs 1-32 above, inclusive, as though fully set forth herein.

17   34.    Activision denies the allegations in Paragraph 34.

18   35.    Activision denies the allegations in Paragraph 35.

19   36.    Activision denies the allegations in Paragraph 36.

20   37.    Activision denies the allegations in Paragraph 37.

21   38.    Activision denies the allegations in Paragraph 38.

22   39.    Activision denies the allegations in Paragraph 39.

23   40.    Activision denies the allegations in Paragraph 40.

24   41.    Activision denies the allegations in Paragraph 41.

25   42.    Activision denies the allegations in Paragraph 42.

26   43.    Activision denies the allegations in Paragraph 43.

27   44.    Activision denies the allegations in Paragraph 44.

28

Mitchell
Silberberg &
Knupp LLP

7

**COUNTERCLAIM II**

**(Unfair Competition and False Advertising Under California Law – Cal. Bus. & Prof. Code §§ 17200 & 17500 *et seq.*)**

45.     Activision re-alleges and incorporates herein by reference its responses to Paragraphs 1-44 above, inclusive, as though fully set forth herein.

46.     Activision denies the allegations in Paragraph 46.

47.     Activision denies the allegations in Paragraph 47.

48.     Activision denies the allegations in Paragraph 48.

49.     Activision denies the allegations in Paragraph 49.

50.     Activision denies the allegations in Paragraph 50.

51.     Activision denies the allegations in Paragraph 51.


**COUNTERCLAIM III**

**(Trademark Infringement Under California Common Law)**

52.     Activision re-alleges and incorporates herein by reference its responses to Paragraphs 1-51 above, inclusive, as though fully set forth herein.

53.     Activision denies the allegations in Paragraph 53.

54.     Activision denies the allegations in Paragraph 54.


**PRAYER FOR RELIEF**

The remainder of Warzone's Counterclaims constitute Warzone's request for relief to which no response is required.  To the extent a response is required, Activision denies that Warzone is entitled to the relief sought.  All allegations that have not been specifically admitted or alleged are hereby denied.


**AFFIRMATIVE DEFENSES**

Activision does not presently know all of the facts and circumstances relating to Warzone's claims, and reserves the right to amend this Answer.  Subject

Mitchell
Silberberg &
Knupp LLP

8

to the foregoing, and without waiving or excusing Warzone's burden of proof, or admitting that any of the following are in fact defenses upon which either Activision has any burden of proof as opposed to denials of matters as to which Warzone has the burden of proof, or that Activision has any burden of proof at all, Activision hereby asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counterclaims fail to state facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE
### (Superseding/Intervening Acts of Others)

Warzone's claims are barred in whole or in part because the incidents alleged and all damages complained of, if any, were caused by the superseding and/or intervening acts of parties other than Activision, and over whom Activision has no right or ability to control.

## THIRD AFFIRMATIVE DEFENSE
### (First Amendment)

Warzone's claims against Activision are barred, in whole or in part, by the First Amendment of the U.S. Constitution and pursuant to *Rogers v. Grimaldi,* 875 F.2d 994 (2d Cir. 1989), because any use of the "Warzone" title is and was in connection with expressive works that are protected by the First Amendment and Activision's use of the "Warzone" title is artistically relevant and not explicitly misleading.

Mitchell
Silberberg &
Knupp LLP

9

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Warzone has suffered no damages, and even if it did, its claims against Activision are barred, in whole or in part, because Warzone failed to mitigate its damages, including by failing to take any action to mitigate potential confusion after learning of Activision's use of the "Warzone" title.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Warzone's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

This case is not "exceptional" within the meaning of 15 U.S.C. § 1117.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

There is no likelihood of confusion with Warzone's purported "WARZONE" mark caused by Activision's use of the title "Call of Duty: Warzone" in connection with any goods and services offered by them.

## EIGHTH AFFIRMATIVE DEFENSE

### (Descriptiveness)

Warzone fails to state a claim because its purported "WARZONE" mark is merely descriptive.

Mitchell
Silberberg &
Knupp LLP

10

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Secondary Meaning)

Warzone fails to state a claim because its purported "WARZONE" mark has not acquired secondary meaning.

## TENTH AFFIRMATIVE DEFENSE

### (Extraterritoriality)

To the extent Warzone's claims are based on conduct allegedly occurring outside the United States, such alleged conduct is not actionable under the Lanham Act.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

Activision reserves the right to assert additional defenses that become apparent during discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Activision respectfully requests that it be awarded judgment as follows:

1.    In favor of Activision and against Warzone on all of Activision's claims;

2.    In favor of Activision and against Warzone on all of Warzone's counterclaims;

3.    Awarding Activision its reasonable attorney's fees and costs; and

4.    Awarding Activision such other and further relief as the Court may deem just and proper.

Mitchell
Silberberg &
Knupp LLP

11

1   DATED:  April 25, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARC E. MAYER
KARIN G. PAGNANELLI
LINDSAY R. EDELSTEIN
MITCHELL SILBERBERG & KNUPP LLP


By: */s/ Marc E. Mayer*
        Marc E. Mayer (SBN 190969)
        Attorneys for Activision Publishing, Inc.

Mitchell
Silberberg &
Knupp LLP

12