MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY R. EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Activision Publishing, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>Defendant.<br><br>WARZONE.COM, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Counterclaim-Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**DECLARATION OF MARC E. MAYER IN SUPPORT OF THE PARTIES' JOINT STIPULATION TO CONTINUE TRIAL AND ALL RELATED DEADLINES**<br><br>*[Joint Stipulated Request and (Proposed) Order filed concurrently herewith]*<br><br>Filed: April 8, 2021<br>Trial: March 25, 2025 |

I, Marc E. Mayer, declare as follows:

1. I am an attorney-at-law, duly licensed to practice law in the State of California and before this court. I am a partner of the law firm of Mitchell Silberberg & Knupp LLP ("MSK") through my professional corporation, and am counsel of record for Plaintiff/Counterclaim-Defendant Activision Publishing, Inc. ("Activision") in this matter. I make this Declaration in support of Activision's and Defendant/Counterclaimant Warzone.com, LLC's ("Warzone") ("Warzone," together with Activision, the "Parties") "First Joint Stipulation to Continue Trial and Related Deadlines." Unless otherwise noted, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto under oath.

2. The Complaint in this action was filed on April 8, 2021. ECF 1.

3. On February 15, 2022, this Court issued an Order staying discovery (the "Stay"; ECF 55) pending the Court's issuance of an Order on Activision's Motion to Dismiss Warzone's Counterclaims and for Judgment on the Pleadings (the "Motion"; ECF 24).

4. On August 15, 2022, this Court granted Activision's Motion (the "Decision"; ECF 57).

5. Thereafter, on September 9, 2022, Warzone appealed the Court's Decision to the Ninth Circuit Court of Appeals. ECF 59.

6. Following the Supreme Court of the United States' decision in *Jack Daniel's Props., Inc. v .VIP Prods. LLC*, 599 U.S. 140 (2023) ("Jack Daniel's"), on October 25, 2023 the Ninth Circuit vacated the Court's Decision and remanded this case for further proceedings consistent with *Jack Daniel's*. ECF 62.

7. Thereafter, on April 11, 2024, this Court denied Plaintiff's Motion, vacated its prior Decision, and lifted the Stay. ECF 69.

8. On April 11, 2024, this Court issued a Scheduling Order setting a trial date of March 25, 2025 (the "Scheduling Order"; ECF 70), with a pretrial conference scheduled for March 7, 2025. *Id.*

9. Under the Scheduling Order, the deadline to complete fact discovery is October 18, 2024, and the deadline to complete expert discovery is November 22, 2024. *Id.*

10. The Parties have agreed that "good cause" exists, for the reasons set forth below – subject to Court approval – to continue the trial date and all related pretrial, discovery, expert, and motion deadlines by approximately 60 days, or as soon thereafter as is convenient for the Court.

11. Recently, the Parties agreed to engage in private mediation, in late May of 2024.

12. Pursuant to the Scheduling Order, C.D. Cal. L.R. 37-1, and Magistrate Judge Chooljian's Individual Practices, in order to comply with the current deadlines set forth in the Scheduling Order, the Parties would need to, *inter alia*, engage in a fulsome document exchange, take depositions, engage in third-party discovery, and start preparing expert disclosures on or before August of 2024 in order to timely file motions (if any) challenging the adequacy of discovery responses.

13. The Parties jointly believe that if they are required to split their efforts and incur the expense of such discovery in the next month and a half, the mediation may prove less fruitful.

14. If the requested continuance is granted, the Parties believe they can more effectively focus their efforts on preparing for the mediation.

15. Accordingly, as a result of the foregoing, as well as the Parties' mutual desire to engage in a meaningful mediation, the Parties have agreed, subject to Court approval, that "good cause" exists to continue the trial date and all related pretrial, discovery, expert, and motion deadlines by approximately 60 days, as set

forth in the concurrently filed First Joint Stipulation to Continue Trial and All Related Deadlines, or as soon thereafter as is convenient for the Court.

16. This is the Parties' first request for a continuance of any of the trial or pre-trial deadlines set forth in the Scheduling Order.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of April, 2024 in Los Angeles, California.

*/s/ Marc E. Mayer*
MARC E. MAYER