MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
ALEXANDRA L. ANFUSO (SBN 333440)
  ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Activision Publishing, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>Defendants. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Discovery Document: Referred To Magistrate Judge Jacqueline Chooljian]<br><br>**DECLARATION OF MARC E. MAYER IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORY 14 (REGARDING DAMAGES) AND DOCUMENT REQUESTS 102 AND 67 (REGARDING REVENUE AND EXPENSES)** |
| WARZONE.COM, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Counterdefendant. | [Notice of Motion, Joint Stipulation (L.R. 37-2), Declaration of Michael D. Cilento in Opposition Thereto, and (Proposed) Order filed concurrently herewith]<br><br>Hearing Date: October 29, 2024<br>Hearing Time: 9:30 a.m.<br>Fact Discovery: December 17, 2024<br>Pretrial Conference: May 19, 2025<br>Trial: May 27, 2025 |

1      I, Marc E. Mayer, declare as follows:

2

3      1.      I am, through my professional corporation, a partner at the law firm

4   Mitchell Silberberg & Knupp LLP ("MSK"), counsel of record for Activision

5   Publishing, Inc. ("Activision") in this lawsuit.  I make the following declaration in

6   support of Activision's motion to compel further responses from Warzone.com

7   LLC ("Warzone") to Interrogatory No. 14 and Document Requests Nos. 102 and

8   67.  If called as a witness, I could and would testify to the foregoing.

9

10      2.      On or about January 4, 2022, my office served Warzone with

11   Activision's First Set of Requests for Production of Documents ("RFPs") and First

12   Set of Interrogatories ("Interrogatories"), a true and correct copy of which are

13   attached hereto as **Exhibits 1 and 2**, respectively.  Among the RFPs were RFP No.

14   67, which requested that Warzone produce "All DOCUMENTS that reflect or refer

15   to YOUR expenses, on a monthly basis, from January 1, 2017 to the present,

16   relating to the WARZONE GAME, INCLUDING any development costs, server

17   costs, hosting fees, and maintenance fees."  Among the Interrogatories were

18   Interrogatory No. 14, which requested that Warzone "IDENTIFY all categories or

19   types of injuries that YOU claim to have suffered as a result of the conduct alleged

20   in the COUNTERCLAIM, and, for such claimed injury, the amount of damage

21   YOU suffered."

22

23      3.      On or about February 4, 2022, Warzone served its written responses

24   to the First Set of RFPs and Interrogatories, a true and correct copy of which is

25   attached as **Exhibits 3 and 4**, respectively.  Warzone did not produce any

26   documents reflecting its expenses, notwithstanding that its written response

27   represented that it would do so.

28

Mitchell
Silberberg &
Knupp LLP

20135436.1

2

4.     On February 15, 2022, the Court stayed discovery in this action pending the resolution of Activision's Motion to Dismiss the action and for Judgment on the Pleadings.  On August 15, 2022, the Court granted Activision's Motion and dismissed the case.  On October 27, 2023, the Court reopened this action, following the decision of the Ninth Circuit Court of Appeals vacating this Court's August 15, 2022, Order.

**5.**     On June 11, 2024, Activision served its Second Set of RFPs on Warzone, a true and correct copy of which is attached hereto as **Exhibit 5.**  The Second Set of RFPs included RFP 102, which sought documents and information concerning Warzone's revenue in connection with its game.   On July 11, 2024, Warzone served its responses to Activision's Second Set of RFPs, a true and correct copy of which is attached hereto as **Exhibit 6.**

6.     On June 17, 2024, my colleague Lindsay Edelstein and I held our first discovery conference with Warzone's counsel, Mike Cilento.  During that conference, Warzone agreed to provide supplemental responses to certain of the RFPs and Interrogatories, including financial information and damages information.  On July 24, 2024, Warzone served its supplemental responses to the First Set of Interrogatories, but did not supplement its response to Interrogatory No. 14.

7.     On August 12, 2024, Ms. Edelstein and I conducted a second discovery conference with Mr. Cilento to discuss remaining issues with Warzone's responses to the First Set of RFPs and Interrogatories, as well as Warzone's responses to the Second Set of RFPs.

Mitchell
Silberberg &
Knupp LLP

20135436.1

3

8.     Among the issues that I discussed with Mr. Cilento on the August 12 meet-and-confer was Warzone's failure to provide any detailed revenue information (including revenue by source) or cost information.  With respect to the revenue information, Mr. Cilento stated that his client did not keep records of this information, and thus would only provide "top-line" aggregated revenue information (that is, the total amount of revenue received by the company from all sources).   With respect to cost information, Mr. Cilento likewise said that Warzone did not maintain any records of its costs and expenses and that providing documentation of its costs would be unduly burdensome.

9.     During the August 12 meet-and-confer I also discussed with Mr. Cilento Warzone's failure to provide any information concerning its damages theories, calculations, and methodologies.  Mr. Cilento stated that because Warzone would be relying on expert testimony to prove its damages, it would not supplement Interrogatory No. 14.

10.     On August 26, 2024, Warzone provided supplemental responses to Activision's written discovery requests, including Request Nos. 67 and 102.  True and correct copies of relevant excerpts from these supplemental responses are attached hereto as **Exhibits 7 and 8.**   These supplemental responses were accompanied by an email from Mr. Cilento, which stated as follows:  "Re: revenue breakdown…: Warzone has produced total revenue (which includes advertising, website purchases, IOS, and Google Play) and has also broken out IOS and Google Play revenue (see WZ 5223 - 5225).  However, I am checking with Warzone to see if we can get a further breakdown to easily show the four different categories of revenue, and will advise shortly."  A true and correct copy of the August 26 email is attached hereto as **Exhibit 9.**

11.  As of September 11, 2024, I had not heard anything further from Mr. Cilento regarding whether Warzone would produce granular revenue information reflecting income by source.  Mr. Cilento did not respond to that email.  Thus, I sent a second follow-up email on September 16, 2024.  A true and correct copy of my September 11 and September 16 emails are attached, collectively, hereto as **Exhibit 10.**

12.  On September 17, 2024, I received an email from Mr. Cilento confirming that Warzone would not agree to provide a supplemental response to Interrogatory 14.  That email stated, in relevant part:

> As to Activision's ongoing position that Warzone must produce documents and information in support of or explaining its "damages theories" - such discovery requests are premature even for contention requests, and, to the extent they do seek explanation of our theory of damages, they clearly call for expert opinions. As previously stated and discussed, our expert opinions will be disclosed at the appropriate stage, in line with the case schedule. We will, of course, continue to update our responses to all discovery, inclusive of disclosures as the case progresses.

A true and correct copy of Mr. Cilento's September 17 email is attached hereto as **Exhibit 11.**

13.  To date, Warzone has not provided revenue information reflecting its revenue by source; it has only provided the *total* top-line revenue received by the company and some revenue information from the Google Play Store and Apple App Store (which almost entirely post-date the release of *Call of Duty: Warzone*.) It has not provided *any* information reflecting revenue from advertising or revenue from direct sales from its website.  Thus, it is impossible for Activision to

Mitchell
Silberberg &
Knupp LLP

20135436.1

determine from Warzone's production what the source of its revenue is, how various revenue streams were impacted by the alleged infringement, and whether some of these revenue streams even existed at the time of the alleged infringement. While Warzone claims that it does not possess this information, Warzone uses payment processors to accept payments for purchases on its website; thus, records of these payments should be available to Warzone. Alternatively, Warzone's bank records would reflect payment transactions and monthly revenue.

14.    Warzone also has not provided any documents or information reflecting the nature and amount of its expenses. Warzone's claim that it does not have any expense information also is implausible. Warzone certainly has bank accounts through which it pays its bills, which must include expenses such as server costs, employee costs, equipment costs, outside consultant and vendor fees, legal fees, and the like. Indeed, Warzone has prepared and produced tax return information, which necessarily would be based on its business records. If Warzone is unwilling to produce the actual invoices, then it could produce bank account statements reflecting this information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of September 2024 at Los Angeles, California.

_____
Marc E. Mayer

# EXHIBIT 1

MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY EDELSTEIN (*pro hac vice pending*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WARZONE.COM, LLC,<br><br>　　　　Defendants. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**FIRST SET OF REQUESTS OF ACTIVISION PUBLISHING, INC. TO WARZONE.COM, LLC FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| WARZONE.COM, LLC,<br><br>　　　　Counterclaimant,<br><br>　　　　v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Counterdefendant. | |

PROPOUNDING PARTY:　　Activision Publishing, Inc.

