Alyssa K. Schabloski (SBN 258876)
aks@gladiuslaw.com
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720

Brett E. Lewis (pro hac vice)
brett@iLawco.com
Roberto Ledesma (pro hac vice)
roberto@ilawco.com
Michael D. Cilento (pro hac vice)
michael@iLawco.com
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Warzone.Com, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.<br><br>*Plaintiff/ Counterclaim Defendant*,<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>*Defendant/ Counterclaimant.* | Case No. 2:21-cv-3073-FLA (JCx)<br><br>**DECLARATION OF MICHAEL D. CILENTO IN OPPOSITION TO ACTIVISION'S MOTION TO COMPEL FURTHER RESPONSES FROM WARZONE** |

I, Michael D. Cilento, pursuant to 28 U.S. § 1746, and under the penalty of perjury, declare as follows:

1. I am an attorney with the law firm Lewis & Lin, LLC. I am admitted *pro hac vice* in this action as counsel for the Defendant and Counterclaimant Warzone.com, LLC ("Warzone").

2. I make this Declaration in opposition to Activision Publishing, Inc.'s ("Activision") motion to compel further responses from Warzone.

3. Warzone has worked diligently in fulfilling its discovery obligations in this action. To date, Warzone has timely responded to 218 requests for the production of documents, 91 requests for admissions, and 20 interrogatories.

4. Warzone has also provided several supplemental responses to Activision's discovery requests in light of Warzone's ongoing investigation over the course of discovery.

5. On July 17, 2024, Warzone made its first production in this matter. This production of over 5000 pages of documents included a significant volume of financial information as kept in the ordinary course of business, for example, documents regarding Warzone's total revenue, expenses, and profit on an annual basis from 2017 to the present, total revenue broken down by fiscal quarter, Warzone's tax returns from 2016 to 2023, which include separate line items for operating costs by category, including web services, hardware, software, advertising, supplies. Warzone further produced documents showing the salaries paid by Warzone, on a monthly basis, a spreadsheet regarding Warzone's iTunes sales on a weekly basis, Warzone Android sales on a monthly basis, and Warzone Idle Android sales on a monthly basis.

6. On August 12, 2024, the parties met and conferred with Activision regarding their responses to discovery. The next day, Warzone served another rolling document production, including information regarding Warzone revenue on a monthly basis, wages Warzone paid, active and new Warzone accounts and several other analytics, Warzone's iTunes sales on a monthly basis, and updated Android sales through the present.

7. On August 26, 2024, Activision's counsel emailed Warzone counsel requesting "advertising revenue information," with no reference to any specific request for production propounded by Activision. Warzone responded the same day, and indicated that it would investigate the extent of any documents kept in the ordinary course of business that may potentially be responsive to this new request. *See* MEM Decl., Exhibit 9.

8. On September 11, 2024, Activision sought yet more new information, again without reference to any particular request for production Activision propounded. *See* MEM Decl., Exhibit 10 at 2.

9. On September 17, 2024, in the midst of responding to Activision's most recent set of voluminous discovery requests, including over 90 requests for admission and over 100 new requests for production, Warzone emailed Activision counsel to confirm that it intended to update its discovery responses and continue producing documents on a rolling basis. *See* MEM Decl., Exhibit 11.

10. The next day, on September 18, Activision served its portion of this Joint Stipulation regarding its motion to compel.

11. Warzone reviewed Activision's portion of the Joint Stipulation, and sent a letter to Activision on September 23, stating that Activision's joint stipulation violated L.R. 37-1 on several bases, that it was unripe considering that Warzone confirmed as recently as September 17 that it would continue to supplement its discovery responses and document productions, and that it was moot in view of Warzone's forthcoming supplemental responses. *See* Exhibit A.

12. On Tuesday, September 24, Warzone served its supplemental response to Interrogatory No. 14. *See* Exhibit B.

13. On September 24, Activision stated that it nevertheless intended to pursue the motion to compel. *See* Exhibit C. Activision's response did not meaningfully address the substance of Warzone's September 23 letter.

