MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
ALEXANDRA L. ANFUSO (SBN 333440)
  ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>Defendants.<br><br>WARZONE.COM, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Counterdefendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Discovery Document: Referred To Magistrate Judge Jacqueline Chooljian]<br><br>**SUPPLEMENTAL DECLARATION OF MARC E. MAYER IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORY 14 (REGARDING DAMAGES) AND DOCUMENT REQUESTS 102 AND 67 (REGARDING REVENUE AND EXPENSES)**<br><br>[Supplemental Memorandum filed concurrently herewith]<br><br>Hearing Date: October 29, 2024<br>Hearing Time: 9:30 a.m.<br>Fact Discovery: December 17, 2024<br>Pretrial Conference: May 19, 2025<br>Trial: May 27, 2025 |

I, Marc E. Mayer, declare as follows:

1. I am, through my professional corporation, a partner at the law firm Mitchell Silberberg & Knupp LLP ("MSK"), counsel of record for Activision Publishing, Inc. ("Activision") in this lawsuit. I make the following supplemental declaration in support of Activision's motion to compel further responses from Warzone.com LLC ("Warzone") to Interrogatory No. 14 and Document Requests Nos. 102 and 67. If called as a witness, I could and would testify to the foregoing.

2. On or about September 18, 2024, at approximately 3:00 p.m., after receiving an email from Warzone's counsel stating that Warzone would not supplement its response to Interrogatory 14 and refusing to respond to my inquiries concerning additional revenue and cost information, I served Warzone's counsel with Activision's portion of the joint stipulation regarding this motion to compel. Under the local rules, Warzone's portion of the joint stipulation was to be returned by no later than September 25.

3. On September 24, 2024, the day before Warzone's response was due, Warzone served a supplemental response to Interrogatory 14. After reviewing the supplemental response, it was clear that Warzone's position had not changed. While the supplemental response was longer than the initial response, it still failed to provide any information as to how Warzone intended to calculate its actual damages, including any diminution to the value of its trademark. Nevertheless, we offered Warzone an additional day to respond to the joint stipulation.

4. On September 26, Warzone served its response to the joint stipulation. The following day, Warzone served two additional spreadsheets, purporting to be revenue from advertising sales and from sales on its website. However, Warzone

has steadfastly refused to produce any additional information concerning its costs, including any detailed advertising or marketing costs (such as the nature of its marketing, the vendors or ad agencies it contracted with, or any other such information.)  It also has refused to provide any transaction logs reflecting in-app sales or website sales, even though it could easily provide such information by downloading bank statements or PayPal statements, or by accessing its Apple App Store or Google Play Store portals.

5. On October 14, 2024, Warzone served Activision with a "Supplemental" Rule 26 Initial Disclosure, a true and correct copy of which is attached as **Exhibit A**.  In its Supplemental Initial Disclosure, Warzone stated that its representatives Randy Ficker and Jay Westerdahl have knowledge of the "value of the Warzone trademark."  Warzone also stated that it intends to rely at trial on "[d]ocuments relating to Warzone 's sales, revenue, user data, analytics and other such metrics" and "[d]ocuments and communications regarding the goodwill and reputation established in the WARZONE mark by Warzone."  It is unclear whether Warzone has produced these documents, and to my knowledge, Warzone has not produced any documents or communications regarding the goodwill and reputation of its purported mark.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of October 2024 at Los Angeles, California.

_____
Marc E. Mayer

Mitchell
Silberberg &
Knupp LLP

20244203.1

2

# EXHIBIT A

Alyssa K. Schabloski (SBN 258876)
aks@gladiuslaw.com
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720

Brett E. Lewis (pro hac vice)
brett@iLawco.com
Roberto Ledesma (pro hac vice)
roberto@ilawco.com
Michael D. Cilento (pro hac vice)
michael@iLawco.com
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

Attorneys for Warzone.com, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.<br><br>*Plaintiff / Counterclaim Defendant*,<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>*Defendant / Counterclaimant*. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>**WARZONE.COM, LLC'S SUPPLEMENTAL RULE 26(A)(1) INITIAL DISCLOSURES** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant and Counterclaimant Warzone.com LLC ("Warzone" or "Warzone.com"), by and through their undersigned counsel, make the following supplemental initial disclosures to Plaintiff and Counterclaim Defendant Activision Publishing, Inc. ("Activision"), to include, remove, clarify and update the individuals and entities that are likely to have discoverable information. These disclosures are based on information presently known and reasonably available to Warzone. Continuing investigation and discovery may cause Warzone to further amend and/or supplement these initial disclosures, including by identifying other potential witnesses or documents and disclosing other pertinent information. Warzone therefore reserves the right to further supplement these initial disclosures.

