# EXHIBIT 3

Case 2:21-cv-03073-FLA-JC   Document 69   Filed 01/12/24   Page 2 of 10   Page ID #:552

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>WARZONE.COM, LLC,<br><br>            Defendant. | Case No. 2:21-cv-03073-FLA (JCx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND/OR FOR JUDGMENT ON THE PLEADINGS [DKT. 24]** |

| | |
|---|---|
| 1 | **RULING** |
| 2 | Before the court is Plaintiff and Counterdefendant Activision Publishing, Inc.'s |
| 3 | ("Activision" or "Plaintiff") Motion to Dismiss Counterclaims and/or for Judgment on |
| 4 | the Pleadings ("Motion"). Dkt. 24 ("Mot."). Defendant and Counterclaimant, |
| 5 | Warzone.com LLC ("Warzone" or "Defendant") opposes the Motion ("Opposition"). |
| 6 | Dkt. 29 ("Opp'n"). For the reasons stated below, the court DENIES the Motion, |
| 7 | VACATES its order dated August 15, 2022 (Dkt. 57), and LIFTS the stay on |
| 8 | discovery (Dkt. 55). |
| 9 | **BACKGROUND** |
| 10 | **I. Procedural Background** |
| 11 | On April 8, 2021, Plaintiff filed a complaint for declaratory judgment, seeking a |
| 12 | declaration that its use and registration of the word marks "WARZONE" and "CALL |
| 13 | OF DUTY WARZONE" do not infringe Defendant's purported trademark rights. |
| 14 | Dkt. 1 ¶ 1. On June 8, 2021, Defendant filed an answer and counterclaims, alleging |
| 15 | trademark infringement and related California state law claims. Dkt. 14. |
| 16 | On July 29, 2021, Plaintiff filed the instant Motion, seeking dismissal of |
| 17 | Defendant's counterclaims. *See* Mot. Defendant timely filed an opposition. Dkt. 29. |
| 18 | Plaintiff timely filed a reply. Dkt. 32. On December 6, 2021, the court took the |
| 19 | Motion under submission and vacated the hearing set for December 10, 2021. Dkt. |
| 20 | 37. On August 15, 2022, the court granted the Motion, entered judgment in favor of |
| 21 | Plaintiff, and dismissed Defendant's counterclaims without leave to amend. Dkt. 57. |
| 22 | On September 9, 2022, Defendant filed a notice of appeal. Dkt. 59. On |
| 23 | October 25, 2023, the Ninth Circuit issued an order vacating the judgment and |
| 24 | remanding the case for further proceedings consistent with *Jack Daniel's Properties,* |
| 25 | *Inc. v. VIP Products LLC*, 599 U.S. 140 (2023) ("*Jack Daniel's*"). Dkt. 62. On |
| 26 | October 27, 2023, the court reopened the action and ordered the parties to file |
| 27 | supplemental briefing to address the impact of *Jack Daniel's* on the Motion. Dkt. 63. |
| 28 | Plaintiff filed its supplemental brief on November 17, 2023, Dkt. 66 ("Pl.'s Suppl. |

Br."), and Defendant filed its supplemental brief on December 8, 2023, Dkt. 67 ("Def.'s Suppl. Br.").  On December 15, 2023, Plaintiff filed a reply.  Dkt. 68 ("Pl.'s Suppl. Reply").

## II.     Factual Background

According to Defendant, in November 2017, Defendant launched a video game under the title "WARZONE."  Opp'n at 7.  The game is available online at warzone.com and on the Apple and Google app stores, from which it has been downloaded over 750,000 times.  *Id.*  Defendant alleges it has common law trademark rights in the mark "WARZONE" based on Defendant's continuous and ongoing use of the mark in United States commerce since November 2017.  Dkt. 14 ("Counterclaims") ¶¶ 3, 7–11.[1]  Warzone also has two pending trademark applications before the United States Patent and Trademark Office ("USPTO") for the mark, Serial Nos. 90990628 and 90290658.  *Id.* ¶¶ 5–6.  The former application is made under International Class 09 for use in downloadable game software.  *Id.* ¶ 5.  The latter is made under International Class 41 for use in providing online, non-downloadable game software.  *Id.* ¶ 6.

Defendant further alleges Plaintiff is using the mark "WARZONE" to market and offer Plaintiff's videogame titled "Call of Duty: Warzone," *id.* ¶¶ 19–21, causing "significant actual consumer confusion," *id.* ¶ 24.  Defendant alleges that, given the popularity of Plaintiff's "Call of Duty" franchise, Plaintiff's use of "WARZONE" has saturated the market in a manner that has overwhelmed Defendant.  *Id.* ¶ 23.  Defendant also alleges Plaintiff filed trademark applications in June 2020 for the marks "WARZONE" and "CALL OF DUTY: WARZONE," Serial Nos. 90020487 and 90020455, respectively, for use in connection with International Classes 09 and 41.  *Id.* ¶ 12.  Defendant contends Plaintiff's first use of these marks was in March

---

[1] All paragraph citations to the Counterclaims refer to the paragraphs on pages 7–19 of Dkt. 14.

