# EXHIBIT 5

**From:** Edelstein, Lindsay lre@msk.com
**Subject:** RE: [EXTERNAL] Activision v. Warzone - Meet and Confer Memorialization
**Date:** August 20, 2024 at 1:24 PM
**To:** Mike Cilento michael@ilawco.com
**Cc:** Mayer, Marc MEM@msk.com, Anfuso, Alex ala@msk.com, Brett Lewis brett@ilawco.com, Jane Jaang jane@ilawco.com, Nicole Haff nicole@ilawco.com

Mike,

We disagree with your mischaracterizations below. As we discussed, Activision said it would start its rolling production last week, which we did. As we also discussed, we've been using our best efforts in reviewing over 16k documents that were collected as a result of our keyword search. As you can imagine, there are a lot of non-responsive documents that we need to cull through.

In my email to you last week, I proposed that the parties both exchange supplemented written responses on Friday, 8/23. Given that we are still reviewing documents, it makes little sense for us to represent that we do not have documents responsive to certain requests when we haven't completed our review.

A meet and confer on this seems unnecessary. As you may recall, Warzone had promised to supplement its own written responses on 7/11. You ended up serving them on 7/24. We simply sent a follow-up email, not threats of Court intervention. We would expect the reciprocal courtesy in the interest of not wasting both parties' (and the Court's) time with this.

If you insist on setting a call to discuss this, let us know. Otherwise, we'll provide our supplemented written responses by Friday, 8/23 (as we proposed) along with our next production of documents.

We will respond to your emails under separate cover shortly.

Regards,
Lindsay



**Lindsay R. Edelstein (She/Her/Hers) | Attorney-at-Law**
T: 917.546.7764 | lre@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Mike Cilento <michael@ilawco.com>
**Sent:** Tuesday, August 20, 2024 9:34 AM
**To:** Edelstein, Lindsay <lre@msk.com>
**Cc:** Mayer, Marc <MEM@msk.com>; Anfuso, Alex <ala@msk.com>; Brett Lewis <brett@ilawco.com>; Jane Jaang <jane@ilawco.com>; Nicole Haff <nicole@ilawco.com>
**Subject:** Re: [EXTERNAL] Activision v. Warzone - Meet and Confer Memorialization

Lindsay,

Last week Activision was supposed to produce outstanding documents pursuant to Warzone's first and second request for documents. It failed to do so. Pursuant to the dates mutually agreed to by counsel during our August 5 meet and confer, Activision was to provide its supplemental responses and further information / final positions to Warzone yesterday. It has also failed to meet this deadline.

Please provide us with your availability to meet and confer today concerning these missed deadlines. We need Activision to meaningly participate in discovery. If it cannot do so we will seek Court intervention to compel the same.

Adding Nicole Haff to the chain from our side, who just joined our firm and will be working on the case.

Thanks
Mike

**LEWIS & LIN LLC**
▶▶▶ INTERNET LAW COUNSEL

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor  |  Brooklyn, NY 11201
direct 347-404-5844  | fax 718-243-9326
iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Thu, Aug 8, 2024 at 2:27 PM Edelstein, Lindsay <lre@msk.com> wrote:

> Hi Mike,
>
> Please see responses below in red.
>
> **From:** Mike Cilento <michael@ilawco.com>
> **Sent:** Tuesday, August 6, 2024 9:05 AM
> **To:** Edelstein, Lindsay <lre@msk.com>; Mayer, Marc <MEM@msk.com>
> **Cc:** Anfuso, Alex <ala@msk.com>; Brett Lewis <brett@ilawco.com>; Jane Jaang <jane@ilawco.com>; Savita Sivakumar <savita@ilawco.com>
> **Subject:** [EXTERNAL] Activision v. Warzone - Meet and Confer Memorialization
>
> Dear Lindsay and Marc - thanks for having the meet and confer conference yesterday regarding Warzone's assertions of deficiencies as to Activision's responses to discovery, as detailed in Warzone's LR 37-1 letter dated July 26, 2024. As discussed, below is a

memorialization of the key takeaways from each dispute. Please let us know if anything is inaccurate.

General:

Upcoming production. You stated that Activision was actively searching and reviewing documents, and that you would start a "rolling production" next week.  Correct.  And you represented that this week you would be sending a production that included email correspondence.  You said that you originally attempted a search with the keywords we provided, but that there were too many hits.  You said you'd provide the number of hits you received for those original searches.

