# EXHIBIT 7

MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**SUPPLEMENTAL RESPONSE OF ACTIVISION PUBLISHING, INC. TO FIRST SET OF INTERROGATORIES OF WARZONE.COM, LLC** |
| WARZONE.COM, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Counterdefendant. | |

PROPOUNDING PARTY: Defendant and Counterclaimant Warzone.com, LLC

RESPONDING PARTY: Plaintiff and Counterclaim Defendant Activision Publishing, Inc.

SET NO.: One (Supplemental)

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE**

Pursuant to Federal Rule of Civil Procedure 33 and the corresponding Local Rules of the Central District of California, Plaintiff and Counterclaim Defendant Activision Publishing, Inc. ("Plaintiff" or "Activision") hereby provides the following supplemental response (the "Supplemental Response") to Defendant and Counterclaimant Warzone.com, LLC's ("Defendant" or "Warzone") First Set of Interrogatories (the "Interrogatories").

**PRELIMINARY STATEMENT**

1. These responses are made solely for the purposes of this action. Any information provided in response to any particular Interrogatory is provided subject to and without waiving any objections as to competence, relevance, materiality, propriety, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2. The following responses are based upon information presently available to and located by Activision. Activision has not completed its investigation of this action, has not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Interrogatories. Activision specifically reserves the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts. Activision reserves all rights to rely at trial or for any purpose in connection with this action upon any and all information and documents, whether or not provided in response to any particular Interrogatory. Nothing stated herein shall constitute or be construed as a waiver of Activision's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3. No incidental or implied admissions are intended by the responses herein. The fact that Activision has agreed to respond to any particular Interrogatory is not intended, and shall not be construed as, a waiver by Activision of any part of any objection to any such Interrogatory, or any part of any General Objection. The fact that Activision responds or objects to any particular Interrogatory or part thereof is not intended and shall not be construed as an admission that Activision accepts or admits the existence of any facts set forth in or assumed by such Interrogatory, or that such response or objection constitutes admissible evidence.

**GENERAL OBJECTIONS**

1. Activision objects to these Interrogatories to the extent that they seek information that is sensitive, proprietary, confidential, and/or constitutes a trade secret, including but not limited to financial information, marketing and advertising information, business plans and strategies, and internal policies and procedures.

2. Activision objects to Warzone's Definitions, and to each and every Interrogatory, to the extent they purport to impose obligations on Activision different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or the Civil Local Rules of the U.S. District Court for the Central District of California.

3. Activision objects to each Interrogatory to the extent that the Interrogatory seeks information that is not within Activision's possession, custody, or control and/or solely within the possession, custody or control of entities other than Activision. These responses are provided only on behalf of Activision, and Activision will only produce information within its own possession, custody, or control.

4. Activision objects to each Interrogatory to the extent that the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines. Activision shall not provide information so protected. This objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Activision or obtained such knowledge solely through communications with counsel for Activision. Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Activision's rights to object to the use of such information.

5. Activision objects to each Interrogatory to the extent that the Interrogatory seeks information protected from disclosure by privacy rights enumerated in or recognized by the common law, State or federal statutes, any relevant State Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, private and sensitive information regarding Activision's employees, agents, and clients.

6. Activision objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Warzone and/or its counsel; or to which Warzone has equal or greater access than Activision; or that is publicly available.

7. Activision objects to each Interrogatory to the extent that the Interrogatory seeks information that is likely to be the subject of expert testimony. Activision will make its expert disclosures at the appropriate time and in the appropriate manner.

8. Activision objects to "Definition D" in the Interrogatories to the extent it implies that Warzone has ever had any trademark rights in the term "WARZONE."

9. Activision objects to each Interrogatory to the extent it is unlimited in temporal scope.

10. Activision objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

11. The foregoing General Objections apply to all of the Interrogatories propounded by Warzone, and are incorporated into each specific response made herein.

