# EXHIBIT 8

MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY R. EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>WARZONE.COM, LLC,<br><br>         Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S SECOND SET OF INTERROGATORIES** |
| WARZONE.COM, LLC,<br><br>         Counterclaimant,<br><br>    v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>         Counterdefendant. | |

Mitchell Silberberg & Knupp LLP

**RESPONSE TO INTERROGATORIES, SET TWO**

| | |
|---|---|
| PROPOUNDING PARTY: | WARZONE.COM, LLC |
| RESPONDING PARTY: | ACTIVISION PUBLISHING, INC. |
| SET NO.: | TWO |

Pursuant to Federal Rule of Civil Procedure 33 and the corresponding Local Rules of the Central District of California, Plaintiff and Counterclaim Defendant Activision Publishing, Inc. ("Plaintiff" or "Activision") hereby responds to Defendant and Counterclaimant Warzone.com, LLC's ("Defendant" or "Warzone") Second Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

1. These responses are made solely for the purposes of this action. Any information provided in response to any particular Interrogatory is provided subject to and without waiving any objections as to competence, relevance, materiality, propriety, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2. The following responses are based upon information presently available to and located by Activision. Activision has not completed its investigation of this action, has not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Interrogatories. Activision specifically reserves the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts. Activision reserves all rights to rely at trial or for any purpose in connection with this action upon any and all information and documents, whether or not provided in response to any particular Interrogatory. Nothing stated herein shall constitute or be construed as a waiver of Activision's right to prove its

contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3. No incidental or implied admissions are intended by the responses herein. The fact that Activision has agreed to respond to any particular Interrogatory is not intended, and shall not be construed as, a waiver by Activision of any part of any objection to any such Interrogatory, or any part of any General Objection. The fact that Activision responds or objects to any particular Interrogatory or part thereof is not intended and shall not be construed as an admission that Activision accepts or admits the existence of any facts set forth in or assumed by such Interrogatory, or that such response or objection constitutes admissible evidence.

## GENERAL OBJECTIONS

1. Activision objects to these Interrogatories to the extent that they seek information that is sensitive, proprietary, confidential, and/or constitutes a trade secret, including but not limited to financial information, marketing and advertising information, business plans and strategies, and internal policies and procedures. Activision will provide such information pursuant to the protective order entered in this action.

2. Activision objects to Warzone's Definitions, and to each and every Interrogatory, to the extent they purport to impose obligations on Activision different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or the Civil Local Rules of the U.S. District Court for the Central District of California.

3. Activision objects to each Interrogatory to the extent that the Interrogatory seeks information that is not within Activision's possession, custody, or control and/or solely within the possession, custody or control of entities other than Activision. These responses are provided only on behalf of Activision, and

Activision will only produce information within its own possession, custody, or control.

4.  Activision objects to each Interrogatory to the extent that the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines.  Activision shall not provide information so protected.  This objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Activision or obtained such knowledge solely through communications with counsel for Activision.  Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Activision's rights to object to the use of such information.

5.  Activision objects to each Interrogatory to the extent that the Interrogatory seeks information protected from disclosure by privacy rights enumerated in or recognized by the common law, State or federal statutes, any relevant State Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, private and sensitive information regarding Activision's employees, agents, and clients.

6.  Activision objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Warzone and/or its counsel; or to which Warzone has equal or greater access than Activision; or that is publicly available.

7.  Activision objects to each Interrogatory to the extent that the Interrogatory seeks information that is likely to be the subject of expert testimony.  Activision will make its expert disclosures at the appropriate time and in the appropriate manner.

8. Activision objects to "Definition D" in the Interrogatories to the extent it implies that Warzone has ever had any trademark rights in the term "WARZONE."

9. Activision objects to each Interrogatory to the extent it is unlimited in temporal scope.

10. Activision objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

11. The foregoing General Objections apply to all of the Interrogatories propounded by Warzone, and are incorporated into each specific response made herein.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the persons from Activision most knowledgeable about the decision to launch Warzone Mobile.

**RESPONSE TO INTERROGATORY NO. 1:**

Activision objects to this Interrogatory on the ground that it is overbroad, and seeks information that is not relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Interrogatory on the ground that it is vague and ambiguous, particularly as to "decision to launch." Activision additionally objects to this Interrogatory on the ground that the title of its game is "Call of Duty: Warzone Mobile," not "Warzone Mobile."

**INTERROGATORY NO. 2:**

Identify the persons from Activision most knowledgeable about the selection and adoption of the term and mark World Series of Warzone.

**RESPONSE TO INTERROGATORY NO. 2:**

Activision objects to this Interrogatory on the ground that it is overbroad, and seeks information that is not relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Interrogatory on the ground that it is vague and ambiguous, particularly as to "term and mark."  Activision additionally objects to this Interrogatory on the ground that the title of its tournament is "Call of Duty: World Series of Warzone," not "World Series of Warzone."

**INTERROGATORY NO. 3:**

Identify any domain names or social media account names controlled by Activision that use or incorporate the word Warzone.

**RESPONSE TO INTERROGATORY NO. 3:**

Activision objects to this Interrogatory on the ground that it is overbroad, and seeks information that is not relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Interrogatory on the ground that it is vague and ambiguous, particularly as to "controlled by" and "account names."

Subject to and without waiving the foregoing objections, Activision responds as follows:

Activision owns the following social media accounts:

Facebook - https://www.facebook.com/gaming/callofdutywarzone/

Facebook - https://www.facebook.com/CODWarzoneMobile/

Instagram - https://www.instagram.com/codwarzonemobile/

Instagram - https://www.instagram.com/wzmobile_latam/

Instagram - https://www.instagram.com/wzmobile_br/

TikTok - https://www.tiktok.com/@codwarzonemobile?lang=en

X - https://x.com/WarzoneMobile

Activision owns the following active domain names:

1          www.worldseriesofwarzone.com

2          www.callofduty.com/warzone

3          www.callofduty.com/warzonemobile

4          www.europeanwarzoneseries.com

5          Activision owns the following domain names, which are not currently

6 active:

7          http://callofduty-warzone.com/

8          http://callofdutywarzone.com/

9          http://codwarzonemobile.com/

10         http://warzonelegacy.com/

11         http://worldseriesofwarzone.tv/

12

13 **INTERROGATORY NO. 4:**

14         Explain how marketing spend, revenue, and profit from Call of Duty:

15 Warzone were accounted for in Activision's Fiscal Year 2020. Include in your

16 explanation the titles or units that Call of Duty: Warzone's costs and revenues were

17 attributed to.

18 **RESPONSE TO INTERROGATORY NO. 4:**

19         Activision objects to this Interrogatory on the ground that it is unduly

20 burdensome, overbroad, and seeks information that is not relevant to the claims or

21 defenses in this action nor reasonably calculated to lead to the discovery of

22 admissible evidence, including because Warzone does not claim that any purchases

23 relating to "Call of Duty: Warzone" were made under the mistaken belief that such

24 purchaser was buying Warzone's game, and Warzone is not seeking to recover,

25 and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g.,*

26 *Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at

27 *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—

28 Plaintiff is not entitled to seek disgorgement under its reverse confusion theory").

Activision further objects to this Interrogatory on the ground that it is vague and ambiguous, particularly as to "accounted for," and "titles or units."

Subject to and without waiving the foregoing objections, Activision will make a witness available to testify concerning the preparation of the profit-and-loss statement produced in this action.

**INTERROGATORY NO. 5:**

Documents sufficient to identify the total revenue of products and services offered by Activision that bear or incorporate the term or trademark Warzone, broken down by country.

**RESPONSE TO INTERROGATORY NO. 5:**

Activision objects to this Interrogatory on the ground that it is unduly burdensome, overbroad, and seeks information that is not relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory").

Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Activision refers Warzone to the profit-and-loss statement produced in this action, from which the answer to this Interrogatory may be ascertained or derived.

Mitchell Silberberg & Knupp LLP

8
**RESPONSE TO INTERROGATORIES, SET TWO**

| | | |
|---|---|---|
| 1 | DATED: July 8, 2024 | MARC E. MAYER<br>KARIN G. PAGNANELLI<br>LINDSAY EDELSTEIN<br>MITCHELL SILBERBERG & KNUPP LLP |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Marc E Mayer* |
| 5 | | Marc E. Mayer (SBN 190969)<br>Attorneys for Activision Publishing, Inc. |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is szm@msk.com.

On July 8, 2024, I served a copy of the foregoing document(s) described as **PLAINTIFF AND COUNTERCLAIM DEFENDANT ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S SECOND SET OF INTERROGATORIES,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

| | |
|---|---|
| Alyssa K. Schabloski<br>GLADIUS LAW, APC<br>2708 Wilshire Blvd., No. 426<br>Santa Monica, CA 90403<br>Tel: (310) 734-0720<br>Email: aks@gladiuslaw.com<br><br>***Attorneys for Defendant and Counterclaimant Warzone.com, LLC*** | Brett E. Lewis<br>Roberto Ledesma<br>Michael D. Cilento<br>LEWIS & LIN, LLC<br>77 Sands Street, 6th Floor<br>Brooklyn, NY 11201<br>Tel: (718) 243-9323<br>Fax: (718) 243-9326<br>Email: Brett@iLawco.com<br>roberto@ilawco.com<br>michael@ilawco.com<br><br>***Attorneys for Defendant and Counterclaimant Warzone.com, LLC*** |

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 8, 2024, at Los Angeles, California.

                                          */s/ Suguey G. Melara*
                                                Suguey Melara