# EXHIBIT 9

**From:** Edelstein, Lindsay lre@msk.com
**Subject:** Re: [EXTERNAL] Re: Activision Publishing, Inc. v. Warzone.com, LLC - Supplemental Discovery Responses & Document Production
**Date:** August 30, 2024 at 5:40 PM
**To:** Mike Cilento michael@ilawco.com, Brett Lewis brett@ilawco.com, Jane Jaang jane@ilawco.com, Nicole Haff nicole@ilawco.com, Savita Sivakumar savita@ilawco.com
**Cc:** Mayer, Marc MEM@msk.com, Anfuso, Alex ala@msk.com, Nietes, Andrew afn@msk.com

Hi Mike,

Per our discussion, please see our responses interlineated below in red.

---

**From:** Mike Cilento <michael@ilawco.com>
**Sent:** Monday, August 26, 2024 1:13 PM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Anfuso, Alex <ala@msk.com>; Brett Lewis <brett@ilawco.com>; Jane Jaang <jane@ilawco.com>; Savita Sivakumar <savita@ilawco.com>; Edelstein, Lindsay <lre@msk.com>; Melara, Suguey <szm@msk.com>; Nicole Haff <nicole@ilawco.com>
**Subject:** Re: [EXTERNAL] Re: Activision Publishing, Inc. v. https://url.us.m.mimecastprotect.com/s/FHCBCXDMLDtOY7oBl6fgugHnmt LLC - Supplemental Discovery Responses & Document Production

Outstanding issues (*i.e.*, issues already met and conferred on and now ripe for motion to compel)

<u>General</u>:

1) Activision failed to supplement its RFP responses to state whether any documents are being withheld and/or whether any documents exist.

If **no** responsive documents exist, we will (and have) supplemented our responses to indicate as much.

Otherwise, with the exception of privileged communications, which we will log, we are not withholding any documents on the basis of our objections, except as otherwise noted in our responses (for example, where our response agrees to produce a narrower category of documents than were otherwise potentially included in the request). If there are specific requests in which you contend this is not clear, please let us know. We reserve the right to supplement responses.

2) Activision failed to serve supplemental responses to Set 1 RFPs despite agreement to do so.

We are serving these today (8/30). As discussed, we are still reviewing documents and needed to discuss the requests with our clients and conduct interviews regarding same.

3) Activision failed to provide an updated P&L.

As discussed, rather than provide seriatim updates on the P&L, which is very burdensome for Activision, we proposed that the parties agree on a specific date for the P&L to be re-produced after which the P&L will not be further updated. We proposed one month before the date initial expert disclosures are due, which you appear to not accept even though we

have not heard a reason why you need multiple updated versions.

Specific:

Set 1 ROGs
Rog 14 (State the total number of users per month of each Activision video game that bears or incorporates WARZONE in its title.)
No supplemental response, even though Activision stated it would supplement.

Activision maintains its position that this information is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. During our meet and confer, you argued that it's relevant to "liability and damages" without further specification. We have not seen any support from Warzone (via case law or otherwise) as to why this is relevant. In your 7/26/24 letter, you claim that Activision's "use" is "relevant not only to damages but to liability and the *Sleekcraft* factors as well." You cite no case law specifically referencing how usage data is relevant under *Sleekcraft* or otherwise. If you intend to move to compel this information, please send case law supporting your alleged entitlement to this information.

Set 1 RFPs
RFPS 1-7, 9, 13, 21, 22, 24 (various requests to which Activision said it would produce documents)
No supplement to indicate whether no docs. exists for these requests.

As noted above (and in our email from last week), we are providing supplemented responses to Warzone's RFPs, Set One, today, which will indicate if we do not have documents responsive to certain requests.

RFP 8-15 (seeking Activision financial information)
No supplemental responses pointing to the P&L and no updated P&L.

As noted above (and in our email from last week), we are providing supplemented responses to Warzone's RFPs, Set One, today. Our position on your request for seriatim updates to the P&L is above. We maintain our position, however, that Activision's sales, revenue, and profits are irrelevant given that this case involves a reverse confusion theory.

RFP 16 (Documents and communications sufficient to establish the web traffic for Activision games that bears or incorporates the term or trademark WARZONE.)
No supplemental response, and no final position stated.

Activision maintains its position that this information is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. During our meet and confer, you argued that it's relevant in terms of "how big or small the web traffic is"). We have not seen any case support from Warzone (via case law or otherwise) as to why this is relevant. If you intend to move to compel this information, please send case law supporting your alleged entitlement to this information.

RFP 17-20 (seeking docs. related to any disputes or lawsuits that Activision has been involved in)

Activision agreed to provide a supplemental response to state that Activision would produce docs. related to any "WARZONE" only disputes, but failed to do so.

As noted above (and in our email from last week), we are providing supplemented responses to Warzone's RFPs, Set One, today (8/30). Activision will provide documents sufficient to identify any disputes between Activision and third parties within the U.S. related to use of the term "warzone."

Set 2 ROGs:

ROG 1 (Identify the persons from Activision most knowledgeable about the decision to launch Warzone Mobile.)
Warzone narrowed this request to seek only persons most knowledgeable about the decision to move forward with the name of the mobile game. Activision agreed to supplement. Yet, its supplement simply pointed to Activision's document production, in general, without identifying anything in particular. We maintain Activision should simply answer the interrogatory.

As noted during the meet and confer, we are conducting internal interviews with our clients through Tuesday to determine the appropriate individuals. We will provide supplemented Interrogatory responses once we identify such appropriate individuals.

ROG 2 (Identify the persons from Activision most knowledgeable about the selection and adoption of the term and mark World Series of Warzone.)
Again Activision simply points to its discovery production in general, without identifying anything in particular. We maintain this is not proper and Activision should simply answer the interrogatory.

As noted during the meet and confer, we are conducting internal interviews with our clients through Tuesday to determine the appropriate individuals. We will provide supplemented Interrogatory responses once we identify the such appropriate individuals.

Set 2 RFPs:

RFP 5, 6, 7 (documents between Activision and Microsoft re: Warzone LLC, this action, and World Series of Warzone)
Activsion previously stated it would consider amending if Warzone presents caselaw showing that a parent company's communications, actions, or due diligence can be relevant in an action against its subsidiary. Warzone subsequently provided such caselaw by email on Aug. 14. Yet, Activision has failed to amend or give any further position on these requests.

These requests seek: All documents and communications between Activision and Microsoft relating to Warzone LLC or warzone.com (RFP 5); All documents and communications between Activision and Microsoft relating to this Action (RFP 6), all documents and communications between Activision and Microsoft relating to World Series of Warzone (RFP 7). In your 8/14/24 email, you cited to *Oracle Corp. v. SAP AG*, 734 F. Supp. 2d 956, 962 (N.D. Cal. 2010), for the general proposition that, depending on the involvement of a parent corporation "in any copying" that was performed by a subsidiary, a parent company can be liable for contributory infringement. As an initial matter, Oracle Corp. dealt with copyright infringement claims, not trademark infringement claims. The standards for such claims are different; for that reason alone, the case is inapposite.

claims are different, for that reason alone the case is inapposite.

In any event, as discussed, to the extent our search (which is extensive) uncovers non-privileged communications between Activision and Microsoft that relate to Activision's use of the name "Call of Duty: Warzone," the use of the term "warzone" within that name, or any other product names that use the term "warzone," we will provide them. However, we can confirm at this time that Microsoft (1) was not involved in naming decisions related to Call of Duty: Warzone, Call of Duty: Warzone, and World Series of Warzone. We also have conducted a separate, broad search for correspondence between Activision and Microsoft including the words "Warzone.com" or "Warzone.com LLC" and that search did not reveal any correspondence between members of Activision's and Microsoft's business teams.

RFP 8 (Documents sufficient to show the organizational structure of Activision before and after Microsoft's acquisition of Activision Blizzard, Inc.)
Similarly, for this request Warzone sent caselaw and further argument on Aug. 14. Yet, Activision failed to amend or give any further position on this request.

Following the acquisition of Activision Blizzard Inc. (the parent holding company of Activision Publishing, Inc.), Activision Publishing, Inc. has remained a separate business entity. In your 8/14/24 email, you cited to *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, 509 F. App'x 661 (9th Cir. 2013), in which the court held that a music distributor was an alter ego of a music label in a copyright infringement case. That case has nothing to with the issues here, and does not support your access to extremely commercially-sensitive information about Microsoft's acquisition of Activision. There is no basis to contend that Microsoft and Activision are "alter ego" companies, and there are no alter ego allegations in your complaint. Any effort to seek documents to support an alter ego theory is a pure fishing expedition.

If there is specific information you are looking for, we can see if our clients can provide it, but asking for "the organizational structure" is overbroad.

RFP 11 (All documents and communications relating to Activision's launch of World Series of Warzone.)
Activision stated that it would find out what exists with respect to the title/name of World Series of Warzone and consider amending. Yet, Activision failed to amend or give any further position on this request.

We will produce non-privileged documents relating to the naming of World Series of Warzone. We can supplement this response to indicate we'll provide responsive information.

\*             \*             \*

Based on our responses above, we believe all purported deficiencies you cited have been addressed and the parties are still working to obviate the need to seek Court intervention on any of these issues, but please let us know if that is not the case.

Thanks
Mike



**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor  |  Brooklyn, NY 11201
direct 347-404-5844  | fax 718-243-9326
iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Mon, Aug 26, 2024 at 12:43 PM Mayer, Marc <MEM@msk.com> wrote:

> Mike –
>
> Before you burden the court with unnecessary motion practice, I suggest that we schedule a call for later this week to go over (and see if we can narrow) the outstanding discovery issues.  Let us know if there is a day that works for you.
>
> We would like to further discuss the Microsoft requests with you, in particular, as we are looking into these issues.
>
> 
>
> **Marc Mayer** | **Partner, through his professional corporation**
> T: 310.312.3154 | marc.mayer@msk.com
> **Mitchell Silberberg & Knupp LLP** | **www.msk.com**
> 2049 Century Park East, 18th Floor, Los Angeles, CA 90067
>
> THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.
>
> **From:** Mike Cilento <michael@ilawco.com>
> **Sent:** Monday, August 26, 2024 9:17 AM
> **To:** Anfuso, Alex <ala@msk.com>
> **Cc:** Brett Lewis <brett@ilawco.com>; Jane Jaang <jane@ilawco.com>; Savita Sivakumar <savita@ilawco.com>; Mayer, Marc <MEM@msk.com>; Edelstein, Lindsay <lre@msk.com>; Melara, Suguey <szm@msk.com>; Nicole Haff <nicole@ilawco.com>
> **Subject:** [EXTERNAL] Re: Activision Publishing, Inc. v. http://Warzone.com LLC - Supplemental Discovery Responses & Document Production
>
> Thanks Alex. In addition to the outstanding items you noted below, I notice that you did not mention Set 2 RFPs 5, 6, 7, and 8. These were also met and conferred on and you were supposed to let us know Activision's position. Please note we plan to include these in our motion to compel, along with the other issues discussed in our August 5 meet and confer and subsequent follow-ups.

Thanks
Mike

**LEWIS & LIN LLC**
▶▶▶ INTERNET LAW COUNSEL

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Fri, Aug 23, 2024 at 9:45 PM Anfuso, Alex <ala@msk.com> wrote:

> Counsel,
>
> Please see attached and below.
>
> **Discovery Responses:**
>
> Attached are supplemental responses to certain of Warzone's First set of Interrogatories, Second Set of Interrogatories, and Second Set of Requests for Production.
>
> We are also working on providing supplemental responses to Warzone's First Set of Requests for Production, which we will do as soon as is feasible.
>
> Additionally, we are still working on collecting information in order to supplement Activision's response to Interrogatory No. 14 (Set One), and are still discussing whether Activision will supplement RFPs 11-17 (Set Two).
>
> **Document Production:**
>
> Please find Activision's production bearing Bates numbers ATV000837 - ATV001648 at the following link:
> https://ftpus.consilio.com/public/folder/ytcw0z4q1e6cisotou4yna/Activision_VOL001
>
> Activision's production bearing Bates numbers ATV001649-ATV001656 can be downloaded at the following link:
> https://www.sendthisfile.com/MlWqA1IUEdcaFSlBKmJawWDi
>
> Please note that certain documents have been marked as CONFIDENTIAL and

CONFIDENTIAL - ATTORNEYS' EYES ONLY on the top left corner of the documents, pursuant to the Protective Order.

Passwords will be sent under separate cover.

Thanks,
Alex



**Alex Anfuso** | **Attorney-at-Law**
T: 310.312.3149 | ala@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.