# EXHIBIT 16

MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
ALEXANDRA L. ANFUSO (SBN 333440)
  ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY R. EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARZONE.COM, LLC,<br><br>　　　　Defendant.<br><br>WARZONE.COM, LLC,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Counterdefendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**SECOND SUPPLEMENTAL RESPONSE OF ACTIVISION PUBLISHING, INC. TO FIRST SET OF INTERROGATORIES OF WARZONE.COM, LLC** |

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE**

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant and Counterclaimant Warzone.com, LLC |
| RESPONDING PARTY: | Plaintiff and Counterclaim Defendant Activision Publishing, Inc. |
| SET NO.: | One (Second Supplemental) |

Pursuant to Federal Rule of Civil Procedure 33 and the corresponding Local Rules of the Central District of California, Plaintiff and Counterclaim Defendant Activision Publishing, Inc. ("Plaintiff" or "Activision") hereby provides the following second supplemental response (the "Second Supplemental Response") to Defendant and Counterclaimant Warzone.com, LLC's ("Defendant" or "Warzone") First Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

1. These responses are made solely for the purposes of this action. Any information provided in response to any particular Interrogatory is provided subject to and without waiving any objections as to competence, relevance, materiality, propriety, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2. The following responses are based upon information presently available to and located by Activision. Activision has not completed its investigation of this action, has not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Interrogatories. Activision specifically reserves the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts. Activision reserves all rights to rely at trial or for any purpose in connection with this action upon any and all information and documents, whether

or not provided in response to any particular Interrogatory. Nothing stated herein shall constitute or be construed as a waiver of Activision's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3. No incidental or implied admissions are intended by the responses herein. The fact that Activision has agreed to respond to any particular Interrogatory is not intended, and shall not be construed as, a waiver by Activision of any part of any objection to any such Interrogatory, or any part of any General Objection. The fact that Activision responds or objects to any particular Interrogatory or part thereof is not intended and shall not be construed as an admission that Activision accepts or admits the existence of any facts set forth in or assumed by such Interrogatory, or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1. Activision objects to these Interrogatories to the extent that they seek information that is sensitive, proprietary, confidential, and/or constitutes a trade secret, including but not limited to financial information, marketing and advertising information, business plans and strategies, and internal policies and procedures.

2. Activision objects to Warzone's Definitions, and to each and every Interrogatory, to the extent they purport to impose obligations on Activision different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or the Civil Local Rules of the U.S. District Court for the Central District of California.

3. Activision objects to each Interrogatory to the extent that the Interrogatory seeks information that is not within Activision's possession, custody, or control and/or solely within the possession, custody or control of entities other

than Activision. These responses are provided only on behalf of Activision, and Activision will only produce information within its own possession, custody, or control.

4. Activision objects to each Interrogatory to the extent that the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines. Activision shall not provide information so protected. This objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Activision or obtained such knowledge solely through communications with counsel for Activision. Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Activision's rights to object to the use of such information.

5. Activision objects to each Interrogatory to the extent that the Interrogatory seeks information protected from disclosure by privacy rights enumerated in or recognized by the common law, State or federal statutes, any relevant State Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, private and sensitive information regarding Activision's employees, agents, and clients.

6. Activision objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Warzone and/or its counsel; or to which Warzone has equal or greater access than Activision; or that is publicly available.

7. Activision objects to each Interrogatory to the extent that the Interrogatory seeks information that is likely to be the subject of expert testimony. Activision will make its expert disclosures at the appropriate time and in the appropriate manner.

8.  Activision objects to "Definition D" in the Interrogatories to the extent it implies that Warzone has ever had any trademark rights in the term "WARZONE."

9.  Activision objects to each Interrogatory to the extent it is unlimited in temporal scope.

10. Activision objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

11. The foregoing General Objections apply to all of the Interrogatories propounded by Warzone, and are incorporated into each specific response made herein.

## SECOND SUPPLEMENTAL RESPONSES

**INTERROGATORY NO. 6:**

Identify all persons involved in clearing WARZONE and CALL OF DUTY WARZONE as trademarks.

**RESPONSE TO INTERROGATORY NO. 6:**

Activision objects to this Interrogatory on the ground that the term "clearing" is vague and ambiguous and any response to this Interrogatory necessary would disclose information that is protected by the attorney-client privilege or attorney work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Activision objects to this Interrogatory on the ground that the term "clearing" and the phrase "clearing . . . as trademarks" are vague and ambiguous and any response to this Interrogatory necessary would disclose information that is protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, "clearance" searches and analysis in connection with WARZONE and CALL OF DUTY WARZONE were conducted by members of Activision's legal team: namely, by Terry Kiel, Activision's Senior Trademark Administrator, at the direction of Activision's in-house counsel Neil Yang.

**INTERROGATORY NO. 9:**

Identify all products or services offered by Activision bearing or incorporating the term WARZONE and state the total monthly sales in units and dollars of each such product or service for each month since the first sale of the product or service.

**RESPONSE TO INTERROGATORY NO. 9:**

Activision objects to this Interrogatory on the ground that it is unduly burdensome, contains multiple subparts, and seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory").

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Activision objects to this Interrogatory on the ground that it is unduly burdensome, contains multiple subparts, and seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that

Mitchell Silberberg & Knupp LLP

6

SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE

1  any purchases relating to "Call of Duty: Warzone" were made under the mistaken
2  belief that such purchaser was buying Warzone's game, and Warzone is not
3  seeking to recover, and cannot recover, Activision's profits from "Call of Duty:
4  Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R,
5  2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this
6  Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse
7  confusion theory").

8  Subject to and without waiving the foregoing objections, in March 2020
9  Activision released to the public a stand-alone, free-to-play game titled *Call of*
10 *Duty: Warzone*. Since *Call of Duty: Warzone* is free-to-play and is not available
11 for "sale" at any retail outlet, Activision did not receive any revenue from the
12 "sale" of such game. On or about March 20, 2024, Activision released to the
13 public a mobile version of *Call of Duty: Warzone,* titled *Call of Duty: Warzone*
14 *Mobile. Call of Duty: Warzone Mobile* is available for free download on the Apple
15 App Store and Google Play Store, and thus there are no "sales" of such game.

17 **INTERROGATORY NO. 10:**
18 State Activision's total marketing expenditure in connection with the
19 advertisement, sale, or offering of any products or services that bears or
20 incorporates the term WARZONE.
21 **RESPONSE TO INTERROGATORY NO. 10:**
22 Activision objects to this Interrogatory on the ground that it is overbroad,
23 unduly burdensome, and seeks information that is not relevant to the subject matter
24 of this action nor reasonably calculated to lead to the discovery of admissible
25 evidence.
26 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**
27 Activision objects to this Interrogatory on the ground that it is overbroad,
28 unduly burdensome, and seeks information that is not relevant to the subject matter

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Activision refers Warzone to the profit-and-loss statement produced in this action, from which the answer to this Interrogatory may be ascertained or derived.

**INTERROGATORY NO. 11:**

State Activision's total revenue of any products or services that bears or incorporates the term WARZONE.

**RESPONSE TO INTERROGATORY NO. 11:**

Activision objects to this Interrogatory on the ground that it is unduly burdensome and seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory").

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Activision objects to this Interrogatory on the ground that it is unduly burdensome and seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat*

*Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory"). Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Activision refers Warzone to the profit-and-loss statement produced in this action, from which the answer to this Interrogatory may be ascertained or derived.

**INTERROGATORY NO. 13:**

Identify all Activision games offered for sale or download that bears or incorporates WARZONE in its title.

**RESPONSE TO INTERROGATORY NO. 13:**

The only Activision game offered for sale or download that bears or incorporates the term "warzone" in the title is "Call of Duty: Warzone."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

1. "Call of Duty: Warzone."
2. "Call of Duty: Warzone Mobile."

DATED: August 23, 2024

MARC E. MAYER
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
Marc E. Mayer (SBN 190969)
Attorneys for Activision Publishing, Inc.

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is ala@msk.com.

On August 23, 2024, I served a copy of the foregoing document(s) described as **SECOND SUPPLEMENTAL RESPONSE OF ACTIVISION PUBLISHING, INC. TO FIRST SET OF INTERROGATORIES OF WARZONE.COM, LLC,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

| | |
|---|---|
| Alyssa K. Schabloski<br>GLADIUS LAW, APC<br>2708 Wilshire Blvd., No. 426<br>Santa Monica, CA 90403<br>Tel: (310) 734-0720<br>Email: aks@gladiuslaw.com<br><br>***Attorneys for Defendant and Counterclaimant Warzone.com, LLC*** | Brett E. Lewis<br>Roberto Ledesma<br>Michael D. Cilento<br>Jane Jang<br>Savita Sivakumar<br>LEWIS & LIN, LLC<br>77 Sands Street, 6th Floor<br>Brooklyn, NY 11201<br>Tel: (718) 243-9323<br>Fax: (718) 243-9326<br>Email: brett@ilawco.com<br>roberto@ilawco.com<br>michael@ilawco.com<br>jane@ilawco.com<br>savita@ilawco.com<br><br>***Attorneys for Defendant and Counterclaimant Warzone.com, LLC*** |

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on August 23, 2024, at Los Angeles, California.

                                                */s/ Alexandra L. Anfuso*
                                                   Alexandra L. Anfuso