# EXHIBIT 36

MARC E. MAYER (SBN 190969)
 mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
 kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Activision Publishing,
Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARZONE.COM, LLC,<br><br><br><br>　　　　　Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT ACTIVISION PUBLISHING, INC.'S RESPONSES TO DEFENDANT AND COUNTERCLAIMANT WARZONE.COM, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| WARZONE.COM, LLC,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　　Counterdefendant. | |

PROPOUNDING PARTY:   Defendant and Counterclaimant Warzone.com, LLC

RESPONDING PARTY:    Plaintiff and Counterclaim Defendant Activision
                     Publishing, Inc

SET NO.:             One

Mitchell
Silberberg &
Knupp LLP

13679644.3

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**

Pursuant to Federal Rule of Civil Procedure 34 and the corresponding Local Rules of the Central District of California, Plaintiff and Counterclaim Defendant Activision Publishing, Inc. ("Plaintiff" or "Activision") hereby responds to Defendant and Counterclaimant Warzone.com, LLC's ("Defendant" or "Warzone") First Set of Requests for Production (the "Requests").

## **PRELIMINARY STATEMENT**

1.     These responses are made solely for the purposes of this action.  Any information or documents provided in response to any particular Request is provided subject to and without waiving any objections as to competence, relevance, materiality, propriety, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2.     The following responses are based upon information and documents presently available to and located by Activision.  Activision has not completed its investigation of this action, has not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Requests.  Activision specifically reserves the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts.  Activision reserves all rights to rely at trial, or for any purpose in connection with this action, upon any and all information and documents, whether or not provided in response to any particular Request.  Nothing stated herein shall constitute or be construed as a waiver of Activision's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3.      No incidental or implied admissions are intended by the responses herein.  The fact that Activision has agreed to respond to any particular Request is not intended, and shall not be construed as, a waiver by Activision of any part of any objection to any such Request, or any part of any General Objection.  The fact that Activision responds or objects to any particular Request or part thereof is not intended and shall not be construed as an admission that Activision accepts or admits the existence of any facts or documents set forth in or assumed by such Request, or that such response, objection, or document produced constitutes admissible evidence.

4.      Because of the confidential, proprietary and commercially sensitive nature of certain of the documents and tangible things related to this action, Activision requires the entry of an appropriate confidentiality agreement and/or protective order before the production of non-privileged documents related to this action.

## **GENERAL OBJECTIONS**

1.      Activision objects to these Requests, as a whole, on the grounds that they are premature and place an unfair and undue burden on Activision's exercise of its First Amendment rights.  Activision has filed a Motion to Dismiss the Counterclaims and for Judgment on the Pleadings on its Complaint, on the grounds that any trademark claims asserted by Warzone are barred by the First Amendment.  The Motion to Dismiss is scheduled to be heard on December 10, 2021.  If granted, the Motion will dispose of all of the claims in this action.  If Activision is required to respond to discovery and produce documents prior to a ruling on its Motion, such a requirement would have a chilling effect on Activision's free speech rights, as well as the free speech rights of other game developers who are unable to bear the expense of litigation and thus will not exercise their First Amendment rights.

Mitchell
Silberberg &
Knupp LLP

13679644.3

3

RESPONSE TO REQUEST FOR PRODUCTION, SET ONE

2.      Activision objects to these Requests to the extent that they seek documents or information that is proprietary, confidential, and/or constitutes a trade secret, including but not limited to financial information, marketing and advertising information, business plans and strategies, and internal policies and procedures.  Activision will produce such documents only after the issuance of an appropriate protective order that permits highly confidential documents to be produced on an "attorneys' eyes only" basis.

3.      Activision objects to Plaintiff's Definitions, and to each and every Request, to the extent they purport to impose obligations on Activision different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or the Civil Local Rules of United States District Court for the Central District of California.

4.      Activision objects to each Request to the extent that the Request seeks documents or information that are not within Activision's possession, custody, or control and/or solely within the possession, custody or control of entities other than Activision.  These responses are provided only on behalf of Activision, and Activision will only produce documents and information within its own possession, custody, or control.

5.      Activision objects to each Request as unduly burdensome to the extent it seeks documents already available to Warzone, or in the possession, custody, or control of Warzone.

6.      Activision objects to each Request to the extent that the Request seeks documents and information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines.  Activision shall not provide documents or information so protected.  This objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Activision or obtained such knowledge solely through communications with

counsel for Activision.  Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Activision's rights to object to the use of such information.

7.      Activision objects to the Requests as a whole to the extent they are overbroad, and unduly burdensome, duplicative, oppressive, and harassing, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

8.      Activision objects to each Request to the extent that the Request seeks documents and information that are highly confidential, sensitive, and/or proprietary business information and/or trade secrets.  Activision will provide such information only after the issuance of an appropriate protective order.

9.      Activision objects to each Request to the extent that the Request seeks documents and information protected from disclosure by privacy rights enumerated in or recognized by the common law, State or federal statutes, any relevant State Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, private and sensitive documents and information regarding Activision's employees, agents, and clients.

10.      Activision objects to each Request to the extent that it calls for the production of electronically stored information that is not reasonably accessible because of undue burden or cost.

11.      Activision objects to each Request to the extent it demands information that is likely to be the subject of expert testimony.  Activision will make its expert disclosures at the appropriate time and in the appropriate manner.

12.      Activision objects to each Request to the extent that it implies the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions.

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**

13.    Activision objects to Definition D to the extent it implies that Warzone has ever had any trademark rights in the term "WARZONE."

14.    Defendant objects to each Request to the extent it is unlimited in temporal scope.

15.    The foregoing General Objections apply to all of the Requests propounded by Warzone, and are incorporated into each specific response made herein.

## RESPONSE TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents, communications, and things that Activision used, or obtained information from, in order to answer Warzone's First Request for Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Activision objects to this Request on the ground that it is overbroad and seeks documents and information that is protected by the attorney-client privilege or attorney work product doctrine.  Activision further objects to this Request on the ground that it seeks documents and information that are highly confidential, sensitive, and/or proprietary business information and/or trade secrets. Activision further objects to this Request on the ground that it is unduly burdensome, as it seeks documents already available to Warzone, or in the possession, custody, or control of Warzone.  Activision further objects to this Request on the ground that the phrase "use, or obtained information from" is vague, ambiguous, and overbroad.  Activision will interpret this Request to seek documents and information referred to in its responses to Warzone's First Request for Interrogatories.

Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action,

1   Activision will produce non-privileged documents in its possession, custody or

2   control that are referred to in its responses to Warzone's First Request for

3   Interrogatories, to the extent such documents exist.

4

5   **REQUEST FOR PRODUCTION NO. 2:**

6       All documents, communications, and things that Activision used, or

7   obtained information from, to form the allegations in Activision's Complaint in

8   this Action.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

10      Activision objects to this Request on the ground that it is overbroad and

11  seeks documents and information that is protected by the attorney-client privilege

12  or attorney work product doctrine.  Activision further objects to this Request on the

13  ground that it seeks documents and information that are highly confidential,

14  sensitive, and/or proprietary business information and/or trade secrets. Activision

15  further objects to this Request on the ground that it is unduly burdensome, as it

16  seeks documents already available to Warzone, or in the possession, custody, or

17  control of Warzone.  Activision further objects to this Request on the ground that

18  the phrase "use, or obtained information from" is vague, ambiguous, and

19  overbroad.  Activision will interpret this Request to seek documents and

20  information that support the allegations in the Complaint.

21      Subject to and without waiving the foregoing objections, and only under the

22  terms of an appropriate protective order entered in the above-captioned action,

23  Activision will produce non-privileged documents in its possession, custody or

24  control that support the allegations in its Complaint, to the extent such documents

25  exist.

26

27

28

**REQUEST FOR PRODUCTION NO. 3:**

All documents, communications, and things relating to Activision's selection, adoption, and clearance of WARZONE to be used or incorporated into a title for any Activision video game(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Activision objects to this Request on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Activision further objects to this Request on the ground that it seeks documents and information that are highly confidential, sensitive, and/or proprietary business information and/or trade secrets. Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action, Activision will produce non-privileged documents in its possession, custody or control concerning Activision's selection and adoption of the title "Call of Duty: Warzone," to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, communications, and things relating to Activision's selection, adoption, and clearance of CALL OF DUTY WARZONE to be used or incorporated into a title for any Activision video game(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Activision objects to this Request on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Activision further objects to this Request on the ground that it

seeks documents and information that are highly confidential, sensitive, and/or proprietary business information and/or trade secrets.

Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action, Activision will produce non-privileged documents in its possession, custody or control concerning Activision's selection and adoption of the title "Call of Duty: Warzone," to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 5:**

All documents, communications, and things relating to Activision's knowledge of Warzone prior to Activision's adoption of WARZONE and CALL DUTY WARZONE as titles of video game(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Activision objects to this Request on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Activision further objects to this Request on the ground that the title of its video game is "Call of Duty: Warzone," not "Warzone."

Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action, Activision will produce non-privileged documents in its possession, custody or control relating to Activision's knowledge of Warzone prior to Activision's adoption of "Call of Duty: Warzone" as the title of its video game, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 6:**

All documents, communications, and things relating to any consumer confusion between Activision's use of WARZONE and Warzone's use of WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Activision objects to this Request on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine.  Activision further objects to this Request on the ground that it implies that there was any consumer confusion and on the ground that it states and assumes legal conclusions.

Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action, Activision will produce non-privileged documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, communications, and things relating to any consumer confusion between Activision's use of CALL OF DUTY WARZONE and Warzone's use of WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Activision objects to this Request on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine.  Activision further objects to this Request on the ground that it implies that there was any consumer confusion and on the ground that it states and assumes legal conclusions.

Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action, Activision will produce non-privileged documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 8:**

Documents and communications sufficient to establish the total marketing expenditure in connection with the advertisement, sale, or offering of any products or services that bears or incorporates the term or trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Activision objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing.  Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."   Activision further objects to this Request on the ground that it seeks documents and information that are highly confidential, sensitive, and/or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and communications sufficient to identify the retail channels, both physical and online, used by Activision in connection with the advertisement, sale, or offering of any products or services that bears or incorporates the term or trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Activision objects to this Request on the grounds that it is overbroad and unduly burdensome and harassing.  Activision also objects to this Request on the ground that it is vague and ambiguous, including because "Call of Duty: Warzone" is free-to-play and thus not "sold" to the public, and it is not possible to purchase any physical "product" containing the game "Call of Duty: Warzone."  Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."  Activision further objects to this

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**

1   Request on the ground that it seeks documents and information that are highly

2   confidential, sensitive, and/or proprietary business information and/or trade secrets.

3          Subject to and without waiving the foregoing objections, and only under the

4   terms of an appropriate protective order entered in the above-captioned action,

5   Activision will produce documents sufficient to reflect the retail channels in which

6   "Call of Duty: Warzone" products are sold or offered to the public, to the extent

7   such documents exist.

8

9   **REQUEST FOR PRODUCTION NO. 10:**

10         Documents and communications sufficient to identify the total monthly sales

11  in units and dollars of each product or service offered by Activision bearing or

12  incorporating the term or trademark WARZONE.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

14         Activision objects to this Request on the grounds that it is overbroad, unduly

15  burdensome and harassing, and seeks documents that are not relevant to the claims

16  and defenses in this action nor reasonably calculated to lead to the discovery of

17  admissible evidence, including because Warzone does not claim that any purchases

18  relating to "Call of Duty: Warzone" were made under the mistaken belief that such

19  purchaser was buying Warzone's game, and Warzone is not seeking to recover,

20  and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g.,*

21  *Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at

22  *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—

23  Plaintiff is not entitled to seek disgorgement under its reverse confusion theory").

24  Activision further objects to this Request insofar as it incorporates Definition D of

25  Warzone's First Request for Production, which definition implies that Warzone has

26  ever had any trademark rights in the term "WARZONE."

27

28

Mitchell
Silberberg &
Knupp LLP

13679644.3

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**

**REQUEST FOR PRODUCTION NO. 11:**

Documents and communications sufficient to identify the total monthly in-game or in-app purchases in units, points, and dollars made of each product or service offered by Activision bearing or incorporating the term or trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory"). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."


**REQUEST FOR PRODUCTION NO. 12:**

Documents and communications sufficient to identify the total revenue of products and services offered by Activision that bears or incorporates the term or trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of

1  admissible evidence, including because Warzone does not claim that any purchases

2  relating to "Call of Duty: Warzone" were made under the mistaken belief that such

3  purchaser was buying Warzone's game, and Warzone is not seeking to recover,

4  and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g.,*

5  *Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at

6  *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—

7  Plaintiff is not entitled to seek disgorgement under its reverse confusion theory").

8  Activision further objects to this Request insofar as it incorporates Definition D of

9  Warzone's First Request for Production, which definition implies that Warzone has

10  ever had any trademark rights in the term "WARZONE."

11

12  **REQUEST FOR PRODUCTION NO. 13:**

13     Documents and communications sufficient to identify the total number of

14  downloads for Activision games that bears or incorporates the term or trademark

15  WARZONE.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

17     Activision objects to this Request on the grounds that it is overbroad, unduly

18  burdensome and harassing, and seeks documents that are not relevant to the claims

19  and defenses in this action nor reasonably calculated to lead to the discovery of

20  admissible evidence, including because (1) Warzone does not claim that any

21  purchases relating to "Call of Duty: Warzone" were made under the mistaken

22  belief that such purchaser was buying Warzone's game, (2) Warzone is not seeking

23  to recover, and cannot recover, Activision's profits from the sale of "Call of Duty:

24  Warzone," *see, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R,

25  2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this

26  Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse

27  confusion theory"); and (3) Warzone's game is not available on any video game

28  console, and thus does not compete with Activision's "Call of Duty: Warzone" in

1  the console marketplace.  Activision further objects to this Request insofar as it

2  incorporates Definition D of Warzone's First Request for Production, which

3  definition implies that Warzone has ever had any trademark rights in the term

4  "WARZONE."

5       Subject to and without waiving the foregoing objections, and only under the

6  terms of an appropriate protective order entered in the above-captioned action,

7  Activision will produce documents sufficient to reflect the number of downloads

8  for the PC version of "Call of Duty: Warzone."

9

10 **REQUEST FOR PRODUCTION NO. 14:**

11      Documents and communications sufficient to identify total monthly volume

12 of all virtual currencies purchased within any product or service by Activision

13 bearing or incorporating the term of trademark WARZONE.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

15      Activision objects to this Request on the grounds that it is overbroad, unduly

16 burdensome and harassing, and seeks documents that are not relevant to the claims

17 and defenses in this action nor reasonably calculated to lead to the discovery of

18 admissible evidence, including because Warzone does not claim that any purchases

19 relating to "Call of Duty: Warzone" were made under the mistaken belief that such

20 purchaser was buying Warzone's game, and Warzone is not seeking to recover,

21 and cannot recover, Activision's profits from "Call of Duty: Warzone."  *See, e.g.,*

22 *Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at

23 *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—

24 Plaintiff is not entitled to seek disgorgement under its reverse confusion theory.").

25 Activision further objects to this Request insofar as it incorporates Definition D of

26 Warzone's First Request for Production, which definition implies that Warzone has

27 ever had any trademark rights in the term "WARZONE."

28

Mitchell
Silberberg &
Knupp LLP

13679644.3

15

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**

**REQUEST FOR PRODUCTION NO. 15:**

Documents and communications sufficient to identify total monthly volume of all virtual currencies spent within any product or service by Activision bearing or incorporating the term of trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear— Plaintiff is not entitled to seek disgorgement under its reverse confusion theory."). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."


**REQUEST FOR PRODUCTION NO. 16:**

Documents and communications sufficient to establish the web traffic for Activision games that bears or incorporates the term or trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, vague and ambiguous, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because "Call of Duty: Warzone" is not a web-based game and thus does not generate "web traffic."

Mitchell
Silberberg &
Knupp LLP

13679644.3

16

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**

1   Activision further objects to this Request insofar as it incorporates Definition D of

2   Warzone's First Request for Production, which definition implies that Warzone has

3   ever had any trademark rights in the term "WARZONE."  Activision further

4   objects to this Request as vague and ambiguous, particularly with respect to the

5   term "web traffic."   Activision further objects to this Request on the ground that it

6   seeks documents and information that are highly confidential, sensitive, and/or

7   proprietary business information and/or trade secrets.

8

9   **REQUEST FOR PRODUCTION NO. 17:**

10          Documents, communications, and things sufficient to identify any lawsuits

11  in which Activision has been sued for reverse trademark infringement.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13          Activision objects to this Request on the grounds that it is overbroad

14  (including because it contains no time limitation), unduly burdensome and

15  harassing, vague and ambiguous, and seeks documents that are not relevant to the

16  claims and defenses in this action nor reasonably calculated to lead to the

17  discovery of admissible evidence.  Activision further objects to this Request to the

18  extent that it seeks information more properly the subject of an Interrogatory.

19          Subject to and without waiving the foregoing objections, other than this

20  lawsuit Activision has not been sued by any person or entity for reverse confusion

21  in connection with any "Call of Duty" game, and thus, it has no documents

22  responsive to this Request.

23

24  **REQUEST FOR PRODUCTION NO. 18:**

25          Documents, communications, and things sufficient to identify any trademark

26  disputes or lawsuits in which Activision has invoked the defense of the expressive

27  use doctrine.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

2      Activision objects to this Request on the grounds that it is overbroad

3  (including because it contains no time limitation), unduly burdensome and

4  harassing, vague and ambiguous, and seeks documents that are not relevant to the

5  claims and defenses in this action nor reasonably calculated to lead to the

6  discovery of admissible evidence.   Activision further objects to this Request to the

7  extent that it seeks information more properly the subject of an Interrogatory.

8

9  **REQUEST FOR PRODUCTION NO. 19:**

10     Documents, communications, and things sufficient to identify any trademark

11  disputes or lawsuits in which Activision has disputed the applicability or validity

12  of the expressive use doctrine.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

14     Activision objects to this Request on the grounds that it is overbroad

15  (including because it contains no time limitation), unduly burdensome and

16  harassing, vague and ambiguous, and seeks documents that are not relevant to the

17  claims and defenses in this action nor reasonably calculated to lead to the

18  discovery of admissible evidence.  Activision further objects to this Request on the

19  ground that it seeks information more properly the subject of an Interrogatory.

20

21  **REQUEST FOR PRODUCTION NO. 20:**

22     Documents, communications, and things sufficient to identify any lawsuits

23  in which Activision has been found liable for trademark infringement.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

25     Activision objects to this Request on the grounds that it is overbroad

26  (including because it contains no time limitation), unduly burdensome and

27  harassing, vague and ambiguous, and seeks documents that are not relevant to the

28  claims and defenses in this action nor reasonably calculated to lead to the

1   discovery of admissible evidence.  Activision further objects to this Request on the

2   ground that it seeks information more properly the subject of an Interrogatory.

3

4   **REQUEST FOR PRODUCTION NO. 21:**

5        Documents, communications, and things sufficient to identify any persons

6   responsible for the selection of WARZONE to be used or incorporated into a title

7   for any Activision video game(s).

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

9        Activision objects to this Request on the ground that it is overbroad and

10   seeks information that is protected by the attorney-client privilege or attorney work

11   product doctrine.  Activision further objects to this Request insofar as it

12   incorporates Definition D of Warzone's First Request for Production, which

13   definition implies that Warzone has ever had any trademark rights in the term

14   "WARZONE."  Activision further objects to this Request to the extent that it seeks

15   information more properly the subject of an Interrogatory.

16        Subject to and without waiving the foregoing objections, and only under the

17   terms of an appropriate protective order entered in the above-captioned action,

18   Activision will produce documents in its possession, custody or control that are

19   responsive to this Request, to the extent such documents exist.

20

21   **REQUEST FOR PRODUCTION NO. 22:**

22        Documents, communications, and things sufficient to identify any use by

23   Activision of WARZONE in an expressive manner.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

25        Activision objects to this Request on the ground that it is vague and

26   ambiguous, including because "use…in an expressive manner" mischaracterizes

27   the legal standard.  Activision further objects to this Request insofar as it

28   incorporates Definition D of Warzone's First Request for Production, which

Mitchell
Silberberg &
Knupp LLP

13679644.3

19

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**

1  definition implies that Warzone has ever had any trademark rights in the term

2  "WARZONE."

3       Subject to and without waiving the foregoing objections, and only under the

4  terms of an appropriate protective order entered in the above-captioned action,

5  Activision will produce documents sufficient to instruct Warzone as to how to

6  download "Call of Duty: Warzone," as well as screen captures and videos

7  reflecting gameplay from "Call of Duty: Warzone."  Additionally, if Warzone does

8  not possess a game console or Windows PC that meets the minimum

9  specifications, Activision will make available at its counsel's office a game

10  console with Call of Duty: Warzone pre-installed.

11

12  **REQUEST FOR PRODUCTION NO. 23:**

13       Documents, communications, and things sufficient to identify any claims by

14  Activision that the term WARZONE does or does not function as a trademark in

15  connection with video game services.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

17       Activision objects to this Request on the grounds that it is overbroad

18  (including because it contains no time limitation), unduly burdensome and

19  harassing, vague and ambiguous, and seeks documents that are not relevant to the

20  claims and defenses in this action nor reasonably calculated to lead to the

21  discovery of admissible evidence.  Activision further objects to this Request

22  insofar as it incorporates Definition D of Warzone's First Request for Production,

23  which definition implies that Warzone has ever had any trademark rights in the

24  term "WARZONE."

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

13679644.3

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**

**REQUEST FOR PRODUCTION NO. 24:**

Documents, communications, and things sufficient to identify any WARZONE formative trademark applications filed by Activision, anywhere in the world.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Activision objects to this Request on the grounds that it is overbroad (including because it contains no time limitation), unduly burdensome and harassing, vague and ambiguous, seeks documents that already are in the possession, custody, and control of Warzone, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action, Activision will produce documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 25:**

Documents, communications, and things sufficient to identify any use by Activision of WARZONE in a manner that relates to or comments on Warzone's use of WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Activision objects to this Request on the grounds that it is overbroad (including because it contains no time limitation), unduly burdensome and harassing, vague and ambiguous, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because a title of an expressive work does not need to be "referential" to be subject to First Amendment protection. *See, e.g., Twentieth Century Fox Television v. Empire Distribution, Inc.*, 875 F.3d 1192,

Mitchell
Silberberg &
Knupp LLP

13679644.3

21

1199 (9th Cir. 2017) ("Reference to another work may be a component of artistic relevance, but it is not a prerequisite.")  Subject to and without waiving the foregoing objections, Activision is unaware of the existence of documents in its possession, custody or control that are responsive to this Request.


DATED:  November 22, 2021          MARC E. MAYER
                                   KARIN G. PAGNANELLI
                                   MITCHELL SILBERBERG & KNUPP LLP


                                   By: _____
                                        Marc E. Mayer (SBN 190969)
                                        Attorneys for Activision Publishing, Inc.

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

     I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is szm@msk.com.

4

5

     On November 22, 2021, I served a copy of the foregoing document(s) described as **PLAINTIFF AND COUNTERCLAIM DEFENDANT ACTIVISION PUBLISHING, INC.'S RESPONSES TO DEFENDANT AND COUNTERCLAIMANT WARZONE.COM, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS,** on the interested parties in this action at their last known address as set forth below by taking the action described below: [SEE ATTACHED SERVICE LIST]

6

7

8

9

   ☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

10

11

12

     I declare under penalty of perjury under the laws of the United States that the above is true and correct.

13

14

     Executed on November 22, 2021, at Los Angeles, California.

15

16

_____
                         Suguey Melara

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

13679644.3

23

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**

## <u>SERVICE LIST</u>

Alyssa K. Schabloski (SBN 258876)
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720
Email: aks@gladiuslaw.com

***Attorneys for Defendant and***
***Counterclaimant***
***Warzone.com, LLC***

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Brett@iLawco.com
          roberto@ilawco.com
          michael@ilawco.com

***Attorneys for Defendant and***
***Counterclaimant***
***Warzone.com, LLC***

**RESPONSE TO REQUEST FOR PRODUCTION, SET ONE**