# EXHIBIT 37

MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
ALEXANDRA L. ANFUSO (SBN 333440)
  ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LINDSAY R. EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARZONE.COM, LLC,<br><br>　　　　Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT ACTIVISION PUBLISHING, INC.'S CORRECTED SUPPLEMENTAL RESPONSE TO WARZONE.COM, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| WARZONE.COM, LLC,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Counterdefendant. | |

Mitchell Silberberg & Knupp LLP
20153960.1

**CORRECTED** SUPPLEMENTAL RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

| | |
|---|---|
| PROPOUNDING PARTY: | WARZONE.COM, LLC |
| RESPONDING PARTY: | ACTIVISION PUBLISHING, INC. |
| SET NO.: | ONE (SUPPLEMENTAL) |

Pursuant to Federal Rule of Civil Procedure 34 and the corresponding Local Rules of the Central District of California, Plaintiff and Counterclaim Defendant Activision Publishing, Inc. ("Plaintiff" or "Activision") hereby provides the following supplemental responses to Defendant and Counterclaimant Warzone.com, LLC's ("Defendant" or "Warzone") First Set of Requests for Production (the "Requests").

## PRELIMINARY STATEMENT

1. These responses are made solely for the purposes of this action. Any information or documents provided in response to any particular Request is provided subject to and without waiving any objections as to competence, relevance, materiality, propriety, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2. The following responses are based upon information and documents presently available to and located by Activision. Activision has not completed its investigation of this action, has not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Requests. Activision specifically reserves the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts. Activision reserves all rights to rely at trial, or for any purpose in connection with this action, upon any and all information and documents, whether or not provided in response to any particular Request. Nothing stated herein shall

Mitchell Silberberg & Knupp LLP

20153960.1

2

**CORRECTED** SUPPLEMENTAL RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

constitute or be construed as a waiver of Activision's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3. No incidental or implied admissions are intended by the responses herein. The fact that Activision has agreed to respond to any particular Request is not intended, and shall not be construed as, a waiver by Activision of any part of any objection to any such Request, or any part of any General Objection. The fact that Activision responds or objects to any particular Request or part thereof is not intended and shall not be construed as an admission that Activision accepts or admits the existence of any facts or documents set forth in or assumed by such Request, or that such response, objection, or document produced constitutes admissible evidence.

4. Because of the confidential, proprietary and commercially sensitive nature of certain of the documents and tangible things related to this action, Activision will only produce such documents pursuant to the protective order issued in this action.

**GENERAL OBJECTIONS**

1. Activision objects to these Requests to the extent that they seek documents or information that is proprietary, confidential, and/or constitutes a trade secret, including but not limited to financial information, marketing and advertising information, business plans and strategies, and internal policies and procedures. Activision will only produce such documents pursuant to the protective order issued in this action.

2. Activision objects to Plaintiff's Definitions, and to each and every Request, to the extent they purport to impose obligations on Activision different from, or in addition to, those imposed by the Federal Rules of Civil Procedure

and/or the Civil Local Rules of United States District Court for the Central District of California.

3. Activision objects to each Request to the extent that the Request seeks documents or information that are not within Activision's possession, custody, or control and/or solely within the possession, custody or control of entities other than Activision. These responses are provided only on behalf of Activision, and Activision will only produce documents and information within its own possession, custody, or control.

4. Activision objects to each Request as unduly burdensome to the extent it seeks documents already available to Warzone, or in the possession, custody, or control of Warzone.

5. Activision objects to each Request to the extent that the Request seeks documents and information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines. Activision shall not provide documents or information so protected. This objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Activision or obtained such knowledge solely through communications with counsel for Activision. Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Activision's rights to object to the use of such information.

6. Activision objects to the Requests as a whole to the extent they are overbroad, and unduly burdensome, duplicative, oppressive, and harassing, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

7. Activision objects to each Request to the extent that the Request seeks documents and information that are highly confidential, sensitive, and/or proprietary business information and/or trade secrets. Activision will only produce such documents pursuant to the protective order issued in this action.

8. Activision objects to each Request to the extent that the Request seeks documents and information protected from disclosure by privacy rights enumerated in or recognized by the common law, State or federal statutes, any relevant State Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, private and sensitive documents and information regarding Activision's employees, agents, and clients.

9. Activision objects to each Request to the extent that it calls for the production of electronically stored information that is not reasonably accessible because of undue burden or cost.

10. Activision objects to each Request to the extent it demands information that is likely to be the subject of expert testimony. Activision will make its expert disclosures at the appropriate time and in the appropriate manner.

11. Activision objects to each Request to the extent that it implies the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions.

12. Activision objects to Definition D to the extent it implies that Warzone has ever had any trademark rights in the term "WARZONE."

13. Defendant objects to each Request to the extent it is unlimited in temporal scope.

14. The foregoing General Objections apply to all of the Requests propounded by Warzone, and are incorporated into each specific response made herein.

## RESPONSE TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 6:**

All documents, communications, and things relating to any consumer confusion between Activision's use of WARZONE and Warzone's use of WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Activision objects to this Request on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Activision further objects to this Request on the ground that it implies that there was any consumer confusion and on the ground that it states and assumes legal conclusions.

Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action, Activision will produce non-privileged documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Activision objects to this Request on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Activision further objects to this Request on the ground that it implies that there was any consumer confusion and on the ground that it states and assumes legal conclusions.

Subject to and without waiving the foregoing objections, Activision responds as follows: Following a reasonably diligent search, Activision has no responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO.7:**

All documents, communications, and things relating to any consumer confusion between Activision's use of CALL OF DUTY WARZONE and Warzone's use of WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Activision objects to this Request on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Activision further objects to this Request on the ground that it implies that there was any consumer confusion and on the ground that it states and assumes legal conclusions.

Subject to and without waiving the foregoing objections, and only under the terms of an appropriate protective order entered in the above-captioned action, Activision will produce non-privileged documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Activision objects to this Request on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Activision further objects to this Request on the ground that it implies that there was any consumer confusion and on the ground that it states and assumes legal conclusions.

Subject to and without waiving the foregoing objections, Activision responds as follows: Following a reasonably diligent search, Activision has no responsive, documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

Documents and communications sufficient to establish the total marketing expenditure in connection with the advertisement, sale, or offering of any products or services that bears or incorporates the term or trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Activision objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing. Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE." Activision further objects to this Request on the ground that it seeks documents and information that are highly confidential, sensitive, and/or proprietary business information and/or trade secrets.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Activision objects to this Request on the ground that it is overbroad and unduly burdensome, oppressive and harassing. Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE." Activision further objects to this Request on the ground that it seeks documents and information that are highly confidential, sensitive, and/or proprietary business information and/or trade secrets.

Subject to and without waiving the foregoing objections, and pursuant to the protective order entered in the above-captioned action, Activision will provide a profit and loss statement for the relevant time period.

**REQUEST FOR PRODUCTION NO. 10:**

Documents and communications sufficient to identify the total monthly sales in units and dollars of each product or service offered by Activision bearing or incorporating the term or trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of

admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory"). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory"). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

Subject to and without waiving the foregoing objections, and pursuant to the protective order entered in the above-captioned action, Activision will provide a profit and loss statement for the relevant time period.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and communications sufficient to identify the total monthly in-game or in-app purchases in units, points, and dollars made of each product or service offered by Activision bearing or incorporating the term or trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory"). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g.,*

*Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory"). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

Subject to and without waiving the foregoing objections, and pursuant to the protective order entered in the above-captioned action, Activision will provide a profit and loss statement for the relevant time period.

**REQUEST FOR PRODUCTION NO. 12:**

Documents and communications sufficient to identify the total revenue of products and services offered by Activision that bears or incorporates the term or trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory"). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

Mitchell Silberberg & Knupp LLP

20153960.1

11

**CORRECTED SUPPLEMENTAL RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory"). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

Subject to and without waiving the foregoing objections, and pursuant to the protective order entered in the above-captioned action, Activision will provide a profit and loss statement for the relevant time period.

**REQUEST FOR PRODUCTION NO. 14:**

Documents and communications sufficient to identify total monthly volume of all virtual currencies purchased within any product or service by Activision bearing or incorporating the term of trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases

relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory."). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory."). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

Subject to and without waiving the foregoing objections, and pursuant to the protective order entered in the above-captioned action, Activision will provide a profit and loss statement for the relevant time period.

**REQUEST FOR PRODUCTION NO. 15:**

Documents and communications sufficient to identify total monthly volume of all virtual currencies spent within any product or service by Activision bearing or incorporating the term of trademark WARZONE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory."). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Activision objects to this Request on the grounds that it is overbroad, unduly burdensome and harassing, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Warzone does not claim that any purchases relating to "Call of Duty: Warzone" were made under the mistaken belief that such purchaser was buying Warzone's game, and Warzone is not seeking to recover, and cannot recover, Activision's profits from "Call of Duty: Warzone." *See, e.g., Scat Enterprises, Inc. v. FCA US LLC*, No. CV 14-7995-R, 2017 WL 5896182, at

*2 (C.D. Cal. June 8, 2017) ("The relevant case law of this Circuit is clear—Plaintiff is not entitled to seek disgorgement under its reverse confusion theory."). Activision further objects to this Request insofar as it incorporates Definition D of Warzone's First Request for Production, which definition implies that Warzone has ever had any trademark rights in the term "WARZONE."

Subject to and without waiving the foregoing objections, and pursuant to the protective order entered in the above-captioned action, Activision will provide a profit and loss statement for the relevant time period.

**REQUEST FOR PRODUCTION NO. 18:**

Documents, communications, and things sufficient to identify any trademark disputes or lawsuits in which Activision has invoked the defense of the expressive use doctrine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Activision objects to this Request on the grounds that it is overbroad (including because it contains no time limitation), unduly burdensome and harassing, vague and ambiguous, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request to the extent that it seeks information more properly the subject of an Interrogatory.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Activision objects to this Request on the grounds that it is overbroad (including because it contains no time limitation), unduly burdensome and harassing, vague and ambiguous, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request to the extent that it seeks information more properly the subject of an Interrogatory.

Mitchell Silberberg & Knupp LLP

20153960.1

15

**CORRECTED SUPPLEMENTAL RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

Subject to and without waiving the foregoing objections, and pursuant to the protective order entered in the above-captioned action, Activision will produce documents sufficient to identify any disputes between Activision and third parties within the U.S. related to use of the term "warzone," to the extent any exist.

**REQUEST FOR PRODUCTION NO. 19:**

Documents, communications, and things sufficient to identify any trademark disputes or lawsuits in which Activision has disputed the applicability or validity of the expressive use doctrine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Activision objects to this Request on the grounds that it is overbroad (including because it contains no time limitation), unduly burdensome and harassing, vague and ambiguous, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information more properly the subject of an Interrogatory.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Activision objects to this Request on the grounds that it is overbroad (including because it contains no time limitation), unduly burdensome and harassing, vague and ambiguous, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information more properly the subject of an Interrogatory.

Subject to and without waiving the foregoing objections, and pursuant to the protective order entered in the above-captioned action, Activision will produce documents sufficient to identify any disputes between Activision and third parties within the U.S. related to use of the term "warzone," to the extent any exist.

**REQUEST FOR PRODUCTION NO. 20:**

Documents, communications, and things sufficient to identify any lawsuits in which Activision has been found liable for trademark infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Activision objects to this Request on the grounds that it is overbroad (including because it contains no time limitation), unduly burdensome and harassing, vague and ambiguous, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information more properly the subject of an Interrogatory.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Activision objects to this Request on the grounds that it is overbroad (including because it contains no time limitation), unduly burdensome and harassing, vague and ambiguous, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information more properly the subject of an Interrogatory.

Subject to and without waiving the foregoing objections, and pursuant to the protective order entered in the above-captioned action, Activision will produce documents sufficient to identify any disputes between Activision and third parties within the U.S. related to use of the term "warzone," to the extent any exist.

DATED: September 5, 2024

MARC E. MAYER
KARIN G. PAGNANELLI
LINDSAY R. EDELSTEIN
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
Marc E. Mayer (SBN 190969)
Attorneys for Activision Publishing, Inc.

# PROOF OF SERVICE

STATE OF NEW YORK, COUNTY OF KINGS

I am employed in the County of Kings, State of New York, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067, and my business email address is szm@msk.com.

On September 5, 2024, I served a copy of the foregoing document(s) described as **PLAINTIFF AND COUNTERCLAIM DEFENDANT ACTIVISION PUBLISHING, INC.'S CORRECTED SUPPLEMENTAL RESPONSE TO WARZONE.COM, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Alyssa K. Schabloski
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720
Email: aks@gladiuslaw.com

*Attorneys for Defendant and Counterclaimant Warzone.com, LLC*

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
Jane Jang
Savita Sivakumar
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: brett@ilawco.com
       roberto@ilawco.com
       michael@ilawco.com
       jane@ilawco.com
       savita@ilawco.com

*Attorneys for Defendant and Counterclaimant Warzone.com, LLC*

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 5, 2024, at Los Angeles, California.

*/s/ Suguey G. Melara*
Suguey G. Melara