# EXHIBIT 40

1  MARC E. MAYER (SBN 190969)
       mem@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
       kgp@msk.com
3  ALEXANDRA L. ANFUSO (SBN 333440)
       ala@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA 90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  LINDSAY EDELSTEIN (*pro hac vice*)
       lre@msk.com
8  MITCHELL SILBERBERG & KNUPP LLP
   437 Madison Ave., 25th Floor
9  New York, New York 10022-7001
   Telephone: (212) 509-3900
10 Facsimile: (212) 509-7239

11 Attorneys for Activision Publishing,
   Inc.

12

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15 ACTIVISION PUBLISHING, INC., a      | CASE NO. 2:21-cv-3073-FLA (JCx)
   Delaware corporation,
16                                      | [Assigned to Judge Fernando L. Aenlle-Rocha]
                Plaintiff,
17                                      | **ACTIVISION PUBLISHING,
        v.                             | INC.'S RESPONSE TO
18                                      | WARZONE.COM, LLC'S THIRD
   WARZONE.COM, LLC,                    | REQUEST FOR PRODUCTION OF
19                                      | DOCUMENTS [NOS. 47-127]**
                Defendants.
20

21 WARZONE.COM, LLC,

22                Counterclaimant,

23        v.

24 ACTIVISION PUBLISHING, INC., a
   Delaware corporation,
25
                Counterdefendant.
26

27

28

Mitchell
Silberberg &
Knupp LLP

1  PROPOUNDING PARTY:          WARZONE.COM, LLC

2  RESPONDING PARTY:           ACTIVISION PUBLISHING, INC.

3  SET NO.:                    THREE

4

5          Pursuant to Federal Rule of Civil Procedure 34 and the corresponding Local

6  Rules of the Central District of California, Plaintiff and Counterclaim Defendant

7  Activision Publishing, Inc. ("Plaintiff" or "Activision") hereby responds to

8  Defendant and Counterclaimant Warzone.com, LLC's ("Defendant" or

9  "Warzone") Third Set of Requests for Production (the "Requests").

10

11                    **PRELIMINARY STATEMENT**

12         1.     These responses are made solely for the purposes of this action.  Any

13  information or documents provided in response to any particular Request is

14  provided subject to and without waiving any objections as to competence,

15  relevance, materiality, propriety, admissibility, and all other objections on grounds

16  that would permit or require the exclusion of such information or document if it

17  were offered in evidence, all of which objections and grounds are hereby expressly

18  reserved and may be interposed at the time of trial or in response to any motion or

19  application.

20         2.     The following responses are based upon information and documents

21  presently available to and located by Activision.  Activision has not completed its

22  investigation of this action, has not completed discovery, and may in the future

23  discover additional facts, information, and/or documents responsive to the

24  Requests.  Activision specifically reserves the right to amend and/or supplement

25  these responses at any time and produce evidence of any subsequently discovered

26  facts.  Activision reserves all rights to rely at trial, or for any purpose in connection

27  with this action, upon any and all information and documents, whether or not

28

Mitchell
Silberberg &
Knupp LLP

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

provided in response to any particular Request.  Nothing stated herein shall constitute or be construed as a waiver of Activision's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3.    No incidental or implied admissions are intended by the responses herein.  The fact that Activision has agreed to respond to any particular Request is not intended, and shall not be construed as, a waiver by Activision of any part of any objection to any such Request, or any part of any General Objection.  The fact that Activision responds or objects to any particular Request or part thereof is not intended and shall not be construed as an admission that Activision accepts or admits the existence of any facts or documents set forth in or assumed by such Request, or that such response, objection, or document produced constitutes admissible evidence.

4.    Because of the confidential, proprietary and commercially sensitive nature of certain of the documents and tangible things related to this action, the production of non-privileged documents related to this action will be produced pursuant to the protective order entered in this action.

## **GENERAL OBJECTIONS**

1.    Activision objects to these Requests to the extent that they seek documents or information that is sensitive, proprietary, confidential, and/or constitutes a trade secret, including but not limited to financial information, marketing and advertising information, business plans and strategies, and internal policies and procedures.  Activision will produce such documents pursuant to the protective order entered in this action.

2.    Activision objects to Warzone's Definitions, and to each and every Request, to the extent they purport to impose obligations on Activision different

3

from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or the Civil Local Rules of United States District Court for the Central District of California.

3.    Activision objects to each Request to the extent that the Request seeks documents or information that are not within Activision's possession, custody, or control and/or solely within the possession, custody or control of entities other than Activision.  These responses are provided only on behalf of Activision, and Activision will only produce documents and information within its own possession, custody, or control.

4.    Activision objects to each Request as unduly burdensome to the extent it seeks documents already available to Warzone, or in the possession, custody, or control of Warzone.

5.    Activision objects to each Request to the extent that the Request seeks documents and information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines.  Activision shall not provide documents or information so protected.  This objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Activision or obtained such knowledge solely through communications with counsel for Activision.  Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Activision's rights to object to the use of such information.

6.    Activision objects to the Requests as a whole to the extent they are overbroad, and unduly burdensome, duplicative, oppressive, and harassing, considering the needs of the case, the amount in controversy, the parties' resources,

4

the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

7.    Activision objects to each Request to the extent that the Request seeks documents and information protected from disclosure by privacy rights enumerated in or recognized by the common law, State or federal statutes, any relevant State Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, private and sensitive documents and information regarding Activision's employees, agents, and clients.

8.    Activision objects to each Request to the extent that it calls for the production of electronically stored information that is not reasonably accessible because of undue burden or cost.

9.    Activision objects to each Request to the extent it demands information that is likely to be the subject of expert testimony.  Activision will make its expert disclosures at the appropriate time and in the appropriate manner.

10.    Activision objects to each Request to the extent that it implies the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions.

11.    Activision objects to Definition 3 to the extent it implies that Warzone has ever had any trademark rights in the term "WARZONE."

12.    Defendant objects to each Request to the extent it is unlimited in temporal scope.

13.    The foregoing General Objections apply to all of the Requests propounded by Warzone, and are incorporated into each specific response made herein.


## RESPONSE TO REQUEST FOR PRODUCTION

5

**REQUEST FOR PRODUCTION NO. 47:**

Documents and communications in which the word, name, term or mark WARZONE or Warzone is discussed, analyzed, considered or rejected by Activision, including but not limited to its potential use as a concept, brand, branding or market strategy for any Activision products, services or features, including but not limited to any discussion of whether WARZONE or Warzone might be a potential pillar, centerpiece, franchise (or the like) for Activision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because communications concerning the potential use of the term "Warzone" that did not materialize into actual uses have no bearing on this lawsuit. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Activision has produced or will non-privileged documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 48:**

Documents and communications reflecting, discussing, incorporating or analyzing any consumer or market surveys or testing conducted by, on behalf of, or at the request of Activision, regarding the use of the word, name, term or mark WARZONE or Warzone by Activision.

6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Activision has produced non-privileged documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 49:**

Documents and communications reflecting, discussing, projecting, forecasting, analyzing or in any other way referring to any value or benefit to Activision in obtaining a federal registered trademark in WARZONE or Warzone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because communications concerning the potential use of the term "Warzone" that did not materialize into actual uses have no bearing on this lawsuit. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Activision has produced non-privileged documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

1  **REQUEST FOR PRODUCTION NO. 50:**

2     Documents and communications sufficient to show any analysis of the value

3  or benefit to Activision in using the word, name, term or mark WARZONE or

4  Warzone, compared to any alternative word, name, term or mark, including but not

5  limited to any projections, strategic or branding analysis, forecasting, or market

6  expansion.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

8     Activision objects to this Request on the ground that it is overbroad, unduly

9  burdensome, and seeks documents that are not relevant to the claims and defenses

10  in this action nor reasonably calculated to lead to the discovery of admissible

11  evidence, including because communications concerning the potential use of the

12  term "Warzone" that did not materialize into actual uses have no bearing on this

13  lawsuit.  Activision further objects to this Request on the ground that it seeks

14  information that is protected by the attorney-client privilege or attorney work

15  product doctrine. Subject to and without waiving the foregoing objections,

16  Activision has produced non-privileged documents in its possession, custody or

17  control that are responsive to this Request, to the extent such documents exist.

18

19  **REQUEST FOR PRODUCTION NO. 51:**

20     Documents and communications in which Activision analyzes, considers,

21  projects or strategizes any value or benefit to Activision in excluding others from

22  using the word, name, term or mark WARZONE or Warzone in any market or

23  potential market in which the Activision Warzone Offerings were to be made

24  available to the public, including without limitation by advertisement, promotion,

25  free to play, download, purchase, subscription, add-on, application, preview or

26  otherwise.

27

28

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Activision has produced non-privileged documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 52:**

Documents and communications in which Activision analyzes, considers, projects or strategizes any value or benefit in the "Call of Duty" or "COD" name, term, phrase or mark, independent or separate from the word, name, term or mark WARZONE or Warzone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because the "CALL OF DUTY" name and trademark is not at issue in this lawsuit. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 53:**

Documents and communications in which Activision analyzes, considers, projects or strategizes as to the target consumers for each, any and/or all of the

9

1  Activision Warzone Offerings, including but not limited to the broader gamer,

2  potentially not well-versed in Call of Duty.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

4        Activision objects to this Request on the ground that it is overbroad, unduly

5  burdensome, and seeks documents that are not relevant to the claims and defenses

6  in this action nor reasonably calculated to lead to the discovery of admissible

7  evidence.  Activision further objects to this Request on the ground that it seeks

8  information that is protected by the attorney-client privilege or attorney work

9  product doctrine.  Subject to and without waiving the foregoing objections,

10  Activision has produced non-privileged documents in its possession, custody or

11  control that are responsive to this Request, to the extent such documents exist.

12

13  **REQUEST FOR PRODUCTION NO. 54:**

14        Any and all actual financials regarding each, any, and/or all of Activision's

15  Warzone Offerings, including but not limited to profitability reports, P&L, sales,

16  units, subscriptions, number of downloads, clicks, usage, playtime or other

17  analytics or data.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

19        Activision objects to this Request on the ground that it is overbroad, unduly

20  burdensome, and seeks documents that are not relevant to the claims and defenses

21  in this action nor reasonably calculated to lead to the discovery of admissible

22  evidence.  Activision also objects to this Request on the ground that the term

23  "financials" is vague and ambiguous.  Subject to and without waiving the

24  foregoing objections, Activision has produced a detailed profit-and-loss statement

25  for the game "Call of Duty: Warzone" and will produce a profit-and-loss statement

26  for the game "Call of Duty: Warzone Mobile."

27

28

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

1  **REQUEST FOR PRODUCTION NO. 55:**

2      Any and all projections and forecasts for each, any, and/or all of Activision's

3  Warzone Offerings, which Activision analyzes, considers, projects or strategizes

4  any value or benefit in the "Call of Duty" or "COD" name, independent or separate

5  from the word, name, term or mark WARZONE or Warzone.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

7      Activision objects to this Request on the ground that it is overbroad, unduly

8  burdensome, and seeks documents that are not relevant to the claims and defenses

9  in this action nor reasonably calculated to lead to the discovery of admissible

10  evidence.  Activision further objects to this Request on the ground that it seeks

11  information that is protected by the attorney-client privilege or attorney work

12  product doctrine.  Activision further objects to this Request on the ground that it is

13  vague and ambiguous.

14

15  **REQUEST FOR PRODUCTION NO. 56:**

16      Documents and communications in which Activision analyzes or discusses

17  any licensing, merchandising, or potential licensing or merchandising, of the use of

18  the word, name, term, or mark WARZONE or Warzone, including any licenses for

19  use as a name, brand, website, tournament, or in connection with each, any, and/or

20  all of Activision's Warzone Offerings.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

22      Activision objects to this Request on the ground that it is overbroad, unduly

23  burdensome, and seeks documents that are not relevant to the claims and defenses

24  in this action nor reasonably calculated to lead to the discovery of admissible

25  evidence.  Activision further objects to this Request on the ground that it seeks

26  information that is protected by the attorney-client privilege or attorney work

27  product doctrine.

28

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

1

2 **REQUEST FOR PRODUCTION NO. 57:**

3     Documents and communications referring or related to Project Magma.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

5     Activision objects to this Request on the ground that it is overbroad, unduly

6 burdensome, and seeks documents that are not relevant to the claims and defenses

7 in this action nor reasonably calculated to lead to the discovery of admissible

8 evidence, including because this request seeks every documents pertaining to the

9 development, creation, marketing, distribution, and sale of "Call of Duty:

10 Warzone," including hundreds of thousands of documents that have no bearing on

11 the issues in this lawsuit.  Activision further objects to this Request on the ground

12 that it seeks information that is protected by the attorney-client privilege or

13 attorney work product doctrine.  Subject to and without waiving the foregoing

14 objections, Activision has conducted a reasonable search for any documents

15 pertaining to the decision to use the title "Call of Duty: Warzone" and has

16 produced any non-privileged documents it has located.

17

18 **REQUEST FOR PRODUCTION NO. 58:**

19     Documents and communications referring or relating to the term "Manhunt"

20 including but not limited to any user testing of any product, product name or

21 product services associated with or referring to the potential use of the word, name,

22 term or mark WARZONE or Warzone in connection with any product or service

23 offering by Activision.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

25     Activision objects to this Request on the ground that it is overbroad, unduly

26 burdensome, and seeks documents that are not relevant to the claims and defenses

27 in this action nor reasonably calculated to lead to the discovery of admissible

28

12

1  evidence, including because this lawsuit does not concern the term "Manhunt" and

2  "Manhunt" has never been used as the title of any Activision product.  Activision

3  further objects to this Request on the ground that it seeks information that is

4  protected by the attorney-client privilege or attorney work product doctrine.

5

6  **REQUEST FOR PRODUCTION NO. 59:**

7      Documents and communications in which the use of the name, word, term or

8  mark WARZONE or Warzone is discussed, analyzed, considered or rejected for

9  use in connection with or relation to any Call of Duty or COD game or offering in

10 which the name, word, term or mark WARZONE or Warzone is not part of the

11 title.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

13     Activision objects to this Request on the ground that it is overbroad, unduly

14 burdensome, and seeks documents that are not relevant to the claims and defenses

15 in this action nor reasonably calculated to lead to the discovery of admissible

16 evidence, including because communications concerning the potential use of the

17 term "Warzone" that did not materialize into actual uses have no bearing on this

18 lawsuit.  Activision further objects to this Request on the ground that it seeks

19 information that is protected by the attorney-client privilege or attorney work

20 product doctrine.  Subject to and without waiving the foregoing objections,

21 Activision has produced non-privileged documents in its possession, custody or

22 control that are responsive to this Request, to the extent such documents exist.

23

24 **REQUEST FOR PRODUCTION NO. 60:**

25     Documents and communications referring or related to whether or not the

26 name, word, term, or mark WARZONE or Warzone could be owned by Call of

27 Duty and/or Activision.

28

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Activision has produced non-privileged documents in its possession, custody or control that are responsive to this Request, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 61:**

Documents and communications by and between Activision and Beenox referring or relating to the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone, including but not limited to each, any, and/or all of Activision's Warzone Offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, as Beenox provided support services in the development of "Call of Duty: Warzone" and was not involved in decisions concerning the title of the game. Activision further objects to this Request on the ground that the phrase "referring or relating to the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone" is unintelligible as worded, vague and ambiguous, and potentially encompasses every document relating in any manner to "Call of Duty: Warzone." Activision further objects to

14

1  this Request on the ground that it seeks information that is protected by the

2  attorney-client privilege or attorney work product doctrine.

3

4  **REQUEST FOR PRODUCTION NO. 62:**

5      Documents and communications maintained in the ordinary course of

6  business at Beenox that are responsive to any request for production served upon

7  Activision in this action.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

9      Activision incorporates by reference its objections to any request for

10  production served upon Activision in this action.  Activision further objects to this

11  Request on the ground that Beenox is not a defendant in this lawsuit and Activision

12  cannot be required to collect and produce documents and communications in the

13  possession, custody or control of Beenox.  Activision further objects to this

14  Request on the ground that it is overbroad, unduly burdensome, and seeks

15  documents that are not relevant to the claims and defenses in this action nor

16  reasonably calculated to lead to the discovery of admissible evidence, as Beenox

17  provided support services in the development of "Call of Duty: Warzone" and was

18  not involved in decisions concerning the title of the game.

19

20  **REQUEST FOR PRODUCTION NO. 63:**

21      Documents and communications by and between Activision and Infinity

22  Ward regarding the development of any game or game features referring or related

23  to the name word, term or mark WARZONE or Warzone, including but not limited

24  to each, any and/or all of Activision's Warzone Offerings.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

26      Activision objects to this Request on the ground that it is overbroad, unduly

27  burdensome, and seeks documents that are not relevant to the claims and defenses

28  

15

1    in this action nor reasonably calculated to lead to the discovery of admissible

2    evidence.  Activision further objects to this Request on the ground that the phrase

3    "referring or relating to the development of any game or game features referring or

4    related to the name word, term or mark WARZONE or Warzone" is unintelligible

5    as worded, vague and ambiguous, and potentially encompasses every document

6    relating in any manner to "Call of Duty: Warzone."  Activision further objects to

7    this Request on the ground that it seeks information that is protected by the

8    attorney-client privilege or attorney work product doctrine.  Subject to and without

9    waiving the foregoing objections, Activision will conduct a reasonable search of

10   appropriate Infinity Ward custodians for documents pertaining to the decision to

11   use the title "Call of Duty: Warzone."

12

13   **REQUEST FOR PRODUCTION NO. 64:**

14        Documents and communications maintained in the ordinary course of

15   business at Infinity Ward that are responsive to any request for production served

16   upon Activision in this action.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

18        Activision incorporates by reference its objections to any request for

19   production served upon Activision in this action.  Activision further objects to this

20   Request on the ground that Infinity Ward is not a defendant in this lawsuit and

21   Activision cannot be required to collect and produce documents and

22   communications in the possession, custody or control of Infinity Ward.  Subject to

23   and without waiving the foregoing objections, Activision will conduct a reasonable

24   search of appropriate Infinity Ward custodians for documents pertaining to the

25   decision to use the title "Call of Duty: Warzone."

26

27

28

16

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

**REQUEST FOR PRODUCTION NO. 65:**

Documents and communications by and between Activision and Raven Software regarding the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone, including but not limited to each, any and/or all of Activision's Warzone Offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that the phrase "referring or relating to the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone" is unintelligible as worded, vague and ambiguous, and potentially encompasses every document relating in any manner to "Call of Duty: Warzone." Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Activision will conduct a reasonable search of appropriate Raven custodians for documents pertaining to the decision to use the title "Call of Duty: Warzone."

**REQUEST FOR PRODUCTION NO. 66:**

Documents and communications maintained in the ordinary course of business at Raven Software that are responsive to any request for production served upon Activision in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Activision incorporates by reference its objections to any request for production served upon Activision in this action. Activision further objects to this

17

1  Request on the ground that Infinity Ward is not a defendant in this lawsuit and

2  Activision cannot be required to collect and produce documents and

3  communications in the possession, custody or control of Infinity Ward.  Subject to

4  and without waiving the foregoing objections, Activision will conduct a reasonable

5  search of appropriate Raven custodians for documents pertaining to the decision to

6  use the title "Call of Duty: Warzone."

**REQUEST FOR PRODUCTION NO. 67:**

Documents and communications by and between Activision and High Moon Studios referring or relating to the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone, including but not limited to each, any, and/or all of Activision's Warzone Offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, as High Moon provided support services in the development of "Call of Duty: Warzone" and was not involved in decisions concerning the title of the game.  Activision further objects to this Request on the ground that the phrase "referring or relating to the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone" is unintelligible as worded, vague and ambiguous, and potentially encompasses every document relating in any manner to "Call of Duty: Warzone."  Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 68:**

Documents and communications maintained in the ordinary course of business at High Moon Studios that are responsive to any request for production served upon Activision in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Activision incorporates by reference its objections to any request for production served upon Activision in this action.  Activision further objects to this Request on the ground that High Moon is not a defendant in this lawsuit and Activision cannot be required to collect and produce documents and communications in the possession, custody or control of High Moon.  Activision further objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, as High Moon provided support services in the development of "Call of Duty: Warzone" and was not involved in decisions concerning the title of the game.

**REQUEST FOR PRODUCTION NO. 69:**

Documents and communications by and between Activision and Treyarch referring or related to the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone, including but not limited to each, any, and/or all of Activision's Warzone Offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that the phrase

19

"referring or relating to the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone" is unintelligible as worded, vague and ambiguous, and potentially encompasses every document relating in any manner to "Call of Duty: Warzone." Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Activision will conduct a reasonable search of appropriate Treyarch custodians for documents pertaining to the decision to use the title "Call of Duty: Warzone."

**REQUEST FOR PRODUCTION NO. 70:**

Documents and communications by and between Activision and Treyarch regarding the selection of the name word, term or mark WARZONE or Warzone to be used in any product or service Activision made available to the public or considered making available to the public including but not limited to any game mode, subscription service, sub franchise, game title, tournament offering, freeplay, add-on, release, edition, sequel, prequel, spin-off, or any other version of Call of Duty: Warzone, including but not limited to each, any, and/or all of Activision's Warzone Offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it is vague and ambiguous. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections,

20

Activision will conduct a reasonable search of appropriate Treyarch custodians for documents pertaining to the decision to use the title "Call of Duty: Warzone."

**REQUEST FOR PRODUCTION NO. 71:**

Documents and communications maintained in the ordinary course of business at Treyarch that are responsive to any request for production served upon Activision in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Activision incorporates by reference its objections to any request for production served upon Activision in this action.  Activision further objects to this Request on the ground that Treyarch is not a defendant in this lawsuit and Activision cannot be required to collect and produce documents and communications in the possession, custody or control of Treyarch.  Subject to and without waiving the foregoing objections, Activision will conduct a reasonable search of appropriate Treyarch custodians for documents pertaining to the decision to use the title "Call of Duty: Warzone."

**REQUEST FOR PRODUCTION NO. 72:**

Documents and communications by and between Activision and Aspect Studios referring or related to the name, word, term or mark WARZONE, Warzone or War Zone, including but not limited to each, any, and/or all of Activision's Warzone Offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, as Aspect Studios provided support services in the development of "Call

21

of Duty: Warzone" and was not involved in decisions concerning the title of the game. Activision further objects to this Request on the ground that the phrase "referring or relating to the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone" is unintelligible as worded, vague and ambiguous, and potentially encompasses every document relating in any manner to "Call of Duty: Warzone." Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 73:**

Documents and communications discussing an alternative or "alt" for Warzone between 2018-2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that the term "Alt" or "Alternative" is vague and ambiguous. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 74:**

Documents and communications referring to or related to the use of the name, term, word or mark WARZONE, Warzone or War Zone in connection with a battle royale game mode.

22

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2       Activision objects to this Request on the ground that it is overbroad, unduly

3  burdensome, and seeks documents that are not relevant to the claims and defenses

4  in this action nor reasonably calculated to lead to the discovery of admissible

5  evidence.  Activision further objects to this Request on the ground that it is vague

6  and ambiguous, including because it is unclear whether the Request is limited to

7  Activision-published games or third-party games.  Activision further objects to this

8  Request on the ground that it seeks information that is protected by the attorney-

9  client privilege or attorney work product doctrine.

10

11  **REQUEST FOR PRODUCTION NO. 75:**

12       Documents and communications by and between Activision and Digital

13  Legends Entertainment referring or related to the development of any game or

14  game features referring or related to the name word, term or mark WARZONE or

15  Warzone, including but not limited to each, any, and/or all of Activision's

16  Warzone Offerings.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

18       Activision objects to this Request on the ground that it is overbroad, unduly

19  burdensome, and seeks documents that are not relevant to the claims and defenses

20  in this action nor reasonably calculated to lead to the discovery of admissible

21  evidence, as Digital Legends provided support services in the development of the

22  mobile version of "Call of Duty: Warzone" and was not involved in decisions

23  concerning the title of the game.  Activision further objects to this Request on the

24  ground that the phrase "referring or relating to the development of any game or

25  game features referring or related to the name word, term or mark WARZONE or

26  Warzone" is unintelligible as worded, vague and ambiguous, and potentially

27  encompasses every document relating in any manner to "Call of Duty: Warzone."

28

23

1   Activision further objects to this Request on the ground that it seeks information

2   that is protected by the attorney-client privilege or attorney work product doctrine.

3

4   **REQUEST FOR PRODUCTION NO. 76:**

5       Documents and communications maintained in the ordinary course of

6   business at Digital Legends Entertainment that are responsive to any request for

7   production served upon Activision in this action.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

9       Activision incorporates by reference its objections to any request for

10  production served upon Activision in this action.  Activision further objects to this

11  Request on the ground that Digital Legends is not a defendant in this lawsuit and

12  Activision cannot be required to collect and produce documents and

13  communications in the possession, custody or control of Digital Legends.

14  Activision further objects to this Request on the ground that it is overbroad, unduly

15  burdensome, and seeks documents that are not relevant to the claims and defenses

16  in this action nor reasonably calculated to lead to the discovery of admissible

17  evidence, as Digital Legends provided support services related to the mobile

18  version of "Call of Duty: Warzone" and was not involved in decisions concerning

19  the title of the game.

20

21  **REQUEST FOR PRODUCTION NO. 77:**

22      Documents and communications by and between Activision and

23  Demonware referring or related to the development of any game or game features

24  referring or related to the name word, term or mark WARZONE or Warzone,

25  including but not limited to each, any, and/or all of Activision's Warzone

26  Offerings.

27

28

ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR
PRODUCTION OF DOCUMENTS [NOS. 47-127]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, as Demonware provides back-end technical support services related to the operation of "Call of Duty: Warzone" and was not involved in decisions concerning the title of the game.  Activision further objects to this Request on the ground that the phrase "referring or relating to the development of any game or game features referring or related to the name word, term or mark WARZONE or Warzone" is unintelligible as worded, vague and ambiguous, and potentially encompasses every document relating in any manner to "Call of Duty: Warzone." Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 78:**

Any and all documents or analytics created, discussed, obtained, used or developed by Activision, or any studio affiliated with Activision, regarding the number of gamer logins or logons across Activision game titles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because it seeks information pertaining to games that are not at issue in this lawsuit and because the "number of gamer logins" has no bearing on the issues in this lawsuit.  Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

1

2 **REQUEST FOR PRODUCTION NO. 79:**

3    Documents and communications maintained in the ordinary course of

4 business at Demonware that are responsive to any request for production served

5 upon Activision in this action.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

7    Activision incorporates by reference its objections to any request for

8 production served upon Activision in this action.  Activision further objects to this

9 Request on the ground that Demonware is not a defendant in this lawsuit and

10 Activision cannot be required to collect and produce documents and

11 communications in the possession, custody or control of Demonware.  Activision

12 further objects to this Request on the ground that it is overbroad, unduly

13 burdensome, and seeks documents that are not relevant to the claims and defenses

14 in this action nor reasonably calculated to lead to the discovery of admissible

15 evidence, as Demonware provides back-end technical support services related to

16 the operation of "Call of Duty: Warzone" and was not involved in decisions

17 concerning the title of the game.

18

19 **REQUEST FOR PRODUCTION NO. 80:**

20    Documents and communications by and between Activision and Solid State

21 Studios referring or related to the development of any game or game features

22 referring or related to the name word, term or mark WARZONE or Warzone,

23 including but not limited to each, any, and/or all of Activision's Warzone

24 Offerings.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

26    Activision objects to this Request on the ground that it is overbroad, unduly

27 burdensome, and seeks documents that are not relevant to the claims and defenses

28

26

1   in this action nor reasonably calculated to lead to the discovery of admissible

2   evidence, as Solid State provided support services in the development of the

3   mobile version of "Call of Duty: Warzone" and was not involved in decisions

4   concerning the title of the game.  Activision further objects to this Request on the

5   ground that the phrase "referring or relating to the development of any game or

6   game features referring or related to the name word, term or mark WARZONE or

7   Warzone" is unintelligible as worded, vague and ambiguous, and potentially

8   encompasses every document relating in any manner to "Call of Duty: Warzone."

9   Activision further objects to this Request on the ground that it seeks information

10  that is protected by the attorney-client privilege or attorney work product doctrine.

11

12  **REQUEST FOR PRODUCTION NO. 81:**

13      Documents and communications maintained in the ordinary course of

14  business at Solid State Studios that are responsive to any request for production

15  served upon Activision in this action.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

17      Activision incorporates by reference its objections to any request for

18  production served upon Activision in this action.  Activision further objects to this

19  Request on the ground that Solid State Studios is not a defendant in this lawsuit

20  and Activision cannot be required to collect and produce documents and

21  communications in the possession, custody or control of Solid State.  Activision

22  further objects to this Request on the ground that it is overbroad, unduly

23  burdensome, and seeks documents that are not relevant to the claims and defenses

24  in this action nor reasonably calculated to lead to the discovery of admissible

25  evidence, as Solid State provided support services in the development of the

26  mobile version of "Call of Duty: Warzone" and was not involved in decisions

27  concerning the title of the game.

28

27

1

2 **REQUEST FOR PRODUCTION NO. 82:**

3          Documents and communications by and between Activision and

4 Sledgehammer Games referring or related to the development of any game or

5 game features referring or related to the name word, term or mark WARZONE or

6 Warzone, including but not limited to each, any, and/or all of Activision's

7 Warzone Offerings.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

9          Activision objects to this Request on the ground that it is overbroad, unduly

10 burdensome, and seeks documents that are not relevant to the claims and defenses

11 in this action nor reasonably calculated to lead to the discovery of admissible

12 evidence.  Activision further objects to this Request on the ground that it is vague

13 and ambiguous.  Activision further objects to this Request on the ground that it

14 seeks information that is protected by the attorney-client privilege or attorney work

15 product doctrine.  Subject to and without waiving the foregoing objections,

16 Activision will conduct a reasonable search of appropriate Sledgehammer

17 custodians for documents pertaining to the decision to use the title "Call of Duty:

18 Warzone."

19

20 **REQUEST FOR PRODUCTION NO. 83:**

21          Documents and communications maintained in the ordinary course of

22 business at Sledgehammer Games that are responsive to any request for production

23 served upon Activision in this action.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

25          Activision incorporates by reference its objections to any request for

26 production served upon Activision in this action.  Activision further objects to this

27 Request on the ground that Sledgehammer Games is not a defendant in this lawsuit

28                                              28

1  and Activision cannot be required to collect and produce documents and

2  communications in the possession, custody or control of Sledgehammer.

3  Activision further objects to this Request on the ground that it is overbroad, unduly

4  burdensome, and seeks documents that are not relevant to the claims and defenses

5  in this action nor reasonably calculated to lead to the discovery of admissible

6  evidence.   Subject to and without waiving the foregoing objections, Activision

7  will conduct a reasonable search of appropriate Sledgehammer Games custodians

8  for documents pertaining to the decision to use the title "Call of Duty: Warzone."

9

10  **REQUEST FOR PRODUCTION NO. 84:**

11       Documents and communications by and between Activision and Shanghai

12  Studio referring or related to the development of any game or game features

13  referring or related to the name word, term or mark WARZONE or Warzone,

14  including but not limited to each, any and/or all of Activision's Warzone Offerings.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

16       Activision objects to this Request on the ground that it is overbroad, unduly

17  burdensome, and seeks documents that are not relevant to the claims and defenses

18  in this action nor reasonably calculated to lead to the discovery of admissible

19  evidence, as Shanghai Studios provided support services in the development of the

20  mobile version of "Call of Duty: Warzone" and was not involved in decisions

21  concerning the title of the game.  Activision further objects to this Request on the

22  ground that the phrase "referring or relating to the development of any game or

23  game features referring or related to the name word, term or mark WARZONE or

24  Warzone" is unintelligible as worded, vague and ambiguous, and potentially

25  encompasses every document relating in any manner to "Call of Duty: Warzone."

26  Activision further objects to this Request on the ground that it seeks information

27  that is protected by the attorney-client privilege or attorney work product doctrine.

28

29

---

ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR
PRODUCTION OF DOCUMENTS [NOS. 47-127]

1

2    **REQUEST FOR PRODUCTION NO. 85:**

3            Documents and communications maintained in the ordinary course of

4    business at Shanghai Studio that are responsive to any request for production

5    served upon Activision in this action.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

7            Activision incorporates by reference its objections to any request for

8    production served upon Activision in this action.  Activision further objects to this

9    Request on the ground that Shanghai Studio is not a defendant in this lawsuit and

10   Activision cannot be required to collect and produce documents and

11   communications in the possession, custody or control of Shanghai Studio.

12   Activision further objects to this Request on the ground that it is overbroad, unduly

13   burdensome, and seeks documents that are not relevant to the claims and defenses

14   in this action nor reasonably calculated to lead to the discovery of admissible

15   evidence, as Shanghai Studio provided support services in the development of the

16   mobile version "Call of Duty: Warzone" and was not involved in decisions

17   concerning the title of the game.

18

19   **REQUEST FOR PRODUCTION NO. 86:**

20           Any and all documents regarding any limited release of Call of Duty:

21   Warzone prior to its official launch on March 21, 2024.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

23           Activision objects to this Request on the ground that it is overbroad, unduly

24   burdensome, and seeks documents that are not relevant to the claims and defenses

25   in this action nor reasonably calculated to lead to the discovery of admissible

26   evidence.  Activision further objects to this Request on the ground that it seeks

27

28
                                        30
---

1  information that is protected by the attorney-client privilege or attorney work
2  product doctrine.

3

4  **REQUEST FOR PRODUCTION NO. 87:**

5      Any and all documents regarding any closed alpha or beta testing or version
6  and/or any other type of testing or versions of Call of Duty: Warzone Mobile prior
7  to its official launch on March 21, 2024.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

9      Activision objects to this Request on the ground that it is overbroad, unduly
10 burdensome, and seeks documents that are not relevant to the claims and defenses
11 in this action nor reasonably calculated to lead to the discovery of admissible
12 evidence.  Activision further objects to this Request on the ground that it seeks
13 information that is protected by the attorney-client privilege or attorney work
14 product doctrine.

15

16 **REQUEST FOR PRODUCTION NO. 88:**

17     Documents sufficient to show the amount of expenditure by Activision, or
18 any of its studios, advertising, marketing, promoting, cross-selling or otherwise
19 spent on or in relation to each, any and/or all of Activision's Warzone Offerings.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

21     Activision objects to this Request on the ground that it is overbroad, unduly
22 burdensome, and seeks documents that are not relevant to the claims and defenses
23 in this action nor reasonably calculated to lead to the discovery of admissible
24 evidence, including because Activision's studios are not responsible for advertising
25 and marketing games published by Activision.  Subject to and without waiving the
26 foregoing objections, Activision will produce documents sufficient to reflect its
27 marketing and advertising expenditures in connection with "Call of Duty:

28

31

Warzone" and "Call of Duty: Warzone Mobile" to the extent not already reflected in produced documents.

**REQUEST FOR PRODUCTION NO. 89:**

Documents sufficient to show the amount of expenditure by Activision, or any of its studios, advertising, marketing, promoting, cross-selling or otherwise spent on or in relation to Call of Duty: Warzone Mobile, separate from any documents called for by Request for Production No. 88, supra.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including because Activision's studios are not responsible for advertising and marketing games published by Activision. Subject to and without waiving the foregoing objections, Activision will produce documents sufficient to reflect its marketing and advertising expenditures in connection with "Call of Duty: Warzone" and "Call of Duty: Warzone Mobile" to the extent not already reflected in produced documents.

**REQUEST FOR PRODUCTION NO. 90:**

Documents and communications referring to or relating to any item availability, shared progression, or cross-over progression amongst any version of each, any and/or all of Activision's Warzone Offerings and any version of Call of Duty: Modern Warfare.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses

1  in this action nor reasonably calculated to lead to the discovery of admissible

2  evidence.  Activision further objects to this Request on the ground that it seeks

3  information that is protected by the attorney-client privilege or attorney work

4  product doctrine.

5

6  **REQUEST FOR PRODUCTION NO. 91:**

7       Documents and communications sufficient to show Activision revenue from

8  Modern Warfare, subsequent to the release of Call of Duty: Warzone in 2020.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

10      Activision objects to this Request on the ground that it is overbroad, unduly

11 burdensome, and seeks documents that are not relevant to the claims and defenses

12 in this action nor reasonably calculated to lead to the discovery of admissible

13 evidence.

14

15 **REQUEST FOR PRODUCTION NO. 92:**

16      Documents sufficient to show the social media channels, including but not

17 limited to Twitter/X, Instagram, Facebook/Meta, TikTok, or other channels,

18 associated with each, any, and/or all of Activision's Warzone Offering, including

19 but not limited to those associated with any version of Call of Duty: Warzone or

20 Call of Duty: Warzone Mobile available to the public in the United States.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

22      Activision objects to this Request on the ground that it is overbroad, unduly

23 burdensome, and seeks documents that are not relevant to the claims and defenses

24 in this action nor reasonably calculated to lead to the discovery of admissible

25 evidence.  Subject to and without waiving the foregoing objections, Activision will

26 provide the names of any social media accounts created or maintained by

27

28

33

Activision that are dedicated to "Call of Duty: Warzone" or "Call of Duty:
Warzone Mobile."

**REQUEST FOR PRODUCTION NO. 93:**

Any and all documents or communications in which Activision, or any
studio affiliated with Activision, refers to each, any, and/or all of Activision's
Warzone Offerings as WARZONE or Warzone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Activision objects to this Request on the ground that it is overbroad, unduly
burdensome, oppressive, and harassing, and seeks documents that are not relevant
to the claims and defenses in this action nor reasonably calculated to lead to the
discovery of admissible evidence, including because internal communications
referring to "Call of Duty: Warzone" as "Warzone" have no bearing on the issues
in this lawsuit.  Activision further objects to this Request on the ground that it
seeks information that is protected by the attorney-client privilege or attorney work
product doctrine.

**REQUEST FOR PRODUCTION NO. 94:**

Any and all documents or communications discussing, referring to, or
describing a "Warzone Player" or "Warzone Players."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Activision objects to this Request on the ground that it is overbroad, unduly
burdensome, oppressive, and harassing, and seeks documents that are not relevant
to the claims and defenses in this action nor reasonably calculated to lead to the
discovery of admissible evidence, including because internal communications
referring to "Warzone Players" have no bearing on the issues in this lawsuit.

1   Activision further objects to this Request on the ground that it seeks information

2   that is protected by the attorney-client privilege or attorney work product doctrine.

3

4   **REQUEST FOR PRODUCTION NO. 95:**

5       Any and all references in any blog operated by or authorized by Activision

6   or any affiliate of Activision which discusses or describes WARZONE or Warzone

7   as being offered, sponsored by, or affiliated with Call of Duty and/or Activision.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

9       Activision objects to this Request on the ground that it is overbroad, unduly

10  burdensome, and seeks documents that are not relevant to the claims and defenses

11  in this action.  Activision further objects to this Request on the ground that it is

12  vague and ambiguous, including because it is unclear whether Warzone's Request

13  is intended to refer to its game or to "Call of Duty: Warzone," and Warzone has

14  deliberately written this Request in a misleading manner.  Activision has never

15  referred to Warzone's game in its blog or in any marketing materials.  Subject to

16  and without waiving the foregoing objections, Activision's blog posts are available

17  to the public at https://blog.activision.com/content/atvi/activision/atvi-

18  touchui/web/en/blog and thus such documents are equally available to Warzone.

19

20  **REQUEST FOR PRODUCTION NO. 96:**

21      Any and all documents or communications discussing the proposed launch

22  dates for Call of Duty: Warzone Mobile, including but not limited to documents or

23  communications regarding any decision to delay or postpone any such launch date

24  either globally or within the United States.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

26      Activision objects to this Request on the ground that it is overbroad, unduly

27  burdensome, oppressive, and harassing, and seeks documents that are not relevant

28                                              35

1  to the claims and defenses in this action nor reasonably calculated to lead to the

2  discovery of admissible evidence.  Activision further objects to this Request on the

3  ground that it seeks information that is protected by the attorney-client privilege or

4  attorney work product doctrine.

5

6  **REQUEST FOR PRODUCTION NO. 97:**

7     Any and all documents and communications regarding the design or display

8  of the name, word, term, or mark WARZONE or Warzone in or on any

9  advertisement, website, social channel, blog or in, on or within any Activision

10  game, product, service or feature.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

12     Activision objects to this Request on the ground that it is overbroad, unduly

13  burdensome, oppressive, and harassing, and seeks documents that are not relevant

14  to the claims and defenses in this action nor reasonably calculated to lead to the

15  discovery of admissible evidence.  Activision further objects to this Request on the

16  ground that it seeks information that is protected by the attorney-client privilege or

17  attorney work product doctrine.  Subject to and without waiving the foregoing

18  objections, Activision has produced thousands of exemplar marketing materials for

19  "Call of Duty: Warzone" and its "Call of Duty: Warzone" brand guidelines.

20

21  **REQUEST FOR PRODUCTION NO. 98:**

22     Any and all documents regarding Activision's attempts to license or

23  merchandise the name, word, term, or mark WARZONE, or Warzone, individually

24  or as part of a longer phrase or title.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

26     Activision objects to this Request on the ground that it is overbroad, unduly

27  burdensome, and seeks documents that are not relevant to the claims and defenses

28

1  in this action nor reasonably calculated to lead to the discovery of admissible

2  evidence.  Activision further objects to this Request on the ground that it seeks

3  information that is protected by the attorney-client privilege or attorney work

4  product doctrine.

5

6  **REQUEST FOR PRODUCTION NO. 99:**

7      Any and all documents regarding Activision's use of ® after WARZONE or

8  Warzone between 2020 to the present.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

10     Activision objects to this Request on the ground that it is overbroad, unduly

11  burdensome, and seeks documents that are not relevant to the claims and defenses

12  in this action nor reasonably calculated to lead to the discovery of admissible

13  evidence.  Activision further objects to this Request on the ground that it seeks

14  information that is protected by the attorney-client privilege or attorney work

15  product doctrine.

16

17  **REQUEST FOR PRODUCTION NO. 100:**

18     Any and all documents and communications regarding the use of the word,

19  term, name, title, or mark Warzone, WARZONE, War Zone as a platform to

20  celebrate the entire legacy of Black Ops, or any other Activision product or

21  franchise.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

23     Activision objects to this Request on the ground that it is overbroad, unduly

24  burdensome, and seeks documents that are not relevant to the claims and defenses

25  in this action nor reasonably calculated to lead to the discovery of admissible

26  evidence.  Activision further objects to this Request on the ground that it seeks

27

28

ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR
PRODUCTION OF DOCUMENTS [NOS. 47-127]

1   information that is protected by the attorney-client privilege or attorney work

2   product doctrine.

3

4   **REQUEST FOR PRODUCTION NO. 101:**

5          Any and all documents or communications regarding or reflecting any

6   discussion of the word, term, name, time, or mark Warzone, WARZONE, or War

7   Zone, including in reference to the use of same as part of any concept, conceptual

8   roadmap, creating identity, creative, game mode, game type, game title, game play

9   or other idea for products, services, offerings, releases, including but not limited to

10  documents and communications internal to Activision, its parent companies or

11  subsidiaries, and/or by and between Activision, any consultants, studios, agencies,

12  marketing or public relations firms.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

14         Activision objects to this Request on the ground that it is overbroad, unduly

15  burdensome, and seeks documents that are not relevant to the claims and defenses

16  in this action nor reasonably calculated to lead to the discovery of admissible

17  evidence.  Activision further objects to this Request on the ground that it seeks

18  information that is protected by the attorney-client privilege or attorney work

19  product doctrine.

20

21  **REQUEST FOR PRODUCTION NO. 102:**

22         Any and all documents or communications referring to or reflecting any

23  revenue streams anticipated or realized for any product, service, game offering,

24  advertisements, merchandise, in-game purchases, subscription services or other

25  form of generating revenue that was associated, affiliated with, benefitted from, or

26  connected to any use by Activision or any affiliate of the word, name, term, title or

27

28

1  mark WARZONE or Warzone, including but not limited to each, any and/or all of

2  Activision's Warzone Offerings.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

4        Activision objects to this Request on the ground that it is overbroad, unduly

5  burdensome, and seeks documents that are not relevant to the claims and defenses

6  in this action nor reasonably calculated to lead to the discovery of admissible

7  evidence.  Activision also objects to this Request on the ground that the term

8  "revenue streams" is vague and ambiguous.  Subject to and without waiving the

9  foregoing objections, Activision has produced a detailed profit-and-loss statement

10  for the game "Call of Duty: Warzone" and will produce a profit-and-loss statement

11  for the game "Call of Duty: Warzone Mobile."

12

13  **REQUEST FOR PRODUCTION NO. 103:**

14        Any documents or communications discussing whether or not Warzone

15  could eventually encompass the entire COD canon: Modern Warfare, historical,

16  Ghosts, Infinite Warfare, etc.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

18        Activision objects to this Request on the ground that it is overbroad, unduly

19  burdensome, and seeks documents that are not relevant to the claims and defenses

20  in this action nor reasonably calculated to lead to the discovery of admissible

21  evidence.  Activision further objects to this Request on the ground that it seeks

22  information that is protected by the attorney-client privilege or attorney work

23  product doctrine.

24

25  **REQUEST FOR PRODUCTION NO. 104:**

26        Documents and communication showing or referencing any advertising or

27  promotion of each, any and/or all of Activision's Warzone Offerings.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

2       Activision objects to this Request on the ground that it is overbroad, unduly

3  burdensome, oppressive, and harassing, and seeks documents that are not relevant

4  to the claims and defenses in this action nor reasonably calculated to lead to the

5  discovery of admissible evidence.  Activision further objects to this Request on the

6  ground that it seeks information that is protected by the attorney-client privilege or

7  attorney work product doctrine.  Subject to and without waiving the foregoing

8  objections, Activision has produced thousands of exemplar marketing and

9  advertising materials for "Call of Duty: Warzone" and its "Call of Duty: Warzone"

10  brand guidelines.

11

12  **REQUEST FOR PRODUCTION NO. 105:**

13       Documents and communications regarding Actvision's anticipated use of the

14  phrase or title "World Series of Warzone" or "Call of Duty: World Series of

15  Warzone."

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

17       Activision objects to this Request on the ground that it is overbroad, unduly

18  burdensome, and seeks documents that are not relevant to the claims and defenses

19  in this action nor reasonably calculated to lead to the discovery of admissible

20  evidence.  Activision further objects to this Request on the ground that it seeks

21  information that is protected by the attorney-client privilege or attorney work

22  product doctrine. Subject to and without waiving the foregoing objections,

23  Activision will conduct a reasonable search of appropriate custodians for

24  documents pertaining to Activision's use of "World Series of Warzone" or "Call of

25  Duty: World Series of Warzone" and will produce any non-privileged documents it

26  locates.

27

28

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

1  **REQUEST FOR PRODUCTION NO. 106:**

2  Documents and communications by and between Activision and Microsoft

3  regarding any expectations for Call of Duty: Warzone Mobile or "Warzone

4  Mobile."

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

6  Activision objects to this Request on the ground that it is overbroad, unduly

7  burdensome, and seeks documents that are not relevant to the claims and defenses

8  in this action nor reasonably calculated to lead to the discovery of admissible

9  evidence. Activision further objects to this Request on the ground that it seeks

10  information that is protected by the attorney-client privilege or attorney work

11  product doctrine.

12

13  **REQUEST FOR PRODUCTION NO. 107:**

14  Any and all financial information, including but not limited to costs,

15  anticipated revenue, value, prospective or retrospective exchanged by and between

16  Activision and Microsoft related to each, any and/or all of Activision's Warzone

17  Offerings, or which were related by Activision as a product or service connected in

18  some manner with Activision's Warzone Offerings, including but not limited to

19  Call of Duty: Modern Warfare or Modern Warfare, and/or Call of Duty: Mobile.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

21  Activision objects to this Request on the ground that it is overbroad, unduly

22  burdensome, and seeks documents that are not relevant to the claims and defenses

23  in this action nor reasonably calculated to lead to the discovery of admissible

24  evidence. Activision also objects to this Request on the ground that the term

25  "financial information" is vague and ambiguous. Activision further objects to this

26  Request on the ground that it seeks information that is protected by the attorney-

27  client privilege or attorney work product doctrine. Subject to and without waiving

28

41

1  the foregoing objections, Activision has produced a detailed profit-and-loss

2  statement for the game "Call of Duty: Warzone" and will produce a profit-and-loss

3  statement for the game "Call of Duty: Warzone Mobile."

4

5  **REQUEST FOR PRODUCTION NO. 108:**

6      Any and all user, usage or other game analytics obtained by or on behalf of

7  Activision that either contained the word, name, term, title or mark WARZONE or

8  Warzone, or which were related by Activision as a product or service connected,

9  related to or a beneficiary of each, any and/or all of Activision's Warzone

10  Offerings, including but not limited to Call of Duty: Modern Warfare or Modern

11  Warfare.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

13      Activision objects to this Request on the ground that it is overbroad, unduly

14  burdensome, and seeks documents that are not relevant to the claims and defenses

15  in this action nor reasonably calculated to lead to the discovery of admissible

16  evidence.  Activision further objects to this Request on the ground that the phrase

17  "user, usage or other game analytics" is vague and ambiguous. Activision further

18  objects to this Request on the ground that it seeks information that is protected by

19  the attorney-client privilege or attorney work product doctrine.

20

21  **REQUEST FOR PRODUCTION NO. 109:**

22      Documents provided to or from, and communications by and between,

23  Activision and Microsoft regarding user, usage or other game analytics obtained by

24  or on behalf of Activision regarding each, any and/or all of Activision's Warzone

25  Offerings.

26

27

28

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 110:**

Any valuation of Activision's right to exclude others from use of the word, name, term, title or mark WARZONE or Warzone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing, Activision is unaware of the existence of any documents in its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 111:**

Documents provided to or from, and communications by and between, Activision and Microsoft regarding Activision's right to exclude others from use of the word, name, term, title or mark WARZONE or Warzone.

43

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing, Activision is unaware of the existence of any documents in its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 112:**

Documents sufficient to show how Activision records or tracks revenue on products or services for which there is no direct charge to a consumer for use, often referred to as "free to play."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Activision has produced profit-and-loss statements reflecting costs and expenses for "Call of Duty: Warzone" and will make a witness available to explain those profit-and-loss statements.

1  **REQUEST FOR PRODUCTION NO. 113:**

2      Documents sufficient to show how costs and expenses, including but not

3  limited to advertising, marketing and promoting, are allocated by Activision when

4  the product or service offered is "free to play."

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

6      Activision objects to this Request on the ground that it is overbroad, unduly

7  burdensome, and seeks documents that are not relevant to the claims and defenses

8  in this action nor reasonably calculated to lead to the discovery of admissible

9  evidence.  Activision further objects to this Request on the ground that it seeks

10  information that is protected by the attorney-client privilege or attorney work

11  product doctrine.  Subject to and without waiving the foregoing objections,

12  Activision has produced profit-and-loss statements reflecting costs and expenses

13  for "Call of Duty: Warzone" and will make a witness available to explain those

14  profit-and-loss statements.

15

16  **REQUEST FOR PRODUCTION NO. 114:**

17      Documents and communications between Activision and Microsoft

18  regarding any benefit, financial or otherwise, including but not limited to revenue,

19  sales, subscriptions, downloads, usage and playtime, in connection with

20  Activision's use of the word, name, term, title or mark WARZONE or Warzone in

21  any product or service offered for download online or on mobile devices, including

22  but not limited to as used in connection with each, any and/or all of Activision's

23  Warzone Offerings.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

25      Activision objects to this Request on the ground that it is overbroad, unduly

26  burdensome, and seeks documents that are not relevant to the claims and defenses

27  in this action nor reasonably calculated to lead to the discovery of admissible

28

45

evidence. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing, Activision is unaware of the existence of any documents in its possession, custody, or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 115:**

Documents provided to or from, and communications by and between, Activision and Microsoft, between 2021 and 2024 regarding each, any and/or all of Activision's Warzone Offerings available, or to be made available within the United States, for use on a mobile device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 116:**

Documents provided to or from, and communications by and between, Activision and Microsoft, between 2021 and 2024 regarding any claim regarding trademark rights, ownership, or infringement, including but not limited to this Action, in the word, name, term, title or mark WARZONE or Warzone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses

46

1  in this action nor reasonably calculated to lead to the discovery of admissible

2  evidence.  Activision further objects to this Request on the ground that it seeks

3  information that is protected by the attorney-client privilege or attorney work

4  product doctrine.  Subject to and without waiving the foregoing, Activision is

5  unaware of the existence of any documents in its possession, custody, or control

6  that are responsive to this Request.

7

8  **REQUEST FOR PRODUCTION NO. 117:**

9           Documents and communications sufficient to identify the retail channels,

10  both physical, online, by application, or through a gaming platform, used by

11  Activision in connection with the advertisement, sale, or offering of each, any

12  and/or all of Activision's Warzone Offerings.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

14           Activision objects to this Request on the ground that it is overbroad, unduly

15  burdensome, and seeks documents that are not relevant to the claims and defenses

16  in this action nor reasonably calculated to lead to the discovery of admissible

17  evidence.  Activision further objects to this Request on the ground that it seeks

18  information that is protected by the attorney-client privilege or attorney work

19  product doctrine.  Subject to and without waiving the foregoing, Activision will

20  produce documents in its possession, custody, or control that are responsive to this

21  Request.

22

23  **REQUEST FOR PRODUCTION NO. 118:**

24           Documents and communications sufficient to identify any intellectual

25  property rights Activision contends to have in the word, name, term, title or mark

26  WARZONE or Warzone.

27

28

47

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving the foregoing objections, Activision has produced non-privileged documents in its possession, custody, or control pertaining to its U.S. trademark applications for "Call of Duty: Warzone" and "Warzone."

**REQUEST FOR PRODUCTION NO. 119:**

Documents and communications sufficient to identify any licenses that Activision has entered into, as licensor, for any Activision Warzone Offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Activision objects to this Request on the ground that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that it seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 120:**

Documents and communications sufficient to show the budgets associated with development, marketing, and advertising of Activision's Warzone Offerings, including but not limited to the departments or organizational structures

1  responsible for spending on each, any, and/or all of Activision's Warzone

2  Offerings.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

4        Activision objects to this Request on the ground that it is overbroad, unduly

5  burdensome, and seeks documents that are not relevant to the claims and defenses

6  in this action nor reasonably calculated to lead to the discovery of admissible

7  evidence.  Activision further objects to this Request on the ground that it seeks

8  information that is protected by the attorney-client privilege or attorney work

9  product doctrine.

10

11  **REQUEST FOR PRODUCTION NO. 121:**

12        Organizational maps, flow charts, and similar organizational structure

13  documentation sufficient to identify the roles of individuals responsible for

14  allocating capital, funding, or other monies to development, marketing, and

15  advertising of each, any, and/or all of Activision's Warzone Offerings.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

17        Activision objects to this Request on the ground that it is overbroad, unduly

18  burdensome, and seeks documents that are not relevant to the claims and defenses

19  in this action nor reasonably calculated to lead to the discovery of admissible

20  evidence.  Activision further objects to this Request on the ground that it seeks

21  information that is protected by the attorney-client privilege or attorney work

22  product doctrine.

23

24  **REQUEST FOR PRODUCTION NO. 122:**

25        Documents and communications sufficient to show salaries, wages,

26  consulting fees, and other expenditure on personnel responsible for the

27

28

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

1  development, marketing, and advertising of each, any, and/or all of Activision's
2  Warzone Offerings.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

4      Activision objects to this Request on the ground that it is overbroad, unduly
5  burdensome, and seeks documents that are not relevant to the claims and defenses
6  in this action nor reasonably calculated to lead to the discovery of admissible
7  evidence.  Activision further objects to this Request on the ground that it seeks
8  information that is protected by the attorney-client privilege or attorney work
9  product doctrine.

10

11  **REQUEST FOR PRODUCTION NO. 123:**

12      Any cease and desist letters sent to or from Activision in which the word,
13  name, term, title or mark WARZONE or Warzone is mentioned, either individually
14  or with other words or images.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

16      Activision objects to this Request on the ground that it is overbroad, unduly
17  burdensome, and seeks documents that are not relevant to the claims and defenses
18  in this action nor reasonably calculated to lead to the discovery of admissible
19  evidence.  Activision further objects to this Request on the ground that it seeks
20  information that is protected by the attorney-client privilege or attorney work
21  product doctrine.  Subject to and without waiving the foregoing, Activision will
22  produce cease-and-desist letters sent by Activision alleging that a third party in the
23  United States infringed any of its trademark rights in the mark "WARZONE."

24

25  **REQUEST FOR PRODUCTION NO. 124:**

26      Documents and communications referring or relating to any cease and desist
27  letters sent to or from Activision in which the word, name, term, title or mark

28

50

1  WARZONE or Warzone is mentioned, either individually or with other words or
2  images.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

4        Activision objects to this Request on the ground that it is overbroad, unduly
5  burdensome, and seeks documents that are not relevant to the claims and defenses
6  in this action nor reasonably calculated to lead to the discovery of admissible
7  evidence.  Activision further objects to this Request on the ground that it seeks
8  information that is protected by the attorney-client privilege or attorney work
9  product doctrine.

10

11 **REQUEST FOR PRODUCTION NO. 125:**

12       Documents and communications referring, relating to or discussing the
13 price, pricing or changing of pricing of each, any, and/or all of Activision's
14 Warzone Offerings.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

16       Activision objects to this Request on the ground that it is overbroad, unduly
17 burdensome, and seeks documents that are not relevant to the claims and defenses
18 in this action nor reasonably calculated to lead to the discovery of admissible
19 evidence.  Activision further objects to this Request on the ground that it seeks
20 information that is protected by the attorney-client privilege or attorney work
21 product doctrine.

22

23 **REQUEST FOR PRODUCTION NO. 126:**

24       Documents and communications referring to or relating to Activision's filing
25 of trademark application 76704907 for "Modern Warfare" with the United States
26 Patent and Trademark Office.

27

28

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

2 |     Activision objects to this Request on the ground that it is overbroad, unduly

3 | burdensome, and seeks documents that are not relevant to the claims and defenses

4 | in this action nor reasonably calculated to lead to the discovery of admissible

5 | evidence.  Activision further objects to this Request on the ground that it seeks

6 | information that is protected by the attorney-client privilege or attorney work

7 | product doctrine.

8 |

9 | **REQUEST FOR PRODUCTION NO. 127:**

10 |     Documents and communications referring to or relating to Activision's filing

11 | of trademark application 87015200 for "Infinite Warfare" with the United States

12 | Patent and Trademark Office.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

14 |     Activision objects to this Request on the ground that it is overbroad, unduly

15 | burdensome, and seeks documents that are not relevant to the claims and defenses

16 | in this action nor reasonably calculated to lead to the discovery of admissible

17 | evidence.  Activision further objects to this Request on the ground that it seeks

18 | information that is protected by the attorney-client privilege or attorney work

19 | product doctrine.

20 |

21 |

22 | DATED:  November 4, 2024          MARC E. MAYER

23 |                                   KARIN G. PAGNANELLI
        ALEXANDRA L. ANFUSO

24 |                                   LINDSAY EDELSTEIN
        MITCHELL SILBERBERG & KNUPP LLP

25 |

26 |

27 |

28 |

52

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  */s/ Marc E. Mayer*

Marc E. Mayer (SBN 190969)
Attorneys for Activision Publishing, Inc.

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS [NOS. 47-127]**

# **PROOF OF SERVICE**

STATE OF NEW YORK, COUNTY OF NEW YORK

I am employed in the County of New York, State of New York, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 437 Madison Ave., 25th Floor, New York, NY 10022, and my business email address is afn@msk.com.

On November 4, 2024, I served a copy of the foregoing document(s) described as **PLAINTIFF AND COUNTERCLAIM DEFENDANT ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S THIRD SET OF REQUESTS FOR PRODUCTION,** on the interested parties in this action at their last known address as set forth below by taking the action described below:

| | |
|---|---|
| Alyssa K. Schabloski<br>GLADIUS LAW, APC<br>2708 Wilshire Blvd., No. 426<br>Santa Monica, CA 90403<br>Tel: (310) 734-0720<br>Email: aks@gladiuslaw.com<br><br>***Attorneys for Defendant and Counterclaimant Warzone.com, LLC*** | Brett E. Lewis<br>Roberto Ledesma<br>Michael D. Cilento<br>Jane Jang<br>Savita Sivakumar<br>LEWIS & LIN, LLC<br>77 Sands Street, 6th Floor<br>Brooklyn, NY 11201<br>Tel: (718) 243-9323<br>Fax: (718) 243-9326<br>Email: brett@ilawco.com<br>roberto@ilawco.com<br>michael@ilawco.com<br>jane@ilawco.com<br>savita@ilawco.com<br><br>***Attorneys for Defendant and Counterclaimant Warzone.com, LLC*** |

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on November 4, 2024, at New York, New York.

*/s/ Andrew Nietes*
Andrew NIetes

54