1   MARC E. MAYER (SBN 190969)
      mem@msk.com
2   KARIN G. PAGNANELLI (SBN 174763)
      kgp@msk.com
3   LINDSAY R. EDELSTEIN (*pro hac vice*)
      lre@msk.com
4   ALEXANDRA L. ANFUSO (SBN 333440)
      ala@msk.com
5   MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
6   Los Angeles, CA  90067-3120
    Telephone: (310) 312-2000
7   Facsimile: (310) 312-3100

8   Attorneys for Activision Publishing,
    Inc.

9

10                   UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12  ACTIVISION PUBLISHING, INC., a          CASE NO. 2:21-cv-3073-FLA (JCx)
    Delaware corporation,
13                                          [Discovery Document: Referred To
              Plaintiff,                    Magistrate Judge Jacqueline Chooljian]
14
        v.                                  **SUPPLEMENTAL
15                                          MEMORANDUM IN OPPOSITION
    WARZONE.COM, LLC,                       TO WARZONE.COM, LLC'S
16                                          MOTION TO COMPEL FURTHER
              Defendant.                    RESPONSES TO UNSPECIFIED
17                                          DISCOVERY DEMANDS**

18  WARZONE.COM, LLC,                       Hearing Date: December 17, 2024
                                            Hearing Time: 9:30 a.m.
19            Counterclaimant,              Fact Discovery: December 17, 2024
                                            Pretrial Conference: May 19, 2025
20      v.                                  Trial: May 27, 2025

21  ACTIVISION PUBLISHING, INC., a
    Delaware corporation,
22
              Counterdefendant.
23

24

25

26

27

Mitchell
Silberberg &   28
Knupp LLP

20349855.5
            ───────────────────────────────────────────────────────────
            **SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL**

1       Consistent with Activision's positions set forth in its portion of the Joint

2  Stipulation (ECF 98-3), Activision has continued its good-faith efforts to produce

3  documents responsive to WZLLC's requests.  Specifically, since the filing of the

4  Motion on November 15, 2024, Activision has produced, *inter alia*:

5       •     Financial documents, including profit and loss statements;

6       •     Documents and internal communications regarding marketing and

7              media materials for *Call of Duty: Warzone*;

8       •     Documents and communications regarding Activision's trademark

9              applications to register the terms WARZONE and CALL OF DUTY

10             WARZONE, and related proceedings before the Trademark Trial and

11             Appeal Board; and

12      •     Documents and internal communications regarding *World Series of*

13             *Warzone*.

14      Many of these documents are irrelevant to this "reverse confusion"

15 trademark lawsuit, or they were not even encompassed by actual discovery

16 requests served by WZLLC.  Nonetheless, and without conceding the documents'

17 relevance, Activision produced them in the interest of resolving the issues before

18 the Court.  At this point, WZLLC has no legitimate gripe and is simply wasting the

19 Court's resources.

20      Activision's efforts have not stopped at document production.  Activision

21 will also make five separate party witnesses available for deposition in the coming

22 weeks.  WZLLC, on the other hand, continues to make untimely demands of

23 Activision and third-party witnesses, including by serving former Activision

24 employees with deposition subpoenas and demanding that they appear for

25 deposition within days of service.  These unreasonable tactics, together with

26 WZLLC's last-minute Motion effectively seeking every document in Activision's

27 possession that so much as mentions the word "Warzone," merely underscores that

28 WZLLC has "turn[ed] the close of fact discovery into a train wreck."  *Kadrey v.*

Mitchell
Silberberg &
Knupp LLP

20349855.5

1

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL**

1    *Meta Platforms*, No. 23-CV-03417-VC (TSH), 2024 WL 4893298, at \*2 (N.D.

2    Cal. Nov. 25, 2024) (denying repeated attempts by party "to seek major expansions

3    on the scope of discovery . . . on the last day to move to compel concerning

4    existing written discovery").

5           Activision's conduct continues to be diligent and reasonable, especially with

6    the Court-ordered discovery deadline approaching on December 17.  The Motion

7    should be denied.

8

9    DATED:  December 3, 2024            MARC E. MAYER
                                         KARIN G. PAGNANELLI
10                                       ALEXANDRA L. ANFUSO
                                         LINDSAY EDELSTEIN
11                                       MITCHELL SILBERBERG & KNUPP LLP

12

13                                       By: */s/ Marc E. Mayer*
                                             Marc E. Mayer (SBN 190969)
14                                           Attorneys for Activision Publishing, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28