Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-3073@cases.warrenlex.com
(*continued in signature block*)

*Attorneys for Defendant / Counterclaimant Warzone.com, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.,<br><br>   Plaintiff / Counterclaim Defendant<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>   Defendant / Counterclaimant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Discovery Document:  Referred To Magistrate Judge Jacqueline Chooljian]<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION RE MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION REGARDING ALL USES OF WARZONE MARK**<br><br>Hearing Date:   December 17, 2024<br>Hearing Time:  9:30 a.m.<br>Fact Discovery:  December 17, 2024<br>Pretrial Conference:  May 19, 2025<br>Trial:  May 27, 2025 |

Activision's arguments in opposition to production of these documents are in undeniable tension—there are too many, there are too few, they cannot be located, they are kept in another department, they are not relevant enough.[1] For all its caviling, Activision fails to refute the contents of its own complaint, public statements, and documents, and thus cannot meet the high burden of preventing production of this relevant discovery.

### A. Warzone Need Not Prove Its Case to Seek Discoverable Evidence

Activision erroneously premises its refusal to provide the discovery sought not on whether the material is discoverable, or even whether it may be admissible, but rather on whether a finder of fact would find it persuasive. *See* Docket No. 98-3 at 44. But the persuasiveness of potential evidence is no basis for withholding discoverable information. *Pandora Media, LLC v. 800 Pound Gorilla Media, LLC*, No. 23-169, 2024 WL 4799109, at *2 (C.D. Cal. Jan. 22, 2024) ("Relevant information includes more information than is necessarily needed for a trial in the matter and does not have to 'be admissible in evidence' during a trial"). For example, Activision argues that Warzone's purported failure to "present[] any evidence" that "the 'Warzone' portion of the CODWZ name has any relationship to Activision's revenue from other games" justifies withholding the documents sought; but, in refusing to provide otherwise relevant documents based on Activision's views of their persuasiveness as evidence, Activision plays judge, jury, and executioner.[2] "Whether or not [Warzone] ultimately will be able to *prove* a sufficient nexus to recover indirect profits is a question for another day" as Warzone "has shown a

---

[1] Activision's reliance on *Gregorini v. Apple Inc.*, No. 20-0406, 2023 WL 4203497, at *6 (C.D. Cal. May 26, 2023) demonstrates its disinterest in engaging with the substance of this dispute, and in any event, its facts are easily distinguishable; in *Gregorini*, the movant failed to even "request to meet and confer." *Id.* By contrast, Warzone has sought this information in not one, but two Rule 37-1 letters, and multiple meet and confer conferences. *See* Docket No. 98-4 at 2, 4.

[2] Throughout its opposition, Activision incorrectly asserts that Warzone seeks financial related to "Candy Crush"—this appears nowhere in Warzone's briefing and Warzone seeks no such information in its Motion, nor this case.

sufficient possibility of such a nexus, entitling it to explore that issue further through the discovery process." *Sys. Am., Inc. v. Rockwell Software, Inc.*, No. 03-2232, 2007 WL 1593219, at *1 (N.D. Cal. June 1, 2007).

Activision's public statements alone indicate that the value obtained by Activision from its use of the Warzone mark cannot be readily separated from its revenues derived from products and services it promotes and bundles together, and courts in this District have granted motions to compel with a far less compelling nexus than a company's own direct admissions. In *Prolo*, the court rejected the argument that a movant "must provide evidence now of a causal link between the allegedly improper use" and "Defendants' indirect profits to be entitled to obtain discovery about indirect profits" because "it would be unfair to require Plaintiff to establish the existence and scope of a 'causal link' before he ever receives the information which may be relevant to proving it." *Prolo v. Blackmon*, No. 21-5118, 2022 WL 2189643, at *9 (C.D. Cal. Mar. 25, 2022).

**B.  Activision Fails to Dispute the Availability of the Documents Sought**

Warzone does not seek non-existent documents based on a "mere suspicion" that they exist, as in *Dupree v. Cnty. of Los Angeles*, No. 09-1110, 2010 WL 11597454, at *3 (C.D. Cal. Feb. 3, 2010) and *Alexander v. F.B.I.*, 194 F.R.D. 305 (D.D.C. 2000). Nor does it contend a document exists because someone "may have seen [an Activision employee] typing on a laptop" out of the corner of their eyes as in *Alexander*. 94 F.R.D. 305, 311. Far from it.

Warzone provided the Court extensive evidence, including public statements by Activision's own executive officers to their investors, that Activision—as a company and across its product lines—has benefited from WARZONE games in specific dollar amounts. Each and every one of the documents Warzone referenced and attached as an exhibit to its motion to compel is "specific evidence" of both Activision's "failure to search" and of the existence of documents and information it seeks. *Dupree*, 2010 WL 11597454, at *3; *see e.g.,* Docket No. 98-3 at 27-36. "[A]lthough the Court generally presumes the accuracy of a party's representation that its document production is

complete, here, [Warzone] has presented convincing 'contrary evidence' that additional documents likely exist" and must be produced. *Strategic Partners, Inc. v. FIGS, Inc.*, No. 19-2286, 2021 WL 4813646, at *11 (C.D. Cal. Aug. 12, 2021), quoting *Munoz v. InGenesis STGi Partners, LLC*, No. 14-1547, 2015 WL 13559890, at *3 (S.D. Cal. Aug. 4, 2015) (compelling production of documents regarding a clinical study despite the party's claims they did not exist in view of movant's evidence that "a speech" "confirmed that FIGS had performed a study" and an email referenced the results of the study, which "confirm[ed] that she had such a study").

## C. Delayed Financial Reporting Is No Obstacle to Discovery

Activision cannot escape its own admissions about the relevance of the information Warzone seeks, and now claims through its declarants that producing the documents would take months. As an initial matter, Warzone noticed for deposition the Activision employees who provided these declarations, and expects to update the Court at the December 17 hearing regarding the set of responsive information that Activision cannot in fact produce, as distinct from information Activision refuses to produce.[3] For example, Activision has provided no rationale for why it cannot produce existing internal summaries, audits, or reports containing the financial information it already reported to its investors. Activision cannot simply silo the benefits it receives from its use of the contested mark WARZONE with attorney argument that Activision's financial department keeps financial information for various interrelated products "completely separate," nor can Activision use its corporate structure or size to evade its discovery obligations. *See e.g.*, Docket No. 98-3 at 28-36.

Activision furnishes no reason why it cannot produce, at minimum, the most recent year of financial information available for Modern Warfare and Black Ops and the documents already prepared by Activision's accounting department prior to expert

---

[3] Although, Activision has yet to facilitate the deposition of a single Activision witness to date.

disclosures.  Warzone is willing to cooperate with Activision to ensure the parties' experts are able to analyze the information relevant to the parties' claims and defenses. As the parties have already agreed not to hold open depositions pending the production of any documents the Court orders Activision to produce in response to this motion to compel, the only obstacle to the fulsome preparation of Warzone's expert opinions is that Activision purportedly cannot compile certain relevant data sufficiently ahead of expert reports.  But, this problem has a ready solution—Activision itself has proposed that both sides update their financial information before trial, and thus Activision can provide the as-yet unprepared financial statements at issue along with its remaining updated financial information prior to trial.

## CONCLUSION

For the foregoing reasons, the Court should grant Warzone's motion.

Date:  December 3, 2024

Respectfully submitted,

_____
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-3073@cases.warrenlex.com

Alyssa K. Schabloski (State Bar No. 258876)
GLADIUS LAW, APC
2708 Wilshire Boulevard, No. 426
Santa Monica, California, 90403
Tel: (310) 734-0720
aks@gladiuslaw.com

Brett E. Lewis (pro hac vice)
Roberto Ledesma (pro hac vice)
Michael D. Cilento (pro hac vice)

LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, New York, 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
brett@iLawco.com
roberto@ilawco.com
michael@iLawco.com

*Attorneys for Defendant /
Counterclaimant Warzone.com, LLC*

**Certificate of Compliance**

The undersigned, counsel of record for Warzone.com, LLC, certifies that this brief contains 1, 084 words, in compliance with LR 11-6.1.

Date:   December 3, 2024

_____

Francesca M. S. Germinario