| | |
|---|---|
| 1 | MARC E. MAYER (SBN 190969) |
|   |   mem@msk.com |
| 2 | KARIN G. PAGNANELLI (SBN 174763) |
|   |   kgp@msk.com |
| 3 | LINDSAY R. EDELSTEIN (*pro hac vice*) |
|   |   lre@msk.com |
| 4 | MITCHELL SILBERBERG & KNUPP LLP |
|   | 2049 Century Park East, 18th Floor |
| 5 | Los Angeles, CA 90067-3120 |
|   | Telephone: (310) 312-2000 |
| 6 | Facsimile: (310) 312-3100 |

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation, | CASE NO. 2:21-cv-3073-FLA (JCx) |
| Plaintiff, | [Judge Fernando L. Aenlle-Rocha] |
| v. | **APPLICATION OF ACTIVISION PUBLISHING, INC. FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL** |
| WARZONE.COM, LLC, | |
| Defendant. | (Declaration of Marc E. Mayer and [Proposed] Order filed concurrently herewith) |
| WARZONE.COM, LLC, | |
| Counterclaimant, | |
| v. | Complaint Filed: Apr. 8, 2021 |
| ACTIVISION PUBLISHING, INC., a Delaware corporation, | Counterclaim Filed: June 8, 2021 |
|  | Pretrial Conference: May 19, 2025, at 1:30 p.m. |
| Counterdefendant. | Trial: May 27, 2025, at 8:15 a.m. |

Pursuant to Local Rule 79-5.2.2(a) and (b), and the Protective Order entered in this action on December 15, 2021 (ECF 39), Plaintiff/Counterclaim-Defendant Activision Publishing, Inc. ("Activision"), through its undersigned counsel, hereby submit this Application for Leave to File Certain Documents Under Seal (the

"Application") in connection with Activision's Motion for Summary Judgment or, Alternatively, for Partial Summary Judgment ("Motion").

This application is made pursuant to Local Rule 79-5.2.2(a) in connection with the following documents:

1. Exhibits 32, 33, 35-39, 49, 52-56, 60-61, 66-72, 78-85, and 151 to the Declaration of Marc E. Mayer ("Mayer Decl.");

2. The Declaration of Carolyn Wang ("Wang Declaration") and Exhibits A and B attached thereto; and

3. The Declaration of Terry Kiel ("Kiel Declaration") and Exhibits A-C attached thereto.

This Court has inherent discretion to order documents to be filed under seal. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)).

There is good cause here to grant this requested relief because the foregoing documents were either: (a) designated by WZLLC as Confidential or Highly Confidential pursuant to the Protective Order; or (b) contain proprietary business information for which special protection from public disclosure is warranted. *See* Declaration of Marc Mayer In Support of Defendants' Application to File Under Seal ("Mayer Sealing Decl.").

This application, and the scope of documents Activision seeks to file under seal, are narrowly tailored to include only the documents designated by WZLLC as Confidential or Highly Confidential under the Protective Order, or documents containing proprietary and/or confidential business and personal information. *See id.* ¶ 10. Activision has taken steps to narrow the scope of this application as much as possible, including by excerpting certain documents and/or redacting private information contained on other exhibits in such a way as to allow their public disclosure. *Id.*

\*   \*   \*

This application is further made pursuant to Local Rule 79-5.2.2(b) in connection with the following documents:

1. Exhibits 32 and 33, which are true and correct copies of relevant excerpts from WZLLC's "Objections and Amended Supplemental Response (No. 1), Amended Response (No. 2), Third Supplemental Response (No. 4), and Second Supplemental Response (No. 8) to Activision's First Set of Interrogatories" and WZLLC's "Objections and Amended Responses (Nos. 3, 6, & 13), Second Supplemental Response (No. 5), and Supplemental Response (No. 12) to Activision's First Set of Interrogatories," which were designated in their entirety by WZLLC as Confidential pursuant to the Protective Order (ECF 39). Mayer Sealing Decl., ¶ 3(a).

2. Exhibits 35, 36, and 151, which are true and correct copies of relevant excerpts from the transcript of the depositions of WZLLC's witnesses Jay Westerdal, Randy Ficker, and Bo Geddes, which transcripts were designated in their entirety by WZLLC as Highly Confidential pursuant to the Protective Order (ECF 39). Mayer Sealing Decl., ¶ 3(b).

3. The following documents produced by WZLLC in this action, which were marked by Activision as Exhibits during the depositions of Jay Westerdal and Randy Ficker, and which were designated in their entirety by WZLLC as Confidential pursuant to the Protective Order (ECF 39).

| Ex. 37 | Operating Agreement of WZLLC (bearing Bates numbers WZ015031-WZ015046) |
|---|---|
| Exs. 38, 39, 60 | Communications between Mr. Westerdal and Mr. Ficker (bearing Bates numbers WZ023306-WZ023315; WZ009636- WZ009650; WZ023348) |
| Exs. 49, 66-69 | WZLLC financial information (native documents; documents bearing Bates numbers WZ004998, |

| | |
|---|---|
| | WZ004999, WZ005012-WZ005013, WZ005027-WZ005027; WZ005044) |
| Exs. 52-56, 61, 70-72 | Communications between WZLLC and third parties (documents bearing Bates numbers WZ015313-WZ015415; WZ015159; WZ015280; WZ022720-WZ022729; WZ006128- WZ006134; WZ016387-WZ016392; WZ011355; WZ000019- WZ000020) |

Mayer Sealing Decl., ¶ 3(c).

4. Exhibits 78, 79, 80, and 82, which are true and correct copies of relevant excerpts from the transcripts of the depositions of Activision's witnesses Chris Plummer, Matthew Kliszewski, Matthew Cox, and Carolyn Wang, respectively. These transcripts contain commercially-sensitive, highly confidential, and proprietary information regarding Activision's business and marketing procedures and communications. Mayer Sealing Decl., ¶ 3(d).

5. Exhibit 81, which is a true and correct copy of certain relevant documents produced WZLLC in this action which WZLLC designated as Confidential or Highly Confidential pursuant to the Protective Order (ECF 39). Mayer Sealing Decl., ¶ 3(e).

6. Exhibits 83, 84, and 85, which are true and correct copies of the Expert Report of Bo Geddes, relevant excerpts from the Expert Report of Christian Tregillis, and relevant excerpts the Expert Rebuttal Report of Bo Geddes, respectively. These expert reports were provided by WZLLC in this action and WZLLC designated each of them as Highly Confidential pursuant to the Protective Order (ECF 39). Mayer Sealing Decl., ¶ 3(f).

7. Declaration of Carolyn Wang, as well as Exhibits A and B attached thereto. These materials contain confidential and competitively sensitive

information regarding business practices and development, including confidential information related to Activision's marketing and business strategy.  Sealing Decl., ¶ 4.

8. Declaration of Terry Kiel, as well as Exhibits A, B, and C attached thereto.  These materials contain details regarding Activision's trademark clearance practices, which is considered private, confidential, proprietary, and/or trade secret information, including internal trademark search reports.  Mayer Sealing Decl., ¶ 5.

9. In addition to the foregoing, Activision is filing the following *unredacted* versions of documents related to its Motion, as these documents reference information derived from documents that were designated as Confidential or Highly Confidential:

   a. Activision's *Unredacted* Memorandum of Law In Support of its Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (the "Motion").  The Motion contains multiple references to information derived from the foregoing exhibits, as identified above, in such a way as to reveal the information designated as Confidential or Highly Confidential.

   b. Activision's *Unredacted* Statement of Uncontroverted Facts In Support of its Motion (the "SUF").  The SUF contains multiple references to and information derived from the foregoing exhibits, as identified above, in such a way as to reveal the information designated as Confidential or Highly Confidential.

Mayer Sealing Decl., ¶ 6.

On January 29, 2025, Activision's counsel participated in a conference of counsel with WZLLC's counsel regarding the sealing of the above-referenced documents in connection with the Motion.  WZLLC does not oppose filing these documents under seal.  Mayer Sealing Decl., ¶ 7.  Activision does not oppose filing

5

**APPLICATION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**

1  these documents under seal.  Activision takes no position in this Application with
2  respect to the propriety of WZLLC's confidentiality designations, but does not
3  object to the under seal filing of materials designated by WZLLC as Confidential
4  or Highly Confidential and the parties have agreed to abide by the Court's
5  Protective Order with respect to any documents marked as Confidential or Highly
6  Confidential.
7       Accordingly, Activision respectfully requests that the Court grant this
8  Application to file under seal the documents referenced herein.  All such
9  documents are appended to the (concurrently filed) Mayer Sealing Decl. in support
10 of this application.

DATED:  February 14, 2025        MARC E. MAYER
                                 KARIN G. PAGNANELLI
                                 LINDSAY R. EDELSTEIN
                                 MITCHELL SILBERBERG & KNUPP LLP

                                 By: */s/ Marc E. Mayer*
                                     Marc E. Mayer (SBN 190969)
                                     Attorneys for Activision Publishing, Inc.