1  MARC E. MAYER (SBN 190969)
     mem@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
     kgp@msk.com
3  LINDSAY R. EDELSTEIN (*pro hac vice*)
     lre@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF ACTIVISION PUBLISHING, INC. FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** |
|---|---|
| WARZONE.COM, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Counterdefendant. | Date:  March 21, 2025<br>Time:  1:30 p.m.<br>Ctrm:  6B<br><br>Complaint Filed:  Apr. 8, 2021<br>Counterclaim Filed:  June 8, 2021<br>Pretrial Conference:  May 19, 2025, at 1:30 p.m.<br>Trial:  May 27, 2025, at 8:15 a.m. |

Mitchell Silberberg & Knupp LLP

**REQUEST FOR JUDICIAL NOTICE**

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. ("Activision") hereby respectfully requests that the Court take judicial notice of the following documents attached as exhibits to the accompanying Declarations of Marc E. Mayer ("Mayer Decl.") and Lindsay R. Edelstein ("Edelstein Decl.") in ruling on Activision's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment:

**1.** **Edelstein Decl., Ex. 1**: True and correct copies of web pages printed and/or captured from the Internet Archive Wayback Machine available at https://www.archive.org (the "Internet Archive"), pertaining to video games using the word "Warzone" (or variants thereof) in or as their titles.

**2.** **Edelstein Decl., Exs. 13, 14:** True and correct copies of web pages printed and/or captured from the Internet Archive pertaining to other materials relating to video games, board games, podcasts, films, and a comic book using the word "Warzone" (or variants thereof) in or as their titles.

**3.** **Mayer Decl., Ex. 148:** True and correct copies of Notices of Allowance for EVE: VALKYRIE – WARZONE trademark applications (Ser. Nos. 87/512,201; 87/512,215), both issued on May 1, 2018 by the U.S. Patent and Trademark Office ("USPTO"), and obtained from the website of the USPTO, located at www.uspto.gov (the "USPTO Website").

Under Federal Rule of Evidence 201(b), the Court may take judicial notice of facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Activision submits **Exhibits 1**, **13**, and **14** attached to the Edelstein Declaration for the fact that these materials existed in the public sphere at the time of the dates referenced therein, not for the truth or value of any statements they contain.  Activision submits **Exhibit 148** attached to the Mayer Declaration to establish matters of public record.

### Materials Obtained from the Internet Archive "Wayback Machine"

**Exhibits 1, 13, and 14 attached to the Edelstein Declaration** – which also may be found within Exhibits 87 through 146 to the Mayer Declaration – are true and correct copies of web pages archived by the Internet Archive, reflecting dates of archiving between 1999 and 2020.  "Courts may take judicial notice that the information contained in sources such as news articles, press releases, and webpages was available to the public." *Garcia v. J2 Glob., Inc.*, No. 2:20-CV-06096-FLA (MAAX), 2021 WL 1558331, at *8–9 (C.D. Cal. Mar. 5, 2021) (Aenlle- Rocha, J.) (collecting cases).  In particular, where a party files with the Court copies of web pages archived by the Internet Archive, a Court may properly determine that "the existence of these pages in the public realm on the relevant dates is not subject to reasonable dispute."  *Id.* at 8; *see, e.g., Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. 2015) ("Courts have taken judicial notice of the contents of web pages available through the [Internet Archive's] Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").  Accordingly, this Court should take judicial notice of the materials found in **Exhibits 1**, **13**, and **14** attached to the Edelstein Declaration.

### Materials Obtained from USPTO's Website

**Exhibit 148 attached to the Mayer Declaration** – are true and correct copies of documents obtained from the online records in the USPTO's online TSDR system.  Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *2 n.1 (N.D. Cal. Nov. 15, 2013) ("A court may take judicial notice of public records of governmental entities . . .

including information posted on government websites."); *Caiz v. Roberts*, 382 F. Supp. 3d 942, 947 (C.D. Cal. 2019) ("Courts may also take judicial notice of records and reports of administrative bodies, file histories and application materials.") (taking judicial notice of "File History" downloaded from USPTO website); *Klang v. Pflueger*, 2014 WL 4922401, *1 (C.D. Cal. July 10, 2014) ("As public records, these [documents from the USPTO] are proper subjects for judicial notice under Federal Rule of Evidence 201…."). Accordingly, as publicly available official government records, **Exhibit 148** attached to the Mayer Declaration is properly subject to judicial notice.

Based on the foregoing, judicial notice of the foregoing Exhibits is proper. *See* Fed. R. Evid. 201(c)(2) (A court "must take judicial notice if a party requests it and the court is supplied with the necessary information.").

DATED: February 14, 2025

MARC E. MAYER
KARIN G. PAGNANELLI
LINDSAY R. EDELSTEIN
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
   Marc E. Mayer (SBN 190969)
   *Attorneys for Activision Publishing, Inc.*