MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
LINDSAY R. EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARZONE.COM, LLC,<br><br>　　　　Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**NOTICE OF STRIKING OF PARAGRAPHS 4, 5, AND 6 OF ACTIVISION PUBLISHING, INC.'S PRAYER FOR RELIEF**<br><br>Complaint Filed:　　Apr. 8, 2021<br>Counterclaim Filed:　June 8, 2021<br>Pretrial Conference:　May 19, 2025, at 1:30 p.m.<br>Trial:　　　　　　　May 27, 2025, at 8:15 a.m. |
| WARZONE.COM, LLC,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Counterclaim Defendant. | |

Mitchell Silberberg & Knupp LLP

20522113.1

**NOTICE OF STRIKING**

PLEASE TAKE NOTICE that Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. ("Activision") voluntarily strikes Paragraphs 4, 5, and portions of Paragraph 6 from the Prayer for Relief set forth in its Complaint. ECF 1. Specifically, Activision is not seeking the following relief in connection with its sole cause of action for a "Declaration of Non-Infringement Under the Lanham Act":

> 4. Declaring that Activision's pending applications for registration of the marks WARZONE and CALL OF DUTY WARZONE may proceed to registration;
>
> 5. Declaring that Defendant's pending applications for registration of the mark WARZONE should not proceed to registration;

ECF No. 1 at 13.

Additionally, Activision hereby strikes certain portions of Paragraph 6 of its Prayer for Relief as follows:

> 6. Ordering that Defendant, its officers, directors, employees, agents, affiliates, attorneys, representatives, and licensees, be enjoined and permanently restrained from interfering with Activision's use ~~and registration~~ of the WARZONE and CALL OF DUTY WARZONE marks ~~and from opposing, seeking to cancel, or otherwise objecting to any federal registrations and applications for registration of such marks~~.

This lawsuit is limited to claims pertaining to alleged trademark *infringement*. There are no claims in this lawsuit pertaining to pending trademark

*applications*. Specifically, Activision filed its Complaint on April 8, 2021, in response to threats of injunctive relief and monetary damages asserted by Warzone.com, LLC ("WZLLC") against Activision in late 2020 and early 2021. The Complaint contains a single claim "For a Declaration of Non-Infringement Under the Lanham Act." On June 8, 2021, WZLLC filed Counterclaims for (1) Trademark Infringement under the Lanham Act, (2) Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 & 17500, and (3) Trademark Infringement under California Common Law. Neither party has asserted claims for cancellation of any registered trademark (as neither party possesses a registered trademark) or for a declaration of trademark ownership. Thus, determination of the status of pending trademark applications is outside the scope of this lawsuit and would not be adjudicated properly in this action; those matters are for the U.S. Patent and Trademark Office and the Trademark Trial and Appeal Board. By voluntarily striking Paragraphs 4, 5, and portions of Paragraph 6 from the Prayer for Relief set forth in its Complaint, Activision endeavors to streamline this case in the event trial is necessary.[1]

By this Notice, Activision does ***not*** seek to dismiss or amend its Claim for Relief for a Declaration of Non-Infringement Under the Lanham Act. Activision remains prepared to litigate the issue of whether its use in commerce of the term WARZONE in connection with its goods or services infringes any of WZLLC's alleged common law trademark rights in the term WARZONE.

---

[1] A plaintiff may at any time limit the scope of the relief that it is seeking without amending its complaint. *See Forest Guardians v. U.S. Dep't of Interior,* 2004 WL 3426413, at *6 (D.N.M. Jan. 12, 2004) ("The Livestock Associations do not cite support in the law for their assertion that a party must amend its complaint to narrow—rather than to expand—the scope of relief sought in its original complaint. The Court has not found any authority for the proposition that a party may not elect to litigate for less than the full scope of relief generally stated in its complaint."). This is logical, because a Prayer for Relief "forms no part of the cause of action." *Preas v. Phebus,* 195 F.2d 61, 63 (10th Cir. 1952). *See also Mohideen v. Calnet, Inc.,* 2015 WL 506243, at *2 (S.D. Cal. Feb. 6, 2015) ("A prayer for relief is not part of a cause of action.").

DATED: February 21, 2025

MARC E. MAYER
KARIN G. PAGNANELLI
LINDSAY R. EDELSTEIN
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
   Marc E. Mayer (SBN 190969)
   *Attorneys for Activision Publishing, Inc.*