Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
Nicole A. Bloomfield (State Bar No. 356757)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-3073@cases.warrenlex.com

*Attorneys for Defendant / Counterclaimant Warzone.com, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., | Case No. 2:21-cv-3073-FLA (JCx) |
| Plaintiff / Counterclaim Defendant, | **REDACTED VERSION** |
| v. | Hon. Fernando L. Aenlle-Rocha |
| WARZONE.COM, LLC, | **WARZONE.COM, LLC'S EVIDENTIARY OBJECTIONS AND OPPOSITION TO REQUEST FOR JUDICIAL NOTICE** |
| Defendant / Counterclaimant. | |
| | Hearing Date:  March 21, 2025 |
| | Hearing Time:  1:30 p.m. |
| | Courtroom:  6B |
| | Pretrial Conference:  May 19, 2025 |
| | Trial:  May 27, 2025 |

Defendant and Counterclaimant Warzone.com, LLC ("Warzone") respectfully submits the following objections to evidence offered in support of Activision's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment, Docket No. 112-2. Warzone further requests that the Court strike the inadmissible portions of Activision's declarations which purport to attest to legal arguments or conclusions.

Warzone objects to the evidence below on the following grounds:

## I.    insert heading here Nora :D

### 1.    Improper Legal Arguments or Conclusions
### Fed. R. Civ. P. 56(c); Fed. R. Evid. 602; L.R. 7-7.

"Legal arguments or conclusions contained in declarations are improper and should be stricken." *McElmurry v. US Bank Nat'l Ass'n*, No. 04-642, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005).; *see also Horowitz v. Chen*, No. 17-432, 2023 WL 4100498, at *9 (C.D. Cal. Mar. 31, 2023) (Aenlle-Rocha, J.) (citing *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002)); *A.C.T. 898 Prods., Inc. v. Headquarters Beauty Supplies, Inc.*, No. 19-10803, 2024 WL 1094704, at *4 (C.D. Cal. Feb. 8, 2024) (citing *Nieves v. Univ. of P.R.*, 7 F.3d 270, 276 n.9 (1st Cir. 1993)). "Declarations by attorneys are sufficient only if the facts stated are matters of which the attorney has knowledge." *Aguilera v. Unocal Corp.*, No. 22-01394, 2023 WL 6369701, at *5 (C.D. Cal. Aug. 14, 2023) (citing Fed. R. Civ. P. 56(c)(4)).

Activision's attorneys submit declarations purporting to testify based on their "research" regarding disputed facts, including Mr. Mayer's testimony that he "can attest to" conclusions such as "WZLLC has not provided evidence that any significant portion of the video game consuming public ever associated the word Warzone exclusively with its goods or services," or "that it ever lost a customer or prospective customer because of CODWZ" (Mayer Decl. ¶ 53) or that "WARZONE is a very small yellow 'TM' integrated into the Warzone logo (making it unclear to me whether WZLLC is claiming a trademark in the word or the entire logo." Mayer Decl. ¶ 15. "If such 'expert' testimony were

permitted, the page requirements for briefs filed with the court would become, effectively, moot." *Pac. Gas & Elec.*, 216 F. Supp. 2d at 1027.

### 2. Improper Expert Testimony (FRE 701-702)

Under Federal Rule of Evidence 701(c), "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Counsel's testimony for example that they "reviewed the source code for all of the website pages" or "conducted research into the existence of third-party games" (Mayer Decl. ¶¶ 18,46) is impermissible expert testimony.

### 3. Lacks Authentication (FRE 902)

The Ninth Circuit has "repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)). "[W]here counsel does not have personal knowledge of the authenticity of the document, a declaration of counsel cannot serve to authenticate the document." *Vida Enter. Corp. v. Angelina Swan Collection, Inc*., No. 22-00915, 2023 WL 2895702, at *4 (C.D. Cal. Apr. 11, 2023). "[D]ocuments authenticated through personal knowledge 'must be attached to an affidavit that meets the requirements of Fed. R. Civ. P. 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Aguilera v. Unocal Corp*., No. 22-01394, 2023 WL 6369701, at *6 (C.D. Cal. Aug. 14, 2023).

Activision seeks to authenticate attorney-created documents including videos and screenshots, as well as printouts of various websites. Activision "has not submitted additional declarations from a lay witness or expert" with this information in admissible form or suggest that "such a person exists and is available to testify at trial." *A.C.T. 898 Prods.,* No. 19-10803, 2024 WL 1094704, at *4 (C.D. Cal. Feb. 8, 2024) (*citing Valencia*

*v. Cnty. of San Bernardino,* No. CV 16-2169-DSF (SPx), 2017 WL 11634381, at *3 (C.D. Cal. Dec. 8, 2017). "Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902" and are thus "inadmissible for purposes of summary judgment." *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004)  Activision could have presented evidence capable of authentication through one of its *four* expert witnesses, or regarding which any of its lay witnesses have personal knowledge.

### 4. Hearsay (FRE 801)

"In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807." (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002)).  Because summary judgment qualifies as a substitute for a trial, and hearsay (absent an exception or exclusion) is inadmissible at trial, a motion for summary judgment may not be ***supported by*** hearsay. *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1157 (S.D. Cal. 2022) (emphasis in original).  Hearsay may only be considered on summary judgment where the evidence would be admissible at trial in some other form.  *Id*.

| Evidence Objected To | Objection |
|---|---|
| "Exhibits 1 and 2 are true and correct copy (sic) of two video captures **demonstrating the PC version of Activision's video game** Call of Duty: Warzone. The first video **reflects the process by which** a PC user launches the game via the Battle.net platform. The second video reflects the game once it is launched."<br><br>Declaration of Marc E. Mayer, (Docket No. 115) ("Mayer Decl"). ¶ 4. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702). |

| | |
|---|---|
| "Exhibit 3 is a true and correct copy of a video capture **demonstrating the process of navigating to the website www.warzone.com, playing the games Warzone Classic and Warzone Idle, and accessing the in-game store.** . . prepared by a member of my office"<br><br>Mayer Decl. ¶ 5. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702). |
| "Exhibit 4 is a true and correct copy of a videocapture of **the process by which a player locates, downloads, and launches** the mobile title Call of Duty: Warzone Mobile on an Apple iPhone. . . prepared by a member of my office"<br><br>Mayer Decl. ¶ 6.. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702). |
| "Exhibit 5 is a true and correct copy of a video capture of the **process by which a player downloads, launches, and plays** the mobile game Warzone – Turn Based Strategy on an Apple iPhone. . . prepared by a member of my office"<br><br>Mayer Decl. ¶ 7. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702). |
| "Exhibit 6 is a true and correct copy of a video capture of **the process by which a player downloads, launches, and plays** the mobile title Warzone Idle on an Apple iPhone. . . prepared by a member of my office"<br><br>Mayer Decl. ¶ 8. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702). |
| "I accessed via my personal computer the Steam PC game platform (which I previously had downloaded and installed | Improper Expert Testimony (FRE 701-702). |

– 4 –

| | |
|---|---|
| on my computer) and **conducted a search for the word "Warzone."** Attached hereto as Exhibit 7 is a true and correct copy of a screen capture reflecting the **results of my search."**<br><br>Mayer Decl. ¶ 9. | Hearsay (FRE 801). |
| "[I] **conducted a search** for the word "Warzone." Attached hereto as Exhibit 9 is a true and correct copy of a screen capture reflecting the results of my search."<br><br>"After **conducting the search** reflected in the foregoing exhibit, I clicked on Call of Duty: Warzone to access the Call of Duty: Warzone store page on the Xbox App. Attached hereto as Exhibit 10 is a true and correct copy of a screen capture of the Call of Duty: Warzone Xbox for PC page."<br><br>Mayer Decl. ¶ 10. | Improper Expert Testimony (FRE 701-702).<br><br>Hearsay (FRE 801). |
| "Exhibit 19 . . . **reflects that the website copy contains a trademark notice for all references to 'Risk®' but the only purported trademark notice for WARZONE is a very small yellow 'TM' integrated into the Warzone logo (making it unclear to me whether WZLLC is claiming a trademark in the word or the entire logo.) I have browsed the entire website and did not see the 'TM' used anywhere other than within the logo."**<br><br>Mayer Decl. ¶ 15. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702).<br><br>Hearsay (FRE 801). |
| "Exhibit 22 are screen captures of **excerpts of the source code for certain** | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. |

– 5 –

| | |
|---|---|
| **pages** of the Warzone.com website . . . **I have reviewed the source code for all of the website pages, and they all contain similar metadata, except for the page that opens when actually playing the game. When playing the game, the title metadata includes the words 'Time to take a risk.'"**<br><br>Mayer Decl. ¶ 18. | 7-7).<br><br>Improper Expert Testimony (FRE 701-702).<br><br>Hearsay (FRE 801). |
| "During the course of this litigation, WZLLC produced emails **it erroneously received** over a four-year period from CODWZ players reporting bugs to Activision or requesting customer support from Activision. See Exh. 81 (WZ011349, WZ011478, WZ0011557, WZ011574)."<br><br>Mayer Decl. ¶ 42. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). |
| "Under my direction and supervision, **a research analyst at my firm deduplicated and organized these emails** to determine that all of the emails came from a total of 199 unique individuals."<br><br>Mayer Decl. ¶ 44. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Hearsay (FRE 801). |
| "During the course of this litigation, my colleagues and **I have conducted research into the existence of other third-party games whose title is "Warzone" or includes the word "Warzone." We have identified more than 50 such games."**<br><br>"A list of certain of these third party games, along with the corresponding exhibit reflecting these games and their | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702).<br><br>Hearsay (FRE 801).<br><br>Lacks Authentication (FRE 902). |

– 6 –

WARZONE'S EVIDENTIARY OBJECTIONS AND OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

| | |
|---|---|
| release dates"<br><br>Mayer Decl. ¶¶ 46-47. | |
| "Exhibit 149 are true and correct copies of screen captures of **all of the reviews on the Apple App Store** for the Warzone Classic and Warzone Idle apps. . . prepared by a member of my office"<br><br>Mayer Decl. ¶ 51; | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). |
| "Exhibit 150 are true and correct copies of screen captures of **all of the reviews on the Google Play Store** for the Warzone Classic and Warzone Idle apps. . . prepared by a member of my office"<br><br>Mayer Decl. ¶ 52;  Exhibit 150. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). |
| "I am familiar with and **have reviewed all of the documents that WZLLC produced in this action**, as well as all written discovery and deposition testimony proffered by WZLLC in this action. Based on **my review of WZLLC's document productions, written discovery, and deposition testimony, I can attest to the following**:<br><br>    **a. WZLLC has not provided evidence of any future plans or intent to develop a first-person shooter game**<br>    **b. WZLLC has not provided evidence of any future plans to make its games available for consoles or on PC gaming platforms. To the contrary, when Ficker was asked whether** | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702).<br><br>Hearsay (FRE 801). |

WARZONE'S EVIDENTIARY OBJECTIONS AND OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

Warzone was coming to steam, he responded "Nope!" See Ex. 42, at p. 8.

c.  **WZLLC has not provided evidence that any significant portion of the video game consuming public ever associated the word Warzone exclusively with its goods or services.**

d.  **WZLLC has not provided evidence that it ever lost a customer or prospective customer because of CODWZ.**

e.  **WZLLC has not provided evidence that it ever lost a customer or prospective customer because of CODWZ.**

f.  **WZLLC has not provided evidence that any person mistakenly believed that WZLLC's games were created by or associated with Activision.**

g.  **WZLLC has not provided evidence that players of CODWZ play WZLLC's games, or vice versa.**

h.  **WZLLC has not identified any actual or potential customer who failed or refused to do business with**

i.  **WZLLC due to a mistaken belief that Activision was the source of or affiliated with WZLLC's games."**

"Each document in Exhibits 87 through 146 above **h[ave] been authenticated either through the Declaration of Lindsay R. Edelstein.**"

WARZONE'S EVIDENTIARY OBJECTIONS AND OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

| | |
|---|---|
| Mayer Decl. ¶ 53. | |
| Exhibits 1-25, 40, 43-7, 50-52, 57-9, 62-5, 73, 77, 86-150, 152, to the Mayer. | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)).<br><br>These exhibits contain attorney-created documents that were not produced in discovery and for which Activision cannot identify a sponsoring witness through whom the exhibits could be admitted into evidence. *Aguilera v. Unocal Corp*., No. 22-01394, 2023 WL 6369701, at *5 (C.D. Cal. Aug. 14, 2023); see also *In re Homestore.com, Inc. Sec. Litig*., 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004).<br><br>Activision improperly seeks to cure its lack of foundation by cross-referencing one attorney declaration against another Mayer. Decl. ¶ 48. ("Each document in Exhibits 87 through 146 above h[ave] been authenticated either through the Declaration of Lindsay R. Edelstein"); Edelstein. Dec. ¶3 ("As noted in the concurrently filed Motion and Declaration of Marc E. Mayer ("Mayer Declaration"), we have identified more than 50 such games.").<br><br>Activision incorrectly asserts that an attorney-created document is authenticated by virtue of the fact that it was presented during deposition, but fails to identify authenticating testimony.  Mayer Decl. ¶ 48 ("and/or introduced via deposition exhibits referenced above in ¶ 33."). |

WARZONE'S EVIDENTIARY OBJECTIONS AND OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

| Exhibit 22 to the Mayer Declaration. | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)). |
| | Hearsay (FRE 802). |
| | Exhibit 22 contains an undated attorney-created document that Mr. Mayer testified to be an excerpt of "source code" which was not produced in discovery and for which Activision cannot identify a sponsoring witness through whom the exhibit could be admitted into evidence. *Aguilera v. Unocal Corp.*, No. 22-01394, 2023 WL 6369701, at *5 (C.D. Cal. Aug. 14, 2023); see also *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004). |
| Exhibit 81 to the Mayer Declaration. | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)). |
| | Exhibit 81 contains more than 20 documents in a single exhibit, none of which have been authenticated in deposition or otherwise, without any sort of index or any additional declaration providing further authentication for each document. |
| Exhibit 147 to the Mayer Declaration. | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)). |
| | Hearsay (FRE 802). |
| | Mr. Mayer testifies that he ordered a video game from Amazon.com, which was not |

| | |
|---|---|
| | produced for inspection and for which Activision cannot identify a sponsoring witness through whom the exhibit could be admitted into evidence. *Aguilera v. Unocal Corp.*, No. 22-01394, 2023 WL 6369701, at *5 (C.D. Cal. Aug. 14, 2023); see also *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004). |
| "I and my colleagues have **conducted research into the existence of third-party games whose title is "Warzone" or includes the word "Warzone" (or variants such as "War Zone") (hereinafter, the "Third Party Game Evidence")**. As noted in the concurrently filed Motion and Declaration of Marc E. Mayer ("Mayer Declaration"), **we have identified more than 50 such games**." <br><br> Declaration of Lindsay R. Edelstein (Docket No. 114) ("Edelstein Decl"). ¶ 2. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). <br><br> Improper Expert Testimony (FRE 701-702). <br><br> Hearsay (FRE 801). |
| "this declaration submits true and correct copies of **evidence of the above-referenced third-party games** grouped according to the primary sources from which evidence was collected . . . **reflecting evidence collected from the respective source**." <br><br> Edelstein Decl. ¶ 3-4. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). <br><br> Hearsay (FRE 801). |
| Exhibits 1-14 to the Edelstein Decl. Edelstein Decl. ¶ 1-14 | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)). |

| | |
|---|---|
| | Hearsay (FRE 802). |
| | Each exhibit to the Edelstein declaration contains portions of documents not produced in discovery, offered for the purpose of identifying their source or otherwise authenticating them.  Edelstein Decl. ¶3, n.1. ("For certain longer documents, only relevant or exemplary excerpts are included.")  This is improper, and Activision cannot identify a sponsoring witness through whom these attorney-created exhibits could be admitted into evidence.  *Aguilera v. Unocal Corp.*, No. 22-01394, 2023 WL 6369701, at *5 (C.D. Cal. Aug. 14, 2023); see also *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004). |
| Wang Decl.,  ¶9. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). |
| | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). |

WARZONE'S EVIDENTIARY OBJECTIONS AND OPPOSITION TO REQUEST FOR JUDICIAL NOTICE



| | |
|---|---|
| Wang Decl., ¶ 10. | |
| Wang Decl., ¶ 11. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). Improper Expert Testimony (FRE 701-702). |
| Exhibit A to Wang Decl. | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)). Hearsay (FRE 802). Ms. Wang does not attest to personal knowledge of Exhibit A, which is undated. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 782-83 ("[t]o be authenticated, some statement or affidavit from someone with knowledge is required). |

## II.   Opposition to Request for Judicial Notice

The Court should deny Activision's Request for Judicial Notice, Docket No. 113 as to Exhibits 1, 13, and 14 to the Declaration of Lindsay R. Edelstein (Docket No. 114). Activision fails to provide the Court with appropriate documents of which it could reasonably take judicial notice. Ms. Edelstein states that "only relevant or exemplary excerpts are included" for certain of the exhibits, without identifying which. Edelstein Decl. ¶ 3 n.1. Activision states that the documents "may be found within Exhibits 87 through 146 to the Mayer Declaration," but *does not identify where within these 59*

*documents the corresponding exhibits are located.*  Request for Judicial Notice at 2. Activision further states that these exhibits were "printed and/or captured" from the Internet Archive, without identifying which was printed and which was "captured," or how. *Id*.

Although the Court may properly judicially notice the existence of "pages in the public realm" where no challenge is made, *Garcia v. J2 Glob., Inc*., No. 20-CV-06096-FLA, 2021 WL 1558331, at *9 (C.D. Cal. Mar. 5, 2021) ("Plaintiff does not challenge them"), the Court should decline to do so under these unusual circumstances.  "A high degree of indisputability is the essential prerequisite."  Fed. R. Evid. 201 advisory committee's notes.

Date:  February 28, 2025                Respectfully submitted,

_____

Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
Nicole A. Bloomfield (State Bar No. 356757)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-3073@cases.warrenlex.com

*Attorneys for Defendant /*
*Counterclaimant Warzone.com, LLC*