# EXHIBIT L

1  MARC E. MAYER (SBN 190969)
       mem@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
       kgp@msk.com
3  ALEXANDRA L. ANFUSO (SBN 333440)
       ala@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA 90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  LINDSAY R. EDELSTEIN (*pro hac vice*)
       lre@msk.com
8  MITCHELL SILBERBERG & KNUPP LLP
   437 Madison Ave., 25th Floor
9  New York, New York 10022-7001
   Telephone: (212) 509-3900
10 Facsimile: (212) 509-7239

11
12 Attorneys for Activision Publishing, Inc.

13            UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15 ACTIVISION PUBLISHING, INC., a          CASE NO. 2:21-cv-3073-FLA (JCx)
   Delaware corporation,
16                                          [Judge Fernando L. Aenlle-Rocha]
                Plaintiff,
17                                          **ACTIVISION PUBLISHING,
        v.                                  INC.'S RESPONSE TO
18                                          WARZONE.COM, LLC'S FIRST
   WARZONE.COM, LLC,                        SET OF REQUESTS FOR
19                                          ADMISSION
                Defendant.                  (NOS. 1-94)**
20 _____
   WARZONE.COM, LLC,
21
                Counterclaimant,
22
        v.
23
   ACTIVISION PUBLISHING, INC., a
24 Delaware corporation,

25              Counterdefendant.

26 _____

27

28

Mitchell
Silberberg &
Knupp LLP

1    PROPOUNDING PARTY:              WARZONE.COM, LLC

2    RESPONDING PARTY:              ACTIVISION PUBLISHING, INC.

3    SET NO.:                      ONE

4        Pursuant to Federal Rule of Civil Procedure 36 and the corresponding Local

5    Rules of the Central District of California, Plaintiff and Counterclaim Defendant

6    Activision Publishing, Inc. ("Responding Party" or "Activision") hereby responds

7    to Defendant and Counterclaimant Warzone.com, LLC's ("Propounding Party" or

8    "Warzone") First Set of Requests for Admission (the "Requests").

9

10                          **PRELIMINARY STATEMENT**

11        1.    These responses are made solely for the purposes of this action.  Any

12    information provided in response to any particular Request is provided subject to

13    and without waiving any objections as to competence, relevance, materiality,

14    propriety, admissibility, and all other objections on grounds that would permit or

15    require the exclusion of such information or document if it were offered in

16    evidence, all of which objections and grounds are hereby expressly reserved and

17    may be interposed at the time of trial or in response to any motion or application.

18        2.    The following responses are based upon information presently

19    available to and located by Responding Party.  Responding Party has not

20    completed its investigation of this action, has not completed discovery, and may

21    the future discover additional facts, information, and/or documents responsive to

22    the Requests.  Responding Party specifically reserves the right to amend and/or

23    supplement these responses at any time and produce evidence of any subsequently

24    discovered facts.  Responding Party reserves all rights to rely at trial, or for any

25    purpose in connection with this action, upon any and all information and

26    documents, whether or not provided in response to any particular Request.

27    Nothing stated herein shall constitute or be construed as a waiver of Responding

28

Party's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3.      No incidental or implied admissions are intended by the responses herein.  The fact that Responding Party has agreed to respond to any particular Request is not intended, and shall not be construed as, a waiver by Responding Party of any part of any objection to any such Request, or any part of any General Objection.  The fact that Responding Party responds or objects to any particular Request or part thereof is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any facts set forth in or assumed by such Request, or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1.      Responding Party objects to Propounding Party's Definitions, and to each and every Request, to the extent they purport to impose obligations on Responding Party different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or the Civil Local Rules of the U.S. District Court for the Central District of California.

2.      Responding Party objects to each Request to the extent that the Request seeks information that is not within Responding Party's possession, custody, or control and/or solely within the possession, custody or control of entities other than Responding Party.  These responses are provided only on behalf of Responding Party, and Responding Party will only produce information within its own possession, custody, or control.

3.      Responding Party objects to each Request to the extent that the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines.  Responding Party shall not provide information so protected.  This

objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Responding Party or obtained such knowledge solely through communications with counsel for Responding Party.  Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Responding Party's rights to object to the use of such information.

4.      Responding Party objects to each Request to the extent that the Request seeks information that is highly confidential, sensitive, and/or proprietary business information and/or trade secrets.

5.      Responding Party objects to each Request to the extent that the Request seeks information protected from disclosure by privacy rights enumerated in or recognized by the common law, State or federal statutes, any relevant State Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, private and sensitive information regarding Responding Party's employees, agents, and customers.

6.      Responding Party objects to each Request to the extent it demands information that is likely to be the subject of expert testimony.  Responding Party will make its expert disclosures at the appropriate time and in the appropriate manner.

7.      Responding Party objects to the Requests as overbroad as to time and/or subject matter.

8.      Responding Party objects to the Requests to the extent that the Requests seek information that is neither relevant to any party's claim or defense nor is proportional to the needs of the case.

9.      Responding Party objects to the term "ACTIVISION" on the grounds that it is overbroad, unduly burdensome, oppressive, and harassing, including without limitation because its definition purports to include independent

contractors, attorneys, and all studios.  All Requests that incorporate this term thus purport to seek information relating to potentially innumerable persons and/or entities that are of no relevance or concern to this litigation.  Responding Party construes the term "ACTIVISION" as referring solely to Responding Party and its representatives.

10.    Responding Party objects to the term "WARZONE" to the extent it implies that Warzone has ever had any trademark rights in the term "WARZONE."

11.    The foregoing General Objections are incorporated into each individual response.

## **RESPONSE TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that in October of 2003, Activision first published Call of Duty, a game developed by Infinity Ward, for use on Microsoft Windows.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that it is compound and seeks two, rather than one, admission.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that Activision first published *Call of Duty* in October of 2003 for Microsoft Windows computers, and admitted that *Call of Duty* was developed by Infinity Ward.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Infinity Ward was founded by three or fewer video game developers in 2002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision responds: In 2002, Infinity Ward was not owned or controlled by Activision and Activision was not involved with the "founding" of the company; thus, Activision is unable to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Activision funded Infinity Ward in 2002, paying under two million in exchange for a 30% stake in Infinity Ward.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the image below is a true and accurate depiction of cover art for Call of Duty in 2003.

Mitchell
Silberberg &
Knupp LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that the image above appeared on the box cover of retail copies of *Call of Duty*.

**REQUEST FOR ADMISSION NO. 5:**

Admit that with the first release of Call of Duty, Activision used the trademark "Call of Duty" as a source identifier in the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision also objects to this Request on the ground that it the term "source identifier" is vague and ambiguous and calls for a legal conclusion.  Subject to and without waiving the foregoing objections, Activision admits that CALL OF DUTY is a registered trademark of Activision in connection with various goods and services and that certain of its trademark registrations state the year 2003 as the first use in commerce.  Activision is unable to admit or deny whether the word CALL OF DUTY was used as a "source identifier" or "trademark" for its goods and services (as opposed to the title of a single expressive work) as early as "the first release of Call of Duty," and responding to this Request would require a legal analysis.

**REQUEST FOR ADMISSION NO. 6:**

Admit that prior to having a federally registered trademark in Call of Duty, within the United States, Activision marked Call of Duty with a "™."

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that in certain instances, Activision marked *Call of Duty* with a "™" prior to obtaining a trademark registration for CALL OF DUTY within the United States.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the USPTO granted Activision's request for a trademark for "CALL OF DUTY GHOSTS," issuing federally registered trademark U.S. No. 4,766,061 on June 30, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Activision admits that on June 30, 2015, the USPTO issued a U.S. trademark registration certificate for the mark CALL OF DUTY GHOSTS in International Classes 9, 28, and 41 for certain goods and services.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Activision has never filed an application with the USPTO requesting a U.S. trademark for "Ghosts."

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing

1   objections, Activision responds: Admitted that Activision has not to date filed an

2   application with the USPTO to register a proposed GHOSTS mark.

3

4   **REQUEST FOR ADMISSION NO. 9:**

5       Admit that the image below is a true and accurate depiction of cover art for

6   "CALL OF DUTY GHOSTS" on or around August 17, 2020.



7

8

9

10

11

12

13

14

15

16

17

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

19       Activision objects to this Request on the ground that it is not relevant to the

20   claims and defenses in this action nor reasonably calculated to lead to the

21   discovery of admissible evidence. Subject to and without waiving the foregoing

22   objections, Activision admits that the image set forth in Request No. 9 is an

23   accurate depiction of certain key art used by Activision in connection with "Call of

24   Duty Ghosts," but denies that such image accurately reflects the "cover" art for

25   retail copies of "Call of Duty Ghosts."

26

27

28

1  **REQUEST FOR ADMISSION NO. 10:**

2      Admit that Activision has never filed a trademark application with the

3  USPTO for "Call of Duty Modern Warfare."

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

5      Activision objects to this Request on the ground that it is not relevant to the

6  claims and defenses in this action nor reasonably calculated to lead to the

7  discovery of admissible evidence.  Subject to and without waiving the foregoing

8  objections, Activision responds: Admitted that Activision has not to date filed an

9  application with the USPTO to register a proposed CALL OF DUTY MODERN

10  WARFARE mark.

11

12  **REQUEST FOR ADMISSION NO. 11:**

13      Admit that on July 5, 2011, the USPTO granted Activision's request for

14  trademark "Modern Warfare" issuing federally registered trademark, U.S. No.

15  3,987,485.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

17      Activision objects to this Request on the ground that it is not relevant to the

18  claims and defenses in this action nor reasonably calculated to lead to the

19  discovery of admissible evidence.  Subject to and without waiving the foregoing

20  objections, Activision responds: Activision admits that on July 5, 2011, the

21  USPTO issued a U.S. trademark registration certificate for the mark MODERN

22  WARFARE in International Class 9 for certain goods and services

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

10

**REQUEST FOR ADMISSION NO. 12:**

Admit that the image below is a true and accurate depiction of cover art for Call of Duty Modern Warfare, on or around October 25, 2019.



**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision also objects to this Request on the ground that it is vague and ambiguous because the Call of Duty 4: Modern Warfare was released in 2007 and did not use the cover art depicted above. Subject to and without waiving the foregoing objections, Activision admits that the image set forth in Request No. 12 is an accurate depiction of certain key art used by Activision in connection with "Call of Duty Modern Warfare (2019)" but denies that such image accurately reflects the "cover" art for retail copies of "Call of Duty Modern Warfare (2019)."

**REQUEST FOR ADMISSION NO. 13:**

Admit that @activision.com is the domain name used for email assigned to Activision employees for use during the course of their employment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision admits that Activision.com is one of the domain names used by Activision employees as part of their email addresses.

**REQUEST FOR ADMISSION NO. 14:**

Admit that no-one from Activision used an @activision.com email to access www.warzone.com prior to June 1, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that the term "access" is vague and ambiguous in this context, including because email addresses are not used to "access" domain names.  Subject to and without waiving the foregoing objections, Activision is unable to admit or deny whether any of its employees accessed the Warzone.com domain name from an Activision-owned IP address.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Activision is not aware if anyone from Activision used an @activision.com email to access www.warzone.com prior to June 1, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that the term "access" is vague and ambiguous in this context, including

Mitchell Silberberg & Knupp LLP

12

because email addresses are not used to "access" domain names. Subject to and without waiving the foregoing objections, Activision is unable to admit or deny whether any of its employees accessed the Warzone.com domain name from an Activision-owned IP address. Activision admits it does not have knowledge that any Activision employee created an account with www.warzone.com using an @activision.com email address prior to June 1, 2019.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Magma or Project Magma was Activision's internal name for what was ultimately launched as Call of Duty: Warzone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Magma Mobile or Project Magma Mobile was Activision's internal name for what was ultimately launched as Call of Duty: Warzone Mobile.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision responds: Admitted that the mobile version of *Call of Duty: Warzone* was at times internally referenced as "Magma Mobile." Denied that "Magma Mobile" was Activision's "internal name" for such product.

Mitchell Silberberg & Knupp LLP

13

**REQUEST FOR ADMISSION NO. 18:**

Admit that the email thread at ATV000973-ATV000976 is a true and correct copy of an email thread, with redactions, produced by Activision in this Action beginning with an email dated June 21, 2019, and ends with an email dated July 25, 2019, with the same subject line throughout reading "Magma Trademark Check."

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds:  Admitted.


**REQUEST FOR ADMISSION NO. 19:**

Admit that one of Activision's naming goals for Project Magma was to reach "broader gamers not well-versed in Call of Duty."

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that the quoted language in this Request is included in the document bearing Bates number ATV001631, but avers that the Request selectively omits surrounding language, takes the quote out of context, and does not accurately characterize the document.  Activision avers that the document bearing Bates number ATV001631 speaks for itself and denies any mischaracterization thereof.

Mitchell
Silberberg &
Knupp LLP

**REQUEST FOR ADMISSION NO. 20:**

Admit that ATV000755-ATV000782 contains the July 24, 2019, results of a preliminary trademark search conducted by Activision's internal legal team that included the term "Warzone."

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege. Activision further objects to this Request on the ground that the phrase "included the term 'Warzone'" is vague and ambiguous. Subject to and without waiving the foregoing objections, Activision responds: Denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that between November 1, 2017 and June 1, 2019, there was no preliminary trademark search conducted in the United States by Activision or by anyone acting on Activision's behalf, for any proposed trademark that was or included WARZONE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege. Activision further objects to this Request on the ground that the phrase "preliminary trademark search" is vague and ambiguous. Subject to and without waiving the foregoing objections, Activision responds: Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that a preliminary trademark search was performed by Activision's internal legal team on July 24, 2019 for the proposed trademark "Call of Duty: Warzone/Call of Duty: Modern Warfare–Warzone."

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege.  Activision further objects to this Request on the ground that the phrase "preliminary trademark search" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that the quoted language in this Request is found in the "proposed mark" field in the document bearing Bates number ATV000755.  Activision avers that the document bearing Bates number ATV000755 speaks for itself and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 23:**

Admit that absent Activision's redactions, ATV000755-ATV000782 is a true and correct copy of an Activision internal document, referencing preliminary trademark search results, dated July 24, 2019, and which states "for the proposed trademark 'Call of Duty: Warzone/Call of Duty: Modern Warfare–Warzone' on its face.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege.  Activision further objects to this Request on the ground that the phrase "preliminary trademark search" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that the quoted language in this Request is found in the "proposed mark" field in the document bearing Bates number ATV000755.  Activision avers that the document bearing Bates number ATV000755 speaks for itself and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 24:**

Admit that ATV000758 are the results of Activision's search for "Warzone" within the USPTO database conducted on or around July 24, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege. Subject to and without waiving the foregoing objections, Activision responds: Denied. Activision avers that the document bearing Bates number ATV000758 speaks for itself and denies any mischaracterization thereof, including because the search appears to be for "(warzone)[COMB]," not simply "Warzone."

**REQUEST FOR ADMISSION NO. 25:**

Admit that as of the date of the search returns found in ATV000758, there was only one active or live U.S. trademark for WARZONE as a standalone mark, U.S. No. 4,028,592.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege. Activision further objects to this Request on the ground that the term "standalone mark" is vague and ambiguous. Thus Activision is unable to admit or deny this Request. Activision avers that the document bearing Bates number ATV000758 speaks for itself and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 26:**

Admit that trademark U.S. No. 4,028,592 WARZONE is for use in connection with amplifiers and subwoofers.

Mitchell Silberberg & Knupp LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that there currently exists a registered trademark for WARZONE in connection with "amplifiers, subwoofers."

**REQUEST FOR ADMISSION NO. 27:**

Admit that the image below is a true and correct depiction of the specimen on file with the USPTO for U.S. No. 4,028,592 as of or before July 24, 2019.



**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 28:**

Admit that ATV000763 reflects a search of "top level domain names" performed by Activision on or before July 24, 2019, for "Warzone."

Mitchell Silberg & Knupp LLP

18

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege. Subject to and without waiving the foregoing objections, Activision responds: Admitted that the quoted language in this Request is found in the document bearing Bates number ATV000763. Activision avers that the document bearing Bates number ATV000763 speaks for itself and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 29:**

Admit that on or before July 24, 2019, Activision was aware that there was a live website at www.warzone.com, for a video game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege. Subject to and without waiving the foregoing objections, Activision avers that the document bearing Bates number ATV000763 speaks for itself and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 30:**

Admit that as part of the preliminary trademark search Activision dated July 24, 2019, Activision's legal team accessed the website www.warzone.com.

Mitchell
Silberberg &
Knupp LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that the term "accessed" is vague and ambiguous.  Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege.  Thus, Activision is unable to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the below image is a true and correct copy of the screenshot of www.warzone.com included in ATV000764.



**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the

Mitchell Silberberg & Knupp LLP

discovery of admissible evidence.  Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege.  Subject to and without waiving the foregoing objections, Activision avers that the document bearing Bates number ATV000764 speaks for itself and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 32:**

Admit that the screenshot of www.warzone.com at ATV000764 includes WARZONE marked with a (™).

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege.  Subject to and without waiving the foregoing objections, Activision avers that the document bearing Bates number ATV000764 speaks for itself and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Activision was aware as of July 24, 2019, that the application of (™) could be used to designate a common law use of a trademark in the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege.  Activision objects to this Request on the ground that it calls for a legal

Mitchell
Silberberg &
Knupp LLP

21

1   conclusion and cannot be answered without implicating attorney work-product or

2   attorney mental impressions.  Thus, Activision is unable to admit or deny this

3   Request.

4

5   **REQUEST FOR ADMISSION NO. 34:**

6        Admit that the term Warzone on ATV000769 and ATV000775 is not

7   marked with a (™).

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

9        Activision objects to this Request on the ground that it is not relevant to the

10   claims and defenses in this action nor reasonably calculated to lead to the

11   discovery of admissible evidence.  Activision objects to this Request on the ground

12   that it seeks information that is protected from disclosure by the attorney-client

13   privilege.  Subject to and without waiving the foregoing objections, Activision

14   avers that the documents bearing Bates numbers ATV000769 and ATV000775

15   speak for themselves and denies any mischaracterization thereof.

16

17   **REQUEST FOR ADMISSION NO. 35:**

18        Admit that ATV000778 are the results of Activision's search for "Warzone"

19   at https://play.google.com/store on or before July 24, 2019.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

21        Activision objects to this Request on the ground that it is not relevant to the

22   claims and defenses in this action nor reasonably calculated to lead to the

23   discovery of admissible evidence.  Activision objects to this Request on the ground

24   that it seeks information that is protected from disclosure by the attorney-client

25   privilege.  Subject to and without waiving the foregoing objections, Activision

26   avers that the document bearing Bates number ATV000778 speaks for itself and

27   denies any mischaracterization thereof.

28

Mitchell
Silberberg &
Knupp LLP

22

1  **REQUEST FOR ADMISSION NO. 36:**

2      Admit that ATV000782 are the "Google Results" of Activision's Google

3  search on or before July 24, 2019 for "Warzone."

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

5      Activision objects to this Request on the ground that it is not relevant to the

6  claims and defenses in this action nor reasonably calculated to lead to the

7  discovery of admissible evidence.  Activision objects to this Request on the ground

8  that it seeks information that is protected from disclosure by the attorney-client

9  privilege.  Subject to and without waiving the foregoing objections, Activision

10 avers that the document bearing Bates number ATV000782 speaks for itself and

11 denies any mischaracterization thereof.

12

13 **REQUEST FOR ADMISSION NO. 37:**

14     Admit that the first result listed on ATV000782 is www.warzone.com.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

16     Activision objects to this Request on the ground that it is not relevant to the

17 claims and defenses in this action nor reasonably calculated to lead to the

18 discovery of admissible evidence.  Activision objects to this Request on the ground

19 that it seeks information that is protected from disclosure by the attorney-client

20 privilege.  Subject to and without waiving the foregoing objections, Activision

21 avers that the document bearing Bates number ATV000782 speaks for itself and

22 denies any mischaracterization thereof.  Activision further avers that the first

23 search result on the right hand side of the document bearing Bates number

24 ATV000782 is for a game title "Warzone" published by Target Games.

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

23

**REQUEST FOR ADMISSION NO. 38:**

Admit that between July 24, 2019 and the launch of Call of Duty: Warzone on or around March 10, 2020, Activision did not contact anyone at Warzone.com, LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted.


**REQUEST FOR ADMISSION NO. 39:**

Admit that Activision launched Call of Duty: Warzone in March 2020 as set forth herein:  https://blog.activision.com/call-of-duty/2020-03/Introducing-a-game-changing -FREE-TO -PLAY-experience-Call-of-Duty-Warzone

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that "Call of Duty: Warzone" first was released to the public in or around March 2020.

Mitchell
Silberberg &
Knupp LLP

ACTIVISION PUBLISHING, INC.'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-94)

**REQUEST FOR ADMISSION NO. 40:**

Admit that the image below is a true and accurate depiction of cover art for Call of Duty: Warzone when it first launched in March 2020.



**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision responds: Admitted that the image set forth in Request No. 40 is among the key art used by Activision in connection with "Call of Duty: Warzone." Since "Call of Duty: Warzone" was not released in physical formats, there was no game "cover," as such term is generally understood.

**REQUEST FOR ADMISSION NO. 41:**

Admit that on June 25, 2020, Activision submitted ATV00098-ATV000103 to the USPTO as a specimen in connection with its U.S. and International trademark application Serial No. 90020487, for WARZONE filed on that same date.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

2       Activision objects to this Request on the ground that it is not relevant to the

3  claims and defenses in this action nor reasonably calculated to lead to the

4  discovery of admissible evidence.  Subject to and without waiving the foregoing

5  objections, Activision responds: Admitted that the image set forth in Request No.

6  41 is among the specimens submitted in connection with Activision's application

7  to register the proposed mark WARZONE in the U.S. (Ser. No. 90/020,487.)

8

9  **REQUEST FOR ADMISSION NO. 42:**

10       Admit that on June 25, 2020, Activision submitted ATV000018-

11  ATV000023 and ATV000025-ATV000030 to the USPTO as specimens in

12  connection with U.S. and International trademark application Serial No. 90020455,

13  for CALL OF DUTY WARZONE filed on that same date.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

15       Activision objects to this Request on the ground that it is not relevant to the

16  claims and defenses in this action nor reasonably calculated to lead to the

17  discovery of admissible evidence.  Subject to and without waiving the foregoing

18  objections, Activision responds: Admitted that the image set forth in Request No.

19  42 is among the specimens submitted in connection with Activision's application

20  to register the proposed mark CALL OF DUTY WARZONE in the U.S. (Ser. No.

21  90/020,455.)

22

23  **REQUEST FOR ADMISSION NO. 43:**

24       Admit that Activision did not hire a third party to conduct a trademark

25  clearance search for the mark WARZONE prior to filing U.S. and International

26  trademark application Serial No. 90020487 with the USPTO.

27

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision objects to this Request on the ground that the term "third party" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Activision did not obtain a trademark clearance letter from an attorney prior to Activision's filing U.S. and International trademark application Serial No. 90020487 with the USPTO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that the term "trademark clearance letter" is vague and ambiguous. Activision further objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 45:**

Admit that Activision will not rely upon a trademark clearance letter in defense to any of Warzone.com, LLC's claims.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that the term "trademark clearance letter" is vague and ambiguous.

Mitchell Silberberg & Knupp LLP

Activision further objects to this Request on the ground that it seeks information that is protected from disclosure by the attorney-client privilege and attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the phrase "Five Tricks to Perfect in Warzone (™)" could be a reference to either Activision's use of WARZONE or Warzone.com, LLC's use of WARZONE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it lacks context and is vague and ambiguous as drafted. Subject to and without waiving the foregoing objections, Activision responds: Denied.

**REQUEST FOR ADMISSION NO. 47:**

Admit that from March 10, 2020, to the present, Activision's video game Call of Duty: Warzone has been available to the public, where, for free, a user can play such game either online or by downloading to their computer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that it is compound and seeks two, rather than one, admission. Activision further objects to this Request on the ground that it is vague and ambiguous, including because "Call of Duty: Warzone" cannot be played without being downloaded to a computer or console. Subject to and without waiving the foregoing objections, Activision responds: Denied.

1

2    **REQUEST FOR ADMISSION NO. 48:**

3        Admit that from March 10, 2020, to the present Activision's video game

4    Call of Duty: Warzone has allowed users to make purchases during gameplay.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

6        Activision objects to this Request on the ground that it is not relevant to the

7    claims and defenses in this action nor reasonably calculated to lead to the

8    discovery of admissible evidence.  Activision further objects to this Request on the

9    ground that it is vague and ambiguous, including because the term "during

10   gameplay" is vague and ambiguous.  Subject to and without waiving the foregoing

11   objections, Activision denies that purchases can made by players while engaged in

12   a "Call of Duty: Warzone" match.

13

14   **REQUEST FOR ADMISSION NO. 49:**

15       Admit that from March 10, 2020, to the present Activision's video game

16   Call of Duty: Warzone contains depictions of weapons, maps and/or soldiers.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

18       Activision objects to this Request on the ground that it is not relevant to the

19   claims and defenses in this action nor reasonably calculated to lead to the

20   discovery of admissible evidence.  Activision further objects to this Request on the

21   ground that the terms "maps" and "soldiers" are vague and ambiguous.  Subject to

22   and without waiving the foregoing objections, Activision responds: Admitted that

23   "Call of Duty: Warzone" is played on a computer-generated battlefield and that

24   players may find and equip weapons during a match.

25   **REQUEST FOR ADMISSION NO. 50:**

26       Admit that from March 10, 2020, to the present Activision has marketed its

27   video game Call of Duty: Warzone on YouTube.

28

Mitchell
Silberberg &
Knupp LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that the term "marketed" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that Activision has uploaded promotional content for "Call of Duty: Warzone" to online platforms such as YouTube.com.

**REQUEST FOR ADMISSION NO. 51:**

Admit that on November 3, 2020, Warzone filed a notice of opposition with the USPTO to the registration of Activision's U.S. and International trademark applications, Serial No. 9002487 for WARZONE and Serial No. 90020455 for CALL OF DUTY WARZONE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 52:**

Admit that prior to November 3, 2020, Activision had not filed a trademark application for WARZONE or CALL OF DUTY WARZONE anywhere other than the USPTO, where on June 25, 2020 it filed U.S. and International trademark applications Serial No. 90020487 and Serial No. 90020455.

Mitchell
Silberberg &
Knupp LLP

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 53:**

Admit that on November 5, 2020, a blog post titled "The Future of Call of Duty®: Warzone (™): Modern Warfare and Black Ops Cold" was made available to the public at https://www.callofduty.com/blog/2020/11/The-Future-of-Call-of-Duty-Warzone-1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision avers that any such blog post located at the URL https://www.callofduty.com/blog/2020/11/The-Future-of-Call-of-Duty-Warzone-1 speaks for itself and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 54:**

Admit that the image below is a true and accurate depiction of an image that has been available to the public at https://www.callofduty.com/blog/2020/11/The-Future-of-Call-of-Duty-Warzone-1, on or before November 5, 2020.

ACTIVISION PUBLISHING, INC.'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-94)

1

2

3

4

5

6

7

8

9



10 **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

11     Activision objects to this Request on the ground that it is not relevant to the

12 claims and defenses in this action nor reasonably calculated to lead to the

13 discovery of admissible evidence.  Subject to and without waiving the foregoing

14 objections, Activision responds: Admitted that the image above is one of many

15 images that appears on at https://www.callofduty.com/blog/2020/11/The-Future-

16 of-Call-of-Duty-Warzone-1.

17

18 **REQUEST FOR ADMISSION NO. 55:**

19     Admit that the image below is a true and accurate depiction of an image

20 made available to the public https://www.callofduty.com/blog/2020/11/The-

21 Future-of-Call-of-Duty-Warzone-1, on or before November 5, 2020.

22

23

24

25

26

27

28



**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that the image above is one of many images that appears on at https://www.callofduty.com/blog/2020/11/The-Future-of-Call-of-Duty-Warzone-1.

**REQUEST FOR ADMISSION NO. 56:**

Admit that on November 17, 2020, Activision filed trademark applications in Canada and the United Kingdom for registration of the trademarks WARZONE and CALL OF DUTY WARZONE claiming priority to Activision's USPTO trademark applications Serial Nos. 90020487 and 90020455.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 57:**

Admit that on November 18, 2020, Activision filed Mexican trademark applications for registration of the trademarks WARZONE and CALL OF DUTY WARZONE claiming priority to Activision's USPTO trademark applications Serial Nos. 90020487 and 90020455.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 58:**

Admit that on December 8, 2020, Activision filed Brazilian trademark applications for registration of the trademarks WARZONE and CALL OF DUTY WARZONE claiming priority to Activision's USPTO trademark applications Serial Nos. 90020487 and 90020455.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 59:**

Admit that on March 10, 2021, at the link below, Activision posted an article titled "One-Year-of-Warzone-Our-Thanks-to-the-Community."

https://www.callofduty.com/blog/2021/03/One-Year-of-Warzone-Our-Thanks-to-the-Community.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision responds: Denied.

**REQUEST FOR ADMISSION NO. 60:**

Admit that on April 8, 2021, Activision filed this Action against Warzone.com, LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 61:**

Admit that as of April 27, 2021, Activision had not filed a trademark application for "World Series of Warzone" anywhere.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 62:**

Admit that Ryvals' trademark application Serial No. 90675494 (Class 041) for "World Series of Warzone" states that it was filed with the USPTO on April 27, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the

Mitchell
Silberberg &
Knupp LLP

35

discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 63:**

Admit that ATV002514-ATV002516 is a true and correct copy of an email produced by Activision in this action, and at the bottom of ATV002515 is found an email dated May 6, 2021 from brsnow@blizzard.com to chris@ryvals.com stating "Brandon Snow here from Activision Blizzard. I need to speak to you and/or your team about a recent trademark and domain name you all have .led around 'World Series of Warzone.' Its rather urgent so it would be good if we could speak tomorrow if possible."

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that the quoted language in this Request is found in the documents bearing Bates numbers ATV002514-ATV002516. Activision avers that the documents bearing Bates numbers ATV002514-ATV002516 speak for themselves and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 64:**

Admit that on May 6, 2021, Activision filed a trademark application in Tonga for "World Series of Warzone."

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Mitchell
Silberberg &
Knupp LLP

**REQUEST FOR ADMISSION NO. 65:**

Admit that ATV002506 is a true and correct copy of an email produced by Activision in this action dated May 6, 2021 from chris@ryvals.com to brsnow@blizzard.com with a call link for May 7, 2021 for invitees: brsnow@blizzard.com, mike@ryvals.com, seanmi@ryvals.com, bdomanick@blizzard.com, chris@ryvals.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that the referenced email addresses in this Request are found in the document bearing Bates number ATV002506. Activision avers that the document bearing Bates number ATV002506 speaks for itself and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 66:**

Admit that ATV002510-ATV002511 is a true and correct copy of an email thread produced by Activision in this Action dated May 10, 2021 and is from brsnow@blizzard.com to chris@ryvals.com copying seanm@ryvals.com, mike@ryvals.com, and bdomanick@blizzard.com stating "Can you please set up another call with Chris and team for tomorrow ? thanks @Ryvals: will provide an update. Please be prepared to do the same."

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that the quoted language in this Request is found in the documents bearing Bates numbers ATV002510-ATV002511.

Mitchell Silberberg & Knupp LLP

1  Activision avers that the documents bearing Bates numbers ATV002510-

2  ATV002511 speak for themselves and denies any mischaracterization thereof.

3

4  **REQUEST FOR ADMISSION NO. 67:**

5       Admit that Ryvals filed a request to abandon its trademark application,

6  Serial No. 90675494, for "World Series of Warzone" with the USPTO, dated May

7  14, 2021.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

9       Activision objects to this Request on the ground that it is not relevant to the

10  claims and defenses in this action nor reasonably calculated to lead to the

11  discovery of admissible evidence.  Subject to and without waiving the foregoing

12  objections, Activision responds: Admitted.

13

14  **REQUEST FOR ADMISSION NO. 68:**

15       Admit that on May 17, 2021, the USPTO issued a notice of abandonment for

16  Ryvals' "World Series of Warzone" trademark application Serial No. 90675494.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

18       Activision objects to this Request on the ground that it is not relevant to the

19  claims and defenses in this action nor reasonably calculated to lead to the

20  discovery of admissible evidence.  Subject to and without waiving the foregoing

21  objections, Activision responds: Admitted.

22

23  **REQUEST FOR ADMISSION NO. 69:**

24       Admit that ATV002560 is a true and correct copy of an email produced by

25  Activision in this Action dated May 17, 2021 from chris@ryvals.com to

26  brsnow@blizzard.com stating "see the email below confirming the withdrawal for

27  our World Series of Warzone trademark" referencing a forwarded email from the

28  USPTO that includes the following language: "On May 14, 2021, you filed a

1   request to expressly abandon your application. Your application is now abandoned

2   and we will take no further action on it."

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

4          Activision objects to this Request on the ground that it is not relevant to the

5   claims and defenses in this action nor reasonably calculated to lead to the

6   discovery of admissible evidence.  Subject to and without waiving the foregoing

7   objections, Activision responds: Admitted that the quoted language in this Request

8   is found in the document bearing Bates number ATV002560.  Activision avers that

9   the document bearing Bates number ATV002560 speaks for itself and denies any

10  mischaracterization thereof.

11

12  **REQUEST FOR ADMISSION NO. 70:**

13         Admit that ATV002555-ATV002556 is a true and correct copy of an email

14  thread produced by Activision in this Action wherein the email at the top of

15  ATV002555 is dated May 18, 2021, from brsnow@blizzard.com to

16  chris@ryvals.com, stating "Just to close the loop on all this, can you also please

17  confirm for me that you do not plan to use the name 'World Series of Warzone' as

18  well as removing the domain name 'theworldseriesofwarzone.com'? Also need to

19  know that you do not have any other trademark applications pending with the name

20  Warzone in it. I should also note that your application for 'Warzone Olympics' is

21  an issue. Not only for us but the word 'Olympics' is very closely managed by the

22  IOC/USOC."

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

24         Activision objects to this Request on the ground that it is not relevant to the

25  claims and defenses in this action nor reasonably calculated to lead to the

26  discovery of admissible evidence.  Subject to and without waiving the foregoing

27  objections, Activision responds: Admitted that the quoted language in this Request

28  is found in the documents bearing Bates numbers ATV002555-ATV002556.

1  Activision avers that the documents bearing Bates numbers ATV002555-

2  ATV002556 speak for themselves and denies any mischaracterization thereof.

3

4  **REQUEST FOR ADMISSION NO. 71:**

5      Admit that Ryvals' trademark application Serial No. 90680065 for

6  "Warzone Olympics" states that it was filed with the USPTO on April 29, 2021.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

8      Activision objects to this Request on the ground that it is not relevant to the

9  claims and defenses in this action nor reasonably calculated to lead to the

10  discovery of admissible evidence.  Subject to and without waiving the foregoing

11  objections, Activision avers that the trademark application bearing Serial No.

12  90/680,065 speaks for itself and denies any mischaracterization thereof.

13

14  **REQUEST FOR ADMISSION NO. 72:**

15      Admit that ATV002559-ATV002560 is a true and correct copy of an email

16  produced by Activision in this Action, dated May 18, 2021, from

17  chris@ryvals.com to brsnow@blizzard.com, copying mike@ryvals.com and

18  seanm@ryvals.com, and stating "Brandon: As we discussed, we no longer plan to

19  use the name 'World Series of Warzone' and had taken down the domain

20  'theworldseriesofwarzone.com' and related 'tweets' after our first call. Our

21  pending application for the Warzone Olympics is the only other application with

22  Warzone in the name. Are you also asking us to withdraw that application as

23  well?"

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

25      Activision objects to this Request on the ground that it is not relevant to the

26  claims and defenses in this action nor reasonably calculated to lead to the

27  discovery of admissible evidence.  Subject to and without waiving the foregoing

28  objections, Activision responds: Admitted that the quoted language in this Request

Mitchell
Silberberg &
Knupp LLP

40

is found in the documents bearing Bates numbers ATV002559-ATV002560. Activision avers that the documents bearing Bates numbers ATV002555-ATV002556 speak for themselves and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 73:**

Admit that this is a true and accurate image Activision posted on May 19, 2021, at https://www.callofduty.com/blog/2021/05/Welcome-to-the-World-Series-of-Warzone for the launch of World Series of Warzone.



**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision admits that the above image is one of the images available at the URL https://www.callofduty.com/blog/2021/05/Welcome-to-the-World-Series-of-Warzone.

**REQUEST FOR ADMISSION NO. 74:**

Admit that on June 7, 2021, Ryvals filed a request for express abandonment of trademark application, Serial No. 90680065 (Class 041), for "Warzone Olympics" with the USPTO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision avers that any documents filed in connection with trademark application bearing Serial No. 90/680,065 speak for themselves and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 75:**

Admit that on June 8, 2021, the USPTO issued an official notice of abandonment of trademark application, Serial No. 90680065, for "Warzone Olympics."

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision avers that any documents filed or issued in connection with trademark application bearing Serial No. 90/680,065 speak for themselves and denies any mischaracterization thereof.

**REQUEST FOR ADMISSION NO. 76:**

Admit that Activision filed USPTO trademark application Serial No. 90906257 for "World Series of Warzone" with the USPTO on August 27, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 77:**

Admit that on July 22, 2022, Activision received a notice from the USPTO suspending its trademark application Serial No. 90906257 for "World Series of Warzone."

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Denied.

**REQUEST FOR ADMISSION NO. 78:**

Admit that the USPTO's July 27, 2022, notice of suspension on Activision's trademark application Serial No. 90906257 for "World Series of Warzone" states:

The application is suspended for the reason(s) specified below. See 37 C.F.R. §2.67; TMEP §§716 et seq. The pending application(s) below has an earlier filing date or effective filing date than applicant's application. If the mark in the application(s) below registers, the USPTO may refuse registration of applicant's mark under Section 2(d) because of a likelihood of confusion with the registered mark(s). 15 U.S.C. §1052(d); see 37 C.F.R. §2.83; TMEP §1208.02(c). Action on this application is

suspended until the prior-filed application(s) below either registers or abandons. 37 C.F.R. §2.83(c). Information relevant to the application(s) below was sent previously. - U.S. Application Serial No(s). 90290628 and 90290658.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 79:**

Admit that U.S. Application Serial No (s). 90290628 and 90290658 are the trademark applications for WARZONE sought by Warzone.com, LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 80:**

Admit that as used by Activision, 'WSOW' is an acronym for "World Series of Warzone."

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that the term "as used by Activision" is vague and ambiguous.

**REQUEST FOR ADMISSION NO. 81:**

Admit that the April 27, 2021 U.S. and International trademark application Activision filed for "WSOW," Serial No. 9090626, is still pending before the USPTO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that the term "pending" is vague and ambiguous. Subject to and without waiving the foregoing objections, Activision admits that the application with Serial Number 90/906,265 has not yet been formally registered, but was published for opposition and was not opposed, and a Notice of Allowance was issued.

**REQUEST FOR ADMISSION NO. 82:**

Admit that the USPTO has not found the mark WARZONE descriptive.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Activision further objects to this Request on the ground that the term "pending" is vague and ambiguous. Subject to and without waiving the foregoing objections, Activision admits that the USPTO did not issue an office action refusing registration on the ground that the mark was descriptive and that evidence of secondary meaning was lacking.

Mitchell
Silberberg &
Knupp LLP

ACTIVISION PUBLISHING, INC.'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-94)

1

**REQUEST FOR ADMISSION NO. 83:**

2

Admit that the image below is a true and accurate depiction of the second

3

page of the specimen Activision submitted to the USPTO on June 17 or 18, 2021

4

in connection with its federally registered trademark for Modern Warfare, U.S. No,

5

3,987,485.

6

7

8

9

10



11

12

13

14

15

16

17

18

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

19

Activision objects to this Request on the ground that it is not relevant to the

20

claims and defenses in this action nor reasonably calculated to lead to the

21

discovery of admissible evidence.  Subject to and without waiving the foregoing

22

objections, Activision responds: Admitted.

23

24

**REQUEST FOR ADMISSION NO. 84:**

25

Admit that Activision has never had a United States federally registered

26

trademark issue for WARZONE.

27

28

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

2        Activision objects to this Request on the ground that it is not relevant to the

3    claims and defenses in this action nor reasonably calculated to lead to the

4    discovery of admissible evidence.  Subject to and without waiving the foregoing

5    objections, Activision responds: Admitted.

6

7    **REQUEST FOR ADMISSION NO. 85:**

8        Admit that any reference to "Warzone ® Mobile" would be a

9    misrepresentation.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

11       Activision objects to this Request on the ground that it is not relevant to the

12   claims and defenses in this action nor reasonably calculated to lead to the

13   discovery of admissible evidence.  Activision further objects to this Request on the

14   ground that it is vague and ambiguous, including because it lacks context, and

15   impermissibly seeks admission of a legal conclusion.

16

17   **REQUEST FOR ADMISSION NO. 86:**

18       Admit that in paragraph 4 of Activision's November 30, 2023, notice of

19   opposition and statement of grounds to Warzone.com, LLC's United Kingdom

20   trademark application for WARZONE, Activision stated:

21           Both the Opponent's goods and services and the

22           Applicant's goods and services embrace downloadable

23           computer game software / programs and online video

24           games. The respective goods and services are therefore

25           identical and highly similar.

26

27

28

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

2        Activision objects to this Request on the ground that it is not relevant to the

3    claims and defenses in this action nor reasonably calculated to lead to the

4    discovery of admissible evidence.

5

6    **REQUEST FOR ADMISSION NO. 87:**

7        Admit that in paragraph 6 of Activision's November 30, 2023, notice of

8    opposition and statement of grounds to Warzone.com, LLC's United Kingdom

9    trademark application for WARZONE, Activision stated:

10            The respective 'WARZONE' trade marks are identical

11            and the respective goods / services are so similar that

12            there exists a likelihood of confusion on the part of the

13            public, including a likelihood of association.

14    **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

15        Activision objects to this Request on the ground that it is not relevant to the

16    claims and defenses in this action nor reasonably calculated to lead to the

17    discovery of admissible evidence.

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR ADMISSION NO. 88:**

Admit that the image below is a true and accurate depiction of the Activision's use of its federally registered trademark Modern Warfare on or before October 10, 2024.



**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Activision further objects to this Request on the ground that it is vague and ambiguous and because it lacks context.

**REQUEST FOR ADMISSION NO. 89:**

Admit that from March 21, 2024 to the present Activision's mobile game application(s) "Call of Duty: Warzone Mobile" and Warzone.com, LLC's mobile game application(s) "Warzone" have been available to mobile device users in both the Google Play Store (for Android) and Apple Store (for iOS).

**RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted.

**REQUEST FOR ADMISSION NO. 90:**

Admit that the image below is a true and correct depiction of the profile image Activision selected for its Instagram account

(https://www.instagram.com/codwarzonemobile/):



**RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Activision responds: Admitted that the image in Request No. 90 is one of many different profile images used by Activision in connection with and adjacent to its "codwarzonemobile" Instagram handle.

**REQUEST FOR ADMISSION NO. 91:**

Admit that as of October 12, 2024, that anyone visiting the link at https://brand.callofduty.com/#registered-mark would see the following image for Call of Duty: Warzone Mobile.



**RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

Activision objects to this Request on the ground that it is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Activision admits that the image set forth in Request No. 91 is among the images contained on the website https://brand.callofduty.com/#registered-mark.

**REQUEST FOR ADMISSION NO. 92:**

Admit that as of October 12, 2024, Activision posted the following at https://brand.callofduty.com/terms-and-conditions regarding its use of "COD Brand Assets":

> No Confusion as to Source or Endorsement. Do not use the COD Brand Assets in any manner that that is false, misleading, or likely to create confusion among consumers or the public. Confusion in this context includes, without limitation, uses that might cause consumers or the public to mistakenly believe that You have a relationship or affiliation with Activision and/or

1    that Activision is the source of or sponsors or endorses

2    Your products and/or services.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

4    Activision objects to this Request on the ground that it is not relevant to the

5    claims and defenses in this action nor reasonably calculated to lead to the

6    discovery of admissible evidence.  Subject to and without waiving the foregoing

7    objections, Activision admits that the language set forth in Request No. 92 is

8    among the provisions set forth in the Terms and Conditions posted at

9    https://brand.callofduty.com/terms-and-conditions.

10

11    **REQUEST FOR ADMISSION NO. 93:**

12    Admit that as of October 12, 2024, Activision represented at

13    https://brand.callofduty.com/terms-and-conditions that WARZONE was a COD

14    Brand Asset.

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

16    Activision objects to this Request on the ground that it is not relevant to the

17    claims and defenses in this action nor reasonably calculated to lead to the

18    discovery of admissible evidence.  Subject to and without waiving the foregoing

19    objections, Activision responds: Denied.

20

21    **REQUEST FOR ADMISSION NO. 94:**

22    Admit that as of at least June 15, 2020, Warzone tournaments were being

23    played online.

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

25    Activision objects to this Request on the ground that it is not relevant to the

26    claims and defenses in this action nor reasonably calculated to lead to the

27    discovery of admissible evidence.  Activision further objects to this Request on the

28    ground that "Warzone tournaments" is vague and ambiguous.

Mitchell
Silberberg &
Knupp LLP

ACTIVISION PUBLISHING, INC.'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-94)

1  DATED:  November 13, 2024          MARC E. MAYER
                                      KARIN G. PAGNANELLI
2                                     LINDSAY R. EDELSTEIN
                                      ALEXANDRA L. ANFUSO
3                                     MITCHELL SILBERBERG & KNUPP LLP

4
                                      By: */s/ Marc E. Mayer*
5                                          Marc E. Mayer (SBN 190969)
                                           Attorneys for Activision Publishing, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**ACTIVISION PUBLISHING, INC.'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-94)**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is szm@msk.com.

On November 13, 2024, I served a copy of the foregoing document(s) described as **ACTIVISION PUBLISHING, INC.'S RESPONSE TO WARZONE.COM, LLC'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-94),** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Alyssa K. Schabloski
GLADIUS LAW, APC
2708 Wilshire Blvd., No. 426
Santa Monica, CA 90403
Tel: (310) 734-0720
Email: aks@gladiuslaw.com

***Attorneys for Defendant and Counterclaimant Warzone.com, LLC***

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
Jane Jang
Savita Sivakumar
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: brett@ilawco.com
roberto@ilawco.com
michael@ilawco.com
jane@ilawco.com
savita@ilawco.com

***Attorneys for Defendant and Counterclaimant Warzone.com, LLC***

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on November 13, 2024, at Los Angeles, California.

_/s/ Suguey G. Melara_____
Suguey Melara