# EXHIBIT Z



| HARRY B. SHUBIN | JEFFREY R. COHEN | MICHAEL S. CULVER | RYAN POOL[1] |
| BRION P. HEANEY | JEFFREY A. SMITH[1] | ADAM D. MANDELL | WILLIAM FREDERICK NIXON[1] |
| RICHARD J. TRAVERSO | CSABA HENTER[1] | LARRY S. MILLSTEIN | JENNIFER J. BRANIGAN[2] |
| JOHN A. SOPP | SCOTT J. MAJOR | DIANA HAMLET-COX | |

[1]MEMBER OF BAR OTHER THAN VA   [2]PATENT AGENT

March 24, 2021

**CONFIDENTIAL OFFER OF SETTLEMENT
NOT ADMISSIBLE PER FRE 408 AND THE LIKE**

VIA EMAIL TO dn@newmanlaw.com

Derek A. Newman, Esq.
Newman Du Wors LLP
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401

      Re:    Warzone.com, LLC v. Activision Publishing, Inc.
                WARZONE – Opposition No. 91265759 (Our Ref.: activ-250-L)

Dear Derek:

      This is in response to your letter of March 4, 2021 ("the March 4 Letter"). Your client is threatening action against our client Activision Publishing, Inc. ("Activision") with respect to Activision's use of a title and mark for an expressive work that is fully protected under the First Amendment. It simply is beyond argument that the context in which our client uses WARZONE enables reasonable audiences to distinguish its work from your client's game, as well as the myriad other entertainment properties offered under the same or similar titles.

      As explained in my letter of February 16, 2021 ("the February 16 Letter"), the Ninth Circuit's case law clearly rejects your interpretation of *Rogers* footnote 5. The *Dr. Seuss* case—the Ninth Circuit's most recent opinion on this matter—unambiguously applies *Rogers* in a case involving competing titles for the same type of expressive work (illustrated books). Your letter refers to the *Dr. Seuss* case as an "unreported district court decision". This is not accurate. The opinion cited in our letter is that of the Ninth Circuit; the citation is *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 2020 USPQ2d 11499 (9th Cir. Dec. 18, 2020).

      Importantly, in *Dr. Seuss* the Ninth Circuit discusses the narrow applicability of the *Gordon* decision upon which you now rely. In *Gordon*, the defendant created greeting cards featuring plaintiff's registered mark "Honey Badger Don't Care." *Dr. Seuss*, 983 F.3d 462-63 (citing *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 260-62 (9th Cir. 2018)). The court found that the facts in *Gordon* "demonstrate[d] *Roger*'s outer limits" because "the defendant's expressive work consisted of the mark and not much else" and concluded there was a triable issue of fact as to whether defendant's use of the mark was explicitly misleading. *Id.*

703.243.6333 | 703.243.6410 *fax* | MAIL@MWZB.COM | WWW.MWZB.COM
ARLINGTON COURTHOUSE PLAZA I | 2200 CLARENDON BOULEVARD | SUITE 1400 | ARLINGTON, VA 22201

ATV006528

CONFIDENTIAL OFFER OF SETTLEMENT
NOT ADMISSIBLE PER FRE 408 AND THE LIKE

Derek A. Newman, Esq.
March 24, 2021
Page 2

In contrast, the Ninth Circuit reasoned that the facts in the *Dr. Seuss* case "do[] not test the 'outer limits' of *Rogers*" and held that Dr. Seuss's trademark claims failed as a matter of law. It reached this decision even though ComicMix had *intentionally* borrowed Dr. Seuss's famous title and other stylistic elements and used them for its own illustrated books:

> Here, ComicMix has used the marks in an illustrated book just as Seuss did, but unlike with the greeting cards in *Gordon*, ComicMix has "added . . . expressive content to the work beyond the mark itself." *Id.* at 270. Also, the cover conspicuously lists David Gerrold and Ty Templeton, not Dr. Seuss, as authors, and Boldly states that it is "not associated with or endorsed by" Seuss. In consideration of "all the relevant facts and circumstances," the alleged use of Seuss's trademarks is not explicitly misleading. *Id.* at 269 (quoting *Rogers*, 875 F.2d at 1000 n.6). We affirm the district court's denial of Seuss's trademark claim because the Lanham Act does not apply here.

*Id.*

As was the case in *Dr. Seuss* (and unlike *Gordon*), Activision clearly adds expressive content to its game beyond the WARZONE mark itself. Activision's game features, among other things, highly realistic characters, detailed visual graphics, complex narratives, distinctive use of music and sound, and multiple dimensions in which players may interact with the game and one another. Moreover, Activision's game is offered under and associated with the ACTIVISION and CALL OF DUTY marks, each of which is possessive of massive commercial strength. There is simply no reasonable argument that Activision's use of WARZONE "explicitly misleads" consumers that the source of Activision's game is anything other than Activision itself.[1]

You also contend that if Activision had come across your client's WARZONE title in a search, this is somehow evidence that "would indicate an explicitly misleading mark". This is fallacious reasoning. Moreover, to be clear, in no way did Activision select its WARZONE mark in attempt to create an association with your client's game. Any such suggestion is demonstrably false.

In addition, you apply a genericness test in arguing that the WARZONE title is not descriptive "of a category or type of game". It is not our client's position that "warzone" refers to a category of games. Rather, the term is descriptive in that it readily conveys information about a feature of your client's games – namely, that a player's army must navigate areas in which turn-based, digital "combat" takes place. This conforms to the second and third definitions of "war zone" as set forth at page 5 of the March 4 Letter. Further, as the attachment hereto reflects, the compound word "warzone" is not a "made up term" created by your client.

---

[1] Your argument that *Dr. Seuss* is distinguishable from this case because it involved a parody is misplaced. Contrary to the allegation in your letter, the Ninth Circuit expressly rejected the defendant's argument that ComicMix's work constituted a parody or transformative work.

CONFIDENTIAL OFFER OF SETTLEMENT
NOT ADMISSIBLE PER FRE 408 AND THE LIKE

Derek A. Newman, Esq.
March 24, 2021
Page 3

    Your client seems to take the position that any reduced visibility in search engines and game streaming resources is somehow actionable. Our client strongly disagrees; there is no legal right to, for example, a relatively high position in organic search results. I also note that the information provided in the March 4 Letter on your client's game highlights the vast differences between the parties' respective products. This only increases our confidence that the Trademark Trial and Appeal Board will not find likelihood of confusion in the event that the opposition were to progress to a decision on the merits.

    Activision remains interested in seeking an amicable resolution. While we reject your proposed payment of $7 million or an annual 0.25 percent royalty, each of which is beyond anything that would be considered reasonable under the circumstances, our client remains willing to resolve the opposition in a manner that would allow for coexistence in the marketplace and on the registry as described in the February 16 Letter. Further, in the interest of expediting resolution of this matter, our client is willing to offer a one-time payment of ten thousand dollars (USD $10,000).

    I look forward to hearing from you by April 5, 2021. Please note again that nothing contained or omitted from this letter constitutes an omission by our client of any facts or waiver of any defenses, rights or remedies it may have, all of which are expressly reserved.

                        Sincerely,

                        Scott J. Major
                        703-465-5356

SJM/tc
Attachment

ATV006530



