# EXHIBIT V



HARRY B. SHUBIN       JEFFREY R. COHEN       MICHAEL S. CULVER       RYAN POOL[1]
BRION P. HEANEY       JEFFREY A. SMITH[1]    ADAM D. MANDELL        WILLIAM FREDERICK NIXON[1]
RICHARD J. TRAVERSO   CSABA HENTER[1]        LARRY S. MILLSTEIN     JENNIFER J. BRANIGAN[2]
JOHN A. SOPP          SCOTT J. MAJOR         DIANA HAMLET-COX

[1]MEMBER OF BAR OTHER THAN VA   [2]PATENT AGENT

February 16, 2021

**OFFER OF SETTLEMENT**
**NOT ADMISSIBLE OR DISCOVERABLE PER FRE 408 AND THE LIKE**

<u>**VIA EMAIL TO dn@newmanlaw.com**</u>

Derek A. Newman, Esq.
Newman Du Wors LLP
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401

      Re:    Warzone.com, LLC v. Activision Publishing, Inc.
             WARZONE – Opposition No. 91265759 (Our Ref.: activ-250-L)

Dear Derek:

      I am writing on behalf of Activision Publishing, Inc. ("Activision") regarding the referenced matter. This is in response to your letter of November 20, 2020.

      Activision disagrees that CALL OF DUTY WARZONE infringes any rights your client purports to have in WARZONE. Fundamentally, your letter applies the wrong test for trademark infringement by focusing on the likelihood of confusion analysis set forth in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-349 (9th Circuit 1979). As discussed in our call, cases involving expressive works are controlled by the test set forth in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989); *see also Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902 (9th Cir. 2002) (adopting the *Rogers* test). In *Rogers,* the Second Circuit held that the use of a trademark is protected by the First Amendment (and outside the Lanham Act's scope) if the title (1) has "at least some artistic relevance to the work", and (2) is "not explicitly misleading as to the content of the work." *Id.* at 999. This is true even in situations involving competing product titles.

      Courts have already rejected your interpretation of *Rogers* footnote 5 as exempting title-versus-title cases from First Amendment considerations. In *Twentieth Century Fox Television v. Empire Distrib. Inc.*, 875 F.3d 1192, 1199 (9th Cir. 2017), Empire Distribution asserted that Fox's use of EMPIRE as a title of a television series and on related merchandise such as musical recordings infringed Empire Distribution's EMPIRE marks. *Id.* at 1195. Citing *Rogers* footnote 5, Empire Distribution argued that because it also used EMPIRE as a title on many of its own musical recordings, the case was a competing title case in which *Rogers* did not apply. *Id.* at 1197. The Ninth Circuit disagreed:

ATV0006497

Derek A. Newman, Esq.
February 16, 2021
Page 2

This footnote has been cited only once by an appellate court since *Rogers*, in a case in which the Second Circuit itself rejected its applicability and applied the *Rogers* test. *See Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Grp., Inc.*, 886 F.2d 490, 494–95 (2d Cir. 1989). The exception the footnote suggests may be ill-advised or unnecessary: identifying "misleading titles that are confusingly similar to other titles" has the potential to duplicate either the likelihood-of-confusion test or the second prong of *Rogers* . . . More importantly, it conflicts with our precedents, which "dictate that we apply the *Rogers* test in [Lanham Act] § 43(a) cases involving expressive works." *Brown*, 724 F.3d at 1241–42. We therefore examine Fox's use of the "Empire" mark under that test.

*Id.* at 1197.

Applying the *Rogers* test, the court found that Fox's use of EMPIRE was "artistically relevant" in satisfying the first prong of the *Rogers* test, noting that "[t]he bar is set low: 'the level of relevance merely must be above zero.'" *Id.* (citing *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100 (9th Cir. 2008)). The court then found that Fox's use was also not "explicitly misleading." *Id.* at 1199. In so finding, the Ninth Circuit further warned against "conflat[ing] the second prong of the *Rogers* test with the general *Sleekcraft* likelihood-of-confusion test, which applies outside the *Rogers* context of expressive works." *Id.* The court held that "[t]o fail the second prong of the *Rogers* test, '[i]t is key . . . that the creator must explicitly mislead consumers'" through an "'explicit indication,' 'overt claim,' or 'explicit misstatement'" that caused consumer confusion." *Id.* Because there was no evidence that Fox had made any explicit misstatements, the court granted summary judgment to Fox on all claims. *Id.* at 1200.

The Ninth Circuit recently reiterated that *Rogers* applies in title-versus-title cases in *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 2020 USPQ2d 11499 (9th Cir. Dec. 18, 2020). There, Dr. Seuss alleged ComicMix's use of *Oh, the Places You'll Boldly Go!* as its book title infringed Dr. Seuss's registered and common law trademarks in famous book title *Oh, the Places You'll Go!*. Notwithstanding the presence of competing titles, the Ninth Circuit applied the *Rogers* test and held that "the Lanham Act does not apply here." *Id.* at 463.

As to the first prong of *Rogers*, the court easily found in favor of ComicMix, again noting the test is a "low bar" since "any artistic relevance 'above zero' means the Lanham Act does not apply unless the use of the trademark is explicitly misleading." *Id.* at 462. The court then found ComicMix's use of Dr. Seuss's title "not explicitly misleading as to its source, though it uses the Seussian font in the cover, the Seussian style of illustrations, and even a title that adds just one word—*Boldly*—to the famous title—*Oh, the Places You'll Go!*." *Id.* Illustrating the breadth of First Amendment protection afforded to expressive works, the court reasoned that ComicMix's addition of expressive content beyond Dr. Seuss's title and ComicMix's clear indication of authorship compelled a finding that the latter's title was not "explicitly misleading." Notably, the Ninth Circuit determined this despite the fact that ComicMix had *intentionally* borrowed the famous title and other stylistic elements from Dr. Seuss's book. The court ultimately held that

Derek A. Newman, Esq.
February 16, 2021
Page 3

Dr. Seuss's trademark claims failed as a matter of law and affirmed their dismissal by the district court at the pleading stage.

It is clear that the *Rogers* test controls with respect to any trademark infringement claim by Warzone.com. Applying that test, it is beyond argument that WARZONE is artistically relevant to Activision's game.

Activision's use of WARZONE also is not "explicitly misleading," as it clearly is not "an 'explicit indication,' 'overt claim,' or 'explicit misstatement'" that Warzone.com is somehow the source of Activision's game. *Id.* Activision makes no such indication, claim, or misstatement here, nor would it want to do so. To the contrary, Activision takes affirmative steps and spends considerable resources to ensure that Activision is unmistakably recognized as the source of CALL OF DUTY WARZONE. For example, the title prominently features Activision's extraordinarily famous and successful CALL OF DUTY mark, the game takes place in the CALL OF DUTY universe, and the game itself and almost all marketing assets and advertisements are clearly branded to indicate that the game is developed and published by our client. Moreover, unlike the defendant in *Dr. Seuss*, Activision borrowed neither a famous title from your client nor any stylistic elements from Warzone.com's game.

Your allegations of purported consumer confusion are also of no avail. We are confident that all or most claims of actual confusion would wither under scrutiny. Moreover, consumer confusion would yield to First Amendment concerns in this instance. In this regard, in *Dr. Seuss,* the Ninth Circuit dismissed survey evidence of consumer confusion:

> Seuss's evidence of consumer confusion in its expert survey does not change the result. The *Rogers* test drew a balance in favor of artistic expression and tolerates "the slight risk that [the use of the trademark] might implicitly suggest endorsement or sponsorship to some people."

*Id.*

For these and other reasons, we do not believe Warzone.com has a credible infringement claim against Activision.

With respect to the opposition, Activision can prevail on either of two alternative grounds. First, there is no likelihood of confusion because of the differences in the respective products. Your client does not have a prior registration in which "game software" would be broadly construed. Rather, any rights that Warzone.com might hold in WARZONE are narrowly limited to its turn-based strategy game, which differs sharply from Activision's product. These differences are discussed in more detail below with respect to coexistence. Third-party uses of "warzone" in titles for other games and expressive works, including uses that predate Warzone.com's initial use, serve to narrow further the scope of any rights your client may claim in WARZONE to no more than the precise game it has offered. *See* examples in attached Exhibit.

ATV006499

Derek A. Newman, Esq.
February 16, 2021
Page 4

Second, "warzone" is inherently descriptive in the context of your client's game. It is alleged in the Notice of Opposition that Warzone.com has used the mark for just over three years. This is well short of the five years of continuous and exclusive use that may be accepted as *prima facie* evidence of acquired distinctiveness under Section 2(f) of the Trademark Act, 15 USC § 1052(f). In view of the descriptive nature of WARZONE as applied to your client's game, as well as the widespread use of the term in connection with third-party games and other entertainment titles, there is a strong argument that that no trademark rights have attached to your client's use of WARZONE. Moreover, in consideration of the substantial promotion and success of Activision's game, our client believes it was first to establish secondary meaning in the WARZONE mark, and that it in fact has priority of right in this case.

Notwithstanding the strength of Activision's position, our client shares your client's interest in avoiding a protracted dispute, and is willing to amicably resolve the opposition in a manner that would allow for coexistence in the marketplace and on the registry. More specifically, Warzone.com's WARZONE is a turn-based strategy game, much like a traditional board game. It is not designed to look realistic, there are no characters, and the player moves numbers around a map in order to take or cede territory. In contrast, Activision's CALL OF DUTY WARZONE is a first-person shooter (FPS) game featuring advanced graphics that depict realistic characters, weapons and scenery, and has the overall look and feel of games within Activision's CALL OF DUTY franchise. Given that the parties' respective games are in vastly different genres and share little in common in terms of theme, game mechanics and gameplay, Activision proposes that the parties enter into a coexistence agreement whereby Warzone.com would limit its registration of WARZONE to software for playing a turn-based strategy game, and our client would limit its registration of WARZONE to software for playing a first-person shooter game. The parties would further agree to the coexistence of their respective games in the marketplace.

Activision believes the above proposal is mutually beneficial and trusts it to be satisfactory to your client under the circumstances. As should be clear by now, our client does not believe it needs to cease its use of WARZONE or take a license from your client. That said, in the interest of expediting the resolution of this matter and the pending opposition, if your client still believes it has been damaged by Activision such that monetary payment is justified, we invite your client to quantify those damages for our consideration.

I look forward to hearing from you by February 25, 2021. Please note again that nothing contained or omitted from this letter constitutes an omission by our client of any facts or waiver

Derek A. Newman, Esq.
February 16, 2021
Page 5


of any defenses, rights or remedies it may have, all of which are expressly reserved.

Sincerely,

Scott J. Major
703-465-5356


SJM/tc
Attachments

ATV006501

**EXHIBIT TO NEWMAN LETTER (2/16/21)**

ATV006502

United States Patent and Trademark Office

Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on ... 2020

Logout    Please logout when you are done to release system resources allocated for you.

Start    List At:    OR    Jump    to record:    Record 5 out of 13

Use the "Back" button of the Internet Browser to return to TESS

EVE: Valkyrie - Warzone

Word Mark              EVE: VALKYRIE - WARZONE
Goods and Services     IC ... US ... Computer game software. View game software. View game software and computer game programs. FIRST USE: 20170926. FIRST USE IN COMMERCE: 20170926
Standard Characters Claimed
Mark Drawing Code      (4) STANDARD CHARACTER MARK
Serial Number          87512213
Filing Date            June 30, 2017
Current Basis          1A
Original Filing Basis  1B
Published for Opposition   March 13, 2018
Registration Number    5533008
Registration Date      August 7, 2018
Owner                  (REGISTRANT) CCP HF CORPORATION ICELAND Grandagardur 8 Reykjavik ICELAND 101
Attorney of Record     Steven M. Kushner
Prior Registrations    2539587;3284608;3944775;5060418;5194813;4452758;4453758;4...
Type of Mark           TRADEMARK
Register               PRINCIPAL
Live/Dead Indicator    LIVE

ATV006503

United States Patent and Trademark Office

Trademarks > Trademark Electronic Search System (TESS)

**Record 6 out of 13**

EVE: Valkyrie - Warzone



ATV006504

United States Patent and Trademark Office

Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on date four: 4/09:55:58 EDT 2011

Logout | Please logout when you are done to release system resources allocated for you.

Start ___ List At: ___ OR ___ Jump ___ to record: ___ Record 13 out of 13

Use the "Back" button of the Internet browser to return to TESS)

CRYSIS WARZONE



ATV006505



ANOMALY WARZONE EARTH

ATV006506

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News

Trademarks > Trademark Electronic Search System (TESS)

Click next and was updated on date Mon Jul 6 05:20:03 EDT 2009

Logout | Please logout when you are done to release system resources allocated for you.

Start    List At:          OR    Jump    to record:    Record 8 out of 13

Use the "Back" button of the Internet Browser to return to TESS)

# WARZONE CHESS

| | |
|---|---|
| Word Mark | WARZONE CHESS |
| Goods and Services | IC 041. US 100 101 107. G & S: Entertainment services, namely, providing on-line computer games tournaments featuring chess. FIRST USE: 20100620. FIRST USE IN COMMERCE: 20100706 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 85300274 |
| Filing Date | December 27, 2010 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | May 31, 2011 |
| Registration Number | 4017095 |
| Registration Date | August 23, 2011 |
| Owner | (REGISTRANT) ChessCube (Pty) Ltd private limited company SOUTH AFRICA Suite 5, Mira Mews, Cape Walk Shopping Centre, Etc SOUTH AFRICA |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHESS" APART FROM THE MARK AS SHOWN. |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | DEAD |
| Cancellation Date | March 23, 2018 |

| . HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY |

ATV006507

This text was not entered or edited by a 2003 OFF 2003

Logout / Please logout when you are done to release system resources allocated for you.

Start | List At | OR | Jump | to record: | Record 7 out of 13

TSDR | ASSIGN Status | TDR | TTAB Status | Use the "Back" button of the Internet Browser to return to TESS

# War Zone Secure

| Word Mark | WAR ZONE SECURE |
| Goods and Services | |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | |
| Filing Date | |
| Current Basis | 1B |
| Original Filing Basis | 1B |
| Published for Opposition | |
| Registration Number | |
| Registration Date | |
| Owner | |
| Attorney of Record | |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | DEAD |
| Cancellation Date | |

 (https://www.mobygames.com/)

Sign in (https://www.mobygames.com/acct/logon/from,:2fsearch:2fquick/g,3/)

Register (https://www.mobygames.com/acct/create_account)

Search games, credits, companies...

Games (https://www.mobygames.com/browse/games)    Forums (https://www.mobygames.com/forums)    Contribute ▾ (https://www.mobygames.com/info/contribute)    ⤨ (https://www.mobygames.com/random/game?1613102206)

Join our Discord (https://discord.gg/8zWGTQp) to chat with fellow friendly gamers and our knowledgeable contributors!

## Search

| war zone | All Platforms ⌄ | Go | [more (https://www.mobygames.com/search)] |

## What to search

☑ Games (142)   ☑ Game Groups (1)   ☑ Game Attributes (0)   ☑ People (0)   ☑ Companies (6)

## Results

Results **1 - 50** of 149 for **war zone**

1. Game: **War Zone (https://www.mobygames.com/game/war-zone_)**
   Amstrad CPC (https://www.mobygames.com/game/cpc/war-zone_) (*1984*) and ZX Spectrum (https://www.mobygames.com/game/zx-spectrum/war-zone_) (*1984*) (https://www.mobygames.com/game/war-zone_)

2. Game: **War Zone (https://www.mobygames.com/game/war-zone)**
   Amiga (https://www.mobygames.com/game/amiga/war-zone) (*1991*) and Atari ST (https://www.mobygames.com/game/atari-st/war-zone) (*1991*) (https://www.mobygames.com/game/war-zone)

3. Game: **WWF War Zone (https://www.mobygames.com/game/gameboy/wwf-war-zone_)**
   Game Boy (*1998*)

4. Game: **WWF War Zone (https://www.mobygames.com/game/wwf-war-zone)**
   Nintendo 64 (https://www.mobygames.com/game/n64/wwf-war-zone) (*1998*) and (https://www.mobygames.com/game/wwf-PlayStation (https://www.mobygames.com/game/playstation/wwf-war-zone) (*1998*) war-zone)

ATV006509

 **(https://www.mobygames.com/)**

Sign in (https://www.mobygames.com/acct/logon/from,:2fsearch:2fquick/g,3/)

Register (https://www.mobygames.com/acct/create_account)

Search games, credits, companies...

Games (https://www.mobygames.com/browse/games)  Forums (https://www.mobygames.com/forums)  Contribute ▾ (https://www.mobygames.com/info/contribute)  ⤭ (https://www.mobygames.com/random/game?1613102089)

**Join our Discord (https://discord.gg/8zWGTQp) to chat with fellow friendly gamers and our knowledgeable contributors!**

## Search

| warzone | All Platforms | Go | [more (https://www.mobygames.com/search)]

## What to search

☑ Games (44)   ☑ Game Groups (1)   ☑ Game Attributes (0)   ☑ People (0)   ☑ Companies (1)

## Results

Results **1** - **46** of **46** for **warzone**

1.    Game: **WarZone (https://www.mobygames.com/game/browser/warzone_)**
   Browser (*1999*)

2.    Game: **Warzone (https://www.mobygames.com/game/windows/warzone___)**
   Windows (*2017*) (https://www.mobygames.com/game/windows/warzone___)

3.    Game: **Warzone (https://www.mobygames.com/game/atari-st/warzone)**
   Atari ST (*1993*)

4.    Game: **Warzone (https://www.mobygames.com/game/warzone__)**
   Amiga (https://www.mobygames.com/game/amiga/warzone__) (*1986*) and Atari ST (https://www.mobygames.com/game/atari-st/warzone__) (*1988*)

5.    Game: **WarZone 3 (https://www.mobygames.com/game/browser/warzone-3)**
   Browser (*2003*)

6.    Game: **WarZone 2 (https://www.mobygames.com/game/browser/warzone-2)**
   Browser (*1999*)

7.    Game: **Warzone VR (https://www.mobygames.com/game/warzone-vr)**

ATV006510

PlayStation 4 (https://www.mobygames.com/game/playstation-4/warzone-vr) (2019) and
Windows (https://www.mobygames.com/game/windows/warzone-vr) (2019)

 (https://www.mobygames.com/game/warzone-vr)

8.    **Game: Warzone 2100 (https://www.mobygames.com/game/warzone-2100)**

Linux (https://www.mobygames.com/game/linux/warzone-2100) (2004),
Macintosh (https://www.mobygames.com/game/macintosh/warzone-2100) (2006),
Windows (https://www.mobygames.com/game/windows/warzone-2100) (2004),
PlayStation (https://www.mobygames.com/game/playstation/warzone-2100) (1999) and
PlayStation (https://www.mobygames.com/game/windows/warzone-2100) (1999)

9.    **Game Group: Warzone series (https://www.mobygames.com/game-group/warzone-series)**

A series of browser-based tank to tank combat games created by Ben Librojo.

Games in group: Warzone (https://www.mobygames.com/game/warzone...), Warzone 2 (https://www.mobygames.com/game/warzone-2), Warzone 3
(https://www.mobygames.com/game/warzone-3) and Warzone 3: WWII Edition (https://www.mobygames.com/game/warzone-3-wwii-edition)

10.   **Company: Warzone 2100 Project (https://www.mobygames.com/company/warzone-2100-project)**

11.   **Game: Warzone 3: WWII Edition (https://www.mobygames.com/game/browser/warzone-3-wwii-edition)**

Browser (2005)

12.   **Game: 4 Most Warzone (https://www.mobygames.com/game/4-most-warzone)**

Commodore 64 (https://www.mobygames.com/game/c64/4-most-warzone) (1992) and
ZX Spectrum (https://www.mobygames.com/game/zx-spectrum/4-most-warzone) (1991)

 (https://www.mobygames.com/game/4-most-warzone)

13.   **Game: The Seed: Warzone (https://www.mobygames.com/game/seed-warzone)**

PlayStation 2 (https://www.mobygames.com/game/ps2/seed-warzone) (2001) and
PlayStation 3 (https://www.mobygames.com/game/ps3/seed-warzone) (2012)

 (https://www.mobygames.com/game/seed-warzone)

14.   **Game: Call of Duty: Warzone (https://www.mobygames.com/game/call-of-duty-warzone)**

PlayStation 4 (https://www.mobygames.com/game/playstation-4/call-of-duty-warzone) (2020),
Windows (https://www.mobygames.com/game/windows/call-of-duty-warzone) (2020) and
Xbox One (https://www.mobygames.com/game/xbox-one/call-of-duty-warzone) (2020)

 (https://www.mobygames.com/game/call-of-duty-warzone)

15.   **Game: Anomaly: Warzone Earth (https://www.mobygames.com/game/anomaly-warzone-earth)**

Linux (https://www.mobygames.com/game/linux/anomaly-warzone-earth) (2012),
Macintosh (https://www.mobygames.com/game/macintosh/anomaly-warzone-earth) (2011),

ATV006511



16. Game: **Anomaly: Warzone Earth HD (https://www.mobygames.com/game/anomaly-warzone-earth-hd)**

Android (https://www.mobygames.com/game/android/anomaly-warzone-earth-hd) (2012), BlackBerry (https://www.mobygames.com/game/blackberry/anomaly-warzone-earth-hd) (2013), iPad (https://www.mobygames.com/game/ipad/anomaly-warzone-earth-hd) (2012), iPhone (https://www.mobygames.com/game/iphone/anomaly-warzone-earth-hd) (2012), Linux (https://www.mobygames.com/game/linux/anomaly-warzone-earth-hd) (2013), Macintosh (https://www.mobygames.com/game/macintosh/anomaly-warzone-earth-hd) (2012) and Windows (https://www.mobygames.com/game/windows/anomaly-warzone-earth-hd) (2013)

warzone-earth) Play Station 3 (https://www.mobygames.com/game/ps3/anomaly-warzone-earth) (2012), Windows (https://www.mobygames.com/game/windows/anomaly-warzone-earth) (2011) and Xbox 360 (https://www.mobygames.com/game/xbox360/anomaly-warzone-earth) (2022)

17. Game: **WWF War Zone (https://www.mobygames.com/game/gamebuy/wwf-war-zone_)** (a.k.a. WWF Championship Match: War Zone)

Game Boy (1998)

18. Game: **Call of Duty: Warzone - Combat Pack (https://www.mobygames.com/game/playstation-4/call-of-duty-warzone-combat-pack)**

PlayStation 4 (2020)

19. Game: **Halo 5: Guardians - Warzone REQ Bundle (https://www.mobygames.com/game/xbox-one/halo-5-guardians-warzone-req-bundle)**

Xbox One (2015)

20. Game: **War Zone (https://www.mobygames.com/game/war-zone_)**

Amstrad CPC (https://www.mobygames.com/game/cpc/war-zone_) (1984) and ZX Spectrum (https://www.mobygames.com/game/zx-spectrum/war-zone_) (1984)

21. Game: **War Zone (https://www.mobygames.com/game/war-zone)**

Amiga (https://www.mobygames.com/game/amiga/war-zone) (1991) and Atari ST (https://www.mobygames.com/game/atari-st/war-zone) (1991)

ATV006512



ATV006513



ATV006514



ATV006515



ATV006516

Copyright

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = new year
Search Results: Displaying 1 through 250 of 314 entries.

