MARC E. MAYER (SBN 190969)
  mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
LINDSAY R. EDELSTEIN (*pro hac vice*)
  lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>WARZONE.COM, LLC,<br><br>        Defendant.<br><br>―――――――――――――<br>WARZONE.COM, LLC,<br><br>        Counterclaimant,<br><br>    v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>        Counterdefendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha]<br><br>**[*REDACTED*] RESPONSE OF ACTIVISION PUBLISHING, INC. TO STATEMENT OF PURPORTED DISPUTES OF MATERIAL FACT RE: MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:          March 21, 2025<br>Time:          1:30 p.m.<br>Ctrm:          6B<br><br>Complaint Filed:      Apr. 8, 2021<br>Counterclaim Filed:   June 8, 2021<br>Pretrial Conference:  May 19, 2025, at 1:30 p.m.<br>Trial:                May 27, 2025, at 8:15 a.m. |

Mitchell
Silberberg &
Knupp LLP

Pursuant to Federal Rule of Civil Procedure 56, Local Rule 56-1, and this Court's Standing Order (IV.D.1), Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. ("Activision") hereby provides the following Response to the Statement of Disputed Facts filed by Warzone.com, LLC ("WZLLC") regarding Activision's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment.

As set forth below, WZLLC fails to offer any genuine issues of material fact. Instead, WZLLC's "disputes" are immaterial, consist of legal arguments, are unsupported by the evidence, or are premised on unfounded evidentiary objections. In many cases, WZLLC attempts to create "disputes" without a reasonable basis to do so, such as by citing to different or additional facts or nitpicking at specific word choices. That is inappropriate. *See Barnett v. Costco Wholesale Corp.*, No., 2022 WL 1443332, at *4 (C.D. Cal. May 6, 2022), *aff'd*, No. 22-55550, 2023 WL 6276294 (9th Cir. Sept. 26, 2023) (explaining that disputing a material fact without a reasonable basis to do so is grounds for sanctions). WZLLC also objects to admittedly "undisputed" facts as "immaterial." This is improper. *See, e.g., Pereyda-Rios v. Arizona Dep't of Pub. Safety*, 2019 WL 11626281, at *2 n.4 (D. Ariz. Aug. 5, 2019), *aff'd sub nom. Pereyda-Rios v. Morrison*, 845 F. App'x 676 (9th Cir. 2021) ("Summary judgment turns on whether there are disputed *material* facts; thus, objections to facts as immaterial or irrelevant are redundant.") (citation omitted). Whether a fact is "material" is a legal issue for the Court to decide.

Activision's specific responses are as follows.

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

# I.     ACTIVISION'S STATEMENT OF UNCONTROVERTED FACTS

## A.     WZLLC and its Games.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 1. ███████████ ████████████████ ██████████ *Supporting Evidence*: Declaration of Marc E. Mayer, dated February 14, 2025 ("Mayer Decl."), Ex. 37, Art. III; Mayer Decl., Ex. 35 (Deposition of Jay Westerdal ("Westerdal Depo.")), 88:2-88:16; Mayer Decl., Ex. 36 (Deposition of Randy Ficker ("Ficker Depo.")), 429:7-429:14. | Disputed but immaterial. *Supporting Evidence*: ███████████ ████████████████████ ████████████████████ █████████ Mayer Decl., Ex. 37 at 3.1. |

**Activision's Response**: WZLLC does not raise a legitimate dispute over this fact. ████████████████████████████████████████ ███████████████████████ does not establish, or even create a genuine dispute ████████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 2.     WZLLC's develops and monetizes a "turn-based" online board game that has used the titles *Warzone*, | Disputed. *Supporting Evidence*: Warzone.com, LLC develops and monetizes *two* video |

Mitchell Silberberg & Knupp LLP

| | |
|---|---|
| *Warzone Classic*, *Warzone (Risk ++)*, and *Warzone – Turn Based Strategy*. *Supporting Evidence*: Mayer Decl. Ex. 36 (Ficker Depo.) 170:11-170:17; 178:12-179:7; 181:1-183:1; Mayer Decl., Ex. 32 (WZLLC's Objections and Amended Supplemental Response (No. 1), Amended Response (No. 2), Third Supplemental Response (No. 4), and Second Supplemental Response (No. 8) to Activision's First Set of Interrogatories ("Nov. 27, 2024 Rog. Resp.")), Interrogatory Response No. 1, at 12:5-12:8; Mayer Decl., Exs. 14, 19, 51, 52; Complaint (ECF 1; "Complaint") ¶ 19; Answer (ECF 14; "Answer") ¶ 19. | games under its WARZONE brand. WarLight, which became Warzone in November 2017 and Warzone Idle which was released in July 2020. Ficker Declaration ¶ 2. |

**Activision's Response**: The evidence cited by WZLLC does not reflect a factual dispute. That WZLLC develops and monetizes a second game besides the one that is at issue in SUF 2 (*i.e.*, the turn-based online board game that has used the titles *Warzone*, *Warzone Classic*, *Warzone (Risk ++)*, and *Warzone – Turn Based Strategy*), or the specific release dates of WZLLC's two games, does not establish, or even create a genuine dispute, over the fact that WZLLC develops and monetizes the game at issue.

The only evidence cited by WZLLC to dispute this fact is Paragraph 2 of the Ficker Declaration, which discusses the initial creation and release dates of WZLLC's games. WZLLC does not and cannot refute that WZLLC has used the

titles *Warzone Classic*, *Warzone (Risk ++)*, and *Warzone – Turn Based Strategy*.
*See* Declaration of Marc Mayer ("Mayer Decl."), Exs. 14, 17, 51, 52, 81 (at
WZ000801).

There is no factual dispute that WZLLC first began using the word
"Warzone" in connection with its goods and services in November 2017, so any
suggestion that it used the "WARZONE brand" before that date is false and
misleading.

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 3.    WZLLC also develops and monetizes a companion game to *Warzone* titled *Warzone Idle*.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, at 11:10-11:13; Mayer Decl., Ex. 36 (Ficker Depo.), 214:16-215:4; Mayer Decl., Exs. 15, 18. | Disputed as to "companion game."<br><br>*Supporting Evidence*: Warzone.com, LLC developed a second video game, which is an idle style game, under the WARZONE brand, released in July 2020 and referred to as Warzone Idle to distinguish it from the classic Warzone video game, which is a turn-based strategy game.  Idle had a unique ability to optimize micro-transactions.  Ficker Decl. ¶¶ 2, 15; Geddes Decl., Ex. 1, ¶ 44. |

**Activision's Response**: The evidence cited by WZLLC does not reflect a material
factual dispute.  WZLLC solely purports to "dispute" that *Warzone Idle* is a
"companion game" to WZLLC's turn-based strategy game, but does not provide
any evidence to support any such dispute.  WZLLC's response focuses on
purported details about the creation and release of *Warzone Idle* that are not at
issue in SUF 3.  The evidence reflects that WZLLC has characterized *Warzone Idle*

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

1  as a "spin-off game mode."  Mayer Decl., Ex. 81 at WZ00804.

2      WZLLC's response also mischaracterizes the evidence.  *Warzone Idle* was

3  "launched in 2021" not in July of 2020.  Mayer Decl., Ex. 81 at WZ000804

4  ("*Warzone Idle* was launched in 2021 and is a spin-off game mode from the

5  original *Warzone*.").  Additionally, the cited evidence does not support WZLLC's

6  contention that *Warzone Idle* was able to "optimize" micro-transactions, or that

7  such purported ability was "unique."  Rather, Ficker claims in his declaration that

8  *Warzone Idle* did not "increase Warzone's user base as I had hoped."  Ficker Decl.,

9  ¶ 15.  The paragraph cited to in the Geddes Report simply explains generally ███

10 ███████████████████████████████████████████████████████

11 ███████████  Geddes Decl., Ex. 1, ¶ 44.

12

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 4.  In 2008, Ficker created *WarLight* – the predecessor to *Warzone* – "as a hobby project."  *Supporting Evidence*: Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, 5:7-5:14; Mayer Decl., Ex. 62, at p. 9. | Undisputed, but immaterial.  *Supporting Evidence*: Mr. Ficker left his job with Microsoft in 2010, and has supported himself from revenue obtained from the monetization of Warzone ever since.  Ficker Decl. ¶ 3. |
| 5.  *WarLight* was based on and marketed as similar to Hasbro's board game *Risk*, where players take turns shifting numbers across a world map. | Disputed as to "based on and marketed" but immaterial.  *Supporting Evidence*: Activision mischaracterizes paragraph 22 of the Answer, which states simply "Warzone |

Mitchell Silberberg & Knupp LLP

28

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| | |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 352:4-352:21; Complaint ¶ 22; Answer ¶ 22. | game is a turn-based strategy game, in which players shift numbers (representing 'armies') across a map of the world in order to take control of countries or territories," and makes no mention of Risk. |

**Activision's Response**:  The evidence establishes that WZLLC described and marketed its game as "Better than Hasbro's RISK game," "If you like Hasbro's RISK® game, you'll love Warzone!" "inspired by Risk," and "Risk-like."  *See, e.g.,* Mayer Decl., Exs. 14, 19, 22, 23, 24, 51.

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 6.      Ficker initially made *WarLight* available as a "browser-based" game on his website www.warlight.net.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, 5:14-5:20; Complaint ¶ 22; Answer ¶ 22. | Undisputed. |
| 7.      In 2013, Ficker released a *WarLight* mobile app.<br>*Supporting Evidence*: Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), | Undisputed. |

7

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| Interrogatory Response No. 1, at 7:2-7:5. | |
| 8.      In 2013, *WarLight* was free-to-play and earned revenue through advertising and membership subscriptions.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, at 6:25-7:10. | Undisputed. |
| 9.      ███████████████<br>███████████████<br><br>*Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 176:13-178:1; Mayer Decl., Ex. 39; Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, at 7:27-7:28. | Undisputed, but immaterial. |
| 10.      ███████████████<br>███████████████ | Undisputed but immaterial that Jay Westerdal acquired the domain name www.warzone.com in December 2014. |

Mitchell Silberberg & Knupp LLP

8

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 93:19-93:23; 135:21-136:3; 136:24-138:24; Mayer Decl., Ex. 38, at WZ023307-WZ023308; Mayer Decl., Ex. 36 (Ficker Depo.), 253:2-253:20. | Dispute [sic] that "the pair decided to rename WarLight to Warzone." Mr. Westerdal and Mr. Ficker formed Warzone.com, LLC in January 2015. The goal was to rebrand from WarLight to WARZONE. Warzone launched the WARZONE brand with the release of an updated game in November 2017. Ficker Decl. ¶¶ 3-4. |

**Activision's Response**:   WZLLC's purports to "dispute" that Westerdal and Ficker "decided to rename WarLight to Warzone" after Westerdal acquired the domain name warzone.com in December of 2014, but does not cite any evidence refuting that fact. Whether WZLLC's "goal was to rebrand from WarLight to [Warzone]," the date of the formation by the pair of a corporate entity using the word "Warzone," or the date WZLLC's game launched does not establish, or even create a genuine dispute, over the fact that ███████████████████████ ████████████████████████████████████████████████████████████████ ████  *See* Mayer Decl., Ex. 38, at WZ023307-WZ023308 (████████████████ ████████████████████████████████████████████████████████████; Mayer Decl., Ex. 36 (Ficker Depo.), 253:2-253:20 ████████████████ ████████████████████████████████████████████████████████████████ ████████); Mayer Decl., Ex. 41 ("WarLight is *changing its name*! Later this year, WarLight will become known as Warzone . . .") (emphasis added).

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 11.  *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 145:8-147:19; 158:5-158:11; Mayer Decl., Ex. 41; Mayer Decl., Ex. 35 (Westerdal Depo.), 221:22-222:17; 231:10-231:17; 232:7-233:11; 245:20-246:6; 264:12-265:2; Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, 9:4-9:10. | Disputed but immaterial. *Supporting Evidence*: At the time of selecting the Warzone name, Mr. ▮▮▮▮. Mayer Decl., Ex. 36 (Ficker Depo) 161:18-21. The testimony Activision cites states that Mr. Westerdal was not aware of any game brands called "Warzone" at the time. ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮") Mayer Decl., Ex. 35 (Deposition of Jay Westerdal), 231:15-17. Activision produced no evidence that Warzone "w[as] aware" of any "widespread" use of the mark WARZONE by other video game |

| | companies "at or around the time" Warzone adopted the mark. |
|---|---|

**Activision's Response**: WZLLC purports to "dispute" that at or around the time Ficker and Westerdal selected the "Warzone" name, ███████████████ ████████████████████████████ but does not provide any evidence to support any such dispute. WZLLC's response focuses on purported facts not at issue in SUF 11 – *i.e.*, ████████████████████ ████████████████████████████████████████████ ████████████████████ Directly after the statement by Ficker selectively excerpted in WZLLC's response above, ████████████████████ ████████████████████ Mayer Decl., Ex. 36 (Ficker Depo.), 161:15-161:25 ████████████████████████ ████████████████████ Additionally, in the first part of the statement by Westerdal selectively excerpted in WZLLC's response above, Westerdal ████████████████████████████ █████████ Mayer Decl., Ex. 35 (Westerdal Depo.), ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ █████ WZLLC does not cite any evidence reflecting ████████████ ████████████████████████████████████████████ ████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 12. ████████████████████████████████████████ | Disputed as incomplete, but immaterial. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP



| | |
|---|---|
| ██████████████████ | *Supporting Evidence*:  The testimony Activision cites states ████████ |
| *Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 231:15-231:17. | ████████ Mayer Decl., Ex. 35 (Deposition of Jay Westerdal), 231:15-17. |

**Activision's Response**:   WZLLC has no basis to "dispute" Westerdal's testimony (quoted verbatim) that ███████████████████████████████████ WZLLC's claims that Westerdal ███████████████████████████████████████████████ ████████████████

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 13. ████████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 158:5:158:11. | Undisputed but immaterial, 2015 is not a relevant time period. |

Mitchell
Silberberg &
Knupp LLP

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 14.  | Disputed as to "at or around the time." |
| | *Supporting Evidence*: Activision mischaracterizes the Google Chat; |
| | Mayer Decl., Ex. 38, at WZ023311. |
| *Supporting Evidence*:  Mayer Decl., Ex. 35 (Westerdal Depo.), 135:15-136:3; 240:17-241:25; Mayer Decl., Ex. 38, at WZ023311; Mayer Decl., Ex. 36 (Ficker Depo.), 38:17-39:4; Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, 9:15-9:19. | |

**Activision's Response**:  WZLLC's purports to "dispute" the use of the terminology "at or around the time" to describe ███████████████████ ████████████████████████████████████████ █████████████████████████ This does not create a material dispute. Additionally, the cited evidence does not support any such dispute, as reflected at Mayer Decl., Ex. 38:

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP



| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 15.    By 2015 there were over a dozen publicly available video games with the word "Warzone" in their title, including *WarZone*, *WarZone 2*, and *WarZone 3*; *WWF: Warzone*; *Warzone Battle*; *Warzone Five*; *Warzone Tower Defense*; *Anomaly: Warzone Earth*; and *Warzone Chess.*<br><br>*Supporting Evidence*: Mayer Decl., Exs. 40, 87-109, 147; Declaration of Terry Kiel, dated February 10, 2025 ("Kiel Decl."), Ex. A. | Disputed as to "By 2015" and "in their title," and immaterial.<br><br>*Supporting Evidence*: "By 2015" does not indicate when any purported offerings were first offered or whether they were still offered by the time of Warzone's use and Activision's subsequent use, let alone whether any offerings use the WARZONE mark. Activision submits no admissible evidence substantiating any purported use of the mark WARZONE, the date of |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

|  | any "publicly available" use, or even the nature or extent of use of the purported video game titles and subtitles, and this disputed fact is therefore immaterial.<br><br>Exhibit A to the declaration of Activision's █████████████ to the extent admissible, is evidence only that █████████████████ ████████████████████████ ████████████████████████ |
|---|---|

**Activision's Response**: WZLLC purports to "dispute" that "by 2015" there were over a dozen publicly available third party video games with "Warzone" in their titles. WZLLC's response focuses on specific release dates of the third party titles (which WZLLC does not dispute were, in any event, prior to its own use) and the "extent" of such use. That does not create a material dispute as to the number of "publicly available video games with the word 'Warzone' in their title" in 2015. The unrebutted evidence establishes that numerous games were available to the public in 2015 that had "Warzone" in their titles. WZLLC also does not dispute that ████████████████████████████████████ ███████████████████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 16.    "Warzone" also was the name of a game mode in Microsoft's | Disputed but immaterial. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| | |
|---|---|
| *Gears of War*, a server for the video game *Counter-Strike*, an online magazine, a podcast, movies, comic books, and television shows.<br><br>*Supporting Evidence*: Mayer Decl., Exs. 95, 96, 106; Declaration of Lindsay R. Edelstein, dated February 14, 2025 ("Edelstein Decl."), Exs. 1, 13, 14; Kiel Decl., Ex. A. | *Supporting Evidence*: Activision submits no admissible evidence substantiating that any purported use is of the mark WARZONE, nor the date of any such use, or even the nature or extent of any of the listed "names"—for example, Mayer Decl., Ex. 95 at 587 states on its face that the game mode name referenced is actually "Warzone (a.k.a. Team Deathmatch)"—this disputed fact is immaterial.<br><br>Exhibit A to the declaration of Activision's ████████ to the extent admissible, is evidence only that ████████████ ████████████████ ████████████████ ████ |

**Activision's Response**:   WZLLC does not provide any evidence to support any purported dispute.  Whether certain uses constitute a trademark use in commerce or whether the third-party games are "material" to the dispute is a legal conclusion, not a factual dispute.  WZLLC also concedes that the evidence is authentic for its own purposes, claiming that a game mode in Microsoft's *Gears of War* was "also known as" "Team Deathmatch."  WZLLC also does not dispute that ████████ ████████████████████

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

1

2

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 17.    Ficker announced the name change from *WarLight* to *Warzone* on www.warlight.net in January 2015 to negative player reaction.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 244:16-245:8; Mayer Decl., Ex. 41; Mayer Decl., Ex. 36 (Ficker Depo.), 322:22-323:4; Mayer Decl., Ex. 60, at WZ023350. | Disputed as to "negative player reaction," but immaterial.<br><br>*Supporting Evidence*: Activision mischaracterizes the evidence, which nowhere shows that the only "player reaction" to any action by Warzone was "negative."<br><br>Disputed under FRE 802, improper introduction of hearsay (Mayer Decl., Exh 60). |

**Activision's Response**:  WZLLC does not dispute that there was negative player reaction to the proposed name change from *WarLight* to *Warzone*.  Whether there was "only" negative player reaction is irrelevant and does not create a material dispute as to this fact.

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 18.    Players commented on the WarLight forum that *Warzone* was not a unique name: "there [is] more than just one game called warzone"; "Warzone is already taken"; | Disputed, but immaterial.<br><br>Activision provided no evidence showing that the WARZONE mark was not "unique," let alone that the mark was not |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| "Googling for 'warzone' g[a]ve me a page full of results which each belong to a different WarZone"; "if you change to warzone, it will be buried in a mountain of other like named games"; and "there's already tons of games out there called Warzone." *Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 244:20-245:8; Mayer Decl., Ex. 41. | available during the period of Warzone's use in commerce, only providing excerpts of hearsay player comments from an irrelevant time period. |

**Activision's Response**:  There is no dispute that *Warzone* players made the cited comments and the documentary evidence speaks for itself.  The evidence is not hearsay because it is not offered for the truth of the matter asserted, but for the fact that players made such comments.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 19.     In a January 28, 2015 post to the *WarLight* blog, Ficker acknowledged the existence of other Warzone-titled games, but reassured users there would be no confusion because, for instance, *Warzone* and | Undisputed, but immaterial that "Warzone 2100" and "Warzone" were "different names" in January 2015. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Warzone 2100* were "[s]ubtle but technically different names."<br><br>*Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 244:20-245:8; 245:20-246:9; Mayer Decl., Ex. 41, at p. 2. | |
| 20.    On October 25, 2017, Ficker announced plans to release a "sequel to *WarLight*," titled *Warzone*, "before the end of the year."<br><br>*Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 262:21-263:14; Mayer Decl., Ex. 42; Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, 10:25-10:27. | Undisputed. |
| 21.    Players again expressed concern with changing *WarLight* to *Warzone*, noting that "the googleplay store already have games with similar name." | Disputed, but immaterial.<br><br>Activision provided no evidence that "players" collectively shared the single opinion that "the googleplay store already have games with similar name." Disputed under FRE 802, improper |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 262:21-263:14; Mayer Decl., Ex. 42. | introduction of hearsay (Mayer Decl., Exh 42). |

**Activision's Response**:   WZLLC does not dispute that certain players expressed concern regarding the proposed name change from *WarLight* to *Warzone*. Whether "players collectively shared [a] single opinion" is irrelevant and does not create a material dispute.  The evidence is not hearsay because it is not being offered for the truth of the matter asserted, but only for the fact that players made such comments.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 22.     Between January 2015 (when WZLLC announced the name-change) and November 2017 (when it made the change), more than a dozen additional games with "Warzone" in or as their title had been released, including the PC game *Warzone* by KEA, a mobile game *Warzone: Clash of Generals*, and a browser-based game *Warzones*.<br><br>*Supporting Evidence*: Mayer Decl., Exs. 44, 45, 47, 105-118; Mayer Decl., | Disputed, but immaterial.<br><br>*Supporting Evidence*: Activision submits no admissible evidence substantiating that any purported use is of the mark WARZONE, nor the date of any such use, or the nature, extent, and duration of use of any of the listed "titles"; this fact is thus immaterial.  Activision's marketing academic Dr. Welden confirmed that he performed no such analysis.  Kash Decl., Ex. A [Welden Tr. 104:2-105:4 ].  Furthermore, the |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 36 (Ficker Depo.), 310:15-311:22; Mayer Decl., Ex. 58. | examples do not feature games with "Warzone…as their title." Mayer Decl., Exs. 44, 45, 47. Several examples include use in game modes. Mayer Decl., Ex. 108. Ex. 109 features a game with 3 reviews on the Amazon Appstore titled "IGI: War Zone," which is not an example of "Warzone" in or as their title. |

**Activision's Response**:   WZLLC does not dispute that between January 2015 and November 2017, many additional games with "Warzone" in or as their title were released.  WZLLC does not provide any evidence to controvert Activision's showing of the various games released during this time period.  WZLLC purports to dispute (without evidence) the specific release dates of the third-party titles (which WZLLC does not dispute were, in any event, prior to its own use), the "extent" of such use, and the legal conclusion of whether such third parties used the word "Warzone" as a mark.  These are not material disputes and do not rebut SUF 22.

WZLLC's reference to testimony of Roman Welden is immaterial. Activision cited to publicly-available websites and deposition testimony of WZLLC's witnesses to support this fact, not expert testimony.  *See* Mayer Decl., Exs. 44, 45, 47, 58, 105-118; Mayer Decl., 36 (Ficker Depo.), 310:15-311:22. Additionally, the cited deposition testimony does not support WZLLC's contention that Welden did not analyze whether third parties used the word "Warzone" as a mark, the dates of any such use, or the nature, extent, and duration of such use. *See* Kash Decl., Ex. A (Welden Tr.), at 104:2-105:4.  Rather, Welden states that he

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

did not focus on "the brand value" of the third party games since his focus was on games distributed by the parties to this litigation.

WZLLC further "disputes" SUF 22 based on the fact that some of the third party games identified by Activision use "War Zone" or "Warzone" in their titles (but not as a sole word in their titles), or that some use the word to describe a game mode. This does not create a material dispute as to this fact, which states that the third-party games used the word "Warzone" "*in* or as their title" (emphasis added).

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 23. ████████████ | Undisputed. |
| Supporting Evidence: Mayer Decl., Ex. 31 (WZLLC's Amended Responses and Objections to Activision's First Set of Requests for Admissions, dated October 23, 2024 ("Oct. 23, 2024 RFA Resp.")), RFA Response No. 50; Mayer Decl., Ex. 35 (Westerdal Depo.), 263:15-265:22; Mayer Decl., Ex. 36 (Ficker Depo.), 161:15-161:25; Mayer Decl., Ex. 33 (WZLLC's Objections and Amended Responses (Nos. 3, 6, & 13), Second Supplemental Response (No. 5), and Supplemental Response (No. 12) to | |

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| Activision's First Set of Interrogatories, dated December 1, 2024 ("Dec. 1, 2024 Rog. Resp.")), Interrogatory Response No. 12, 10:22-11:3; 11:7-11:11. | |
| 24.    When WZLLC launched www.warzone.com in November 2017, the website contained the browser-based version of *Warzone*, which was the same game as *WarLight* but with some updates.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 54; Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, at 10:13-10:28; Mayer Decl., Ex. 36 (Ficker Depo.), 170:11-170:17; Mayer Decl., Ex. 81, at WZ015331-WZ015332, WZ015413, WZ015453. | Disputed.<br><br>*Supporting Evidence*: Warzone launched its updated game under the WARZONE brand in November 2017. The game included significant updates over Warlight, and was available for download on various platforms, including browser, PC, and mobile. Ficker Decl. ¶ 4. |

**Activision's Response**:  The only portion of SUF 24 that WZLLC disputes is whether the browser-based version of *Warzone* released in November of 2017 had "some" updates from its predecessor *WarLight*, or "significant" updates.  This does not create a material dispute.  WZLLC's response also focuses on the "platforms" that *Warzone* was available for download, which is not relevant to this fact.  In any

Mitchell
Silberberg &
Knupp LLP

1  event, WZLLC does not cite evidence for the proposition that WZLLC "launched

2  its updated game under the WARZONE brand in November 2017" and does not

3  provide evidence of what "various platforms, including browser, PC, and mobile"

4  it is referring to.  The only purported evidence cited to is ¶ 4 of the Ficker

5  Declaration, which does not explain any alleged "rebranding" that was done and

6  says nothing about distribution channels for the game.

7

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 25.    *Warzone* is free-to-play and earns revenue through advertising and sales of subscriptions and "coins" that unlock features or allow players to join tournaments.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 81, at WZ025713; Mayer Decl., Ex. 26 (WZLLC's Responses and Objections to Activision Publishing, Inc.'s First Set of Interrogatories, dated February 4, 2022), Interrogatory Response No. 10. | Undisputed. |
| 26.    WZLLC never made *Warzone* available on any game consoles or PC distribution platforms.<br><br>*Supporting Evidence*: Complaint ¶ 20; Answer ¶ 20. | Disputed.<br><br>*Supporting Evidence*: Warzone is available on and distributed over PC platforms.  *See* Ficker Decl. ¶ 5. In addition, the evidence cited is |

| | |
|---|---|
| | mischaracterized and does not discuss or support any conclusion regarding "PC distribution platforms."  *See* Complaint ¶ 20; Answer ¶ 20. |

**Activision's Response**:  WZLLC fails to indicate that it is only disputing a portion of SUF 26, as required under this Court's Standing Order (IV.D.1) ("The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed").

WZLLC does not dispute that *Warzone* is not available on game consoles, but WZLLC appears to dispute whether Warzone is available on "PC distribution platforms."  To manufacture a dispute, WZLLC cites to ¶ 5 of the Ficker Declaration, which states that *Warzone* is available "for download on various platforms, including [] PC," referring to the browser-based version of the game available at www.warzone.com, and ***not*** to any version of the game available on a third-party or mainstream PC distribution platform, including any platform where *CODWZ* is available.  WZLLC does not cite any evidence of any PC distribution platform where *Warzone* may be downloaded, and Ficker admitted during his deposition that ████████████████████████████████████ ████████████████████  *See* Supplemental Declaration of Marc E. Mayer, dated March 7, 2025 ("Mayer Supp. Decl."), Ex. 155 (Ficker Depo.), 584:17-584:25.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 27.    WZLLC has not provided evidence of any future plans or intent to develop a first-person shooter game. | Disputed on the grounds that trial counsel's declaratory statement, which is incorrectly cited (corrected, ¶ 53), is |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., ¶ 55; Mayer Decl., Ex. 35 (Westerdal Depo.), 118:22-118:25; 194:8-194:14. | improper lay opinion, mischaracterizes the evidence, and is inadmissible.<br><br>Otherwise undisputed, but immaterial. |

**Activision's Response**:  Plaintiff does not cite any evidence to dispute the fact that it "has not provided evidence of future plans," and thereby confirms the fact.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 28.    WZLLC has not produced evidence of any future plans to make its games available for consoles or on PC gaming platforms.<br><br>*Supporting Evidence*: Mayer Decl., ¶ 55; Mayer Decl., Ex. 35 (Westerdal Depo.), 118:22-118:25; 194:8-194:14. | Disputed on the grounds that trial counsel's declaratory statement, which is incorrectly cited, is improper lay opinion, mischaracterizes the evidence, and is inadmissible as set forth in the accompanying Objections to Evidence. *Supporting Evidence*: Warzone's offerings are available on and distributed over several platforms, including PC. Ficker Decl. ¶ 5.  Warzone has produced evidence that it intends to continue and expand such availability in the future. *See id.* |

**Activision's Response**:  There is no material dispute as to this fact.  ¶ 5 of the Ficker Declaration states only that *Warzone* is available "for download on various

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

platforms, including [] PC," but does not provide any actual evidence of any PC gaming platform where *Warzone* may be downloaded. Ficker admitted during his deposition that ███████████████████████████████ ███████████████ *See* Mayer Supp. Decl., Ex. 155 (Ficker Depo.), 584:17-584:25. Ficker's claim that it is WZLLC's "intent to continue and expand the availability of Warzone going forward" is not "evidence" of an actual "future plan." Ficker Decl. ¶ 5.

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 29. In 2017, WZLLC changed the "App Name" of its mobile app from *WarLight* to *Warzone (Risk ++)*.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 178:12-179:7; Mayer Decl., Exs. 51, 52, 53; Mayer Decl., Ex. 81, at WZ015233, WZ015310, WZ015313. | Disputed, but immaterial.<br><br>*Supporting Evidence*: In 2017, Warzone included Risk ++ in the name field of its mobile app store description for the purposes of SEO. Geddes Decl., Ex. 2 at 3; Ficker Decl. ¶ 6. |

**Activision's Response**: WZLLC does not actually controvert this fact. WZLLC disputes only its purported "purpose" for using *Warzone (Risk ++)* in the "App Name" or "name field" in the mobile app stores.

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 30. After the name change from *WarLight* to *Warzone* on the app | Disputed, but immaterial. |

Mitchell Silberberg & Knupp LLP

27

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| stores, players continued to complain about the new name, including that "[if I] type 'warzone' in the internet it only shows stuff about [Counter-Strike: Global Offensive]" and "there[']s a ton of games out there called just plain Warzone."<br><br>*Supporting Evidence*: Mayer Decl., Ex. 54; Mayer Decl., Ex. 81, at WZ015279; Mayer Decl., Ex. 36 (Ficker Depo.), 318:13-319:13; Mayer Decl., Ex. 59. | *Supporting Evidence*: A vocal minority commented upon "the new name." Ficker Decl . ¶ 4. Further disputed on the grounds that Exhibits 54, 81 and 59 contain inadmissible hearsay subject to FRE 802. |

**Activision's Response**:  WZLLC fails to indicate that it is only disputing a portion of SUF 30, as required under this Court's Standing Order (IV.D.1).  WZLLC appears to dispute only the number of players who complained about the name change from *WarLight* to *Warzone*, claiming (based solely on ¶ 4 of the Ficker Declaration) that only a "vocal minority" complained.  Though the number of "players" is irrelevant to this fact, the actual evidence reflects significant criticism.  *See*, *e.g.*, Mayer Decl., Exs. 54, 59; Mayer Decl., Ex. 81, at WZ015279.  The evidence is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, but only for the fact that players made such comments.

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 31.  *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 196:10-197:12; Mayer Decl., Exs. 55, 56; Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, at 11:4-11:9; Mayer Decl., Ex. 81, at WZ023878. | Disputed, but immaterial. *Supporting Evidence*: On December 21, 2018, ⬛ Ficker Decl. ¶ 7. Activision's own evidence supports this. *See* Mayer Decl., Ex. 36 (Ficker Depo.), 196:25-197:4 ⬛ |

**Activision's Response**: The evidence cited by WZLLC does not reflect a factual dispute. The letter speaks for itself and provides, in pertinent part:

Mitchell Silberberg & Knupp LLP



Mayer Decl., Ex. 55, at WZ022721.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 32. ... *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 181:1-183:1; | Disputed, but immaterial. *Supporting Evidence*: Warzone has not changed the title of the game Warzone since 2017. Ficker Decl. ¶ 6. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 204:20-205:9; Mayer Decl., Ex. 73. | |

**Activision's Response**:  Paragraph 6 of the Ficker Declaration confirms that "Risk++" was included by WZLLC in the "name field of its mobile app" so that it was displayed as: "Warzone (Risk++)."  WZLLC does not dispute that WZLLC changed the "title field" of its app from "Warzone (Risk++)" to "Warzone – turn based strategy" ████████████████████████████ *See* Mayer Decl., Ex. 36 (Ficker Depo.), 204:20-205:9.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 33.    WZLLC never distributed its mobile app under the app title *Warzone* – only as *Warzone (Risk ++)* or *Warzone – Turn Based Strategy*. | Disputed. |
| | *Supporting Evidence*: Warzone's offerings under the WARZONE brand, ████████████████ |
| *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 181:1-181:19; 199:11-199:20; Mayer Decl., Exs. 43, 51, 73. | ████████ Decl. ¶ 5. Since 2017, ███████████████████████ |
| | ██████████ Ficker Decl. ¶ 6. |

**Activision's Response**:  Paragraphs 5 and 6 of the Ficker Declaration confirm that "(Risk++)" and "*Turn Based Strategy*" were included by WZLLC in the "name field of its mobile app" such that it was either displayed to consumers as: "Warzone (Risk++)" or "Warzone – Turn Based Strategy," and never "Warzone"

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

alone.  WZLLC's purported "purposes" for using "Warzone (Risk++)" or "Warzone – Turn Based Strategy" in the "App Name" or "name field" in the mobile app stores is immaterial and does not create a genuine issue of disputed fact.

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 34.    In late November or early December 2020 – weeks after a different company released a game titled *Idle Warzone* and nearly nine months after Activision released *CODWZ* – WZLLC released a *Warzone* spin-off titled *Warzone Idle*. WZLLC then re-titled *Warzone* to *Warzone Classic*.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 214:16-215:4; 421:25-424:24; 426:1-426:19; Mayer Decl., Exs. 64, 65; Mayer Decl., Ex. 36 (Ficker Depo.), 620:18-620:25; Mayer Decl., Ex. 81, at WZ000801-WZ000807. | Disputed.<br><br>*Supporting Evidence*: Warzone Idle was released in July 2020. Ficker Decl. ¶ 2. Warzone did not "re-title" itself. Subsequent to the release of Warzone Idle, the first Warzone game was referred to as Warzone Classic in order to distinguish between the two WARZONE video game offerings. Ficker Decl. ¶ 2. The release date of the app in Mayer Decl., Ex. 64 is not evident, and the game is titled "Idle Warzone 3d: Military Game, War Clicker Business Simulator." |

**Activision's Response**:  WZLLC's response focuses on purported details about the creation and release of *Warzone Idle* that are not at issue in SUF 34.  *Warzone Idle* was "launched in 2021" not in July of 2020.  Mayer Decl., Ex. 81 at WZ000804 ("Warzone Idle was launched in 2021 and is a spin-off game mode from the

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

original Warzone.").  The date on the Facebook post depicted in Exhibit 64 of the Mayer Declaration is October 12, 2020, prior to the date of the public launch of *Warzone Idle*.  Additionally, WZLLC cannot inconsistently claim that its mobile app is not titled *Warzone- Turn Based Strategy* when it claims that the third party game is titled *Idle Warzone 3d: Military Game, War Clicker Business Simulator.*

### C.    WZLLC's Failure To Market Or Promote Its Warzone "Brand"

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
| --- | --- |
| 35. ██████████████████████████████████████████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 81, at WZ015298; Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp.), RFA Response Nos. 67, 69, 70, 71; Mayer Decl., Ex. 35 (Westerdal Depo.), 289:12-291:21; Mayer Decl., Ex. 28 (Aug. 28, 2024 RFP 1 Resp.), Supplemental Response No. 34; Mayer Decl., Ex. 29 (Aug. 28, 2024 RFP 2 Resp.), Supplemental Response No. 94. | Disputed. *Supporting Evidence*: Between November 2017 and March 2020, Warzone engaged in advertising, including organic advertising.  Warzone also maintained public relations activities throughout the relevant time period, promoting itself through community engagement and tournaments, and maintaining forums on a variety of platforms. Ficker Decl. ¶ 8. Warzone also paid for Reddit and Facebook marketing during the same time period.  *Id.* |

**Activision's Response**:   There is no material dispute that WZLLC ████████ ████████████████████████████████████████ Ficker's statement

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

that "Warzone paid for Reddit and Facebook marketing between 2017 and 2020" (Ficker Decl., ¶ 8) does not create a legitimate factual dispute.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 36. | Disputed. |
| *Supporting Evidence*: Mayer Decl., Ex. 81, at WZ15298; Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp.), RFA Response Nos. 67, 69, 70, 71; Mayer Decl., Ex. 35 (Westerdal Depo.), 289:12-291:21. | *Supporting Evidence*: Warzone placed Facebook ads during the November 2017 to March 2020 time period. Ficker Decl. ¶ 8. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP



| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 37. <span>████████████████</span><br><br>*Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 30:10-30:14, 240:12-241:10, 443:11-443:15. | Disputed, but immaterial.<br><br>*Supporting Evidence*: Warzone attended a gaming conference in the November 2017 to March 2020 time period. Ficker Decl., ¶ 8. |

**Activision's Response**: WZLLC fails to indicate that it is only disputing a portion of SUF 37, as required under this Court's Standing Order (IV.D.1).  WZLLC does not dispute that ████████████████████████████████ ████████████████████████████  The conclusory and self-serving statement in the Ficker Declaration (¶ 8) that "Warzone . . . attended a gaming conference [between 2017 and 2020]" does not create a legitimate dispute, because

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

1  (1) the Ficker Declaration simply states ███████████████████

2  ████████████████████████████████ and (2) Ficker testified during

3  his deposition that ████████████████████████████████████████

4  ████████████████████████████ Mayer Supp. Decl., Ex. 155

5  (Ficker Depo.), 240:12-240:23.

6

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 38. ██████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 231:18-231:25; 400:15-400:20; 434:22-435:11; Mayer Decl., Ex. 28 (WZLLC's Supplemental Responses and Objections to Activision's First Set of Requests for Production of Documents, dated Aug. 28, 2024 ("Aug. 28, 2024 RFP 1 Resp."), Supplemental Response No. 33; Mayer Decl., Ex. 29 (Aug. 28, 2024 RFP 2 Resp.), Supplemental Response No. 94. | Disputed. *Supporting Evidence*: ████████ ████████████████████ ████████████████████ ████████████████████ ████████ Ficker Decl. ¶ 13. Activision's own citations support this. Mayer Decl., Ex. 36 (Ficker Depo.), 231:18-25 ("I did hire Bo Geddes"). |

26  **Activision's Response**:  WZLLC does not dispute that ████████████

27  ████████████████████████████ Ficker's claim that

28  WZLLC's engagement of Bo Geddes to implement design updates does not create

a material dispute that WZLLC did not retain Geddes to provide ***marketing consultant services***.  The evidence speaks for itself and reflects that ███████

███████████████████████████████████████████████████████████

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 39. ████████████████████████████████████████ | Disputed, but immaterial. |
| *Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 118:22-118:25; 194:8-194:14; 195:8-195:11; Mayer Decl., Ex. 28 (Aug. 28, 2024 RFP 1 Resp.), Supplemental Response No. 74; Mayer Decl., Ex. 28 (Aug. 28, 2024 RFP 1 Resp.), Supplemental Response No. 74; Mayer Decl., Ex. 29 (WZLLC's Supplemental Responses and Objections to Activision's Second Set of Requests for Production of Documents, dated August 28, 2024 | *Supporting Evidence*: Warzone retained marketing consultant Bo Geddes in December 2019 to develop a marketing plan, and Mr. Geddes developed a written marketing plan for Warzone and a complementary business plan regarding improvements to the user interface.  Mr. Ficker and Mr. Geddes met and corresponded from December 2019 to May 2020 to collaborate on these plans and optimize Warzone's user interface. *See* Ficker Decl. ¶¶ 13- 14, Exs. 7, 18-21. |

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| ("Aug. 28, 2024 RFP 2 Resp.")), Supplemental Response No. 93. | |

**Activision's Response**: WZLLC does not dispute that between November 2017 and March 2020 ███████████████ WZLLC's claim that it "retained marketing consultant Bo Geddes in December 2019 to develop a marketing plan, and Mr. Geddes developed a written marketing plan for Warzone and a complementary business plan regarding improvements to the user interface" is not supported by the evidence ████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 40. ████████████████████████████████████████████████ | Disputed as to "provide its game to reviewers," but immaterial. *Supporting Evidence*: Warzone's offerings are available to members of the |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.) 49:1-49:24; 438:18-439:18; 450:5-450:21. | public and have been reviewed online. *See, e.g.* Ficker Decl., ¶ 12, Ex. 4. Warzone has engaged with online publications. *See* Ficker Decl., ¶ 12. Activision points to no evidence showing that Warzone "was not aware that any such publications existed." |

**Activision's Response**: WZLLC purports to dispute that between November 2017 and March 2020, it did not "***provide its game***" to mobile game review publications. ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ This evidence does not create a material dispute as to "mobile game review publications."

Ficker testified in his deposition ██████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████ Mayer Decl., Ex. 36 (Ficker Depo. 438:18-439:18) (emphasis added). Thus, there is no material dispute that WZLLC was not aware that mobile game review publications existed.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 41. ████████████████ ████████████████ | Undisputed but immaterial. |

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| ███████████████████████ ███████████████████████ ███████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 228:23-229:8; 241:11-241:16. | |
| 42. ████████████████ ████████████ *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 159:18-159:25. | Undisputed but immaterial. |
| 43.    WZLLC posted to its Facebook page (@WarzoneRisk) only three times since it changed its name to "Warzone." *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 316:22-317:21; 423:23-424:5; Mayer Decl., Ex. 23. | Undisputed but immaterial. |
| 44.    WZLLC created a Reddit forum dedicated to its game, but did not change the forum name from "WarLight" to "Warzone" – so it is still called "r/Warlight." | Disputed, but immaterial. *Supporting Evidence*: The evidence Activision cites states on its face that the subreddit is r/Warlight, and the |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 24. | description is "This is the subreddit for Warzone!"  Mayer Decl., Ex. 24. |

**Activision's Response**: The evidence cited by WZLLC speaks for itself and does not reflect a legitimate dispute as to the fact that the forum name of WZLLC's Reddit page, as shown below, is "r/Warlight":



WZLLC's citation to additional text in the body of the r/Warlight Reddit forum that purportedly references "Warzone" does not controvert this fact.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 45.    WZLLC maintains a Discord server (a virtual community for discussing *Warzone*), which is "invite only."  *Supporting Evidence*: Mayer Decl., Ex. 25. | Disputed. |

Mitchell Silberberg & Knupp LLP

41

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

*Supporting Evidence*: Activision's characterization of the cited document is unsupported on its face.  To the extent Activision's citation shows anything at all, and without waiving objections as to the admissibility of Exhibit 25, it shows that navigating to the URL "https://discord.com/invite/6JMEZzXV5e" allows members of the public to choose a display name to join Warzone's Discord "Public chat." Mayer Decl., Ex. 25.



**Activision's Response**:  The evidence proffered by Activision in support of this fact speaks for itself and reflects that in order to access WZLLC's Discord server, one must receive an "invite" from Ficker (a/k/a "Fizzer"): "Fizzer (fizzerx) invited you to join Warzone Public chat."  WZLLC does not dispute that the "Warzone Public Chat" is not accessible on Discord without an invite from Ficker.

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 46.    There is no evidence that WZLLC ever streamed *Warzone* or *Warzone Idle* on live-streaming video websites such as Twitch.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 326:11-326:14; 327:12-327:17; Mayer Decl., Ex. 86. | Disputed.<br><br>*Supporting Evidence*: Activision's characterization of the cited documents is unsupported on its face.  Warzone has utilized Twitch to interact with its users. Ficker Decl. ¶ 11, Ex. 2 at WZ000673 ("Fizzer, the creator of Warzone, will be doing a livestream on Monday, June 17th!...You can view it at twitch.tv/FizzerWL. It will begin at 11am."); Warzone players were able to report bug issues based on streams on Twitch. Ficker Decl. ¶ 11, Ex. 3 WZ000617 ("thanks to the person who reported this on Twitch"). |

**Activision's Response**:  The purported evidence does not dispute this fact, which concerns whether ***WZLLC*** ever streamed *Warzone* or *Warzone Idle* on live-streaming video websites such as Twitch.  Whether third parties streamed WZLLC's games on Twitch is not relevant and does not create a material dispute. Additionally, Exhibits 2 and 3 to the Ficker Declaration are blog posts and do not reflect any actual Twitch streams of any WZLLC game by WZLLC or any of its representatives.  Ficker's blog posts about a future livestream (Ex. 2) are inadmissible hearsay and do not support the conclusion that the livestream actually occurred or that it included *Warzone* or *Warzone Idle*.

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 47.    The most recent video available on Ficker's personal Twitch account (@FizzerWL) is a video of *WarLight* from nine years ago.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 86. | Disputed, but immaterial.<br><br>*Supporting Evidence*: Mr. Ficker conducted a livestream on Twitch, "Ask Fizzer Anything" on Tuesday, February 18, 2025, which is available as of February 28, 2025, at https://www.twitch.tv/fizzerwl/videos. Mr. Ficker conducts AMA sessions regularly, and is unaware why prior videos he posted to this Twitch account did not save. Ficker Decl, ¶ 10, Ex. 1 at WZ000709. |

**Activision's Response:** The purported evidence does not dispute this fact, which concerns what videos are "available" on Ficker's personal Twitch account. Exhibit 86 to the Mayer Declaration speaks for itself and reflects a single video available to view. Ficker's reference to blog posts about a February 18, 2025 Twitch stream is irrelevant, because that livestream apparently took place after Activision's motion was filed. Thus, it cannot support a dispute that as of the date of this Motion, the most recent video available on Ficker's Twitch account was from nine years ago. Additionally, Ficker's blog post is inadmissible hearsay and does not support the conclusion that the livestream actually occurred or that it included *Warzone* or *Warzone Idle*.

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 48. ███████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 81, at WZ015967- WZ015979. | Disputed. *Supporting Evidence*: Warzone retained marketing consultant Bo Geddes in December 2019 to develop a marketing plan, and Mr. Geddes developed a written marketing plan for Warzone and a complementary business plan regarding improvements to the user interface. *See* Ficker Decl. ¶ 13. Mr. Ficker and Mr. Geddes met and corresponded from December 2019 to May 2020 to collaborate on these plans and optimize Warzone's user interface. Mr. Geddes was compensated for these services. *See* Ficker Decl. ¶¶ 13-17 Exs. 5-8. |

**Activision's Response**: WZLLC offers no basis to dispute this fact, which is supported by WZLLC's own cited documents and testimony. Exhibit 81 to the Mayer Declaration speaks for itself and confirms the fact. WZLLC's claim that it "retained marketing consultant Bo Geddes in December 2019 to develop a marketing plan, and Mr. Geddes developed a written marketing plan for Warzone and a complementary business plan regarding improvements to the user interface" does not create a material factual dispute and, moreover, is not supported by the evidence. The evidence speaks for itself and reflects that ███████ ████████████████████████████████████████████████

Mitchell
Silberberg &
Knupp LLP



| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 49. ████████████████████████████████████████████████████████████████████████████████████████████████████████<br><br>*Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 232:6-233:9; 399:18-400:20; Mayer Decl., Ex. 81, at WZ016957; Mayer Decl., Ex. 151 (Deposition of Bo Geddes ("Geddes Depo.")), 14:21-15:5; 179:2-182:3; Mayer Decl., Ex. 28 (Aug. 28, 2024 RFP 1 Resp.), Supplemental Response No. 34. | Undisputed as to Warzone's focus on developing Warzone Idle and its contact with Mr. Geddes after May 2020, otherwise disputed.<br><br>*Supporting Evidence*: Exhibit 81 should be inadmissible for the reasons set forth in the accompanying Objections to Evidence, but to the extent Activision's cited document shows anything, it does not support Activision's characterization that ██████████████████████████████████████████████████████████████ Ficker Decl. ¶ 15. |

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
|  | As Mr. Ficker testified at his deposition, his "plan was to launch Warzone Idle and then use funds for more marketing." Ficker Decl., ¶ 14. Warzone's interest in investing limited resources into advertising in 2020 was affected by Activision's unauthorized use of WARZONE, as well as the uncertainty created by COVID-19. Ficker Decl. ¶ 15. |

**Activision's Response**:  WZLLC's evidence does not create a material dispute. WZLLC only "disputes" that ███████████████████████████ ████████████████████████ However, the purported evidence █ cited by WZLLC does not controvert this fact; it merely provides additional, irrelevant alleged context that, in any event, is not supported by evidence.

WZLLC objects to the admissibility of a document it produced bearing Bates number WZ016957-WZ016963.  The document is a WZLLC business record and a party admission.  The document reflects that, ██████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████

Mitchell
Silberberg &
Knupp LLP



Ficker's self-serving Declaration (¶ 14) that he "fully expected to engage in further marketing and advertising as soon as Warzone Idle launched and . . . [that] Mr. Geddes and I had always anticipated that the marketing plan would be initiated post release of Warzone Idle"

Mayer Supp. Decl., Ex. 154 (Geddes Depo.), 128:6-16.

WZLLC's claim that it was not "interest[ed]" in investing resources due to "Activision's unauthorized use of WARZONE, as well as the uncertainty created by COVID-19" is unsupported, if not contradicted, by the evidence. There is no documentary evidence reflecting that

In any event, the reasons for WZLLC's decision are irrelevant, since Ficker admits that

Ficker Decl.,

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

1    ¶ 15.

2

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 50. ██████████████████████████████████████████████████████████████████████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 378:19-378:23; Mayer Decl., Ex. 81, at WZ018504; WZ018503; Mayer Decl., Ex. 81, at WZ022730-WZ022731. | Disputed. *Supporting Evidence*: Warzone actively promotes the WARZONE brand and games it launched under the brand, and has continuously done so since its rebrand in 2017.  *See* Ficker Decl. ¶¶ 2, 4, 8. Warzone regularly updates its games and engages with its community including through official posts, public forums, video streams, blog posts, direct messages, and tournaments, as well as supporting user-led promotion.  Ficker Decl. ¶ 10, *see also id.* ¶ 11, Ex. 2 (WZ000671); Ex. 22 (WZ000554) (Warzone Version Updates).  This is consistent with the testimony offered by Activision, Mayer Ex. 36, Ficker deposition at 378:21-25 ███████████████████████████████████████████████████████ Ficker Decl. ¶ 8. When Activision released Call of Duty Warzone in March 2020, ████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
|  | ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████ Ficker Decl. ¶ 13; Exs. 5 [WZ015607], 8 [WZ016387]. |

**Activision's Response**: None of WZLLC's evidence is sufficient to create a material dispute. WZLLC fails to cite ███████████████████ ███████████████████████████████ WZLLC's reference to ██████ ███████████████████████ For example, WZLLC cites to ¶¶ 2 and 4 of the Ficker Declaration, which solely relate to the name change from *WarLight* to *Warzone* and do not reference any promotional or brand development activities. ¶ 8 of the Ficker Declaration ███████████████████████████████████████ ██████████████████████ *See, e.g.*, Mayer Decl., 81, at WZ000671, WZ000554; Ficker Exs., 2, 22. █████████████████████████ ██████████████

Additionally, the evidence reflects that ███████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 51. ████████ ███████████████ ███████████████ ███████████████ | Disputed. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| ███████████████████████████<br><br>*Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 122:12-122:21; 124:3-124:15; 127:6-128:7; 128:13-128:24; 296:19-296:24; 328:13-328:23; Mayer Decl., Ex. 36 (Ficker Depo.), 90:15-90:25; 316:12-316:20; 402:12-402:18; Mayer Decl., Ex. 29 (Aug. 28, 2024 RFP 2 Resp.), Supplemental Response No. 94. | *Supporting Evidence*: Search engine optimization was one marketing effort. Ficker Decl. ¶ 10. Warzone also actively promotes the WARZONE brand and games it launched under the brand, and has continuously done so since its rebrand in 2017. *See* Ficker Decl. ¶ 2, 8. Warzone regularly updates its games and engages with its community including through official posts, public forums, video streams, blog posts, direct messages, and tournaments, as well as supporting user-led promotion. Ficker Decl. ¶¶ 10-12. When Activision released Call of Duty Warzone in March 2020, Warzone was in the midst of a months-long working relationship with marketing consultant Mr. Geddes to develop and promote its brand and game. Ficker Decl. ¶ 13; Ex. 8, 7, 18. |

**Activision's Response**:  None of WZLLC's evidence is sufficient to create a material dispute.  WZLLC fails to cite to ███████████████████████████ ██████  WZLLC's reference to purported "improvements" it made to the game's design and functionality are not "promotional activities."  For example, WZLLC cites to ¶ 2 of the Ficker Declaration, which solely relates to the name change from

Mitchell
Silberberg &
Knupp LLP

*WarLight* to *Warzone* and does not reference any promotional or brand development activities.  ¶ 8 of the Ficker Declaration references ███████████████████████████████████████████████████████  *See, e.g.,* Mayer Decl., Ex. 81, at WZ000671, WZ000554; Ficker Exs., 2, 22. ████████

███████████████████████████████████████████████████████

        Additionally, the evidence reflects that ████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 52. ████████████████████████████████████████████████████████████████████ | Disputed, but immaterial. |
| *Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.),  124:3-124:15; 127:6-128:7;  128:13-128:24;  Mayer Decl., Ex. 36 (Ficker Depo.), 66:1-66:14; 90:15-90:25; Mayer Decl., Ex. 81, at WZ025702, WZ026556, WZ026563. | *Supporting Evidence*: Over the past 17 years, Warzone has utilized many strategies to lead users to its website and other platforms where Warzone's offerings are promoted. Ficker Decl., ¶ 10.  Activision citation to the deposition of Mr. Westerdal is incomplete, and as such is a mischaracterization of the evidence. c/f Mayer Decl., Ex. 36, 124:3-124:15 with Kash Decl. 3,, Ex. B [Deposition testimony of Jay Westerdal, 124:3-25] ████████████████████████████████████████████████ |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
|  | ███████████████████ |

**Activision's Response**:  None of the evidence cited by WZLLC creates a material factual dispute.  Specifically, WZLLC does not dispute that ███████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████  Whether WZLLC relied on other "strategies" to lead users to its website is irrelevant and does not contradict this fact.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 53.    WZLLC placed the word "Risk" all over its website content and metadata.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.), 124:3-124:15; 127:6-128:7; Mayer Decl., Ex. 81, at WZ025702, WZ026556, WZ026563; Mayer Decl., Exs. 19, 22. | Disputed as to "all over."<br><br>*Supporting Evidence*: Activision mischaracterizes the cited testimony ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████<br>Mayer Decl., Ex. 35 (Westerdal Depo.), 124:9-15. |

**Activision's Response**:  WZLLC solely purports to "dispute" that the word "Risk"

1  was placed by WZLLC "all over" its website content and metadata, but cites no

2  evidence to controvert this fact.  Instead, WZLLC argues that one of the seven

3  pieces of evidence cited by Activision to support this fact is taken out of context.

4  It is not (*see* Mayer Decl., Ex. 35 (Westerdal Depo.), 124:9-15), and WZLLC fails

5  to explain how it is allegedly taken out of context or how it does not support this

6  fact.  Exhibit 22 of the Mayer Declaration reflects that "Better than Hasbro's

7  RISK" appears as the title of every page on WZLLC's website.

8

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 54.  The title of nearly every page of www.warzone.com includes the words: "Warzone – Better than Hasbro's Risk Game – Play Online Free."<br><br>*Supporting Evidence*: Mayer Decl., Ex. 22; Mayer Decl., Ex. 81, at WZ025702, WZ026556, WZ026563. | Disputed as to "title of" and "nearly every."<br><br>The logo is depicted on its own, with WARZONE in large font with a ™ next to it. The tagline makes it clear that Warzone is its own game, distinct from Risk: "[i]f you like Hasbro's RISK® game, you'll love Warzone!" Ficker Decl., ¶ 6, Ex. 19 [WZ015535]. |

21  **Activision's Response**:  Exhibit 22 to the Mayer Declaration reflects that

22  "Warzone - Better than Hasbro's RISK" appears in metadata as the "title" of every

23  page on the www.warzone.com website.

```
<meta name="viewport" content="width=device-width, initial-scale=1, shrink-to-fit=no">
<title>Warzone - Better than Hasbro's RISK® game - Play Online Free</title>
<script src="https://warzonecdn.com/js/jquery.min.js"></script>
```

28

Mitchell Silberberg & Knupp LLP

54

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 55. <br><br> ![black redacted box] <br><br> *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 81:7-82:21; 237:22-238-11; 354:9-355:23; Mayer Decl., Exs. 20, 21; Mayer Decl., Ex. 63, at p. 6; Mayer Decl., Ex. 35 (Westerdal Depo.), 277:7-280:2; Mayer Decl., Ex. 38. | Undisputed but immaterial. |
| 56. Search engine links to www.warzone.com contain the words "Warzone – Better than Hasbro's RISK® game – Play Online Free." <br><br> *Supporting Evidence*: Mayer Decl., Ex. 152. | Disputed but immaterial. <br><br> *Supporting Evidence*: Activision has no admissible evidence in support of its SUF 56; *See* Warzone's Objections to Evidence, filed concurrently herewith. |

**Activision's Response**:  Exhibit 152 to the Mayer Declaration reflects that a search for "Warzone Strategy Game" on Google returns links with the word "Warzone – Better than Hasbro's RISK® game – Play Online Free."  The declarant has personal knowledge of this fact, as he conducted the Google search

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

1  himself.

2

3  **D.    WZLLC's Failure To Enforce Its Alleged Mark**

4

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 57.    WZLLC has never possessed a trademark registration for WARZONE.<br><br>*Supporting Evidence*: Complaint ¶ 24; Answer ¶ 24. | Undisputed that Warzone's applications for a trademark registration in WARZONE in the United States are suspended pending resolution of this litigation.  Warzone has registered trademarks in WARZONE in Taiwan, Switzerland, Japan, Iceland and China. Ficker Decl., ¶ 20. |
| 58.  ███████████████<br>███████████████<br>███████████████<br>███████████████<br>███████████████<br><br>*Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 345:12-345:15. | Disputed as to "until this dispute" and immaterial.<br><br>*Supporting Evidence*: Warzone has common law trademark rights in WARZONE, which it began using in November 2017 and which it continues to use in connection with its video game offerings.<br>Warzone applied to the USPTO for a trademark registration for WARZONE in classes 009 and 041 on October 30, 2020 (RJN 1). Activision filed this complaint on April 8, 2021 (Docket No. 1). |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

**Activision's Response**:  WZLLC's "dispute" to SUF 58 is not material.  WZLLC does not dispute that it first filed a trademark application to register the WARZONE mark in October 2020, *after* it became aware of Activision's trademark applications to register WARZONE and CALL OF DUTY: WARZONE marks, which were filed by Activision in June 2020.  WZLLC's claim that it has "common law" rights in the word "Warzone" is a legal conclusion that is irrelevant to this fact.

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
| --- | --- |
| 59.    In August 2018 a third-party video game publisher received a U.S. trademark registration for EVE: VALKYRIE – WARZONE.  *Supporting Evidence*: Kiel Decl., Ex. C ("2019 Search"), at 5. | Undisputed and immaterial. |
| 60.    WZLLC did not oppose the application for a trademark for EVE VALKYRIE - WARZONE.  *Supporting Evidence*: Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp."), RFA Response No. 65; Mayer Decl., Ex. 36 (Ficker Depo.), 267:9-269:17; Marc Decl., Ex. 148. | Undisputed. |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 61. <br><br> *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 267:9-273:17; 275:15-277:4; 291:18-295:19; Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp.*), RFA Response No. 65; Mayer Decl., Ex. 28 (Aug. 28, 2024 RFP 1 Resp.), Supplemental Response Nos. 41, 42, 44, 45. | Disputed. <br><br> Warzone displayed its mark and brand, including utilization of "™" next to WARZONE. Ficker Decl., ¶ 9; RJN A at [Warzone Specimen]. It has continuously used WARZONE as its common law trademark from rebranding under WARZONE in 2017 to the present. *See* Ficker Decl., ¶ 9. <br><br> Prior to Activision's unauthorized use of WARZONE and the resulting consumer confusion, Warzone was unaware of any video game being offered with the WARZONE mark. Ficker Decl., ¶ 3. |

**Activision's Response**: WZLLC does not offer any evidence to refute this fact. Placing a "tm" on its logo is not enforcing, protecting, or policing against unauthorized use. Whether WZLLC has "common law trademark" rights in the word "Warzone" is a legal conclusion. Additionally, WZLLC's purported explanation for failing to police or enforce its rights is not relevant to this fact and does not create a material dispute.

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 62.     By 2019, there were at least *20* mobile apps and other games with "Warzone" in their title, including *WarZone*, *Warzone Pacific*, *Warzone Quest*, *Enter the Warzone*, *Warzone World*, *Crossfire: Warzone,* and *Commando Warzone*.<br><br>*Supporting Evidence*: Kiel Decl., Ex. C (2019 Search); Mayer Decl., Exs. 46, 98-104, 107, 109, 111-113, 115, 117, 122, 126-131, 133, 134. | Disputed as to "by 2019" and "mobile apps and other games."<br><br>*Supporting Evidence*: Activision submits no admissible evidence substantiating that any purported use is of the mark WARZONE, nor the date of any such use, or the nature, extent, and duration of use of any of the listed "titles"; this fact is thus immaterial. It is also unclear when these games were released or whether they were still active on the market in 2019. Exhibit C to the declaration of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to the extent admissible, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

**Activision's Response**: WZLLC solely purports to "dispute" that "by 2019" there were at least 20 "mobile apps and other games" with "Warzone" in their title. WZLLC does not provide any evidence to create a material dispute.  WZLLC's evidentiary objection is without merit.  Activision's evidence, which stands unrebutted by WZLLC, is authenticated and reliable, and it not only confirms the

Mitchell
Silberberg &
Knupp LLP

release date of these mobile apps ***and*** that they remain available, but that some (including *Crossfire: Warzone*) had well over a million downloads and tens of thousands of user reviews.  Additionally,

███████████████████████████████████████████████████████████████████████

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 63.    By December 2021, there were at least ***27*** "Warzone"-titled mobile apps and other games, such as *Ultimate Warzone*, *No Rule Warzone*, *Welcome to Warzone*, *Battle Royale Warzone*, and *Idle Warzone*.<br><br>*Supporting Evidence*: Mayer Decl., Exs. 98-104, 107, 109, 111-113, 115, 117, 122, 126-131, 133, 134-136, 138-141. | Disputed as to "by December 2021" and "'Warzone'-titled" and "mobile apps and other games."<br><br>*Supporting Evidence*: Activision submits no admissible evidence substantiating that any purported use is of the mark WARZONE, nor the date of any such use, or the nature, extent, and duration of use of any of the listed "titles"; this fact is thus immaterial.<br><br>Activision fails to meet its burden of production in demonstrating that the facts in SUF 63 are both undisputed and material—-indeeed [sic] there is no evidence provided, no foundation laid, nor authentication anywhere that would allow the trier of fact to determine what types of games were available, when and |

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | where—let alone the relevance or accuracy of counsel's testimony that SUF 63 sets forth "Warzone-titled" products. |

**Activision's Response**: WZLLC solely purports to "dispute" that "by December 2021" there were at least 27 "mobile apps and other games" with "Warzone" as or in their title.  WZLLC does not provide any evidence to create a material dispute. WZLLC's evidentiary objection is without merit.  Activision's evidence, which stands unrebutted by WZLLC, is authenticated and reliable, speaks for itself, and not only confirms the release date of these mobile apps **_and_** that they remain available, but that some had well over a million downloads and tens of thousands of user reviews.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 64. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  *Supporting Evidence*: Mayer Decl., Ex. 32 (Nov. 27, 2024 Rog. Resp.), Interrogatory Response No. 1, at | Disputed.  *Supporting Evidence*: *See supra* response to SUF 61. |

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
| --- | --- |
| 10:20-10:24; Mayer Decl., Ex. 33 (Dec. 1, 2024 Rog. Resp.), Interrogatory Response No. 12, at 10:3-10:6; Mayer Decl., Ex. 36 (Ficker Depo.), 267:9-273:17; 275:15-277:4; 291:18-295:19; 348:11-349:23; Mayer Decl., Ex. 61; Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp."), RFA Response No. 65; Mayer Decl., Ex. 28 (Aug. 28, 2024 RFP 1 Resp.), Supplemental Response Nos. 41, 42, 44, 45. | |

**Activision's Response**:  WZLLC does not offer any evidence to refute this fact. Placing a "tm" on its logo is not enforcing, protecting, or policing against unauthorized use.  Whether WZLLC has "common law trademark" rights in the word "Warzone" is a legal conclusion.  Additionally, WZLLC's purported explanation for failing to police or enforce its rights is not relevant to this fact and does not create a material dispute.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
| --- | --- |
| 65. ■■■■■ | Disputed.<br><br>*Supporting Evidence*: Activision mischaracterizes its own evidence.  Mr. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 348:11-349:23; Mayer Decl., Ex. 61. | Ficker stated that the ™ should be smaller than the font size of the trademarked word WARZONE, because a ™ is "not as big as the other letters in the logo."  Mayer Decl., Ex. 36 (Ficker Depo.)  349:16. Warzone ensured that its use of WARZONE appeared with a ™ consistently with the understanding that the ™ symbol conferred notice to the public that the term was being used as a trademark.  Ficker Decl., ¶ 9; Ficker Decl., Ex. 19 [WZ025702]. |

**Activision's Response**:  Correspondence ███████████ is quoted verbatim in this fact.  The full sentence reads: ████████████████████████████████████████████████████████████████████████████████████ Mayer Decl., 61 at WZ006128 (emphasis added).  WZLLC has no reasonable basis to dispute this fact.

Moreover, review of the evidence cited by WZLLC, including the images in Exhibit 19 of the Ficker Declaration (WZ025702) confirm that in fact the "tm" was small and not very noticeable:

Mitchell Silberberg & Knupp LLP

| **Upper Left Hand Corner Image** | **Center Image** |
|---|---|
|  |  |

WZLLC's evidence also reflects that WZLLC did not "ensure[] that its use of WARZONE appeared with a ™ consistently," as shown at the bottom of the very same page of its website:



| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 66. ███████████████████████████████████████████████████████████████████████████████ | Disputed as to "anywhere else" and "the ™." |
| *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 351:22-352:3; Mayer Decl., Exs. 14, 15, 17, 18, 19. | *Supporting Evidence*: Warzone's logo, and the ™ consistently used alongside it, appears at the top left of every page on its website. Ficker Decl., ¶ 5. |

**Activision's Response**:  WZLLC does not dispute that it did not include a "TM" anywhere on its app store pages.  WZLLC purports to "dispute" that it did not include a "TM" anywhere on its website aside from a small, indecipherable "TM" next to its logo (*see supra* SUF 65), but fails to provide any evidence to controvert this fact.  ¶ 5 of the Ficker Declaration does not reference anything material to this

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

fact and instead relates to the platforms where WZLLC's game is available for download, which is irrelevant to this fact.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
| --- | --- |
| 67.    On its website, WZLLC uses a stylized gold, silver, and red logo, set against a hexagonal world map, accompanied by the phrase: "If you like Hasbro's RISK® game, you'll love Warzone!"<br><br>*Supporting Evidence*: Mayer Decl., Exs. 19, 62. | Disputed.<br><br>*Supporting Evidence*: The logo appears in the top left corner of every page of the website.  The phrase "If you like Hasbro's RISK® game, you'll love Warzone!" is at the bottom of the home page, and is not "accompanied" by any logo.  WARZONE appears in the logo in all caps. Ficker Decl., ¶ 9.  Further disputed based on Warzone's objection to the introduction of attorney argument or testimony as evidence. |

**Activision's Response**:  Exhibit 19 of the Mayer Declaration (WZLLC's homepage) speaks for itself, and confirms the appearance and colors of WZLLC's logo.  WZLLC's quibble with the precise wording of this fact is in bad faith and does not create a material dispute.

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 68.    WZLLC's website does not include a trademark notice, but states: "RISK® is a registered trademark of Hasbro, Inc."<br><br>*Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 352:8-356:12; Mayer Decl., Ex. 19. | Disputed.<br><br>*Supporting Evidence*: What constitutes a "trademark notice" is not an issue of fact. Warzone's use of the ™ after WARZONE (a fact not in dispute) is the trademark notice.<br><br>Undisputed but immaterial that the phrase "RISK® is a registered trademark of Hasbro, Inc." can be found at warzone.com. |

**Activision's Response**:  WZLLC's website speaks for itself, and Exhibit 19 to the Mayer Declaration confirms that the website states: "RISK® is a registered trademark of Hasbro, Inc." but does not contain similar language concerning its own purported trademark.  There is no dispute concerning the appearance and content of WZLLC's website, which can be independently verified.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 69.    ████████████████████████████████████████████████████████████████████ | Undisputed and immaterial. |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 267:9-273:17; 275:15-277:4; 291:18-295:19; 295:21-296:8; Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp."), RFA Response No. 65; Complaint ¶ 21; Answer ¶ 21; Mayer Decl., Ex. 28 (Aug. 28, 2024 RFP 1 Resp.), Supplemental Response Nos. 41, 42, 44, 45. | |
| 70. ████████████ ████████████████████████ ████████████████████████ ████████████████████████<br><br>*Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 267:20-270:17; 272:3-272:10; 275:15-277:4; Mayer Decl., Ex. 28 (Aug. 28, 2024 RFP 1 Resp.), Supplemental Response Nos. 41, 42, 44. | Disputed, incomprehensible as to time, third party uses, immaterial.<br><br>*Supporting Evidence*: ████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████ Ficker Decl. ¶ 3. |

**Activision's Response**:  WZLLC does not dispute that since it began using the word "Warzone" in its game title, ████████████████████████████ ████████████████████████████████ Whether WZLLC ████████████████████████████████ ████████████████████████████

Mitchell
Silberberg &
Knupp LLP

**E.    Activision and the *Call of Duty* Games**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 71.    Activision produces, markets, and distributes video games, including the popular *Call of Duty* franchise.<br><br>*Supporting Evidence*: Complaint, ¶ 11; Answer, ¶ 11. | Undisputed. |
| 72.    *Call of Duty* games are military-themed "first-person shooter" games where players engage in battle from the viewpoint of a combatant.<br><br>*Supporting Evidence*: Complaint, ¶ 12; Answer, ¶ 12. | Undisputed and immaterial. |
| 73.    Activision released its first *Call of Duty* game in 2003, and has released new installments annually, each with a different sub-title (such as "Modern Warfare" and "Black Ops"). | Disputed and immaterial.<br><br>*Supporting Evidence*: The cited allegations nowhere state or support the statement that Activision "released new installments annually," nor that each |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Complaint, ¶¶ 2, 13; Answer, ¶¶ 2, 13. | installment was released "with a different sub-title."  *See* Complaint, ¶¶ 2, 13. |

**Activision's Response**: WZLLC admitted this statement in its Answer, which is a judicial admission.  *See* Complaint ¶ 13 ("Activision has released new installments in the *Call of Duty* franchise **on a yearly basis** . . .) (emphasis added); *id.* (listing the annually released *Call of Duty* games along with **their sub-titles**, including without limitation, *Call of Duty: Mobile*, *Call of Duty: Modern Warfare Remastered*, *Call of Duty: Modern Warfare Mobilized*, and *Call of Duty: Heroes*).

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 74.    By the end of 2019, Activision had released 16 *Call of Duty* games for Windows PCs and game consoles like Xbox and PlayStation.<br><br>*Supporting Evidence*: Complaint, ¶ 13; Answer, ¶ 13. | Undisputed and immaterial. |
| 75. ███████████████ | Undisputed and immaterial. |

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**



*Supporting Evidence*: Declaration of Carolyn Wang ("Wang Decl."), ¶ 2; Mayer Decl., Ex. 82 (Deposition of Carolyn Wang, taken on December 13, 2024), 122:5-123:1.

76.    In its "battle royale" game (which ultimately was titled *Call of Duty: Warzone*), up to 150 players drop onto and battle across a large-scale, open-world playing field.

*Supporting Evidence*: Complaint, ¶ 2; Answer, ¶ 2.

Undisputed.

77.

*Supporting Evidence*: Wang Decl. ¶¶ 4, 5, 7, 8.

Disputed.

*Supporting Evidence*:

[Deposition of Carolyn Wang, December 13, 2024, Exhibit 48 at '559].

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

**Activision's Response**:  None of the evidence WZLLC cites supports its assertion that ███████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ WZLLC cites to Exhibit H of the Kash Declaration, which is an excerpt of a single page of the deposition of Carolyn Wang that has nothing to do with this fact.  Presumably, WZLLC's reference to "Exhibit 48 at '559" indicates it meant to cite to Exhibit **A**H of the Kash Declaration, which similarly does not support WZLLC's assertions. ████████████████████████████████████████████████ ██████████████████████████████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 78. ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ <br><br> *Supporting Evidence*: Wang Decl. ¶ 6. | Undisputed. |
| 79. ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ <br><br> *Supporting Evidence*: Wang Decl. ¶ 6. | Undisputed. |
| 80. ████████████████████████ ████████████████████████ | Disputed. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| ███████████████████ ███████████████████ ███████████████████ ███████████████████ **Supporting Evidence**: Kiel Decl., ¶ 4, Ex. C (2019 Search). | *Supporting Evidence*: Mr. Ficker has testified that Warzone is the name of his game. Warzone is not a game 'with Warzone *in* its title.' Ficker Decl., ¶ 9 Warzone was using WARZONE as a trademark ████████████ Exhibit C to the declaration of ████████████████████ to the extent admissible, is evidence only that ███████████████████ ███████████████████ ███████████████████ |

**Activision's Response**: WZLLC's evidence does not create a genuine issue of material dispute. Exhibit C to the Kiel Declaration reflects that ████████████ ██████████████████████████████. It also reflects that ████████████ ██████████████████████████████████.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 81. ██████████ ████████████████ ████████████████ | Undisputed. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| ███████████████████ ███████████████████ ███████████████████ *Supporting Evidence*: *Id.* | |
| 82. ████████ ███████████████████ ███████████████████ ███████████████████ *Supporting Evidence*: *Id.* | Undisputed and immaterial. |
| 83.    In 2019, the ***only*** live WARZONE trademark registration in connection with video games was EVE: VALKYRIE – WARZONE.<br><br>*Supporting Evidence*: *Id.* | Disputed as to "WARZONE trademark registration" and immaterial.<br><br>*Supporting Evidence*: EVE: VALKYRIE – WARZONE is not a registered trademark in the word WARZONE, which is at issue in this case. |

**Activision's Response**:  WZLLC does not dispute that in 2019 the only trademark registration that included the word WARZONE was EVE: VALKYRIE – WARZONE.  Whether that is a "WARZONE trademark registration" is irrelevant and does not create a material dispute.  The registration speaks for itself.

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 84. ██████████ ██████████████ ██████████████ *Supporting Evidence*: Wang Decl., ¶ 8. | Disputed as to "January 2020." *Supporting Evidence*: ████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ██████████ Kash Decl., Ex. C [ATV022414] at ATV022415 and ATV022418. |

**Activision's Response**: WZLLC's cited evidence does not create a material issue of fact. Exhibit C to the Kash Declaration reflects only ████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 85.     On March 10, 2020, Activision released *CODWZ* for Windows PCs, Xbox, and PlayStation. | Undisputed. |

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Complaint, ¶¶ 13, 15; Answer, ¶¶ 13, 15; Mayer Decl., Exs. 1, 2, 9-12. | |
| 86.    Activision makes the console version of *CODWZ* available through the Xbox and PlayStation stores.<br><br>*Supporting Evidence*: Mayer Decl., Exs. 1, 2, 9-12. | Undisputed but immaterial. |
| 87.    The Windows version is and has been available for download only on Activision's Battle.net and Valve's Steam platforms.<br><br>*Supporting Evidence*: Mayer Decl., Exs. 1, 7, 8. | Disputed.<br><br>*Supporting Evidence*: The Windows version of Call of Duty Warzone is available on other platforms such as CNET.  Kash Decl., Ex. AI [CNET PDF]. |

**Activision's Response**:  The cited evidence does not create a material dispute of fact, as there is no evidence that CNET was an authorized distribution platform.  In any event, the dispute is not material because none of WZLLC's games were made available on CNET.

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 88.    *CODWZ* is free-to-play and generates revenue through in-game purchases of "cosmetic" items for use in the game.<br><br>*Supporting Evidence*: Complaint, ¶ 15; Answer, ¶ 15; Mayer Decl., Exs. 1, 2. | Undisputed that Call of Duty; Warzone is free to play.  Otherwise disputed, as[]<br><br>[*Supporting Evidence*:] ███████ |

**Activision's Response**:  WZLLC's cited evidence does not create a material dispute of fact. ████████████████████████

WZLLC's purported dispute also is not material, as it does not relate to any of the issues in this Motion.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 89.    Activision consistently markets and distributes its game as | Disputed. |

Mitchell Silberberg & Knupp LLP

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| *Call of Duty: Warzone* – not simply "Warzone."<br><br>*Supporting Evidence*: Wang Decl. ¶ 10, Ex. A; Mayer Decl. ¶¶ 9-14, Exs. 8, 10, 11, 12, 13, 16. | *Supporting Evidence*: ███████ ███████████████████ ███████████████████ ██████████ Activision markets Call of Duty: Warzone as Warzone. Kash Decl., Ex. E [Exhibit 93], ██████████████ ███████████████████ ███████████████████ ███████████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
|  | ████████████████████ |

**Activision's Response**:  The evidence cited by WZLLC does not create a disputed issue of material fact.  Storefronts and marketing materials consistently refer to the game as *Call of Duty: Warzone*.  Whether the word *Warzone* was used on the *Call of Duty* website or on other rare occasions without *Call of Duty* next to it does not reflect inconsistent marketing and distribution.  Additionally Exhibit G to the Kash Declaration pertains to *Call of Duty: Warzone Mobile*, and also confirms that the term *Warzone Mobile* could only be used in "specific instances."  WZLLC does not cite to any marketing materials other than those within Activision's own CallofDuty.com website (which exclusively concerns its *Call of Duty* games) where the term *Warzone* was used by Activision without *Call of Duty* immediately abutting it.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 90.    On the few occasions where Activision referred to *CODWZ* as "Warzone," it did so only in a context that clearly indicated it is a *Call of Duty* game: for example, within the callofduty.com website or after the full name had already been used. | Disputed. ████████████████ ██████████████ Kash Decl., Ex. H [Deposition of Carolyn Wang, 361:3-5] ████████████████ ██████████████████ ██████████████████ ██████████████████ ████████████ Kash |

Mitchell Silberberg & Knupp LLP

| *Supporting Evidence*: Wang Decl. ¶ 11, Ex. A, B; Mayer Decl. ¶¶ 9-14, Exs. 8, 10, 11, 12, 13, 16. | Decl., Ex. I [Deposition of Chris Plummer, Exhibit 85 at ATV001147] ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ |
| | Ex. A [Deposition of Roman Welden, 221:10-12] ███████████████████████████ ███████████████████████████ |

**Activision's Response**:  WZLLC's cited evidence does not create a material dispute of fact. ████████████████████████████████████████████████████████ ████████████████████████████████████████████  Accordingly, they are irrelevant to any of the issues in this Motion.  The fact is undisputed with respect to all public-facing materials.

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 91.  Activision's publicly available *CODWZ* brand guidelines prohibit the use of the word "Warzone" without "Call of Duty." *Supporting Evidence*: Wang Decl. ¶ 10, Ex. A. | Disputed, but immaterial. *Supporting Evidence*: The evidence cited does not support the characterization of the document attached to Ms. Wang's declaration as "publicly available," and Activision's lead counsel has attested in |

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | his concurrently-filed declaration under penalty of perjury that Ex. A is in fact sensitive business information for which compelling reasons exist to seal it in the public record. Docket No. 110-5 at ¶ 4. <br><br> The citations ██████████████████████████████████████████████████████████████████ *See* Wang Dec., Ex. A at 14 ("the Warzone logo"). ██████████████████████████████████████████████████████████████ Kash Decl.11, Ex. J [WZ025902]. Ms. Wang herself won an award for Activision's campaign for Warzone Pacific, in which the "word" Warzone is prominently advanced. Kash Decl. 12, Ex. K [WZ026225]. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
|  | Warzone Mobile's Instagram icon is also simply "Warzone Mobile." Kash Decl., Ex. L [*See* Activision's Response to Warzone's First Set of Requests for Admission, No. 90]. In well-known publications like IGN, Call of Duty: Warzone Mobile is referred to simply as Warzone Mobile, Kash Decl. Ex. M (WZ026485) at WZ026485 ("You don't need to be a Warzone die-hard to enjoy Warzone Mobile"). <br><br> Also disputed on the basis that Exhibit A to the Declaration of Carolyn Wang is not admissible, as set forth in the accompanying Objections to Evidence. |

**Activision's Response**:  WZLLC's cited evidence does not create an issue of disputed fact. ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████  Additionally, Exhibit A is titled "Call of Duty: Warzone Style Guide" and does not refer to *Call of Duty: Warzone* as *Warzone.*  The additional argument advanced by WZLLC to purportedly dispute this fact is unrelated to the brand guidelines and do not create disputed factual issues.

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 92.     Activision's *CODWZ* logos use a block-letter font, and its key art includes images of soldiers.<br><br>Supporting Evidence: Wang Decl. ¶¶ 10, 11, Ex. B. | Disputed, but immaterial. The cited material does not support the statement on its face. The declaration paragraphs provide no foundation for the presentation of any logos at any particular time. What's more, Ex. B states clearly that it contains only a "representative sample" of art.<br><br>Activision's logos for Call of Duty Warzone do not consistently appear with images of soldiers. The focus of Activision's key art was on the Warzone logo as opposed to the background imagery: "'Warzone' Logo design can stay consistent and background imagery changes." Kash Decl. Ex. N (ATV018455) at ATV018460.<br><br>███████████████████████ ████████████████ as demonstrated by Kash Decl., Ex. O (ATV028010) at ATV028011:<br><br>███████████████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
| --- | --- |
|  |  |

**Activision's Response**:   WZLLC's cited evidence does not create an issue of disputed fact.  None of WZLLC's evidence contradicts that the logo for *Call of Duty: Warzone* used block letters, and this fact is further confirmed by images of the game and of digital storefronts, which speak for themselves and are not subject to dispute.  *See* Mayer Decl., Exs. 1, 2, 13, 16.  WZLLC does not provide any evidence that any *CODWZ* logos did not use block letters or that any key artwork did not include soldiers.  Exhibit O to the Kash Declaration does not support the statement that

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 93.    In 2022, Activision announced and tested in limited jurisdictions a mobile version of *CODWZ*, titled *Call of Duty: Warzone Mobile* ("*CODWZM*").<br><br>*Supporting Evidence*: Mayer Decl., Ex. 78 (Deposition of Chris Plummer Depo., taken on December 16, 2024 ("Plummer Depo.")), 52:4-53:9; 91:24-92:20. | Undisputed, but immaterial particularly as to "limited jurisdictions." No evidence Activision cited supports actions taken in the United States market. |
| 94.    *CODWZM* was released in March 2024.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 78 (Plummer Depo.), 56:15-57:5. | Undisputed. |
| 95.    *CODWZM* always has been titled "*Call of Duty: Warzone Mobile*" on all platforms, and its app icon contains only the words "Call of Duty."<br><br>*Supporting Evidence*: Mayer Decl., Ex. 78 (Plummer Depo.), 72:19-73:12; Mayer Decl., Exs. 4, 13, 16. | Disputed.<br><br>Warzone Mobile's X handle is @warzonemobile and depicts the following profile picture (*See* Kash Decl., Ex. P (WZ024598): |

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| |  Warzone Mobile's Instagram icon is also simply "Warzone Mobile." *See* Kash Decl., Ex. L [Activision's Response to Warzone's First Set of Requests for Admission, No. 90]. In popular publications like IGN, Call of Duty: Warzone Mobile is referred to simply as Warzone Mobile. Kash Decl., Ex. M (WZ026485) at WZ026485 ("You don't need to be a Warzone die-hard to enjoy Warzone Mobile."); Ex. J [WZ025902]. |

**Activision's Response**: WZLLC's cited evidence does not create a genuine issue of disputed fact. WZLLC does not provide any evidence contradicting that on every mobile platform the game is called *Call of Duty: Warzone Mobile* and that the app icon says "CALL OF DUTY." Whether the X "handle" or Instagram image uses only the term *Warzone Mobile* is not relevant to this fact, as these are not mobile platforms or "app icons." Regardless, Exhibit P to the Kash

1  Declaration establishes that on the same page as the term "*Warzone Mobile*"

2  appears on X.com, the *Call of Duty* brand is displayed at least five times.

3      WZLLC mischaracterizes Exhibits M and J to the Kash Declaration.  Exhibit

4  M is titled "Call of Duty: Warzone Mobile Review" and Exhibit J includes the

5  words "Call of Duty."  Regardless, these third-party articles are not relevant to how

6  the game appears on mobile platforms or the appearance of its mobile app icon.

7

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 96.    *CODWZM* is listed as *Call of Duty: Warzone Mobile*, and its app icon says only "CALL OF DUTY."<br><br>*Supporting Evidence*: Mayer Decl., Ex. 78 (Plummer Depo.), 72:19-73:12; Mayer Decl., Exs. 4, 13, 16. | Disputed as to "listed as."<br><br>The cited documents do not support the statement that Warzone Mobile, over an indefinite period, has been "listed as Call of Duty Warzone Mobile" with an "app icon that says only 'CALL OF DUTY'" . As depicted *supra* SDF 95, Activision's social media channels for Warzone Mobile simply state "Warzone Mobile" as their icons. |

21  **Activision's Response:**  WZLLC's cited evidence does not create a genuine issue

22  of disputed fact.  WZLLC does not provide any evidence contradicting that on

23  every mobile platform the game is called *Call of Duty: Warzone Mobile* and that

24  the app icon says "CALL OF DUTY."  Whether the X "handle" or Instagram

25  image uses only the term *Warzone Mobile* is not relevant to this fact, as these are

26  not mobile platforms, "app icons," or store "listings."  Regardless, Exhibit P to the

27  Kash Declaration establishes that on the same page as the term "*Warzone Mobile*"

28  appears on X.com, the *Call of Duty* brand is displayed at least five times.

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 97.    In 2021, Activision launched the first of a series of four *CODWZ* tournaments titled *Call of Duty*: *World Series of Warzone*.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 79 (Deposition of Matt Kliszewski Depo., taken on December 11, 2024), 269:10-269:14. | Disputed as to "titled."<br><br>The tournaments are referred to simply as "World Series of Warzone" by Activision.  Activision marketed World Series of Warzone at worldseriesofwarzone.com and on its blog as "Welcome to the World Series of Warzone."  Kash Decl., Ex. Y [Deposition of Matt Kliszewski, at 307:20-24]. & Ex. R [Deposition of Matt Kliszewski, Exhibit 29] |

**Activision's Response**:  WZLLC's cited evidence does not create a genuine issue of disputed fact.  Exhibit R to the Kash Declaration reflects that the *Call of Duty* name was used on public materials concerning "World Series of Warzone."

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 98.    WZLLC has not alleged any likelihood of confusion between its games and the tournaments.<br><br>*Supporting Evidence*:  *See generally* WZLLC's Counterclaims (ECF 14). | Disputed.<br><br>Warzone has alleged likelihood of confusion based on Activision's use of the WARZONE mark and any of its uses, including World Series of Warzone, |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | which are at controversy in this case. *See* Answer and Counterclaims ¶¶ 4, 34, 36. |

**Activision's Response**: WZLLC's Counterclaim never once mentions "World Series of Warzone" or any *CODWZ* tournament.  Instead, the Counterclaim alleges that, *inter alia,* "Activision has been using "Call of Duty: Warzone" interchangeably with the word "Warzone" (¶ 19), "Activision's site for [*CODWZ*] greets potential customers with "Welcome to Warzone" (¶ 21), "[t]here is significant actual consumer confusion from consumers as to the source, origin, or sponsorship of 'Call of Duty: Warzone'" (¶ 24), "[c]onsumers are demonstrably actually confused as to the source of 'Call of Duty: Warzone' and its affiliation with Warzone and the WARZONE™ Mark" (¶ 25), "[b]oth Warzone and 'Call of Duty: Warzone' are video games, so both Warzone and Activision rely heavily on their online presence as their marketing, advertising and sales channel" (¶ 27).  The paragraphs cited by WZLLC (¶¶ 4, 34, 36) refer to *CODWZ* and *Warzone* (by itself) and not to *World Series of Warzone*, and a fair reading of the Counterclaims does not provide notice to Activision that *World Series of Warzone* or any tournaments are at issue in this case.  WZLLC could have amended its Counterclaim to include *World Series of Warzone* but elected not to do so.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 99.    Activision advertised *CODWZ* via television ads, internet banner ads, and influencers. | Disputed.<br><br>*Supporting Evidence*: Activision selectively cites Warzone's expert in |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
| --- | --- |
| *Supporting Evidence*: Mayer Decl., Ex. 83 (Expert Report of WZLLC's expert Bo Geddes, dated January 17, 2025), ¶ 126. | support of this fact, which includes ██████████████ Geddes Decl., Ex. 1 ¶ 126. |

**Activision's Response**:   WZLLC's cited evidence does not create a genuine issue of disputed fact.  Whether Activision used ████████████████████ ████████████████████ does not impact the statement that it used television ads, internet banner ads, and influencers.

## F.    This Dispute

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
| --- | --- |
| 100. ████████████████████ ████████████████████ ████████████████████ ████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 525:19-526:23, Mayer Decl., Exs. 70, 74-76; Mayer Decl., Ex. 33 (Dec. 1, 2024 Rog. Resp.), Interrogatory Response No. 12, 11:7-11:11. | Disputed.<br><br>The release of the game Call of Duty; Warzone in March of 2020, at the height of a global pandemic, did not make Warzone aware that Activision was intentionally using WARZONE as its own trademark, with knowledge of and in violation of Warzone's common law trademark rights. Nevertheless, Warzone did all it could to mitigate the damage to its brand—redirecting Twitch |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | livestreams, informing consumers that it was not Activision, posting that it was not Call of Duty's Warzone on its own webpage, and releasing Warzone Idle as soon as it was ready. *See* Ficker Decl. ¶¶ 17-19.<br><br>Unbeknownst to Warzone at the time, ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ██ on June 25, 2020 it filed for a trademark in WARZONE with the USPTO ████████████████ ████████████████████ ████████████████████ ████████ WARZONE. Kash Decl. 21, Ex. T [Deposition of Matthew Cox, Ex. 143 at ATV014565 ████████ ████████████████████ ████████████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | ██████████████ |
| | Warzone filed its opposition to Activision's WARZONE's trademark applications on November 3, 2020, the first date it was permissible to do so. (RJN 3). |

**Activision's Response**:  WZLLC's response to this fact is a lengthy argumentative statement that ultimately does not dispute the fact.  Specifically, WZLLC does not offer any evidence that could create a genuine dispute as to the fact that (1) WZLLC was aware of the release of *CODWZ* in March 2020, and (2) WZLLC first contacted Activision in November 2020.  WZLLC's effort to create excuses for its decision not to contact Activision until November 2020 does not create a factual dispute as to its awareness of Activision's use and the timing of its objection to Activision's use.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 101. ████████████████████████ | Disputed, but only as to time. *Supporting Evidence*: *see* SDF 100, *supra*. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 33 (Dec. 1, 2024 Rog. Resp.), Interrogatory Response No. 12, 11:7-11:11. | |

**Activision's Response:**   Activision's SUF 101 is a direct, verbatim quote from WZLLC's Interrogatory Response.  WZLLC does not offer any evidence to dispute this fact.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 102. ████████████ ████████████████ ████████████████ ████████████ *Supporting Evidence*: Mayer Decl., Ex. 81, at WZ004817-WZ004818, WZ005072, WZ005086, WZ005058; Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp.), RFA Response Nos. 38, 40; Mayer Decl., Exs. 66-69. | Undisputed except as to "recorded a profit." *Supporting Evidence*: Warzone was a uniquely profitable game for its genre, earning over $2 million in lifetime revenues. Geddes Decl., Ex. 1, ¶ 90, Ficker Decl., Ex. 21. |

**Activision's Response**:  Documents produced by WZLLC in this action state unambiguously that █████████████████████████████████████████████
*See* Mayer Decl., Ex. 81, WZ004817.  WZLLC's reference to "lifetime" revenues is misleading, because WZLLC appears to be calculating "lifetime" revenues from 2014 to 2024.  However, WZLLC did not use "Warzone" as the title of its game

Mitchell Silberberg & Knupp LLP

1    until November 2017 (Ficker Decl., ¶ 4), and the relevant time period is thus

2    November 2017 to the end of 2020.

3

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 103. ███████████████ ███████████████████ ███████████████████ ███████████████████ *Supporting Evidence*: Mayer Decl., Ex. 70. | Undisputed that SUF 13 is a partial quote from Mr. Ficker's email of March 22, 2020 ███████████████ ███████████████████ ███████████████████ ███████████████████ ██████████████ See also, Ficker Decl., Ex. 13, Ex. 8; Geddes Decl., Ex. 1 at ¶¶ 30-31, 36. |

15    **Activision's Response**:    Activision's SUF 103 is a direct, verbatim quote from a

16    March 22, 2020 email from Ficker to Geddes.  *See* Mayer Decl., Ex. 70 ██████

17    ████████████████████████████████████████████████████████████

18    ████████████████████████████████████████████████████

19    omitted is ██████████████████████████████████████████

20    Ficker's email speaks for itself.

21

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 104.    WZLLC has no evidence that the consuming public ever associated the word *Warzone* exclusively with its goods or services. | Disputed and immaterial as it misstates the standard with respect to "exclusively." |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., ¶ 55. | Activision's evidence also does not support this contention. Rather, the paragraph citation (likely intended to be ¶ 53) demonstrates only that Activision's trial counsel improperly offers testimony that he is unable to find such evidence.<br><br>*See* SDF 105, 106,<br><br>Warzone has been in use in commerce since 2017. Mr. Ficker has consistently used ™ after the WARZONE in its logo, and the name of the game has remained Warzone since 2017. Ficker Decl., ¶ 9. |

**Activision's Response:**   WZLLC does not cite any evidence to support the claim that the consuming public ever exclusively associated the word *Warzone* with its goods and services, and in so doing WZLLC by definition does not dispute this fact.  The length of time that WZLLC used "Warzone" in commerce or the placement of a "tm" in its logo is not evidence that would support a genuine dispute as to this fact.  To the extent WZLLC's response relies on the survey of Dr. Dimofte, such survey does not establish that the consuming public ever associated the word *Warzone* exclusively with WZLLC's goods or services.

Mitchell Silberberg & Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
| --- | --- |
| 105.   WZLLC has no evidence that it ever lost a customer or prospective customer because of *CODWZ*.<br><br>*Supporting Evidence*: Mayer Decl., ¶ 55. | Disputed.<br><br>*Supporting Evidence*: Similar to the above, the evidence that Activision cites in support of this "uncontroverted fact" is improper lay opinion and attorney testimony offered by Activision's trial counsel that it could not find evidence of infringement in the discovery produced by Warzone in this matter.  Warzone has submitted evidence of actual confusion, including a consumer survey conducted by Dr. Dimofte, all of which Activision fails to mention in its motion for summary judgment. Dimofte Decl, Ex. 1 at ¶¶ 6, 66, 67, 70 76, 77, 78, 84, 85(a). |

**Activision's Response:**   WZLLC does not cite any evidence to support the claim that it ever lost a customer or prospective customer, and in so doing WZLLC by definition does not dispute this fact.  The survey of Dr. Dimofte does not establish that WZLLC lost any customers or potential customers.  It also is flawed and inadmissible for the reasons set forth in Activision's Evidentiary Objections, filed concurrently herewith.

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 106.    There is no evidence that any prospective customer mistakenly believed that WZLLC's games were created by or associated with Activision.<br><br>*Supporting Evidence:*  Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp.), RFA Response Nos. 1-4, 9-10; Mayer Decl., ¶ 55. | Disputed.<br><br>Trial counsel's declaratory statement, which is incorrectly cited, is improper lay opinion and mischaracterizes the evidence.<br><br>The consuming public of video games are prospective customers of Warzone's game.  Dimofte Decl., Ex. 1 at ¶ 21.<br><br>Warzone has submitted evidence of actual confusion, including a consumer survey conducted by Dr. Dimofte, all of which Activision fails to mention in its motion for summary judgment. Dimofte Decl, Ex. 1 ¶¶ 77, 78, 85(a).<br><br><br><br>*See* Ficker Decl., ¶ 17, Exs. 10-14. Negative public reviews meant for Activision have been associated with |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | Warzone's brand. Kash Decl., Ex. U [WZ017663]. ████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ *See* Kash Decl.,¶ 22, Ex. U [WZ017663] |

**Activision's Response:**   WZLLC does not cite any evidence to support the claim that any prospective customer mistakenly believed that WZLLC's games were created by or associated with Activision, and in so doing WZLLC by definition does not dispute this fact.  Dr. Dimofte's survey is not probative of any actual confusion by any actual prospective customer.  It also is flawed and inadmissible for the reasons set forth in Activision's Evidentiary Objections, filed concurrently herewith.  ██████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████  WZLLC's claim that "Negative public reviews meant for Activision have been associated with Warzone's brand" is not supported by the evidence proffered (Exhibit U to the Kash Declaration), as it does not reflect that anyone believed that the reviews were for WZLLC's game, and the evidence specifically reflects that the review page is an "unclaimed profile."  WZLLC cites no relevant evidence to support its claim that any of its "metrics" were impacted by any alleged confusion.

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 107. WZLLC has never attempted to place any monetary value on its alleged *Warzone* trademark or to quantify the damage in the purported value of the mark.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 346:5-347:23; Mayer Decl., Ex. 35 (Westerdal Depo.), 67:23-69:22; Mayer Decl., Ex. 153 (WZLLC's Amended Responses and Objections to Activision's First Set of Interrogatories [No. 14], dated November 12, 2024 ("Nov. 12, 2024 Rog. Resp.")), Response to Interrogatory No. 14. | Disputed.<br><br> Mayer Decl, Exh. 84; *see also* Dimofte Declaration, Ex. 1 at 68.<br><br>In addition, counsel for Activision, Scott Majors, by letter dated February 16, 2021, asked that Warzone provide Activision with the amount it believed it was damaged due to Activision's infringement of WARZONE. Counsel for Warzone, Derek Newman responded by letter of March 4, 2021 stating that Warzone would license the mark to Activision in exchange for a royalty of one quarter of one percent of gross revenue generated from sales of Activision WARZONE branded games" or "settle for one-time payment of $7 million and would assign the trademark |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | to Activision in exchange." Kash Decl. at 23 - 24 , Exs. V [ATV006497], W [ATV006519]. |

**Activision's Response:**   WZLLC does not cite any evidence or expert testimony concerning the value of WZLLC's alleged "Warzone" mark or any damage to that value. ███████████████████████████████████████ *See*, *e.g.*, Mayer Supp. Decl., Ex. 154 (Geddes Depo.), 21:18-22:2; 73:2-73:17; 164:4-164:8. ███████████████████████████████████████ WZLLC's February 16, 2021, settlement offer is not evidence of the value of its mark or supported by any admissible evidence.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 108.   Activision has never sought to preclude WZLLC from using "Warzone" in connection with its games. | Disputed. Activision's complaint in this matter, filed April 8, 2021, expressly requests that Warzone's "pending applications for |

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Exs. 74-76. | registration of the mark WARZONE should not proceed" and that "Activision's pending applications for registration of the marks WARZONE and CALL OF DUTY WARZONE may proceed to registration" and that the Court enjoin Warzone "from interfering with Activision's use and registration of the WARZONE and CALL OF DUTY WARZONE marks and from opposing, seeking to cancel, or otherwise objecting to any federal registrations and applications for registration of such marks." Docket No. 1. at ¶¶ 13:6-13.<br><br>Furthermore, ██████████████ ██████████████ ██████████████ ██████████████ ██████ in May 2021, ███████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| |  13 Ex. L, Activision's Responses to Request for Admission 61-81. |

**Activision's Response**:  Activision's single cause of action in this lawsuit is for a declaration of non-infringement. *See* Complaint, ¶¶ 33-36.  Activision has never sought to enjoin WZLLC from using the *Warzone* name.  Opposing a trademark application is not seeking to prevent the use of a mark.  Additionally, Exhibit V (Corrected) to the Kash Declaration reflects that on February 16, 2021, Activision offered a co-existence agreement, but it was rejected by WZLLC.

do not create a genuine issue of disputed fact.  This evidence

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 109.    In late 2020 and early 2021, WZLLC threatened to seek to enjoin Activision from distributing *CODWZ* unless Activision paid WZLLC $7 million or a royalty of .25% of its "gross revenue" from *CODWZ*.<br><br>*Supporting Evidence*: Mayer Decl., Exs. 74-76. | Disputed.<br><br>In November 2020, Warzone was not aware of Activision's intentional actions in an effort to obtain the WARZONE mark despite being aware of Warzone.com's common law trademark rights (*see supra* SDF 100).<br><br>Derek Newman, trademark counsel for Warzone reached out to Activision on November 18, 2020, following up by letter to Activision's trademark counsel Scott Major on November 20, 2020 in which he attempted to amicably resolve matters, writing "Activision has been using Warzone's trademark in connection with the game "Call of Duty: Warzone" since March 2020, causing consumer confusion and harm to Warzone, and has applied to register the WARZONE trademark with the United States Trademark Office. Warzone hopes that Activision will change the name of its games, stop using Warzone's |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | WARZONE mark, and abandon the trademark applications. But if Activision insists on using the WARZONE mark, we **invite Activision to make a proposal to Warzone to resolve these issues** " Kash Decl., Ex. F at ATV028042, emphasis added, and "Yet though we've investigated an affirmative claim, **Warzone prefers to leave war to the videogames**. If Activision is unwilling to stop its use of the WARZONE mark, **we'd prefer to discuss a holistic resolution of both the infringement issue and the parties' rights in the mark. We believe a solution exists that would provide both parties with certainty in their rights and obligations for their respective online game names and brands.** " *Id.* at ATV006496, emphasis added. <br><br> Activision did not respond until February 16, 2021, whereupon Mr. Majors informed Mr. Newman that Activision was entitled to the WARZONE mark "in |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | consideration of the substantial promotion and success of Activision's game, our client believes it was first to establish secondary meaning in the WARZONE mark" Kash Decl., Ex. V at ATV006497 and thereafter "if your client still believes it has been damaged by Activision such that monetary payment is justified, **we invite your client to quantify those damages** for our consideration." *Id.* at ATV006500. In correspondence of March 4, 2021, Warzone for the first time, provided a potential solution, with Mr. Newman writing to Mr. Majors that "[t]o resolve this matter, Warzone would license the mark to Activision in exchange for a royalty of one quarter of one percent of gross revenue generated from sales of Activision WARZONE branded games" or "settle for one-time payment of $7 million and would assign the trademark to Activision in exchange." Kash Decl., Ex. W at ATV006527. Activision |

Mitchell
Silberberg &
Knupp LLP

REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | responded on March 24, 2021, offering $10,000 and then promptly filed the instant complaint on April 8, 2021. Kash Decl., Ex. Z at ATV006530, and Docket 1. |

**Activision's Response**:  WZLLC's cited evidence does not create a genuine issue of disputed fact.  The correspondence between the parties' counsel in 2020 and 2021 (Mayer Decl., Exs. 74-76 & Kash Decl., Exs. V, Z) speaks for itself and confirms that WZLLC made a settlement demand of $7 million or a royalty of .25% of its "gross revenue" from *CODWZ*.  WZLLC also confirmed this fact in its response to SUF 107.  Additionally, during the course of this lawsuit WZLLC has made clear that it is seeking injunctive relief, monetary damages ████████ and equitable disgorgement of ███████████

**H.    Likelihood Of Confusion.**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 110.   The gameplay of *CODWZ* and WZLLC's offerings do not have similar appearances, mechanics, or player experience.  *Supporting Evidence*: Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp.), RFA | Disputed and immaterial as to "gameplay."  *Supporting Evidence*: The games have nearly identical marks and are in overlapping markets. Geddes Decl., Ex. 2 at 10, The issue in this case is |

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| Response Nos. 59, 60; Mayer Decl., Exs. 1-6. | Activision's unauthorized use of the mark WARZONE. (Docket 69 (Court Order denying MTD). |

**Activision's Response**: WZLLC's response does not create a genuine issue of disputed fact. WZLLC's cited evidence does not pertain to the appearances, mechanics, or player experience of either parties' game. The games speak for themselves. *See* Mayer Decl., Exs. 1-6.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 111. WZLLC's games are slow-paced online board games that appeal to those "who enjoy strategy-based civilization building games," and WZLLC has compared them to *Risk*.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 3; Mayer Decl., Ex. 27 (WZLLC's Supplemental Responses and Objections to Activision's First Set of Interrogatories, dated July 24, 2024), Interrogatory Response No. 8, at 5:17-5:19. | Disputed as to "online board games."<br><br>*Supporting Evidence*: Activision further mischaracterizes the evidence, which provides no support for the contention that Warzone's games are "slow-paced" nor that they were compared to *Risk*. Warzone has not characterized either of its games as an online board game. Rather, Warzone is described as a "cross-platform strategy game with social play opportunities." Geddes Decl., Ex. 1 at ¶ 86. |

**Activision's Response**: WZLLC's response does not create a genuine issue of disputed fact. WZLLC's cited evidence does not pertain to mechanics or player

Mitchell
Silberberg &
Knupp LLP

1  experience of either parties' game.  The games speak for themselves.  *See* Mayer

2  Decl., Exs. 1-6. Additionally, WZLLC's own website states: "Warzone is a free

3  online board game…"  Mayer Decl., Ex. 81 at WZ000801.

4

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 112.    WZLLC has provided no evidence that players of *CODWZ* play WZLLC's games or vice versa.<br><br>*Supporting Evidence*: Mayer Decl., ¶ 55. | Disputed.<br><br>*Supporting Evidence*: Trial counsel's declaratory statement, which is incorrectly cited, is improper lay opinion and mischaracterizes the evidence. Warzone has provided evidence that the video game market is not highly segmented, and that players of first-person shooter games and strategy games experience significant overlap.  Geddes Declaration, Ex. 2 at 10. Dimofte Declaration, Ex. 1. The consuming public of video games are prospective customers of Warzone's game. Dimofte Decl., Ex. 1 at ¶ 21. |

23  **Activision's Response**: WZLLC does not cite any evidence to support the claim

24  that "players of *CODWZ* play WZLLC's games or vice versa," and in so doing

25  WZLLC by definition does not dispute this fact.  Geddes' general conclusion about

26  alleged "overlap" in different video game genres (Geddes Decl., Ex. 2 at 10) does

27  not reference *CODWZ* or *Warzone*, and is thus immaterial.  The survey of Dr.

28  Dimofte does not establish any lack of segmentation; it mentions segmentation

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

only once in the entire report, in conjunction with one question (Dimofte Decl., ¶ 70), and provides no context. The Dimofte survey is also flawed and inadmissible for the reasons set forth in Activision's Evidentiary Objections, filed concurrently herewith.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
| --- | --- |
| 113. Not one consumer submitted a review on the Apple or Google App Stores for a WZLLC mobile game believing it was a *Call of Duty* or Activision game.<br><br>*Supporting Evidence*: Mayer Decl., Exs. 149, 150. | Disputed.<br><br>Attorney testimony is not evidence, nor are the undated (and unproduced) exhibits 149 and 150.<br><br>Activision relies on reviews from years before Call of Duty Warzone was released that are not representative of the 23.6k reviews on the Google App store or the 1.5k reviews on the Apple app store. |

**Activision's Response**: WZLLC does not provide any evidence of any customer review on the Apple or Google App Stores for a WZLLC mobile game in which such customer believed the game was a *Call of Duty* or Activision game, and in doing so cannot create a genuine issue of disputed fact. If such a review existed, WZLLC should have, and would have, included it in its response.

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 114. ██████████████████ ████████████████████ ████████████████████ ████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 83 (Geddes Report), ¶¶ 55-62. | Disputed. ████████████████████ ████████████████████ ████████████████ Ex. 1 ¶ 120, Ex. 2 ¶ 10. |

**Activision's Response**: WZLLC does not cite any evidence to support the claim that ████████████████████████████ and in so doing WZLLC by definition does not dispute this fact. ████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ and is thus immaterial.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 115. ████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ *Supporting Evidence*: *Id.* ¶ 37. | Undisputed except that the cited paragraph 37 of Mr. Gedde's [sic] report should be included in full: ████████████████████ ████████████████████ ████████████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | ██████████████ |
| 116. ██████████████ ██████████████ *Supporting Evidence*: *Id.* ¶ 42. | Undisputed except that the cited paragraph 42 of Mr. Gedde's [sic] report should be included in full: ██████████████ |

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | |
| 117. ███████████████ ███████████████████ ███████████████████ ████████████ | |
| | *Supporting Evidence*: ████ |
| *Supporting Evidence*: *Id.* | ████████████████████ ████████████████████ ████████████████████ |

**Activision's Response**: The evidence (Mayer Decl., Ex. 83 (Geddes Report), ¶ 42) speaks for itself.  Geddes describes ████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ *Id.*

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 118.   WZLLC has not identified any actual or potential customer, licensee, or business partner who failed | Disputed. |

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| or refused to do business with WZLLC due to a mistaken belief that Activision was the source of or affiliated with WZLLC's games.<br><br>*Supporting Evidence*: Mayer Decl., ¶ 55. | *Supporting Evidence*: Trial counsel's declaratory statement, which is incorrectly cited, is improper lay opinion and mischaracterizes the evidence. Warzone submitted the expert report of Claudiu V. Dimofte, which identified actual confusion in the marketplace. Dimofte Decl., Ex. 1, ¶ 77-78. |

**Activision's Response**: WZLLC does not provide any evidence of an "actual or potential customer, licensee, or business partner" who failed or refused to do business with WZLLC due to alleged confusion, and in doing so cannot create a genuine issue of disputed fact. If such evidence existed, WZLLC should have and would have included it in its response. The cited conclusions in the Dimofte report do not provide any such evidence either, and instead contain generalized assertions (such that "consumers are confused about what the Warzone game is about"). Dimofte Decl., Ex. 1, ¶ 78. The Dimofte survey is also flawed and inadmissible for the reasons set forth in Activision's Evidentiary Objections, filed concurrently herewith.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 119. ████████████<br>████████████████ | Disputed as to "199" and "CODWZ players." |

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| ███████████████████████ ███████████████████████ ███████████████████████ *Supporting Evidence*: Mayer Decl. ¶¶ 42-44; *see, e.g.*, Mayer Decl., Ex. 71; Mayer Decl., Ex. 81, at WZ011349, WZ011478, WZ0011557, WZ011574. | *Supporting Evidence*: Emails were not only from CODWZ players. ████████ ███████████████████████ ████████. Ficker Decl., ¶18, Exs., 10-14. Geddes Decl., Ex. 2, § I(A)(3) |

**Activision's Response**: WZLLC fails to provide evidence that ████████ ███████████████████████████████████████ and in doing so cannot create a genuine issue of disputed fact. ████████████████ ███████████████████████████████████████████████ If such evidence existed, WZLLC should have and would have included it in its response. ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 120. ████████████████ ███████████████████████ | Disputed. *Supporting Evidence*: *See supra* SDF 119. Activision additionally |

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 35 (Westerdal Depo.) 329:18-330:5; Mayer Decl., Ex. 36 (Ficker Depo.), 578:15-579:7, 626:23-632:4; Mayer Decl. ¶¶ 42-44; *see, e.g.*, Mayer Decl., Exs. 71, 72; Mayer Decl., Ex. 81, at WZ011349, WZ011478, WZ0011557, WZ011574. | mischaracterizes the testimony. ███████████ ███████████████████████ Mayer Decl., Ex. 35 (Westerdal Depo.) 330:1-9. |

**Activision's Response**: *See supra* Response to SUF 120.  Westerdal's testimony speaks for itself and WZLLC's selective quotations do not create a dispute: █████████████████████████████████████████████████████

Mayer Decl., Ex. 35 (Westerdal Depo.), at 329:18-330:5 (emphasis added).

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 121. ████████████████████████ | Disputed.  *Supporting Evidence*: ████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 626:23-632:4; Mayer Decl., Exs. 71, 72. | ████████████████████████ ████████████████████ *See* *e.g.* Ficker Decl., ¶ 17, Ex. 14. |

**Activision's Response**: There is no material dispute as to this fact, and the Mr. Ficker's █████████████████████████████████████████



WZLLC provides no evidence to dispute this fact.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 122. ████████████ ████████████████ ████████████████ ████████████ *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 626:23-632:4, 632:11-634:3; Mayer Decl., Exs. 71, 72. | |

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ Warzone further disputes SUF 122 on the grounds that Exhibits 71 and 72 are inadmissible, as is the characterization of any evidence or "analysis" offered as testimony by trial counsel (e.g. Mayer Decl., pg. 12, heading reads "Analysis of Misdirected Emails"). |

**Activision's Response**: The verbatim quote from Ficker's deposition speaks for itself, and none of the evidence cited disputes Ficker's characterization of the fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 123. ███████████████████████████████████████████ ███████████████████████████ *Supporting Evidence:* Mayer Decl., Ex. 80 (Deposition of Matt Cox, taken on December 19, 2024), 269:10-270:3. | Disputed and immaterial. ████████████████████████████████ |

**Activision's Response**:  WZLLC's purported dispute is immaterial, as it does not raise a question as to ██████████████████████████ ████████████████████████████████ ████████████████████████ is not a material factual dispute.

Mitchell
Silberberg &
Knupp LLP

**J.**    **Damages**

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 124. <br> <br> *Supporting Evidence*: Mayer Decl., Exs. 49, 66-69. | Disputed and immaterial, particularly in that it seeks to limit the relevant time frame as "to March 2020." <br> <br> Ficker Dec., ¶ 21 Exs. 15, 16, 17, 18. |

**Activision's Response:**  The evidence produced by WZLLC and cited by Activision (namely, Exhibit 49 to the Mayer Declaration, produced by WZLLC as WZ007164, which provides ███████████████████ speaks for itself and establishes that ████████████ ████████████████████████ WZLLC cannot create an issue of fact by 

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 125. In October 2024, WZLLC represented to the Court that it was **not** seeking purported lost profits. *Supporting Evidence*: Mayer Decl., Ex. 34, 8:10-13; 11:6-11:10; 14:19-14:22; 16:1-16:2. | Disputed as to "represented" but immaterial to resolution of Activision's motion. *Supporting Evidence*: Lost profits were disclosed as a potential damages theory since Warzone filed its counterclaims on June 8, 2021 (Docket No. 14). Magistrate Judge Jacqueline Chooljian ordered Warzone to amend its response to Interrogatory No. 14 by November 12, 2024. In compliance, Warzone disclosed the types of injuries it sustained and the basis for these, which specifically identifies "Assessment of the loss of brand equity needed to support long-term growth initiatives, including calculating diminished brand loyalty, differentiation, and perceived quality, which affects the ability to expand." Kash Decl., Ex. AB [Warzone's Amended Responses and Objections to Activision's First Set of Interrogatories [No. 14]]. |

**Activision's Response**: The verbatim quotes by WZLLC's counsel at the October 2024 hearing before Magistrate Judge Jacqueline Chooljian speak for themselves.

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

None of the evidence cited by WZLLC, which do not relate to the October 2024 hearing, creates a factual dispute.

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 126. ███████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████<br><br>*Supporting Evidence*: Mayer Decl., Ex. 153 (Nov. 12, 2024 Rog. Resp.), Response to Interrogatory No. 14; Mayer Decl., Ex. 30 (WZLLC's Objections and Supplemental Response to Activision's First Set of Interrogatories (No. 14), dated September 24, 2024), Supplemental Response No. 14, at 4:22-4:24. | Disputed as to ███████ and ████████████████ but immaterial to resolution of Activision's motion.<br><br>*Supporting Evidence*: *See supra* SDF 125. Warzone produced over 1300 documents during discovery concerning Bo Geddes' work for Warzone relating to marketing. *See* Mayer Decl., Ex. 84. |

**Activision's Response**: None of the evidence cited by WZLLC creates a dispute as to this fact. Its Amended Responses and Objections to Activision's First Set of Interrogatories [No. 14] do not mention ██████ and the "1300 documents" concerning Geddes only demonstrate that ███████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 127. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Supporting Evidence*: Mayer Decl., Ex. 83 (Geddes Report), ¶ 90; Mayer Decl., Ex. 84, ¶¶ 42-48. | Disputed. Warzone has disclosed multiple damages theories predicated on the expert opinion of multiple experts. To the extent that SUF 127 is not simply advancing improper legal conclusion as "fact," Warzone's damages theory regarding lost profits involves varying amounts of monthly expenditure over the damages period, and is supported not only by contemporaneous documents, *supra* SDF 125, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Geddes Decl., Ex. 1. Activision cites to a single paragraph in the middle of a pages-long analysis of the feasibility of a detailed marketing campaign. *Id*. at ¶¶ 74-114. No cited evidence supports the characterization of any of Warzone's damages theories as reliant on mere possibility, and thus misrepresents the |

Mitchell Silberberg & Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
|  | factual and evidentiary basis of Warzone's damages claims. |

**Activision's Response**: WZLLC's response to this fact is a lengthy argumentative statement that ultimately does not dispute the fact.  The evidence cited by Activision (namely, the expert reports of Geddes and Tregillis) speaks for itself and confirms ██████████████████████████████████████████ ██████████████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 128. ███████████████ ███████████████████ ███████████████████ ███████████████████ *Supporting Evidence*: Mayer Decl., Ex. 36 (Ficker Depo.), 232:6-233:9; 399:18-400:20; Mayer Decl., Ex. 81, at WZ016957. | Disputed but immaterial. *Supporting Evidence*: Activision grossly mischaracterizes the documents and evidence to provide argument instead of fact. ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ██████████ *See* Ficker Decl, ¶¶ 13-14. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| | ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ █ Ficker Decl., ¶ 15. |

**Activision's Response:** *See supra* Activision's Response to SUF 49. WZLLC's response does not create an issue of fact, and the cited documents reflect ████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 129. ████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ *Supporting Evidence*: Mayer Decl., Ex. 81, at WZ015605. | Undisputed but immaterial. *Supporting Evidence*: Activision mischaracterizes the document. Ficker Decl., ¶ 13, Ex. 7. |
| 130. ████████████ ████████████████████ ████████████████████ ████████████████████ | Disputed as to "at best" but immaterial. Activision mischaracterizes the Geddes Report. No marketing projection can be |

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 83 (Geddes Report), ¶¶ 99, 103. | "guaranteed." Geddes Declaration, Ex.1; Kash Decl., Ex. AC [Deposition of Roman Welden, 256:21-257:5 |

**Activision's Response**:  The verbatim quotes from Geddes' report speak for themselves.  WZLLC's objections based on the reasonableness of "feasible" or "possible" alleged projections are immaterial and fail to raise a question of fact.

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 131.  *Supporting Evidence*: Mayer Decl., Ex. 151 (Geddes Depo.), at 108:18-110:5, 113:14-114:7, 219:21-221:1. | Disputed. *Supporting Evidence*: Activision mischaracterizes the deposition testimony of Mr. Geddes. Kash Decl., ¶ 29, Ex. AC [Deposition of Bo Geddes, 88:24-89:4 *See also supra* SDF 130. The campaign he intended to run for Warzone was at the bottom end of his skillset; he was |

**Activision's Response**:  WZLLC cites no evidence to create a factual dispute regarding

126

Mitchell
Silberberg &
Knupp LLP

1

2  ██████ Geddes' testimony speaks for itself: ██████

3

4  ██████ Mayer

5  Decl., Ex. 151 (Geddes Depo.), at 108:18-110:5.

6

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 132. ██████ | Disputed but immaterial. |
| ██████ | *Supporting Evidence*: Activision mischaracterizes the testimony of Mr. Geddes. In the same excerpt cited by Mr. Mayer, Mr. Geddes testified that he ██████ |
| *Supporting Evidence*: Mayer Decl., Ex. 151 (Geddes Depo.), at 125:12-128:16. | ██████ Mayer Decl., Exh. 151, Deposition of Bo Geddes at 126:21-25. |
| | Activision seeks to rely on Mr. Geddes as an expert when it is beneficial to their arguments, including introducing both of Mr. Geddes's expert reports as evidence as exhibits to Mr. Mayer's declaration. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

1    **Activision's Response**: WZLLC cites no evidence to create a factual dispute as to

2    SUF 132. ██████████████████████████████████████████

3    ████████████████████████████████    Geddes' testimony speaks for itself:

4

5

6

7

8

9

10    ██████████    Mayer Supp. Decl., Ex. 154 (Geddes Depo.), at 126:5-127:9.

11

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 133. ██████████████████████████████████████ ██████████ *Supporting Evidence*: Mayer Decl., Ex. 31 (Oct. 23, 2024 RFA Resp.), RFA Response Nos. 9, 10. | Disputed but immaterial. First, Activision has grossly mischaracterized the evidence submitted in support of SUF 133. Neither RFA seeks information regarding Activision's revenue. Warzone responded after objecting to both. Warzone has also provided survey evidence regarding the importance of the WARZONE name to Activision's sales. Dimofte Declaration, Ex.1, page 68; *see* Mayer Decl., Ex. [sic] *See also* Kash Decl., Ex. T [ATV014565] (June 23 2020 email). |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

**Activision's Response**: WZLLC fails to provide evidence that any of Activision's revenue is due to consumer confusion or WZLLC's goodwill, and in doing so cannot create a genuine issue of disputed fact.  If such evidence existed, WZLLC should have and would have included it in its response.  The RFAs cited to by Activision seek admissions that WZLLC does not possess any evidence or documents reflecting that any person made ***in-game purchases*** in *CODWZ* as a result of purported consumer confusion, which WZLLC admitted.  Since *CODWZ* is free-to-play, all of its revenue is generated through ***in-game purchases***; the game does not generate revenue from retail sales or any other method.  Thus, WZLLC's admissions directly support SUF 133.  The content on page 68 of the Dimofte report is immaterial to this fact ████████████████████ Dimofte Declaration, Ex. 1 at 68. ████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ The Dimofte survey is also flawed and inadmissible for the reasons set forth in Activision's Evidentiary Objections, filed concurrently herewith.

| **Activision's Undisputed Facts and Supporting Evidence** | **WZLLC's Response and Supporting Evidence** |
|---|---|
| 134. ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ | Disputed, but immaterial.  *See Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 934 (9th Cir. 2017) in the case of reverse confusion, typically 'neither junior nor senior user wishes to siphon off the other's goodwill.' citing *Dreamwerks Prod. Grp., Inc. v. SKG* |

Mitchell
Silberberg &
Knupp LLP

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| *Supporting Evidence*: Mayer Decl., Ex. 85, at pp. 21-23; Mayer Decl., Ex. 151, at 238:11-238:22. | *Studio* , 142 F.3d 1127, 1130 (9th Cir. 1998)." |

*WZLLC's Response continues:*

Warzone also disputes that Activision's citations to the deposition testimony of Mr. Geddes and to his rebuttal report support SUF 134—there was no "concession" by Mr. Geddes, nor any of Warzone's other, but uncited, experts.

In fact, Mr. Geddes attests to the value that the name WARZONE would bring to a game. Geddes Decl., Ex. 1 at ¶ 76

*See also* Mayer Decl, Exhibit 84 ("Tregillis Report").

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

**Activision's Response**: WZLLC fails to cite any evidence creating a factual dispute with respect to SUF 134. The testimony of WZLLC's experts speaks for itself, and the testimony of Geddes that WZLLC cites ███████████████ ████████████████████████████████████████ hich is what is at issue in SUF 134. WZLLC's citation to the entire Tregillis report does not create an issue of fact. WZLLC's argumentative response and case law citation violates this Court's Standing Order (IV.D.1), which does not allow legal argument in this SUF: "No legal argument should be set forth in this document." (Underlining in original).

| Activision's Undisputed Facts and Supporting Evidence | WZLLC's Response and Supporting Evidence |
|---|---|
| 135. As of today, at least 50 games with "Warzone" in their titles have been released.<br><br>*Supporting Evidence*: Mayer Decl., Exs. 46, 57, 87-146. | Disputed, but immaterial. Further dispute as to "as of today" and immaterial as it refers to "in their titles" where the proper inquiry is "as their titles."<br><br>*Supporting Evidence*: Activision's evidence in support of this contention provides no information as to when these games were released nor whether they are in use in commerce. |

**Activision's Response**: WZLLC purports to dispute that "[a]s of today" at least 50 third party games with "Warzone" in their titles have been released. WZLLC's response focuses on specific release dates of the third party titles and the extent of such use. That does not create a material dispute. Activision's evidence, which stands unrebutted by WZLLC, is authenticated and reliable and reflects that 50

games have been released with "Warzone" in their titles.

III.    **WZLLC'S STATEMENT OF ADDITIONAL MATERIAL FACTS
THAT BEAR ON OR RELATE TO THE ISSUES RAISED BY
ACTIVISION**

| <u>**WZLLC'S Material Facts**</u> | <u>**Activision's Response**</u> |
|---|---|
| 136.    Both Activision and Warzone use WARZONE in connection with video games offered to video game players.<br><br>*Supporting Evidence*: Geddes Decl., Ex. 1, at ¶ 120. | Undisputed that both Activision and WZLLC use the word "Warzone" in some manner in connection with video games.<br><br>Disputed as to the characterization that both parties' games are broadly offered to "video game players," as the parties' games are different and there is no evidence that players of one are also players of the other.  Paragraph 120 of the Geddes Report discusses alleged overlap in marketing channels for video games generally, and makes no mention of the specific parties or games at issue.  Geddes Decl., Ex. 1, ¶ 120. *See supra* Activision's Response to SUF 114. |
| 137.    Both Activision and Warzone have pending applications before the USPTO for a federal trademark in the standard word | Undisputed. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| character mark WARZONE in files of use 009 and 041.<br><br>*Supporting Evidence*: RJNs A-D, Docket No. 69 at 6-7. | |
| 138.   In November 2017, Warzone officially rebranded from WarLight with the launch of its revamped core game, and began its use of WARZONE in commerce.<br><br>*Supporting Evidence*: Ficker Decl., ¶ 4. | Undisputed that WZLLC began using the name "Warzone" in connection with its game in November of 2017.<br><br>Disputed as to the characterization of WZLLC's renaming its game as a "rebranding" in 2017.  Ficker lacks personal knowledge of whether its use constitutes a "rebranding" or is a "use in commerce" pursuant to the Lanham Act.<br><br>Additionally, the evidence does not support a claim that the game was "revamped."  Rather, Ficker testified only that the November 17 version "included significant updates over Warlight." |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| | *Evidentiary Objections*[1]: Improper legal conclusion, lacks personal knowledge, lack of foundation.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 81, at WZ015413 ("Warzone is WarLight 2. It's the sequel."); WZ015453. |
| 139.   The logo with the WARZONE mark has been displayed on Warzone offerings since November 2017.<br><br>*Supporting Evidence*: Ficker Decl ., ¶ 4, 9. | Undisputed that the website www.warzone.com displayed a Warzone "logo" since November 2017.<br><br>Disputed that WZLLC's "offerings" on the mobile app stores include the Warzone "logo."  They did not.<br><br>*Evidentiary Objections*: Improper legal conclusion, lack of foundation.<br><br>*Supporting Evidence*:  Mayer Decl., Exs. 14, 15, 18. |
| 140.   In November 2017 there was no other video game developer or publisher using WARZONE as a trademark. | Disputed.  As of November 2017, there were over 30 publicly available games with the word "Warzone" in their titles.  The Ficker Declaration does not support |

---

[1] *See* Evidentiary Objections of Activision Publishing, Inc., filed contemporaneously herewith; Standing Order IV(D)(1).

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| **WZLLC'S Material Facts** | **Activision's Response** |
|---|---|
| *Supporting Evidence*: Ficker Decl ., ¶ 3. | this statement, as he claims only that ███████████████████████████ ███████████████████████████ ███████████████ Ficker Decl., ¶ 3 (emphasis added).  The term "as a trademark" is a legal conclusion and not a factual one.<br><br>*Evidentiary Objections*: Improper legal conclusion, improper expert testimony, lack of foundation.<br><br>*Supporting Evidence*: Mayer Decl., Exs. 40, 87-109, 147, 44, 45, 47, 105-118; Declaration of Terry Kiel, dated February 10, 2025 ("Kiel Decl."), Ex. A; Mayer Decl., Ex. 36 (Ficker Depo.), 310:15-311:22; Mayer Decl., Ex. 58. |
| 141.    WARZONE is not descriptive as applied to Warzone's products.<br><br>*Supporting Evidence*: Kash Decl , Ex. A [Welden Rpt] at ¶ 81 ████████ | Disputed.  WZLLC's own expert admitted that ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████; Warzone's marketing expert opined ████████████████████████ ████████████████████████ ████████████████████████ Geddes Decl., Ex. 1 ¶ 55; RJN A-D; Kash Decl., Ex. L [Activision's Response to Request for Admission No. 82]. | WZLLC erroneously cites to Exhibit A of the Kash Declaration, which contains excerpts from the deposition of Roman Welden, not his expert report.  The excerpt cited by WZLLC is taken out of context, as ████████████████████████ ████████████████ not its use of the word "Warzone," which describes WZLLC's game.

Activision's response to RFA No. 82 is immaterial, as that RFA states: "Admit that the USPTO has not found the mark WARZONE descriptive[,]" referring to the USPTO's decision not to issue an office action refusing *Activision's* application to register a WARZONE mark (*not WZLLC's*).  This RFA has nothing to do with WZLLC's use and whether it is descriptive.

*Evidentiary Objections*: Improper legal conclusion, lack of foundation, improper and inadmissible expert testimony. |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| | *Supporting Evidence*: Mayer Supp. Decl., Ex. 154 (Geddes Depo.), 160:3-11 ▮▮▮▮▮▮ Mayer Supp. Decl., Ex. 158 (WZLLC's Objections and Amended Supplemental Response (No. 1), Amended Response (No. 2), Third Supplemental Response (No. 4), and Second Supplemental Response (No. 8) to Activision's First Set of Interrogatories ("Nov. 27, 2024 Rog. Resp.")), Interrogatory Response No. 1, at 8:25-9:1 |
| 142.    In February 2018, a few months after the rebranding to WARZONE, the number of search queries for "Warzone" was at ▮▮▮ with a click through to warzone.com of ▮▮▮ for the month. *Supporting Evidence*: Kash Decl., Ex. AD [Tully Deposition, 154:2-13]; Ex. AE [Tully Deposition, Exhibit 153, February 2018 sheet]. | Undisputed as to the numbers cited in this fact, but otherwise disputed as to mischaracterization of the evidence and due to lack of foundation.  WZLLC is specifically (and solely) referencing *Google* "search queries," which WZLLC and Geddes do not dispute were conducted by those who were already aware of WZLLC's game. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| | Additionally, Ficker lacks personal knowledge of whether its use constitutes a "rebranding."<br><br>*Evidentiary Objections*: Lack of foundation, lacks personal knowledge.<br><br>*Supporting Evidence*: Mayer Supp. Decl., Ex. 154 (Geddes Depo.), 246:13-17; Mayer Supp. Decl., Ex. 155 (Ficker Depo.), 70:9-15. |
| 143.    Also in February 2018, Warzone saw ▮▮▮ new account signups and ▮▮▮ monthly active players.<br><br>*Supporting Evidence*: *See* Ficker Decl., ¶ 22, Ex. 20 [WZ024307]; Ex. 21 [WZ022732]. | Undisputed as to the numbers cited, but disputed as to the characterization of "new account signups," as the document identifies this metric as "Account Creation by Month," and as to "monthly active players," which is ambiguous as written.<br><br>*Evidentiary Objections*: Lack of foundation.<br><br>*Supporting Evidence*: Ficker Decl., ¶ 22, Ex. 20, at WZ024307. |
| 144.    Between February 2018 to January 2020, the number of | Undisputed as to the numbers cited in this fact, but otherwise disputed as to |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| monthly search queries for "warzone" ████████████████ s did the number of click-throughs to warzone.com from the same keyword queries (██████████<br><br>*Supporting Evidence*: Kash Decl., 32 Ex. AF (12,100) [Tully Deposition, Exhibit 153, January 2020 sheet] and Ex. AD at 152:15-153:1. (Dr. Tully ██████████████████████████████████████████████████ | mischaracterization of the evidence and due to lack of foundation. WZLLC is specifically (and solely) referencing *Google* "search queries," which WZLLC and ██████████████ ██████████████ Further disputed that Dr. Tully ██████████████ ██████████████<br><br>*Evidentiary Objections*: Lack of foundation, lacks personal knowledge.<br><br>*Supporting Evidence*: *See supra* SUF 142. |
| 145.   In 2019, to ramp up user engagement, ██████████████ ██████████████ | Disputed. WZLLC does not cite evidence for the proposition that ██████████████ ██████████████ WZLLC cites to Geddes' |

139

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| ██████████████████████ ██████████████████████ ██████████████████████ *Supporting Evidence*: Ficker Decl., ¶ 13, Ex 25 ; Geddes Decl., Ex.1 at ¶ | entire report, without specifying any particular section or paragraph.<br><br>WZLLC also cites to Exhibit 25 of the Ficker Declaration, which is WZLLC's 2019 tax return and irrelevant to this fact. WZLLC's citation to Paragraph 13 of the Ficker Declaration largely relates to ███ ████████████████████████ ████████████████████████ ████████████████████████<br><br>*Evidentiary Objections*: Lack of foundation, inadmissible sham testimony, improper and inadmissible expert testimony. |
| 146.   Throughout 2019, Warzone maintained an average of over ██████ monthly active users each month and saw ██████ new account signups that year.<br><br>*Supporting Evidence*: Ficker Decl. ¶ 22, Ex. 20-21, [WZ024307, WZ022732] In addition, marketing | Undisputed as to the numbers cited, but disputed as to the characterization of "new account signups," as the document identifies this metric as "Account Creation by Month," and as to "monthly active players," which is ambiguous as written. Further disputed that ████████ ████████████████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| **WZLLC'S Material Facts** | **Activision's Response** |
|---|---|
| industry expert Bo Geddes has opined ███████████████ ████████████████ Geddes Decl., Ex. 1 at ¶ 9. | ████████████████ *Evidentiary Objections*: Lack of foundation, inadmissible sham testimony, improper and inadmissible expert testimony. *Supporting Evidence*: Ficker Decl., ¶ 22, Ex. 20, at WZ024307 ████ ████████████ Mayer Decl., Ex. 81 at WZ004817 ██████████ Ficker Decl. ¶ 22, Ex. 21 (WZ022732) ████████████ |
| 147.   At the end of 2019, in ████████████ | Disputed.  WZLLC ████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| ████████████████<br>████████████████<br><br>*Supporting Evidence*: Ficker Decl., ¶ 13. | ████████████████<br>████████████████<br><br>*Evidentiary Objections*: Inadmissible sham testimony.<br><br>*Supporting Evidence*: *See supra* Activision's Response to SUF 38-39, 48. |
| 148.   In late 2019 and early 2020, ████████████████<br>████████████████<br><br>*Supporting Evidence*: Ficker Decl., ¶ 13 Exs. 5-8. | Disputed that ████████<br>████████████████<br><br>*Evidentiary Objections*: Inadmissible sham testimony.<br><br>*Supporting Evidence*: *See supra* Activision's Response to SUF 38-39, 48. |
| 149.   In January 2020, of the ████ public searches for "Warzone," █ clicked through to callofduty.com/warzone. | Disputed.  WZLLC cites to page 168 of the Tully deposition, as well as Exhibit 516 introduced therein, but neither are attached to the Kash Declaration or are part of the record on this Motion. |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| *Supporting Evidence*: Kash Decl. 30, Ex. AD Tully Deposition at Exhibit 516 and 168:1-11. | Exhibit 516 is not authenticated and was created and introduced by WZLLC's counsel during Tully's deposition without any explanation as to how the figures were generated. For example, it appears counsel made arbitrary, improper selections on SEMRush to generate the document, such as by searching by "Subfolder' rather than "Subdomain," which likely impacted the results:<br><br><br><br>*Evidentiary Objections*: Lacks foundation, lacks personal knowledge, improper expert testimony, lacks authentication. |
| 150.    In March 2020, of the ▮▮▮public searches for "Warzone." ▮▮▮clicked through to callofduty.com/warzone, representing ▮▮▮ percent of the traffic to callofduty.com/warzone for the month. | Disputed. WZLLC cites to page 171 of the Tully deposition, as well as Exhibit 517 introduced therein, but neither are attached to the Kash Declaration or are part of the record on this Motion.<br><br>Exhibit 517 is not authenticated and was created and introduced by WZLLC's |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| *Supporting Evidence*: Kash Decl, 30 Ex. AD Tully Deposition at Exhibit 517 and 171:24 - 175:14. | counsel during Tully's deposition without any explanation as to how the figures were generated.  For example, it appears counsel made arbitrary, improper selections on SEMRush to generate the document, such as by searching by "Subfolder' rather than "Subdomain," which likely impacted the results:  Further, WZLLC misrepresents the document as showing that 31.80% of *all traffic* to the website callofduty.com/warzone for the month came from Google searches for "warzone" but that is not what it shows.  It only shows information related to where users who googled "warzone" clicked through to.<br><br>*Evidentiary Objections*: Lacks foundation, lacks personal knowledge, improper and inadmissible expert testimony, lacks authentication. |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell Silberberg & Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| 151. By January 2020, search queries for "warzone" rose to ███ resulting in ███ click-throughs to Warzone's website and ███ ████████ ██████████████████ <br><br> *Supporting Evidence*: Kash Decl., Ex. AF [Tully Deposition, Exhibit 153 (January 2020 Sheet)]; Ficker Decl. ¶¶ 13, 22, Ex. 9 (Kash Decl., Ex. AD, (Dr ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████ [Tully Deposition,164:6-8] | Undisputed as to the numbers cited in this fact, but otherwise disputed as to mischaracterization of the evidence and due to lack of foundation.  WZLLC is specifically (and solely) referencing ***Google*** "search queries," which ███ ████████████████████ ████████████████████ ██████████████ Disputed that ████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ <br><br> *Evidentiary Objections*: Lacks foundation, lacks personal knowledge, improper expert testimony. <br> *Supporting Evidence*: *See supra* SUF 142; Kash Decl., Ex. AD (Tully Depo.), 164:6-8; Mayer Decl., Ex. 49, at WZ007164 ████████████████████████ ████████████████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| 152.    In early March 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Supporting Evidence*: Ficker Decl. ¶ 13, Ex. 9; Kash Decl.9 Ex. H (Wang Depo Excerpts), Ex A (Welden Depo Excerpts). | Undisputed that ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| | *Evidentiary Objections*: Lacks foundation, lacks personal knowledge, improper expert testimony.<br><br>*Supporting Evidence*: Mayer Decl., Ex. 70 (WZ016387). |
| 153.    As marketing industry expert Mr. Geddes opined ██████ ████████████████████████████████ ████████████████████████████████ ████ In the video game industry, ████ of indie games earn less than ████ in their lifetimes, and fewer than ████ of independent games earn more than their development costs; ████████████ ████████████ SUF 48, 50.  [Sic]<br><br>*Supporting Evidence*: Geddes Decl., Ex.1, ¶¶ 24, 63; Ficker Decl. 13, Ex. 21. | Disputed that the evidence cited by WZLLC from Geddes' report establishes ████████████████████████████ ████████████████████████████ ████████ The Geddes report speaks for itself. ████████████████████████ ████████████████████████████ ████████████████████████<br><br>*Evidentiary Objections*: Lacks foundation, lacks personal knowledge, improper and inadmissible expert testimony.<br><br>Mayer Decl., Ex. 49, at WZ007164 ████ ████████████████████████████ ████████████████████████ |

Mitchell
Silberberg &
Knupp LLP

147
**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| **WZLLC'S Material Facts** | **Activision's Response** |
| --- | --- |
| 154.   In March 2020, of the ████ public searches for "Warzone," ██ clicked through to warzone.com. | Undisputed as to the numbers cited in this fact, but otherwise disputed as to mischaracterization of the evidence and due to lack of foundation.  WZLLC is specifically (and solely) referencing *Google* "public searches," which ████████████████ ████████████████ ████████████████ ████████████████ *Evidentiary Objections*: Lack of foundation, lacks personal knowledge. *Supporting Evidence*: *See supra* SUF 142. |
| 155.   In June 2020, there were ████ public searches for "Warzone," and ██ clicked through to warzone.com. *Supporting Evidence*: Kash Decl., Ex. X [Tully Deposition, Exhibit 153, June 2020 sheet]. | Undisputed as to the numbers cited in this fact, but otherwise disputed as to mischaracterization of the evidence and due to lack of foundation.  WZLLC is specifically (and solely) referencing *Google* "public searches," which ████████████████ ████████████████ ████████████████ ████████████████ |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| **WZLLC'S Material Facts** | **Activision's Response** |
|---|---|
| | *Evidentiary Objections*: Lack of foundation, lacks personal knowledge.<br><br>*Supporting Evidence*: *See supra* SUF 142. |
| 156.    On April 8, 2021, Activision filed this lawsuit against Warzone in which it requested relief: 1) Declaring that Defendant does not possess exclusive trademark rights in the term "Warzone"; 2) Declaring that Activision's use of the WARZONE or CALL OF DUTY WARZONE Marks does not infringe, and at all times has not infringed, any existing and valid common law trademark rights of Defendant under the Lanham Act, 15 U.S.C. § 1125(a); 3) Declaring that Activision's use of the WARZONE or CALL OF DUTY WARZONE Marks is not likely to cause, and has not caused, confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Activision's goods | Undisputed that the language was contained in the Complaint as filed with the Court. |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| **WZLLC'S Material Facts** | **Activision's Response** |
|---|---|
| and services, or as to the origin, sponsorship, or approval of Activision's goods and services by Defendant under the Lanham Act, 15 U.S.C. § 1125(a); 4) Declaring that Activision's pending applications for registration of the marks WARZONE and CALL OF DUTY WARZONE may proceed to registration; 5) Declaring that Defendant's pending applications for registration of the mark WARZONE should not proceed to registration; 6) Ordering that Defendant, its officers, directors, employees, agents, affiliates, attorneys, representatives, and licensees, be enjoined and permanently restrained from interfering with Activision's use and registration of the WARZONE and CALL OF DUTY WARZONE marks and from opposing, seeking to cancel, or otherwise objecting to any federal registrations and applications for registration of such marks. | |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| *Supporting Evidence*: Docket No. 1 at 11-12. | |
| 157.    On June 25, 2020, Activision filed an application with the USPTO for a federal trademark in WARZONE.<br><br>*Supporting Evidence*: RJN C, D. | Undisputed that Activision applied to register a WARZONE word mark on June 25, 2020. |
| 158.    Activision also applied for a separate trademark with the USPTO in CALL OF DUTY WARZONE on June 25, 2020.<br><br>*Supporting Evidence*: RJN C, D. | Undisputed that Activision applied to register a CALL OF DUTY WARZONE word mark on June 25, 2020. |
| 159.    Activision's specimen submitted to the USPTO was generated on June 24, 2020.<br><br>*Supporting Evidence*: RJN C, D. | Undisputed. |
| 160.    Activision represented to the USPTO that it began its use of WARZONE in March 10, 2020.<br><br>*Supporting Evidence*: RJN C, D. | Undisputed that in Activision's filing with the USPTO to apply to register a WARZONE word mark, Activision represented that its date of first use was on or around March 10, 2020. |

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| 161.    Warzone has priority of use of WARZONE, at November 13, 2017 for class 041 and December 1, 2017 for class 009, as set forth in its declarations to the USPTO.<br><br>*Supporting Evidence*: RJN C, D. | Undisputed as to WZLLC's representations to the USPTO, which speak for themselves.  Disputed that WZLLC has "priority of use" of the word "Warzone," as dozens of third parties used the term in or as the title of their games prior to WZLLC's use. |
| 162.    On November 3, 2020, Warzone opposed Activision's application for the WARZONE trademark, and for the trademark Call of Duty Warzone based on likelihood of confusion.<br><br>*Supporting Evidence*: RJN C, D. | Undisputed. |
| 163.    The single issue before the USPTO is whether there is a likelihood of confusion between the WARZONE marks filed earlier by Activision, or the WARZONE marks with priority of use.<br><br>*Supporting Evidence*: RJN C, D. | Disputed.  The USPTO may also consider, *inter alia,* WZLLC's standing to bring the Notice of Opposition.<br><br>*Supporting Evidence*: *See supra* SUF 15, 22, 135. |
| 164.    ███████████ | Disputed.  WZLLC fails to cite to *any* evidence to support this fact.  Activision |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| WZLLC'S Material Facts | Activision's Response |
|---|---|
| <br><br><br><br><br><br><br><br><br><br><br>*Supporting Evidence*: [None provided]. | assumes this fact concerns Geddes, and disputes it.  With respect to the campaign,<br><br><br><br><br><br><br><br><br><br><br><br><br>*Evidentiary Objections*: Lacks foundation, lacks personal knowledge, improper and inadmissible expert testimony.<br><br>*Supporting Evidence*: Mayer Supp.  Decl., Ex. 154 (Geddes Depo.), at 52:23-53:4, 61:3-15, 63:17-23, 69:10-70:15, 72:9-14, 77:17-23, 79:6-13, 80:10-81:25, 83:7-85:4, |

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

Mitchell
Silberberg &
Knupp LLP

| **WZLLC'S Material Facts** | **Activision's Response** |
|---|---|
| | 85:22-87:5, 87:21-88:2, 88:12-89:19, 90:17-91:1, 91:16-111:7, 94:23-25, 96:6-97:13, 155:3-156:6, 164:13-165:11, 172:9-174:5, 183:12-184:9, 208:1-9, 213:4-12, 220:12-221:2. |

DATED: March 7, 2025

MARC E. MAYER
KARIN G. PAGNANELLI
LINDSAY R. EDELSTEIN
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
Marc E. Mayer (SBN 190969)
*Attorneys for Activision Publishing, Inc.*

Mitchell
Silberberg &
Knupp LLP

**REPLY SEPARATE STATEMENT OF UNCONTROVERTED FACTS**