1  MARC E. MAYER (SBN 190969)
      mem@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
      kgp@msk.com
3  LINDSAY R. EDELSTEIN (*pro hac vice*)
      lre@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA 90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Activision Publishing,
   Inc.

8

9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11  ACTIVISION PUBLISHING, INC., a        CASE NO. 2:21-cv-3073-FLA (JCx)
    Delaware corporation,
12                                          [Assigned to Judge Fernando L. Aenlle-
            Plaintiff,                       Rocha]
13
        v.                                  **[*REDACTED*] RESPONSE OF
14                                          ACTIVISION PUBLISHING, INC.
    WARZONE.COM, LLC,                       TO WARZONE.COM LLC'S
15                                          EVIDENTIARY OBJECTIONS
            Defendant.                       AND REPLY IN SUPPORT OF
16                                          REQUEST FOR JUDICIAL
    WARZONE.COM, LLC,                       NOTICE**
17
            Counterclaimant,                Date:       March 21, 2025
18                                          Time:       1:30 p.m.
        v.                                  Ctrm:       6B
19
    ACTIVISION PUBLISHING, INC., a          Complaint Filed:      Apr. 8, 2021
20  Delaware corporation,                    Counterclaim Filed:   June 8, 2021
                                            Pretrial Conference:  May 19, 2025,
21          Counterdefendant.                                      at 1:30 p.m.
                                            Trial:                May 27, 2025,
22                                                                 at 8:15 a.m.

23

24

25

26

27

28

Plaintiff and Counterclaimant Defendant Activision Publishing, Inc. ("Activision") respectfully submits the following responses to the objections of Warzone.com, LLC ("WZLLC") to evidence offered in support of Activision's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (Dkt. 126-1), and submits the following reply in support of its Request for Judicial Notice (Dkt. 113).

## I.    Responses to WZLLC's General Objections

### A.    <u>Purported "Improper Legal Arguments or Conclusions"</u>

WZLLC repeatedly objects to purported "improper legal arguments and conclusions" in Activision's evidence.  However, WZLLC fails to identify any actual "legal arguments or conclusions" in this evidence, whether in the Declaration of Marc E. Mayer ("Mayer Declaration"), the Declaration of Lindsay R. Edelstein ("Edelstein Declaration"), or the exhibits submitted through such declarations. Instead, WZLLC seeks to turn the routine submission of basic *factual evidence* (including website screen captures) into statements that somehow advance a legal argument or conclusion.  These groundless objections should be overruled.

WZLLC also baselessly objects to statements by Activision about WZLLC's failure of proof without providing or citing to any evidence controverting such statements.  Yet where a non-moving party on a summary judgment motion would bear the burden of proof at trial, "the moving party's burden is met by pointing out an absence of evidence supporting the non-moving party's case."  *Peregrine Pharms., Inc. v. Clinical Supplies Mgmt., Inc.,* 2015 WL 13309286, at *2 (C.D. Cal. June 22, 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Such "pointing" may be accomplished by reference to affidavits or declarations. *Barnett v. Diaz*, 2022 WL 1912246, at *2 (S.D.N.Y. June 2, 2022) (quoting *Celotex*, 477 U.S. at 323).

Mitchell Silberberg & Knupp LLP

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

**B.    Purported "Improper Expert Testimony" (FRE 701-702)**

Just as it attempts to turn basic factual matters into "improper legal argument and conclusions," WZLLC's objections attempt to recast testimony concerning routine investigation into the facts underlying this case as somehow "lack[ing] personal knowledge" and being "improper expert testimony."   But taking a screenshot of a videogame, documenting evidence in the public realm of videogames using "Warzone" in their titles, or clicking "view source" to reveal a web page's source code, are not activities demanding the "specialized knowledge" of an expert, Fed. R. Civ. 702(a), and those who carry out such activities may submit the factual evidence they have gathered.  Contrary to WZLLC, Federal Rule of Evidence of 701 is irrelevant to such evidence, because the evidence is not offered in the "the form of opinions or inferences."  Fed. R. Civ. 701(c).

**C.    Purported "Lack of Authentication" (FRE 902)**

"Rule 901 sets a low threshold for the authentication of evidence."  *United States v. Welton*, 2009 WL 2390848, at *13 (C.D. Cal. Aug. 1, 2009) (quoting Fed. R. Evid. 901(a)): "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.").  WZLLC nonetheless repeatedly objects that documents whose provenance is set forth in detail in Activision's declarations, and that have multiple other indicia of authenticity, "lack[] authentication," even objecting on this basis to documents printed or generated from WZLLC's own website.  Such objections are meritless.[1]

WZLLC also claims that evidence submitted by Activision's counsel is not accompanied by "additional declarations from a lay witness or expert" or promises

---

[1] Even were certain documents not authenticated explicitly, circumstantial evidence would suffice, and WZLLC offers no basis to question the authenticity of any evidence.  *See Siam Numhong Prods. Co. v. Eastimpex*, 866 F. Supp. 445, 451 n.8 (N.D. Cal. 1994) (overruling authentication objection: "'[T]he burden of proof for authentication of a document is slight' and circumstantial evidence suffices.") (*citing Link v. Mercedes–Benz*, 788 F.2d 918, 927 (3d Cir.1986)).

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell
Silberberg &
Knupp LLP

of any "sponsoring witness."  This is absurd, as both the Mayer Declaration and the Edelstein Declaration testify to the declarants' personal involvement in the collection of the evidence submitted, and that, at the very minimum, ***they*** are available to testify competently to the evidence and its chain of custody.  *See* Mayer Decl., ¶ 1; Edelstein Decl., ¶ 1.  Nor was there any obligation for Activision to produce in discovery documents and other materials that are publicly available, even though the vast majority of third party game evidence submitted was produced in discovery bearing Activision Bates labels or was provided to witnesses during their depositions.  *See* Edelstein Decl., Exs. 1-12 (evidence organized and authenticated by source), Mayer Decl., Exs. 87-146 (evidence organized chronologically by game) (collectively, the "Third Party Game Evidence").

### D.   Purported Hearsay (FRE 801)

WZLLC repeatedly, and incorrectly, characterizes as "hearsay" items of evidence that are not offered for their truth, or that are otherwise defined as non-hearsay under Rule 801.  Such objections are without merit and should be overruled.

## II.   Responses to Specific Objections

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| **Responses to Objections to Declaration of Marc E. Mayer** | | |
| 1.  "Exhibits 1 and 2 are true and correct copy (sic) of two video captures **demonstrating the PC version of Activision's video game** Call of Duty: Warzone. The first video **reflects the process by which** a PC user launches the game via the Battle.net | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). <br><br> Improper Expert Testimony (FRE 701-702). | WZLLC fails to identify any statements that constitute "legal arguments or conclusions," that constitute "improper expert testimony," or that go beyond the declarant's personal knowledge. |

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| platform. The second video reflects the game once it is launched." Declaration of Marc E. Mayer, (Docket No. 115) ("Mayer Decl"). 4. | | |
| 2.  "Exhibit 3 is a true and correct copy of a video capture **demonstrating the process of navigating to the website www.warzone.com, playing the games Warzone Classic and Warzone Idle, and accessing the in-game store**. . . prepared by a member of my office" Mayer Decl.    5. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). Improper Expert Testimony (FRE 701-702). | WZLLC fails to identify any statements that constitute "legal arguments or conclusions," that constitute "improper expert testimony," or that go beyond the declarant's personal knowledge. |
| 3.  "Exhibit 4 is a true and correct copy of a videocapture of **the process by which a player locates, downloads, and launches** the mobile title Call of Duty: Warzone Mobile on an Apple iPhone. . . prepared by a member of my office" Mayer Decl. 6.. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). Improper Expert Testimony (FRE 701-702). | WZLLC fails to identify any statements that constitute "legal arguments or conclusions," that constitute "improper expert testimony," or that go beyond the declarant's personal knowledge. |
| 4.  "Exhibit 5 is a true and correct copy of a video capture of the | Improper Legal Arguments or Conclusions (Fed. R. Civ. | WZLLC fails to identify any statements that constitute "legal |

Mitchell Silberberg & Knupp LLP

RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| **process by which a player downloads, launches, and plays** the mobile game Warzone – Turn Based Strategy on an Apple iPhone. . . prepared by a member of my office" <br><br> Mayer Decl. 7. | P. 56(c)); (FRE 602) (L.R. 7-7). <br><br> Improper Expert Testimony (FRE 701-702). | arguments or conclusions," that constitute "improper expert testimony," or that go beyond the declarant's personal knowledge. |
| 5.  "Exhibit 6 is a true and correct copy of a video capture of **the process by which a player downloads, launches, and plays** the mobile title Warzone Idle on an Apple iPhone. . . prepared by a member of my office" <br><br> Mayer Decl. 8. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). <br><br> Improper Expert Testimony (FRE 701-702). | WZLLC fails to identify any statements that constitute "legal arguments or conclusions" that constitute "improper expert testimony," or that go beyond the declarant's personal knowledge. |
| 6.  "I accessed via my personal computer the Steam PC game platform (which I previously had downloaded and installed on my computer) and **conducted a search for the word "Warzone."** Attached hereto as Exhibit 7 is a true and correct copy of a screen capture reflecting the **results of my search."** <br><br> Mayer Decl. 9. | Improper Expert Testimony (FRE 701-702). <br><br> Hearsay (FRE 801) | WZLLC fails to identify any statements that constitute "improper expert testimony" or "hearsay." <br><br> The search results are not hearsay because they are not offered for their truth, but for what a user is shown when searching for the word "Warzone." *See* Fed. R. Evid. 801(c); *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1118 & n.10 (9th Cir. 2010) (affirming |

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell
Silberberg &
Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| | | overruling of objections to search results). |
| 7.  "[I] **conducted a search** for the word "Warzone." Attached hereto as Exhibit 9 is a true and correct copy of a screen capture reflecting the **results of my search.**"  "After **conducting the search** reflected in the foregoing exhibit, I clicked on Call of Duty: Warzone to access the Call of Duty: Warzone store page on the Xbox App. Attached hereto as Exhibit 10 is a true and correct copy of a screen capture of the Call of Duty: Warzone Xbox for PC page."  Mayer Decl. 10. | Improper Expert Testimony (FRE 701-702).  Hearsay (FRE 801) | WZLLC fails to identify any statements that constitute "improper expert testimony" or "hearsay."  The search results are not hearsay because they are not offered for their truth, but for what a user is shown when searching for the word "Warzone."  *See* Fed. R. Evid. 801(c); *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1118 & n.10 (9th Cir. 2010) (affirming overruling of objections to search results). |
| 8.  "Exhibit 19 . . . **reflects that the website copy contains a trademark notice for all references to 'Risk®' but the only purported trademark notice for WARZONE is a very small yellow 'TM' integrated into the Warzone logo (making it unclear to me whether** | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).  Improper Expert Testimony (FRE 701-702).  Hearsay (FRE 801) | WZLLC fails to identify any statements that constitute "legal arguments or conclusions" or "improper expert testimony," or that go beyond the declarant's personal knowledge.  Nor can content from WZLLC's own website, submitted only for its |

Mitchell Silberberg & Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| **WZLLC is claiming a trademark in the word or the entire logo.) I have browsed the entire website and did not see the 'TM' used anywhere other than within the logo."**<br><br>Mayer Decl.    15**.** | | existence, not for its truth, be "hearsay."  Fed. R. Evid. 801(c). |
| 9. "Exhibit 22 are screen captures of **excerpts of the source code for certain pages** of the Warzone.com website . . . **I have reviewed the source code for all of the website pages, and they all contain similar metadata, except for the page that opens when actually playing the game. When playing the game, the title metadata includes the words 'Time to take a risk.'"**<br><br>Mayer Decl.    18. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702).<br><br>Hearsay (FRE 801) | WZLLC fails to identify any statements that constitute "legal arguments or conclusions," that constitute "improper expert testimony," or that go beyond the declarant's personal knowledge.<br><br>Web page source code can be "instantly view[ed]" with most browsers and is "available to anyone who views the site." *Conf. Archives, Inc. v. Sound Images, Inc.*, 2010 WL 1626072, at *3 (W.D. Pa. Mar. 31, 2010); *Citizens Info. Assocs., LLC v. Justmugshots.com*, 2013 WL 12076563, at *2 (W.D. Tex. Feb. 26, 2013). Such code obtained from WZLLC's own website, offered only for the fact of its existence, is not hearsay. Fed. R. Evid. 801(c). |

RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN

Mitchell Silberberg & Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| 10. "During the course of this litigation, WZLLC produced emails **it erroneously** received over a four-year period from CODWZ players reporting bugs to Activision or requesting customer support from Activision. See Exh. 81 (WZ011349, WZ011478, WZ0011557, WZ011574)."<br><br>Mayer Decl.    42. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). | WZLLC fails to identify any statement that constitutes "legal arguments or conclusions," or that goes beyond the declarant's personal knowledge. In the cited evidence, Mr. Ficker responded to the emails by stating, *e.g.*, "Warzone and Call of Duty: Warzone are different games. You should contact Activision, not me." Mayer Decl. Ex. 81 at WZ011478. |
| 11. "Under my direction and supervision, **a research analyst at my firm deduplicated and organized these emails** to determine that all of the emails came from a total of 199 unique individuals."<br><br>Mayer Decl.    44. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Hearsay (FRE 801) | WZLLC fails to identify any statement that constitutes "legal arguments or conclusions," that goes beyond the declarant's personal knowledge, or that constitutes "hearsay". *See, e.g., Carson Harbor Vill., Ltd. v. Unocal Corp.*, 287 F. Supp. 2d 1118, 1132 (C.D. Cal. 2003), *aff'd*, 433 F.3d 1260 (9th Cir. 2006) (overruling objections: declarant had "personal knowledge of … tests because he supervised them."). |
| 12. "During the course of this litigation, my colleagues and **I have** | Improper Legal Arguments or Conclusions (Fed. R. Civ. | WZLLC fails to identify any statement that constitutes "legal |

Mitchell Silberberg & Knupp LLP

RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| **conducted research into the existence of other third-party games whose title is "Warzone" or includes the word "Warzone." We have identified more than 50 such games**." <br><br> "A list of certain of these third party games, along with the corresponding exhibit reflecting these games and their release dates" <br><br> Mayer Decl. ¶¶ 46-47. | P. 56(c)); (FRE 602) (L.R. 7-7). <br><br> Improper Expert Testimony (FRE 701-702). <br><br> Hearsay (FRE 801) <br><br> Lacks Authentication (FRE 902) | arguments or conclusions," that goes beyond the declarant's personal knowledge, or that constitutes "expert testimony" or "hearsay." <br><br> WZLLC also fails to identify any particular item of evidence requiring authentication, let alone lacking authentication. |
| 13. "Exhibit 149 are true and correct copies of screen captures of **all of the reviews on the Apple App Store** for the Warzone Classic and Warzone Idle apps. . . prepared by a member of my office" <br><br> Mayer Decl. 51; | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). | WZLLC fails to identify any statement that constitutes "legal argument or conclusions." The objection as to personal knowledge is similarly groundless, as WZLLC omits Mr. Mayer's statement that the exhibit "was prepared … at my direction and with my supervision." *See Carson Harbor Vill.* 287 F. Supp. 2d at 1132. |
| 14. "Exhibit 150 are true and correct copies of screen captures of **all of the reviews on the Google Play Store** for the Warzone Classic and Warzone Idle apps. . . | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). | WZLLC fails to identify any statement that constitutes "legal argument or conclusions." The objection as to personal knowledge is similarly groundless, as |

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell Silberberg & Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| prepared by a member of my office"<br><br>Mayer Decl.    52; Exhibit 150. | | WZLLC omits Mr. Mayer's statement that the exhibit "was prepared … at my direction and with my supervision." *See Carson Harbor Vill.* 287 F. Supp. 2d at 1132. |
| 15. "I am familiar with **and have reviewed all of the documents that WZLLC produced in this action**, as well as all written discovery and deposition testimony proffered by WZLLC in this action. Based on **my review of WZLLC's document productions, written discovery, and deposition testimony, I can attest to the following:**<br><br>**a. WZLLC has not provided evidence of any future plans or intent to develop a first-person shooter game**<br>**b. WZLLC has not provided evidence of any future plans to make its games available for consoles or on PC gaming platforms. To the contrary, when Ficker was asked whether Warzone** | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702).<br><br>Hearsay (FRE 801) | WZLLC fails to specify how factual identification of evidence WZLLC's document production does not contain constitutes "improper legal arguments or conclusions," let alone "improper expert testimony" or "hearsay." Activision may attest to, and thereby point the Court to, such absences of evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). |

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell Silberberg & Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| was coming to steam, he responded "Nope!" See Ex. 42, at p. 8.<br>c. WZLLC has not provided evidence that any significant portion of the video game consuming public ever associated the word Warzone exclusively with its goods or services.<br>d. WZLLC has not provided evidence that it ever lost a customer or prospective customer because of CODWZ.<br>e. WZLLC has not provided evidence that it ever lost a customer or prospective customer because of CODWZ.<br>f. WZLLC has not provided evidence that any person mistakenly believed that WZLLC's games were created by or associated with Activision.<br>g. WZLLC has not provided evidence that players of CODWZ play | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell Silberberg & Knupp LLP

RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| **WZLLC's games, or vice versa.** **h. WZLLC has not identified any actual or potential customer who failed or refused to do business with** **i. WZLLC due to a mistaken belief that Activision was the source of or affiliated with WZLLC's games."** "Each document in Exhibits 87 through 146 above **h[ave] been authenticated either through the Declaration of Lindsay R. Edelstein**. [*sic*] Mayer Decl. 53 | | |
| 16. Exhibits 1-25, 40, 43-7, 50-52, 57-9, 62-5, 73, 77, 86-150, 152, to the Mayer. [*sic*] | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)). These exhibits contain attorney-created documents that were not produced in discovery and for which Activision cannot identify a sponsoring witness through whom the exhibits could be admitted | The low threshold of authentication is easily met for all of these documents.  *See* Fed. R. Evid. 901(a); *U.S. v. Welton*, 2009 WL 2390848, at *13. For example: • The Third Party Game Evidence in Exhibits 87 through 146 is explained in detail in the Mayer Declaration and further authenticated by |

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell
Silberberg &
Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| | into evidence. *Aguilera v. Unocal Corp.*, No. 22-01394, 2023 WL 6369701, at *5 (C.D. Cal. Aug. 14, 2023); see also *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004).<br><br>Activision improperly seeks to cure its lack of foundation by cross-referencing one attorney declaration against another Mayer. Decl. 48. ("Each document in Exhibits 87 through 146 above h[ave] been authenticated either through the Declaration of Lindsay R. Edelstein"); Edelstein. Dec. ¶3 ("As noted in the concurrently filed Motion and Declaration of Marc E. Mayer ("Mayer Declaration"), we have identified more than 50 such games.").<br><br>Activision incorrectly asserts that an attorney-created document is authenticated by virtue of the fact that it was presented during deposition, but fails to identify authenticating testimony. Mayer Decl. 48 | source of collection in the Edelstein Declaration, as set forth by Mayer Decl., ¶¶ 46-48 and Edelstein Decl., ¶¶ 2-4.<br><br>• Exhibits 40, 44-47, 57, 64, and 77 consist of deposition-marked versions of such Third-Party Game Evidence.<br><br>• Exhibits 1-25, 86, 147-150, and 152 are authenticated in Mayer Decl. ¶¶ 4-21, ¶45, ¶¶ 49-52, and ¶ 55, respectively.<br><br>• Exhibits 43, 58, and 73 (Depo. Exs. 18, 46 and 75 respectively) reflect web pages from the Google Play and Steam platforms identified at the Ficker Deposition, with multiple indicia of authenticity. *See* Mayer Decl., Ex. 36 (Ficker Depo.) at 270:18-273:17, 310:15-311:22; Supplemental Declaration of Marc E. Mayer, ¶ 3 & Ex. 155 |

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell Silberberg & Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| | ("and/or introduced via deposition exhibits referenced above in 33."). | (Ficker Depo.) at 645:5-17.<br><br>• Exhibits 52, 59, 62, and 63 consist of materials located on WZLLC's own website or social media accounts, and/or produced by WZLLC. *See* Mayer Decl., ¶ 33.<br><br>• Concerning Exhibit 50 (Depo. Ex. 38), *see* response to ¶ 19 below, incorporated by reference. |
| 17. Exhibit 22 to the Mayer Declaration | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)).<br><br>Hearsay (FRE 802).<br><br>Exhibit 22 contains an undated attorney-created document that Mr. Mayer testified to be an excerpt of "source code" which was not produced in discovery and for which Activision cannot identify a sponsoring witness through whom the exhibit could be admitted into evidence. *Aguilera v. Unocal Corp.*, No. 22-01394, 2023 WL | The low threshold of authentication is easily met. *See* Fed. R. Evid. 901(a); *U.S. v. Welton*, 2009 WL 2390848, at *13. Mr. Mayer describes obtaining the contents of Exhibit 22 himself on his personal computer. Mayer Decl., ¶ 18.<br><br>Web page source code can be "instantly view[ed]" with most browsers and is "available to anyone who views the site." *Conf. Archives, Inc.*, 2010 WL 1626072, at *3; *Citizens Info. Assocs.*, 2013 WL 12076563, at *2 (W.D. Tex. Feb. 26, 2013). Such code |

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell Silberberg & Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| | 6369701, at *5 (C.D. Cal. Aug. 14, 2023); see also *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004). | obtained from WZLLC's own website, offered only for the fact of its existence, is not hearsay. Fed. R. Evid. 801(c). |
| 18. Exhibit 81 to the Mayer Declaration | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)).  Exhibit 81 contains more than 20 documents in a single exhibit, none of which have been authenticated in deposition or otherwise, without any sort of index or any additional declaration providing further authentication for each document. | Exhibit 81 consists entirely of documents **produced by WZLLC**, which "may be deemed authentic when offered by the party-opponent." *Erickson Prods., Inc. v. Kast*, 2014 WL 12703976, at *1 (N.D. Cal. Oct. 3, 2014) (citing *Orr*, 285 F.3d at 777 n.20). WZLLC's response concedes the documents submitted in Exhibit 81 are readily distinguishable from one other. |
| 19. Exhibit 147 to the Mayer Declaration | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)).  Hearsay (FRE 802)  Mr. Mayer testifies that he ordered a video game from Amazon.com, which was not produced for inspection and for which Activision cannot identify | The low threshold of authentication is easily met, as Mr. Mayer testified that he "obtained [the] video game from Amazon.com" and took the photo himself. *See* Mayer Decl., ¶ 49; Fed. R. Evid. 901(a); *U.S. v. Welton*, 2009 WL 2390848, at *13 (C.D. Cal. Aug. 1, 2009). |

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell Silberberg & Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| | a sponsoring witness through whom the exhibit could be admitted into evidence. *Aguilera v. Unocal Corp.*, No. 22-01394, 2023 WL 6369701, at *5 (C.D. Cal. Aug. 14, 2023); see also *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004). | The photograph in Exhibit 147 is not "hearsay," as it is not a person's out-of-court assertion being offered for its truth. Fed. R. Evid. 801<br><br>Additionally, a similar photograph was introduced as an Exhibit to the deposition of Randy Ficker (Mayer Decl., Ex. 50 [Depo. Ex. 38]). Activision remains prepared to produce the actual game for inspection by WZLLC. |
| **Responses to Objections to Declaration of Lindsay R. Edelstein** | | |
| 20. "I and my colleagues have **conducted research into the existence of third-party games whose title is "Warzone" or includes the word "Warzone" (or variants such as "War Zone") (hereinafter, the "Third Party Game Evidence")**. As noted in the concurrently filed Motion and Declaration of Marc E. Mayer ("Mayer Declaration"), **we have identified more than 50 such games.**" | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702).<br><br>Hearsay (FRE 801) | Conducting and detailing research into publicly available materials does not constitute "improper legal arguments or conclusions," does not require the "specialized knowledge" of an expert. Fed. R. Evid. 702(a).<br><br>Nor does anything in these statements qualify as hearsay, since they do not involve a person's out-of-court assertions being offered for their truth. Fed. R. Evid. 801. |

Mitchell Silberberg & Knupp LLP

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| Declaration of Lindsay R. Edelstein (Docket No. 114) ("Edelstein Decl"). 2 | | |
| 21. "this declaration submits true and correct copies of **evidence of the above-referenced third-party games** grouped according to the primary sources from which evidence was collected . . . **reflecting evidence collected from the respective source."**<br><br>Edelstein Decl. 3-4. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Hearsay (FRE 801) | Mere reference to "evidence," or to the collection of evidence, does not constitute "improper legal arguments or conclusions." Nor does anything in this statement qualify as hearsay, since it does not involve a person's out-of-court statement being offered for its truth. |
| 22. Exhibits 1-14 to the Edelstein Decl. Edelstein Decl. 1-14 | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)).<br><br>Hearsay (FRE 802)<br><br>Each exhibit to the Edelstein declaration contains portions of documents not produced in discovery, offered for the purpose of identifying their source or otherwise authenticating them. Edelstein Decl. ¶3, n.1. ("For certain longer documents, only relevant or exemplary excerpts are | The low threshold for authentication is easily met. *See* Edelstein Decl., ¶ 2 (describing in detail process for evidence collection and preservation, which she supervised); *see* Fed. R. Evid. 901(a); *U.S. v. Welton*, 2009 WL 2390848, at *13 (C.D. Cal. Aug. 1, 2009).<br><br>Nor does anything in Exhibits 1 through 14 qualify as hearsay, since the Third Party Game Evidence is offered for the fact of materials that have existed in the public sphere, not a person's |

18

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| | included.") This is improper, and Activision cannot identify a sponsoring witness through whom these attorney-created exhibits could be admitted into evidence. *Aguilera v. Unocal Corp.*, No. 22-01394, 2023 WL 6369701, at *5 (C.D. Cal. Aug. 14, 2023); see also *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004). | out-of-court assertions being offered for their truth. Fed. R. Evid. 801. |
| **Responses to Objections to Declaration of Carolyn Wang** | | |
| Wang Decl., 9. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7). | Ms. Wang's statement is not a "legal argument[] or conclusion[]." Nor does WZLLC identify any basis for why this would not be within her personal knowledge. |
| | Improper Legal Arguments or Conclusions (Fed. R. Civ. | Ms. Wang's statements do not constitute "legal arguments or |

19

RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN

Mitchell
Silberberg &
Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| <br><br><br><br><br><br><br><br>Wang Decl., 10. | P. 56(c)); (FRE 602) (L.R. 7-7). | conclusions." Nor does WZLLC identify any basis for why her assertions would not be within her personal knowledge. |
| <br><br><br><br><br><br><br><br>Wang Decl., 11. | Improper Legal Arguments or Conclusions (Fed. R. Civ. P. 56(c)); (FRE 602) (L.R. 7-7).<br><br>Improper Expert Testimony (FRE 701-702). | Ms. Wang's statement does not constitute "legal arguments or conclusions." WZLLC identifies no basis for why the statement would not be within her personal knowledge, or could not be offered by a percipient witness. |
| 26. Exhibit A to Wang Decl. | Lacks Authentication (FRE 902). *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.R.Civ.P. 56(e)). Hearsay (FRE 802).<br><br>Ms. Wang does not attest to personal knowledge of Exhibit A, which is undated. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d | The low threshold for authentication is easily met. *See* Wang Decl., ¶ 10; *U.S. v. Welton*, 2009 WL 2390848, at *13 (C.D. Cal. Aug. 1, 2009); Fed. R. Evid. 901(a). <br><br> *See* Wang Decl., Ex. A at 45. Nor is the exhibit hearsay, as it is submitted for the fact |

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell Silberberg & Knupp LLP

| Evidence Objected To | Objection | Activision Response |
|---|---|---|
| | 782-83 ("[t]o be authenticated, | of its contents. Fed. R. Evid. 801(c). |

## III. Activision's Reply in Support of Request for Judicial Notice

WZLLC'S objections to the Request for Judicial Notice (the "Request") are frivolous.  WZLLC complains that for certain documents, "only relevant or exemplary excerpts [were] included," citing the Edelstein Declaration, but this was true only of certain *other* materials attached to the Edelstein Declaration, for obvious reasons of not burdening the Court: it does not apply to the materials addressed in the Request.  In the same vein, WZLLC complains that the Third Party Game Evidence and related documents from the Internet Archive's "Wayback Machine" submitted with the Edelstein Declaration are not precisely correlated to the Mayer Declaration, where the Third Party Game Evidence is presented chronologically by game, introduced by an explanatory chart.[2]  (*See* Mayer Decl., ¶ 47 at pp. 13-17 & Exs. 87-146.)  Equally frivolous, WZLLC purports to object to the Request because it explains that documents were "printed and/or captured" from the Internet Archive, without stating which were printed and which were captured.

These are not serious, substantive objections, and do not change that "the existence of these pages in the public realm on the relevant dates is not subject to reasonable dispute."  *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *8 (C.D. Cal. Mar. 5, 2021).  In the end, WZLLC concedes that the Court may "may properly judicially notice the existence of 'pages in the public realm,'" ECF 126-1 at 14, but

---

[2] Exhibit 1 to the Edelstein Declaration consists of more than 100 pages of Third Party Game Evidence available via the Internet Archive.  For purposes of clarification, Exhibits 13 and 14 include certain documents not from the Internet Archive, but judicial notice is sought only with respect to the Internet Archive materials contained therein, *i.e.,* Edelstein Decl. at pp. 471-73, 476, and 480-81.

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell Silberberg & Knupp LLP

asks the Court to credit a vaguely suggested, but wholly unelaborated, "challenge" to the documents here.  *Id.*  Because WZLLC provides no legitimate basis to question the indisputable nature of the documents submitted, Activision respectfully requests the Request be granted.

DATED: March 7, 2025                    MARC E. MAYER
                                        KARIN G. PAGNANELLI
                                        LINDSAY R. EDELSTEIN
                                        MITCHELL SILBERBERG & KNUPP LLP


                                        By:  */s/ Marc E. Mayer*
                                             Marc E. Mayer (SBN 190969)
                                             *Attorneys for Activision Publishing, Inc.*

**RESPONSE TO EVIDENTIARY OBJECTIONS AND REPLY ISO RJN**

Mitchell
Silberberg &
Knupp LLP