Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
Nicole A. Bloomfield (State Bar No. 356757)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-3073@cases.warrenlex.com

*Attorneys for Defendant / Counterclaimant Warzone.com, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., <br><br> Plaintiff / Counterclaim Defendant, <br><br> v. <br><br> WARZONE.COM, LLC, <br><br> Defendant / Counterclaimant. | Case No. 2:21-cv-3073-FLA (JCx) <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> ***EX PARTE* APPLICATION TO STRIKE ACTIVISION PUBLISHING, INC.'S IMPROPER *DAUBERT* CHALLENGES** <br><br> Hearing Date: March 21, 2025 <br> Hearing Time: 1:30 p.m. <br> Courtroom: 6B <br> Pretrial Conference: May 19, 2025 <br> Trial: May 27, 2025 |

## NOTICE AND *EX PARTE* APPLICATION

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant and Counterclaimant Warzone.com, LLC ("Warzone"), by and through their counsel of record, apply *ex parte* to this Court pursuant to L.R. 7-19 for an order striking Section I.C. (3:11 to 7:23), portions of Section II.A. (9:1-19) and Sections II.C and II.D (17:9-21:13) of Plaintiff and Counterclaim Defendant Activision Publishing, Inc.'s ("Activision") Evidentiary Objections (Docket No. 133-4) as improper challenge to expert evidence that contravenes the Court's Standing Order and deprives Warzone of a fair opportunity to respond. Good cause exists for filing this *ex parte* application as the relief sought cannot be accomplished through the ordinary noticed motion timeline, and Warzone did not cause the emergent timing of the relief. In particular, Activision filed the disputed materials on March 7, 2025 in reply to the motion for partial summary judgment noticed for hearing on March 21, 2025. Absent *ex parte* relief, Warzone's motion to strike the improper *Daubert* challenges within Activision's reply materials would be scheduled for hearing and decision long after the Court's hearing in connection with Activision's motion for partial summary judgment.[1]

Pursuant to L.R. 7-19.1, the undersigned counsel hereby certifies under oath that, on March 11, 2025, counsel for Warzone contacted Plaintiff's counsel, Marc Mayer, by phone, but was unable to reach him. Counsel for Warzone subsequently wrote to counsel for Activision informing them of the substance and date of the present motion. Plaintiff's

---

[1] The local rules require several weeks to conclude briefing for a noticed motion to strike, *see* L.R. 7-3; L.R. 7-9; L.R. 7-10, but the hearing date on Activision's summary judgment filing is set just nine days from the date of this filing, on March 21, 2025. Good cause thus exists to substantiate the *ex parte* application. *See Horne v. Wells Fargo Bank, N.A.,* 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) ("The use of such a procedure is justified" when "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion"); *see also MGA Ent. Inc. v. Harris*, No. 20-11548, 2023 WL 3564954, at *3 (C.D. Cal. Jan. 26, 2023) ("Combined with the upcoming trial date, MGA reasonably moved for relief by *ex parte* application rather than a noticed motion").

counsel responded in writing that Activision opposes the application. *See* Exhibit 1 to the Declaration of Francesca M. S. Germinario. Contact information for Activision counsel of record is as follows:

> Marc Mayer  (mem@msk.com)
> Alex Anfuso (ala@msk.com)
> Eleanor Lackman (eml@msk.com)
> Karin Pagnanelli (kgp@msk.com)
> Lindsay Edelstein (lra@msk.com)
> James Berkley (jdb@msk.com)
> Mitchell Silberberg & Knupp LLP
> 2049 Century Park East, 18th Floor
> Los Angeles, California, 90067

In accordance with the Court's Standing Order, Activision counsel shall receive service of the *ex parte* application and supporting materials by ECF, and Warzone shall shortly thereafter notify Activision that any opposition must be filed no later than twenty-four hours following such service. Germinario Decl. at 3. This *ex parte* application is based on this Application, the memorandum of points and authorities, the declaration in support and exhibits thereto, the other pleadings on file with this Court (as noted herein), and any further arguments and evidence as may be properly presented to the Court.

## REQUEST FOR HEARING

Warzone believes oral argument will assist in fully addressing the issues before the Court, and respectfully requests that this Application be heard at the scheduled hearing regarding Activision's Summary Judgment motion, on March 21, 2025, at 1:30 p.m. PT. Warzone submits that under the Court's Standing Order expressing a greater likelihood of hearing oral argument when presented by an attorney with minimal oral advocacy experience, **this argument will be conducted by Francesca M. S. Germinario, a litigator with minimal oral advocacy experience.** *See* Declaration of Francesca

Germinario at 2; Civil Standing Order, February 1, 2025 at 7.[2] Warzone respectfully requests that the Court grant this request for hearing, as oral argument will not only provide necessary clarity on key procedural and substantive issues but will also facilitate meaningful participation of a more junior member of the Bar under the Court's guidelines.

Date: March 12, 2025

Respectfully submitted,

_____
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
Nicole A. Bloomfield (State Bar No. 356757)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-3073@cases.warrenlex.com

*Attorneys for Defendant /
Counterclaimant Warzone.com, LLC*

---

[2] Available at https://www.cacd.uscourts.gov/sites/default/files/documents/FLA/AD/Judge%20Aenlle-Rocha%20Civil%20Standing%20Order%20%282-1-25%29.pdf (last accessed on March 12, 2025).

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Rather than filing a properly noticed motion *in limine* at the designated time for pretrial filings, Activision raised its challenges to expert evidence for the first time in evidentiary objections accompanying its reply in support of summary judgment. This tactic violates the Court's Standing Order, which requires "[c]hallenges to expert testimony and/or reports" be "brought as motions *in limine*," and further deprives Warzone of a fair opportunity to respond to Activision's arguments in the ordinary course of motion *in limine* briefing. As Activision's attempt to shoehorn a *Daubert* challenge into supporting papers for its reply defies both well-settled precedent and the Court's own procedural rules, it should be stricken.

## BACKGROUND

On February 14, 2025, Activision filed its Motion for Summary Judgment or Alternatively, Partial Summary Judgment ("Motion"), setting the hearing for March 21, 2025. Docket No. 112 at 2. On March 1, 2025, Warzone filed its opposition to the same, including its separate statement of disputed facts and evidence in support of the same. Docket Nos. 126-1, 126-2. On March 7, 2025, Activision filed evidentiary objections to Warzone's evidence as part of its Reply in Support of Activision's Motion for Summary Judgment. Docket No. 133-4.

In Section I.C of its evidentiary objections, Activision submitted four and a half pages of argument challenging certain expert evidence under "Rule 702" and the "*Daubert*" standard, Docket No. 133-4 at 3:12 to 7:23, and urging the Court to find that "the testimony and reports of Bo Geddes and Claudiu Dimofte plainly do not meet the standards above and are not admissible." *Id.* at 4:4-5. Activision further submitted Specific Objection Nos. 2, and 21-27 (*id.* at 9:1-19 and 17:9 to 21:13), which challenge expert evidence on the same grounds, *id.* ("Improper and Inadmissible Expert Testimony (FRE 702 / *Daubert*)"), and referenced these requests to exclude expert testimony in its

Response of Activision Publishing, Inc. to Statement of Purported Disputes of Material Fact. *See* Docket No. 133-2, at 95, 97, 108, 113, 129, 136, 140, 141, 147, and 153.

## ARGUMENT

### I. Activision's New Attempt to Challenge Expert Testimony on Reply Should Be Rejected

As movant, Activision bore the burden of persuasion to show that Warzone lacks evidence to support its claims. *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1188 (9th Cir. 2016). Instead of carrying that burden in its opening motion, Activision now seeks to retroactively disqualify evidence it previously ignored, waiting until reply to argue—via evidentiary objections—that Dr. Claudiu Dimofte and Bo Geddes' expert reports and testimony fail under *Daubert*. *See* Docket No. 133-4. The Court routinely declines to consider arguments first raised in reply. *See e.g., Corelogic Sols., LLC v. Credifi Corp.*, No. 20-1676-FLA, 2021 WL 1156860, at *4 (C.D. Cal. Jan. 29, 2021) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)) (declining to consider movant's new arguments on reply as "Plaintiff has not had an opportunity to respond"); *Horowitz v. Chen*, No. 17-432, 2023 WL 4100498, at *11 (C.D. Cal. Mar. 31, 2023) ("The court need not consider this argument as it was not raised in Plaintiffs' moving papers, and Defendants have not had a reasonable opportunity to respond"). And, on these facts, there is "no reason to depart from the general principles that the court does not consider new evidence or argument first submitted on reply." *Abernathy v. Liberty Ins. Corp.,* No. 22-1903, 2023 WL 9687517, at *1 (C.D. Cal. Dec. 29, 2023); *Burnham v. City of Rohnert Park*, No. 92-1439, 1992 WL 672965, at *1 n. 2 (N.D. Cal. May 18, 1992) (citing *Lujan v. Nat'l Wildlife Fed'r*, 497 U.S. 871 (1990)) (declining to consider arguments on reply where not "limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion").

Indeed, the challenged opinions of Warzone's survey and marketing experts, Dr. Dimofte and Mr. Geddes, were neither new nor unforeseen when Activision filed its motion. Activision received Warzone's expert reports on January 17, 2025, served reports

rebutting these opinions on January 31, 2025, deposed both experts in early February, and affirmatively relied upon Mr. Geddes' opinions in its Motion and Statement of Uncontroverted Facts—even attaching his entire opening report and rebuttal excerpts as exhibits. *See* Docket No. 112-1 (Statement of Uncontroverted Facts), citing Exhibits 83 (Opening Report of Bo Geddes) and 85 (Rebuttal Excerpts) to the Mayer Declaration at 99 ("Mayer Decl., Ex. 83 (Expert Report of WZLLC's expert Bo Geddes, dated January 17, 2025),   126."); 114 ("(Geddes Report), ¶¶ 55-62"); 127 ("(Geddes Report),   90"); 130 ("(Geddes Report), ¶¶ 99, 103"); 134; *see also* Docket No. 112 at 23:23 ("SUF 134"); 22:17 ("SUF129, 130"); 22:8 ("SUF 127"); 17:16 ("SUF 114"); 17:17 ("SUF 99"). Activision was fully aware of Mr. Geddes' opinions when it filed its opening brief, having received his report, deposed him, and cited his findings in support of its own arguments, but nowhere did it argue that his opinions were inadmissible until reply.

Likewise, Activision offers no justification for delaying its challenge to Dr. Dimofte's expert evidence; Activision had every opportunity in its opening brief to argue that Dr. Dimofte's report could not support Warzone's claims—but it did not. Docket No. 126 ("Opp.") at 10 (quoting Mot. at 18). Activision refused to acknowledge—let alone rebut—Dr. Dimofte's survey evidence, asserting instead: "[n]or has WZLLC produced any survey evidence reflecting source confusion by likely Warzone/Warzone Idle customers." *Id*. As Warzone's opposition relied upon the same opinions available to Activision when it filed its own motion, there can be no new issue to which Activision's scattered *Daubert* "evidentiary objections" are proper rebuttal. *Corelogic,* 2021 WL 1156860, at *4 (C.D. Cal. Jan. 29, 2021).

While Activision's responsive evidentiary objections purport to "address[] the flaws they claim render the survey[] unreliable and subject to exclusion," Activision "ha[s] not yet filed a separate *Daubert* motion, and [Warzone] has not had a fair opportunity to respond to" these new *Daubert* challenges "raised for the first time in" Activision's reply filings. *Stitch Editing Ltd. v. Tiktok Inc.,* No. 21-06636, 2022 WL

17348179, at *6 (C.D. Cal. Nov. 15, 2022).[3]  Allowing Activision to raise its ad hoc *Daubert* challenges through a reply attachment rather than a properly noticed motion would reward procedural gamesmanship and deprive Warzone of the opportunity to fully respond.  The Court should strike these challenges outright and, as courts routinely hold, "decline to consider arguments that are raised for the first time in reply."  *FT Travel—New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) (collecting cases).

## II.  Activision's Improper Challenges to Expert Evidence Contravene the Court's Standing Order

Activision's new challenges to expert evidence also contravene this Court's Civil Trial Order, which specifies under Section D ("Summary Judgment Motions"), Subsection 3 ("Objections to Evidence") that "[c]hallenges to expert testimony and/or reports should be brought as motions *in limine*.  Failure to comply with the court's orders may result in the striking of a motion."  Civil Standing Order, February 1, 2025 at 13:15-17.[4]  Here, Activision has not filed a motion *in limine* challenging Warzone's experts under *Daubert* or any other evidentiary standard.  Instead, it improperly embedded its challenges in purported evidentiary objections, evading the structured process the Court has set forth.  *See* Background.

The Court has previously rejected attempts to challenge expert evidence at summary judgment outside of the motion *in limine* process, holding that "motions to

---

[3] "The Court will not prejudge the outcome of Defendants' anticipated *Daubert* motion."  *Stitch Editing Ltd. v. Tiktok Inc.,* No. 21-6636, 2022 WL 17348179, at *6 (C.D. Cal. Nov. 15, 2022) (declining to consider "five pages [of] arguments addressing the flaws they claim render the surveys unreliable and subject to exclusion"); *Blue Bottle Coffee, LLC v. Liao*, No. 21-6083, 2024 WL 2061259, at *17 (N.D. Cal. May 7, 2024) ("Blue Bottle also promises a forthcoming *Daubert* motion on Harper, but it does not appear that it ever filed one").

[4] Available at https://www.cacd.uscourts.gov/sites/default/files/documents/FLA/AD/Judge%20Aenlle-Rocha%20Civil%20Standing%20Order%20%282-1-25%29.pdf (last accessed March 12, 2025).

exclude expert opinions should be made as motions *in limine* and heard at the Final Pretrial Conference." *Hesselbrock v. I.Q. Data Sys.*, No. 23-2169-FLA, Docket No. 107 (Exhibit 2 to the Germinario Declaration); *see also Hesselbrock v. I.Q. Data Sys.,* No. 23-2169-FLA*,* 2024 WL 4868261, at *3 (C.D. Cal. Sept. 3, 2024) (deciding evidentiary objections on summary judgment without considering stricken *Daubert* objections). Activision's end-run around the Court's schedule should likewise be rejected, and the Court should strike Activision's Evidentiary Objections, Section I.C (3:11 to 7:23) and Specific Objections, portions of Section II.A (9:1-19), and Sections II.C and II.D in their entirety (17:9-21:13) without prejudice to Activision raising its motion *in limine* at the appropriate time.

## CONCLUSION

Based on the foregoing, the Court should grant this Application.

Date:  March 12, 2025                    Respectfully submitted,

_____
Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
Nicole A. Bloomfield (State Bar No. 356757)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-3073@cases.warrenlex.com

*Attorneys for Defendant /
Counterclaimant Warzone.com, LLC*