1  MARC E. MAYER (SBN 190969)
     mem@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
     kgp@msk.com
3  LINDSAY EDELSTEIN (*pro hac vice*)
     lre@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WARZONE.COM, LLC,<br><br>Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Judge Fernando L. Aenlle-Rocha]<br><br>**MEMORANDUM IN OPPOSITION TO WARZONE.COM, LLC'S *EX PARTE* APPLICATION TO STRIKE CERTAIN PORTIONS OF ACTIVISION PUBLISHING, INC.'S EVIDENTIARY OBJECTIONS** |
| WARZONE.COM, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Counterdefendant. | Complaint Filed:     Apr. 8, 2021<br>Counterclaim Filed:  June 8, 2021<br>Pretrial Conference:  May 19, 2025, at 1:30 p.m.<br>Trial:                May 27, 2025, at 8:15 a.m. |

Mitchell Silberberg & Knupp LLP

Plaintiff/Counterclaim-Defendant Activision Publishing, Inc. hereby opposes the *ex parte* request of Defendant/Counterclaimant Warzone.com, LLC ("WZLLC") to strike certain portions of Activision's objections to evidence offered by WZLLC in opposition to Activision's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (the "Evidentiary Objections"; ECF 133-4).

## I.   INTRODUCTION

WZLLC's *ex parte* application seeks to strike references in the Evidentiary Objections to critical and facially obvious flaws in WZLLC's experts' declarations and supporting opinions. The application lacks legal or factual bases, and should be denied. The application erroneously mischaracterizes arguments already raised by Activision in its moving papers and valid responses to legal arguments made in WZLLC's opposition as "new evidence or argument first submitted on reply." Appl. at 2. The application also improperly seeks to divest the Court of its discretion to determine whether expert opinions offered by a non-moving party create a triable issue of fact.

As set forth below, irrespective of the outcome of WZLLC's application (which should be denied) or whether the Court ultimately considers the expert testimony at issue, the Court should grant Activision's Motion for Summary Judgment. As set forth in Activision's Motion, WZLLC's expert testimony so obviously lacks probative value that it cannot create genuine issues of fact with regard to any of the dispositive issues.

## II.   ARGUMENT

As a threshold matter, the *ex parte* application is procedurally improper because WZLLC fails to set forth any basis for *emergency* relief. As this Court has held, *ex parte* applications are "rarely justified." *Langer v. 4270 Atl., LLC*, 2021 WL 5933098, at *1 (C.D. Cal. June 25, 2021) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)); *see also* Civil

Standing Order at 16 ("*Ex parte* applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications.") (citing *Mission Power*); *Wixen Music Publ'g, Inc. v. Triller, Inc.*, 2022 WL 3137943, at *1 (C.D. Cal. July 6, 2022) ("*Ex parte* applications are reserved for emergency situations….") (same). To obtain *ex parte* relief, the moving party must establish his or her cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492. WZLLC makes no attempt to explain why it would be prejudiced here – far less why emergency relief is necessary -- particularly since the Court has discretion (irrespective of Activision's objections) to consider or decline to consider WZLLC's expert testimony.

The foregoing aside, WZLLC's arguments are not well taken, for the further reasons set forth below.

### A. **Activision Did Not Make "New" Arguments On Reply.**

In its moving papers, Activision specifically argued that WZLLC failed to raise any issue of fact as to actual confusion, including because it did not proffer *probative* survey evidence. *See* Mot. at 18 ("Nor has WZLLC produced any survey evidence reflecting source confusion by likely *Warzone/Warzone Idle* customers."). Activision also argued that WZLLC's claim for lost profits was legally meritless because it was based on purely speculative, hybrid expert/percipient testimony and opinion from WZLLC's would-be marketing consultant, Bo Geddes. *Id.* at 22-23. In its application, WZLLC argues that these arguments were insufficient to "raise" issues concerning its survey expert and lost-profits expert. Specifically, WZLLC argues that since Activision allegedly "bore the burden of persuasion to show that [WZLLC] lacks evidence to support its claims," it was incumbent on Activision to affirmatively object to the reports and

Mitchell
Silberberg &
Knupp LLP

2
OPPOSITION TO *EX PARTE* APPLICATION

1  testimony of Claudiu Dimofte and Bo Geddes.  Appl. at 2.  The argument

2  mischaracterizes Activision's Motion and misstates the law.

3        The law is clear that on "an issue on which the nonmoving party bears the

4  burden of proof," the burden is not "on the party moving for summary judgment to

5  produce evidence showing the absence of a genuine issue of material fact."

6  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Instead… the burden on the

7  moving party may be discharged by 'showing' – that is, pointing out to the district

8  court – that there is an ***absence of evidence*** to support the nonmoving party's

9  case."  *Id.* (emphasis added).  Once Activision identified the absence of evidence

10  (Mot. at 18, 22-23), the burden then appropriately shifted to WZLLC, who

11  attempted to rely on its experts.  Activision's response that WZLLC did not

12  possess evidence (including expert evidence), to support its case was not a "new"

13  issue on reply.[1]  Moreover, even if Activision had not already made these

14  arguments in its moving papers, the arguments at issue would be proper under this

15  Court's Local Rules.  C.D. Cal. L.R. 7-10 provides, in pertinent part: "A moving

16  party may … file a reply memorandum, and declarations or other rebuttal

17  evidence."  In other words, "moving parties are permitted to file reply memoranda

18  both to support their own motion and ***to rebut arguments made in the non-moving***

19  ***party's opposition, if any***."  *Collier v. McKay*, 2025 WL 101646, at *3 n.5 (C.D.

20  Cal. Jan. 7, 2025) (emphasis added).

---

[1] The cases WZLLC cites (*see* Appl. at 4, n.3) are easily distinguishable.  In *Stitch Editing Ltd. v. Tiktok Inc.,* 2022 WL 17348179 (C.D. Cal. Nov. 15, 2022), the defendant moved for summary judgment promising "a separate *Daubert* motion," and argued extensively against the admissibility of the plaintiff's expert in a supplemental brief.  *See id.* at *6.  Resolving the party's cross-motions, the court pointed to several other bases in addition to that expert's testimony that "could also support a jury's finding in Plaintiff's favor on the *Sleekcraft* factors."  *Id.*  In *Blue Bottle Coffee, LLC v. Liao*, 2024 WL 2061259 (N.D. Cal. May 7, 2024), the moving party also had "promise[d]" a *Daubert* motion but not filed one, there was no mention of evidentiary objections, and the Court had already ruled that one of the expert's surveys, done in a recognized *Eveready* format, was admissible.  *Id.* at *17 & n.12.

### B. Arguments As To WZLLC's Expert Testimony Are Appropriate At This Stage.

WZLLC's mischaracterization of Activision's expert-related evidentiary objections as premature "*Daubert* challenges" also is without basis and confuses the purposes of (and conflates) Fed. R. Evid. 702 and Fed. R. Civ. P. 56.

At the summary judgment stage, courts may determine whether expert evidence propounded by a non-moving party results in a triable issue of fact. *See Moreno v. Ross Island Sand & Gravel Co.*, 2015 WL 5604443, at *6 (E.D. Cal. Sept. 23, 2015) (acknowledging "the court can, at the time of summary judgment, determine that [] [expert] testimony does not result in a triable issue of fact") (internal quotations omitted). As this Court has held (and WZLLC admitted in its own papers), trademark surveys, in particular, are insufficient ***to preclude summary judgment*** or create a disputed factual issue where they are "methodologically flawed" or otherwise inadmissible (including under Rule 702), or simply factually mismatched to the issues at hand. *See, e.g., Deckers Outdoor Corp. v. Wal-Mart Stores, Inc.*, No. 2:20-CV-09521-FLA (EX), 2024 WL 2208099, at *8 (C.D. Cal. Apr. 9, 2024) (Aenlle-Rocha, J.) ("disregard[ing] and strik[ing]" expert survey at the summary judgement stage, quoting *Daubert*, 509 U.S. at 589–90, noting "a trial court 'must ensure that any and all [expert] testimony and evidence admitted is not only relevant, but reliable'").

While, "[i]n general, evidence presented with a motion for summary judgment must be admissible," *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003), "court[s] should take caution not to confuse the purposes of Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 56." The question on summary judgment is "whether there in a link between the expert's testimony and the matter to be proved[,]" not one of exclusion at trial. *Moreno*, 2015 WL 5604443, at *6.

Activision expressly addressed these principles in its Evidentiary Objections:

> The court's gatekeeping role with respect to expert testimony applies on summary judgment. *See, e.g., Sytsma v. Phillips 66 Co.,* 2022 WL 1135839, at *3. (W.D. Wash. Apr. 18, 2022) (not crediting deficient expert testimony, as a "court can only consider admissible evidence in ruling on a motion for summary judgment") (quoting *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)).

Evidentiary Objections, at 3-4.

Under these principles, courts routinely hold that expert testimony, including survey evidence, found deficient under Rule 702 fails to create a triable issue of fact for summary judgment. *See, e.g.*, *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 WL 572290, at *4-5 (N.D. Cal. Feb. 11, 2014) (granting summary judgment and holding that unreliable survey could not create dispute of fact).

Moreover, even if such testimony were to be admissible, the court may rely on basic evidentiary principles to find such testimony to be insufficiently probative or reliable to create issues of fact. *See, e.g.*, *Vista Food Exch., Inc. v. Vistar Corp.*, 2005 WL 2371958, at *7 (E.D.N.Y. Sept. 27, 2005) ("Because it is axiomatic that inadmissible information cannot defeat a well-grounded motion for summary judgment, Plaintiff's reliance on [its expert's] survey is misplaced . . . [E]ven assuming *arguendo* that the survey was admissible, its weight would be *de minimis* and, thus, insufficient to raise a triable issue of fact on the likelihood of consumer confusion."); *Kournikova v. Gen. Media Commc'ns, Inc.,* 278 F. Supp. 2d 1111, 1125-26 (C.D. Cal. 2003) (excluding survey evidence and granting summary judgment, explaining that even if "the Court elected not to strike Plaintiff['s] seriously flawed survey, it carries insufficient weight to establish a genuine issue of material fact for trial.").

WZLLC's suggestion that expert testimony submitted in opposition to summary judgment automatically gives rise to a triable issue (*see* Opp. at 10)[2] is unsupported by law, as "an expert's report is not a talisman against summary judgment." *Raskin v. Wyatt Co.,* 125 F.3d 55, 66 (2d Cir. 1997); *Mattel, Inc., v. MCA Records, Inc.*, 28 F.Supp.2d 1120, 1133 (C.D. Cal. 1998) ("[t]he mere presentation of a survey purporting to show confusion, however, does not itself create a triable issue of fact."); *Universal City Studios, Inc. v. Nintendo Co.*, 746 F.2d 112, 118 (2d Cir. 1984) (finding a survey "so badly flawed that it cannot be used to demonstrate the existence of a question of fact on the likelihood of consumer confusion").

WZLLC's selective citations to this Court's Standing Orders also fail to identify any impropriety in Activision's filings. For example, the Standing Order (at 13) provides, in pertinent part:

> The court treats ***motions to admit or exclude evidence***, including expert testimony and/or reports, as motions *in limine* subject to the requirements set forth in the court's Scheduling and Trial Order. Challenges to expert testimony and/or reports should be brought as motions *in limine*. Failure to comply with the court's orders may result in the striking of ***a motion***.

(Emphasis added.) This Court's Civil Trial Standing Order (at 9) further states that "[c]hallenges to expert testimony and/or reports should be brought as motions *in limine* and are subject to the aforementioned [pre-trial] schedule and limit. Any challenges to expert testimony or reports ***brought as separate motions*** shall be stricken" (emphasis added). WZLLC omits any references in the Standing Order to separate "motions," which distinguishes the situation here. Activision simply

---

[2] WZLLC's opposition cites *Playboy Enters., Inc. v. Netscape Commc'ns Corp.,* 354 F.3d 1020, 1027 (9th Cir. 2004), in an attempt to suggest that submission of a trademark survey alone "probably preclude[s] summary judgment." But in *Playboy*, the Ninth Circuit noted that the district court had already found the survey admissible, and that the holding was not before it. *See Playboy Enters*, 354 F.3d at 1027.

Mitchell Silberberg & Knupp LLP

6

**OPPOSITION TO *EX PARTE* APPLICATION**

1  included in its evidentiary objections a brief explanation of why Geddes' or
2  Dimofte's testimony cannot preclude summary judgment. WZLLC's reliance on
3  *Hesselbrock* is misplaced, including because in that case the defendant filed ***a***
4  ***wholly separate motion to strike*** plaintiff's expert designation and report, which is
5  not the case here. *See Hesselbrock v. I.Q. Data Sys.*, No. 23-2169-FLA, Docket
6  No. 107; ECF 135-3 (Germinario Decl., Ex. 2) ("Order Denying . . . ***Motion to***
7  ***Strike***") (emphasis added).[3]

## III. CONCLUSION

Not only is there no emergency here warranting *ex parte* relief, but WZLLC's premises are simply mistaken. Activision met its limited burden to point to the absence of probative expert evidence that could raise an issue of fact in its motion, and was not obligated to await a trial to object to the highly flawed, non-probative evidence WZLLC submitted on opposition. To do otherwise would defeat the very purpose of summary judgment proceedings, and was not reasonably required under this Court's standing orders. The Court should deny WZLLC's *ex parte* application.

---

[3] The lack of alternative options for Activision to raise any arguments related to WZLLC's experts highlights the propriety of the manner in which it did so. WZLLC's suggestion that such arguments could only be "heard at the [May 19, 2025] Final Pretrial Conference" (Mot. at 4-5) is untenable. And Activision could not have filed an early *in limine* motion in response to WZLLC's opposition papers. Not only does the Court's Civil Trial Standing Order instruct that such motions are for purposes of admission at trial only, but an *in limine* motion could not have been briefed on the schedule allotted for summary judgment. Notwithstanding its evidentiary objections, in the event Activision's Motion for Summary Judgment is not granted, Activision intends to file *Daubert* motions concerning the admission or exclusion of experts ***at trial*** as part of its *in limine* filings.

Mitchell Silberberg & Knupp LLP

7

**OPPOSITION TO *EX PARTE* APPLICATION**

| | | |
|---|---|---|
| 1 | DATED: March 13, 2025 | MARC E. MAYER |
| 2 | | KARIN G. PAGNANELLI |
| | | LINDSAY EDELSTEIN |
| 3 | | MITCHELL SILBERBERG & KNUPP LLP |

By: */s/ Marc E. Mayer*
          Marc E. Mayer (SBN 190969)
          Attorneys for Activision Publishing, Inc.

**Certificate of Compliance-L.R.11-6.2.**

The undersigned, counsel of record for Activision Publishing, Inc., certifies that this brief contains 2,251 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 13, 2025               /s/ Marc E. Mayer
                                                            Marc E. Mayer