MARC E. MAYER (SBN 190969)
　mem@msk.com
KARIN G. PAGNANELLI (SBN 174763)
　kgp@msk.com
LINDSAY R. EDELSTEIN (*pro hac vice*)
　lre@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARZONE.COM, LLC,<br><br>　　　　Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Judge Fernando L. Aenlle-Rocha]<br><br>**ACTIVISION PUBLISHING, INC.'S *EX PARTE* APPLICATION TO VACATE, OR ALTERNATIVELY, TO CONTINUE THE TRIAL-RELATED DEADLINES AND DATES PENDING A DECISION ON ACTIVISION'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT** |
| WARZONE.COM, LLC,<br><br>　　　　Counterclaimant,<br><br>　v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>　　　　Counterclaim Defendant. | Complaint Filed:　Apr. 8, 2021<br>Counterclaim Filed:　June 8, 2021<br>Pretrial Conference:　May 19, 2025, at 1:30 p.m.<br>Trial:　May 27, 2025, at 8:15 a.m. |

Mitchell Silberberg & Knupp LLP

**ACTIVISION PUBLISHING, INC.'S *EX PARTE* APPLICATION TO VACATE TRIAL DATE**

# NOTICE OF *EX PARTE* APPLICATION

## TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. ("Activision"), will and hereby does apply *ex parte* for an order of this Court vacating the ***May 27, 2025***, trial date and related pre-trial deadlines (currently scheduled for ***April 8, 2025***, ***April 22, 2025***, ***May 19, 2025***, and ***May 27, 2025***) (ECF 75), pending resolution of Activision's Motion for Summary Judgment, or Alternatively, Partial Summary Judgment on Counterclaims of Warzone.com, LLC ("WZLLC") (ECF 112; "Motion for Summary Judgment"). Alternatively, Activision requests that the Court continue the trial-related deadlines and dates in this action to reasonable dates at the Court's discretion which allow both sufficient time for the Court to consider Activision's Motion for Summary Judgment and for the parties to prepare for trial thereafter.

Good cause exists for the relief sought in this *ex parte* application. On February 14, 2025, Activision filed its Motion for Summary Judgment. The Motion for Summary Judgment seeks an order dismissing the case in its entirety or, alternatively, dismissing WZLLC's claims for lost profits and equitable disgorgement. On March 18, 2025, the Court vacated the hearing on the Motion for Summary Judgment, which had been scheduled for March 21, 2025, and took the Motion for Summary Judgment under submission. If the Court grants Activision's Motion for Summary Judgment in whole or in part, the need for trial will be obviated altogether or WZLLC's damages claims will be highly circumscribed – eliminating the need for certain expert testimony and, potentially, for a jury (if only equitable claims remain). Thus, for the sake of judicial economy and efficiency, and to preserve the resources of the parties, Activision respectfully requests that the trial-related deadlines and dates either be (1) vacated pending

resolution of Activision's Motion for Summary Judgment, or (2) continued to reasonable dates at the Court's discretion which allow both sufficient time for the Court to consider Activision's Motion for Summary Judgment and for the parties to prepare for trial on any remaining claims or damages theories.

Activision met and conferred with counsel for WZLLC regarding the relief sought in this Application, including on March 19, 2025 via Zoom conference. Activision provided written and oral notice of this Application pursuant to Local Rule 7-19.1.  WZLLC has not agreed to jointly seek the relief requested herein, necessitating the need for this Application.  WZLLC's counsel indicated it would oppose the Application.

This *ex parte* application is based upon this Application, the Memorandum of Points and Authorities in Support, the concurrently filed Declaration of Marc E. Mayer, all pleadings and other records on file in this action, any other matters that may be judicially noticed, and such further evidence and arguments as may be presented at or before any hearing on this Application.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to this Court's procedures, *ex parte* applications are typically considered on the papers and are rarely set for hearing.  If the Court finds that a hearing is necessary, the parties will be notified by minute order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Court's procedures, any opposition must be filed within twenty-four (24) hours following service of this *ex parte* application.  If WZLLC does not intend to oppose this *ex parte* application, it must inform the Courtroom Deputy Clerk at (213) 894-5686.

DATED:  March 24, 2025

MARC E. MAYER
KARIN G. PAGNANELLI
LINDSAY R. EDELSTEIN
JAMES D. BERKLEY
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
Marc E. Mayer (SBN 190969)
Attorneys for Activision Publishing, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Good cause exists to vacate the May 27, 2025, trial date and related deadlines pending a ruling on Activision's Motion for Summary Judgment, or to continue the trial and related deadlines to dates that allow the Court sufficient time to consider Activision's Motion for Summary Judgment and for the parties to prepare for trial thereafter. Activision's Motion for Summary Judgment seeks dismissal of WZLLC's infringement claims in their entirety or, in the alternative, dismissal of WZLLC's lost-profits and equitable disgorgement theories. Activision has diligently pursued discovery and has complied with all of the Court's pre-trial deadlines. If the forthcoming case deadlines and trial date are not vacated or continued pending a ruling on Activision's Motion for Summary Judgment, however, Activision, WZLLC, and the Court will expend significant resources over the next several weeks preparing for a trial that may not occur or that may be narrowed substantially. Indeed, the parties must meet and confer within one week so that they can meet their April 8 deadline for motions *in limine*, memoranda of contentions of fact and law, witness lists, a joint exhibit list, and a joint status report regarding settlement. ECF 70, 75. Two weeks after that (on April 22), the parties must file oppositions to motions *in limine*, jury instructions, verdict forms, a proposed final pre-trial conference order, voir dire questions, and a statement of the case.

A ruling on Activision's Motion for Summary Judgment – which is fully briefed and under submission – will necessarily inform the scope and contents of those filings. Both parties will be prejudiced if they are required to make critical decisions about key issues like the subjects of their motions *in limine* and exhibit lists without the benefit of the Court's ruling on the dispositive issues raised in Activision's Motion.

WZLLC would suffer no prejudice if the trial date and pre-trial deadlines are vacated or continued until the Court issues a decision on the Motion for Summary Judgment. The video games at issue in this civil lawsuit have both been publicly available for over five years, and WZLLC has not established that any harm it has suffered (or purportedly is continuing to suffer) is not compensable by monetary damages. An extension of the schedule in this case to give the parties the benefit of the Court's ruling on Activision's Motion for Summary Judgment does not threaten any new harm to WZLLC.

## II. RELEVANT BACKGROUND

This is a trademark infringement lawsuit arising from claims that Activision infringed WZLLC's alleged trademark rights in the word "Warzone" by offering to the public a video game titled *Call of Duty: Warzone*. *Call of Duty: Warzone* was released to the public on March 10, 2020. Eight months passed before WZLLC first claimed, in a letter to Activision's trademark counsel, that Activision was infringing WZLLC's alleged trademark rights. In that letter, WZLLC did not claim that it was suffering immediate irreparable harm but instead demanded "the payment of money to [WZLLC] in exchange for an assignment or license of the mark to Activision." ECF 115-2, pp. 75-81 of 128.

On April 8, 2021, after WZLLC made a large monetary demand and threatened to seek injunctive relief – and when it became apparent that the parties were at an impasse – Activision filed its Complaint for Declaratory Relief. ECF 1. On June 8, 2021, Warzone filed counterclaims for trademark infringement, false designation of origin, and unfair competition. ECF 14. On August 15, 2022, the Court granted Activision's Motion to Dismiss the Counterclaims and for Judgment on the Pleadings. ECF 57. WZLLC appealed the decision and the parties fully briefed the appeal. However, following the decision of the U.S. Supreme Court in *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140 (2023), the Ninth Circuit vacated the Court's decision and remanded this case for further

proceedings. ECF 62. On April 11, 2024, this Court vacated its August 15, 2022, order. ECF 69.

The first scheduling order in this case was issued less than one year ago. ECF 70. Pursuant to the operative Scheduling Order, the parties completed fact discovery on or around December 17, 2024, and completed expert discovery on February 14, 2025. ECF 75, 107. On February 14, 2025, Activision filed its Motion for Summary Judgment, which was set for hearing on March 21, 2025. ECF 112-115. As of March 7, 2025, the Motion for Summary Judgment has been fully briefed. ECF 122-134. On March 18, 2025, the Court vacated the hearing on the Motion for Summary Judgment and took it under submission. ECF 137.

Under the Local Rules and the operative Scheduling Order (ECF 70, 75), the pre-trial deadlines leading up to the May 27 trial are as follows:

| Event | Deadline |
|---|---|
| Deadline to Meet and Confer Regarding Motions *in Limine* | 4/1/25 |
| Trial Filings (First Round):<br>• Motions *in Limine*<br>• Memoranda of Contentions of Fact and Law<br>• Witness Lists<br>• Joint Exhibit List<br>• Joint Status Regarding Settlement | 4/8/25 |
| Deadline to Meet and Confer Pursuant to L.R. 16-2 Regarding, *inter alia*:<br>• Stipulation of Undisputed Facts<br>• Disclosure of Exhibits and Witnesses<br>• Expert Issues<br>• Evidentiary Matters<br>• Deposition Testimony<br>• Contentions of Law and Fact | 4/9/25 |

| Event | Deadline |
|---|---|
| Trial Filings (Second Round):<br>• Oppositions to Motions *in Limine*<br>• Joint Proposed Final Pretrial Conference Order<br>• Joint Agreed Upon Jury Instructions<br>• Joint Proposed Verdict Forms<br>• Joint Proposed Statement of the Case<br>• Proposed Voir Dire Questions | 4/22/25 |
| Final Pretrial Conference | 5/19/25 |
| Trial | 5/27/25 |

Activision has met and conferred with counsel for WZLLC regarding the relief sought in this Application. Declaration of Marc E. Mayer ("Mayer Decl."), ¶¶ 15-18. Such meet and confer efforts included providing written and oral notice of this Application pursuant to Local Rule 7-19.1. *Id.* Initially, WZLLC's counsel indicated that she would consider a trial continuance if the Court had not ruled on Activision's Motion for Summary Judgment by mid-April. The following day, however, WZLLC's counsel retracted that position and suggested that trial could commence even before the Court decides the Motion for Summary Judgment. *Id.* ¶¶ 16-18.

This is the second request for a modification of the existing scheduling order (except for the one-week continuance of the expert discovery deadline and motion deadline due to the wildfires); the previous request was granted. *See* ECF 75, 107.

### III. ARGUMENT

#### A. Good Cause Exists for the Relief Requested.

Good cause exists for the Court to exercise its broad discretion to modify the scheduling order so that the parties have the benefit of the Court's ruling on Activision's Motion for Summary Judgment before making critical trial-strategy decisions and expending significant resources that may be unnecessary. Fed. R. Civ. P. 16(b); *Rastgouie v. Michael Kors Stores California, Inc.*, No. LACV1900012JAKJEMX, 2021 WL 4786886, at *3 (C.D. Cal. Mar. 2, 2021). In

determining whether good cause exists to grant a trial continuance, courts consider factors such as (1) the movant's diligence in preparing for trial, (2) whether a continuance achieves the movant's purpose, (3) the inconvenience of a continuance to the court and non-moving party, and (4) any resulting prejudice the movant may suffer as a result of the denial.  *See Bearchild v. Cobban*, 947 F.3d 1130, 1138 (9th Cir. 2020).  Courts also consider whether interests in efficiency and judicial economy would be advanced by a continuance or modification of the scheduling order.  *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1196-97, n.11 (C.D. Cal. 2009) (amending scheduling order and explaining that the advisory notes to Rule 16(b) outline the goal of efficient case disposition), *aff'd*, 654 F.3d 975 (9th Cir. 2011).

Each of the four factors are met here, and efficiency and judicial economy would be well served by continuing the upcoming deadlines and trial date so that the parties have the benefit of the Court's ruling on Activision's Motion for Summary Judgment sufficiently before pre-trial deadlines.

*First*, Activision has been diligently preparing for trial.  It completed both fact and expert discovery on the schedule entered by the Court less than a year ago. *See* ECF 75.  Activision raised discovery disputes with ample time to be addressed by the Court before the fact-discovery deadline.  *See, e.g.*, ECF 87.  Activision timely filed its Motion for Summary Judgment, for which briefing has been complete since March 7.  To date, there has been only one, ***jointly-requested*** schedule extension granted since the Court entered the operative pre-trial order – a one-week extension of the expert discovery cut-off and motion-hearing deadline due to the Los Angeles wildfires in January and counsel's evacuation.  *See, e.g.*, ECF 107.

*Second*, and relatedly, Activision has compelling justification for seeking a continuance while its Motion for Summary Judgment remains pending. Activision's goal is not delay for delay's sake or to reward any lack of diligence on

its part. Rather, Activision seeks to avoid the parties and the Court expending significant resources preparing for a trial that may not occur or that may be narrowed or streamlined by the Court's decision on the Motion for Summary Judgment. Under the current schedule:

- By April 1, Activision and WZLLC would need to decide the topics for their five motions *in limine* in order to satisfy the meet and confer deadline. Without the benefit of a ruling on the Motion for Summary Judgment, Activision cannot determine which evidentiary issues are of highest priority and which may be obviated by the Court's ruling. For example, if the Court were to strike WZLLC's lost-profits claims or equitable disgorgement claims, that would avoid the need for certain *in limine* motions addressing the testimony of various WZLLC experts.

- By April 8, the parties' motions *in limine*, memoranda of contentions of fact and law, witness lists, and joint exhibit list are due. ECF 70, 75. Both parties would be prejudiced by not knowing the scope of trial while negotiating and drafting these voluminous and complex submissions. Activision also expects that each party will include hundreds of exhibits on the joint exhibit list, which could be meaningfully narrowed even if the Motion for Summary Judgment is granted in part.

- By April 9, the parties are required to meet and confer pursuant to Local Rule 16-2 regarding, *inter alia*, the stipulation of undisputed facts, disclosure of exhibits and witnesses, expert issues, evidentiary matters, deposition testimony, and contentions of law and fact.

- By April 22, the parties' oppositions to motions *in limine*, joint proposed final pretrial conference order, proposed jury instructions, proposed verdict forms, proposed statement of the case, and proposed voir dire questions are due. ECF 70, 75. A continuance will allow the parties to fully understand the scope of the issues for trial before submitting these materials.

A continuance pending a decision on Activision's Motion for Summary Judgment also is the most efficient approach for the dozen witnesses expected to testify at trial. Mayer Decl. ¶ 14. The parties have designated a total of seven expert witnesses (most of which reside outside the Los Angeles area), and Activision expects that at least five percipient witnesses will testify at trial. *Id*. Some of these witnesses do not reside in the Los Angeles area, and thus travel arrangements will need to be made for those witnesses. *Id.*

Moreover, Activision has sought summary judgment on WZLLC's claims for lost profits, which is the only actual damages theory that WZLLC is pursuing. If that claim is dismissed, then only equitable issues will remain in the case (such as equitable disgorgement, injunctive relief, and declaratory relief), and this case should proceed as a bench trial – obviating the need for jury instructions, voir dire questions, and proposed verdict forms. *See MGA Entertainment Inc. v. Harris*, 2022 WL 4596697 at *18 (C.D. Cal. July 29, 2022) (disgorgement "is an equitable claim to which Counterclaimants are not entitled to a jury decision"). A bench trial also could be completed more quickly than a jury trial or could be phased.

Ultimately, without a ruling on the Motion for Summary Judgment, accomplishing the foregoing tasks may be avoidably inefficient for the parties and the Court, particularly where the trial may be severely circumscribed – or may not occur at all. *See Patterson v. City of Yuba City*, No. 212CV01350MCECKD, 2016 WL 258304, at *2 (E.D. Cal. Jan. 21, 2016) (vacating the trial date and all deadlines for filing pretrial documents because "Defendant's Motion [for Summary Judgment] is potentially dispositive of this action, it behooves both the Court and the parties to have it heard. Should the legal issues raised dispose of this case, the time and expense of trial can be saved. Should the Motion for Summary Judgment be denied, at the very least the issues for trial have been narrowed.").

***Third***, vacating the trial date and pre-trial deadlines while the Motion for Summary Judgment is pending would not prejudice WZLLC and would not

inconvenience the Court.  WZLLC cannot establish that a brief delay in trial preparation will have any significant impact on WZLLC or its games, which have co-existed with Activision's *Call of Duty: Warzone* for years.  WZLLC has not claimed or offered any proof that it is suffering ongoing damage that cannot be remedied by monetary damages.  To the contrary, in 2021, it offered to sell or license its trademark to Activision.  ECF 115-2, pp. 75-81 of 128.  And while this case has been pending for nearly five years (*see supra* at 2), WZLLC has **never** sought a preliminary injunction, thereby acknowledging any lack of emergent need for a trial.  Plus, both Activision and WZLLC have claims against each other – another reason WZLLC cannot credibly claim that it is the aggrieved party that would be deprived its day in court by a short continuance.

*Fourth*, as explained above, Activision would be prejudiced if the trial date and related pre-trial deadlines are not continued while Activision's Motion for Summary Judgment is pending.  Absent this relief, Activision (and WZLLC) will need to make critical decisions about trial strategy – and spend significant resources doing so – without knowing the scope of the trial, whether the trial would be a bench or jury trial, or whether there will even be a trial.

Thus, the Court should use its discretion, as it has done in other matters, to vacate the trial and pre-trial deadlines in light of the pending Motion for Summary Judgment. *See, e.g.*, *Citizens Business Bank v. Mission Bank*, No. 5:22-CV-01473, ECF 209 (C.D. Cal. Oct. 17, 2024) (Aenlle-Rocha, J.) ("The court, on its own motion, VACATES the final pretrial conference and hearings on the parties' motions *in limine* set for October 25, 2024 . . . and the jury trial set to begin November 12, 2024, pending resolution of Defendant's motion for summary judgment."); *Mouradian v. GEICO General Ins. Co.*, 2:23-CV-07211, ECF 46 ("The court, on its own motion, vacates the final pretrial conference, trial date, and associated filing deadlines, pending ruling on Defendant['s] Motion for Summary Judgment.") (Aenlle-Rocha, J.); *Langer v. 786 Samantha Inc.,* 2:20-CV-06970,

Mitchell
Silberberg &
Knupp LLP

8

**ACTIVISION PUBLISHING, INC.'S *EX PARTE* APPLICATION TO VACATE TRIAL DATE**

ECF 109 (vacating final pretrial conference and trial pending motion for summary judgment) (Aenlle-Rocha, J.).

## B. Activision Meets the Standard for *Ex Parte* Relief.

Activision satisfies the standard for seeking relief through an *ex parte* application. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (applicant must (1) show it will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) it is without fault in creating the circumstances that requires *ex parte* relief). If Activision sought this relief via regular noticed motion, the earliest it could be heard is on April 25, 2025 —*i.e.*, **after** the April 1 meet-and-confer deadline, the April 8 deadline for the first round of pre-trial filings, the April 9 deadline to meet and confer under L.R. 16-2, and the April 22 deadline for the second round of pre-trial filings. As explained above, this timeline would prejudice Activision (and WZLLC). Likewise, Activision did not create the circumstances requiring *ex parte* relief – it is simply a product of the compressed schedule between submission of the Motion for Summary Judgment and trial.

## IV. CONCLUSION

For these reasons, Activision respectfully requests that the trial-related deadlines and dates in this action be vacated pending resolution on Activision's Motion for Summary, or in the alternative, be continued to dates at the Court's discretion which allow both sufficient time for the Court to consider Activision's Motion for Summary Judgment and for the parties to prepare for trial thereafter.

DATED: March 24, 2025

MARC E. MAYER
KARIN G. PAGNANELLI
LINDSAY R. EDELSTEIN
JAMES D. BERKLEY
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
　　　Marc E. Mayer (SBN 190969)
　　　Attorneys for Activision Publishing, Inc.

Mitchell Silberberg & Knupp LLP

9

**ACTIVISION PUBLISHING, INC.'S *EX PARTE* APPLICATION TO VACATE TRIAL DATE**

**Certificate of Compliance-L.R.11-6.2.**

The undersigned, counsel of record for Activision Publishing, Inc. certifies that this brief contains 2,710 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 24, 2025                  */s/ Marc E. Mayer*
                                                                Marc E. Mayer