1  MARC E. MAYER (SBN 190969)
     mem@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
     kgp@msk.com
3  LINDSAY R. EDELSTEIN (*pro hac vice*)
     lre@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Activision Publishing,
   Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  ACTIVISION PUBLISHING, INC., a         CASE NO. 2:21-cv-3073-FLA (JCx)
    Delaware corporation,
13                                         [Judge Fernando L. Aenlle-Rocha]
                   Plaintiff,
14                                         **DECLARATION OF MARC E.
          v.                               MAYER IN SUPPORT OF
15                                         ACTIVISION PUBLISHING, INC.'S
    WARZONE.COM, LLC,                      *EX PARTE* APPLICATION TO
16                                         VACATE, OR ALTERNATIVELY,
                   Defendant.              TO CONTINUE THE TRIAL-
17                                         RELATED DEADLINES AND
                                           DATES PENDING A DECISION ON
    WARZONE.COM, LLC,                      ACTIVISION'S MOTION FOR
18                                         SUMMARY JUDGMENT, OR
                   Counterclaimant,        ALTERNATIVELY, FOR PARTIAL
19                                         SUMMARY JUDGMENT
          v.
20                                         Complaint Filed:     Apr. 8, 2021
    ACTIVISION PUBLISHING, INC., a         Counterclaim Filed:  June 8, 2021
21  Delaware corporation,                  Pretrial Conference: May 19, 2025,
                                                                at 1:30 p.m.
22                 Counterclaim Defendant. Trial:               May 27, 2025,
                                                                at 8:15 a.m.
23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

_____
                    **DECLARATION OF MARC E. MAYER**

I, Marc E. Mayer, declare as follows:

1.      I am an attorney-at-law, duly licensed to practice law in the State of California and before this Court.  I am, through my professional corporation, a partner with the law firm of Mitchell Silberberg & Knupp LLP, counsel of record for Plaintiff and Counterclaim-Defendant Activision Publishing, Inc. ("Activision") in this action.  I make this declaration in support of Activision's *Ex Parte* Application to Vacate, or Alternatively, to Continue the Trial-Related Deadlines and Dates Pending a Decision on Activision's Motion for Summary Judgment, or Alternatively, for Partial Summary Judgment (the "Application").  I have personal knowledge of the following facts, and, if called as a witness, could and would competently testify thereto.

2.      The first scheduling order in this case was issued less than one year ago, on April 11, 2024.  ECF 70.

3.      Thereafter, the parties jointly requested to continue the trial date and all related pretrial, discovery, expert, and motion deadlines by approximately 60 days to focus their efforts on a private mediation, which was held on May 31, 2024.  ECF 73.

4.      The Court granted the parties' joint request, and the operative Scheduling Order (which was slightly modified on January 14, 2025 due to the California wildfires, ECF 107) was entered on April 29, 2024.  ECF 75.

5.      Pursuant to the Scheduling Order, the parties completed fact discovery on or around December 17, 2024, and completed expert discovery on February 14, 2025.

6.      On February 14, 2025, Activision filed its Motion for Summary Judgment, which was set for hearing on March 21, 2025.  ECF 111-116.  As of March 7, 2025, the Motion for Summary Judgment has been fully briefed.  ECF 122-134.

7.      The Motion for Summary Judgment seeks dismissal of Warzone.com,

Mitchell
Silberberg &
Knupp LLP

2

**DECLARATION OF MARC E. MAYER**

1   LLC's ("WZLLC") infringement claims in their entirety or, in the alternative,

2   dismissal of WZLLC's lost-profits and equitable disgorgement theories.  *Id.*

3       8.      On March 18, 2025, the Court vacated the hearing on the Motion for

4   Summary Judgment and took it under submission.  ECF 137.

5       9.      Pursuant to the Scheduling Order, the upcoming pre-trial deadlines are

6   as follows:

| Event | Deadline |
|---|---|
| Trial Filings (First Round) | 4/8/25 |
| Trial Filings (Second Round) | 4/22/25 |
| Final Pretrial Conference | 5/19/25 (at 1:30 p.m.) |
| Trial | 5/27/25 (at 8:15 a.m.) |

11      10.     By April 1, 2025, the parties are required to meet and confer regarding

12  the topics of their motions *in limine*.

13      11.     By April 8, 2025, the parties' motions *in limine*, memoranda of

14  contentions of fact and law, witness lists, and joint exhibit list are due.  ECF 70,

15  75.  I expect that each party will include hundreds of exhibits on the joint exhibit

16  list.

17      12.     By April 9, 2025, the parties are required to meet and confer pursuant

18  to Local Rule 16-2 regarding, *inter alia*, the stipulation of undisputed facts,

19  disclosure of exhibits and witnesses, expert issues, evidentiary matters, deposition

20  testimony, and contentions of law and fact.

21      13.     By April 22, 2025, the parties' oppositions to motions *in limine*, joint

22  proposed final pretrial conference order, proposed jury instructions, proposed

23  verdict forms, proposed statement of the case, and proposed voir dire questions are

24  due. ECF 70, 75.

25      14.     Within the next month, Activision will need to engage in intensive

26  pre-trial preparations involving counsel and its witnesses.  The parties have

27  designated a total of seven expert witnesses (most of which reside outside the Los

28  Angeles area), and Activision expects that at least five percipient witnesses will

Mitchell
Silberberg &
Knupp LLP

3

**DECLARATION OF MARC E. MAYER**

1   testify at trial.  Some of these witnesses do not reside in the Los Angeles area, and

2   thus travel arrangements will need to be made for those witnesses.

3           15.    On March 18, 2025, in light of the Court's vacating of the hearing on

4   the Motion for Summary Judgment (ECF 137), I contacted WZLLC's counsel to

5   discuss the pre-trial and trial deadlines and to propose jointly requesting the relief

6   sought via this Application.

7           16.    Counsel for the parties met and conferred via Zoom conference on

8   March 19, 2025.  During such conference, WZLLC's counsel refused to jointly

9   request that the pre-trial and trial dates be vacated or continued pending a decision

10  on the Motion for Summary Judgment.  Instead, WZLLC's counsel proposed that

11  the parties make a joint request that certain "interim" deadlines (namely, the

12  deadlines for the first and second round of pre-trial filings) be continued by

13  approximately two weeks.  I understood from my conversation with WZLLC's

14  counsel that they were prepared to have further discussions about a potential

15  continuance of the trial dates if the Motion for Summary Judgment had not been

16  decided by early April.

17          17.    On March 20, 2025, I emailed WZLLC's counsel explaining that

18  WZLLC's two-week "interim" proposal would not resolve the issues necessitating

19  Activision's instant request.  In my March 20, 2025 email, I advised that if

20  WZLLC would not agree to join in the instant request, Activision would make the

21  request unilaterally on an *ex parte* basis on March 24, 2025.

22          18.    At approximately 5:00 p.m. on March 21, 2025, I received an email

23  from WZLLC's counsel advising me that WZLLC would not agree to stipulate to

24  vacate or move the trial date and that since "courts rule on summary judgment as

25  late as mid-trial" there was no basis to stay pre-trial obligations while awaiting a

26  decision.  On March 24, 2024, I responded to that email to confirm that WZLLC

27  would oppose the request to stay or continue the trial date.  A true and correct copy

28  of the parties' email correspondence is attached hereto as **Exhibit A**.

Mitchell
Silberberg &
Knupp LLP

**DECLARATION OF MARC E. MAYER**

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.

3

4    Executed this 24th day of March, 2025, in Calabasas, California.

5

6                                    */s/ Marc E. Mayer*
                                     Marc E. Mayer
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

5

**DECLARATION OF MARC E. MAYER**

# EXHIBIT A

| | |
|---|---|
| **From:** | Mayer, Marc |
| **To:** | "Jen Kash" |
| **Cc:** | Francesca Germinario; Lackman, Eleanor; Edelstein, Lindsay; Activision Publishing, Inc. v. Warzone.com, LLC; Pagnanelli, Karin |
| **Subject:** | RE: [EXTERNAL] Re: Warzone / Pre-trial deadlines |
| **Date:** | Monday, March 24, 2025 12:44:35 PM |

Jen –

We were disappointed to receive your email.  We were under the clear impression from our call that while you did not have authority at that moment to consent to a continuance of the trial date, you were in agreement that it was in the interests of all parties to wait for a ruling on the pending motion before engaging in an intense pre-trial preparation period over the next four to six weeks.  I gather that this is not (or is no longer) your position.

We certainly understand that your client would prefer to commence trial before the Court has the opportunity to consider our Motion and to force Activision to incur the substantial cost of pre-trial preparation prior to a ruling on the Motion.  However, we firmly believe that interests of judicial economy and efficiency would be furthered by allowing the Court ample opportunity to decide the Motion before trial commences and pre-trial preparation is required.   Moreover, as we have discussed with you, in the event that the Court determines that your "lost profits" claim is impermissibly speculative, only equitable claims will remain in the case (i.e. disgorgement, injunctive relief, declaratory relief) and a jury would not be necessary (thus potentially reducing the length and scope of the trial).

As we discussed last week, it is not uncommon for courts to continue or stay trial dates while dispositive motions are pending, and we fail to see how your client would be prejudiced by a delay. In fact, it has been less than a year since the scheduling order was issued and, as you know, the parties agree to leave the discovery stay in place until June 1, 2024.   During the eight months that this case has been pending, we have not become aware of any evidence reflecting that your client has suffered any additional "damage" to its alleged trademark (indeed, neither your client nor any of its experts have provided any testimony concerning the value of its trademark or of any actual harm to its revenue stream.)   Thus, it is apparent that your refusal to stipulate to any continuance of the trial date is entirely strategic.

In any event, unless you are prepared to modify or soften your position, it seems that we are at an impasse I do not believe that a call this afternoon is necessary.  We, of course, will advise the Court that you oppose the request.   Also, if there are specific dates in 2025 that you are not available for trial, we would be happy to note that in our ex parte application.



**Marc Mayer** | **Partner, through his professional corporation**
T: 310.312.3154 | marc.mayer@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

**7**

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Jen Kash <jen@warrenkashwarren.com>
**Sent:** Friday, March 21, 2025 5:05 PM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Francesca Germinario <francesca@warrenkashwarren.com>; Lackman, Eleanor <eml@msk.com>; Edelstein, Lindsay <lre@msk.com>; Activision Publishing, Inc. v. Warzone.com, LLC <21-3073@cases.warrenlex.com>
**Subject:** [EXTERNAL] Re: Warzone / Pre-trial deadlines

Marc,

Thank you for your email.  As a principal matter, we do not share your opinion that pretrial preparation should be stayed pending the Court's ruling on Activision's motion for summary judgment, and did not agree to such statement on the phone.  As we pointed out, the Court clearly states in its March 18 order taking the motion under submission that it "expects the parties to continue litigating this action diligently while awaiting the court's ruling on this motion," and we specifically noted that courts rule on summary judgment as late as mid-trial, and thus we see no basis to stay pretrial obligations entirely while awaiting a decision.

As discussed on our call, we remain open to stipulating to an extension of the pretrial filing deadlines to align with the Court's standing order, which schedules those deadlines a set number of days before the pretrial conference:

| Event | Warzone Proposal | Rule |
|---|---|---|
| Meet and Confer Regarding Pretrial Deadlines | April 9, 2025 (*in scheduling order as April 1, 2025*) | 40 days prior to FPTC |
| Meet and Confer on Motions *in Limine* | April 14, 2025 | Docket No. 70; 7 days prior to motion filing (L.R. 7-3) |
| Deposition Designations | April 14, 2025 (*April 9, 2025 per L.R. 16-2*) | L.R. 16-2.7 |
| Exchanged Proposed General and Special Jury Instructions | April 14, 2025 | 35 days prior to FPTC |
| Objections to Jury Instructions Motions *in Limine* Memoranda of Contentions of | April 21, 2025 *(in scheduling order as April 8, 2025)* | 28 days prior to FPTC |

| Fact and Law Witness Lists Joint Exhibit List Joint Status Report Regarding Settlement | | |
|---|---|---|
| Meet and Confer Regarding Joint Agreed Upon Jury Instructions | April 28, 2025 | 21 days prior to FPTC |
| Proposed Final Pretrial Conference Order Oppositions to Motions *in Limine* Joint Agreed Upon Proposed Jury Instructions Disputed Proposed Jury Instructions Opposition to Motions in Limine Joint Proposed Statement of the Case Proposed Voir Dire Questions | May 5, 2025 *(in scheduling order as April 22, 2025)* | 14 days prior to FPTC |
| Final Pretrial Conference | May 19, 2025 *(in scheduling order as May 19, 2025)* | Docket No. 75 |
| Trial | May 27, 2025 | Docket No. 75 |

In the absence of further guidance, we see no justification for rushing to the Court on Monday, March 24, and do not agree that your request to vacate the case schedule and stay the case is appropriate.  Doing so would unfairly prejudice our client, who has already waited a significant amount of time for his day in court, and courts regularly reject your countervailing rationale that Activision wishes to avoid the expected cost of litigating.  To the extent you believe there is a legal basis to support a stay of all proceedings in the face of the Court's March 18 Order, we are willing to consider your reasoning and whether it meets the applicable standard, and are available to confer on Monday, March 24 at 1 p.m. PT.

Best,
Jen


On Thu, Mar 20, 2025 at 2:12 PM Mayer, Marc <MEM@msk.com> wrote:

> Jen / Francesca –
>
> Thanks for speaking with us yesterday.
>
> We have given your "interim" proposal some thought.  While we are not opposed to moving the first and second round of pre-trial filings to align with the Court's standing order, we

**9**

think it is unlikely that the Court will rule on the Motion for Summary Judgment within the next two weeks.   We are concerned about going to the Court twice – once to move the dates by two weeks, and then again to ask that the trial date and pre-trial conference be vacated and re-set.

We understand and appreciate your concern that it would be premature for Activision to request that the trial date be vacated before the March 21 hearing date has passed.  So, we will refrain from making the request today.  However, if the Court has not made its ruling by Monday, then we hope that you stipulate to a request to vacate the pending deadlines until the Motion is decided.  We understand from our conversation that you are unwilling to do that.  We hope that you will reconsider that position.  But, if not, then we will make our request to the Court unilaterally on an *ex parte* basis by the close of business on Monday.  If the Court has not ruled on our request by April 1, then we can revisit the "interim" proposal and discuss a stipulation to move the two pre-trial deadlines.

Since we are in agreement that it makes little sense to file all of the pre-trial documents before a ruling on the Summary Judgment motion, we hope that you will join a request to vacate the trial dates so that we can avoid the time and expense of unnecessary or premature pre-trial filings.



**Marc Mayer** | **Partner, through his professional corporation**
T: 310.312.3154 | marc.mayer@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.