Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
Nicole A. Bloomfield (State Bar No. 356757)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-3073@cases.warrenlex.com

*Attorneys for Defendant / Counterclaimant Warzone.com, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., <br><br> Plaintiff / Counterclaim Defendant, <br><br> v. <br><br> WARZONE.COM, LLC, <br><br> Defendant / Counterclaimant. | Case No. 2:21-cv-3073-FLA (JCx) <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> **WARZONE.COM, LLC'S OPPOSITION TO ACTIVISION PUBLISHING, INC.'S *EX PARTE* APPLICATION TO VACATE, OR ALTERNATIVELY, TO CONTINUE THE TRIAL-RELATED DEADLINES AND DATES PENDING A DECISION ON ACTIVISION'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT** <br><br> Complaint Filed: April 8, 2021 <br> Counterclaim Filed: June 8, 2021 <br> Pretrial Conference: May 19, 2025 <br> Trial: May 27, 2025 |

# INTRODUCTION

Activision's *ex parte* Application to vacate all remaining trial-related deadlines fails both procedurally and substantively as Activision makes no effort to justify *ex parte* relief or an indefinite stay of all proceedings.

Though framed as a scheduling adjustment under Federal Rule of Civil Procedure 16, Activision's request is far broader—it asks the Court to vacate not only pretrial deadlines, but the trial itself, based solely on the pendency of its summary judgment motion. That relief is extraordinary and requires, at minimum, a strong showing of likely success on the merits and irreparable harm. Activision's Application does not attempt to meet either requirement.

To grant such a stay pending decision on summary judgment requires a strong showing of success on the merits of its summary judgment motion and irreparable harm. But Activision's Application nowhere contends with the likelihood of success on the merits of its summary judgment motion—and thus draws nowhere near the requisite "strong likelihood." Activision also fails to identify purported "irreparable harm," pointing only to the ordinary burdens of litigation. By contrast, Warzone will in fact suffer prejudice through prolonged uncertainty regarding trial, and the public interest favors the expeditious resolution of litigation, not indefinite delay while the parties wait for a ruling that may or may not be dispositive.

As Activision disregards this Court's clear instructions that the parties "continue litigating this action diligently" pending its ruling on summary judgment, and does not meet the applicable legal standards for either *ex parte* relief or a stay, its Application should be denied.

# BACKGROUND

The Court issued its initial scheduling order on April 11, 2024, setting trial for March 25, 2025. Docket No. 70. On April 25, 2024, the parties stipulated to continue the trial and related deadlines by approximately 60 days, setting trial for May 27, 2025.

Docket No. 73. The trial date remains on May 27, 2025, to this day, as the parties have avoided moving pretrial filings, the pretrial conference, and the trial date. Kash Decl. ¶3. Although the parties thereafter stipulated to move certain pretrial deadlines in light of the Los Angeles fires, Docket 106, Warzone.com LLC ("Warzone") has repeatedly and expressly articulated the prejudice of further delay. Kash Decl. ¶3.

On February 14, 2025, Plaintiff and Counterclaim Defendant Activision Publishing, Inc.'s ("Activision") filed its Motion for Summary Judgment, or Alternatively, Partial Summary Judgment. Docket No. 112. On March 18, 2025, the Court issued its Order taking Activision's Motion for Summary Judgment, or Alternatively, for Partial Summary Judgment under submission, stating "[t]he court expects the parties to continue litigating this action diligently, while awaiting the court's ruling on this motion." *See* Docket No. 137. The next day, on March 19, 2025, Activision contacted Warzone asking for its position on vacating the entire schedule. Kash Decl., ¶7.

Trial is now just over two months away, *see* Docket No. 73, and Warzone has diligently begun its preparation for trial, including arranging for the availability of its witnesses and expending resources in expectation of trial. Kash Decl., ¶4.

## ARGUMENT

Activision's *ex parte* Application seeks the extraordinary remedy of vacating all pretrial and trial deadlines without meeting the legal standards required for either a stay or emergency relief. On balance, Activision fails to demonstrate a strong likelihood of success on summary judgment, irreparable harm, or diligence in preparing for trial under the Court's long-standing schedule; and, granting the requested relief would unfairly prejudice Warzone, who has already expended significant resources in reliance on the May 27, 2025 trial date and continues to face ongoing harm from Activision's conduct. The Court should thus deny the relief sought.

### I.   There is No Emergency Basis to Grant *Ex Parte* Relief

*Ex parte* relief is disfavored, and appropriate only when the moving party demonstrates that its "cause will be irreparably prejudiced if the underlying motion is

heard according to regular noticed motion procedures," and it "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Activision's Application fails both prongs of this test.

      First, Activision offers no credible showing of irreparable harm. The sole burden it identifies is the ordinary obligation to prepare for trial—something every party faces while potentially dispositive motions are pending. *See* App. at 5 ("efficiency and judicial economy would be well served by continuing the upcoming deadlines and trial date so that the parties have the benefit of the Court's ruling on Activision's Motion for Summary Judgment sufficiently before pre-trial deadlines"); *see e.g., Fortune Mgmt. Corp. v. Hill Phoenix, Inc.*, No. 20-95, 2022 WL 2101731, at *4 (C.D. Cal. Feb. 9, 2022) ("While the briefing on summary judgment was pending, the parties also prepared for trial, which included filing multiple joint motions *in limine*"). Courts consistently find such arguments of efficiency insufficient to justify emergency relief. In *360 Destination Grp. Fla., LLC v. 360 DG, LLC*, the court held that mere inconvenience, expense, or references to "the Court's limited resources falls far short of showing 'that all will be lost unless immediate action is taken.'" No. 21-2114, 2024 WL 3914498, at *2 (C.D. Cal. July 10, 2024) (quoting *Mission Power*, 883 F. Supp. at 492). The court rejected "plaintiff's vague invocations of 'unnecessary fees' and 'judicial economy,'" finding such rationale "do[es] not suffice to 'establish that plaintiff will be irreparably prejudiced' if the case continues as scheduled." *Id.* (quoting *Mission Power,* 883 F. Supp. at 493).

      Second, Activision is not without fault in creating the current situation. The parties have long known that pretrial filing deadlines would fall while summary judgment briefing remained under submission as the schedule in this case—to which Activision stipulated multiple times—has contemplated exactly that order of operations since April 2024. *See* Docket Nos. 73 (April 25, 2024 Order); 107 (January 14, 2025 Order).

      Other courts in this District have rejected the relief Activision seeks under identical circumstances. In *Armen Ginoyan v. Barclays Bank Delaware et al.*, the court held that

– 3 –

the moving party failed to prove that it was "without fault in creating the crisis that requires *ex parte* relief" where it "ha[d] been aware of the deadlines in this case for a significant amount of time," "had more than enough time to confer with Plaintiff and stipulate to stay this case," and "also could have filed a regularly-noticed motion in November, when it filed its Motion for Summary Judgment." No. 19-7240, 2021 WL 4353113, at *2 (C.D. Cal. Jan. 7, 2021) (citing *Mission Power*, 883 F. Supp. at 492).

The *Ginoyan* court's rationale applies with equal force here. The trial schedule in this case is no surprise to Activision. Activision knew well in advance when its trial and pretrial deadlines were set, and if it believed its summary judgment motion would so certainly dispose of the case that it should not have to proceed with trial preparation, it had every opportunity to raise those concerns in a noticed motion when it filed its motion for summary judgment over a month ago on February 14, 2025. As in *Ginoyan,*

> If [Activision] felt so strongly, as it does now, that this case should be stayed pending the resolution of [its] Motion for Summary Judgment, [it] had more than enough time to confer with [Defendant] and stipulate to stay this case. [Activision] also could have filed a regularly-noticed motion in [February], when it filed its Motion for Summary Judgment.

No. 19-7240, 2021 WL 4353113, at *2 (C.D. Cal. Jan. 7, 2021) (citing *Mission Power*, 883 F. Supp. at 492). It did not do so. Kash Decl. ¶3. Instead, Activision waited to file a sweeping request for relief.[1] The supposed emergency here is thus entirely of

---

[1] Activision's decision to file *ex parte* also demonstrates a failure to meaningfully engage in cooperative resolution. *See Hooks v. Target Corp.*, No. 22-52, 2023 WL 4680354, at *2 (C.D. Cal. Apr. 26, 2023) (noting that the "[p]arties are reminded to make use of the meet and confer process and stipulate where possible, particularly with regard to scheduling issues"). Contrary to Activision's characterization of the parties' discussion, *see* App. at 4, Warzone proposed several alternatives to vacating the entire trial schedule on an emergency basis, including an interim stipulation adjusting the pre-trial deadlines to maintain the same final pretrial conference and trial dates, leaving open the possibility of re-evaluating the necessity of a short continuance of the pretrial and trial dates at the appropriate time. *See* Kash Decl. ¶2; Docket No. 138-1, Exhibit A. Warzone remains amenable to reasonable adjustment of pre-trial deadlines, but opposes Activision's request to stay the entire schedule indefinitely.

Case 2:21-cv-03073-FLA-JC   Document 139   Filed 03/25/25   Page 6 of 11   Page ID
#:7137

Activision's own making, and its failure to act diligently forecloses any claim to emergency relief.

### III. Activision Seeks a Stay But Does Not Make the Requisite Showing

Although Activision styles its motion as a request to modify the scheduling order under Fed. R. Civ. P. 16(b), Activision's *ex parte* Application effectively seeks a stay of all proceedings without addressing the criteria for stay. *See generally*, App. at 4. A "stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009).

Activision argues that good cause under Fed. R. Civ. P. 16(b) exists to grant its request to vacate all trial-related deadlines, particularly as it is consistent with the Court's prior continuances in other cases both *sua sponte* and by stipulation. *See* App. at 4, 8. But there is a critical legal distinction between the Court's inherent authority to manage its docket and a litigant's burden when asking the Court to stay proceedings. As the Supreme Court has held, "[a] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The Supreme Court articulated the legal principles applicable here in *Nken*, holding that motions for stay must be evaluated under a four-factor test:

> (1) whether the stay applicant has made a strong showing that [they are] likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Courts are not free to substitute broad notions of "judicial economy" or generalized inconvenience in place of this well-settled framework, and as the *Nken* court recognizes, the similarity of these factors to those for preliminary injunctions underscores the

– 5 –
WARZONE'S OPPOSITION TO ACTIVISION'S *EX PARTE* APPLICATION TO VACATE TRIAL DATE

consequences of the relief sought: a court order that suspends obligations based on the hypothetical future dispositive decision. 556 U.S. 418, 434.

Activision's Application fails under each of these factors and its Application should be denied. *See City of Riverside v. Greyhound Lines, Inc.*, No. 16-796, 2017 WL 3575325, at *1 (C.D. Cal. Aug. 2, 2017) (denying *ex parte* application where "Defendant did not establish that a stay is warranted under the four factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009)").

### A. Activision Fails to Show a Strong Likelihood of Success on the Merits

Courts routinely recognize that the hypothetical outcome of a pending motion is not a compelling reason for stay. *Forte v. Cnty. of Merced*, 2014 WL 1747166, at *4 (E.D. Cal. Apr. 30, 2014) (denying stay where party sought delay "until various other proceedings are resolved"); *see also Ginoyan,* 2021 WL 4353113, at *2 (C.D. Cal. Jan. 7, 2021). Indeed, parties regularly do proceed with pretrial preparation while summary judgment motions are pending, and Activision provides no authority supporting its arguments that it is uniquely unable to proceed "without the benefit of the Court's ruling on the dispositive issues raised in Activision's Motion." *See generally* App.

As Activision seeks a stay pending decision on its motion for summary judgment, the correct inquiry is whether the movant has made a "'strong showing' that it is likely to succeed on the merits; a 'mere 'possibility''" is not enough." *Powers v. McDonough*, No. 22-8357, 2024 WL 4868262, at *4 (C.D. Cal. Nov. 13, 2024) (citing *Nken*, 556 U.S. at 434). Were it otherwise, movants would seek to delay proceedings in nearly every case where a summary judgment motion is pending. Activision's Application fails to meet this high threshold, merely implying that its pending motion for summary judgment, if granted, may obviate the need for trial preparation on various claims. *Compare* App. at 6, 7 *with Powers*, 2024 WL 4868262, at *4 (C.D. Cal. Nov. 13, 2024).

Even its argument that the motion for summary judgment may narrow the case to a bench trial is an overreach, App. at 7; Activision's summary judgment moving papers devote a single page to contesting Warzone's claim for actual damages. *See* Docket No.

112 at 22.  This cursory treatment is inconsistent with the claim now made in its *ex parte* Application—that a full grant of summary judgment is likely and imminent.[2] *Compare id. with Powers,* 2024 WL 4868262, at *4 (C.D. Cal. Nov. 13, 2024) ; *cf. Cain v. JPay, Inc.,* No. 21-7401, 2022 WL 1840342, at *2 (C.D. Cal. Apr. 4, 2022) (denying motion to stay where "it is not immediately clear that the pending potentially dispositive motion will be granted").  Even if Activision had raised a more substantial damages challenge, it would not follow that trial could be avoided altogether as the existence of even a single triable issue as to actual damages would warrant proceeding with pretrial preparation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial").

### B. Activision Has Not Shown Irreparable Injury Absent Stay

Activision has not provided any evidence or argument to support its conclusory assertion that it would be irreparably harmed absent a stay.  *Nken*, 556 U.S. at 434-35 (rejecting even a showing of "possibility of irreparable injury").  In *Ginoyan*, the movant similarly argued that stay was necessary "in the interests of economy and efficiency, and to avoid submission of documents containing irrelevant information and/or potential duplication of efforts," Kash Decl. Ex. 1, Case No. 19-7240, Docket No. 85 at 3, but the court found that this amounted to "fail[ure] to make *any* effort to demonstrate that it will suffer irreparable harm." *Ginoyan*, 2021 WL 4353113, at *2 (C.D. Cal. Jan. 7, 2021). "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Kanfer v. PharmaCare US, Inc.*, No. 15-120, 2016 WL 11783349, at *1 (S.D. Cal. Sept. 23, 2016) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)).

---

[2] Indeed, Activision's minimalist dispute of actual damages now appears calculated not based on legal merit, but because Activision anticipated using the mere pendency of the challenge as a pretext for this request to vacate deadlines and stay the case.

Here, Activision's arguments regarding the conservation of "judicial" resources and "arguments regarding prejudice to either side if a stay were or were not entered center mostly around conservation of their own resources," and thus do not move the needle. *Johnson Safety, Inc. v. Voxx Int'l Corp.,* No. 14-2591, 2017 WL 1407634 (denying motion to stay where a stay would "not lead to a net conservation of judicial resources"). These are not exigent circumstances that warrant a departure from the Court's order that the parties continue to diligently litigate while the Court considers the summary judgment papers. *See* Docket No. 137.

### C. A Stay Will Unduly Prejudice Warzone

As an initial matter, Activision's failure to earlier address the relief it seeks has magnified the prejudice to Warzone. The operative schedule contemplates pretrial filing deadlines commencing in one week and trial is only two months away, *see* Background, and Warzone has thus already expended meaningful resources to prepare for trial in reliance on that schedule. Kash Decl. ¶4. These efforts include securing the availability of witnesses, preparing exhibit lists, motions *in limine*, and proposed jury materials, and engaging in trial logistics. *Id.* To the extent Activision has not engaged in comparable trial preparation, that failure does not justify the relief it now seeks, but rather underscores how Activision is using the Application as a form of self-help to avoid its near-term pretrial filing deadlines.

Additionally, Activision's dismissive assertion that Warzone "would suffer no prejudice if the trial date and pre-trial deadlines are vacated or continued," App. at 2, is unfounded and fails to acknowledge Activision's continued infringement and the resulting consumer confusion, which both cause ongoing harm to Warzone that only a final resolution, not indefinite delay, can begin to remedy. Activision improperly attempts to shift the burden to Warzone to demonstrate harm "not compensable by monetary damages." App. at 2. But Warzone bears no such burden on opposition. Indeed, it is Activision that has an uphill battle to show its interests are harmed by stay as it "ha[s] no legitimate interest in remaining free and able to readily infringe [] Marks" whereas

Warzone "has a strong interest in being protected from [Activision's] illegal conduct that continues to harm its reputation and goodwill" as soon as possible. *Yuga Labs, Inc. v. Ripps*, No. 22-4355, 2023 WL 7089922, at *16 (C.D. Cal. Oct. 25, 2023). Further delays in these proceedings further harm Warzone as Warzone's trademark application is locked in proceedings at the USPTO where the dispute between the parties cannot resolve until the instant claims are adjudicated. *See* Docket No. 8. The prejudice to Warzone emanating from vacating the schedule at this late stage is thus concrete and ongoing, and the balance of prejudice weighs heavily against the relief requested.

### D. The Public Interest Disfavors Prolonging the Litigation

"The public interest lies in expeditious resolution of litigation, favoring the denial of [a] motion for stay." *Smith v. Parriot*, No. 19-286, 2022 WL 2758062, at *1 (E.D. Cal. July 14, 2022) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Here, both fact and expert discovery have closed, and the dispositive motion deadline has long passed—the case is in its late stages, and any further delay will not only prejudice Warzone, but will contravene the public interest in swift resolution of litigation. *Compare Kanfer*, 2016 WL 11783349, at *1 (S.D. Cal. Sept. 23, 2016) (finding that a litigation was in its late stages one day after dispositive motions were filed) *with Nguyen v. BMW of N. Am.*, 2021 WL 2284113, at *4 (finding a stay would "not greatly prejudice Plaintiff" because "the case has only been pending for six months").

This concern is all the more animating where, as here, the claims at issue can "result in significant harm to consumers and adversely impact the public interest in protecting trademarks and preventing infringement." *Yuga Labs*, 2023 WL 3555482, at *3 (C.D. Cal. Mar. 30, 2023). "It is well established that trademark law protects not only the private interests of the trademark owner but also the public's interest in not being confused by the infringing products." *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1075 (C.D. Cal. 2004); *cf. Lockyer,* 398 F.3d 1098, 1104 (9th Cir. 2005) ("If Mirant's ownership of the three power plants in fact violates the Clayton Act, northern California purchasers of electricity will have been unnecessarily injured by the delay

resulting from the stay"). And, as discussed *supra*, prolonged uncertainty before the Court also means prolonged uncertainty before the USPTO, which stymies the market clarity that trademark claims are designed to protect. *Supra* § III.C. As "[i]t is clearly in the public interest to avoid confusion and deception as to the origin of products and services in the marketplace," delay in resolution of Warzone's claims is contrary to the public interest, and weighs against stay. *Internet Specialties West, Inc. v. Ispwest*, 2007 WL 9706068, at *3 (C.D. Cal. May 21, 2007).

## CONCLUSION

Based on the foregoing, Activision's Application should be denied.

Date: March 25, 2025                    Respectfully submitted,

*[signature]*

Jennifer A. Kash (State Bar No. 203679)
Francesca M. S. Germinario (State Bar No. 326208)
Nicole A. Bloomfield (State Bar No. 356757)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-3073@cases.warrenlex.com

*Attorneys for Defendant /
Counterclaimant Warzone.com, LLC*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Warzone.com, LLC certifies that this brief contains 3,203 words, which complies with the word limit of L.R. 11-6.1.

Date: March 25, 2025                    *[signature]*

Francesca M. S. Germinario