UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WARZONE.COM, LLC,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-03073-FLA (JCx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [DKT. 110]** |

## I. Background and Legal Standard

Before the court is Plaintiff/Counterclaim-Defendant Activision Publishing, Inc.'s ("Activision") application for leave to file certain documents under seal (the "Application"). Dkt. 110 ("Appl."). Activision requests leave to file certain documents under seal, in connection with its Motion for Summary Judgment or, Alternatively, Partial Summary Judgment ("MSJ," Dkt. 112), on the grounds the documents were either: (1) designated by Defendant/Counterclaimant Warzone.com, LLC ("WZLLC") as "Confidential" or "Highly Confidential" under the parties' protective order; or (2) contain Activision's proprietary business information. *Id.* at 2.[1]

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" *Id.* (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). The Ninth Circuit has identified two types of documents that fall within this category: "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.*

"Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by articulating "compelling reasons supported by specific factual findings" to establish a need for secrecy that outweighs "the general history of access and the

---

[1] The court cites the page numbers inserted by the CM/ECF system.

1 public policies favoring disclosure, such as the 'public interest in understanding the
2 judicial process.'" *Id.* at 1178–79 (quoting *Foltz*, 331 F.3d at 1135; *Hagestad v.*
3 *Tragesser*, 49 F. 3d 1430, 1434 (9th Cir. 1995)).

## II.   Documents Designed Confidential by WZLLC

Activision requests leave to file under seal the unredacted versions of Exhibits 32–33, 35–39, 49, 52–56, 60–61, 66–72, 81, 83–85, and 151 to the Declaration of Marc E. Mayer ("Mayer Declaration"), on the grounds that these documents were designated by WZLLC as Highly Confidential pursuant to the Protective Order (Dkt. 39).  Dkt. 110 at 3–4.

Applications to seal documents designated by another party as confidential are governed by Local Rule 79-5.2.2(b).  Subdivision (i) of this Local Rule provides in relevant part:

> Within 4 days of the filing of the Application, the Designating Party must file a declaration establishing that all or part of the designated material is sealable, by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard.

WZLLC did not file a declaration in support of the Application and, thus, fails to establish compelling reasons for the documents to be sealed.  WZLLC's designation of these documents as "Highly Confidential" is alone insufficient to establish good cause.  Dkt. 39 (Protective Order) at 1–2 ("[T]his Protective Order does not entitle the parties to file confidential information under seal.  Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge."); Dkt. 13 (Initial Standing Order) at 14 ("Parties must comply with all provisions of Local Rule 79-5.").

The court, therefore, DENIES in part the Application without prejudice with respect to these documents.

### III. Documents Designated Confidential by Activision

Activision requests leave to file under seal the following documents on the grounds they contain its proprietary business information:

- Exhibits 78, 79, 80, and 82 to the Mayer Declaration;
- The Declaration of Carolyn Wang ("Wang Declaration") and Exhibits A and B attached thereto;
- The Declaration of Terry Kiel ("Kiel Declaration") and Exhibits A–C attached thereto;
- Activision's Memorandum of Law in Support of its MSJ ("MSJ Memorandum"); and
- Activision's Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment (the "SUF").

Appl. at 4–5. The court addresses each in turn.

#### A. Exhibits 78, 79, 80, and 82

Exhibits 78, 79, 80, and 82 to the Mayer Declaration are partial deposition transcripts of Activision employees who testified regarding: when and where its game *Call of Duty: Warzone* (the "Game") was released on mobile devices; who designed the Game's icon; when the first "World Series of Warzone" tournament occurred; the number of customer service search inquiries during a period of time; and how Activision determined the title of the Game. *See* Dkt. 111-5 at 307–42, 412–22.

Activision seeks leave to file these transcripts under seal in their entirety, contending they contain "commercially-sensitive, highly confidential, and proprietary information regarding Activision's business and marketing procedures and communications." Dkt. 111 at 4. Other than this conclusory statement, however, Activision does not explain how any of the information is commercially sensitive or cite any authority in support thereof. Activision, thus, fails to establish compelling reasons exist to seal Exhibits 78, 79, 80, and 82.

The Application is DENIED on this basis without prejudice.

### B.    Wang Declaration and Exhibits A and B

The Wang Declaration contains information regarding her background, the development of the name for the Game, internal project names, focus testing on name ideas, and whether Activision ever referred to the Game as "Warzone." Dkt. 111-3 at 1–5. Activision seeks leave to file the Wang Declaration under seal in its entirety because it contains "details regarding the inner workings of Activision's marketing and business strategy, including details concerning internal codenames, communications, and naming considerations." Dkt. 111 at 4–5.

While compelling reasons may exist to seal a portion of the Wang Declaration, Activision's request is not "narrowly tailored to seal only the sealable material." *See* Local Rule 79-5.2.2(a). The Application, thus, is DENIED on this basis without prejudice.

Exhibit A to the Wang Declaration is a "Style Guide" that depicts logos, icons, art, art colors, color palettes, and other information relating to the Game. Dkt. 111-3 at 6–46. Exhibit B to the Wang Declaration depicts art and graphics associated with the Game. *Id.* at 47–54. Activision seeks leave to file Exhibits A and B under seal in their entirety because they are "marketing guidelines and assets that are related to Activision's marketing and business strategy." *Id.* at 5.

Compelling reasons support sealing Exhibit A in its entirety, and the Application is GRANTED on this basis. Exhibit A contains marketing guidelines and assets related to Activision's marketing and business strategy. However, Activision fails to establish compelling reasons exist to seal Exhibit B, which is merely artwork without any clear relation to Activision's business strategy. The Application, thus, is DENIED on this basis without prejudice.

### C.    Kiel Declaration and Exhibits A–C

The Kiel Declaration contains information regarding his background and trademark research on "Warzone" and "Call of Duty." Dkt. 111-4 at 1–3.

Activision seeks leave to file the Kiel Declaration under seal in its entirety on the grounds it contains "details regarding Activision's trademark clearance practices, which is considered private, confidential, proprietary, and/or trade secret information." Dkt. 111 at 5.

The Kiel Declaration does not contain any information which describes Kiel's work with specificity. Accordingly, there are no compelling reasons to seal the Kiel Declaration, and the Application is DENIED on this basis without prejudice.

Exhibit A to the Kiel Declaration contains a preliminary search report created by Kiel. Dkt 111-4 at 4–57. Exhibit B to the Kiel Declaration contains the raw results of Kiel's searches. *Id.* at 58–88. Exhibit C to the Kiel Declaration contains another preliminary search report created by Kiel. *Id.* at 88–118. Activision seeks leave to file Exhibits A–C under seal in their entirety because they comprise "internal trademark search reports, which are considered private, confidential, proprietary, and/or trade secret information." Dkt. 111 at 5.

Compelling reasons exist to seal Exhibits A–C in their entirety. Accordingly, the Application is GRANTED on this basis.

D.   **MSJ Memorandum and SUF**

Activision seeks leave to file portions of the MSJ Memorandum and SUF under seal on the grounds they "contain[] multiple references to information derived from the foregoing exhibits, as identified above, in such a way as to reveal the information designated as Confidential or Highly Confidential." Dkt. 111 at 5–6. To the extent the proposed redactions derive from information the court has not granted leave to file under seal, the Application is DENIED without prejudice.

/ / /

/ / /

/ / /

6

## IV. Conclusion

For the foregoing reasons, the Application is GRANTED IN PART and DENIED IN PART, and the court ORDERS as follows:

1. WZLLC is GRANTED fourteen (14) days from the date this Order is entered on the court docket to file a supporting declaration. If WZLLC does not file a supporting declaration by that deadline, Activision must file the unredacted versions of the documents within three (3) days after the deadline if it wishes to have them considered in connection with its MSJ.

2. Activision is GRANTED fourteen (14) days' leave from the date this Order is entered on the court docket to file a renewed application to seal or to file publicly the unredacted versions of the documents it has designated as confidential for which the court has denied leave to file under seal, along with redacted versions of the documents the court has allowed to be partially filed under seal that comply with this Order.

The parties must identify specifically what information they want sealed in each document and set forth in detail why compelling reasons exist to seal that information in any renewed application or supporting declaration.

IT IS SO ORDERED.

Dated: September 30, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge