UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WARZONE.COM, LLC,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-03073-FLA (JCx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS [DKT. 112], DENYING AS MOOT DEFENDANT'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S DAUBERT CHALLENGES [DKT. 135], GRANTING PLAINTIFF'S APPLICATION TO SEAL MATERIALS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT [DKT. 151], DENYING WITHOUT PREJUDICE THE PARTIES' APPLICATIONS TO SEAL MATERIALS RELATED TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKTS. 123, 131], AND SETTING TRIAL AND PRETRIAL SCHEDULE** |

# RULING

Before the court is Plaintiff and Counterclaim Defendant Activision Publishing, Inc.'s ("Plaintiff") Motion for Summary Judgment ("Motion") on Defendant and Counterclaimant Warzone.com LLC's ("Defendant") Counterclaims. Dkt. 112 ("Mot."); Dkt. 111-1 ("Mot. Br."). Defendant opposes the Motion ("Opposition"). Dkt. 126 ("Opp'n"). Defendant also filed an *ex parte* application ("EPA", Dkt. 135) to strike evidentiary challenges raised in Plaintiff's Reply in Support of the Motion ("Reply," Dkt. 133). For the reasons stated below, the court DENIES the Motion, and DENIES the EPA as moot.

Also before the court are applications to seal materials in support of: Plaintiff's Motion ("Motion Application"), Dkt. 151[1] ("Motion Appl."); Defendant's Opposition ("Opposition Application"), Dkt. 123 ("Opposition Appl."); and Plaintiff's Reply ("Reply Application"), Dkt. 131 ("Reply Appl."). For the reasons stated below, the court GRANTS the Motion Application and DENIES the Opposition and Reply Applications without prejudice.

# BACKGROUND

I.  **Procedural Background**

On April 8, 2021, Plaintiff filed a complaint for declaratory judgment, seeking a declaration that its use and registration of the word marks "WARZONE" and "CALL OF DUTY WARZONE" do not infringe Defendant's purported trademark rights. Dkt. 1 ¶ 1. On June 8, 2021, Defendant filed an answer and counterclaims ("Counterclaims") alleging trademark infringement and related California state law claims. Dkt. 14 ("Countercl."). The court dismissed the Counterclaims on Plaintiff's motion on August 15, 2022. Dkt. 57. Defendant appealed, and the Ninth Circuit vacated the court's judgment and remanded the action for further proceedings

---

[1] On September 30, 2025, the court granted in part and denied in part Plaintiff's application to file documents in support of the Motion under seal. Dkt. 147. Plaintiff subsequently filed a renewed application.

following the Supreme Court's ruling in *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023). Dkt. 62. On April 11, 2024, the court denied Plaintiff's motion to dismiss the Counterclaims. Dkt. 69.

On February 14, 2025, Plaintiff filed the present Motion. Mot. Defendant filed its Opposition on March 1, 2025. Opp'n. Plaintiff filed its Reply on March 7, 2025. Reply. On March 18, 2025, the court found this matter appropriate for resolution without oral argument and vacated the March 21, 2025 hearing on the Motion. Dkt. 137; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

**II.  Factual Background**

According to Defendant, in November 2017, Defendant launched a video game under the title "WARZONE." Countercl. ¶ 6.[2] The game is available online at warzone.com and on the Apple and Google app stores, from which it has been downloaded over 750,000 times. Dkt. 14, Affirmative Defenses ¶ 4.[3] Defendant alleges it has common law trademark rights in the mark "WARZONE" based on Defendant's continuous and ongoing use of the mark in United States commerce since November 2017. Countercl. ¶¶ 3–11. Defendant also has two pending trademark applications before the United States Patent and Trademark Office ("USPTO") for the mark, Serial Nos. 90990628 and 90290658. *Id.* ¶¶ 5–6. The former application is made under International Class 09 for use in downloadable game software. *Id.* ¶ 5. The latter is made under International Class 41 for use in providing online, non-downloadable game software. *Id.* ¶ 6.

Defendant further alleges Plaintiff is using the mark "WARZONE" to market and offer Plaintiff's videogame titled "Call of Duty: Warzone," *id.* ¶¶ 19–21, causing

---

[2] All paragraph citations to the Counterclaims refer to the paragraphs on pages 7–19 of Dkt. 14. The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

[3] All paragraph citations to Affirmative Defenses refer to paragraphs on pages 6–7 of Dkt. 14.

3

"significant actual consumer confusion," *id.* ¶ 24.  Defendant alleges, given the popularity of Plaintiff's "Call of Duty" franchise, Plaintiff's use of "WARZONE" has saturated the market in a manner that has overwhelmed Defendant.  *Id.* ¶ 23.  Defendant also alleges Plaintiff filed trademark applications in June 2020 for the marks "WARZONE" and "CALL OF DUTY: WARZONE," Serial Nos. 90020487 and 90020455, respectively, for use in connection with International Classes 09 and 41.  *Id.* ¶ 12.  Defendant contends Plaintiff's first use of these marks was in March 2020—*i.e.*, after Defendant first began using "WARZONE" in November 2017.  *See id.* ¶ 15.  Regarding both Plaintiff and Defendant's trademark applications, the USPTO purportedly determined that "WARZONE" "is inherently distinctive of the parties' goods and services."  *Id.* ¶¶ 16–18.  The USPTO also allegedly found the parties' respective "WARZONE" marks to be "confusingly similar."  *Id.* ¶ 18.

## **DISCUSSION**

### I.     MOTION FOR SUMMARY JUDGMENT

#### A.     Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment."  *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 248.

"A moving party without the ultimate burden of persuasion at trial … has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  "[T]o carry its burden of production, the moving party must

either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Id.* "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Id.* "If … a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). Inferences may be drawn from underlying facts that are either not in dispute or that may be resolved at trial in favor of the nonmoving party, but only if they are "rational" or "reasonable" and otherwise permissible under the governing substantive law. *Id.* The court must view all evidence and justifiable inferences "in the light most favorable to the nonmoving party." *Id.* at 630–31. However, a party cannot defeat summary judgment based solely on the allegations or denials of the pleadings, conclusory statements, or unsupported conjecture. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *see also FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").
///

### B. Analysis

In its Motion, Plaintiff argues Defendant's infringement claims fail as a matter of law because there is no likelihood of consumer confusion. Mot. Br. at 2. Plaintiff also argues Defendant's alternate theories of recovery—damages for lost profits and equitable disgorgement—are not factually supported. *Id.* at 2–3.

Courts in the Ninth Circuit apply the *Sleekcraft* test in evaluating claims of consumer confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F. 2d 341, 348–49 (9th Cir. 1979); *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999). The eight *Sleekcraft* factors are: (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *Id.* In evaluating a claim of reverse confusion, the court places the most emphasis on the first three factors. *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1130 (9th Cir. 1998).

Viewing the evidence and justifiable inferences in the light most favorable to Defendant, the court finds Plaintiff has not demonstrated there is no likelihood of consumer confusion. Triable issues of fact remain as to: (1) the distinctiveness of the marks and number of marks in the field, Dkt. 124-3 ("SDF") ¶¶ 14–15, 81, 140; (2) the competitive proximity of the products, *id.* ¶¶ 110–12; (3) the similarity of the marks and the frequency with which Plaintiff refers to its product as "WARZONE," *id.* ¶¶ 89, 90, 92, 95, 97; (4) evidence of consumer confusion, *id.* ¶¶ 21, 28, 95–96, 105–06, 119; (5) the marketing channels used, *id.* ¶¶ 35–36, 40, 46, 50–51; (6) the similarities between the products and the care purchasers will exercise in purchasing the products, *id.* ¶¶ 26, 28, 89–90, 116; (7) Plaintiff's intent in selecting the "WARZONE" mark, prior research into the mark's use, and decision to oppose Defendant's registration, *id.* ¶¶ 77, 80, 84, 92, 100, 108; and (8) how the parties'

expansion plans hinder each other's rights, *id.* ¶¶ 49, 131.  In general, the question of consumer confusion "should be answered as a matter of fact by a jury, not as a matter of law by a court."  *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010); *see also Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1210 (9th Cir. 2012) ("Given the open-ended nature of this multi-prong inquiry, it is not surprising that summary judgment on 'likelihood of confusion' grounds is generally disfavored.").

As to Plaintiff's argument that Defendant's compensatory damages lack factual support, Mot. Br. at 21–23, the court finds there is a genuine dispute of material fact as to the extent of Defendant's advertising campaign before Plaintiff began using the "WARZONE" mark, SDF ¶¶ 48–51, 130.  Plaintiff's argument that Defendant is not entitled to disgorgement, Mot. Br. at 23, similarly fails as there are disputes of material fact regarding Plaintiff's intention in selecting the "WARZONE" mark, SDF ¶¶ 61, 77–80, 84, 91–92, 108.

Accordingly, the court DENIES the Motion.

## II.   *EX PARTE* APPLICATION

On March 12, 2025, Defendant filed its EPA to strike evidentiary challenges raised in Plaintiff's Reply.  Dkt. 135 ("Appl.").  Plaintiff's Reply included evidentiary objections to Defendant's survey evidence under Fed. R. Evid. 701, 702, and *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1999), offered in support of Defendant's Opposition.  Dkt. 133-4 at 2–7.  Defendant argues the court should strike the evidentiary challenges, as the evidence was foreseeable and Plaintiff should have raised the objections in its Motion.  Appl. at 6–8.

Even if the court were to sustain Plaintiff's evidentiary objections, the remaining evidence—considered in the light most favorable to Defendant, the non-moving party—would still result in denial of the Motion for the same reasons.  Accordingly, Defendant's EPA is DENIED as moot.

/ / /

### III.  APPLICATIONS TO SEAL

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  "Nonetheless, access to judicial records is not absolute.  A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" *Id.* (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).  The Ninth Circuit has identified two types of documents that fall within this category: "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.*

"Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by articulating "compelling reasons supported by specific factual findings" to establish a need for secrecy that outweighs "the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id.* at 1178–79 (quoting *Foltz*, 331 F.3d at 1135; *Hagestad v. Tragesser*, 49 F. 3d 1430, 1434 (9th Cir. 1995)).

Applications to seal documents designated by another party as confidential are governed by Local Rule 79-5.2.2(b).  Subdivision (i) of this Rule provides in relevant part:

> Within 4 days of the filing of the Application, the Designating Party must file a declaration establishing that all or part of the designated material is sealable, by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard.

Plaintiff's Motion Application requests the court seal exhibits produced by

1  Defendant and marked as "Confidential" or "Highly Confidential."  Motion Appl. at
2  3.  Defendant timely filed a declaration in support of the Opposition Application.  Dkt.
3  153.  For good cause shown, the court GRANTS the Motion Application.  Plaintiff is
4  excused from re-filing the documents to be sealed, as they already appear on the
5  docket.  *See* Dkt. 110.

6      The Opposition and Reply Applications request the court seal exhibits produced
7  by the opposing party and marked as either "Confidential" or "Highly Confidential."
8  Opposition Appl. at 5–8; Reply Appl. at 2–3.  However, Plaintiff did not file a
9  declaration in support of the Opposition Application, and Defendant did not file a
10 declaration in support of the Reply Application as required by Local Rule 79-5.2.2(b).
11 Accordingly, the court DENIES the Opposition and Reply Applications without
12 prejudice.

## CONCLUSION

14     The court hereby ORDERS as follows:
15   1.    Plaintiff's Motion, Dkt. 112, is DENIED.
16   2.    Defendant's EPA, Dkt. 135, is DENIED as moot.
17         a)    Plaintiff's Motion Application, Dkt. 151, is GRANTED, and
18             Plaintiff is excused from re-filing the sealed documents.
19   3.    The court DENIES without prejudice Defendant's Opposition
20       Application, Dkt. 123, and Plaintiff's Reply Application, 131.
21         a)    The parties may file renewed applications to seal materials in
22             support of their respective Opposition and Reply on or before
23             January 16, 2026.
24         b)    In the event one or both parties elect to file renewed applications to
25             seal, they are ORDERED to file the requisite declarations within
26             four (4) days of the filing of the relevant application in compliance
27             with Local Rule 79-5.2.2(b).  If a party elects not to file a
28             declaration in support of an application to seal materials it has

designated as confidential, the party filing the application must file an unredacted and public version of the materials within three (3) days of the deadline to file the declaration.

4. The court SETS the following trial and pretrial schedule:

a) Trial is SET for March 10, 2026, at 8:15 a.m.

b) The Final Pretrial Conference is SET for February 27, 2026, at 1:30 p.m.

c) The deadline for the first round of trial filings, including motions in *limine*, *see* Dkt. 70 at 3, is SET to January 23, 2026.

d) The deadline for the second round of trial filings, *see id.*, is SET to February 6, 2026.

Absent the court's need to prioritize another trial, the aforementioned dates are firm.

IT IS SO ORDERED.

Dated: December 19, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

10