E. MARTIN ESTRADA (State Bar No. 223802)
  martin.estrada@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
  blanca.young@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiff Activision Publishing, Inc.

*Additional Counsel on Signature Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>WARZONE.COM, LLC,<br><br>        Defendant. | CASE NO. 2:21-cv-3073-FLA (JCx)<br><br>[Judge Fernando L. Aenlle-Rocha]<br><br>**RENEWED APPLICATION OF ACTIVISION PUBLISHING, INC. FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS FILED IN CONNECTION WITH ITS REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT**<br><br>(Declaration of Zachary Byer and [Proposed] Order filed concurrently herewith)<br><br>Complaint Filed:   April 8, 2021<br>Counterclaim Filed:   June 8, 2021 |
| WARZONE.COM, LLC,<br><br>        Counterclaimant,<br><br>    v.<br><br>ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>        Counterdefendant. | |

Mitchell Silberberg & Knupp LLP

**RENEWED APPLICATION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**

## INTRODUCTION

Pursuant to Local Rule 79-5.2.2(a) and (b), the Protective Order entered in this action on December 15, 2021 (Dkt. 39), and this Court's Order entered on December 19, 2025 denying without prejudice the parties' applications to seal materials related to Plaintiff/Counterclaim-Defendant Activision Publishing, Inc.'s ("Activision") Motion for Summary Judgment or, Alternatively, for Partial Summary Judgment (the "MSJ Sealing Order"; Dkt. 156), Activision, through its undersigned counsel, hereby submits this Renewed Application for Leave to File Under Seal Certain Documents Filed in Connection with Activision's Reply in Support of Its Motion for Summary Judgment or, Alternatively, for Partial Summary Judgment (the "Reply Application").

This Reply Application is made pursuant to Local Rule 79-5.2.2(a) in connection with portions of the following documents:

1. Reply Memorandum in Support of Activision's Motion for Summary Judgment, or Alternatively, Partial Summary Judgment on Counterclaims of WZLLC ("Reply"; Dkt. 132-1);
2. Response of Activision to Statement of Purported Disputes of Material Fact Re: Motion for Summary Judgment, or Alternatively, Partial Summary Judgment ("Response to SDF"; Dkt. 132-2);
3. Evidentiary Objections of Activision ("Evidentiary Objections"; Dkt. 132-4);
4. Exhibits 154, 155, 156, 157, and 158 to the Supplemental Declaration of Marc E. Mayer ("Supp. Mayer Decl."; Dkt. 133-1).

The foregoing documents include proprietary business information for which special protection from public disclosure is warranted. Activision has taken steps to narrow the scope of this application as much as possible, including by excerpting certain documents and/or redacting private information contained on other exhibits in such a way as to allow their public disclosure. *See* Declaration of

Mitchell Silberberg & Knupp LLP

2

**RENEWED APPLICATION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**

1  Zachary Byer ("Byer Decl."), ¶ 4.  Accordingly, the Court should grant this
2  application and permit portions of each of the foregoing documents to be filed
3  under seal.
4       If requested by the Court, following the issuance of a decision on this Reply
5  Application, Activision will file redacted version of these documents on the public
6  docket.

## ARGUMENT

## I. LEGAL STANDARD

This Court has inherent discretion to order documents to be filed under seal. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)).  In the Ninth Circuit, courts generally apply the "compelling reasons" standard when parties seek to file documents under seal in connection with a dispositive motion.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).  Courts typically find such "compelling reasons" when the material sought to be sealed is "business information that might harm a litigant's competitive standing," *Geo-Logic Assocs., Inc. v. Metal Recovery Sols.*, 2020 WL 1469483, at *2 (D. Nev. Mar. 26, 2020), or "strategic documents and business review materials . . . relating to . . . strategic objectives, competitive analyses, financial information, and other proprietary information."  *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *5 (S.D. Cal. Apr. 20, 2020); *see also In re Qualcomm Litig.*, No. 317CV00108GPCMDD, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) (granting motions to seal "confidential business information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings, and materials designated as 'Highly Confidential'").

## II. CATEGORIES OF MATERIALS TO BE FILED UNDER SEAL

Compelling reasons exist to seal materials that fall within the following categories:

### A. Discussion of Activision's Internal "Style Guide"

This Court already granted Activision's request to seal in its entirety Exhibit A to the Declaration of Carolyn Wang (the "Wang Declaration"; Dkt. 111-3), which is a document that depicts logos, icons, art, art colors, color palettes, and other information relating to Activision's game *Call of Duty: Warzone* (the "Style Guide"; *id.* at 6-46). *See* Dkt. 147 (the "Initial Sealing Order") (explaining that because "[the Style Guide] contains marketing guidelines and assets related to Activision's marketing and business strategy[,] . . . [c]ompelling reasons support sealing [the Style Guide] in its entirety, and the Application is GRANTED on this basis."). As set forth in Activision's initial Application to File Certain Documents Under Seal (Dkt. 110; the "Initial Application"), the Style Guide contains confidential and competitively sensitive information regarding Activision's business practices and development, including confidential information related to Activision's marketing and business strategy.

Consistent with the Court's Initial Sealing Order and the foregoing, any discussion of and/or information derived from the Style Guide should be filed under seal so as not to reveal the information designated as Confidential and/or Highly Confidential therein.

### B. Discussion of Activision's Financials

As set forth in Activision's Renewed Application to File Certain Documents Under Seal (Dkt. 151, at 7-8), Activision's revenue and other financials in connection with *Call of Duty: Warzone* is highly proprietary and confidential. This confidential business information is subject to sealing. *See Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2020 WL 978267, at *2 (W.D. Wash. Feb. 28, 2020) (granting motion to "seal expert reports as containing confidential business

information" where materials contained "business valuation[s] and projections" and information regarding "internal financial tracking," "costs to create marketing materials," and "cost[s] of past and future corrective advertising and gross profits"); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017) (granting motion to seal "competitively sensitive financial information regarding Apple's advertising spending and revenue"). Activision does not release such information to the public. Such information is competitively sensitive and its disclosure would, among other things, allow competitors to gauge the relative success of their competing games. Indeed, the Court previously granted Activision's request to seal discussion of Activision's revenue by way of WZLLC's disgorgement demand. *See* MSJ Sealing Order, at 8-9.

Consistent with the Court's MSJ Sealing Order and the foregoing, discussion of Activision's financials, either by way of WZLLC's disgorgement demand or otherwise, should be filed under seal.

### C. Discussion of Internal Trademark Search Results

The Court already granted Activision's request in its Initial Application to seal preliminary trademark search reports by Activision's trademark paralegal (Dkt. 111-4 at 4–57, *id.* at 88-118), as well as Activision's request in its Renewed Application to seal Paragraphs 2 through 4 of the declaration submitted by Terry Kiel in support of Activision's Motion (the "Kiel Declaration") which discuss communications that took place within Activision's legal department with respect to trademark clearance and search practices (collectively, the "Kiel Materials"). *See* Initial Sealing Order, at 5-6; MSJ Sealing Order, at 8-9.

As set forth in the Initial Application and the Renewed Application, the manner by which Activision conducts trademark searches and analyses, and the documents created as a result of such searches, is confidential; their disclosure could harm the company. For example, a litigant could use such information as a

basis for discovery or to improperly compare Activision's practices in one circumstance against those in other circumstances.

Consistent with the Court's Initial Sealing Order, the MSJ Sealing Order, and the foregoing, any discussion of and/or information derived from the Kiel Materials should be filed under seal so as not to reveal the information designated as Confidential and/or Highly Confidential therein.

### D. Discussion of Number of Support Tickets

As set forth in its Renewed Application, Activision considers its internal process regarding the review of customer service inquiries, as well as the number of such inquiries to be competitively sensitive information. *See, e.g.*, *Fed. Trade Comm'n v. Amazon.com, Inc.*, No. C14-1038-JCC, 2016 WL 4447049, at *4 (W.D. Wash. Aug. 24, 2016) ("[M]aintain[ing] redactions over the figures that discuss Amazon's . . . customer service practices"); *Opperman*, 2017 WL 1036652, at *4 (granting motion to seal "sensitive information about Apple's internal review process"). Activision does not disclose to the public the number of customer service inquiries it receives on an annual basis. Additionally, the searches for customer service inquiries referenced were conducted in connection with this litigation, at the direction of counsel. To ensure that this request is narrowly tailored, Activision is requesting to redact only discussion of the number of customer service requests. The Court previously granted Activision's request in its Renewed Application to seal discussion of the number of customer service inquiries Activision received regarding *Call of Duty: Warzone* during a four-year period of time (the "Customer Service Inquiries"). *See* Renewed Application, at 4-5; MSJ Sealing Order, at 8-9.

Consistent with the Court's MSJ Sealing Order and the foregoing, any discussion of the Customer Service Inquiries should be filed under seal.

### E. Discussion of Internal Naming Materials

This Court already granted Activision's request in its Renewed Application to seal discussion of Activision's internal naming correspondence and documents, including such materials that discuss in substantial detail the internal process by which Activision selected the title *Call of Duty: Warzone* (*i.e.*, alternative names under consideration, internal evaluations and analysis conducted by Activision, and issues or concerns articulated by Activision executives concerning various proposed names—which Activision may consider again for forthcoming *Call of Duty* titles) (collectively, the "Internal Naming Materials"). *See* Renewed Application, at 8-9; MSJ Sealing Order, at 8-9.

As set forth in Activision's Renewed Sealing Motion, these materials reveal Activision's internal, confidential naming and should be sealed. *See, e.g.*, *Zogenix, Inc. v. Fed. Ins. Co.*, No. 4:20-CV-06578-YGR, 2022 WL 3908529, at *1, n.1 (N.D. Cal. May 26, 2022) (sealing information regarding party's confidential internal "decision-making process").

In light of the popularity and intense public scrutiny of the *Call of Duty* franchise, competitors could use this information to learn about Activision's marketing strategies. *See, e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (granting motion to seal discussion of "business practices and testing procedures"). Also, it is possible that Activision may wish to use one or more of the alternative names for future releases. If these names were to be disclosed to the public, competitors could seek to undermine Activision's ability to use them for forthcoming titles. Or, members of the public could seek to disrupt Activision's business plans or generate revenue by improperly registering domain names or trademarks with these potential names.

Consistent with the Court's MSJ Sealing Order and the foregoing, any discussion of and/or information derived from the Internal Naming Materials

should be filed under seal so as not to reveal the information designated as Confidential and/or Highly Confidential therein.

## III.  COMPELLING REASONS EXIST TO FILE PORTIONS OF ACTIVISION'S REPLY PAPERS UNDER SEAL

As set forth above and in the accompanying Byer Declaration, compelling reasons exist to file the following documents under seal.

### A.  Reply Memorandum (Dkt. 132-1)

Consistent with the foregoing, Activision requests that the following portions of Activision's Reply be filed under seal:

- Page 7, line 7 (reference to Activision's Style Guide; *see* Section II.A *supra*); and
- Page 13, line 9 (reference to Activision's revenue in the form of WZLLC's disgorgement demand; *see* Section II.B *supra*).

### B.  Response to SDF (Dkt. 132-2)[1]

Consistent with the foregoing, Activision requests that the following portions of Activision's Response to SDF (each, a "Response") be filed under seal:

- Discussion of the Kiel Materials (*see* Section II.C *supra*): Responses to Paragraphs 15, 16, 62, 80.
- Discussion of Internal Naming Materials (*see* Section II.E *supra*): Responses to Paragraphs 77, 84.
- Discussion of Activision's Style Guide (*see* Section II.A *supra*): Response to Paragraph 91.

---

[1] Each paragraph of the Response to SDF contains: (1) an original "Undisputed Fact and Supporting Evidence"; (2) "WZLLC's Response and Supporting Evidence"; and (3) "Activision's Response."  As this submission only relates to Activision's Reply submissions, Activision solely addresses herein material that should be filed under seal in "Activision's Response" section.  Activision does not address material required to be filed under seal in the "Undisputed Fact and Supporting Evidence" and "WZLLC's Response and Supporting Evidence" sections.  Those sections have already been addressed in the Renewed Application and in WZLLC's forthcoming renewed application to file under seal certain materials filed in connection with WZLLC's opposition submissions, and should be filed under seal.

- Discussion of Customer Service Inquiries (*see* Section II.D *supra*): Response to Paragraph 123.
- Discussion of Activision's financials (*see* Section II.B *supra*): Responses to Paragraphs 109.

### C. Evidentiary Objections (Dkt. 132-4)

Portions of Activision's Evidentiary Objections contain material that WZLLC designated as "Highly Confidential – Attorneys' Eyes Only." Activision does not take any position with respect to the confidentiality of the Exhibit.

### D. Exhibits 154, 155, 156, 157, and 158 to the Supp. Mayer Decl. (Dkt. 133-1)

Activision has carefully reviewed each of the exhibits attached to the Mayer Supp. Decl. (Dkt. 133-1). Each of these documents (or portions thereof) were designated by WZLLC as "Highly Confidential – Attorneys' Eyes Only." Activision does not take any position with respect to the confidentiality of these Exhibits or any portion(s) thereof.

Dated: January 16, 2026

*/s/ Marc E. Mayer*
E. MARTIN ESTRADA (State Bar No. 223802)
martin.estrada@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
DANE P. SHIKMAN (State Bar No. 313656)
dane.shikman@mto.com
STEPHANY REAVES (*pro hac vice application forthcoming*)
LAUREN BILOW (State Bar No. 344970)
lauren.bilow@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-9100
Facsimile:    (213) 687-3702

MARC E. MAYER (State Bar No. 190969)
KARIN G. PAGNANELLI (State Bar No. 174763)
LINDSAY R. EDELSTEIN (pro hac vice)
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000

1                             Facsimile: (310) 312-3100

2                     *Attorneys for Activision Publishing, Inc.*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell Silberberg & Knupp LLP

10

**RENEWED APPLICATION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**