RESPONDING PARTY:　　Warzone.com, LLC

SET NO.:　　　　　　One

Pursuant to Federal Rule of Civil Procedure 34 and the corresponding Local Rules of the Central District of California, Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. hereby requests that Defendant and Counterclaimant Warzone.com, LLC produce the documents and things described below, within thirty (30) days after service hereof at the offices of Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120. Please note that these requests ("Requests") require two acts for compliance: (a) service of a written response; and (b) production of documents and things.

## **DEFINITIONS**

1.      "WARZONE," "YOU" and "YOUR" shall mean and refer to Defendant and Counterclaimant Warzone.com, LLC, and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

2.      "REPRESENTATIVES" shall mean and refer to past and current officers, directors, agents, employees, attorneys, affiliates, assignees, accountants, consultants, and managers, and anyone acting or purporting to act on one's behalf.

3.      "ACTIVISION" means Activision Publishing, Inc., and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

4.      "ACTION" shall mean the above-captioned litigation.

5.      "COMPLAINT" shall mean the Complaint filed in the ACTION on April 8, 2021.

6.      "COUNTERCLAIM" or "COUNTERCLAIMS" shall mean the Answer and Counterclaims filed in the ACTION on June 8, 2021.

7.      "AFFIRMATIVE DEFENSES" shall means the affirmative defenses set forth in paragraphs one through seven on pages six thorough seven in the COUNTERCLAIM.

Mitchell
Silberberg &
Knupp LLP

13839630.2

2

**9**

8.    "CALL OF DUTY SERIES" shall mean and refer to ACTIVISION'S "Call of Duty® franchise" as described in paragraph 22 of YOUR COUNTERCLAIM, including such franchise itself and any and all ACTIVISION video games released under the "Call of Duty" series name or title.

9.    "CODWZ" shall mean and refer to ACTIVISION'S video game "Call of Duty: Warzone," as referenced in paragraph 19 of YOUR COUNTERCLAIM.

10.    "WARZONE GAME" shall mean and refer, individually and collectively, to any and all versions of the online and downloadable video game described in paragraph 3 of YOUR COUNTERCLAIM, INCLUDING the games known as "Warzone," "Warlight Classic," "Warlight 2," and "Warzone Idle."

11.    "WARLIGHT GAME" shall mean and refer, individually and collectively, to any and all versions of any online and downloadable video games created by YOU that predated any WARZONE GAME, INCLUDING the game titled "Warlight."

12.    "THIRD PARTY GAMES" shall mean and refer, individually and collectively, to any video and/or computer games that include the term "warzone" in their title or sub-title, INCLUDING those referenced in paragraph 21 of the COMPLAINT.

13.    "WARZONE, INC. APPLICATIONS" shall mean and refer to YOUR pending trademark applications for WARZONE (U.S. Serial Nos. 90/290,628 and 90/290,658), as described and alleged in paragraphs 5 and 6 of YOUR COUNTERCLAIM.

14.    "ACTIVISION APPLICATIONS" shall mean and refer to ACTIVISION'S pending trademark applications for CALL OF DUTY: WARZONE and WARZONE (U.S. Serial Nos. 90/020,487 and 90/020,455), as described and alleged in paragraphs 12 and 13 of YOUR COUNTERCLAIM.

15. "WARZONE'S PURPORTED TRADEMARK RIGHTS" shall mean and refer to the "common law trademark rights in the WARZONE™ mark," as alleged in paragraph 3 of YOUR COUNTERCLAIM.

16. "WARZONE'S GOFUNDME CAMPAIGN" shall mean and refer to the fundraiser described on the website located at the URL https://www.gofundme.com/f/activision-is-suing-warzone.

17. "REFERRAL URL" shall mean any website an internet user visits, which redirects them to a specific landing page via a hyperlink contained on the website.

18. "WARZONE WEBSITE" shall mean the website located at the URL www.warzone.com, INCLUDING any and all pages encompassed within such website.

19. "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34. It is used in its customary broad sense to include, without limitation, all permanent and/or semi-permanent records, writings, things or documents of every type, in any tangible medium, whether created by device or written by hand, INCLUDING without limitation: correspondence, facsimiles, telegrams, telexes, e-mail or other written and/or electronic communications, memoranda, stenographic and handwritten notes, summaries, records of personal conversations, diaries, reports, notebooks, surveys, statistical compilations, charts, graphs, plans, illustrations, photographs, diagrams, pictures, drawings of every type, blue lines, prints, films, studies, publications, books, pamphlets, recordings in any form (analog or digital, on cassette, compact disc, or any digital or computer recognizable format), checks, bank statements, income tax forms, other tax forms, minutes or records of meetings, reports and/or summaries of investigations, opinions or reports of consultants, contracts, memoranda of agreement(s), microfilm, microfiche, and electronic or computerized data compilations, computer

records, computer tapes, disks, and printouts.  A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. Any such DOCUMENT on any sheet or side thereof, any marks, such as (but not limited to) stamped indicia, comments or notations, of any character and not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate DOCUMENT.  This definition specifically incorporates electronically stored information ("ESI") as that term is used by Fed. R. Civ. P. 34.  For the purposes of clarity, DOCUMENTS include written COMMUNICATIONS.

20.    "INCLUDING" shall mean including, but not limited to.

21.    "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any contact, in any medium, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, by which information of any nature was transmitted or transferred including, without limitation, the giving or exchanging of information by DOCUMENT(S) or any other means, or any request for information by any such means.

22.    "PERSON" shall mean and refer to natural persons as well as all other entities, including, but not limited to, corporations, associations, partnerships, firms, organizations, companies, joint ventures, trusts and governmental (municipal, state, or federal) agencies or bodies. Reference herein to any "PERSON" includes the REPRESENTATIVES of such "PERSON."

23.    The terms "referring to," "relating to," "concerning," "pertaining," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, reflecting, supporting or are otherwise pertinent to the matter or any aspect thereof.

24.    The term "any" includes the word "all," and the term "all" includes the word "any."

25.     The terms "all," "each," and "every" shall be construed so as to provide the most complete and comprehensive response.

26.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to make a request inclusive rather than exclusive and to bring within the scope of these Requests any information that might otherwise be construed to be outside of their scope.

27.     Wherever necessary to ensure completeness or accuracy of these Requests, the singular includes the plural and the plural includes the singular.

## **INSTRUCTIONS**

1.     Unless otherwise indicated, the time period covered for each Request is from 2005 to the present.

2.     YOU are to search all DOCUMENTS within YOUR possession, custody, or control, wherever located, including but not limited to DOCUMENTS placed in storage facilities and DOCUMENTS in the possession of any PERSON acting or purporting to act on YOUR behalf.  A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR actual possession or custody, or if it is in the custody of another PERSON and YOU own the DOCUMENT in whole or in part, or YOU have the right to inspect, examine, or copy such DOCUMENT, or YOU have any express or implied understanding that YOU may use, inspect, or copy such DOCUMENT, or YOU have the legal right to obtain such DOCUMENT upon demand.  Such DOCUMENTS include, without limitation, all DOCUMENTS residing on any online or web-based accounts owned, controlled, managed, or administered by YOU that are hosted by third parties, including but not limited to Gmail, G Suite, or Google Apps.

3.     YOU are to produce each DOCUMENT requested herein in its original file folder, file jacket, or cover (or designate in writing the titles of such folder, jacket, or cover with respect to each such DOCUMENT).  Documents

Mitchell
Silberberg &
Knupp LLP

13839630.2

6                                                    **13**

maintained in electronic form are to be produced in their original electronic format, without modification and with all metadata intact.

4.    If, in answering these Requests, YOU seek to rely upon any privilege, the work product doctrine, or any claim of confidentiality or privacy, in refusing to produce any requested DOCUMENTS, then YOU must identify such DOCUMENTS and set forth the specific grounds upon which YOU refuse to produce such DOCUMENTS.  For each such DOCUMENT withheld, YOU shall provide the following:  (i) the date of the DOCUMENT; (ii) the author of the DOCUMENT; (iii) the PERSON(S) who assisted in the preparation of the DOCUMENT; (iv) the title or general description of the content of the DOCUMENT; (v) the present location of the DOCUMENT; (vi) the present custodian of the DOCUMENT; (vii) each PERSON who transmitted or received the DOCUMENT or any copy thereof; (viii) each PERSON who has ever had possession, custody or control of the DOCUMENT or any copy thereof; and (ix) all facts upon which YOU rely in asserting the privilege or confidentiality objection.

5.    If any of the DOCUMENTS requested was formerly in YOUR possession, custody, or control but no longer is in YOUR possession, custody, or control, state when and what disposition was made of the DOCUMENT, and what efforts, if any, YOU made to obtain each such DOCUMENT in response hereto. Further, if any such DOCUMENT is not in YOUR possession, custody, or control, but YOU know the identity of the PERSON currently in possession or control of such DOCUMENT state the identity of the PERSON who has the DOCUMENTS, including the address and telephone number of the PERSON.

drafts of website copy, and DOCUMENTS that reflect or refer to any donations, whether withdrawn or not, received via the GOFUNDME CAMPAIGN.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS that reflect or refer to any other efforts by YOU to raise funds for this ACTION.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS that support any of YOUR damages claims in this Action.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that support any claim by YOU that YOU suffered any decline or loss of goodwill or reputation as a result of any of ACTIVISION'S conduct alleged in YOUR COUNTERCLAIM.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS that reflect or refer to YOUR gross revenue, on a monthly basis, from January 1, 2017 to the present, earned in connection with the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS that reflect or refer to YOUR net profits, on a monthly basis, from January 1, 2017 to the present, earned in connection with the WARZONE GAME.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that reflect or refer to YOUR expenses, on a monthly basis, from January 1, 2017 to the present, relating to the WARZONE GAME, INCLUDING any development costs, server costs, hosting fees, and maintenance fees.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS that constitute, embody, reflect or refer to any allegations by a PERSON or entity that the WARZONE GAME infringes on the intellectual property of others.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS referenced in WARZONE's Initial Disclosures, dated October 29, 2021.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS identified, referenced or relied upon in preparing WARZONE'S response to ACTIVISION'S First Set of Interrogatories, dated January 4, 2022.

DATED:  January 4, 2022

MARC E. MAYER
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By:  _____

Marc E. Mayer (SBN 190969)
*Attorneys for Activision Publishing, Inc.*

Mitchell
Silberberg &
Knupp LLP

13839630.2

21

16

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is szm@msk.com.

On January 4, 2022, I served a copy of the foregoing document(s) described as **FIRST SET OF REQUESTS OF ACTIVISION PUBLISHING, INC. TO WARZONE.COM, LLC FOR PRODUCTION OF DOCUMENTS AND THINGS,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

[SEE ATTACHED SERVICE LIST]

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 4, 2022, at Los Angeles, California.

_____
Suguey Melara

Mitchell
Silberberg &
Knupp LLP

13839630.2

22

17

1

## SERVICE LIST

2
3
4
5
6

Alyssa K. Schabloski (SBN 258876)
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720
Email: aks@gladiuslaw.com

7
8

***Attorneys for Defendant and
Counterclaimant Warzone.com, LLC***

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Brett@iLawco.com
        roberto@ilawco.com
        michael@ilawco.com

9
10

***Attorneys for Defendant and
Counterclaimant Warzone.com, LLC***

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY EDELSTEIN (*pro hac vice pending*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>WARZONE.COM, LLC,<br><br>       Defendants.<br><br>_____<br><br>WARZONE.COM, LLC,<br><br>       Counterclaimant,<br><br>    v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>       Counterdefendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**ACTIVISION PUBLISHING, INC.'S FIRST SET OF INTERROGATORIES TO WARZONE.COM, LLC** |

PROPOUNDING PARTY:    Activision Publishing, Inc.

RESPONDING PARTY:    Warzone.com, LLC

SET NO.:    One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. hereby demands that Defendant and Counterclaimant Warzone.com, LLC respond to the following interrogatories (the "Interrogatories") separately and fully in writing, under oath, within thirty (30) days after service hereof in accordance with the definitions and instructions set forth below.

## **INSTRUCTIONS**

1.      The instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys.

2.      These Interrogatories are continuing in nature, so as to require that supplemental answers be served if further or different information is obtained with respect to any Interrogatory.

3.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms and proper nouns shall be construed and interpreted to give proper meaning and consistency to their context.

4.      For all purposes herein, any word written in the singular herein shall be construed as plural or vice versa when necessary to bring within the scope of the Interrogatory all responses that otherwise might be construed as outside its scope.

5.      For all purposes herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

6.      For all purposes herein, "all" and "each" shall be construed as all and each.

7.      No part of an Interrogatory should be left unanswered merely because an objection is interposed to another part of the Interrogatory.  If a partial or

1  incomplete answer is provided, YOU shall state that the answer is partial or

2  incomplete.

3      8.    In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of

4  privilege is asserted in objecting to any Interrogatory or part thereof, and

5  information is not provided on the basis of such assertion:

6      A.    In asserting the privilege, YOU shall, in the objection to the

7  Interrogatory, or part thereof, identify with specificity the nature of the privilege

8  (including work product) that is being claimed and, if the privilege is governed by

9  state law, indicate the state's privilege rule being invoked.

10      B.    The following information should be provided in the objection, if

11  known or reasonably available, unless divulging such information would cause

12  disclosure of the allegedly privileged information:

13      (1)  For oral COMMUNICATIONS:

14          a.  the name of the person making the COMMUNICATION and the

15  names of persons present while the COMMUNICATION was made, and, where

16  not apparent, the relationship of the persons present to the person making the

17  COMMUNICATION;

18          b.  the date and place of the COMMUNICATION; and

19          c.  the general subject matter of the COMMUNICATION.

20      (2)  For DOCUMENTS:

21          a.  the type of DOCUMENT (e.g., letter or memorandum),

22          b.  the general subject matter of the DOCUMENT,

23          c.  the date of the DOCUMENT, and

24          d.  such other information as is sufficient to identify the

25  DOCUMENT, including, where appropriate, the author, addressee, custodian, and

26  any other recipient of the document, and where not apparent, the relationship of the

27  author, addressee, custodian, and any other recipient to each other.

28

Mitchell
Silberberg &
Knupp LLP

13850978.2

3

9.      If YOU elect to specify and produce business records in answer to any Interrogatory, the specification shall be in sufficient detail to permit ACTIVISION to locate and IDENTIFY, as readily as YOU can, the business records from which the answer may be ascertained.

10.     If, in answering these Interrogatories, YOU encounter any ambiguities when construing a question, instruction, or definition, YOUR answer shall set forth the matter deemed ambiguous and the construction used in answering.

11.     Wherever necessary to ensure completeness or accuracy of these Interrogatories, the singular includes the plural and the plural includes the singular.

12.     Unless otherwise indicated, the time period covered for each Interrogatory is from 2005 to the present.

## **DEFINITIONS**

1.      "WARZONE," "YOU" and "YOUR" shall mean and refer to Defendant and Counterclaimant Warzone.com, LLC, and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

2.      "REPRESENTATIVES" shall mean and refer to past and current officers, directors, agents, employees, attorneys, affiliates, assignees, accountants, consultants, and managers, and anyone acting or purporting to act on one's behalf.

3.      "ACTIVISION" means Activision Publishing, Inc., and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

4.      "ACTION" shall mean the above-captioned litigation.

5.      "COMPLAINT" shall mean the Complaint filed in the ACTION on April 8, 2021.

6.      "COUNTERCLAIM" or "COUNTERCLAIMS" shall mean the Answer and Counterclaims filed in the ACTION on June 8, 2021.

Mitchell
Silberberg &
Knupp LLP

13850978.2

7.    "AFFIRMATIVE DEFENSES" shall means the affirmative defenses set forth in paragraphs one through seven on pages six thorough seven in the COUNTERCLAIM.

8.    "CODWZ" shall mean and refer to ACTIVISION'S video game "Call of Duty: Warzone," as referenced in paragraph 19 of YOUR COUNTERCLAIM.

9.    "WARZONE GAME" shall mean and refer, individually and collectively, to any and all versions of the online and downloadable video game described in paragraph 3 of YOUR COUNTERCLAIM, INCLUDING the games known as "Warzone," "Warlight Classic," "Warlight 2," and "Warzone Idle."

10.    "THIRD PARTY GAMES" shall mean and refer, individually and collectively, to any video and/or computer games that include the term "warzone" in their title or sub-title, INCLUDING those referenced in paragraph 21 of the COMPLAINT.

11.    "WARZONE, INC. APPLICATIONS" shall mean and refer to YOUR pending trademark applications for WARZONE (U.S. Serial Nos. 90/290,628 and 90/290,658), as described and alleged in paragraphs 5 and 6 of YOUR COUNTERCLAIM.

12.    "WARZONE'S PURPORTED TRADEMARK RIGHTS" shall mean and refer to the "common law trademark rights in the WARZONE™ mark," as alleged in paragraph 3 of YOUR COUNTERCLAIM.

13.    "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34. It is used in its customary broad sense to include, without limitation, all permanent and/or semi-permanent records, writings, things or documents of every type, in any tangible medium, whether created by device or written by hand, INCLUDING without limitation: correspondence, facsimiles, telegrams, telexes, e-mail or other written and/or electronic communications,

memoranda, stenographic and handwritten notes, summaries, records of personal conversations, diaries, reports, notebooks, surveys, statistical compilations, charts, graphs, plans, illustrations, photographs, diagrams, pictures, drawings of every type, blue lines, prints, films, studies, publications, books, pamphlets, recordings in any form (analog or digital, on cassette, compact disc, or any digital or computer recognizable format), checks, bank statements, income tax forms, other tax forms, minutes or records of meetings, reports and/or summaries of investigations, opinions or reports of consultants, contracts, memoranda of agreement(s), microfilm, microfiche, and electronic or computerized data compilations, computer records, computer tapes, disks, and printouts.  A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. Any such DOCUMENT on any sheet or side thereof, any marks, such as (but not limited to) stamped indicia, comments or notations, of any character and not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate DOCUMENT.  This definition specifically incorporates electronically stored information ("ESI") as that term is used by Fed. R. Civ. P. 34.  For the purposes of clarity, DOCUMENTS include written COMMUNICATIONS.

14.    "INCLUDING" shall mean including, but not limited to.

15.    "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any contact, in any medium, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, by which information of any nature was transmitted or transferred including, without limitation, the giving or exchanging of information by DOCUMENT(S) or any other means, or any request for information by any such means.

16.    "PERSON" shall mean and refer to natural persons as well as all other entities, including, but not limited to, corporations, associations, partnerships, firms, organizations, companies, joint ventures, trusts and governmental

1  (municipal, state, or federal) agencies or bodies. Reference herein to any

2  "PERSON" includes the REPRESENTATIVES of such "PERSON."

3       17.  "IDENTIFY" or "IDENTIFICATION" when used with reference to:

4       (a)  A natural person means that YOU must state: (i) the person's

5  full name, telephone number, Social Security number and address (or if the present

6  is not known, the person's last known address); (ii) the full name and address of

7  each of the person's employers, each corporation of which the person is an officer

8  or director and each business in which the person is a principal; (iii) the person's

9  present (or, if the present is not known, the person's last known) employment

10 position and the person's employment position or positions at the time of the act to

11 which the Interrogatory answer relates; and (iv) such other information sufficient

12 to enable defendant to identify the person, including email address and/or IP

13 address.

14      (b)  Any entity other than a natural person means that YOU must

15 state: (i) the full name of the entity, the type of entity (e.g., corporation,

16 partnership, etc.), the address of its principal place of business, its principal

17 business activity and, if it is a corporation, the jurisdiction under the laws of which

18 it has been organized and the date of such organization; (ii) each of the entity's

19 officers, directors, shareholders or other principals; and (iii) whatever other

20 information YOU may have concerning the existence or identity of the entity,

21 including but not limited to its tax identification number.

22      (c)  A communication means to state: (i) the substance of the

23 communication; (ii) the identity of each person between or among whom the

24 communication was made; (iii) the identity of each person present when the

25 communication took place; (iv) the date and time when the communication was

26 made and the manner in which it occurred (e.g., meetings, telephone conversation);

27 and (v) the identity of each document or writing in which such communication was

28 recorded or described in whole or in part.

Mitchell
Silberberg &
Knupp LLP

13850978.2

7

26

**INTERROGATORY NO. 12**:

Describe in detail all efforts taken by YOU to enforce, police, or protect WARZONE'S PURPORTED TRADEMARK RIGHTS against any PERSON or entity.

**INTERROGATORY NO. 13:**

IDENTIFY all PERSONS that YOU claim are or were confused as to the origin, affiliation, or sponsorship between the WARZONE GAME and CODWZ.

**INTERROGATORY NO. 14:**

IDENTIFY all categories or types of injuries that YOU claim to have suffered as a result of the conduct alleged in the COUNTERCLAIM, and, for each claimed injury, the amount of damage YOU suffered.

**INTERROGATORY NO. 15:**

Identify all licenses that YOU have negotiated and/or issued to third parties or received from third parties for the use of the term "warzone."

**INTERROGATORY NO. 16:**

IDENTIFY the DOCUMENTS, including their location(s) and custodian(s), that WARZONE referred to in answering these Interrogatories.

DATED:  January 4, 2022

MARC E. MAYER
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Marc E. Mayer (SBN 190969)
*Attorneys for Activision Publishing, Inc.*

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA  90067-3120, and my business email address is szm@msk.com.

On January 4, 2022, I served a copy of the foregoing document(s) described as **ACTIVISION PUBLISHING, INC.'S FIRST SET OF INTERROGATORIES TO WARZONE.COM, LLC,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

[SEE ATTACHED SERVICE LIST]

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 4, 2022, at Los Angeles, California.

_____
Suguey Melara

## <u>SERVICE LIST</u>

| | |
|---|---|
| Alyssa K. Schabloski (SBN 258876) | Brett E. Lewis |
| GLADIUS LAW, APC | Roberto Ledesma |
| 2708 Wilshire Blvd., No. 426 | Michael D. Cilento |
| Santa Monica, CA 90403 | LEWIS & LIN, LLC |
| Tel: (310) 734-0720 | 77 Sands Street, 6th Floor |
| Email: aks@gladiuslaw.com | Brooklyn, NY 11201 |
| | Tel: (718) 243-9323 |
| | Fax: (718) 243-9326 |
| ***Attorneys for Defendant and*** | Email: Brett@iLawco.com |
| ***Counterclaimant Warzone.com, LLC*** | roberto@ilawco.com |
| | michael@ilawco.com |

***Attorneys for Defendant and***
***Counterclaimant Warzone.com, LLC***

# EXHIBIT 3

1  Alyssa K. Schabloski (SBN 258876)
2  aks@gladiuslaw.com
   GLADIUS LAW, APC
3  2708 Wilshire Blvd., No. 426
   Santa Monica, CA 90403
4  Tel: (310) 734-0720
5
6  Brett E. Lewis (*pro hac vice*)
   brett@iLawco.com
7  Roberto Ledesma (*pro hac vice*)
   roberto@ilawco.com
8  Michael D. Cilento (*pro hac vice*)
   michael@iLawco.com
9  LEWIS & LIN, LLC
   77 Sands Steet, 6th Floor
10 Brooklyn, NY 11201
   Tel: (718) 243-9323
11 Fax: (718) 243-9326
12
13 Attorneys for Warzone.Com, LLC
14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC. | CASE NO. 2:21-cv-3073-FLA (JCx) |
| *Plaintiff / Counterclaim Defendant*, | **WARZONE.COM, LLC'S RESPONSES AND OBJECTIONS TO ACTIVISION PUBLISHING, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| WARZONE.COM, LLC, | |
| *Defendant / Counterclaimant*. | |

1

will produce responsive, non-privileged documents in its possession, custody, or control, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS that reflect or refer to YOUR net profits, on a monthly basis, from January 1, 2017 to the present, earned in connection with the WARZONE GAME.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Warzone objects to this Request as overbroad to the extent that it asks for "All" documents. Warzone further objects to this Request to the extent that the time period is not sufficiently limited. Subject to and without waiving the foregoing objection. Subject to and without waiving the foregoing objection, after conferring on clarification and time limitations, Warzone will produce responsive, non-privileged documents in its possession, custody, or control, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that reflect or refer to YOUR expenses, on a monthly basis, from January 1, 2017 to the present, relating to the WARZONE GAME, INCLUDING any development costs, server costs, hosting fees, and maintenance fees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Warzone objects to this Request as overbroad to the extent that it asks for "All" documents. Warzone further objects to this Request to the extent that the time period is not sufficiently limited. Subject to and without waiving the foregoing objection, after conferring on clarification and time limitations, Warzone will produce responsive, non-privileged documents in its possession, custody, or control, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 68:**

DATED: February 4, 2022

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
LEWIS & LIN, LLLC

Alyssa Schabloski
GLADIUS LAW, APC

By: _____
Michael D. Cilento (*pro hac vice*)

*Attorneys for Warzone.com LLC*

# PROOF OF SERVICE

NEW YORK, NEW YORK:

I, the undersigned, certify and declare that I am over the age of 18 years, and not a party to the above-captioned action.

On February 4, 2022, I served a true copy of the foregoing document(s) described as **WARZONE.COM, LLC'S RESPONSES AND OBJECTIONS TO ACTIVISION PUBLISHING, INC.'S FIRST SET OF OF REQUESTS FOR PRODUCTION** on the interested parties in this action at their last known address as set for below by taking the action described below [SEE ATTACHED SERVICE LIST]:

☒ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses attached to the service list hereto, and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 4, 2022, in New York, New York.

_____

Michael D. Cilento

33

**34**

1

## SERVICE LIST

Marc E. Mayer (SBN 190969)
Karin G. Pagnanelli (SBN 174763)
MITCHELL SILBERBERG &
KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Tel: (310) 312-2000
Fax: (310) 312-3100
Email: mem@msk.com
       kgp@msk.com

*Attorneys for Plaintiffs /*
*Counterclaim Defendant Activision*
*Publishing, Inc.*

Lindsay Edelstein
MITCHELL SILBERBERG &
KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Tel: (212) 509-3900
Fax: (212) 509-7239
Email: lre@msk.com

*Attorneys for Plaintiffs /*
*Counterclaim Defendant Activision*
*Publishing, Inc.*

# Exhibit 4

Alyssa K. Schabloski (SBN 258876)
aks@gladiuslaw.com
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720

Brett E. Lewis (*pro hac vice*)
brett@iLawco.com
Roberto Ledesma (*pro hac vice*)
roberto@ilawco.com
Michael D. Cilento (*pro hac vice*)
michael@iLawco.com
LEWIS & LIN, LLC
77 Sands Steet, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

Attorneys for Warzone.Com, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC. | CASE NO. 2:21-cv-3073-FLA (JCx) |
| *Plaintiff / Counterclaim Defendant*, | **WARZONE.COM, LLC'S RESPONSES AND OBJECTIONS TO ACTIVISION PUBLISHING, INC.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| WARZONE.COM, LLC, | |
| *Defendant / Counterclaimant*. | |

1

continuously sent a flood of communications to Warzone about "Call of Duty: Warzone," including bug reports and feature suggestions. Warzone continues to receive these communications from "Call of Duty: Warzone" consumers despite placing S disclaimer on its feature suggestion page: (NOTE: "Call of Duty: Warzone" and "Warzone" are DIFFERENT GAMES. Do not submit COD stuff here).

Furthermore, although Warzone has its own "Warzone" channel on Twitch, which features the WARZONE trademark and an image of the stylized game logo, players of "Call of Duty: Warzone" have flocked to this channel to livestream play of "Call of Duty: Warzone," which shows mostly "Call of Duty: Warzone" games streaming on Warzone's Twitch channel. See: https://www.twitch.tv/directory/game/Warzone.

Consumers are demonstrably actually confused as to the source of "Call of Duty: Warzone" and its affiliation with Warzone and the WARZONE Trademark.

**INTERROGATORY NO. 14:**

IDENTIFY all categories or types of injuries that YOU claim to have suffered as a result of the conduct alleged in the COUNTERCLAIM, and, for each claimed injury, the amount of damage YOU suffered.

**RESPONSE TO INTERROGATORY NO. 14:**

Warzone objects to this Interrogatory on the grounds that it is unduly burdensome and harassing, premature, and better suited for requests for production. Subject to and without waiving the foregoing objections, Warzone states as follows: Warzone seeks various injunctive relief that, inter alia, would enjoin and restrain Activision from imitating, copying, or making any unauthorized use of the WARZONE mark or any mark confusingly similar thereto.

Warzone also seeks monetary damages as follows:

a.. all damages sustained by Warzone as a result of Activision's unlawful actions;

b. the cost of corrective advertising, or other actions to address and repair any damage to Warzone's trademark as a result of Activision's unlawful actions; and c. all costs, including reasonable attorneys' fees, incurred by Warzone to stop Activision's unlawful actions.

The calculation of Warzone's damages has not yet been fully quantified at this early stage in the litigation, and it is very likely that Warzone will need an expert to testify on certain of the above. Moreover, given that Activision's unlawful actions are ongoing, any such calculation would be subject to change.

**INTERROGATORY NO. 15:**

Identify all licenses that YOU have negotiated and/or issued to third parties or received from third parties for the use of the term "warzone."

**RESPONSE TO INTERROGATORY NO. 15:**

None.

**INTERROGATORY NO. 16:**

IDENTIFY the DOCUMENTS, including their location(s) and custodian(s), that WARZONE referred to in answering these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 16:**

Warzone objects to this Interrogatory on the grounds that it is unduly burdensome and harassing. Subject to and without waiving the foregoing objections, Warzone will produce the non-privileged documents in its possession, custody, or control, that Warzone referred to in answering these Interrogatories.

DATED: February 4, 2022

                                         Brett E. Lewis
                                         Roberto Ledesma
                                         Michael D. Cilento
                                         LEWIS & LIN, LLLC

                                         Alyssa Schabloski
                                         GLADIUS LAW, APC

By: _____

Michael D. Cilento (*pro hac vice*)

*Attorneys for Warzone.com LLC*

**PROOF OF SERVICE**

NEW YORK, NEW YORK:

I, the undersigned, certify and declare that I am over the age of 18 years, and not a party to the above-captioned action.

On February 4, 2022, I served a true copy of the foregoing document(s) described as **WARZONE.COM, LLC'S RESPONSES AND OBJECTIONS TO ACTIVISION PUBLISHING, INC.'S FIRST SET OF INTERROGATORIES** on the interested parties in this action at their last known address as set for below by taking the action described below [SEE ATTACHED SERVICE LIST]:

☒ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses attached to the service list hereto, and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 4, 2022, in New York, New York.

Michael D. Cilento

12

41

## SERVICE LIST

Marc E. Mayer (SBN 190969)
Karin G. Pagnanelli (SBN 174763)
MITCHELL SILBERBERG &
KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Tel: (310) 312-2000
Fax: (310) 312-3100
Email: mem@msk.com
       kgp@msk.com

*Attorneys for Plaintiffs /*
*Counterclaim Defendant Activision*
*Publishing, Inc.*

Lindsay Edelstein
MITCHELL SILBERBERG &
KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Tel: (212) 509-3900
Fax: (212) 509-7239
Email: lre@msk.com

*Attorneys for Plaintiffs /*
*Counterclaim Defendant Activision*
*Publishing, Inc.*

# EXHIBIT 5

MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
ALEX L. ANFUSO (SBN 333440)
  ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Tel.: (310) 312-2000  Fax: (310) 312-3100

LINDSAY EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Tel: (212) 509-3900  Fax: (212) 509-7239

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARZONE.COM, LLC,<br><br>　　　　Defendants. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>*Assigned to*<br>*Judge Fernando L. Aenlle-Rocha*<br><br>**SECOND SET OF REQUESTS OF ACTIVISION PUBLISHING, INC. TO WARZONE.COM, LLC FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| WARZONE.COM, LLC,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Counterdefendant. | |

PROPOUNDING PARTY:　　Activision Publishing, Inc.

RESPONDING PARTY:　　Warzone.com, LLC

SET NO.:　　　　　　Two

Mitchell
Silberberg &
Knupp LLP

Pursuant to Federal Rule of Civil Procedure 34 and the corresponding Local Rules of the Central District of California, Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. hereby requests that Defendant and Counterclaimant Warzone.com, LLC produce the documents and things described below, within thirty (30) days after service hereof at the offices of Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120. Please note that these requests ("Requests") require two acts for compliance: (a) service of a written response; and (b) production of documents and things.

## **DEFINITIONS**

1.    "WARZONE COMPANY," "YOU" and "YOUR" shall mean and refer to Defendant and Counterclaimant Warzone.com, LLC, and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

2.    "REPRESENTATIVES" shall mean and refer to past and current officers, directors, agents, employees, attorneys, affiliates, assignees, accountants, consultants, and managers, and anyone acting or purporting to act on one's behalf.

3.    "ACTIVISION" means Activision Publishing, Inc., and all predecessors, successors, divisions, and affiliates thereof, and all REPRESENTATIVES of the foregoing.

4.    "ACTION" shall mean the above-captioned litigation.

5.    "COMPLAINT" shall mean the Complaint filed in the ACTION on April 8, 2021.

6.    "COUNTERCLAIM" or "COUNTERCLAIMS" shall mean the Answer and Counterclaims filed in the ACTION on June 8, 2021.

7.    "AFFIRMATIVE DEFENSES" shall means the affirmative defenses set forth in paragraphs one through seven on pages six thorough seven in the COUNTERCLAIM.

Mitchell
Silberberg &
Knupp LLP

8.      "CALL OF DUTY SERIES" shall mean and refer to ACTIVISION'S "Call of Duty® franchise" as described in paragraph 22 of YOUR COUNTERCLAIM, including such franchise itself and any and all ACTIVISION video games released under the "Call of Duty" series name or title.

9.      "CODWZ" shall mean and refer to ACTIVISION'S video game "Call of Duty: Warzone," as referenced in paragraph 19 of YOUR COUNTERCLAIM.

10.      "WARZONE GAME" shall mean and refer, individually and collectively, to any and all versions of the online and downloadable video game described in paragraph 3 of YOUR COUNTERCLAIM, INCLUDING the games known as "Warzone," "Warlight Classic," "Warlight 2," and "Warzone Idle."

11.      "WARLIGHT GAME" shall mean and refer, individually and collectively, to any and all versions of any online and downloadable video games created by YOU that predated any WARZONE GAME, INCLUDING the game titled "Warlight."

12.      "WARZONE APP" shall mean and refer to the mobile application titled "WARZONE," available on the Apple App Store, Google Play Store, and other mobile game platforms.

13.      "WARZONE IDLE" shall mean and refer to the mobile application titled "WARZONE IDLE," available on the Apple App Store, Google Play Store, and other mobile game platforms.

14.      "WARZONE PURPORTED TRADEMARK" shall mean and refer to the "common law trademark rights in the WARZONE™ mark," as alleged in paragraph 3 of YOUR COUNTERCLAIM.

15.      "REFERRAL URL" shall mean any website an internet user visits, which redirects them to a specific landing page via a hyperlink contained on the website.

Mitchell
Silberberg &
Knupp LLP

3

46

16.     "WARZONE WEBSITE" shall mean the website located at the URL www.warzone.com, INCLUDING any and all pages encompassed within such website.

17.     "WARZONE DOMAIN NAME" shall mean the domain name www.warzone.com.

18.     "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34. It is used in its customary broad sense to include, without limitation, all permanent and/or semi-permanent records, writings, things or documents of every type, in any tangible medium, whether created by device or written by hand, INCLUDING without limitation: correspondence, facsimiles, telegrams, telexes, e-mail or other written and/or electronic communications, memoranda, stenographic and handwritten notes, summaries, records of personal conversations, diaries, reports, notebooks, surveys, statistical compilations, charts, graphs, plans, illustrations, photographs, diagrams, pictures, drawings of every type, blue lines, prints, films, studies, publications, books, pamphlets, recordings in any form (analog or digital, on cassette, compact disc, or any digital or computer recognizable format), checks, bank statements, income tax forms, other tax forms, minutes or records of meetings, reports and/or summaries of investigations, opinions or reports of consultants, contracts, memoranda of agreement(s), microfilm, microfiche, and electronic or computerized data compilations, computer records, computer tapes, disks, and printouts.  A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. Any such DOCUMENT on any sheet or side thereof, any marks, such as (but not limited to) stamped indicia, comments or notations, of any character and not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate DOCUMENT.  This definition specifically incorporates electronically

Mitchell
Silberberg &
Knupp LLP

4

stored information ("ESI") as that term is used by Fed. R. Civ. P. 34. For the purposes of clarity, DOCUMENTS include written COMMUNICATIONS.

19.     "INCLUDING" shall mean including, but not limited to.

20.     "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any contact, in any medium, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, by which information of any nature was transmitted or transferred including, without limitation, the giving or exchanging of information by DOCUMENT(S) or any other means, or any request for information by any such means.

21.     "PERSON" shall mean and refer to natural persons as well as all other entities, including, but not limited to, corporations, associations, partnerships, firms, organizations, companies, joint ventures, trusts and governmental (municipal, state, or federal) agencies or bodies. Reference herein to any "PERSON" includes the REPRESENTATIVES of such "PERSON."

22.     The terms "referring to," "relating to," "concerning," "pertaining," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, reflecting, supporting or are otherwise pertinent to the matter or any aspect thereof.

23.     The term "any" includes the word "all," and the term "all" includes the word "any."

24.     The terms "all," "each," and "every" shall be construed so as to provide the most complete and comprehensive response.

25.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to make a request inclusive rather than exclusive and to bring within the scope of these Requests any information that might otherwise be construed to be outside of their scope.

Mitchell
Silberberg &
Knupp LLP

26.     Wherever necessary to ensure completeness or accuracy of these Requests, the singular includes the plural and the plural includes the singular.

## **INSTRUCTIONS**

1.     Unless otherwise indicated, the time period covered for each Request is from 2005 to the present.

2.     YOU are to search all DOCUMENTS within YOUR possession, custody, or control, wherever located, including but not limited to DOCUMENTS placed in storage facilities and DOCUMENTS in the possession of any PERSON acting or purporting to act on YOUR behalf.  A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR actual possession or custody, or if it is in the custody of another PERSON and YOU own the DOCUMENT in whole or in part, or YOU have the right to inspect, examine, or copy such DOCUMENT, or YOU have any express or implied understanding that YOU may use, inspect, or copy such DOCUMENT, or YOU have the legal right to obtain such DOCUMENT upon demand.  Such DOCUMENTS include, without limitation, all DOCUMENTS residing on any online or web-based accounts owned, controlled, managed, or administered by YOU that are hosted by third parties, including but not limited to Gmail, G Suite, or Google Apps.

3.     YOU are to produce each DOCUMENT requested herein in its original file folder, file jacket, or cover (or designate in writing the titles of such folder, jacket, or cover with respect to each such DOCUMENT).  Documents maintained in electronic form are to be produced in their original electronic format, without modification and with all metadata intact.

4.     If, in answering these Requests, YOU seek to rely upon any privilege, the work product doctrine, or any claim of confidentiality or privacy, in refusing to produce any requested DOCUMENTS, then YOU must identify such DOCUMENTS and set forth the specific grounds upon which YOU refuse to

Mitchell
Silberberg &
Knupp LLP

1  **REQUEST FOR PRODUCTION NO. 99:**

2      YOUR balance sheet or audited financial statements for the years 2017

3  through 2023.

4  **REQUEST FOR PRODUCTION NO. 100:**

5      DOCUMENTS sufficient to reflect all expenses incurred by YOU in

6  connection with the WARZONE GAME on a monthly basis from 2017 to the

7  present.

8  **REQUEST FOR PRODUCTION NO. 101:**

9      DOCUMENTS sufficient to reflect all expenses incurred by YOU in

10  connection with the WARLIGHT GAME on a monthly basis from 2008 to 2017.

11  **REQUEST FOR PRODUCTION NO. 102:**

12      DOCUMENTS sufficient to reflect all income received by YOU in

13  connection with the WARZONE GAME on a monthly basis from 2017 to the

14  present.

15  **REQUEST FOR PRODUCTION NO. 103:**

16      DOCUMENTS sufficient to reflect all income received by YOU in

17  connection with the WARLIGHT GAME on a monthly basis from 2008 to 2017.

18  **REQUEST FOR PRODUCTION NO. 104:**

19      DOCUMENTS sufficient to reflect the number of unique visitors to the

20  WARZONE WEBSITE on a monthly basis from January 1, 2008, to the present.

21  **REQUEST FOR PRODUCTION NO. 105:**

22      DOCUMENTS sufficient to reflect the number or percentage of unique

23  visitors to the WARZONE WEBSITE who then created an account to play the

24  WARZONE GAME on a monthly basis, from January 1, 2008, to the present.

25  **REQUEST FOR PRODUCTION NO. 106:**

26      DOCUMENTS sufficient to reflect the number or percentage of unique

27  visitors to the WARZONE WEBSITE who then spent money or paid money to

28

Mitchell
Silberberg &
Knupp LLP

**REQUEST FOR PRODUCTION NO. 120:**

All agreements between YOU and Michael Gargiulo.

**REQUEST FOR PRODUCTION NO. 121:**

All COMMUNICATIONS sent, exchanged, or received by players of the WARZONE GAME via internal or in-game chat, bulletin board, and/or discussion board features.

DATED:  June 11, 2024                    MARC E. MAYER
                                        KARIN G. PAGNANELLI
                                        MITCHELL SILBERBERG & KNUPP LLP

                                        By: _____
                                            Marc E. Mayer (SBN 190969)
                                            *Attorneys for Activision Publishing, Inc.*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is jda@msk.com.

On June 11, 2024, I served a copy of the foregoing document(s) described as **FIRST SET OF REQUESTS OF ACTIVISION PUBLISHING, INC. TO WARZONE.COM, LLC FOR PRODUCTION OF DOCUMENTS AND THINGS,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

### *Attorneys for Defendant and Counterclaimant Warzone.com, LLC*

Alyssa K. Schabloski (SBN 258876)
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720
Email: aks@gladiuslaw.com

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Brett@iLawco.com
          roberto@ilawco.com
          michael@ilawco.com

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 4, 2022, at Los Angeles, California.

*Jennifer Gaines*
_____
Jennifer Gaines

Mitchell
Silberberg &
Knupp LLP

15

52

# EXHIBIT 6

Alyssa K. Schabloski (SBN 258876)
aks@gladiuslaw.com
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720

Brett E. Lewis (*pro hac vice*)
brett@iLawco.com
Roberto Ledesma (*pro hac vice*)
roberto@ilawco.com
Michael D. Cilento (*pro hac vice*)
michael@iLawco.com
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

Attorneys for Warzone.Com, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC. | CASE NO. 2:21-cv-3073-FLA (JCx) |
| *Activision / Counterclaim Warzone*, | **WARZONE.COM, LLC'S RESPONSES AND OBJECTIONS TO ACTIVISION'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| WARZONE.COM, LLC, | |
| *Warzone / Counterclaimant*. | |

1

burdensome, oppressive and harassing, particularly as it relates to requesting a monthly breakdown as opposed to quarterly or annually.

**REQUEST FOR PRODUCTION NO. 102:**

DOCUMENTS sufficient to reflect all income received by YOU in connection with the WARZONE GAME on a monthly basis from 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, particularly as it relates to requesting a monthly breakdown as opposed to quarterly or annually, which has already been produced by Warzone. Subject to and without waiving the foregoing objections, Warzone will produce non-privileged documents in its possession, custody or control sufficient to show Warzone's income on a yearly basis, including by providing Warzone's tax returns for the requested years.

**REQUEST FOR PRODUCTION NO. 103:**

DOCUMENTS sufficient to reflect all income received by YOU in connection with the WARLIGHT GAME on a monthly basis from 2008 to 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Warzone objects to this Request on the ground that it is overbroad and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, particularly as it relates to requesting a monthly breakdown as opposed to quarterly or annually.

reasonably calculated to lead to the discovery of admissible evidence. Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, to the extent that the Request is not limited in scope or timeframe.

DATED: July 11, 2024

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
**LEWIS & LIN, LLLC**

Alyssa Schabloski
**GLADIUS LAW, APC**

By: _Michael Cilento_
Michael D. Cilento (*pro hac vice*)

*Attorneys for Warzone.com, LLC*

23

# EXHIBIT 7

1  Alyssa K. Schabloski (SBN 258876)
2  aks@gladiuslaw.com
   GLADIUS LAW, APC
3  2708 Wilshire Blvd., No. 426
   Santa Monica, CA 90403
4  Tel: (310) 734-0720
5
6  Brett E. Lewis (*pro hac vice*)
   brett@iLawco.com
7  Roberto Ledesma (*pro hac vice*)
   roberto@ilawco.com
8  Michael D. Cilento (*pro hac vice*)
   michael@iLawco.com
9  LEWIS & LIN, LLC
   77 Sands Street, 6th Floor
10 Brooklyn, NY 11201
11 Tel: (718) 243-9323
   Fax: (718) 243-9326
12
13
14 Attorneys for Warzone.Com, LLC

15             UNITED STATES DISTRICT COURT

16           CENTRAL DISTRICT OF CALIFORNIA

17

18 ACTIVISION PUBLISHING, INC.        | CASE NO. 2:21-cv-3073-FLA (JCx)

19                                     | **WARZONE.COM, LLC'S**
        *Activision / Counterclaim Warzone,* | **SUPPLEMENTAL RESPONSES**
20                                     | **AND OBJECTIONS TO**
21              v.                      | **ACTIVISION'S FIRST SET OF**
                                        | **REQUESTS FOR PRODUCTION**
22 WARZONE.COM, LLC,                   | **OF DOCUMENTS**
23
24        *Warzone / Counterclaimant.*
25
26
27
28
                            1

**58**

Warzone objects to this Request as overbroad to the extent that it asks for "All" documents. Warzone further objects to this Request to the extent that the time period is not sufficiently limited. Subject to and without waiving the foregoing objection. Subject to and without waiving the foregoing objection, after conferring on clarification and time limitations, Warzone will produce responsive, non-privileged documents in its possession, custody, or control, to the extent such documents exist.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 66:**

Warzone objects to this Request as overbroad to the extent that it asks for "All" documents. Warzone further objects to this Request as unduly burdensome, particularly as it relates to seeking documents on a monthly basis. Subject to and without waiving the foregoing objections, Warzone responds as follows: no such documents exist, and Warzone has produced documents to show net profits on an annual basis.

**REQUEST NO. 67:**

All DOCUMENTS that reflect or refer to YOUR expenses, on a monthly basis, from January 1, 2017 to the present, relating to the WARZONE GAME, INCLUDING any development costs, server costs, hosting fees, and maintenance fees.

**RESPONSE TO REQUEST NO. 67:**

Warzone objects to this Request as overbroad to the extent that it asks for "All" documents. Warzone further objects to this Request to the extent that the time period is not sufficiently limited. Subject to and without waiving the foregoing objection, after conferring on clarification and time limitations, Warzone will produce responsive, non-privileged documents in its possession, custody, or control, to the extent such documents exist.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 67:**

Warzone objects to this Request as overbroad to the extent that it asks for "All"
documents. Warzone further objects to this Request as unduly burdensome,
particularly as it relates to seeking documents on a monthly basis. Subject to and
without waiving the foregoing objections, Warzone responds as follows: no such
documents exist, and Warzone has produced documents to show expenses on an
annual basis.

**REQUEST NO. 74:**

All DOCUMENTS that reflect or refer to any business plans or proposals sent by
WARZONE to potential or actual investors.

**RESPONSE TO REQUEST NO. 74:**

Warzone objects to this Request on the grounds that it is overbroad (including
because it contains no time limitation and requests "All" documents). Warzone
further objects to this Request on the grounds that it is unduly burdensome and
harassing and seeks documents that are not relevant to the claims and defenses in
this action nor reasonably calculated to lead to the discovery of admissible
evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 74:**

Warzone objects to this Request on the grounds that it is overbroad (including
because it contains no time limitation and requests "All" documents). Subject to
and without waiving the foregoing objections, Warzone responds as follows: no
such documents exist.

**REQUEST NO. 75:**

All DOCUMENTS that reflect or refer to future plans for WARZONE or the
WARZONE GAME.

**RESPONSE TO REQUEST NO. 75:**

Warzone objects to this Request on the grounds that it is overbroad (including
because it contains no time limitation and requests "All" documents). Warzone

Warzone has produced all non-privileged documents in response to this request and is not withholding any documents.

DATED: August 28, 2024

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
**LEWIS & LIN, LLLC**

Alyssa Schabloski
**GLADIUS LAW, APC**

By: *Michael Cilento*
Michael D. Cilento (*pro hac vice*)

*Attorneys for Warzone.com, LLC*

# EXHIBIT 8

Alyssa K. Schabloski (SBN 258876)
aks@gladiuslaw.com
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720

Brett E. Lewis (*pro hac vice*)
brett@iLawco.com
Roberto Ledesma (*pro hac vice*)
roberto@ilawco.com
Michael D. Cilento (*pro hac vice*)
michael@iLawco.com
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

Attorneys for Warzone.Com, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC. | CASE NO. 2:21-cv-3073-FLA (JCx) |
| *Activision / Counterclaim Warzone*, | **WARZONE.COM, LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ACTIVISION'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| WARZONE.COM, LLC, | |
| *Warzone / Counterclaimant.* | |

1

reasonably calculated to lead to the discovery of admissible evidence. Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, particularly as it relates to requesting a monthly breakdown as opposed to quarterly or annually.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Warzone objects to this Request on the ground that it is overbroad and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, particularly as it relates to requesting a monthly breakdown as opposed to quarterly or annually. Subject to and without waiving the foregoing objections, no such documents exist.

**REQUEST FOR PRODUCTION NO. 102:**

DOCUMENTS sufficient to reflect all income received by YOU in connection with the WARZONE GAME on a monthly basis from 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, particularly as it relates to requesting a monthly breakdown as opposed to quarterly or annually, which has already been produced by Warzone. Subject to and without waiving the foregoing objections, Warzone will produce non-privileged documents in its possession, custody or control sufficient to show Warzone's income on a yearly basis, including by providing Warzone's tax returns for the requested years.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Warzone objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, including as it relates to requesting a monthly breakdown as opposed to quarterly or annually. Subject to and without waiving the foregoing objections, Warzone has produced documents showing revenue on a monthly basis and income on an annual basis.

**REQUEST FOR PRODUCTION NO. 103:**

DOCUMENTS sufficient to reflect all income received by YOU in connection with the WARLIGHT GAME on a monthly basis from 2008 to 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Warzone objects to this Request on the ground that it is overbroad and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, particularly as it relates to requesting a monthly breakdown as opposed to quarterly or annually.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Warzone objects to this Request on the ground that it is overbroad and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, particularly as it relates to requesting a monthly breakdown as opposed to quarterly or annually. Subject to and without waiving the foregoing objections, no such documents exist.

**REQUEST FOR PRODUCTION NO. 104:**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Warzone objects to this Request on the ground that it is overbroad and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, to the extent that the Request is not limited in scope or timeframe.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Warzone objects to this Request on the ground that it is overbroad and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Warzone further objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing, to the extent that the Request is not limited in scope or timeframe. Warzone further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or work product doctrine.

DATED: August 28, 2024

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
**LEWIS & LIN, LLLC**

Alyssa Schabloski
**GLADIUS LAW, APC**

By: *Michael Cilento*
Michael D. Cilento (*pro hac vice*)

*Attorneys for Warzone.com, LLC*

16

# EXHIBIT 9

| From: | Mike Cilento |
| To: | Mayer, Marc; Edelstein, Lindsay; Anfuso, Alex; Melara, Suguey |
| Cc: | Brett Lewis; Jane Jaang; Nicole Haff; Savita Sivakumar |
| Subject: | [EXTERNAL] Warzone supp. responses and further info/positions |
| Date: | Monday, August 26, 2024 4:39:24 PM |
| Attachments: | Warzone Supp Responses to RFP 1.pdf |
| | Warzone Supp Responses to RFP 2.pdf |
| | Warzone Second Supp Responses to ROG 1.pdf |

Dear Activision team - as promised, please see attached Warzone's supplemental responses,
and please see below further information/positions on the outstanding items raised by
Activision in it's 8/2 letter and subsequently discussed in the parties' 8/12 meet and confer.

Thanks
Mike

REDACTED

-Re: revenue breakdown (from Marc's email today): Warzone has produced total revenue
(which includes advertising, website purchases, IOS, and Google Play) and has also broken
out IOS and Google Play revenue (see WZ 5223 - 5225). However, I am checking with
Warzone to see if we can get a further breakdown to easily show the four different categories
of revenue, and will advise shortly.

REDACTED

REDACTED

# REDACTED



**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

# EXHIBIT 10

| | |
|---|---|
| **From:** | Mayer, Marc |
| **To:** | "Mike Cilento" |
| **Cc:** | Edelstein, Lindsay; Anfuso, Alex; "Brett Lewis"; "Jane Jaang"; "Nicole Haff"; "Savita Sivakumar" |
| **Bcc:** | "Activision Publishing  Inc    KP   Warzone Litigation  40113  00101  E  Mails" |
| **Subject:** | RE: [EXTERNAL] Activision v. Warzone - Document production |
| **Date:** | Monday, September 16, 2024 5:39:04 PM |
| **Attachments:** | image001.gif |

Mike –

Just checking in on this again.

I am hoping we can avoid motion practice on these issues, but we really need to know as soon as possible whether you are intending to provide us with the requested financial information and damages theories.

Thanks.



**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | marc.mayer@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Mayer, Marc
**Sent:** Wednesday, September 11, 2024 11:06 AM
**To:** 'Mike Cilento' <michael@ilawco.com>
**Cc:** Edelstein, Lindsay <LRE@msk.com>; Anfuso, Alex <ala@msk.com>; Brett Lewis <brett@ilawco.com>; Jane Jaang <jane@ilawco.com>; Nicole Haff <nicole@ilawco.com>; Savita Sivakumar <savita@ilawco.com>
**Subject:** RE: [EXTERNAL] Activision v. Warzone - Document production

Mike –

Just circling back on the below.

As discussed, please let us know if you will provide:  (1) monthly revenue from website purchases, (2) monthly revenue from advertising, and (3) documents reflecting expenses incurred by Warzone by category or vendor (e.g., advertising, marketing, hosting, equipment, legal, third-party contractors, etc.)

Also, let us know if you intend to supplement Interrogatory No. 14 (calculation and categorization of damages.)

Thanks.



**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | marc.mayer@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Mike Cilento <michael@ilawco.com>
**Sent:** Wednesday, August 28, 2024 4:15 AM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Edelstein, Lindsay <lre@msk.com>; Anfuso, Alex <ala@msk.com>; Brett Lewis <brett@ilawco.com>; Jane Jaang <jane@ilawco.com>; Nicole Haff <nicole@ilawco.com>; Savita Sivakumar <savita@ilawco.com>
**Subject:** Re: [EXTERNAL] Activision v. Warzone - Document production

Hi Marc - you should be able to see the file names in the metadata we provided.

5223 is the iTunes (Apple) sales chart for both apps
5224 is Warzone Android App Revenue
5225 is Warzone Idle Android App Revenue

We are checking with Warzone on your query re: paid accounts by month vs yearly to see if different calculations/definitions were used.

As for ad revenue, we do not believe that has been broken out of total revenue (although it is included as part of total revenue), and we are checking with Warzone to see if we can get that broken out.

Thanks
Mike



**Michael D. Cilento, Esq.**
Lewis & Lin LLC

77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Tue, Aug 27, 2024 at 2:45 PM Mayer, Marc <MEM@msk.com> wrote:

Mike –

We have been reviewing the documents that you produced over the past few weeks.

With regard to the spreadsheets that you produced, we are having a hard time understanding what some of these documents are, as they were produced without a title and without any explanation.   Can you provide us with the following information?


1.   What do the spreadsheets produced at 5224, and 5225 represent?  I assume that one is Google and one is Apple, but the spreadsheets do not identify which is which.

2.   What is the spreadsheet at 5223?

3.   Do the spreadsheets at 5224 and 5225 reflect Warzone Idle AND Warzone "Classic" – or just one of them?

4.   Yesterday you produced a text file (7250) that apparently reflects paid accounts by month. However, it is unclear to us whether this is a full tally of paid accounts across all platforms or just one of the platforms.  (And, does "paid accounts" mean subscriptions or in-app purchases?)   In any event, the paid accounts numbers do not match the "paid accounts" numbers you provided at the mediation.  Can you explain the discrepancy?

5.   As of now, we do not have any advertising revenue information, is that correct?


Let us know if it would make sense to discuss this over the phone.  We are just trying to get a handle on what information we have and what is missing.



**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | marc.mayer@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Mike Cilento <michael@ilawco.com>

**Sent:** Tuesday, August 27, 2024 9:39 AM

**To:** Mayer, Marc <MEM@msk.com>; Edelstein, Lindsay <lre@msk.com>; Anfuso, Alex <ala@msk.com>; Melara, Suguey <szm@msk.com>

**Cc:** Brett Lewis <brett@ilawco.com>; Jane Jaang <jane@ilawco.com>; Nicole Haff <nicole@ilawco.com>; Savita Sivakumar <savita@ilawco.com>

**Subject:** [EXTERNAL] Activision v. Warzone - Metadata for Confidentiality designations

Dear Activision team - going forward, can you please include confidentiality designations in the metadata you provide? Otherwise there is no way for us to easily see which docs you are marking as AEO without individually opening each file.

Thanks
Mike



**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor  |  Brooklyn, NY 11201
direct 347-404-5844  |  fax 718-243-9326
iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

# EXHIBIT 11

| From: | Mike Cilento |
| To: | Mayer, Marc; Edelstein, Lindsay; Anfuso, Alex |
| Cc: | Brett Lewis; Jane Jaang; Nicole Haff |
| Subject: | [EXTERNAL] Activision v. Warzone |
| Date: | Tuesday, September 17, 2024 3:24:10 PM |

Dear Marc and Lindsay,

We write in response to the multiple emails you sent this morning regarding Activision's various gripes about Warzone's responses to discovery in the case. We disagree with your contention that any such gripe is ripe for motion practice; as we have previously agreed, it is in the best interests of both the parties and the Court to avoid unnecessary motion practice, and the substance of your issues is incomplete. The parties agreed to an extension until this Friday, September 20, for Warzone to respond to the most recent set of voluminous discovery requests propounded by Activision; and as we have also discussed, although Warzone has already produced over 7,000 pages of documents in this matter, it will continue to conduct reasonable searches for relevant and non-privileged documents, and will produce such documents on a rolling basis.

As to Activision's ongoing position that Warzone must produce documents and information in support of or explaining its "damages theories" - such discovery requests are premature even for contention requests, and, to the extent they do seek explanation of our theory of damages, they clearly call for expert opinions. As previously stated and discussed, our expert opinions will be disclosed at the appropriate stage, in line with the case schedule. We will, of course, continue to update our responses to all discovery, inclusive of disclosures as the case progresses.

We would also like to reiterate that Activision has failed to produce much of the information we require to provide any experts with the factual information that will necessarily inform any such opinions on damages. We will address such deficiency in Activision's production to date, as well as others, by separate correspondence.

Thanks
Mike



**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor  |  Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.