//

2

14. That same day, Warzone responded to Activision by letter. *See* Exhibit D. Warzone agreed to provide its portion of the Joint Stipulation under protest, but encouraged Activision to withdraw its motion and properly meet and confer under L.R. 37. Despite Warzone's repeated invitations to resolve the purported dispute without Court intervention, Activision has refused to respond to Warzone's request to confer further.

15. Activision served an additional document production of 259 documents on the day of this filing, September 26, at 10:09 a.m. As of this production, Activision has produced 422 documents in total. To date, neither party has noticed any depositions.

16. Activision produced only two financial statements, and refers Warzone to these two documents in its responses to Interrogatory Nos. 10 and 11, stating "Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Activision refers Warzone to the profit-and-loss statement produced in this action, from which the answer to this Interrogatory may be ascertained or derived." Activision designated these two "profit-and-loss statements" as "Highly Confidential - Attorneys' Eyes Only" under the governing protective order.

17. Activision has served 20 requests seeking "revenue" information from Warzone (Requests for Production Nos. 65, 69, 70, 73, 110, 111, 114, 115, 117, 153, 154, 161, 162, 164, 169, 170, 208, 209, 210, 211), including 11 requests to which Warzone timely responded on September 20, 2024, agreeing to produce documents.

Executed on September 26, 2024 in Brooklyn, New York.

*Michael D. Cilento*
_____
Michael D. Cilento

# EXHIBIT A

# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

PARTNERS
Brett E. Lewis
David D. Lin

SENIOR COUNSEL
Nicole Haff

OF COUNSEL
Eric Belanger
Roberto Ledesma

Michael D. Cilento, Esq.
michael@ilawco.com
347-404-5844

ASSOCIATES
Michael D. Cilento
Anna Iskikian
Jane J. Jaang
Rachel Ann Niedzwiadek
Savita Sivakumar
Shuyu Wang

September 23, 2024

**VIA EMAIL**

Marc Mayer (mem@msk.com)
Lindsay Edelstein (lre@msk.com)
Alex Anfuso (ala@msk.com)
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Attorneys for Activision Publishing, Inc.

Re: *Activision Publishing, Inc. v. Warzone.Com, LLC*; Case No. 2:21-CV-3073-FLA

Counsel:

We write regarding your draft joint stipulation regarding your motion to compel further responses to Interrogatory No. 14 and Request for Production Nos. 67 and 102. We have reviewed Activision's half of the joint stipulation, and are surprised at the unilateral positions Activision has taken, which fly in the face of the Court's clear imposition of a duty to engage in a meaningful meet and confer process.

The positions Activision takes in this motion are particularly surprising given that our most recent communication, my email of September 17, 2024, unequivocally stated that Warzone is in the process of supplementing its responses to discovery, including continuing rolling productions of documents.

The motion to compel is unripe, especially given the ongoing nature of our discovery efforts as explained in my September 17 email. It is also entirely unfounded both legally and factually. The case law Activision cites—which, in violation of L.R. 37-1, contains significant authority not previously disclosed to us—nowhere provides the remedy you seek of "more and faster" responses from Warzone.

In addition to the disclosures we provided in our responses to Activision's second set of interrogatories on Friday, September 20, we will be serving a supplemental response to

5

Interrogatory No. 14 tomorrow, September 24. We also anticipate serving another rolling document production by the end of this week.

As the discovery responses to which Activision's joint stipulation refers shall no longer be the operative responses, Activision's joint stipulation will be moot as written. *Iniguez v. Wayfair LLC*, No. 21-880, 2022 WL 2177452, at *2 (C.D. Cal. May 12, 2022) (where defendant supplemented responses, "the issues raised in plaintiff's motion are moot"). To the extent Activision intends to dispute Warzone's current discovery responses, we trust Activision will provide the grounds of such dispute, including all relevant authority as required by L.R. 37-1, so that Warzone may consider it before scheduling any meet and confer efforts under L.R. 37-1.

       Respectfully,

*Michael D. Cilento*
Michael D. Cilento, Esq.

# EXHIBIT B

Alyssa K. Schabloski (SBN 258876)
aks@gladiuslaw.com
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720

Brett E. Lewis (pro hac vice)
brett@iLawco.com
Roberto Ledesma (pro hac vice)
roberto@ilawco.com
Michael D. Cilento (pro hac vice)
michael@iLawco.com
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Warzone.com, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.  ) | Case No. 2:21-cv-3073-FLA (JCx) |
| ) | |
| *Plaintiff/Counterclaim Defendant*,  ) | **WARZONE.COM, LLC'S OBJECTIONS AND SUPPLEMENTAL RESPONSE TO ACTIVISION'S FIRST SET OF INTERROGATORIES (NO. 14)** |
| ) | |
| WARZONE.COM, LLC,  ) | |
| ) | |
| ) | |
| *Defendant/Counterclaimant*.  ) | |
| _____ ) | |

1

8

PROPOUNDING PARTY: Activision Publishing, Inc.

RESPONDING PARTY: Warzone.com, LLC

SET NO.: ONE

Pursuant to Federal Rule of Civil Procedure 33 and the corresponding Local Rules of the Central District of California, Defendant / Counterclaimant Warzone.com, LLC ("Warzone") hereby provides the following supplemental objections to Plaintiff / Counterclaim Defendant Activision Publishing, Inc.'s ("Activision") First Set of Interrogatories (the "Interrogatories") and supplemental response to Interrogatory No. 14.

**INTERROGATORY NO. 14:**

IDENTIFY all categories or types of injuries that YOU claim to have suffered as a result of the conduct alleged in the COUNTERCLAIM, and, for each claimed injury, the amount of damage YOU suffered.

**RESPONSE TO INTERROGATORY NO. 14:**

Warzone objects to this Interrogatory on the grounds that it is unduly burdensome and harassing, premature, and better suited for requests for production. Subject to and without waiving the foregoing objections, Warzone states as follows: Warzone seeks various injunctive relief that, inter alia, would enjoin and restrain Activision from imitating, copying, or making any unauthorized use of the WARZONE mark or any mark confusingly similar thereto.

Warzone also seeks monetary damages as follows:

a.   all damages sustained by Warzone as a result of Activision's unlawful actions;

b.   the cost of corrective advertising, or other actions to address and repair any damage to Warzone's trademark as a result of Activision's unlawful actions; and

c.   all costs, including reasonable attorneys' fees, incurred by Warzone to stop Activision's unlawful actions.

The calculation of Warzone's damages has not yet been fully quantified at this early stage in the litigation, and it is very likely that Warzone will need an expert to testify

on certain of the above. Moreover, given that Activision's unlawful actions are ongoing, any such calculation would be subject to change.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Warzone further objects to this interrogatory on the grounds and to the extent that it is duplicative and cumulative of other requests, including but not limited to Interrogatory No. 19. Subject to and without waiving its forgoing objections, Warzone supplements its response as follows: Warzone intends to seek prospective corrective advertising damages, which are calculated with reference to Activision's expenditure and or budget regarding branding, advertising, promoting or marketing in the United States for any product or service that incorporates, includes, references, uses, or benefits from the name, word, term, or mark "WARZONE." Such calculation is necessarily based upon Activision and/or third party testimony, productions of documents, and/or responses to discovery regarding calculation of the total attributable expenditure and the percentage of such amount, up to 25%, that is recoverable.

Collectively or in the alternative as compensatory damages, Warzone also intends to seek profits attributable to Activision's infringing use of Warzone's trademark in the United States. Activision has been unjustly enriched by freely using Warzone's trademark. Calculation of the recoverable amount of Activision's profits attributable to such infringement is necessarily based upon Activision and/or third party testimony, productions of documents, and/or responses to discovery.

In addition, Warzone contends that Activision's infringement in this case has been willful, reckless and in careless disregard of Warzone's right to control its brand, goodwill, identity, and associated trademark within the overlapping markets in which both parties offer their products and services to download online or as mobile applications. Activision was aware of Warzone's senior use of the WARZONE mark since at least 2020 when it filed for the trademark WARZONE and began using such mark in reference to and in connection with its Call of Duty house mark, initially providing for online download of a game titled "Call of Duty: WARZONE" or WARZONE: Call of

Duty, which it regularly identified by the term WARZONE. Activision's intentional infringement of Warzone's senior rights to such mark caused immediate harm to Warzone, including but not limited to Warzone's inability to control its reputation and goodwill based on the overwhelming commercialization of the mark WARZONE in association with Call of Duty, instead of Warzone's products and services. In early 2021, in an effort to mitigate the exponentially increasing harm to Warzone's use of its own mark as a source identifier, Warzone offered Activision the option of taking a license to use the WARZONE mark or to buying the rights to its mark, including the Warzone.com domain name. Activision refused and filed this lawsuit seeking Warzone's WARZONE mark for itself. As such, Warzone not only continued to suffer harm from Activision's infringement, but has also had to incur significant legal fees and costs in an effort to defend itself and its ability to use its own trademark.

Prior to March 21, 2024, Activision had not offered any product or version of Call of Duty using or associated with the WARZONE mark for download on mobile devices. Since November 2017, Warzone was the only mobile gaming application using WARZONE, available for download to mobile device users on both the iOS and Android platforms. Despite being fully aware of Warzone's senior use of the WARZONE mark both online and in the mobile space, Activision released WARZONE MOBILE, the name associated with its Call of Duty: Warzone Mobile game, for download to mobile devices. Warzone intends to seek compensatory damages regarding Activision's intentional infringing use in this market as well.

Warzone does not intend to seek, and has never represented that it would seek, actual damages based on its own lost revenue or lost profits as a result of Activision's infringement.

Warzone also intends to seek an injunction to stop Activision from using the mark WARZONE to the extent that the association amongst consumers of video games online or on mobile devices, that anything marked WARZONE, is irreparably associated with

Activision's products or services (including Call of Duty or COD), beyond a compensable amount.

Warzone intends to seek compensatory damages as described above and in amounts to be determined after receiving the necessary documents and information not in its own possession, custody or control, during the ongoing discovery process. Warzone will seek an injunction, trebling of any damages award, attorney's fees and costs spent in connection with this litigation, punitive damages based on Activision's intentional and willful infringement, and enhanced damages as provided for by law and warranted based on the facts and circumstances in this case. Warzone will also provide expert disclosures regarding damages sought from Activision, on January 10, 2025, when opening expert reports in this matter are scheduled to be disclosed.

Date:  September 24, 2024

                                      Brett E. Lewis
                                      Roberto Ledesma
                                      Michael D. Cilento
                                      **LEWIS & LIN, LLLC**

                                        Alyssa Schabloski
                                        **GLADIUS LAW, APC**

                                        By: *Michael D. Cilento*
                                        Michael D. Cilento (pro hac vice)

                                        *Attorneys for Warzone.com, LLC*

# EXHIBIT C



Mike Cilento <michael@ilawco.com>

---

## RE: [EXTERNAL] Activision v. Warzone - WZ letter to ATV re motion to compel

---

**Anfuso, Alex** <ala@msk.com>  Tue, Sep 24, 2024 at 10:45 PM
To: Mike Cilento <michael@ilawco.com>
Cc: Brett Lewis <brett@ilawco.com>, Jane Jaang <jane@ilawco.com>, Nicole Haff <nicole@ilawco.com>, "Mayer, Marc" <MEM@msk.com>, "Edelstein, Lindsay" <lre@msk.com>

Hi Mike,

Thanks for your letter, and your supplemental interrogatory response.

We disagree that the issues in the motion to compel are unripe, and now that we have had a chance to review Warzone's supplemental response to Interrogatory No. 14, we also do not agree that the issue is moot. The supplemented response remains insufficient for the same reasons provided in our portion of the joint stipulation.

Therefore, we intend to proceed with filing the joint stipulation. Please let us know whether we can expect to receive your portion tomorrow. Should you refuse to timely provide Warzone's portion of the joint stipulation, we will provide a declaration explaining as such pursuant to L.R. 37-2.4. That said, if you need an additional day to fill out Warzone's portion, please let us know.

Thanks,

Alex



**Alex Anfuso | Attorney-at-Law**

T: 310.312.3149 | ala@msk.com

**Mitchell Silberberg & Knupp LLP | www.msk.com**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Mike Cilento <michael@ilawco.com>
**Sent:** Monday, September 23, 2024 7:29 PM
**To:** Mayer, Marc <MEM@msk.com>; Edelstein, Lindsay <lre@msk.com>; Anfuso, Alex <ala@msk.com>
**Cc:** Brett Lewis <brett@ilawco.com>; Jane Jaang <jane@ilawco.com>; Nicole Haff <nicole@ilawco.com>
**Subject:** [EXTERNAL] Activision v. Warzone - WZ letter to ATV re motion to compel


Dear Marc and team - please see the attached correspondence from Warzone regarding Activision's planned motion to compel.


Thanks

Mike



**Michael D. Cilento, Esq.**

Lewis & Lin LLC

77 Sands Street, 6th Floor  |  Brooklyn, NY 11201

direct 347-404-5844  | fax 718-243-9326

iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc


This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

15

# EXHIBIT D

16

# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

PARTNERS
Brett E. Lewis
David D. Lin

SENIOR COUNSEL
Nicole Haff

OF COUNSEL
Eric Belanger
Roberto Ledesma

Michael D. Cilento, Esq.
michael@ilawco.com
347-404-5844

ASSOCIATES
Michael D. Cilento
Anna Iskikian
Jane J. Jaang
Rachel Ann Niedzwiadek
Savita Sivakumar
Shuyu Wang

September 25, 2024

**VIA EMAIL**

Marc Mayer (mem@msk.com)
Lindsay Edelstein (lre@msk.com)
Alex Anfuso (ala@msk.com)
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Attorneys for Activision Publishing, Inc.

Re: *Activision Publishing, Inc. v. Warzone.Com, LLC*; Case No. 2:21-CV-3073-FLA

Counsel:

We write regarding your email correspondence of Tuesday, September 24, 2024, at 7:45 p.m. As I stated in my email correspondence of September 17, and my letter of September 23, Warzone's investigation is ongoing, and Warzone will continue to update its discovery responses as required under Rules 26 and 34. Warzone so-supplemented its response to Interrogatory No. 14 on September 24, 2024 at 10:00 a.m., and Activision has made no attempt to meet and confer under L.R. 37 regarding this supplemental response. Instead, you now state that Activision "intend[s] to proceed with filing" the joint stipulation you provided to Warzone prior to its supplemental response.

In view of Warzone's supplemental response to Interrogatory No. 14, the argument you provided on Wednesday, September 18, violates this District's Local Rule 37, and fails to "contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, separately stated." L.R. 37-2. It also fails to contain any authority on which you base your belief that the motion can go forward as written, particularly as the joint stipulation disputes a response that no longer exists in the form discussed in the joint stipulation.

Proceeding with this motion as drafted not only disregards the facts but also the Court's local rules and our obligations to meet and confer, which are designed to avoid wasting judicial resources on resolved issues. *See Robinson v. Bay Club Los Angeles, Inc.*, No. 21-03578, 2021 WL 4706705, at *2 (C.D. Cal. July 28, 2021); *Iniguez v. Wayfair LLC*, No. 21-880, 2022 WL 2177452, at *2 (C.D. Cal. May 12, 2022) (denying motion to compel as moot and admonishing the parties for failure to confer where defendant

**17**

# LEWIS & LIN LLC

"has since supplemented its RFA responses"); *Selim v. Fivos, Inc.*, No. 22-1227, 2023 WL 3172467, at *2 (W.D. Wash. May 1, 2023) (finding "supplementation updates" preclude a showing that the parties had "reached an impasse justifying the Court's intervention"). Should Activision insist upon burdening the Court with this unnecessary motion, Warzone will provide by close of business tomorrow, September 26, 2024, a responsive portion to the argument you served on September 18. Warzone does not concur in this waste of judicial resources on a moot discovery response, and will provide its portion under protest, reserving all rights in this matter.

We expect that Activision will file the joint stipulation in the form provided, without any alterations or attempts to modify either section. Warzone will not agree to or participate in the filing of the joint stipulation tomorrow if Activision attempts to alter its portion in any way either prior to or subsequent to receiving Warzone's repsonse.

In the alternative, in lieu of wasting either parties resources or the Court's time with unwarranted motions, should Activision elect to withdraw its current motion and meet and confer as required, please provide your availability.

Respectfully,

*Michael D. Cilento*
Michael D. Cilento, Esq.

2

18