By providing these supplemental initial disclosures, Warzone does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this action. In addition, these disclosures are made without Warzone in any way waiving their right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including proportionality, competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or other appropriate grounds.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

(i) The name and, if known, the address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

| Name | Address | Subject(s) |
|------|---------|------------|
| Randy Ficker | May be contacted through Warzone's counsel in this action. | Information relating to: Development of Warlight.net (predecessor company and products to Warzone), the development and rebranding of Warzone and its creation, adoption, and use of its Warzone trademark in connection with its video games available for download online and on mobile devices, including but not limited to information concerning Warzone's first use of its Warzone trademark as an identifier for its products and services; the Warzone community, forums and blogs, consumer confusion after Activision's infringing use began, including negative association or affiliation with Call of Duty and Call of Duty: Warzone, impact on Warzone by Activision's adoption and infringing use of its trademark, projected growth campaign(s) for Warzone's trademarked offerings, and value of the Warzone trademark, including but not limited to Warzone's use of it to establish goodwill and reputation and the impact of Activision's actions on his business; other facts potentially relevant to Warzone's claims and defenses. |

| Name | Address | Subject(s) |
|---|---|---|
| Jay Westerdal | May be contacted through Warzone's counsel in this action. | Information relating to: Rebranding of Warlight.net to Warzone.com, development of the brand and trademark Warzone including the purchase of the domain name warzone.com, as well as the selection, adoption, and use of the Warzone trademark; consumer confusion and impact on Warzone by Activision's adoption and unlawful use of the trademark, projected growth campaign(s) for Warzone's trademark and brand, and value of the Warzone trademark, including but not limited to the value to Warzone in terms of goodwill and reputation; other facts potentially relevant to Warzone's claims and defenses. |
| Activision employees and representatives identified on documents produced by Activision, named in response to interrogatories or included on Actvisition's initial disclosures, and any supplement thereto. | Contact is presumed to go through Activision's counsel in this action unless separately identified below. | Information potentially relevant to both parties' claims and defenses, including but not limited to information in Activision's possession relevant to Warzone.com's calculation of damages. |
| Carolyn Wang | Activision's Counsel of Record | Information related to the issues on which she has been identified in Activision's initial disclosures, interrogatories, and on the documents produced by Activision as of the date of this supplement. |
| Aspect Studios | 5161 Lankershim Blvd, Ste #300, North Hollywood, CA 91601 | Information related to the selection and adoption of Warzone, advertising and marketing related thereto. |

| Name | Address | Subject(s) |
|---|---|---|
| Petrol Ad | 443 North Varney Street Burbank, California, 91502 | Information related to advertising and marketing by Activision. |
| Scott Major Millen, White, Zelano & Branigan, P.C. | Millen, White, Zelano & Branigan, P.C. 2200 Clarendon Boulevard, Suite 1400 Arlington, VA 22201 major@mwzb.com | Information related to Activision's filing of trademark applications for Warzone and Call of Duty: Warzone, and Warzone's opposition filed in response thereto, knowledge of licensing discussions in 2020-2021 between Activision and Warzone.com that preceded the filing of this action. |

| Name | Address | Subject(s) |
|---|---|---|
| Activision owned or affiliated studios, agencies, or other subsidiaries involved in creating, developing, marketing, advertising, monetizing or otherwise promoting or publicizing Warzone, Call of Duty: Warzone, Call of Duty: Warzone Mobile, WZ, WSOW, World Series of Warzone, Warzone, battle royale game mode, Call of Duty; Warzone Caldera, Modern Warfare-Warzone or any other product or service made available to consumers online or via mobile application that incorporates, included or is using WARZONE. | Activision's Counsel of Record, until otherwise notified. | Information relevant to Warzone.com's claims and defenses, information regarding the calculation of damages. |
| Neil Yang, in house counsel at Netease Games, formerly in-house counsel at Activision | TBD | Information regarding Activision's applications for trademarks at issue in this action. |
| Pam Piscitello | TBD | Information in and related to Activision's document production from which it is discernible she has relevant knowledge. |

| Name | Address | Subject(s) |
|---|---|---|
| Brandon Snow | TBD | Information in and related to Activision's document production from which it is discernible he has relevant knowledge. |
| Sean Smith | TBD | Information in and related to Activision's document production from which it is discernible he has relevant knowledge. |
| David Cushman | TBD | Information in and related to Activision's document production from which it is discernible he has relevant knowledge. |
| Byron Beede | TBD | Information in and related to Activision's document production from which it is discernible he has relevant knowledge. |
| Kyle Walker | TBD | Information in and related to Activision's document production from which it is discernible he has relevant knowledge. |
| David Alcaide | TBD | Information in and related to Activision's document production from which it is discernible he has relevant knowledge. |

There may be other individuals or third parties who have information relevant to the claims and defenses, but Warzone has not specifically determined those individuals' identities at this time.

//
//
//
//

7

10

(ii) **A copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

| **DOCUMENTS** |
|---|
| Documents relating to Warzone's creation, design, selection, adoption, use, and registration of the mark WARZONE. |
| Documents and communications relating to consumer confusion occurring due to Activision's use of the WARZONE mark. |
| Documents relating to Warzone's sales, revenue, user data, analytics and other such metrics. |
| Documents and communications regarding the goodwill and reputation established in the WARZONE mark by Warzone. |
| Documents related to the projected growth anticipated for WARZONE branded products prior to Activision's use of the Warzone mark. |
| Documents produced (or to be produced) by Activision or third parties that may be relevant to Warzone's claims and defenses. |

To the extent not already provided, all documents above may be obtained through counsel for Warzone.

(iii) **A computation of each category of damages claimed by the disclosing party.**
Warzone.com seeks various injunctive relief that, inter alia, would enjoin and restrain Activision from imitating, copying, or making any unauthorized use of the Warzone trademark or any mark confusingly similar thereto.

Warzone.com seeks monetary damages as a result of Activision's unlawful actions including compensatory damages, cost of corrective advertising, or other actions to address and repair damage to Warzone.com's trademark including prospective corrective advertising damages, which are calculated with reference to Activision's expenditure and or budget regarding branding, advertising, promoting or marketing in the United States for any product or service that incorporates, includes, references, uses, or benefits from

8

11

the name, word, term, or mark WARZONE, such calculation necessarily based upon Activision and/or third party testimony, productions of documents, and/or responses to discovery regarding calculation of the total attributable expenditure to WARZONE and the percentage of such amount, up to 25%; disgorgement of the profits and/or equivalent financial benefits reaped by Activision from its unlawful and intentional actions in an amount to be determined after Activision produces the documents requested; and punitive damages.

The calculation of Warzone's damages has not yet been fully quantified as Warzone still awaits Actvision's production of financial documents relevant to its claims, and as such final calculations will be provided at the time for expert disclosures. Moreover, given that Activision's unlawful actions are ongoing, any such calculation would be subject to change; similarly, certain other elements of damages, or costs including reasonable attorneys' fees, must be quantified at a later date. The foregoing list of damages does not constitute a waiver by Warzone.com of its right to pursue any remedy available at law or in equity.

**(iv)   Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Warzone.com is unaware of any such agreement(s) at this time.

Dated:  October 14, 2024

        Brett E. Lewis
        Roberto Ledesma
        Michael D. Cilento
        **LEWIS & LIN, LLLC**

        Alyssa Schabloski
        **GLADIUS LAW, APC**

By: *Michael D. Cilento*
Michael D. Cilento (pro hac vice)

*Attorneys for Warzone.com, LLC*