3

2020—*i.e.*, after Defendant first began using "WARZONE" in November 2017. *See id.* ¶ 15. Regarding both Plaintiff and Defendant's trademark applications, the USPTO purportedly determined that "WARZONE" "is inherently distinctive of the parties' goods and services." *Id.* ¶¶ 16–18. The USPTO also allegedly found the parties' respective "WARZONE" marks to be "confusingly similar." *Id.* ¶ 18.

## DISCUSSION

### III. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. ("Rule") 12(c). The legal standard for a motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The same legal standard applies to motions brought under either rule. *Id.* Thus, the issue presented by a Rule 12(c) motion is whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 & n. 4 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In evaluating a motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming*, 581 F.3d at 925; *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) ("For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be

4

resolved and that it is entitled to judgment as a matter of law." *Hal Roach*, 896 F.2d at 1550.

## IV. Analysis

Plaintiff argues its use of "WARZONE" is protected by the First Amendment pursuant to the two-part test in *Rogers v. Grimaldi*, 875 F.2d 994, 998 (2d Cir. 1989) ("*Rogers* test"). Mot. at 9–18. Defendant counters that, pursuant to *Jack Daniel's*, the *Rogers* test does not apply because Plaintiff is using the "WARZONE" mark as a source identifier and trademark. Def.'s Suppl. Br. at 1. The court agrees with Defendant.

In the "typical" trademark infringement case, the "court must decide whether defendant's use is 'likely to cause confusion, or to cause mistake, or to deceive.'" *Jack Daniel's*, 599 U.S. at 146 (quoting 15 U.S.C. §§ 1114(1)(A), 1125(a)(1)(A)). The *Rogers* test was "borne of the idea that some trademarks have expressive value and that in those situations, trademark law's traditional likelihood-of-confusion test 'fails to account for the full weight of the public's interest in free expression.'" *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1027–28 (9th Cir. 2024) (quoting *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 900 (9th Cir. 2002)). "Under the *Rogers* test, and prior to *Jack Daniel's*, the defendant must first make a threshold legal showing that its allegedly infringing use is part of an expressive work protected by the First Amendment." *Punchbowl*, 90 F.4th at 1028 (citation and internal quotation marks omitted). "If the defendant meets this burden, the Lanham Act does not apply unless the defendant's use of the mark (1) is not artistically relevant to the work or (2) explicitly misleads consumers as to the source or the content of the work." *Id.* (citations and internal quotes omitted).

The *Rogers* test, however, does not apply "when the accused infringer has used a trademark to designate the source of its own goods—in other words, has used a trademark as a trademark." *Jack Daniel's*, 599 U.S. at 145. "That kind of use falls within the heartland of trademark law, and does not receive special First Amendment

5

protection." *Id.* This rule applies even if "the use of a mark has other expressive content—*i.e.*, because it conveys some message on top of source." *Id.* at 157. Indeed, "names, phrases, symbols, designs and their varied combinations often contain some 'expressive message' unrelated to source." *Id* at 158 (cleaned up). "That message may well be relevant in assessing the likelihood of confusion between two marks … [b]ut few cases would even get to the likelihood-of-confusion inquiry if all expressive content triggered the *Rogers* filter." *Id.* at 158–59. When "a mark is used as a mark," the traditional likelihood-of-confusion test "does enough work to account for the interest in free expression." *Id.* at 159.

  Here, the *Rogers* test does not apply because Plaintiff is using "WARZONE" to designate itself as the source of its game "Call of Duty: Warzone"—in other words, Plaintiff is using "WARZONE" as a trademark. Indeed, Plaintiff has registered "WARZONE" as its trademark. Counterclaims ¶¶ 12–13; *see Punchbowl*, 90 F.4th at 1031 (finding it "straightforward" that the *Rogers* test does not apply when the accused infringer filed trademark applications for the mark it was accused of infringing); 15 U.S.C. § 1127 (defining "trademark" to include "any word, name, symbol, or device, or any combination thereof … to identify and distinguish his or her goods … from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown"); *Jack Daniel's*, 599 U.S. at 146 ("Consistent with trademark law's basic purpose, the lead criterion for registration is that the mark in fact serve as a 'trademark' to identify and distinguish goods.") (citation and internal quotation marks omitted).

  The court also takes judicial notice of Plaintiff's representations to the USPTO in connection with its trademark applications, which further confirm Plaintiff intends to use WARZONE as a trademark (if that were not already obvious from Plaintiff's trademark application alone). *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (holding the court may take judicial notice of matters of public record). Plaintiff represented to the USPTO that the "specimen" it submitted for its

6

International Class 009 application consists of screen captures "from 1) Applicant's website, 2) Google search engine, and 3) SONY's PlayStation Store—all evidencing prominent use of the subject mark for the listed goods," and that the specimen for its International Class 041 application includes a screen capture "from the Battle.net website plus two screen captures from Applicant's website—all evidencing prominent use of the subject mark for the listed services." *Trademark/Service Mark Application, Principal Register*, Serial No. 90020487, available at https://tinyurl.com/Serial-No-90020487.

Defendant's additional allegations support the same conclusion. Defendant alleges "Activision repeatedly referred to its video game simply as 'Warzone' in its press release announcing its launch," "Activision's site for the game greets potential customers with 'Welcome to Warzone,' and displays 'WARZONE' in significantly larger font than the phrase 'Call of Duty,"" and Defendant includes several screenshots of Plaintiff's purported use of "WARZONE." Counterclaims ¶ 21.

The foregoing allegations, taken as true, and the judicially noticed facts, allege plausibly that Plaintiff is using "WARZONE" to designate itself as the source of the game "Call of Duty: Warzone." *See MGA Ent. Inc. v. Harris*, Case No. 2:20-cv-11548-JVS (AGRx), 2023 WL 8896883, at *4 (C.D. Cal. Dec. 8, 2023) (explaining the "analysis of source identification" is "fact-specific"); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff argues the *Rogers* test still applies despite *Jack Daniel's* because Plaintiff is merely using a "common" English word that has expressive qualities to describe its game—*i.e.*, Plaintiff uses "warzone" to express that its game takes place in a warzone. *See* Pl.'s Suppl. Br. at 1, 3, 10. The court disagrees. First, the analysis is not altered by the fact that the word warzone may be "common." There is "no basis to carve out exceptions for the use of common words in trademarks when the Supreme

7

Court created no exception for parodies." *Punchbowl*, 90 F.4th at 1032; *see also id.* ("The fact that the Punchbowl Mark involves a common English word does not exempt [defendant] from the rule that *Rogers* does not apply when the challenged use of the mark is as a mark.") (internal quotation marks and citation omitted).

Second, even though the word "warzone" is expressive, the accused marks in *Punchbowl* and *Jack Daniel's* were also expressive, and the *Rogers* test did not apply. In *Punchbowl*, a technology company, "PUNCHBOWL," sued an online news publication, "Punchbowl News," for trademark infringement. 90 F.4th at 1031. The name "Punchbowl News" was expressive. *Id.* at 1026. The name expressed the publication's subject matter (American government and politics) and geographic location (Washington D.C.), because "punchbowl" is "the nickname the Secret Service uses to refer to the U.S. Capitol." *Id.* Still, despite the defendant's expressive use of "punchbowl," the *Rogers* test did not apply because the defendant was also using the mark to designate itself as the source of the publication, as evidenced by the defendant's filing of trademark applications for "Punchbowl News" and "Punchbowl Press." *Id.* at 1031. The result did not change "because the use of [the] mark ha[d] other expressive content—*i.e.*, because it convey[ed] some message on top of its source." *Id.* (quoting *Jack Daniel's*, 599 U.S. at 157); *see also Jack Daniel's*, 599 U.S. at 158 ("[T]rademarks are often expressive, in any number of ways. Consider how one liqueur brand's [Frangelico] trade dress tells a story [] with a bottle … connoting the product's olden monastic roots. Or take a band name that not only identifies the band but expresses a view about social issues. Or note how a mark can function as a mark and have parodic content—as the court found in the Hilfiger/Holedigger litigation [and correctly held the accused parodic pet perfumes did not trigger *Rogers*].") (cleaned up).

So too here. While the word "warzone" expresses qualities about Plaintiff's game, Plaintiff is still using the mark to identify itself as the source of the game.

8

In sum, the *Rogers* test does not apply because Plaintiff is using "WARZONE" as a source identifier. *See Jack Daniel's*, 599 U.S. at 145. Plaintiff must meet the infringement claim on the "usual battleground of likelihood of confusion."[2] *Punchbowl*, 90 F.4th at 1032 (internal quotation marks omitted). The court, therefore, DENIES the Motion.

## CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's Motion to Dismiss Counterclaims and Motion for Judgment on the Pleadings (Dkt. 24), VACATES its prior order dated August 15, 2022 (Dkt. 57), and LIFTS the stay on discovery (Dkt. 55).

IT IS SO ORDERED.

Dated: April 11, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] Plaintiff does not address the likelihood-of-confusion test in its Motion. *See* Mot. Plaintiff's argument relies solely on application of the *Rogers* test. *See id.*

9