Boilerplate General Objections. You stated that you did not believe Activision was withholding any documents based on its general objections, and that Activision would amend to state whether any documents were being withheld due to the general objections.  Correct, we will tell you if we are withholding documents on the basis of a particular objection.

Activision's Assertions of Privilege. You stated that Activision will produce a privilege log for any documents withheld due to a claim of privilege.  Correct, both parties are in agreement that we will provide privilege logs.  I believe we previously agreed to do so on a mutually-agreeable date.

Agreement to Supplement for Documents Withheld. You stated that Activision would amend its RFP responses to state whether documents were being withheld.  Correct.

Specific:

We addressed the following below specific disputes. For the requests that you stated Activision would amend, you agreed to do so within two weeks (so by the 19th). For the requests that you stated you needed to talk further with your client, you agreed that you would let us know Activision's final positions on whether they would amend, also within two weeks. Accordingly, we will wait to continue the motion to compel process until we receive your agreed upon amendments and final positions in two weeks.

Set 1 ROGs:

ROG 1
You stated that Activision intends to stand on its objection that this request is not relevant and that the information was otherwise publicly available.  Given that the information is publicly available (we provided you with a URL to access this information), and we are providing you with a list of custodians and keywords that we searched, we do not understand what other information is needed and why.

ROG 6
You stated that Activision will amend this answer.  Correct.

ROG 9-11, 14

You stated that Activision will amend these answers.  Correct, we will amend to clarify that the P&L was provided.

ROG 13
You stated that Activision will amend this answer.  Correct.

Set 2 RFPs:

RFPS 1-7, 9, 13, 21, 22, 24
You stated that you would be producing documents to these requests, and that production should start next week.  Yes, and we'll revise responses to indicate if we don't have responsive documents.

RFP 8-15
You stated that Activision will amend these responses.  Correct, we will amend to clarify that the P&L was provided.

RFP 16
You stated that you will talk to your client and then let me know if Activision will amend this response.  Correct.

RFP 17-20
You stated that Activision intended to stand on its objections, unless Warzone shows authority that prior unrelated trademark disputes can be relevant to an unrelated trademark dispute.  We can produce anything related to CODWZ, but don't see how anything else is relevant.  Please provide any authority you have establishing otherwise.

Set 2 ROGs:

ROG 1
You stated that you will talk to your client and then let me know if Activision will amend this answer.  Correct, and you said you were open to narrowing it so that it only requested persons most knowledgeable about the decision to move forward with *the name* of the mobile game.

ROG 2
You stated that you will talk to your client and then let me know if Activision will amend this answer.  Correct.

Set 2 RFPs:

RFP 2
You stated that Activision would stand on its response to this request, and only produce documents and communications related to the release of Warzone Mobile to the extent that those communications also mentioned Warzone LLC or this lawsuit. I maintained that Warzone did not agree that Activision's qualification on this response was proper.  Correct, we also drew a distinction between Activision's decision to release the mobile

game generally, and any decisions regarding the name.

RFP 5, 6, 7
Activision intends to stand by its objections to these requests, but would consider amending if Warzone presents caselaw showing that a parent company's communications, actions, or due diligence in an acquisition can be relevant in an action against its subsidiary.  The case law would need to be analogous to this situation, but generally that's correct.

RFP 8
You stated that Activision intends to stand on objections that there is no relevance. I stated that the organizational structure pre- and post-acquisition is relevant, *inter alia*, to whether Microsoft may face liability in this action. You stated that you would be willing to reconsider if Warzone presented caselaw showing that the structures of the subsidiary and parent company can be relevant in determining liability.  You said it was relevant because you wanted to determine who from Activision stayed or left after the acquisition. How would Activision's organizational structure be relevant to whether Microsoft may face liability?

RFP 10
You stated that Activision will amend this response.  Correct, we stated that the phrase "defending Activision's rights" was vague but that we'd amend.

RFP 11
You stated that you will talk to your client and then let me know if Activision will amend.  We said that a request for all documents "relating to [the] launch" was overbroad (and wasn't clear given the context) but that we'd find out what exists with respect to the title/name and consider amending.

RFP 13
You stated that you will talk to your client and then let me know if Activision will amend.  Correct.

RFP 14
You stated that you will talk to your client and then let me know if Activision will amend.  Correct.

Thanks
Mike

**LEWIS & LIN LLC**
▶▶▶ INTERNET LAW COUNSEL

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor  |  Brooklyn, NY 11201
direct 347-404-5844  |  fax 718-243-9326
iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.