## SUPPLEMENTAL RESPONSES

**INTERROGATORY NO. 2:**

Identify the persons most knowledgeable about the selection and adoption of WARZONE and CALL OF DUTY WARZONE to be used as or incorporated into a title for Activision video games.

**RESPONSE TO INTERROGATORY NO. 2:**

Activision objects to this interrogatory on the ground that it is vague and ambiguous and assumes facts that are incorrect or not in evidence, including that Activision released "games" with "Warzone" in their title. Subject to and without waiving the foregoing objections, Activision is continuing to investigate this matter and will supplement this response when it discovers the names of witnesses with relevant information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Activision objects to this interrogatory on the ground that it is vague and ambiguous and assumes facts that are incorrect or not in evidence, including that Activision released "games" with "Warzone" in their title. Subject to and without waiving the foregoing objections, Activision identifies the following individual with knowledge of Activision's selection and adoption of its CALL OF DUTY:

Mitchell Silberberg & Knupp LLP

5

SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE

WARZONE title, who may be contacted via Activision's undersigned counsel of record: Carolyn Wang, Head of Brand Development, Treyarch.

Activision's investigation is ongoing and it reserves the right to modify or supplement this response as discovery proceeds in this action.

**INTERROGATORY NO. 3:**

Identify all products or services offered by Activision within the United States that, in connection with the advertising, sale or offering, uses, or has used the term, WARZONE, and for each such usage, provide the date of first use in commerce, and if applicable, the last date of use in commerce.

**RESPONSE TO INTERROGATORY NO. 3:**

Activision objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, unduly burdensome, and contains multiple subparts. Activision further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Warzone and that is publicly available. Subject to and without waiving the foregoing objections, the game "Call of Duty: Warzone" was released to the public in the United States for the PlayStation 4, Xbox One, and Windows on March 10, 2020.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Activision objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, unduly burdensome, and contains multiple subparts. Activision further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Warzone and that is publicly available. Subject to and without waiving the foregoing objections, the game "Call of Duty: Warzone" was released to the public in the United States for the PlayStation 4, Xbox One, and Windows on March 10, 2020. "Call of Duty: Warzone" is currently available for these consoles, as well as for the PlayStation 5 and Xbox Series S/X consoles.

Mitchell Silberberg & Knupp LLP

"Call of Duty: Warzone Mobile" was made available worldwide on or about March 21, 2024, for iOS and Android devices.

On or about June 23, 2021, Activision launched a series of yearly "Call of Duty: Warzone" tournaments under the name "World Series of Warzone."

**INTERROGATORY NO. 4:**

Describe the process that led to Activision deciding to use or incorporate WARZONE into a title for Activision video games.

**RESPONSE TO INTERROGATORY NO. 4:**

Activision objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Activision further objects to this Interrogatory on the ground that the Interrogatory seeks information that is highly confidential, sensitive, and proprietary business information. Activision further objects to this Interrogatory on the ground that a request for production of documents is a more practical method of obtaining the information sought. Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action, Activision will produce documents from which the answer to this Interrogatory may be ascertained or derived.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Activision objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Activision further objects to this Interrogatory on the ground that the Interrogatory seeks information that is highly confidential, sensitive, and proprietary business information. Activision further objects to this Interrogatory on the ground that a

request for production of documents is a more practical method of obtaining the information sought.

Subject to and without waiving the foregoing objections, Activision responds as follows: Activision first considered using the term "warzone" in connection with its *Call of Duty* franchise in 2010, as part of the name of a subscription service for the popular franchise. The term "warzone" came up organically in brainstorming sessions between the product and marketing teams, including by Activision's then-Senior Director of Product Management, Byron Beede, because of *Call of Duty's* military themes. Ultimately, Activision chose the name "*Call of Duty: Elite*."

In 2017, Treyarch, one of Activision's development studios, again considered using the term "warzone" in connection with a specific mode of its game "*Call of Duty: Black Ops 4*." Ultimately, the decision was made to call the mode "*Blackout*" instead.

In 2019, Activision finally adopted the name "*Call of Duty: Warzone*" for use in connection with a stand-alone, "battle royale" mode of its game "*Call of Duty: Modern Warfare*." The name was selected because it effectively described the nature of the game and its objectives, which was to be the last player alive in an intense, highly competitive, large-scale warzone filled with various types of military weapons, vehicles, and equipment. "*Call of Duty: Warzone*" was released in March 2020.

**INTERROGATORY NO. 5:**

Identify any searches that were conducted on the term WARZONE prior to Activision filing trademark applications for WARZONE and CALL OF DUTY WARZONE with the USPTO.

**RESPONSE TO INTERROGATORY NO. 5:**

Activision objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is protected by the attorney-client privilege or attorney work product doctrine.  Activision further objects to this Interrogatory on the ground that the Interrogatory seeks information that is highly confidential, sensitive, and proprietary business information.  Activision further objects to this Interrogatory as vague and ambiguous, particularly with respect to the term "searches."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Activision objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is protected by the attorney-client privilege or attorney work product doctrine.  Activision further objects to this Interrogatory on the ground that the Interrogatory seeks information that is highly confidential, sensitive, and proprietary business information.  Activision further objects to this Interrogatory as vague and ambiguous, particularly with respect to the term "searches."

Subject to and without waiving the foregoing objections, Activision responds as follows:  "Clearance" searches in connection with the term "warzone" were conducted in or about June 2010 and July 2019.  These clearance searches included searches of the United States Patent and Trademark Office.  The searches did not reflect the existence of a registered trademark or trademark application for the word "WARZONE" by Warzone.com, LLC.

**INTERROGATORY NO. 12:**

State when and how Activision first became aware of Warzone's use of WARZONE.

**RESPONSE TO INTERROGATORY NO. 12:**

Activision objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is protected by the attorney-client privilege or attorney work product doctrine.  Activision objects to this Interrogatory on the ground that a request for production of documents is a more practical method of obtaining the information sought.  Subject to and without waiving the foregoing objections, upon issuance of an appropriate protective order Activision will produce documents from which the answer to this Interrogatory may be ascertained or derived.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Activision objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is protected by the attorney-client privilege or attorney work product doctrine.  Activision objects to this Interrogatory on the ground that a request for production of documents is a more practical method of obtaining the information sought.

Subject to and without waiving the foregoing objections, during the process of conducting a trademark clearance analysis in July of 2019, representatives of Activision's legal team first became aware of the existence of many games and related entertainment products and services using the term "warzone" in their titles, including, but not limited to, the www.warzone.com website.

DATED:  July 1, 2024

MARC E. MAYER
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
Marc E. Mayer (SBN 190969)
Attorneys for Activision Publishing, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is ala@msk.com.

On July 1, 2024, I served a copy of the foregoing document(s) described as **PLAINTIFF AND COUNTERCLAIM DEFENDANT ACTIVISION PUBLISHING, INC.'S RESPONSES TO DEFENDANT AND COUNTERCLAIMANT WARZONE.COM, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

| | |
|---|---|
| Alyssa K. Schabloski (SBN 258876)<br>GLADIUS LAW, APC<br>2708 Wilshire Blvd., No. 426<br>Santa Monica, CA 90403<br>Tel: (310) 734-0720<br>Email: aks@gladiuslaw.com<br><br>***Attorneys for Defendant and Counterclaimant Warzone.com, LLC*** | Brett E. Lewis<br>Roberto Ledesma<br>Michael D. Cilento<br>LEWIS & LIN, LLC<br>77 Sands Street, 6th Floor<br>Brooklyn, NY 11201<br>Tel: (718) 243-9323<br>Fax: (718) 243-9326<br>Email: Brett@iLawco.com<br>        roberto@ilawco.com<br>        michael@ilawco.com<br><br>***Attorneys for Defendant and Counterclaimant Warzone.com, LLC*** |

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 1, 2024, at Los Angeles, California.

_____
Alexandra Anfuso

12

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE**